IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC. <br><br> Plaintiff, <br><br> v. <br><br> SONIC INNOVATIONS, INC., et al., <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> )    C.A. No. 05-422 (GMS) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS WIDEX A/S AND WIDEX HEARING AID CO. INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT**

Defendants Widex A/S and Widex Hearing Aid Co. ("Widex Hearing Aid") (both, collectively "the Widex defendants"), by and through its attorneys, move the Court, pursuant to 10 Del. C. § 3104(h), for an extension of time to September 30, 2005 to respond to the Amended Complaint for the reasons outlined below.

1. Section 3104(h) allows the court to "order such continuances as may be necessary to afford the defendant therein reasonable opportunity to defend the action." Presently, Widex A/S's response to the Amended Complaint is due on September 1, 2005 and Widex Hearing Aid's response is due on August 22, 2005. An extension to September 30, 2005 would give the Widex defendants a reasonable opportunity to defend the action, while at the same time, would not prejudice the plaintiff or delay the litigation.

2. The original complaint was filed in late June and named 14 defendants, half of whom are foreign companies. The complaint alleges infringement of two U.S. patents, U.S. Patent 4,731,850 ("the '850 patent") and U.S. Patent 4,879,749 ("the '749 patent"). With respect to the '850 patent, the Complaint states:

>   Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use products, services, methods, or processes that infringe directly and/or indirectly, which employ systems, components and/or steps that make use of other systems or processes that infringe directly and/or indirectly or which are made according to a patented process, one or more of the claims of the '850 patent.

An identical charge is made with respect to the '749 patent.

3.   This action came without any prior notice, as there were no negotiations, settlement discussions or communications of any sort between plaintiff and the Widex defendants prior to the filing of the action. Based on the investigation to date, the Widex defendants were not even aware of the existence of plaintiff or the asserted patents prior to being served with the complaint.

4.   In order to formulate a proper answer to the complaint, it has been necessary to obtain and study both patents and their respective U.S. Patent and Trademark Office prosecution history files. The Widex defendants are also reviewing prior art to determine whether or not there is a reasonable basis for asserting a defense of invalidity. In addition, because the complaint fails to identify any allegedly infringing products, in order to determine if there is a reasonable basis for asserting a defense of non-infringement, the Widex defendants must review all of their products, services, methods and processes, to see if there is anything which might implicate the claimed subject matter of either patent in some way. These efforts are complicated by the fact that plaintiff chose not to discuss the matter with the Widex defendants before filing this action, and by the failure of plaintiff to specify with any particularity the nature of the infringement or any of the products, services or processes involved. While "notice" pleading is not uncommon, a complaint in most cases follows unsuccessful discussions between the parties where there is at least some further information exchanged as to the basis of the complaint. Here there was nothing.

-3-

5. An additional complicating factor has been that the complaint was filed right at the beginning of a time window in July and August where many persons important to the investigation would be unavailable for different periods of time. Recognizing the difficulty in answering quickly, Defendants sought extensions of time to respond to the original complaint. Plaintiff agreed to an approximately 30 day extension for each Widex Defendant, with response dates for Widex Hearing Aid Co. and Widex A/S being August 17, 2005 and September 1, 2005, respectively. Plaintiff further agreed that if Widex A/S agreed not to oppose either venue or jurisdiction, both Widex Defendants could answer on September 12, 2005.

6. The Widex defendants expected that more time might be required, but did not feel it appropriate to ask for more time and possibly hold up the progress of the litigation, without first trying to manage within a shorter time period. The Widex defendants have worked and continue to work diligently on the matter, but the absence of certain critical persons at different times, the added burden of obtaining most of the important information from overseas (Widex A/S is a Danish company that manufactures the accused products in Denmark), and the failure of plaintiff to narrow the investigation by providing any meaningful information in the complaint, have all made progress slower than hoped.

