## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SONIC INNOVATIONS, INC, PHONAK HOLDING AG, PHONAK INC., UNITRON HEARING, INC., WILLIAM DEMANT HOLDING A/S, OTICON A/S, OTICON INC., WIDEX A/S, WIDEX HEARING AID CO. INC, GN RESOUND A/S, GN RESOUND CORPORATION, STARKEY LABORATORIES, INC., GENNUM CORPORATION, RESISTANCE TECHNOLOGY INC., BERNAFON AG, WDH, INC., AND BERNAFON, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## PLAINTIFF ENERGY TRANSPORTATION GROUP, INC.'S OPPOSITION TO DEFENDANTS WIDEX A/S/ AND WIDEX HEARING AID CO., INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND OT THE AMENDED COMPLAINT

Plaintiff Energy Transportation Group, Inc. ("ETG"), by and through its attorneys,

oppose the length of the extension of time sought by Widex A/S and Widex Hearing Aid Co.

("Widex Hearing Aid") (collectively "the Widex Defendants") for the following reasons.

1.    ETG has already permitted Widex Hearing Aid thirty days on top of the twenty

days permitted in under the federal rules to plead.  ETG opposes the additional 44 days now

being sought (which would end up permitting Widex a total of 94 days to answer a relatively simple patent complaint). If the Widex Defendants are going to challenge jurisdiction and/or venue, then ETG wants that phase of this case to proceed, rather than delaying that phase for an additional month and a half. Nothing in Widex's motion would provide a basis for a ninety-four day time period to investigate how it should respond to the complaint.

2.      The events leading up to this motion are as follows. Under the Federal Rules, Widex Hearing Aid was required to answer or otherwise plead in response to the initial Complaint on July 17, 2005 and Widex A/S was required to answer or otherwise plead in response to the initial Complaint on August 1, 2005.

3.      In early July, Widex's counsel contacted ETG's counsel and requested an extension. ETG offered a thirty day extension of time for each of the Widex Defendants to answer or otherwise plead or an extension until September 12, 2005 if the Widex Defendants agreed not to challenge service, jurisdiction or venue. Widex elected a thirty day extension, setting the deadline for pleading at August 17, 2005 for Widex Hearing Aid and September 1, 2005 for Widex A/S. Neither Widex Defendant sought Court approval of that thirty day extension.

4.      On August 4, 2005, an Amended Complaint was filed adding three additional parties, wholly unrelated to the Widex Defendants. Under the Federal Rules, the deadline for pleading was extended to August 18, 2005 for Widex Hearing Aid (10 days from the service of the Amended Complaint) and remained at September 1, 2005 for Widex A/S (the extension date already permitted)..

5.      On August 16, 2005, two days before the deadline for Widex Hearing Aid to plead, counsel for the Widex Defendants called to request an additional 44 day extension through

September 30, 2005. The Widex Defendants refused to agree to answer instead of filing a

motion challenging service, jurisdiction or venue for both parties (it would do so for Widex

Hearing Aid, but not Widex A/S). Although ETG was not inclined to permit any further

extension, ETG agreed to allow Widex out of its bind and permit Widex Hearing Aid to have

until September 1, 2005. That would permit Widex Hearing Aid essentially a total of sixty-four

(64) days to file its responsive pleading. Now, Widex wants more time.

      6.     Widex has simply not presented enough evidence of diligence during the first fifty

days to justify granting them an additional 44 day period of time. Widex never once called ETG

to ask for additional information to assist its investigation. Widex failed to identify a single

person, by name or title, that has been unavailable throughout this fifty day period it has already

had to conduct an investigation (or the additional fourteen days ETG has offered). The extension

granted to the newly added co-defendants and their affiliates through September 30, 2005 is not

comparable to Widex's situation. All but one of those six defendants have agreed not to

challenge jurisdiction and venue and their counsel agreed to accept service as to the newly added

foreign defendant to avoid the cost to ETG of service through the Hague. Whether Widex had

heard of ETG, the patents-in-suit or expected this suit, ETG exercised its rights under the patent

laws to sue an infringer. Now, almost two months after the initial complaint, it is time for Widex

to respond to the complaint.

THE BAYARD FIRM

Edmond D. Johnson (No. 2257)
Thomas H. Kovach (No. 3964)
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
tkovach@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Dated:  August 19, 2005

598536v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 19, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard W. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

N. Richard Powers, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Steet
P.O. Box 2207
Wilmington, DE 19899

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Barry M. Klayman, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801

Mary B. Graham, Esquire
Maryellen Noereika, Esquire
Donald E. Reid, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

/s/ Edmond D. Johnson (ej2257)

595179v1