**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | Civil Action No. 05-422 (GMS) |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SONIC INNOVATIONS, INC., *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPENING BRIEF IN SUPPORT OF DEFENDANT RESISTANCE**
**TECHNOLOGY INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL**
**JURISDICTION PURSUANT TO FED. R. CIV. P. RULE 12(b)(2)**

Barry M. Klayman, Esquire (#3676)
WOLF, BLOCK, SCHORR and SOLIS-COHEN
LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313

Attorneys for Defendant, Resistance Technology,
Inc.

Of Counsel:

Jefffrey D. Shewchuk, Esquire (Pro hac vice)
Shewchuk IP Services, LLC
533 77th Street West
Eagan, MN 55121
Tel: (651) 331-9558

Dated: August *22*, 2005

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ............................. 1

SUMMARY OF ARGUMENT ..................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 1

ARGUMENT ........................................................................................................... 3

    A.   Legal Standard For Exercising Personal Jurisdiction Over RTI ........................... 3

    B.   Exercise Of Jurisdiction Over RTI Is Not Warranted Under The Delaware Long-Arm Statute. ................................................................................................. 4

    C.   Exercise of Jurisdiction over RTI Does Not Comport With Due Process. ............. 7

        1.   No "Traditional" Basis For Jurisdiction Over RTI Exists ............................. 8

        2.   RTI Does Not Have Sufficient Contacts With Delaware Under A "Stream Of Commerce" Theory ......................................................................... 9

CONCLUSION ....................................................................................................... 11

## TABLE OF AUTHORITIES

### CASES

*Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53 (D. Del. 1982) ................... 3

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987) ......................... 7, 10

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) ......................... 8

*Boone v. Oy Partek Ab*, 724 A.2d 1150 (Del. Super. 1997), *aff'd,* 707 A.2d 765 (Del. 1998), *cert. den.,* 524 U.S. 939 (1998) ................................................................................. 4, 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985 ....................................... 7

*Burnham v. Super. Ct. of California*, 495 U.S. 604 (1990) ......................... 8

*Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 948 F. Supp. 338 (D. Del. 1996) ............. 3

*E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112 (D. Del. 2000), *aff'd in part, dismissed in part,* 269 F.3d 187 (3rd Cir. 2001) ......................... 3

*eSpeed, Inc. v. BrokerTec USA, L.L.C.*, No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 19760 (D.Del. Sept. 13, 2004) ................................................................................. 6

*Hanson v. Denckla*, 357 U.S. 235 (1958) ....................................... 7

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ....................... 7

*ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268 (D. Del. 2001) ................................................................................. 3, 4, 10

*Intel Corp. v. Silicon Storage Tech., Inc.,* 20 F. Supp. 2d 690 (D.Del. 1998) ............... 6

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ......................... 7, 9

*Jeffreys v. Exten*, 784 F. Supp. 146 (D. Del. 1992) ....................... 3

*Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177 (D. Del. 1996) ......................... 4

*M&M Technologies, Inc. v. Gurtler Chemicals, Inc.*, No. 03-994 GMS, 2005 U.S. Dist. LEXIS 1726 (D.Del. Feb. 8, 2005) ................................................... 4, 6, 8,10

*Milliken v. Meyer*, 311 U.S. 457 (1940). ....................... 8

WIL:53496.2/res068-230363

*Motorola Inc. v. PC-Tel*, 58 F. Supp. 2d 349 (D. Del. 1999) .................................................. 6, 10

*Mylan Pharmaceuticals, Inc. v. Kremers Urban Dev. Co.*, Civil Action No. 02-1628 GMS, 2003
    U.S. Dist. LEXIS 5728 (D.Del. April 7, 2003)........................................................... 4

*Pennoyer v. Neff*, 95 U.S. 714 (1878) ............................................................................. 8

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) ....................................... 9

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003)................................... 6

*Transportes Aeros de Angola v. Ronair, Inc.*, 544 F. Supp. 858 (D. Del. 1982).......................... 3

*Venoco, Inc. v. Marquez*, C.A. No. 02-1685 GMS, 2003 U.S. Dist. LEXIS 7593 (D.Del. May 5,
    2003) ................................................................................................................. 4, 6

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ................................... 7

**Statutes and Rules**

10 Del. C. § 3104(b) ........................................................................................................ 4

10 Del. C. § § 3104(c)(1)-(6) .......................................................................................... 4

Fed. R. Civ. P. Rule 12(b)(2) ........................................................................................ 1

WIL:53496.2/res068-230363

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement action.  Plaintiff Energy Transportation Group, Inc.

