IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) | |
| | ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | |
| SONIC INNOVATIONS, INC, | ) | JURY TRIAL DEMANDED |
| PHONAK HOLDING AG, | ) | |
| PHONAK INC., | ) | |
| UNITRON HEARING, INC., | ) | |
| WILLIAM DEMANT HOLDING A/S, | ) | |
| OTICON A/S, | ) | |
| OTICON INC., | ) | |
| WIDEX A/S, | ) | |
| WIDEX HEARING AID CO. INC, | ) | |
| GN RESOUND A/S, | ) | |
| GN RESOUND CORPORATION, | ) | |
| STARKEY LABORATORIES, INC., | ) | |
| GENNUM CORPORATION, | ) | |
| RESISTANCE TECHNOLOGY INC., | ) | |
| BERNAFON AG, | ) | |
| WDH, INC., AND | | |
| BERNAFON, LLC, | | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR EXPEDITED JURISDICTIONAL DISCOVERY AND
EXTENSION OF TIME TO RESPOND TO RESISTANCE TECHNOLOGY, INC'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

Plaintiff ENERGY TRANSPORTATION GROUP, INC. ("ETG" or "Plaintiff"), files this

Motion for Expedited Discovery relating to Defendant Resistance Technology Inc.'s Motion to

Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2), and in support hereof would

respectfully show unto this honorable Court the following:

## I.    BACKGROUND

Defendant Resistance Technology, Inc. ("RTI") has recently filed Defendant Resistance

Technology Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2),

dated August 22, 2005.  ETG's opposition to that Motion would be due September 6, 2005.

## II.    REQUEST FOR JURISDICTIONAL DISCOVERY AND A RULING ON THE PROPER SCOPE OF SUCH DISCOVERY

In response to this Motion, counsel for Plaintiff and counsel for RTI have communicated

both in writing and on the telephone numerous times in an effort to reach an agreement on

jurisdictional discovery and an extension to oppose RTI's Motion.  Although the parties have

essentially agreed on how to deal with the confidentiality of documents that would be sought by

ETG, ETG and RTI have a very different view as to the proper scope of jurisdictional discovery

as discussed below.

Plaintiff respectfully believes that it has uncovered sufficient facts and other information

to justify jurisdictional discovery related to the exercise of personal jurisdiction over Defendant

Resistance Technology Inc. under the provisions of the Delaware long arm statute and the Due

Process Clause of the United States Constitution.    The jurisdictional issues upon which

discovery is requested include but are not limited to the corporate structure of Defendant, the

nature of the chains of distribution of Defendant's products and Defendant's knowledge and use

of same, Defendant's relations with the other entities in the chains of distribution, and

Defendant's intent or purpose to serve the Delaware market, including the greater

Wilmington/Philadelphia/Camden market.

Pertaining to this issue, the following facts or fair inferences are already known:

599830v1

1.    RTI is a subsidiary of Intricon.[1]  Intricon's 2004 annual report, filed with the U.S. Securities and Exchange Commission in May of 2005, states that in 2003 its customer Sonic Innovations, Inc., a Delaware corporation and co-defendant in this action, accounted for 12.4% of its net sales.[2]  Sonic Innovations sells hearing aid devices[3] and RTI produces digital signal processing chips that are used in hearing aid devices.[4]  Sonic Innovations's website directs persons to specific health care professionals in Delaware who offer Sonic hearing aid products.[5]  Sonic Innovations states in its SEC filings that it has only one source for its digital signal processing chips, the exact kind of chips that RTI sells and that accounted for 12.4% of its business in 2003.[6]  Sonic Innovations has agreed pursuant to stipulation not to challenge jurisdiction in this cause.[7]

2.    RTI has maintained a long-term "strategic relationship" with Starkey Laboratories, another co-defendant and manufacturer of hearing aids.[8]  Starkey sells hearing aids throughout the United States, including Delaware.  Starkey's website directs persons to locations in Delaware and very near surrounding areas where its hearing aids may be obtained.[9]  Starkey has only nine US facilities, one of which is located a mere 45 minutes from this Courthouse in Mount Laurel, NJ.[10]  From this location, it is believed that Starkey coordinates sales into the eastern United States, including Delaware.

