IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENERGY TRANSPORTATION GROUP, )
INC. )
)    C.A. NO. 05-422 (GMS)
             Plaintiff, )
)
        v. )
)
SONIC INNOVATIONS, INC, ET AL. )    JURY TRIAL DEMANDED
)
             Defendants. )

### PLAINTIFF ENERGY TRANSPORTATION GROUP, INC.'S MOTION FOR LEAVE FOR ENTRY OF SECOND AMENDED COMPLAINT

Plaintiff Energy Transportation Group, Inc. ("ETG"), by and through its attorneys, hereby moves under Rule 15(a) of the Federal Rules of Civil Procedure to amend its complaint to remove Phonak Holding AG as a defendant and add in its place Phonak AG and add Phonak, LLC and Unitron Hearing, Ltd as defendants for the reasons set forth below. Clean and redlined versions of the proposed Second Amended Complaint are attached hereto as Exhibits A and B, respectively.

1. ETG's original and first amended complaint alleged infringement of two of ETG's patents by the following entities in the Phonak family of companies: Phonak Holding AG, Phonak, Inc. and Unitron Hearing, Inc. Counsel for Phonak Holding AG has represented that it is merely a holding company that engages in no activity that may be considered to be an infringement. ETG now understands that design, research and development of the accused hearing aid products is undertaken by Phonak AG, one of the subsidiaries of Phonak Holding AG. Thus, ETG desires to replace Phonak Holding AG with Phonak AG based on Phonak AG's

importation and other acts of infringement related to the accused hearing aid products in the United States, including Delaware.

2.    In addition, Phonak counsel represented that Phonak Inc. no longer exists and that the U.S. subsidiary of Phonak Holding AG that sells the accused hearing aids in the United States is Phonak, LLC. Based on research into Phonak Inc.'s corporate history, it was merged out of existence in 2003. Nevertheless, because the acts of infringement that are covered by the Second Amended Complaint include those acts that occurred within the six years preceding the filing of the original complaint, ETG has a cause of action for infringement against both Phonak, Inc. and the current entity, Phonak, LLC. Accordingly, the Second Amended Complaint adds Phonak, LLC for its acts of infringement in the United States, including Delaware.

3.    Phonak Holding AG also owns Unitron Hearing, Inc., which is the U.S. sales branch for another Phonak Holding AG subsidiary, Unitron Hearing Ltd of Canada. Because ETG is dropping the ultimate parent company, Phonak Holding AG, from this suit, it seeks to add Unitron Hearing Ltd for its acts of importing and other acts of infringement in the United States, including Delaware.

4.    Because all of the added parties are subsidiaries of Phonak Holding AG, which is being dropped from the suit, Phonak and its counsel are not prejudiced by this amendment. The same counsel are intending to represent all of the Phonak defendants in this matter. Phonak Holding AG and its counsel are aware of the allegations in the complaint. In addition, none of the new allegations in this complaint relate specifically to any of the other defendants. Moreover, this amendment is being made before any of the Phonak defendants have filed a responsive pleading.

5.    Pursuant to Local Rule 7.1.1, counsel for ETG and the Phonak parties have

consulted and have been unable to reach agreement on this motion.  While counsel for Phonak

Holding AG consents to its dismissal from the case, they reserve their right to oppose adding

these new parties and the right to challenge service, jurisdiction and venue over the newly added

defendants.

THE BAYARD FIRM

Edmond D. Johnson (No. 2257)
Thomas H. Kovach (No. 3964)
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
tkovach@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Dated:  September 1, 2005

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) | |
| | ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SONIC INNOVATIONS, INC, | ) | JURY TRIAL DEMANDED |
| PHONAK AG, | ) | |
| PHONAK, INC., | ) | |
| PHONAK, LLC., | ) | |
| UNITRON HEARING, INC., | ) | |
| WILLIAM DEMANT HOLDING A/S, | ) | |
| OTICON A/S, | ) | |
| OTICON INC., | ) | |
| WIDEX A/S, | ) | |
| WIDEX HEARING AID CO. INC, | ) | |
| GN RESOUND A/S, | ) | |
| GN RESOUND CORPORATION, | ) | |
| STARKEY LABORATORIES, INC., | ) | |
| GENNUM CORPORATION, | ) | |
| RESISTANCE TECHNOLOGY INC., | ) | |
| BERNAFON AG, | ) | |
| WDH, INC., and | ) | |
| BERNAFON, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

