## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SONIC INNOVATIONS, INC, | ) | JURY TRIAL DEMANDED |
| PHONAK HOLDING AG, | ) | |
| PHONAK INC., | ) | |
| UNITRON HEARING, INC., | ) | |
| WILLIAM DEMANT HOLDING A/S, | ) | |
| OTICON A/S, | ) | |
| OTICON INC., | ) | |
| WIDEX A/S, | ) | |
| WIDEX HEARING AID CO. INC, | ) | |
| GN RESOUND A/S, | ) | |
| GN RESOUND CORPORATION, | ) | |
| STARKEY LABORATORIES, INC., | ) | |
| GENNUM CORPORATION, | ) | |
| RESISTANCE TECHNOLOGY INC., | ) | |
| BERNAFON AG, | ) | |
| WDH, INC., and | ) | |
| BERNAFON, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO RESISTANCE TECHNOLOGY, INC.'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

THE BAYARD FIRM
Edmond D. Johnson (No. 2257)
Thomas H. Kovach (No. 3964)
222 Delaware Ave.; Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
tkovach@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group,
Inc.

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING .................................1

SUMMARY OF ARGUMENT ..........................................................................................1

STATEMENT OF FACTS ................................................................................................2

ARGUMENT ...................................................................................................................4

A.    Plaintiff's Allegations Shift the Burden to RTI to Prove Lack of
       Personal Jurisdiction ...........................................................................................4

B.    RTI's Actions Meet the Delaware Long Arm Statute and the Constitutional ...................6

       1.    RTI's Actions Satisfy Constitutional Standards as
             Set Forth by the Federal Circuit For Patent Cases .......................................6

       2.    RTI's Actions Satisfy Constitutional Standards as
             Set Forth by the Federal Circuit For Patent Cases .......................................8

CONCLUSION...............................................................................................................10

## TABLE OF AUTHORITIES

### CASES

*Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458 (D. Del. 1991).........................4, 5

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558 (Fed. Cir. 1994) ...........................7

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315 (Fed. Cir. 2005) ........................................................................................................................8, 9

*E.I. duPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.*, 197 F.R.D. 112 (D. Del. 2000), *aff'd on other grounds*, 269 F.3d 187 (3d Cir. 2001) .................................4, 5

*Hansen v. Neumueller GmbH*, 163 F.R.D. 471 (D. Del. 1995) .....................................................10

*In re Elonex Phase II Power Management Litigation*, 2003 WL 21026758 (D. Del. 2003)..........9

*Joint Stock Soc'y v. Heublein, Inc.,* 936 F. Supp. 177 (D. Del. 1996) ........................................4, 5

*Motorola, Inc. v. PC-Tel, Inc.,* 58 F. Supp.2d 349 (D. Del. 1999) .................................................9

*Philips Electronics North America Corp. v. Contec Corp.*, 2004 WL 503602 (D. Del. 2004) .........................................................................................................................4, 5, 9

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement case. Plaintiff Energy Transportation Group ("ETG") has asserted claims against the defendants, including Defendant Resistance Technology, Inc. ("RTI"), for infringement or inducement of infringement of two patents pertaining to the field of programmable hearing aids. RTI manufactures digital signal processing chips that are sold to hearing aid manufacturers. RTI's chips are incorporated into the accused programmable hearing aids. RTI has moved for dismissal of the claims against RTI, on the asserted basis that this court lacks personal jurisdiction over RTI. ETG has previously filed a request for an extension of time to respond to RTI's motion to dismiss, which motion was denied.

## SUMMARY OF ARGUMENT

Contrary to RTI's attempt to imply that it is a Minnesota corporation simply doing business in Minnesota, RTI is the world's largest manufacturer in its industry and its products are delivered worldwide, including in Delaware. While RTI may not sell directly to customers in Delaware, it makes an intermediate product that is incorporated by its customers into products sold in Delaware. As a result, RTI purposefully avails itself of a stream of a commerce that delivers its products into Delaware. As such, the exercise of personal jurisdiction over RTI is proper.

