# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 503602 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Not Reported in F.Supp.2d, 2004 WL 503602 (D.Del.)

Briefs and Other Related Documents

Only the Westlaw citation is currently available.

United States District Court,D. Delaware.

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION and U.S. Philips Corporation, Plaintiffs,

v.

CONTEC CORPORATION, Compo Micro Tech, Inc., Seoby Electronics Co., Ltd., Remote Solution Co., Ltd., F/K/A Hango Electronics Co., Ltd., Hango Remote Solution, Inc., Defendants.

No. Civ.A. 02-123-KAJ.

March 11, 2004.

Richard L. Horwitz , Potter Anderson & Corroon, LLP, Wilmington, DE, for Plaintiffs.
Patricia Smink Rogowski , Connolly, Bove, Lodge & Hutz , Jack B. Blumenfeld , Morris, Nichols, Arsht & Tunnell , Kathleen Jennings-Hostetter , Oberly & Jennings , Andre G. Bouchard , Bouchard, Margules & Friedlander , David L. Finger , David L. Finger, Esq., Wilmington, DE, for Defendants.

*MEMORANDUM ORDER*

JORDAN, J.

## I. INTRODUCTION

*1 This is a patent infringement case. Jurisdiction is proper under 28 U.S.C. § 1338. Presently before me is a Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion") filed by defendant Remote Solution Co., Ltd. ("Remote Solution") pursuant to Federal Rule of Civil Procedure 12(b)(2). (Docket Item ["D.I."] 105.) For the following reasons, Remote Solution's Motion will be denied.

## II. BACKGROUND

Plaintiffs Philips Electronics North America Corporation and U.S. Philips Corporation (collectively, "Philips"), both Delaware corporations, filed an action on February 12, 2002, alleging that Contec Corporation ("Contec"), also a Delaware

corporation, was infringing U.S. Patent Nos. 4,703,359 FN1 (the " '359 patent") and 5,872,562 FN2 (the " '562 patent"), both owned by Philips. FN3 The technology disclosed in the '359 and '562 patents is directed to remote control units ("RCUs") for controlling home appliances from different manufacturers and categories. *See* '359 patent , col 1, lns. 15-17; '562 patent, col 1, lns. 13-16 (attached to D.I. 1 as Exs. A and B). On September 17, 2002, Philips filed an amended complaint joining Remote Solution and others as additional defendants in this action. (D.I.41, 42.) Remote Solution is a Korean corporation with its principal place of business in Kimcheon City, Kyongbuk, Korea. (D.I. 41, Ex. A at ¶ 6.) Philips alleges that Remote Solution "manufactures and designs RCUs that infringe the patents in suit under a manufacturing and purchase agreement with Contec, and is subject to personal jurisdiction in [the District of Delaware]." (*Id.* at ¶ 12.) One of the types of RCUs accused of infringement in this case is Remote Solution's model RT U49C. (*Id.*)

> FN1. The '359 patent, entitled "Universal Remote Control Unit With Model Identification Capability," names as inventors Robin B. Rumbolt, William R. Mclntyre, and Larry E. Goodson. The '359 patent issued on October 27, 1987 and was assigned to Philips on May 25, 1993. (D.I. 42, Ex. A at ¶ 16.)

> FN2. The '562 patent, entitled "Universal Remote Control Transmitter With Simplified Device Identification," names as inventors Donald P. McConnell and William R. Mclntyre. The '562 patent issued on February 16, 1999 and was assigned to Philips on the same day. (D.I. 42, Ex. A at ¶ 17.)

> FN3. Defendants Contec Corporation and Seoby Electronics Co. are no longer involved in this case, having submitted to a Consent Judgment on August 28, 2003. (D.I.258.)

Remote Solution filed its Motion on January 24, 2003, arguing that this court cannot properly exercise personal jurisdiction over it under Delaware's long-

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 503602 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

arm statute, 10 Del. C. § 3104, or consistent with the requirements of the Due Process Clause. (D.I. 106 at 4, 9.) In support of its Motion, Remote Solution submitted the Declaration of its Director, Suk-Kyu Park. (*Id.,* Ex. A.) In his declaration, Mr. Park stated that Remote Solution does not have any offices, facilities, subsidiaries or employees in Delaware; is not registered to do business in Delaware; has not contracted to supply services or things in Delaware; has no sales force in Delaware; has derived no revenues from sales in Delaware; does not own any property, assets or bank accounts in Delaware or maintain any offices in Delaware. (*Id.* ¶ 4, 7-10.) According to Mr. Park, Contec is Remote Solution's only customer for the accused RT U49C RCU. (*Id.* ¶ 5.) Mr. Park further stated that Remote Solution maintains a website to provide information about its products, but Remote Solution does not accept orders through its website. (*Id.* ¶ 12.)

