# EXHIBIT A



HUNTON & WILLIAMS LLP
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1109

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

BRIAN M. BUROKER
DIRECT DIAL: 202-955-1894
EMAIL:  bburoker@hunton.com

August 26, 2005

FILE NO: 66718.000002

**Via E-Mail**

Jeffrey Shewchuk
Shewchuk IP Services
533 77th Street West
Eagan, MN 55121

Re:   Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al.

Dear Jeff:

As we discussed on the phone earlier, you have agreed to provide some jurisdictional discovery subject to what you deem to be of reasonable scope and with adequate protections for the confidentiality of the information and documents to be provided. In return, you have agreed to stipulate to an extension of time adequate to enable Energy Transportation Group, Inc. ("ETG") to response to the motion filed on behalf of your client, Resistance Technology, Inc. ("RTI"). Moreover, given the current opposition due date of September 6, 2005, you agreed that even if we are unable to work out an agreed scope of jurisdictional discovery and confidentiality protections, RTI will stipulate to an extension beyond September 6, 2005 for ETG to file its opposition.

In hopes that we can agree on the timing, scope of jurisdictional discovery and confidentiality protections without having to seek court relief on those fronts, this letter outlines our proposal on both fronts. First, let me address timing.

Timing

Within three days of the filing (and electronic receipt of such filing through the Court's e-filing system) of a stipulation with the Court memorializing the parties' agreements set forth herein, ETG will serve discovery requests consistent with the scope of jurisdictional discovery agreed to by the parties. Within a period of days agreed between us, RTI will produce all documents covered by the requests. In an effort to move this issue along, we propose 15 days, but if you believe more time is needed, then please provide a counter-proposal. Within 10 days after



Jeffrey Shewchuck
August 26, 2005
Page 2

documents are received by ETG, RTI agrees to make one or more RTI corporate representatives available for a deposition in the United States at a single location and time frame (e.g., if there are two deponents designated, both will be made available in Minneapolis on back-to-back days or time slots) to cover the jurisdictional topics as well as the efforts undertaken by RTI to collect the documents and other information provided. Within two weeks after the last of the deposition(s), any opposition to RTI's motion shall be filed with the Court in Delaware. This schedule will be memorialized as part of a Stipulation filed with the Court requesting an extension of time for ETG's opposition to RTI's Motion.

Confidentiality

As for confidentiality, ETG would agree that a ny documents or other information provided by RTI will be treated as outside attorneys' eyes only (and its consulting independent e xperts) and to be used only for purposes of the opposition to the jurisdictional discovery motion unless the Court finds jurisdiction over RTI, in which case, the terms of a Protective Order governing the use of information produced would govern use of the material.

In addition, ETG agrees that it would not disclose such information to any other party absent RTI's written consent or an order of a court or other similar authority (such as the provisions of a Protective Order entered in this case) and in such an event, will not do so without providing RTI advanced written notice of a motion to enable RTI to object to the disclosure. By producing the information, ETG agrees that RTI may thereafter seek any protective order as it may deem necessary pertaining to the use, a t court hearing, of such answers and items upon the issue of personal jurisdiction, in the event the parties are later unable to resolve the issue of personal jurisdiction without the necessity of a court ruling. If this procedure is agreeable to you, please notify me accordingly. If you wish to suggest another alternative that w ould permit Plaintiff to obtain necessary information and documentation and satisfy your concerns of confidentiality and discovery scope, please forward me such proposal.

Scope of jurisdictional discovery

For your consideration in this matter, the information and documentation which Plaintiff will initially be seeking regarding the issue of personal jurisdiction include[1]:

---

[1] Pertaining to any time during the time period 2000-2005.



Jeffrey Shewchuck
August 26, 2005
Page 3

1. All documents sufficient to identify all of RTI's customers, including all customers for hearing aid related products;

2. All documents sufficient to identify the volume, frequency, and duration of sales to those customers;

3. All documents identifying the locations to which shipments to those customers were shipped;

4. All documents possessed by RTI regarding those customers (including but not limited to correspondence with same) and sales and shipments to same;

5. All documents pertaining to any entities in the chain of distribution, known to RTI, of RTI products and/or products that contain RTI products, including but not limited to correspondence with such entities;

6. All documents and information pertaining to any license or indemntiy agreements between RTI and any entities in the channels of distribution; and

7. All documents reflecting knowledge by RTI as to any geographic location where RTI was aware any of its products were distributed or to be distributed, whether to an ultimate consumer or during any stage of the distribution channels;

8. All documents of RTI containing reference to Delaware and/or any geographic area (including but not limited to the World, U.S., and/or Mid-Atlantic region) which is an area which includes the State of Delaware[2], including butn ot limited to correspondence (from or to RTI; including e-mails) shipping manifests, marketing proposals, market analysis reports advertisements, etc.;

---

[2] The relevancy of such materials is obvious; RTI material referring to business conducted by RTI "throughout the World," "throughout the U.S.," "throughout the Mid-Atlantic States," etc. would necessarily include Delaware.