7. On August 4, 2005, plaintiff filed an Amended Complaint which was then served on all defendants. The only change has been to add three new foreign defendants, all being affiliated in some manner with Oticon A/S, one of the original defendants. While this itself has not added any extra burden to the Widex defendants, it has led to a stipulation between Plaintiff and the Oticon defendants that none of the six Oticon Defendants are required to answer the Amended Complaint before September 30, 2005.

8. Plaintiff has offered to extend the response date for Widex Hearing Aid Co. to September 1, 2005, but it is already clear to the Widex defendants that this will not be sufficient. An extension of time until September 30, 2005 for the Widex defendants will provide adequate time with full availability of critical personnel to enable the Widex defendants to fully investigate the allegations in the Complaint and Amended Complaint and establish a proper basis for any defenses asserted. It will also reduce the likelihood of motions by the Widex defendants for leave to file amended answers if new defenses are seen after adequate time for a full review. In addition, and importantly, an extension until September 30 will not impede the progress of the litigation in any way since already there are six defendants who will not be answering or otherwise pleading until September 30.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**Statement Pursuant to Local Rule 7.1.1**

As discussed above, Counsel for the Widex Defendants discussed this matter with counsel for plaintiff and were unable to agree on an extension which the Widex defendants believe would provide sufficient time after the complications of August absences to complete a proper review of the matter. Plaintiff's counsel has informed defendants' counsel that plaintiff intends to oppose this motion.

For the above reasons, it is respectfully requested that the answer dates for the Widex Defendants be extended to September 30, 2005.

                                        MORRIS, NICHOLS, ARSHT & TUNNELL

                                        /s/ Jason [signature]
                                        Donald E. Reid (#1058)
                                        1201 N. Market Street

OF COUNSEL:                         P.O. Box 1347
                                        Wilmington, DE 19801
SUGHRUE MION PLLC            (302) 575-7219
William H. Mandir                  Attorneys for Defendants
David J. Cushing                   Widex A/S and Widex Hearing Aid Co.
Carl J. Pellegrini
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 293-7600

August 18, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-422 (GMS) |
| SONIC INNOVATIONS, INC., et al., | ) ) ) | |
| Defendants | ) | |

## ORDER

The Court having considered the motion of defendants Widex A/S and Widex Hearing Aid Co. Inc for an extension of time to respond to the amended complaint, IT IS HEREBY ORDERED this _____ day of _____, 2005, that the motion is GRANTED.

_____
J.

## CERTIFICATE OF SERVICE

I, Jason A. Cincilla, hereby certify that on the 18th day of August, 2005, a copy of Defendants Widex A/S and Widex Hearing Aid Co. Inc.'s Motion For Extension Of Time To Response To the Amended Complaint was served by e-filing on the following counsel of record:

>Edmond D. Johnson, Esquire (tjohnson@bayardfirm.com)
>The Bayard Firm
>222 Delaware Avenue, Suite 900
>Wilmington, DE 19801
>
>Richard L. Horwitz, Esquire (rhorwitz@potteranderson.com)
>Potter Anderson & Corroon LLP
>1313 N. Market Street, 6th Floor
>Wilmington, DE 19801
>
>N. Richard Powers, Esquire (rpowers@cblh.com)
>Connolly, Bove, Lodge & Hutz LLP
>1007 North Orange Street
>Wilmington, DE 19801
>
>Richard K. Herrmann, Esquire (rherrmann@morrisjames.com)
>Morris, James, Hitchens & Williams
>222 Delaware Avenue, 10th Floor
>Wilmington, DE 19801
>
>Barry M. Klayman, Esquire (bklayman@wolfblock.com
>Wolf, Block, Schorr and Solis-Cohen LLP
>1100 North Market Street, Suite 1001
>Wilmington, DE 19801
>
>Jack B. Blumenfeld, Esquire (jblumenfeld@mnat.com)
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>Wilmington, DE 19801
>
>Mary B. Graham, Esquire (mgraham@mnat.com)
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>Wilmington, DE 19801

_____
Jason A. Cincilla (#4232)