("ETG") alleges in its First Amended Complaint [D.I. 38] that each of the seventeen defendants

has infringed or induced the infringement of two patents generally directed at the field of

programmable hearing aids.  ETG's Complaint [D.I. 1] was filed on June 23, 2005, and ETG's

First Amended Complaint [D.I. 38] was filed on August 4, 2005.  ETG and defendant Resistance

Technology, Inc. ("RTI") stipulated that RTI shall have until August 23, 2005 to file any motion

challenging jurisdiction or venue.  [D.I. 32].  RTI now moves, pursuant to Fed. R. Civ. Rule

12(b)(2), for an Order dismissing the action against it for lack of personal jurisdiction.

## SUMMARY OF ARGUMENT

RTI is a corporation organized under the laws of Minnesota with its only place of

business in Minnesota.  RTI has not transacted any business in the state of Delaware, and RTI

and its actions have no nexus to Delaware.  As will be shown in more detail below, RTI has not

committed any act reached by Delaware's Long-Arm Statute, and it would violate traditional

notions of fair play and substantial justice to hold RTI amenable to the jurisdiction of this Court.

This Court should dismiss this action against  RTI for lack of personal jurisdiction.

## STATEMENT OF FACTS[1]

RTI is a Minnesota corporation founded in 1977 and headquartered just outside of

Minneapolis in Arden Hills, Minnesota.  RTI engages in the design, development, engineering

and manufacturing of micro-miniature components, systems and molded plastic parts primarily

for the hearing instrument, electronics, telecommunications, computer and medical equipment

---

[1] *See* Affidavit of Mark S. Gorder, President and Chief Executive Officer of RTI, filed herewith.

industries. RTI has two facilities, both located in Minnesota, and no facilities outside Minnesota. RTI currently employs about 178 people at its Minnesota facilities, of whom 16 are executive and administrative personnel, eight are engaged in sales, and 154 are engaged in engineering and operations. Affidavit of Mark S. Gorder ("Gorder Aff."), paras. 2-4.

RTI has no employees outside of Minnesota, and no employees in Delaware. RTI has never been licensed or registered to do business in Delaware. RTI has never had a telephone listing in Delaware. RTI has never had any tangible personal property or real property in Delaware. RTI has never had any bank accounts in Delaware. RTI has never had a meeting or any presence in Delaware, nor has it ever had any offices or other facilities in Delaware. To the best of Mr. Gorder's knowledge, including a review of all sales within the past three years, RTI has never made any sales into Delaware. Gorder Aff., paras. 5, 6, 8.

RTI operates a website at www.rti-corp.com which is viewable from within Delaware, but this website is entirely passive and does not enable RTI to engage in any business over the Internet, with persons in Delaware or any other state. No goods or services can be purchased through RTI's website, and none of RTI's products are delivered electronically. Gorder Aff., para. 10.

RTI owns two operating subsidiaries: one (RTI Tech PTE LTD) operating in Singapore and the other (Resistance Technology GmbH) operating in Germany. While facts regarding RTI's subsidiary companiess are not relevant to this jurisdictional inquiry, neither of RTI's subsidiaries have Delaware contacts that would make them subject to jurisdiction in Delaware. See Gorder Aff., paras. 11-13.

RTI is one of two operating wholly owned subsidiaries of IntriCon Corporation, formerly Selas Corporation of America ("IntriCon/Selas"), which purchased RTI in October, 1993. While

2

facts regarding RTI's sister and parent companies are not relevant to this jurisdictional inquiry, neither of RTI's sister and parent companies have Delaware contacts that would make them subject to jurisdiction in Delaware either.  See Gorder Aff., paras. 14-18.