3.    Although RTI asserts in its moving papers that it is simply a Minnesota company doing business in Minnesota, RTI's website states that it is "the

---

[1] See Declaration of Brian M. Buroker ("Buroker Decl.") (attached hereto as Exhibit A), paragraph 3 and A1 (enclosing Intricon's 2004 Annual Report filed with the SEC).

[2] See Buroker Decl. Exh. A1 at p. 29 (which is part of exhibit 13 of Intricon's 2004 Annual Report).

[3] See Buroker Decl. Exh. A3, at p. 2 (Sonic Innovations 2004 Annual Report).

[4] See Buroker Decl. Exh. A4 (printout from RTI's website at http://www.rti-corp.com/index.htm).

[5] See Buroker Decl. Exh. A5 (printout from Sonic Innovation's website at http://www.sonicinnovations.com/locatepro/locateusa.php).

[6] See Buroker Decl. Exh. A3 at p. 14 (Sonic Innovation's 2004 Annual Report).

[7] See Buroker Decl. Exh. A5 (Sonic Innovations Stipulation).

[8] See Buroker Decl. Exh. A6 (News article proclaiming strategic relationship).

[9] See Buroker Decl. Exh. A7 (Starkey website search for locations near Wilmington, DE from http://www.starkey.com/pages/nextsteps/dealer_list.jsp?ZIP=19810).

[10] See Buroker Decl. at A8 (listing Starkey East in Mount Laurel, NJ).

world['s largest manufacturer" of its type products,[11] that RTI is a "world producer,"[12] and that RTI has "worldwide customers."[13] These statements effectively constitute representations that RTI conducts business in Delaware -- which is not surprising for "the world['s largest manufacturer" of hearing aid chips.

While these facts alone may be sufficient to establish jurisdiction over RTI, Plaintiff believes that jurisdictional discovery may reveal additional facts, including RTI's knowledge of Sonic Innovations and Starkey's sales efforts into Delaware that would be relevant under the stream of commerce theory of jurisdiction. Plaintiff is requesting the opportunity to engage in discovery as to the issue of personal jurisdiction as it relates to RTI and the allowance of such discovery would be consistent with due process.[14]  Plaintiff requests this Court for an order permitting expedited discovery on the issue of personal jurisdiction regarding Resistance Technology, Inc. necessary for Plaintiff to fully respond to Defendant's Motion to Dismiss.

## III.    SCOPE OF JURISDICTIONAL DISCOVERY

In addition, ETG requests that this Court rule on the proper scope of jurisdictional discovery. Below and in its proposed Order, ETG has set forth 31 specific requests for documents. In addition, it seeks a deposition of an RTI corporate representative on these categories.

Specifically, RTI wants to limit ETG's discovery to a one year time period prior to the complaint and to allegations that relate to whether RTI may be found to be subject to general jurisdiction in Delaware.

---

[11] See Buroker Decl. at A9 (printout from RTI website at http://www.rti-corp.com/Hearing/RTIComp.html).

[12] See Buroker Decl. at A10 (printout from RTI website at http://www.rti-corp.com/Corporate/RTIcorp_info.html).

[13] Id.

[14] Similarly, in *Commissaria A L'Energie Atomique v. Chi Mei Optelectronics Corp*, 395 F.3d 1315 (Fed.Cir. 2005), the Court of Appeals for the Federal Circuit stated that the plaintiff should be permitted to engage in discovery to

In contrast, ETG's Amended Complaint sets forth an allegation of patent infringement by RTI that includes RTI's provision of components that are incorporated into infringing hearing aid products and put into the stream of commerce of the United States, including Delaware. Moreover, since the complaint includes claims for past infringement, including that infringement permitted under the statute of limitations of 35 U.S.C. § 286 from six years prior to the filing of the suit, acts of infringement that would subject RTI to specific jurisdiction in Delaware are properly discoverable. RTI's insistence on a one year time period is therefore inherently unreasonable.