1.    Plaintiff ENERGY TRANSPORTATION GROUP, INC. ("ETG" or "Plaintiff"),

by and through its attorneys, hereby demands a jury trial and complains of Defendant PHONAK

AG, ("Phonak AG"), PHONAK, INC., ("Phonak"), PHONAK, LLC ("Phonak LLC"),

UNITRON HEARING, INC. ("Unitron"), UNITRON HEARING LTD., ("Unitron Hearing

Ltd"), WILLIAM DEMANT HOLDING A/S, ("Demant"), OTICON A/S, ("Oticon A/S"),

OTICON INC., ("Oticon"), WIDEX A/S ("Widex A/S"), WIDEX HEARING AID CO. INC,

("Widex"), GN RESOUND A/S, ("Resound A/S"), GN RESOUND CORPORATION,
("Resound"), SONIC INNOVATIONS, INC, ("Sonic"), STARKEY LABORATORIES, INC.,
("Starkey"), GENNUM CORPORATION, ("Gennum"), RESISTANCE TECHNOLOGY INC.,
("RTI"), BERNAFON AG ("Bernafon AG"), WDH, INC. ("WDH"), AND BERNAFON, LLC
("Bernafon, LLC") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

2.      This is an action for patent infringement arising under the patent laws of the United
States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants'
unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for
subsequent use or sale of products, methods, processes, services and/or systems that infringe one
or more claims of United States Patent No. 4,731,850 (the "'850 Patent") entitled "Programmable
Digital Hearing Aid System" and one or more claims of United States Patent No. 4,879,749 (the
"'749 Patent") entitled "Host Controller for Programmable Digital Hearing Aid System." A copy
of the '850 Patent is attached as Exhibit A and a copy of the '749 Patent is attached as Exhibit B.
Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's '850
Patent and the '749 Patent. In addition, Plaintiff seeks a recovery of monetary damages resulting
from Defendants' past infringement of the '850 Patent and the '749 Patent.

3.      This action for patent infringement involves Defendants' manufacture, use, sale,
offer for sale, and/or importation into the United States of infringing products, methods,
processes, services and systems that are primarily used or primarily adapted for use of or in a
programmable digital hearing aid device.

4.      Plaintiff has been irreparably harmed by Defendants' infringement of its valuable
patent rights. Moreover, Defendants' unauthorized, infringing use of Plaintiff's patented systems

and methods has threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

5.    Defendants' disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with potential licensees of this intellectual property.    Defendants will derive a competitive advantage over any of Plaintiff's future licensees from using Plaintiff's patented technology without paying compensation for such use.    Accordingly, unless and until Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## THE PARTIES

6.    Plaintiff ETG is a Delaware corporation organized and existing under the laws of Delaware and having its principal place of business at 654 Madison Avenue, Suite 1705, New York, NY 10021.

7.    Plaintiff ETG is the lawful assignee of all right, title and interest in and to the '850 Patent and the '749 Patent.    The '850 Patent was lawfully issued on March 15, 1988 in the name of Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kopper, as the named inventors. The '749 Patent was lawfully issued on November 7, 1989 in the name of Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kopper as the named inventors.    Plaintiff ETG's predecessors, Audimax Corporation and Audimax, Inc., were involved in developing innovation for use in the hearing instrument industry.

8.    Sonic is a corporation organized and existing under the laws of Delaware, and maintains a place of business at 2795 E. Cottonwood Pkwy Ste 660, Salt Lake City, UT 84121.

9.    Phonak AG is a corporation organized and existing under the laws of Switzerland, and maintains a place of business at Laubistrutistrasse 28, CH 8712 Stafa, Switzerland.

10.    Phonak is a corporation that was formerly organized and existed under the laws of the State of Illinois, and maintains a place of business at 4520 Weaver Pkwy, Warrenville, IL 60555-3927.

11.    Phonak LLC is a corporation that on information and belief is organized and existing under the laws of the State of Illinois, and maintains a place of business at 4520 Weaver Pkwy, Warrenville, IL  60555-3927.