600979v1

1

## STATEMENT OF FACTS

RTI is a subsidiary of Intricon.[1]  Intricon's 2004 annual report, filed with the U.S. Securities and Exchange Commission in May of 2005, states that in 2003 its customer Sonic Innovations, Inc. ("Sonic Innovations"), a Delaware corporation and co-defendant in this action, accounted for 12.4% of its net sales.[2]  Sonic Innovations sells hearing aid devices[3] and RTI produces digital signal processing chips that are used in hearing aid devices.[4]   Sonic Innovations's website directs persons to specific health care professionals in Delaware who offer Sonic hearing aid products.[5]  Sonic Innovations states in its SEC filings that it has only one source for its digital signal processing chips, the exact kind of chips that RTI sells to Sonic Innovations and that accounted for 12.4% of RTI's business in 2003.[6]  Sonic Innovations has agreed pursuant to stipulation not to challenge jurisdiction in this case.[7]

RTI has also maintained a long-term "strategic relationship" with Starkey

---

[1] See Declaration of Brian M. Buroker ("Buroker Decl.") (attached to Plaintiff's Motion for Expedited Jurisdictional Discovery and Extension of Time to Respond to Resistance Technology, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction as Exhibit A), paragraph 3 and A1 (enclosing Intricon's 2004 Annual Report filed with the SEC); which are incorporated herein by reference.  See Amended Exhibits to Buroker Affidavit, D.I. No. 72.

[2] See Buroker Decl. Exh. A1 at p. 29 (which is part of exhibit 13 of Intricon's 2004 Annual Report).

[3] See Buroker Decl. Exh. A3, at p. 2 (Sonic Innovations 2004 Annual Report).

[4] See Buroker Decl. Exh. A4 (printout from RTI's website at http://www.rti-corp.com/index.htm).

[5] See Buroker Decl. Exh. A5 (printout from Sonic Innovation's website at http://www.sonicinnovations.com/locatepro/locateusa.php).

[6] See Buroker Decl. Exh. A3 at p. 14 (Sonic Innovation's 2004 Annual Report).

[7] See Buroker Decl. Exh. A5 (Sonic Innovations Stipulation).

Laboratories, Inc. ("Starkey") another co-defendant and manufacturer of hearing aids.[8] Starkey sells hearing aids throughout the United States, including Delaware. Like Sonic Innovations, Starkey's website directs persons to locations in Delaware and very near surrounding areas where its hearing aids may be obtained.[9] Starkey has only nine US facilities, one of which is located a mere 45 minutes from this Courthouse in Mount Laurel, NJ.[10] The Mount Laurel facility (called "Starkey East" on Starkey's website) is represented to be responsible for sales in the eastern United States, including Delaware.

Although RTI asserts in its moving papers that it is simply a Minnesota company doing business in Minnesota, RTI's website states that it is "the world[']s largest manufacturer" in its industry,[11]  that RTI is a "world producer,"[12] and that RTI has "worldwide customers."[13]  These statements effectively constitute representations that RTI conducts business in Delaware -- which is not surprising for "the world[']s largest manufacturer" of hearing aid chips.

---

[8] See Buroker Decl. Exh. A6 (News article proclaiming strategic relationship).

[9] See Buroker Decl. Exh. A7 (Starkey website search for locations near Wilmington, DE from http://www.starkey.com/pages/nextsteps/dealer_list.jsp?ZIP=19810).

[10] See Buroker Decl. at A8 (listing Starkey East in Mount Laurel, NJ).

[11] See Buroker Decl. at A9 (printout from RTI website at http://www.rti-corp.com/Hearing/RTIComp.html).

[12] See Buroker Decl. at A10 (printout from RTI website at http://www.rti-corp.com/Corporate/RTIcorp_info.html).

[13] Id.