After Remote Solution filed its Motion, the parties conducted jurisdictional and substantive discovery until September 15, 2003. (D.I. 286 at 2.) The following facts are taken from Philips' opposition to Remote Solution's Motion. (D.I.286.) Since Philips' factual allegations are not directly controverted, they are taken as true for purposes of determining jurisdiction in this court. *See Beverly Hills Fan Co. V. Royal Sovereign Corp., 21 F.3d 1558, 1563 (Fed.Cir.1994).*

**\*2** In 1997, Remote Solution decided to expand its RCU sales by entering the United States consumer market. (*Id.* at 5 (citing deposition testimony of Suk-Kyu Park at D.I. 287, Ex. 14).) To that end, Remote Solution hired David Ahn, a native Korean living in California, as its exclusive sales agent in the United States. (*Id .*) Mr. Ahn established Hango Electronics, Inc., d/b/a Remote Solution ("HEI") in California, for the sole purpose of soliciting customers in the United States on behalf of Remote Solution. (*Id.* (citing deposition testimony of David Ahn at D.I. 287, Ex. 3).) HEI is an independent corporation of which Mr. Ahn is the sole owner and employee. (*Id.*)

In 1999, HEI entered into a Manufacturing and Purchase Agreement with Contec, L.P., a New York limited partnership, wherein Contec L.P. retained HEI to design and manufacture RCUs and sell them to Contec L.P. FN4 (D.I. 287, Ex. 15 at 1.) HEI also agreed to "defend any suit or proceeding brought against Contec L.P. to the extent that such suit or proceeding is based on a claim that the [RCUs] constitute an infringement of any valid United States ... patent...." (*Id.* at 3.) In 2000, with Mr. Ahn's

consent, HEI changed its name to Remote Solution, the name under which Mr. Ahn conducts business in California. (*Id.* at 6.)

> FN4. The relationship between Contec L.P. and Contec Corporation was fleshed out at oral argument. At some point in time, Contec L.P., a New York entity, merged with Contec LLC, another New York entity, which then merged with Contec Corporation, a Delaware entity. (D.I. 338 at 67:16-25.)

According to Mr. Ahn, Remote Solution's business plan was to sell as many RCUs as possible. (*Id.*) As a result of his extensive efforts to market the RCUs, Mr. Ahn acquired Contec, TiVo, Inc., Harman Kardon, Inc. and Hy-Tek Manufacturing Co., Inc. as customers for Remote Solution. (*Id.*) Remote Solution does not design its own remote controls, rather, it manufactures them according to its customers' specifications. (*Id.* at 7.) Contec is a Delaware corporation with its principal place of business in New York, and its primary business is to sell refurbished cable set top boxes and RCUs to major cable companies in the United States. (*Id.* at 10.) Contec's customers include Comcast, which provides cable television services to residents of Delaware. (*Id.*) Generally, Remote Solution knows who Contec's customers are because Remote Solution marks the RCUs with those customer's logos. (*Id.; D.I.* 287, Ex. 10.) Remote Solution knew that Comcast was one of Contec's customers, as it sent drawings of the Comcast logo to Contec via email on April 24, 2002. (D.I.287, Ex. 36.)

In 2000, Remote Solution established a subsidiary in the United States, Hango Remote Solution, Inc. ("Hango"). (D.I. 286 at 8.) Remote Solution was a 70% shareholder in Hango and Mr. Ahn owned the remaining 30%. (*Id.*) About half of Hango's revenue came from sales of Remote Solution's RCUs, Hango's primary business was marketing an MP3 player called Personal Jukebox. (*Id.* at 8-9.) Ultimately, however, Hango's business failed, and the company folded in December 2002. (*Id.* at 9.) Thereafter, Remote Solution began litigating this case on Hango's behalf as well as its own, filing an answer to the complaint and a motion to amend the answer to include a crossclaim against Contec for indemnification in the event Hango is found liable for patent infringement. (*Id.* at 9; *see also* D.I. 287, Ex. 2 at 8.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 3
Not Reported in F.Supp.2d, 2004 WL 503602 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*3 Remote Solution has sold at least 1,969,849 of the accused RCUs in the United States since November 22, 2000. (D.I. 286 at 2 (citing Expert Report of Kerry Ruoff at D.I. 287, Ex. 1).) Based on the records obtained from TiVo, one of Remote Solution's customers, Philips discovered that at least 2,000 infringing RCUs manufactured by Remote Solution for TiVo have been sold or used in Delaware since March 31, 1999. (D.I. 286 at 3, 13.) According to TiVo's records, 1,738 residents of Delaware subscribed to TiVo's service between March 31, 1999 and May 28, 2003. (*Id.* (citing Declaration of Matthew P. Zinn at D.I. 287, Ex. 39 ¶ 12).) Because TiVo sells its digital video recorders ("DVRs") bundled with the RCUs manufactured by Remote Solution, it is likely that more than 1,500 Remote Solution RCUs are being used for TiVo recorders in Delaware today. (*Id.* (citing D.I. 287, Ex. 39 ¶¶ 6, 17).) Furthermore, since January 1, 2000, more than 1,000 DVRs bundled with RCUs manufactured by Remote Solution were sold in Delaware at two retailers, specifically, 654 were sold at BestBuy and 406 were sold at Circuit City. (*Id.* (citing Declaration of Scott Jacobi at D.I. 287, Ex. 40 ¶ 7; Declaration of Mark Smucker at D.I. 287, Ex. 41 ¶ 9).)