Hunton&
Williams

Jeffrey Shewchuck
August 26, 2005
Page 4

9. All manuals, warranties, and other literature either delivered with RTI's products to its customers or pertaining to such products;

10. All information pertaining to strategic alliances with any companies who conduct business in the U.S., including but not limited to Clarity LLC, Medtronic, Inc, Microelectronics Center, Starkey and all information known to RTI regarding those companies;

11. All information known by and all documents possessed by RTI regarding the companies referenced in the preceding item (including but not limited to correspondence with same);

12. Listing of all States to which RTI is aware that its products have been distributed to entities who directly provide the products to end users (persons wearing hearing aids), regardless whether those products were contained within another entity's product at that time[3];

13. The relationship between the RTI and all entities in the chain of distribution, known to RTI (e.g., whether a parent-subsidiary or similar relationship exists, whether similar owners, directors, officers, etc. are common to the companies, the length of the relationship between the companies, the extent of contacts between the companies, the existence, and substance, of any written agreements between the companies);

14. The knowledge by RTI as to the nature and extent of the channel of distribution of its products (considering that RTI states it only has facilities in Minnesota, yet claims in its website that it is "the world[']s largest manufacturer" of its type products, it is a "world producer," and that it has "worldwide customers," it would appear likely that RTI is

---

[3] This is relevant on numerous grounds, including but not limited to that if RTI claims it is unaware of any States to which its products are ultimately delivered such could be perceived as an implausible statement that would bear upon the credibility of RTI's testimony/affidavits that it is unaware of delivery to any specific State and that if RTI is aware that many of its products are being distributed in States in close proximity to Delaware combined with any RTI's customers (or other entities in the chain of distribution) possessing distribution means in Delaware -- that, therefore, Delaware distribution of RTI products is likely.



Jeffrey Shewchuck
August 26, 2005
Page 5

>   aware that its products are being distributed in geographic regions outside of Minnesota -- as well as the fact that one would expect a $40 million dollar business ["the world[']s largest manufacture"] to have obtained information as to where its products are ultimately being distributed [not only for marketing purposes, but for purposes of languages into which to publish its literature, website, etc.]);

15. All information and documents pertaining to RTI's advertisement and/or promotion of/for its products and/or company;

16. All information and documents pertaining to RTI's contribution, financially or otherwise, to any advertisementa nd/or promotion of/for: any products containing any RTI products, any company whose products include any RTI products, and/or any entity in the RTI products distribution channels;

17. All documents pertaining to RTI's contribution,f inancially or otherwise, to any advertisement and/or promotion which relates to any business engaged in by RTI, including butn otl imited to advertisements for the hearing aid industry generally;

18. All information and documents pertaining to sales efforts toward Delaware and/or any geographic area that would include Delaware (including but not limited to "Mid-Atlantic States"), including but not limited to sales solicitations, sales presentations, trade shows, and trips to Delaware by employees;

19. All documents pertaining to the designation by RTI of geographic regions, including but not limited to marketing regions, sales regions, distribution regions, etc.;

20. All documents sufficient to identify the identity and title of any RTI employee whose title and/or duties include reference to a geographic region other than Minnesota or a geographic region located entirely within Minnesota;

21. All documents sufficient to identify all personal and/or real property in Delaware that is/was owned by RTI at the time such property was located in Delaware;

Hunton&
Williams

Jeffrey Shewchuck
August 26, 2005
Page 6

22. All documents sufficient to identify any employees (in their capacity as an RTI employee; i.e., not on their personal time), offices, facilities, or equipment RTI who/that is, or has been, maintained in Delaware or ever entered, or has entered, Delaware -- and the purpose of such maintenance and/or entrance.

23. All correspondence from or to RTI from or to any individual or entity who was (at the time of the communication) located in Delaware, including but not limited to communication provided as part of any customer service effort by RTI;

24. All records of RTI related to telephone numbers recorded in any tangible form by RTI during the relevant time frame;

25. All documents sufficient to identify any sales agents or distributors assigned to cover an area which includes Delaware, whether such sales agent is an employee or not;

26. All documents sufficient to identify the identity and job titles and duties of employees whose job duties include selling, advertising, marketing, and/or promoting any product of RTI or product containing any RTI product;

27. All documents sufficient to identify the identity and job title(s) of the person(s) who determined the content of RTI's website with regards to the statements that RTI is "the world['s] largest manufacturer" of its type products, RTI is a "world producer," and that RTI has "worldwide customers;" all documents upon which were relied in determining the content of these referenced statements; and the information known by such person(s) which said person(s) considered when determining the content of these statements;

28. All communications between RTI and any health care providers (including those providers who render care for hearing loss or other hearing difficulty) located in Delaware;

29. All communications between RTI and any individual located in Delaware;



Jeffrey Shewchuck
August 26, 2005
Page 7

30. All document sufficient to identify any identifying marks on any RTI hearing aid-related products (regardless of size), including butn ot limited to company or product name, company or product symbol, serial number;

31. All documents sufficient to identify any brand names registered by RTI in Delaware;

32. A printout of the results from an electronic search of all email servers of and other computer systems of RTI for the term "Delaware" or "DE" (which might be from an address); and

33. A deposition to cover (a) information, including thatn ot reflected in a document, on each of the topics identified above, (b) the contents of documents produced related to each category,a nd (c) efforts done to locate documents related to any of the above.

Thank you for your consideration of these matters, and I look forward to hearing from you shortly. If you have any questions as to these topics, please feel free to contact me as well.

Sincerely,

*Brian M. Buroker*

Brian M. Buroker