## ARGUMENT

**A.    Legal Standard For Exercising Personal Jurisdiction Over RTI**

RTI moves for dismissal based upon lack of personal jurisdiction over RTI.  "Rule 12(b)(2) of the Federal Rules of Civil Procedure requires a court to dismiss a case when the court lacks personal jurisdiction over the defendant[]." *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000), *aff'd in part, dismissed in part,* 269 F.3d 187 (3rd Cir. 2001).  In determining whether personal jurisdiction exists, courts engage in a two step analysis.  First, the court must decide whether jurisdiction is authorized by the long-arm statute of the state in which the court sits.  *Transportes Aeros de Angola v. Ronair, Inc.*, 544 F. Supp. 858, 864-65 (D. Del. 1982).  If jurisdiction is proper per the long-arm statute, the court must then determine whether exercising personal jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment.  *Id.* at 864-865 (noting, however, "intent of the legislature to exercise jurisdiction over non-residents whenever feasible"); *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 948 F. Supp. 338, 342 (D. Del. 1996) (citation omitted).

In determining the jurisdictional question, the court must accept as true the allegations in the complaint, *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53, 55 (D. Del. 1982), but the plaintiff ETG bears the burden of alleging facts sufficient to make a prima facie showing of personal jurisdiction over RTI.  *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001); *Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D.

3

Del. 1992). To meet this burden, the plaintiff must adduce facts which "establish with reasonable particularity" that jurisdiction over the movant exists. *ICT Pharms.* at 271 (quoting *Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 193 (D. Del. 1996)). *See M&M Technologies, Inc. v. Gurtler Chemicals, Inc.*, No. 03-994 GMS, 2005 U.S. Dist. LEXIS 1726 at *5-6 (D.Del. Feb. 8, 2005); *Mylan Pharmaceuticals, Inc. v. Kremers Urban Dev. Co.*, Civil Action No. 02-1628 GMS, 2003 U.S. Dist. LEXIS 5728 at *4-7 (D.Del. April 7, 2003); *Venoco, Inc. v. Marquez*, C.A. No. 02-1685 GMS, 2003 U.S. Dist. LEXIS 7593 at *4-6 (D.Del. May 5, 2003).

**B.     Exercise Of Jurisdiction Over RTI Is Not Warranted Under The Delaware Long-Arm Statute.**

According to the Delaware Long-Arm statute, a non-resident person or corporation is deemed to submit to the jurisdiction of the Delaware courts by committing any one of several acts. 10 <u>Del. C.</u> § 3104(b). These acts are: (1) transacting any business or performing any character of work within the state; (2) contracting to supply services or things in Delaware; (3) causing tortious injury in Delaware through an act committed in Delaware; (4) causing tortious injury in Delaware through an act committed outside Delaware if the person solicits business in Delaware, engages in regular conduct in Delaware or derives substantial revenue from Delaware contacts; (5) having an interest in, using or possessing real property in Delaware; or (6) contracting to act as a surety for a contract or other such obligation located, executed, or to be performed within Delaware at the time the contract is made. <u>Id.</u> § § 3104(c)(1)-(6). Delaware courts construe the long-arm statute broadly to confer jurisdiction to the maximum extent possible so as to "provide residents a means of redress against those not subject to personal service within the state." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del. Super. 1997), *aff'd,* 707 A.2d 765 (Del. 1998), *cert. den.,* 524 U.S. 939 (1998); *M&M Technologies* at *8.

4

The First Amended Complaint in this action asserts a single allegation particularly directed at RTI, as follows: "21. RTI is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 1260 Red Fox Rd., Arden Hills, MN 55112-6944." This allegation, taken as true, is insufficient to warrant jurisdiction under any of the six prongs of the Delaware long-arm statute.

The First Amended Complaint asserts jurisdiction over all 17 defendants in this action as follows: "The Court has personal jurisdiction over the Defendants in that each has committed acts within Delaware and this judicial district giving rise to this action and each of the Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over each of the Defendants would not offend traditional notions of fair play and substantial justice." First Amend. Compl. ¶ 25. This allegation, directed at all 17 defendants and not stating any particular act or acts which are believed to give rise to jurisdiction, is impermissibly vague to stand as a basis for jurisdiction. ETG has failed to meet its burden of alleging facts sufficient to make a prima facie showing and establishing with reasonable particularity that jurisdiction over RTI exists.