Upon a review of Delaware jurisdictional cases and Federal Circuit cases, the following list of requests has been prepared. Each of these factors was taken from a listing of factors Delaware courts and the Federal Circuit have deemed relevant in assessing personal jurisdiction over defendants similarly situated to RTI.

1. All documents sufficient to identify all of RTI's customers, including all customers for hearing aid related products;

2. All documents sufficient to identify the volume, frequency, and duration of sales to those customers;

3. All documents identifying the locations to which shipments to those customers were shipped;

4. All documents possessed by RTI regarding those customers (including but not limited to correspondence with same) and sales and shipments to same;

5. All documents pertaining to any entities in the chain of distribution, known to RTI, of RTI products and/or products that contain RTI products, including but not limited to correspondence with such entities;

6. All documents and information pertaining to any license or indemntiy agreements between RTI and any entities in the channels of distribution; and

---

address the defendant's motion to dismiss based on lack of personal jurisdiction.

599830v1

7.    All documents reflecting knowledge by RTI as to any geographic location where RTI was aware any of its products were distributed or to be distributed, whether to an ultimate consumer or during any stage of the distribution channels;

8.    All documents of RTI containing reference to Delaware and/or any geographic area (including but not limited to the World, U.S., and/or Mid-Atlantic region) which is an area which includes the State of Delaware[15], including but not limited to correspondence (from or to RTI;  including e-mails) shipping manifests, marketing proposals, market analysis reports advertisements, etc.;

9.    All manuals, warranties, and other literature either delivered with RTI's products to its customers or pertaining to such products;

10.   All information pertaining to strategic alliances with any companies who conduct business in the U.S., including but not limited to Clarity LLC, Medtronic, Inc, Microelectronics Center, Starkey and all information known to RTI regarding those companies;

11.   All information known by and all documents possessed by RTI regarding the companies referenced in the preceding item (including but not limited to correspondence with same);

12.   Listing of all States to which RTI is aware that its products have been distributed to entities who directly provide the products to end users (persons wearing hearing aids), regardless whether those products were contained within another entity's product at that time[16];

13.   The relationship between the RTI and all entities in the chain of distribution, known to RTI (e.g., whether a parent-subsidiary or similar relationship exists, whether similar owners, directors, officers, etc. are common to the companies, the length of the relationship between the companies, the extent of contacts between the companies, the existence, and substance, of any written agreements between the companies);

14.   The knowledge by RTI as to the nature and extent of the channel of distribution of its products (considering that RTI states it only has facilities in Minnesota, yet claims in its website that it is "the world['] s largest

---

[15] The relevancy of such materials is obvious;  RTI material referring to business conducted by RTI "throughout the World," "throughout the U.S.," "throughout the Mid-Atlantic States," etc. would necessarily include Delaware.

[16] This is relevant on numerous grounds, including but not limited to that if RTI claims it is unaware of <u>any</u> States to which its products are ultimately delivered such could be perceived as an implausible statement that would bear upon the credibility of RTI's testimony/affidavits that it is unaware of delivery to any specific State and that if RTI is aware that many of its products are being distributed in States in close proximity to Delaware combined with any RTI's customers (or other entities in the chain of distribution) possessing distribution means in Delaware -- that, therefore, Delaware distribution of RTI products is likely.

manufacturer" of its type products, it is a "world producer," and that it has "worldwide customers," it would appear likely that RTI is aware that its products are being distributed in geographic regions outside of Minnesota -- as well as the fact that one would expect a $40 million dollar business ["the world[']s largest manufacture"] to have obtained information as to where its products are ultimately being distributed [not only for marketing purposes, but for purposes of languages into which to publish its literature, website, etc.]);