12.    Unitron is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 2300 Berkshire Lane North, Plymouth, MN 55441.

13.    Unitron Hearing Ltd is a corporation organized and existing under the laws of Canada, and maintains a place of business at 20 Beasley Drive, Kitchener, Ontario, Canada N2G 4X1.

14.    Demant is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Strandvejen 58, 2900 Hellerup, Denmark.

15.    Oticon A/S is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Strandvejen 58, 2900 Hellerup, Denmark.

16.    Oticon is a corporation organized and existing under the laws of Denmark, and maintains a place of business at 29 Schoolhouse Road, P.O. Box 6724, Somerset, New Jersey.

17.    Widex A/S is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Ny Vestergaardsvej 25, 3500 Vaerloese, Denmark.

18.    Widex is a corporation organized and existing under the laws of New York, and maintains a place of business at 3553 24th St., Long Island City, NY 11106.

600039v1

19.    Resound A/S is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Markaevej 2A, P.O. Box 224, DK 2630 Tastrup, Denmark.

20.    Resound is a corporation organized and existing under the laws of Denmark, and maintains a place of business at 8001 Bloomington Freeway, Bloomington, MN 55420.

21.    Starkey is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 6700 Washington Ave. S., Eden Prairie, MN 55344.

22.    Gennum is a corporation organized and existing under the laws of Ontario, and maintains a place of business at 970 Frasier Dr., Burlington, ON, L7L 5P5, Canada.

23.    RTI is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 1260 Red Fox Rd., Arden Hills, MN 55112-6944.

24.    Bernafon AG is a corporation organized under the laws of Switzerland, and maintains a place of business at Morgenstrasse 131, 3018 Berne, Switzerland.

25.    WDH is a corporation organized under the laws of Minnesota, and maintains a current place of business at 200 Cottontail Lane, Bldg. B, Somerset, NJ 08873. WDH was formerly known as Bernafon Inc. and Bernafon-Maico Inc. (collectively "WDH"). WDH had maintained a place of business at 9675 West 76th Street, Eden Prairie, MN 55344.

26.    Bernafon, LLC is a limited liability corporation organized under the laws of New Jersey, and maintains a place of business at 200 Cottontail Lane, Bldg. B, Somerset, NJ 08873.

## JURISDICTION AND VENUE

27.    This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has personal jurisdiction over the Defendants in that each has committed acts within Delaware and this judicial district giving rise to this action and each of the Defendants has established minimum contacts with the forum such that

the exercise of jurisdiction over each of the Defendants would not offend traditional notions of fair play and substantial justice.

28.     ETG is a Delaware corporation.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) for at least the reasons that the Defendants each have committed acts within this judicial district giving rise to this action and does business in this district, including sales, and providing service and/or support to their respective customers in this district.

## **COUNT I**

### **(Patent Infringement of United States Patent No. 4,731,850)**

29.     Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe directly and/or indirectly, which employ systems, components and/or steps that make use of other systems or processes that infringe directly and/or indirectly or which are made according to a patented process, one or more of the claims of the '850 Patent.

31.     Defendants have been and continue infringing one or more of the claims of the '850 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

32.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### (Willful Patent Infringement of United States Patent No. 4,731,850)

33.    Paragraphs 1 through 32 are incorporated by reference as if fully restated herein.

34.    Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '850 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, Plaintiff is without adequate remedy at law.  ETG is entitled to recover damages adequate to compensate for the infringement of the '850 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### (Patent Infringement of United States Patent No. 4,879,749)

35.    Paragraphs 1 through 34  are incorporated by reference as if fully restated herein.

36.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe directly and/or indirectly, which employ systems, components and/or steps that make use of other systems or processes that infringe directly and/or indirectly or which are made according to a patented process, one or more of the claims of the '749 Patent.