## ARGUMENT

**A.    Plaintiff's Allegations Shift the Burden to RTI to Prove Lack of Personal Jurisdiction**

"When personal jurisdiction is contested and no evidentiary hearing is held, the plaintiff need only establish a prima facie case with the record viewed in the light most favorable to the plaintiff." *Applied Biosystems, Inc. v. Cruachem, Ltd.,* 772 F. Supp. 1458, 1462 , 21 U.S.P.Q.2d 1721 (D. Del. 1991); *see also Philips Electronics North America Corp. v. Contec Corp.,* Civ. Act. 02-123-KAJ, 2004 WL 503602 at * 3 (D. Del. March 11, 2004) (Attached hereto as Exhibit A); *E.I. duPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates, S.A.S.,* 197 F.R.D. 112, 119-120 (D. Del. 2000), *aff'd on other grounds,* 269 F.3d 187 (3d Cir. 2001); *Joint Stock Soc'y v. Heublein, Inc.,* 936 F. Supp. 177, 192  (D. Del. 1996).

"Prior to the beginning of discovery, the nonmoving party may rely on the good faith factual allegations of its complaint, cross claims, or counterclaims if such allegations establish sufficient contacts between the moving party and Delaware." *Id.*

In the present case, Plaintiff has alleged throughout its First Amended Complaint and Jury Demand that the Defendants have each infringed upon Plaintiff's patents. Additionally, Plaintiff has alleged that each Defendant has "committed acts within this judicial district giving rise to this action and does business in this district, including sales, and providing service and/or support to their respective customers in this district."[14] These factual allegations are sufficient to establish a prima facie case of personal jurisdiction over RTI.  Unless the factual allegations are directly controverted, they are

---

[14] Plaintiff's First Amended Complaint and Jury Demand, page 5, paragraph 26.

taken as true for purposes of determining jurisdiction. *Philips*, 2004 WL 503602 at *1 (D. Del. 2004). Although Defendant has directly controverted having any sales in Delaware, it has not directly controverted that it committed acts in Delaware giving rise to this action or that it has provided service and/or support to its customers in Delaware.[15]

"Whether the nonmoving party has presented a sufficient *prima facie* [emphasis by the court] case depends primarily on the stage of the litigation." *Joint Stock Soc'y*, 936 F. Supp. at 192. "After discovery has begun, the plaintiff must sustain this burden by 'establishing jurisdictional facts through sworn affidavits or other competent evidence.'" *Philips*, 2004 WL 503602 at *3. "If the nonmoving party succeeds in presenting a *prima facie* [emphasis by the court] case based on its proffered evidence, the court may order an evidentiary hearing or deny the motion to dismiss. [Citations omitted]. Eventually, the nonmoving party must establish by a preponderance of the evidence, either at a pre-trial hearing or at trial, that the exercise of personal jurisdiction over the moving party is proper." *Joint Stock Soc'y*, 936 F. Supp. at 193; *see also E.I. duPont de Nemours & Co.*, 197 F.R.D. at 119-120; *Applied Biosystems, Inc.*, 772 F. Supp. at 1462.

Discovery has not begun in this action and thus Plaintiff need not rely on anything

---

[15] RTI has failed to directly controverts these facts. Mr. Gorder's affidavit seeks to address similar, but not the same facts, in attesting, "*To the best of my knowledge*, RTI has never *contracted* to supply service or things in Delaware[.]" Affidavit of Mark S. Gorder, paragraph 8. The affidavit fails to address service or support to customers in Delaware but rather instead addresses the *contracting* of services. Additionally, the affidavit fails to directly controvert whether it performed any acts in Delaware giving rise to the action. Lastly, the statement is qualified by the phrase "[t]o the best of my knowledge" and thus is not a *direct* controversion of the alleged facts. Rather, Mr. Gorder's qualification renders the statement without basis of personal knowledge, and thus without evidentiary weight. Plaintiff objects to said statement on such bases and objects, on the same bases, to such statements beginning with the phrase "[t]o the best of my knowledge" contained in paragraphs 3, 4, 5, 6, 7, 9,11, 12, 13, 17, and 18 of Mr. Gorder's affidavit.