### III. DISCUSSION

When a non-resident defendant's motion to dismiss challenges personal jurisdiction, the plaintiff has the burden to show the basis for the court's jurisdiction over that defendant. *Intel Corp. v. Broadcom Corp.,* 167 F.Supp.2d 692, 699 (D.Del.2001) (citing *Wright v. American Home Products,* 768 A.2d 518, 526 (Del.Super.2000)). To satisfy this burden, Philips must make a *prima facie* showing that this court may exercise personal jurisdiction over Remote Solution. *Id.* After discovery has begun, the plaintiff must sustain this burden by "establishing jurisdictional facts through sworn affidavits or other competent evidence." *Id.* (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n. 9 (3d Cir.1984)).

Determining whether Remote Solution is subject to personal jurisdiction requires a two-part analysis. *Id.* at 700; *see also Siemens Aktiengesellschaft v. LG Semicon Co., Ltd.,* 69 F.Supp.2d 622, 624 (D.Del.1999). First, I must determine whether the language of Delaware's long-arm statute, 10 Del. C. § 3104(c), reaches Remote Solution. *Broadcom,* 167 F.Supp. at 700. Second, if I find that Remote Solution's conduct gives rise to personal jurisdiction under the long-arm statute, I must then determine

whether subjecting Remote Solution to jurisdiction in Delaware would comport with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* (citing *Intel Corp. v. Silicon Storage Tech, Inc.,* 20 F.Supp.2d 690, 694 (D.Del.1998)).

A. Jurisdiction over Remote Solution is Proper Under § 3104(c)(1) of Delaware's Long-Arm Statute

Philips contends that Remote Solution is subject to jurisdiction under sections 3104(c)(1) and (c)(4) of the Delaware long-arm statute (D.I. 286 at 17, 20), which provide:

**\*4** (c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
\* \* \*
(1) Transacts business or performs any character of work or service in the State;
\* \* \*
(4) Causes tortious injury in the State or outside of the State by an act or omission outside of the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.... 10 Del. C. § 3104(c)(1) & (c)(4). Delaware state courts have interpreted the "transacting business" provision of § 3104(c)(1) as a specific jurisdiction provision that requires a nexus between the cause of action and the conduct used as a basis for jurisdiction. *See LaNuova D & B S.p.A. v. Bowe Co.,* 513 A.2d 764, 768 (Del.1986). The Federal Circuit has held that, where a defendant has "purposefully shipped the accused [product] into [the forum state] through an established distribution channel ... [n]o more is usually required to establish specific jurisdiction." *Beverly Hills Fan,* 21 F.3d at 1564. Moreover, in order to meet the requirements of § 3104(c)(1), Remote Solution's actions must be directed at residents of Delaware and the protection of Delaware laws. *See Thorn EMI N. Am., Inc. v. Micron Tech., Inc.,* 821 F.Supp. 272, 274 (D.Del.1993) (citing *Sears, Roebuck & Co. v. Sears,* 744 F.Supp. 1289, 1292 (D.Del.1990)).

Philips argues that Remote Solution has shipped the accused RCUs into an established distribution channel as part of a general business plan that results in sales of the accused products in Delaware. (D.I. 286 at 18.) In response, Remote Solution argues that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 503602 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

it merely had a general plan to serve the national market and that its activities were not directed specifically toward Delaware. (D.I. 309 at 2, 4.)

I find that Philips has presented competent evidence that an established distribution channel exists through which accused RCUs manufactured by Remote Solution are shipped to, distributed, and sold in Delaware. First, the evidence shows that Remote Solution and Contec have enjoyed a close business relationship since at least as early as 1999, when, in a manufacturing and purchase agreement governed by New York law, Remote Solution agreed to defend one of Contec's predecessors against any claims of patent infringement. Furthermore, Remote Solution is seeking indemnification from Contec for Hango, Remote Solution's defunct subsidiary, in the event Hango is found liable for patent infringement in this case. Philips has also presented competent evidence that Remote Solution knew that Comcast, a major provider of cable television services in the State of Delaware, was one of Contec's customers for the accused RCU. Given all of these facts, and in light of Remote Solution's ongoing business relationship with Contec, it was reasonably foreseeable that the accused RCUs would make their way into the Delaware market through Contec's customers. Documents obtained from Remote Solution show that Contec was selling the accused RCUs to Comcast, such that Remote Solution knew or should have known that the accused RCUs were being sold or distributed in Delaware. See _Thorn EMI,_ 821 F.Supp. at 275-76.