Not only does the Complaint fail to make a sufficient prima facie allegation of jurisdiction against RTI, but no such basis for jurisdiction under the Delaware Long-Arm Statute exists. RTI does not transact any business or perform any work within the state; all of RTI's employees are in Minnesota. RTI has not contracted to supply services or things in Delaware; RTI has made no known sales into the state of Delaware. RTI has not committed any acts within Delaware. Nor has RTI solicited business in Delaware, engaged in regular conduct in Delaware or derived substantial revenue from Delaware contacts. While RTI does maintain an Internet website that can be viewed from within Delaware, the mere existence of its website does not rise

5

to the level of regularly soliciting business in Delaware. *See Motorola Inc. v. PC-Tel*, 58 F. Supp.

2d 349, 352 (D. Del. 1999) (discussing extensive advertising by the defendant, both nationwide

and in Delaware through newspapers, magazines, and catalogs); *M&M Technologies* 2005 U.S.

Dist. LEXIS 1726 at *13.   Specific jurisdiction may exist if "the defendant 'purposefully availed'

itself of conducting activity in the forum state, by directly targeting its website to the state,

knowingly interacting with residents of the forum state via its website, or through sufficient other

related contacts.…  Mere accessibility of a website, though, is not a matter of much moment.   It

is interactivity and the conducting of business over the Internet that carries jurisdictional

consequences." *eSpeed, Inc. v. BrokerTec USA, L.L.C.*, No. 03-612-KAJ, 2004 U.S. Dist.

LEXIS 19760, *11 (D.Del. Sept. 13, 2004), *citing Toys "R" Us, Inc., v. Step Two, S.A.*, 318 F.3d

446, 452-454 (3d Cir. 2003)(exercise of personal jurisdiction proper where commercial website's

interactivity reflected specifically intended interaction with residents of the forum state).   RTI

has no interest in, makes no use of, and possesses no real property in Delaware; RTI's two

facilities are both located in Minnesota.   Gorder Aff., paras. 4-5.   Nor has RTI contracted to act

as a surety for a contract or other such obligation located, executed, or to be performed within

Delaware at the time the contract was made.   Gorder Aff., para. 9.

There is no basis under the Delaware Long-Arm Statute for this Court to assert

jurisdiction over RTI in the state of Delaware.   Accordingly, RTI's motion for lack of personal

jurisdiction over RTI should be granted.

Once the court finds that personal jurisdiction over RTI is not authorized by the Delaware

Long-Arm Statute, it need not address the constitutional dimension of the jurisdictional question.

*Venoco*, 2003 U.S. Dist. LEXIS 7593 at *10-11; *Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F.

Supp. 2d 690, 699 (D.Del. 1998) ("[T]he Delaware long-arm statute [does not] authorize this

court to exercise jurisdiction over [the defendant]. Therefore, the court need not analyze whether exercising such jurisdiction would comport with the Due Process Clause."). However, as further explained below, exercising jurisdiction would not comport with the Due Process Clause either.

**C.    Exercise of Jurisdiction over RTI Does Not Comport With Due Process.**

The second step in the court's analysis is to determine whether exercising jurisdiction comports with the requirements of the Due Process Clause. The Due Process Clause requires that, in order to subject a defendant who is "not present within the territory of the forum" to personal jurisdiction, the court must first make sure that the party "ha[s] certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of justice and fair play.'" *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). In order to give non-residents "fair warning" that a particular activity may subject them to litigation within the forum, these "minimum contacts" must be purposeful. Specifically, ETG must show that RTI "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)(*quoting Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987). In other words, the defendant's contacts must be of the nature that would cause it to reasonably foresee that it might be "haled before a court" in the forum as a result of its conduct. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Unless the contacts are continuous and systematic, they must be related to the present cause of action. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). Finally, "even if the requisite minimum contacts have been found through an application of the stream of commerce theory or otherwise, if it would be unreasonable for the forum to assert jurisdiction under all the facts and circumstances, then due

7

process requires that jurisdiction be denied." *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994); *M&M Technologies,* 2005 U.S. Dist. LEXIS 1726 at *15.

There is no basis for asserting personal jurisdiction over RTI, either under a "traditional" basis for asserting personal jurisdiction or under a stream of commerce theory. RTI has no contacts with the state of Delaware. Exercising jurisdiction over RTI in Delaware would offend traditional notions of fair play and substantial justice. Accordingly, RTI's motion to dismiss should be granted.