15.     All information and documents pertaining to RTI's advertisement and/or promotion of/for its products and/or company;

16.     All information and documents pertaining to RTI's contribution, financially or otherwise, to any advertisement and/or promotion of/for: any products containing any RTI products, any company whose products include any RTI products, and/or any entity in the RTI products distribution channels;

17.     All documents pertaining to RTI's contribution, financially or otherwise, to any advertisement and/or promotion which relates to any business engaged in by RTI, including but not limited to advertisements for the hearing aid industry generally;

18.     All information and documents pertaining to sales efforts toward Delaware and/or any geographic area that would include Delaware (including but not limited to "Mid-Atlantic States"), including but not limited to sales solicitations, sales presentations, trade shows, and trips to Delaware by employees;

19.     All documents pertaining to the designation by RTI of geographic regions, including but not limited to marketing regions, sales regions, distribution regions, etc.;

20.     All documents sufficient to identify the identity and title of any RTI employee whose title and/or duties include reference to a geographic region other than Minnesota or a geographic region located entirely within Minnesota;

21.     All documents sufficient to identify all personal and/or real property in Delaware that is/was owned by RTI at the time such property was located in Delaware;

22.     All documents sufficient to identify any employees (in their capacity as an RTI employee;  i.e., not on their personal time), offices, facilities, or equipment RTI who/that is, or has been, maintained in Delaware or ever

599830v1

entered, or has entered, Delaware -- and the purpose of such maintenance and/or entrance.

23.    All correspondence from or to RTI from or to any individual or entity who was (at the time of the communication) located in Delaware, including but not limited to communication provided as part of any customer service effort by RTI;

24.    All records of RTI related to telephone numbers  recorded in any tangible form by RTI during the relevant time frame;

25.    All documents sufficient to identify any sales agents or distributors assigned to cover an area which includes Delaware, whether such sales agent is an employee or not;

26.    All documents sufficient to identify the identity and job titles and duties of employees whose job duties include selling, advertising, marketing, and/or promoting any product of RTI or product containing any RTI product;

27.    All documents sufficient to identify the identity and job title(s) of the person(s) who determined the content of RTI's website with regards to the statements that RTI is "the world['s] largest manufacturer" of its type products, RTI is a "world producer," and that RTI has "worldwide customers;"  all documents upon which were relied in determining the content of these referenced statements;  and the information known by such person(s) which said person(s) considered when determining the content of these statements;

28.    All communications between RTI and any health care providers (including those providers who render care for hearing loss or other hearing difficulty) located in Delaware;

29.    All communications between RTI and any individual located in Delaware;

30.    All document sufficient to identify any identifying marks on any RTI hearing aid-related products (regardless of size), including but not limited to company or product name, company or product symbol, serial number;

31.    All documents sufficient to identify any brand names registered by RTI in Delaware;

32.    A printout of the results from an electronic search of all email servers of and other computer systems of RTI for the term "Delaware" or "DE" (which might be from an address); and

33.    A deposition to cover (a) information, including that not reflected in a document, on each of the topics identified above, (b) the contents of

documents produced related to each category, and (c) efforts done to locate documents related to any of the above.

## IV.    EXTENSION OF TIME TO ALLOW JURISDICTIONAL DISCOVERY PRIOR TO ETG'S DEADLINE TO OPPOSE THE MOTION TO DISMISS

Moreover, Plaintiff's opposition to RTI's Motion to Dismiss is presently due on September 6, 2005.  RTI has already agreed to allow Plaintiff until September 12, 2005 to file its opposition.  Obviously, if jurisdictional discovery is to be undertaken, additional time will be required.  Accordingly, Plaintiff requests an extension based on the following requested schedule:

Within three (3) days of the granting of an order from the Court granting this motion for expedited discovery and for an extension of time, ETG will serve discovery requests pertaining to personal jurisdiction regarding RTI consistent with this Court's order regarding the scope of jurisdictional discovery.