37.    Defendants have been and continue infringing one or more of the claims of the '749 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the

loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

38.    Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV

### (Willful Patent Infringement of United States Patent No. 4,879,749)

39.    Paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

40.    Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '749 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. ETG is entitled to recover damages adequate to compensate for the infringement of the '749 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, granting Plaintiff the following relief:

A.    That this Court adjudge and decree that the '850 Patent is valid and enforceable against Defendants;

B.    That this Court adjudge and decree that the '749 Patent is valid and enforceable against Defendants;

C.    That this Court adjudge and decree that Defendants have infringed and continue to infringe the '850 Patent;

D.      That this Court adjudge and decree that Defendants have infringed and continue to infringe the '749 Patent;

E.      That this Court order an accounting of all damages sustained by ETG as the result of the acts of infringement by each Defendant;

F.      That this Court grant injunctions enjoining the aforesaid acts of infringement by each Defendant, their officers, agents, servants, employees, subsidiaries and attorneys, and those acting in concert with them, including related individuals and entities, customers, representatives, OEMS, dealers, and distributors;

G.      That this Court enter an award to Plaintiff of such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with prejudgment interest and costs;

H.      That this Court order an award to ETG of up to three times the amount of compensatory damages because of Defendants' willful infringement, and any enhanced damages provided by 35 U.S.C. § 284;

I.      That this Court render a finding that this case is "exceptional" and award to ETG its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

J.      Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

THE BAYARD FIRM

Edmond D. Johnson (No. 2257)
Thomas H. Kovach (No. 3964)
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
tkovach@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.


OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Dated:  September 1, 2005

# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | |
| | ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | |
| SONIC INNOVATIONS, INC, | ) | JURY TRIAL DEMANDED |
| PHONAK ~~HOLDING~~ AG, | ) | |
| PHONAK, INC., | ) | |
| <u>PHONAK, LLC.,</u> | ) | |
| UNITRON HEARING, INC., | ) | |
| WILLIAM DEMANT HOLDING A/S, | ) | |
| OTICON A/S, | ) | |
| OTICON INC., | ) | |
| WIDEX A/S, | ) | |
| WIDEX HEARING AID CO. INC, | ) | |
| GN RESOUND A/S, | ) | |
| GN RESOUND CORPORATION, | ) | |
| STARKEY LABORATORIES, INC., | ) | |
| GENNUM CORPORATION, | ) | |
| RESISTANCE TECHNOLOGY INC., | ) | |
| BERNAFON AG, | ) | |
| WDH, INC., and | ) | |
| BERNAFON, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### ~~FIRST~~<u>SECOND</u> AMENDED COMPLAINT AND JURY DEMAND

1.    Plaintiff ENERGY TRANSPORTATION GROUP, INC. ("ETG" or "Plaintiff"),

by and through its attorneys, hereby demands a jury trial and complains of Defendant PHONAK

~~HOLDING~~ AG, ("Phonak AG"), PHONAK, INC., ("Phonak"), <u>PHONAK, LLC ("Phonak</u>

<u>LLC"),</u> UNITRON HEARING, INC. ("Unitron"), <u>UNITRON HEARING LTD., ("Unitron</u>

<u>Hearing Ltd"),</u> WILLIAM DEMANT HOLDING A/S, ("Demant"), OTICON A/S, ("Oticon

A/S"), OTICON INC., ("Oticon"), WIDEX A/S ("Widex A/S"), WIDEX HEARING AID CO.

INC, ("Widex"), GN RESOUND A/S, ("Resound A/S"), GN RESOUND CORPORATION, ("Resound"), SONIC INNOVATIONS, INC, ("Sonic"), STARKEY LABORATORIES, INC., ("Starkey"), GENNUM CORPORATION, ("Gennum"), RESISTANCE TECHNOLOGY INC., ("RTI"), BERNAFON AG ("Bernafon AG"), WDH, INC. ("WDH"), AND BERNAFON, LLC ("Bernafon, LLC") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

2.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 4,731,850 (the "'850 Patent") entitled "Programmable Digital Hearing Aid System" and one or more claims of United States Patent No. 4,879,749 (the "'749 Patent") entitled "Host Controller for Programmable Digital Hearing Aid System." A copy of the '850 Patent is attached as Exhibit A and a copy of the '749 Patent is attached as Exhibit B. Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's '850 Patent and the '749 Patent. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendants' past infringement of the '850 Patent and the '749 Patent.