more than its allegations. Here, however, Plaintiff has not only established a prima facie showing by its factual allegations, but Plaintiff has also offered a declaration and attached exhibits which set forth facts showing a prima facie case of personal jurisdiction over RTI.[16]

**B.    RTI's Actions Meet the Delaware Long Arm Statute and the Constitutional Requirements for Exercising Personal Jurisdiction**

As stated by RTI's counsel, "Delaware courts construe the long-arm statute broadly to confer jurisdiction to the maximum extent possible so as to 'provide residents a means of redress against those not subject to personal service within the state. [Citations omitted]."[17] It is axiomatic that the maximum extent possible is the extent that jurisdiction is permitted under the Due Process Clause of the United States Constitution. Thus, the long-arm statute should be construed consistent with the Due Process Clause. Additionally, as reflected by the evidence cited in the Statement of Facts previously herein, by purposefully availing itself of the stream of commerce (chain of distribution) directed to Delaware, RTI has in effect transacted business in Delaware and caused tortious injury in Delaware while soliciting business in Delaware, engaged in regular conduct in Delaware, and derived substantial revenue from Delaware contacts.

**1.    RTI's Actions Satisfy the Delaware Long-Arm Statute**

RTI caused tortious injury in Delaware by making sales to a Delaware corporation (Sonic Innovations) that infringe a patent owned by a Delaware corporation (ETG). 10

---

[16] See references to Declaration of Brian M. Buroker, and exhibits attached thereto, throughout this brief.

[17] Defendant Resistance Technology, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2), page 4.

Del. C. § 3104(c)(4).  Sonic Innovations states in its SEC filings that it has only one source for its digital signal processing chips, the exact kind of chips that RTI sells to Sonic Innovations and that accounted for 12.4% of its business in 2003.[18]  RTI sells its products to Sonic Innovations, which targets Delaware by directing its customers to specific authorized Sonic Innovations retailers.[19]  In other words, if a Delaware citizen is in need of a hearing aid and visits Sonic Innovations' website for information, provides Wilmington, Delaware as his or her city of residence, Sonic Innovations directs that Delaware citizen to two locations in Delaware and six in the immediate surrounding region.

The results of the sales of Sonic Innovations hearing aids in Delaware that incorporate RTI's chips constitutes a direct infringement of ETG's patents, resulting in a tortious injury to ETG in Delaware.  Since ETG is a Delaware corporation,[20] ETG has suffered a tortious injury in Delaware caused by Sonic's sales.  Since RTI provides a significant component of Sonic's infringing products (i.e., the digital signal processing chip), RTI infringes under contributory and/or induced infringement grounds.  The injury from RTI's indirect infringement also occurs in Delaware.  *See Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1570-1571 (Fed. Cir. 1994).

RTI also causes tortious injury in Delaware by making sales to Starkey Laboratories ("Starkey"), which has an east coast office within forty-five (45) miles of

---

[18] See footnotes 2-4 above.

[19] See Buroker Decl. Exh. A5 (printout from Sonic Innovation's website at http://www.sonicinnovations.com/locatepro/locateusa.php).

[20] First Amended Complaint and Jury Demand, page 3, paragraph 6.

Delaware, from which Starkey direct their goods into Delaware, and which directs its customers to locations in Delaware and very near surrounding areas where its hearing aids may be obtained.[21]   A Delaware citizen hoping to purchase a Starkey hearing aid is directed to one of four locations in Delaware and five in the surrounding region.  Again, sales to Delaware citizens result in an injury caused by RTI's indirect infringement against a Delaware corporation.

Based on these facts alone, RTI's actions satisfy the Delaware long arm statute.