*5 Finally, Philips has competent evidence that the accused RCUs are present in Delaware in large numbers, and were present in Delaware prior to its filing suit, as a result of Remote Solution manufacturing the accused RCUs for TiVo. Because Philips has presented competent evidence of an established distribution channel that caused the accused RCUs to be sold and distributed in Delaware, and that the accused RCUs are actually present in Delaware, I find that jurisdiction over Remote Solution is proper under § 3104(c)(1) , and I need not address the issue of whether jurisdiction over Remote Solution is proper under § 3104(c)(4). FN5

> FN5. Remote Solutions relies upon _Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.,_ 293 F.Supp.2d 423, _reconsideration denied,_ 293 F.Supp.2d 430 (D.Del.2003) (granting defendant's motion to dismiss for lack of personal

jurisdiction in patent infringement case) in support of its motion to dismiss. There are key factual distinctions between this case and _Commissariat._ First, unlike the plaintiff in _Commissariat,_ Philips requested and conducted jurisdictional discovery which uncovered evidence of actual sales and the presence of the accused device in Delaware prior and subsequent to the date the complaint was filed, evidence that was lacking in _Commissariat._ Second, that Remote Solution (1) agreed to defend a predecessor of Contec from patent infringement and (2) is seeking indemnification from Contec should Hango be found liable for patent infringement is evidence of Remote Solution's close business relationship with Contec, and its knowledge of the established distribution channel through which its products were being sent into Delaware. Thus, the quantum of evidence upon which to rest personal jurisdiction in this case is significantly greater than in _Commissariat._

B. Exercising Jurisdiction over Remote Solution in Delaware Comports With the Requirements of the Due Process Clause

Due process requires that sufficient minimum contacts exist between the defendant and the forum state to satisfy "traditional notions of fair play and substantial justice." _Int'l Shoe Co. v. Washington,_ 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In considering whether jurisdiction may extend to a defendant, courts should primarily consider whether the defendant has purposely availed itself of the forum state's law, _Burger King Corp. v. Rudzewicz,_ 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) , and whether the defendant reasonably could have anticipated being haled into the courts of the forum state, _World-Wide Volkswagen Corp. v. Woodson,_ 444 U.S. 286, 291-92, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Courts should also consider the burden imposed on the defendant by having to litigate in a foreign forum, as well as the interests of the plaintiff and the forum state. _Asahi Metal Industry Co. v. Superior Court of California,_ 480 U.S. 102, 114, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

In this case, the accused RCUs arrived in Delaware through Remote Solution's purposeful shipment of them through an established distribution channel. See _Beverly Hills Fan,_ 21 F.3d at 1565. Philips has "stated all of the necessary ingredients for an exercise

Not Reported in F.Supp.2d                                                                                          Page 5
Not Reported in F.Supp.2d, 2004 WL 503602 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

of jurisdiction consonant with the requirements of due process," namely, that Remote Solution placed the accused products in the stream of commerce, that it knew the likely destination of the products, and that its conduct and connections with Delaware were such that they should reasonably have anticipated being brought into court here. *Id.* at 1566.

Finally, litigating this case in Delaware would not place such a burden on Remote Solution as to offend traditional notions of fair play and substantial justice, especially since Remote Solution has executed an agreement to defend Contec L.P. against all claims of patent infringement, which proves that Remote Solution was well aware of and prepared for the possibility of litigation where Contec did business, including Delaware. Nor has Remote Solution shown that it does not have the resources to fairly litigate this case in Delaware. *See Thorn EMI,* 821 F.Supp. at 276. Moreover, "Delaware has an abiding interest in protecting the property rights of its residents[,]" *id.,* including corporate citizens such as Philips. Thus, exercising jurisdiction over Remote Solution in this case comports with the requirements of the Due Process Clause.

## IV. CONCLUSION

**\*6** For these reasons, it is hereby ORDERED that Remote Solution's Motion to Dismiss for Lack of Personal Jurisdiction (D.I.105) is DENIED.

D.Del.,2004.
Philips Electronics North America Corp. v. Contec Corp.
Not Reported in F.Supp.2d, 2004 WL 503602 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02cv00123 (Docket) (Feb. 12, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.