## 1.   <u>No "Traditional" Basis For Jurisdiction Over RTI Exists</u>

The first of the "traditional" bases for personal jurisdiction is service on persons physically present in the state. *See Burnham v. Super. Ct. of California*, 495 U.S. 604, 610-11 (1990). RTI was not served in Delaware, and has never established a presence of any kind in Delaware. RTI has no employees located in Delaware, and has no bank accounts or real property located in Delaware.

The second of the "traditional" bases for exercise of personal jurisdiction is "domicile." Courts can exercise personal jurisdiction over persons domiciled within the state at the time the lawsuit is commenced even if they are not actually present at the time. *See Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940). A corporation is deemed to be "domiciled" where it is incorporated or where it has its principal place of business. RTI is not incorporated nor qualified to do business in Delaware; nor is Delaware its principal place of business.

The third of the "traditional" bases for exercise of personal jurisdiction is "appearance" or "consent." *See Pennoyer v. Neff*, 95 U.S. 714, 724-25 (1878). Where, as here, a defendant appears merely to make a motion to dismiss for the limited purpose of contesting the jurisdiction

of the Court on grounds of want of personal jurisdiction, no "consent" has been made sufficient to confer jurisdiction upon the Court.

**2.    RTI Does Not Have Sufficient Contacts With Delaware Under A "Stream Of Commerce" Theory**

In addition to the "traditional" bases for personal jurisdiction, Constitutional due process also permits courts to exercise personal jurisdiction over non-residents where "minimum contacts" exist between the non-resident and the forum state. "Minimum contacts" means the relationship is such that the exercise of jurisdiction over the non-resident does not offend "traditional notions of fair play and substantial justice." *See Int'l Shoe Co*, 326 U.S. at 316.  If the activities of a non-resident defendant are "substantial, continuous and systematic," courts can exercise jurisdiction as to any cause of action, whether or not related to defendant's activities within the state. *See Perkins v. Benguet Consol. Mining Co.*. 342 U.S. 437, 442 (1952).  If the activities of the non-resident defendant related to the cause of action demonstrate a "substantial connection" with the forum state, courts can exercise specific personal jurisdiction over the defendant even if those activities are not continuous and systematic.  More particularly, by placing goods in the stream of commerce a manufacturer may be subject to personal jurisdiction consistent with the due process clause in a state where that product causes injury, but only if "additional conduct" with the forum state exists. *Boone*, 724 A.2d at 1159 (Del. Super. 1997).

> The 'substantial connection'… between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State… The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.  Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.  But a defendant's awareness that the stream of commerce may or will sweep the product into the

9

> forum State does not convert the mere act of placing the product into the stream
> into an act purposefully directed toward the forum state.

*ICT Pharms.,* 147 F. Supp. 2d at 272 (*quoting Asahi*, 480 U.S. at 112); *see also M&M Technologies*, 2005 U.S. Dist LEXIS 1726 at *16.

In the instant case, RTI has never engaged in any known business activities in Delaware at all. Even if ETG could show that some products of RTI reached Delaware through the stream of commerce, RTI has undertaken no action purposefully directed toward Delaware. Unlike the advertising and end user activities directed to Delaware of the defendant in *Motorola*, for instance, RTI's hearing aid components do not visibly identify RTI to consumers as the source of the component after such component has been incorporated into a hearing aid. *See, Motorola, Inc. v. PC-Tel*, 58 F. Supp. 2d at 355 (D. Del. 1999). RTI's website does not permit ordering of products, and there is no evidence of Delaware consumers ever having contacted RTI. RTI simply has no purposeful conduct directed toward Delaware which would support personal jurisdiction under the stream of commerce or any other theory.

10

## CONCLUSION

There is no basis, either under the Delaware Long-Arm Statute, or under the Due Process Clause of the Constitution, which can serve to justify the exercise by this Court of personal jurisdiction over RTI. Accordingly, RTI's motion to dismiss should be granted.

Respectfully submitted,

WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

Dated: August 22, 2005

By: _____
Barry M. Klayman, Esquire (#3676)
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313

Attorneys for Defendant, Resistance Technology, Inc.

Of Counsel:
Jefffrey D. Shewchuk, Esq. (Pro Hac Vice)
Shewchuk IP Services, LLC
533 77th Street West
Eagan, MN 55121
Tel: (651) 331-9558

11