Within eighteen (18) days after service of the discovery requests, RTI will produce all objections and privilege assertions and all documents covered by the requests to which no objections nor privileges have been asserted.

Within ten (10) days of receipt of such documents, objections and privilege assertions, ETG will attempt to resolve those objections and privilege assertions with RTI and, if agreement on all issues cannot be reached, file an appropriate motion for ruling by the Court on those objections and privilege assertions.

ETG will attempt to obtain hearing on such motion at the earliest available hearing date.

Within ten (10) days after:

(1)    All documents are received by ETG, if no objections nor privileges are asserted by RTI,

(2)     All documents produced by RTI pursuant to the discovery and any Court order are received by ETG, if objections and/or privileges are asserted by RTI and the Court thereafter overrules any objection or privilege assertion, or

(3)     The later of the Court's sustaining of all objections and privilege assertions by RTI and ETG's receipt of all documents to which no objections nor privileges are asserted by RTI, if objections and/or privileges are asserted by RTI and the Court thereafter sustains all objections and privilege assertions,

RTI will make one or more RTI corporate representatives available for a deposition in the United States at a single location and time frame (e.g., if there are two deponents designated, both will be made available in Minneapolis on back-to-back days or time slots) to cover the jurisdictional topics as well as the efforts undertaken by RTI to collect the documents and other information provided.

Within fourteen (14) days, after the last of the deposition(s), any opposition to RTI's motion shall be filed with the Court in Delaware.

## V.     CONFIDENTIALITY

For the most part, RTI and ETG have agreed on how the information sought shall be treated. The agreed confidentiality provisions are included in the proposed order.

## VI.     CONCLUSION

The parties have conferred regarding the above and were unable to reach an agreement. Accordingly, this motion is ripe for review by the Court. Plaintiff respectfully requests an order granting jurisdictional discovery, providing the scope of discovery sought by Plaintiff and providing for an extension schedule set forth in the Proposed Order.

599830v1

THE BAYARD FIRM


Edmond D. Johnson (No. 2257)
Thomas H. Kovach (No. 3964)
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
tkovach@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.


OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Dated:  August 31, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | |
| | ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | |
| SONIC INNOVATIONS, INC, | ) | JURY TRIAL DEMANDED |
| PHONAK HOLDING AG, | ) | |
| PHONAK INC., | ) | |
| UNITRON HEARING, INC., | ) | |
| WILLIAM DEMANT HOLDING A/S, | ) | |
| OTICON A/S, | ) | |
| OTICON INC., | ) | |
| WIDEX A/S, | ) | |
| WIDEX HEARING AID CO. INC, | ) | |
| GN RESOUND A/S, | ) | |
| GN RESOUND CORPORATION, | ) | |
| STARKEY LABORATORIES, INC., | ) | |
| GENNUM CORPORATION, | ) | |
| RESISTANCE TECHNOLOGY INC., | ) | |
| BERNAFON AG, | ) | |
| WDH, INC., AND | | |
| BERNAFON, LLC, | | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING EXPEDITED JURISDICTIONAL DISCOVERY AND
EXTENSION OF TIME TO RESPOND TO RESISTANCE TECHNOLOGY, INC'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

This matter having been brought before the Court by Plaintiff Energy Transportation

Group, Inc. for an Order, and the Court having considered the moving papers, the opposition

thereto, and the arguments of counsel, and for good cause shown,

IT IS HEREBY ORDERED THAT:

- Within three days of the date of this Order, Energy Transportation Group, Inc. will serve discovery requests pertaining to personal jurisdiction regarding RTI, such requests being substantially as set forth below:

1.     All documents sufficient to identify all of RTI's customers, including all customers for hearing aid related products;

2.     All documents sufficient to identify the volume, frequency, and duration of sales to those customers;

3.     All documents identifying the locations to which shipments to those customers were shipped;

4.     All documents possessed by RTI regarding those customers (including but not limited to correspondence with same) and sales and shipments to same;