3.     This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use of or in a programmable digital hearing aid device.

4.     Plaintiff has been irreparably harmed by Defendants' infringement of its valuable patent rights. Moreover, Defendants' unauthorized, infringing use of Plaintiff's patented systems

and methods has threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

5.    Defendants' disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with potential licensees of this intellectual property.    Defendants will derive a competitive advantage over any of Plaintiff's future licensees from using Plaintiff's patented technology without paying compensation for such use.    Accordingly, unless and until Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

### THE PARTIES

6.    Plaintiff ETG is a Delaware corporation organized and existing under the laws of Delaware and having its principal place of business at 654 Madison Avenue, Suite 1705, New York, NY 10021.

7.    Plaintiff ETG is the lawful assignee of all right, title and interest in and to the '850 Patent and the '749 Patent. The '850 Patent was lawfully issued on March 15, 1988 in the name of Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kopper, as the named inventors. The '749 Patent was lawfully issued on November 7, 1989 in the name of Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kopper as the named inventors. Plaintiff ETG's predecessors, Audimax Corporation and Audimax, Inc., were involved in developing innovation for use in the hearing instrument industry.

8.    Sonic is a corporation organized and existing under the laws of Delaware, and maintains a place of business at 2795 E. Cottonwood Pkwy Ste 660, Salt Lake City, UT 84121.

9.    Phonak AG is a corporation organized and existing under the laws of Switzerland, and maintains a place of business at Laubistrutistrasse 28, CH 8712 Stafa, Switzerland.

10.    Phonak is a corporation that was formerly organized and existed under the laws of the State of Illinois, and maintains a place of business at 4520 Weaver Pkwy, Warrenville, IL 60555-3927.

10.11. Phonak LLC is a corporation that on information and belief is organized and existing under the laws of the State of Illinois, and maintains a place of business at 4520 Weaver Pkwy, Warrenville, IL  60555-3927.

11.12. Unitron is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 2300 Berkshire Lane North, Plymouth, MN 55441.

13.    Unitron Hearing Ltd is a corporation organized and existing under the laws of Canada, and maintains a place of business at 20 Beasley Drive, Kitchener, Ontario, Canada N2G 4X1.

12.14. Demant is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Strandvejen 58, 2900 Hellerup, Denmark.

13.15. Oticon A/S is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Strandvejen 58, 2900 Hellerup, Denmark.

14.16. Oticon is a corporation organized and existing under the laws of Denmark, and maintains a place of business at 29 Schoolhouse Road, P.O. Box 6724, Somerset, New Jersey.

15.17. Widex A/S is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Ny Vestergaardsvej 25, 3500 Vaerloese, Denmark.

16.18. Widex is a corporation organized and existing under the laws of New York, and maintains a place of business at 3553 24th St., Long Island City, NY 11106.

17.19.  Resound A/S is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Markaevej 2A, P.O. Box 224, DK 2630 Tastrup, Denmark.

18.20.  Resound is a corporation organized and existing under the laws of Denmark, and maintains a place of business at 8001 Bloomington Freeway, Bloomington, MN 55420.

19.21.  Starkey is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 6700 Washington Ave. S., Eden Prairie, MN 55344.

20.22.  Gennum is a corporation organized and existing under the laws of Ontario, and maintains a place of business at 970 Frasier Dr., Burlington, ON, L7L 5P5, Canada.

21.23.  RTI is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 1260 Red Fox Rd., Arden Hills, MN 55112-6944.

22.24.  Bernafon AG is a corporation organized under the laws of Switzerland, and maintains a place of business at Morgenstrasse 131, 3018 Berne, Switzerland.

23.25.  WDH is a corporation organized under the laws of Minnesota, and maintains a current place of business at 200 Cottontail Lane, Bldg. B, Somerset, NJ 08873.  WDH was formerly known as Bernafon Inc. and Bernafon-Maico Inc. (collectively "WDH").  WDH had maintained a place of business at 9675 West 76th Street, Eden Prairie, MN 55344.

24.26.  Bernafon, LLC is a limited liability corporation organized under the laws of New Jersey, and maintains a place of business at 200 Cottontail Lane, Bldg. B, Somerset, NJ 08873.

## JURISDICTION AND VENUE

25.27.  This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Court has personal jurisdiction over the Defendants in that each has committed acts within Delaware and this judicial district giving rise to this action and each of the Defendants has established minimum contacts with the forum such that

596682v1
600039v1

-5-

the exercise of jurisdiction over each of the Defendants would not offend traditional notions of fair play and substantial justice.