2.    **RTI's Actions Satisfy Constitutional Standards as Set Forth by the Federal Circuit For Patent Cases**

Likewise, the exercise of jurisdiction over RTI satisfies due process because RTI has availed itself of the stream of commerce leading to Delaware.  The Federal Circuit's *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.,* 395 F.3d 1315 (Fed. Cir. 2005) case is on all fours here.  In *Commissariat A L'Energie Atomique*, the defendant manufactured electronic products that were sold to companies that incorporated the products into computer monitors, which were sold to national retailers.  *Id.* at 1317. Similarly in the present case, as reflected by the evidence cited herein and the defendants' websites, RTI sells chips that are incorporated into the hearing aid devices of major manufacturers.  In *Commissariat A L'Energie Atomique*, the defendant was the "number one supplier" of its products, *Id.* at 1317, while RTI proclaims that it is the largest manufacturer in its industry.  Moreover, RTI is the sole chip supplier for defendant Sonic Innovations.   While the evidence in *Commissariat A L'Energie Atomique* primarily pertained to North America generally, *Id.* at 1317,  in the present situation the evidence,

---

[21] See Buroker Decl. Exh. A7 (Starkey website search for locations near Wilmington, DE from http://www.starkey.com/pages/nextsteps/dealer_list.jsp?ZIP=19810).

as addressed above, reflects that RTI's chain of distribution is directed to Delaware specifically and directs customers to retail locations in Delaware.

Like the plaintiff in *Commissariat A L'Energie Atomique*, ETG has established an established distribution network directed to Delaware. *Id.* at 1323. RTI sells chips to at least two corporations (including one Delaware corporation) with sophisticated sales channels in the Delaware market. Those manufacturers, Sonic Innovations and Starkey, directly target Delaware customers and potential customers through their websites. Delaware customers are even directed to specific hearing aid specialists where they can be fitted for a Sonic Innovations or Starkey hearing aid that incorporate RTI's products.

Similarly, in each of the following cases the electronic component manufacturer, whose parts were incorporated into products placed into the stream of commerce directed toward Delaware, was found to be within the court's personal jurisdiction and the motion to dismiss was denied: *Philips Electronics*, 2004 WL 503602 at *2-3; *In re Elonex Phase II Power Management Litigation*, Civ. Act. No. 01-082 (GMS), 2003 WL 21026758 at *2-3 (D. Del. 2003) (Attached as Exhibit B); *Motorola, Inc. v. PC-Tel, Inc.*, 58 F. Supp.2d 349 (D. Del. 1999). Like the defendants in each of these cases, RTI sells its chips knowing full well that those chips will be incorporated into hearing aids that will end up in Delaware. Given the extensive nature of RTI's business with Sonic Innovations, a Delaware corporation, it is reasonably foreseeable that RTI would be sued in Delaware. Accordingly, for these reasons, the constitutional requirements for personal jurisdiction over RTI have been satisfied.

At a minimum, ETG has presented a prima facie case of jurisdiction to entitle it to

jurisdictional discovery to determine whether it could satisfy Justice O'Connor's more restrictive version of the stream of commerce theory. *Id.*[22]

## CONCLUSION

Plaintiff has presented a prima facie showing that Defendant RTI, the world's largest manufacturer in its industry, availed itself of a chain of distribution directed toward Delaware, including the directing of Delaware customers to Delaware retailers. The exercise of personal jurisdiction, at this stage, is proper and Defendant's motion should in all things be denied.

Dated:  September 12, 2005
        Wilmington, DE

THE BAYARD FIRM

Edmond D. Johnson (No. 2257)
Thomas H. Kovach (No. 3964)
222 Delaware Ave., Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
tkovach@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

---

[22] *See also Hansen v. Neumueller GmbH*, 163 F.R.D. 471 (D. Del. 1995), discussing in detail the procedure for assessment of personal jurisdiction and the right to discovery upon that issue.

600979v1