5.     All documents pertaining to any entities in the chain of distribution, known to RTI, of RTI products and/or products that contain RTI products, including but not limited to correspondence with such entities;

6.     All documents and information pertaining to any license or indemntiy agreements between RTI and any entities in the channels of distribution;  and

7.     All documents reflecting knowledge by RTI as to any geographic location where RTI was aware any of its products were distributed or to be distributed,     whether to an ultimate consumer or during any stage of the distribution channels;

8.     All documents of RTI containing reference to Delaware and/or any geographic area (including but not limited to the World, U.S., and/or Mid-Atlantic region) which is an area which includes the State of Delaware, including but not limited to correspondence (from or to RTI;  including e-mails) shipping manifests, marketing proposals, market analysis reports

advertisements, etc.;

9.     All manuals, warranties, and other literature either delivered with RTI's products to its   customers or pertaining to such products;

10.     All information pertaining to strategic alliances with any companies who conduct business in the U.S., including but not limited to Clarity LLC, Medtronic, Inc, Microelectronics Center, Starkey and all information known to RTI regarding those companies;

11.     All information known by and all documents possessed by RTI regarding the companies referenced in the preceding item (including but not limited to correspondence with same);

12.     Listing of all States to which RTI is aware that its products have been distributed to entities who directly provide the products to end users (persons wearing hearing aids), regardless whether those products were contained within another entity's product at that time;

13.     The relationship between the RTI and all entities in the chain of distribution, known to RTI (e.g., whether a parent-subsidiary or similar relationship exists, whether similar owners, directors, officers, etc. are common to the companies, the length of the relationship between the companies, the extent of contacts between the companies, the existence, and substance, of any written agreements between the companies);

14.     The knowledge by RTI as to the nature and extent of the channel of distribution of its products;

15.      All information and documents pertaining to RTI's advertisement and/or promotion of/for its products and/or company;

16.     All information and documents pertaining to RTI's contribution, financially or otherwise, to any advertisement and/or promotion of/for:  any products containing any RTI

products, any company whose products include any RTI products, and/or any entity in the RTI products distribution channels;

17.    All documents pertaining to RTI's contribution, financially or otherwise, to any advertisement and/or promotion which relates to any business engaged in by RTI, including but not limited to advertisements for the hearing aid industry generally;

18.    All information and documents pertaining to sales efforts toward Delaware and/or any geographic area that would include Delaware (including but not limited to "Mid-Atlantic States"), including but not limited to sales solicitations, sales presentations, trade shows, and trips to Delaware by employees;

19.    All documents pertaining to the designation by RTI of geographic regions, including but not limited to marketing regions, sales regions, distribution regions, etc.;

20.    All documents sufficient to identify the identity and title of any RTI employee whose title and/or duties include reference to a geographic region other than Minnesota or a geographic region located entirely within Minnesota;

21.    All documents sufficient to identify all personal and/or real property in Delaware that is/was owned by RTI at the time such property was located in Delaware;

22.    All documents sufficient to identify any employees (in their capacity as an RTI employee;  i.e., not on their personal time), offices, facilities, or equipment RTI who/that is, or has been, maintained in Delaware or ever entered, or has entered, Delaware -- and the purpose of such maintenance and/or entrance;

23.    All correspondence from or to RTI from or to any individual or entity who was (at the time of the communication) located in Delaware, including but not limited to communication provided as part of any customer service effort by RTI;

24.    All records of RTI related to telephone numbers  recorded in any tangible form by RTI during the relevant time frame;

25.    All documents sufficient to identify any sales agents or distributors assigned to cover an area which includes Delaware, whether such sales agent is an employee or not;

26.    All documents sufficient to identify the identity andjob titles and duties of employees whose job duties include selling, advertising, marketing, and/or promoting any product of RTI or product containing any RTI product;