26.28. ETG is a Delaware corporation. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) for at least the reasons that the Defendants each have committed acts within this judicial district giving rise to this action and does business in this district, including sales, and providing service and/or support to their respective customers in this district.

## COUNT I

### (Patent Infringement of United States Patent No. 4,731,850)

27.29. Paragraphs 1 through 2628 are incorporated by reference as if fully restated herein.

28.30. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe directly and/or indirectly, which employ systems, components and/or steps that make use of other systems or processes that infringe directly and/or indirectly or which are made according to a patented process, one or more of the claims of the '850 Patent.

29.31. Defendants have been and continue infringing one or more of the claims of the '850 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

30.32. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### (Willful Patent Infringement of United States Patent No. 4,731,850)

31.33.  Paragraphs 1 through 3032 are incorporated by reference as if fully restated herein.

32.34.  Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '850 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, Plaintiff is without adequate remedy at law.  ETG is entitled to recover damages adequate to compensate for the infringement of the '850 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### (Patent Infringement of United States Patent No. 4,879,749)

33.35.  Paragraphs 1 through 3234  are incorporated by reference as if fully restated herein.

34.36.  Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe directly and/or indirectly, which employ systems, components and/or steps that make use of other systems or processes that infringe directly and/or indirectly or which are made according to a patented process, one or more of the claims of the '749 Patent.

35.37.  Defendants have been and continue infringing one or more of the claims of the '749 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the

loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

~~36.~~38.  Plaintiff is entitled to recover damages adequate to compensate for the infringement.

### COUNT IV

### (Willful Patent Infringement of United States Patent No. 4,879,749)

~~37.~~39.  Paragraphs 1 through ~~36~~38 are incorporated by reference as if fully restated herein.

~~38.~~40.  Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '749 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, Plaintiff is without adequate remedy at law.  ETG is entitled to recover damages adequate to compensate for the infringement of the '749 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, granting Plaintiff the following relief:

A.    That this Court adjudge and decree that the '850 Patent is valid and enforceable against Defendants;

B.    That this Court adjudge and decree that the '749 Patent is valid and enforceable against Defendants;

C.    That this Court adjudge and decree that Defendants have infringed and continue to infringe the '850 Patent;

D.      That this Court adjudge and decree that Defendants have infringed and continue to infringe the '749 Patent;

E.      That this Court order an accounting of all damages sustained by ETG as the result of the acts of infringement by each Defendant;

F.      That this Court grant injunctions enjoining the aforesaid acts of infringement by each Defendant, their officers, agents, servants, employees, subsidiaries and attorneys, and those acting in concert with them, including related individuals and entities, customers, representatives, OEMS, dealers, and distributors;

G.      That this Court enter an award to Plaintiff of such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with prejudgment interest and costs;

H.      That this Court order an award to ETG of up to three times the amount of compensatory damages because of Defendants' willful infringement, and any enhanced damages provided by 35 U.S.C. § 284;

I.      That this Court render a finding that this case is "exceptional" and award to ETG its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

J.      Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

596682v1
600039v1

THE BAYARD FIRM

~~Dated:  August 4, 2005~~

_____
Edmond D. Johnson (No. 2257)
Thomas H. Kovach (No. 3964)
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
tkovach@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Dated:  September 1, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | |
| Plaintiff, | ) ) | C.A. NO. 05-422 (GMS) |
| v. | ) ) | |
| SONIC INNOVATIONS, INC, ET AL. | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**ORDER**

The Court, having considered Plaintiff Energy Transportation Group, Inc.'s Motion for Leave for Entry of Second Amended Complaint, and having found good cause therefor,

IT IS HEREBY ORDERED this _____ day of _____, 2005, that the Motion is GRANTED and the Second Amended Complaint shall be deemed filed as of this date.

_____
United States District Judge

600060v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on September 1, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard W. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

N. Richard Powers, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Steet
P.O. Box 2207
Wilmington, DE 19899

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Barry M. Klayman, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801

Mary B. Graham, Esquire
Maryellen Noereika, Esquire
Donald E. Reid, Esquire
Thomas C. Grimm
Leslie A. Polizoti
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

/s/ Thomas H. Kovach (tk3964)