27.    All documents sufficient to identify the identity and job title(s) of the person(s) who determined the content of RTI's website with regards to the statements that RTI is "the world[']s largest manufacturer" of its type products, RTI is a "world producer," and that RTI has "worldwide customers;"  all documents upon which were relied in determining the content of these referenced statements;  and the information known by such person(s) which said person(s) considered when determining the content of these statements;

28.    All communications between RTI and any health care providers (including those providers who render care for hearing loss or other hearing difficulty) located in Delaware;

29.    All communications between RTI and any individual located in Delaware;

30.    All document sufficient to identify any identifying marks on any RTI hearing aid-related products (regardless of size), including but not limited to company or product name, company or product symbol, serial number;

31.    All documents sufficient to identify any brand names registered by RTI in Delaware;

32.    A printout of the results from an electronic search of all email servers and other computer systems of RTI for the term "Delaware" or "DE" (which might be from an address);

and

33.    A deposition to cover (a) information, including that not reflected in a document, on each of the topics identified above, (b) the contents of documents produced related to each category, and (c) efforts done to locate documents related to any of the above.

- Within eighteen (18) days after service of the discovery requests, RTI will produce all objections and privilege assertions and all documents covered by the requests to which no objections nor privileges have been asserted.

- Within ten (10) days of receipt of such documents, objections and privilege assertions, ETG will attempt to resolve those objections and privilege assertions with RTI and, if agreement on all issues cannot be reached, file an appropriate motion for ruling by the Court on those objections and privilege assertions.  ETG will attempt to obtain a hearing on such motion at the earliest available hearing date.

- Within ten (10) days after:

    (1)    All documents are received by ETG, if no objections nor privileges are asserted by RTI,

    (2)    All documents produced by RTI pursuant to the discovery and any Court order are received by ETG, if objections and/or privileges are asserted by RTI and the Court thereafter overrules any objection or privilege assertion,

    or (3)    The later of the Court's sustainment of all objections and privilege assertions by RTI  and ETG's receipt of all documents to which no objections nor privileges are asserted by RTI,  if objections and/or privileges are asserted by RTI and the Court thereafter sustains all objections and privilege assertions,

RTI will make one or more RTI corporate representatives available for a deposition in the United States at a single location and time frame (e.g., if there are two deponents designated, both will be made available in Minneapolis on back-to-back days or time slots) to cover the jurisdictional topics as well as the efforts undertaken by RTI to collect the documents and other information provided.

- ETG will attempt to obtain hearing on such motion at the earliest available hearing date Within fourteen (14) days, after the last of the deposition(s), any opposition to RTI's motion shall be filed with the Court in Delaware.

Confidentiality

1.    Any confidential documents or information provided by RTI will be treated as outside attorneys' eyes only and will be used only for purposes of the opposition to motion to dismiss, unless the Court finds jurisdiction over RTI, in which case, the terms of any subsequently entered Protective Order governing the use of information produced would govern use of the material.

2.    ETG will not disclose the information produced by RTI to another party (other than Court personnel) absent RTI's written consent or an order of a court or other similar authority (such as the provisions of a Protective Order entered in this case) and in such an event, will not do so without providing RTI advanced written notice of a motion to enable RTI to object to the disclosure.

3.    ETG will file information designated confidential by RTI with a request that it be filed under seal.

IT IS SO ORDERED.

Dated: _____

_____
Judge, United States District Court
District of Delaware

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 31, 2005, he electronically filed the

foregoing document with the Clerk of the Court using CM/ECF, which will send automatic

notification of the filing to the following:


Richard W. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

N. Richard Powers, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Steet
P.O. Box 2207
Wilmington, DE  19899

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

Barry M. Klayman, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE  19801

Mary B. Graham, Esquire
Maryellen Noereika, Esquire
Donald E. Reid, Esquire
Thomas C. Grimm
Leslie A. Polizoti
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19801


                                        /s/ Edmond D. Johnson (ej2257)