## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 05-CV-422-GMS |
| SONIC INNOVATIONS, INC., et al. | § § § | |
| Defendants. | § | |

## DEFENDANT WILLIAM DEMANT HOLDING A/S'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS WILLIAM DEMANT HOLDING A/S FOR LACK OF PERSONAL JURISDICTION

Dated: October 31, 2005,

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING .......................... 1

SUMMARY OF ARGUMENT ............................................................................. 2

STATEMENT OF FACTS ................................................................................. 4

ARGUMENT ................................................................................................ 7

I.    PLAINTIFF CANNOT DEMONSTRATE THAT PERSONAL JURISDICTION
      EXISTS UNDER THE DELAWARE LONG-ARM STATUTE ................................... 9

      A.    Plaintiff Cannot Demonstrate Specific Jurisdiction Over WDH A/S
            Under the Delaware Long-Arm Statute .............................................. 10

      B.    Plaintiff Cannot Demonstrate General Jurisdiction Over WDH A/S
            Under the Delaware Long-Arm Statute .............................................. 12

II.   THE JURISDICTIONAL CONTACTS OF OTICON A/S OR OTICON INC.
      CANNOT BE IMPUTED TO WDH A/S ........................................................ 13

      A.    The Alter-Ego Theory Does Not Apply Here ...................................... 14

      B.    The Agency Theory Does Not Apply Here ......................................... 15

III.  PLAINTIFF CANNOT SATISFY THE JURISDICTIONAL REQUIREMENTS
      OF THE DUE PROCESS CLAUSE ............................................................. 17

      A.    Plaintiff Cannot Demonstrate General Jurisdiction Over WDH A/S
            Under the Due Process Clause ....................................................... 17

      B.    Plaintiff Cannot Demonstrate Specific Jurisdiction Over WDH A/S
            Under the Due Process Clause ....................................................... 19

      C.    Jurisdiction over WDH A/S Would Offend Traditional Notions
            of Fair Play and Substantial Justice ................................................ 20

CONCLUSION ............................................................................................. 22

# TABLE OF AUTHORITIES

**Page**

## *CASES*

*3D Systems, Inc. v. Aarotech Laboratories, Inc.,*
160 F.3d 1373 (Fed. Cir. 1998) ....................................................................... 7, 15

*Applied Biosystems, Inc. v. Cruachem, Ltd.,*
772 F. Supp. 1458 (D. Del. 1991) ........................................................................ 6

*Asahi Metal Industry Co. v. Superior Court of California,*
480 U.S. 102 (1987) ............................................................................................ 14

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985) ...................................................................................... 15, 16

*C.R. Bard, Inc. v. Guidant Corp.,*
997 F. Supp. 556 (D. Del. 1998) ........................................................ 3, 9, 11, 12, 13

*Cannon Manufacturing Co. v. Cudahy Packing Co.,*
267 U.S. 333 (1925) ............................................................................................ 11

*Carteret Savings Bank, FA v. Shushan,*
954 F.2d 141 (3d Cir. 1992) ............................................................................... 15

*Cordis Corp. v. Advanced Cardiovascular Systems, Inc.,*
No. Civ.A. 97-635-SLR, 1999 WL 805284 (D. Del. Sept. 17, 1999) ........................ 3

*eSpeed, Inc. v. Brokertec USA,*
No. Civ.A. 03-612-KAJ, 2004 WL 2346137 (D. Del. Sept. 13, 2004) ............... 3, 13

*Graphic Controls Corp. v. Utah Medical Products, Inc.,*
149 F.3d 1382 (Fed. Cir. 1998) ............................................................................ 7

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
466 U.S. 408 (1984) ................................................................................. 14, 15, 16

*Intel Corp. v. Silicon Storage Technology, Inc.,*
20 F. Supp. 2d 690 (D. Del. 1998) ............................................................. 7, 10, 13

*International Shoe Co. v. Washington,*
326 U.S. 310 (1945) ..................................................................................... 14, 16

*Jeffreys v. Exten,*
784 F. Supp. 146 (D. Del. 1992) .................................................................... 8, 15

ii

*Keeton v. Hustler Magazine, Inc.,*
    465 U.S. 770 (1984)...................................................................................................... 15

*LaNuova D & B, S.p.A. v. Bowe Co.,*
    513 A.2d 764 (Del. Super. Ct. 1986) ............................................................................ 8

*Perkins v. Benguet Consolidated Mining Co.,*
    342 U.S. 437 (1952)...................................................................................................... 14

*Provident National Bank v. California Federal Savings & Loan Ass'n,*
    819 F.2d 434 (3d Cir. 1987) ..................................................................................... 6, 14

*Reach & Associates, P.C. v. Dencer,*
    269 F. Supp. 2d 497 (D. Del. 2003)............................................................................ 10

*Red Sail Easter Ltd. Partners v. Radio City Music Hall Productions, Inc.,*
    No. Civ.A. 12036, 1991 WL 129174 (Del. Ch. July 10, 1991) ................................. 10

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*
    148 F.3d 1355 (Fed. Cir. 1998) ............................................................................... 7, 15

*Republic Environmental Systems v. RESI Acquisition Corp.,*
    C.A. No. 99C-02-194, 1999 Del. Super. LEXIS 219 (Del. Super. Ct. May 28, 1999) .............. 8

*Telcordia Technologies, Inc. v. Alcatel S.A.,*
    No. Civ.A. 04-874 GMS, 2005 WL 1268061 (D. Del. May 27, 2005) ...................... 3, 9, 11, 12

*Time Share Vacation Club v. Atlantic Resorts, Ltd.,*
    735 F.2d 61 (3d Cir. 1984) ........................................................................................... 6

*United States v. Bestfoods,*
    524 U.S. 51 (1998)........................................................................................................ 11

*Venoco, Inc. v. Marquez,*
    C.A. No. 02-1685 GMS, 2003 U.S. Dist. LEXIS 7593 (D. Del. May 5, 2003) ....................... 13

992646_1.DOC

## *STATUTES*

35 U.S.C. § 271 (2004) ................................................................................................... 9

DEL. CODE ANN. tit. 10, § 3104(c) (2004) ............................................................... 8, 10

## *RULES*

Fed. R. Civ. P. 12(b)(2)..................................................................................................... 1

iv

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement action. Energy Transportation Group, Inc. ("Plaintiff"), a Delaware corporation with its principal place of business in New York, NY, alleges that each of nineteen (19) Defendants,[1] including William Demant Holding A/S ("WDH A/S"), a Danish corporation, with a principal and sole place of business in Hellerup, Denmark, has infringed or induced the infringement of two patents relating to programmable hearing aids.

The Defendants also include five WDH A/S subsidiaries[2]: (i) Oticon A/S, a Danish corporation; (ii) WDH, Inc., a Minnesota corporation; (iii) Oticon Inc., a California corporation, with a principal place of business in Somerset, New Jersey; (iv) Bernafon, LLC, a limited liability corporation organized under the laws of New Jersey; and (v) Bernafon AG, a Swiss Aktiengesellschaft.

Pursuant to Fed. R. Civ. P. 12(b)(2), WDH A/S moves to dismiss this action against it for lack of personal jurisdiction. The WDH A/S subsidiaries Oticon A/S, Oticon Inc., WDH, Inc., Bernafon LLC, and Bernafon AG do not admit but are not contesting this Court's jurisdiction over them.

---

[1]  As originally filed on June 23, 2005, there were fourteen defendants. (D.I. 1.) A First Amended Complaint filed on August 4, 2005, added three additional defendants, WDH, Inc., Bernafon LLC, and Bernafon AG. (D.I. 38.) Thereafter, a Motion to enter a Second Amended Complaint was filed on September 1, 2005 to remove defendant Phonak Holding AG and add three further defendants, resulting in a total of nineteen defendants. (D.I. 65.) That Motion is currently pending and has not been objected to by any of the defendants (D.I. 73.) and WDH A/S has presented this Motion on the understanding that the Second Amended Complaint will be entered by the Court. The Second Amended Complaint, however, does not effect the issues presented by the present Motion to Dismiss William Demant Holding A/S.

[2]  Bernafon, LLC stock is held by codefendant Oticon Inc., and Oticon Inc. stock is held by codefendant WDH, Inc. The stock of WDH, Inc., Oticon A/S, and Bernafon AG is held directly by WDH A/S.

## SUMMARY OF ARGUMENT

1.     WDH A/S is a Danish holding company with the sole office for all nine (9) of its employees in Hellerup, Demark. It does not manufacture or sell any products anywhere in the world. It supplies no goods or services in Delaware and it has no jurisdictional contacts with Delaware. Moreover, because WDH A/S is purely a holding company for its subsidiaries, it does not engage and has never engaged in any of the activities required to prove patent infringement. Plaintiff has not pled in its Complaint, nor can it make, a *prima facie* case showing that this Court may properly exercise personal jurisdiction over WDH A/S. None of the criteria that would permit personal jurisdiction over WDH A/S under Delaware's long-arm statute, 10 Del. C. § 3104, has been met.

2.     Further, even if any of the statutory criteria were met, the exercise of jurisdiction with respect to WDH A/S would not comport with due process. Plaintiff has been informed and should know full well that WDH A/S is merely the ultimate holding company for the other Defendants, including Oticon A/S, which manufactures the accused products, and Oticon Inc. and Bernafon LLC, which sell the accused products in the United States. WDH A/S sells no products in Delaware or elsewhere in the world. Thus, Plaintiff had, and surely now has, no legitimate basis on which to name WDH A/S as a defendant in this lawsuit, and its continual attempt to maintain the action against WDH A/S can only be attributed to some improper motive.

3.     Plaintiff will not be prejudiced by dismissing WDH A/S from the case since the manufacturer and designer of certain of the accused products (Oticon A/S), the U.S. sales subsidiaries (Oticon Inc. and Bernafon LLC), and the designer of the remaining accused products (Bernafon AG) all remain in the case. These remaining codefendants can respond to any relevant discovery requests by Plaintiff or any damages awarded to Plaintiff. Thus, no equitable basis exists to support a finding of personal jurisdiction over WDH A/S.

2

4.    Accordingly, in keeping with this Court's precedents in *Telcordia Technologies, Inc. v. Alcatel S.A.*, No. Civ.A. 04-874 GMS, 2005 WL 1268061 (D. Del. May 27, 2005) (Exhibit 2); *eSpeed, Inc. v. Brokertec USA*, No. Civ.A. 03-612-KAJ, 2004 WL 2346137 (D. Del. Sept. 13, 2004) (Exhibit 3); and *Cordis Corp. v. Advanced Cardiovascular Systems, Inc.*, No. Civ.A. 97-635-SLR, 1999 WL 805284 (D. Del. Sept. 17, 1999) (Exhibit 4), WDH A/S should be dismissed from this action. As in *C.R. Bard, Inc. v. Guidiant Corp.*, 997 F. Supp. 556, 561 (D. Del. 1998), "this is not a case where [WDH A/S] is manufacturing a product and then using an independent distributor or sales agent. [WDH A/S] is merely a holding company. It does not engage in any production activities."[3]

## STATEMENT OF FACTS[4]

WDH A/S is a public company organized under the laws of Denmark. It maintains its principal and sole office at Strandvejen 58, DK-2900 Hellerup, Denmark. (Jacobsen Decl. ¶ 2) (Exhibit 1). It has only nine employees (five corporate employees and four secretaries), all of whom reside outside the United States. (*Id.* ¶ 3.) WDH A/S does not manufacture any goods. (*Id.* ¶ 4.) It does not sell, off to sell, trade, or import any goods or services. (*Id.* ¶ 5.) It does not in the course of conducting its business use any hearing aid devices. (*Id.* ¶ 6.) Instead, WDH A/S serves as a parent holding company for approximately forty-five subsidiaries located throughout

---

[3]  WDH, Inc. is also merely a holding company. WDH, Inc. has elected, however, not to fight personal jurisdiction, since there is no practical adverse effect to WDH, Inc. by having WDH, Inc. included in this litigation. There is, however, adverse effect to WDH A/S by having WDH A/S included in this litigation because WDH A/S is listed on the Danish stock exchange and its inclusion as a named party in a United States litigation has both practical and legal implications.

[4] See Declaration of Niels Jacobson, President and Chief Executive Officer of WDH A/S filed herewith as Exhibit 1.

992646_1.DOC

the world—companies WDH A/S wholly owns either directly or indirectly.[5] (*Id.* ¶ 7.) Each of
the subsidiaries has its own corporate organization and unique identity. (*Id.*)   WDH A/S
maintains its own financial statements and corporate records separate from the financial
statements and corporate records of its subsidiaries. (*Id.* ¶ 9.)

WDH A/S has no jurisdictional contacts with Delaware. It is not registered to do
business in Delaware and has never contracted to supply goods or services in Delaware.
(*Id.* ¶ 10.) Neither has WDH A/S appointed an agent to accept service of process on its behalf in
Delaware or anywhere else in the United States. (*Id.* ¶ 11.) WDH A/S does not maintain any
offices, telephone listings, or other facilities in Delaware or anywhere in the United States.
(*Id.* ¶ 12.) It does not own or lease any real property in Delaware or anywhere else in the United
States. (*Id.* ¶ 13.) Nor does WDH A/S maintain any bank accounts in Delaware. (*Id.* ¶ 14.) It
has never been obligated to pay any taxes or franchise fees to the State of Delaware. (*Id.* ¶ 15.)
Further, as noted above, WDH A/S does not manufacture or sell any goods in Delaware or
anywhere else in the United States. In short, WDH A/S has no contacts with this forum that
would grant personal jurisdiction over it.

WDH A/S's subsidiaries include codefendants Oticon A/S, Oticon Inc., Bernafon AG,
Bernafon LLC, and WDH, Inc. Oticon A/S, a Danish company, designs, develops, and
manufactures hearing aids in its facilities in Denmark. (*Id.* ¶ 16.) Oticon Inc., a California
corporation having a place of business in Somerset, New Jersey, is a U.S. distributor for certain
hearing aids manufactured by Oticon A/S. (*Id.* ¶ 17.)  Bernafon LLC, a New Jersey limited

---

[5]  WDH A/S also owns minority positions in a number of corporations, including forty-nine
percent (49%) of the shares of American Hearing Aid Associates ("AHAA"), a Pennsylvania
corporation involved in the hearing aid business, but which has not been named as a defendant in
this action. As with the other companies whose stock WDH A/S holds, WDH A/S has no
involvement in the day-to-day management of AHAA, whose financial statements and corporate
records are separate from the financial statements and corporate records of WDH A/S. (*Id.* ¶7.)

4

liability corporation also having a place of business in New Jersey, is a U.S. distributor for certain other hearing aids designed by Bernafon AG and manufactured by Oticon A/S, some of which were designed by Bernafon AG. (*Id.* ¶ 18.) The Swiss company Bernafon AG also assists Bernafon LLC in the marketing and sale of hearing aids designed by Bernafon AG and manufactured by Oticon A/S. (*Id.* ¶ 19.) WDH, Inc. holds the stock of several companies, including Oticon Inc. and Bernafon LLC, (*Id.* ¶ 20.)

Keeping with its role of a holding company, WDH A/S does not control the day-to-day activities of Oticon A/S, Oticon Inc., WDH, Inc., Bernafon AG, or Bernafon LLC, or any of WDH A/S's other subsidiaries. (*Id.* ¶ 21.) There is no *prima facie* evidence Plaintiff has presented or can present to the contrary.

Mr. Niels Jacobsen is the President and Chief Executive Officer (CEO) of WDH A/S. (*Id.* ¶ 1.) He also serves as the CEO of Oticon Inc., WDH, Inc., and Oticon A/S, and sits on the Board of Directors of Oticon Inc., Bernafon AG, and WDH, Inc. (*Id.* ¶ 22.) Mr. Jacobsen does not serve in any managerial capacity at Bernafon AG or Bernafon LLC. (*Id.* ¶ 23.)

The Board of Directors of WDH A/S consists of seven members, all Danish citizens. (*Id.* ¶ 24.) Four of these members also serve on the Board of Directors of Oticon A/S. (*Id.*) None of the board members of WDH A/S serve on the Board of Directors of Oticon Inc., WDH, Inc., Bernafon AG, or Bernafon LLC (*Id.*)

Paragraph 27 of Plaintiff's Second Amended Complaint[6] makes one generalized allegation with respect to jurisdiction. The Complaint makes no specific allegations that tie WDH A/S to Delaware. Instead, it lumps WDH A/S together with Oticon A/S, Oticon Inc.,

---

[6] Paragraph 27 of Plaintiff's Second Amended Complaint is identical to Paragraph 25 of Plaintiff's First Amended Complaint, and to Paragraph 22 of Plaintiff's original Complaint.

992646_1.DOC

WDH, Inc., Bernafon AG, Bernafon LLC, and the other thirteen (13) defendants ("Defendants")

throughout the Complaint, and makes only the following general allegation on jurisdiction:

> The Court has personal jurisdiction over the Defendants in that
> each has committed acts within Delaware and this jurisdictional
> district giving rise to this action and each of the Defendants has
> established minimum contacts with this forum such that the
> exercise of jurisdiction over each of the Defendants would not
> offend traditional notions of fair play and substantial justice.

Second Amended Complaint (D.I. 65), ¶ 27.

The Complaint does not, and cannot, allege that WDH A/S has ever (i) manufactured

goods in Delaware, (ii) sold goods or services in Delaware, (iii) advertised or offered to sell

goods or services in Delaware, (iv) used goods or services in Delaware, (v) traded in Delaware,

(vi) maintained an office in Delaware, (vii) owned property in Delaware, or (viii) employed staff

in Delaware.

## ARGUMENT

To support a motion to dismiss for lack of personal jurisdiction, a defendant need only

allege that it is not subject to the court's jurisdiction. The plaintiff then bears the burden of

proving personal jurisdiction over the defendant. *See Applied Biosystems, Inc. v. Cruachem,*

*Ltd.*, 772 F. Supp. 1458, 1462 (D. Del. 1991) . Once a defendant raises the defense of lack of

jurisdiction, the burden shifts to the plaintiff to prove "with reasonable particularity sufficient

contacts between the defendant and the forum state to support jurisdiction." *Provident Nat'l*

*Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). A plaintiff may not rest

on conclusory allegations of minimal contacts to support jurisdiction, but must make an

affirmative showing by "actual proof" that the court may properly exercise personal jurisdiction.

*Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 63, 66 n.9 (3d Cir. 1984) ("[A]t no

point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule

992646_1.DOC

12(b)(2) motion to dismiss for lack of in personam jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.") (citation omitted). Here, Plaintiff presents no facts whatsoever to justify this Court's exercise of personal jurisdiction over WDH A/S.

In patent infringement cases, a district court applies Federal Circuit law in analyzing whether personal jurisdiction exists. *See, e.g., 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998); *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998). The determination of whether a nonresident defendant is subject to personal jurisdiction requires a two-part analysis: (1) the court must determine whether the state's long-arm statute reaches the defendant; and (2) if the court finds that the defendant's conduct gives rise to personal jurisdiction under the long-arm statute, the court must then determine whether subjecting the defendant to jurisdiction in that state comports with constitutional notions of due process. *See, e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998); *see also Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998)(stating that "it is important not to collapse the long-arm inquiry into the due process inquiry" because "the Delaware Supreme Court has not determined that § 3104(c) is coextensive with federal due process, nor does it substitute federal due process analysis for state long-arm analysis").

As set forth below, Delaware's long-arm statute does not reach WDH A/S, nor would constitutional notions of due process be satisfied even if, arguendo, the long-arm statute was met.

## I.    PLAINTIFF CANNOT DEMONSTRATE THAT PERSONAL JURISDICTION EXISTS UNDER THE DELAWARE LONG-ARM STATUTE

Under the Delaware long-arm statute, a court may not exercise personal jurisdiction over a nonresident unless the nonresident, in person or through an agent:

7

992646_1.DOC

>(1) Transacts any business or performs any character of work or service in the State;
>(2) Contracts to supply services or things in this State;
>(3) Causes tortious injury in the State by an act or omission in this State;
>(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if [the person] regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
>(5) Has an interest in, uses or possesses real property in the State; or
>(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

DEL. CODE ANN. tit. 10, § 3104(c) (2004).

Delaware courts have interpreted subsections (c)(1)-(3) and (5)-(6) of the Delaware long-arm statute as conferring specific jurisdiction and subsection (c)(4) as conferring general jurisdiction. *See, e.g., LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. Super. Ct. 1986); *Jeffreys v. Exten*, 784 F. Supp. 146, 151, 152 (D. Del. 1992); *Republic Envtl. Sys. v. RESI Acquisition Corp.*, C.A. No. 99C-02-194, 1999 Del. Super. LEXIS 219, at *8 (Del. Super. Ct. May 28, 1999) (Exhibit 5). Accordingly, Plaintiff must demonstrate either specific or general jurisdiction, which here, it cannot.

## A.    Plaintiff Cannot Demonstrate Specific Jurisdiction Over WDH A/S Under the Delaware Long-Arm Statute

The exercise of specific jurisdiction under subsections (c)(1)-(3) or (5)-(6) of the Delaware long-arm statute is only appropriate when the alleged cause of action arose out of defendant's contacts with the forum state. *See, e.g., LaNuova*, 513 A.2d at 768; *Jeffreys*, 784 F. Supp. at 151, 152; *Republic*, 1999 Del. Super. LEXIS 219, at *8 (Exhibit 5). Plaintiff cannot show that WDH A/S has had any contacts with Delaware, much less any contact that gave rise to the alleged infringement. In the Complaint, Plaintiff attempts to lump WDH A/S with the other

8

Defendants, but does not allege any specific act by WDH A/S in Delaware. *See supra* Statement of Facts. This glaring absence is not surprising because, as noted above, WDH A/S is merely a holding company. Accordingly, Plaintiff has not shown and cannot show that this cause of action arose out of any activity by WDH A/S in Delaware. *See, e.g., Telcordia Techs.,* 2005 WL 1268061 (Exhibit 2) (granting parent corporation's motion to dismiss for lack of personal jurisdiction where the parent was merely a holding company that did not engage in any production activities, and the subsidiary corporation, which was subject to jurisdiction, made its own decisions about day-to-day activities and designed, manufactured, marketed, and distributed the products at issue).

Moreover, Plaintiff has no *prima facie* evidence that WDH A/S has committed the tort of patent infringement within the State of Delaware. Patent infringement occurs when, without authority, one "makes, uses, offers to sell or sells any patented invention, within the United States, or imports into the United States any patented invention," or when one actively induces or contributes to the infringement of a patent. 35 U.S.C. § 271 (2004). WDH A/S does not make, use, sell, offer to sell, or import any of the allegedly infringing products, any components of any of the allegedly infringing products, or any other products or components in Delaware or anywhere else in the world. (Jacobsen Decl. ¶¶ 4, 5, and 6) (Exhibit 1). There is no evidence WDH A/S has actively induced any other entity to make, use, sell, offer to sell, or import any of the allegedly infringing products into the United States or anywhere else in the world. Simply put, Plaintiff cannot present a *prima facie* case that WDH A/S infringes the asserted patents because WDH A/S does not engage in any of the activities required to prove patent infringement. There is no evidence that Plaintiff has or can proffer to the contrary.

9

Plaintiff has named Defendant Oticon A/S that does make the allegedly infringing products, and Defendants Oticon Inc. and Bernafon LLC that do sell the allegedly infringing products. Defendants Oticon A/S, Oticon Inc., and Bernafon LLC do not challenge this Court's personal jurisdiction.

**B.    Plaintiff Cannot Demonstrate General Jurisdiction Over WDH A/S Under the Delaware Long-Arm Statute**

In addition to lacking specific jurisdiction, this Court may not exercise general jurisdiction over WDH A/S pursuant to subsection (c)(4) of the Delaware long-arm statute. Jurisdiction under this subsection is appropriate only "when a defendant has had contacts with [the forum state] that are *so extensive and continuing* that it is fair and consistent with state policy to require that the defendant appear [in Delaware] and defend a claim even when that claim arose outside of [Delaware] and causes injury outside of this state." *Red Sail Easter Ltd. Partners v. Radio City Music Hall Prods., Inc.*, No. Civ.A. 12036, 1991 WL 129174, at *3 (Del. Ch. July 10, 1991) (emphasis added) (Exhibit 6); *Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003) ("While seemingly broad, the standard for general jurisdiction is high in practice and not often met."); *Intel*, 20 F. Supp. 2d at 699 (stating that cases of general jurisdiction under Delaware's long-arm statute are rare).

The absence of any contacts between WDH A/S and Delaware—let alone "extensive and continuing" contacts—prohibits this Court from exercising general jurisdiction over WDH A/S. *See, e.g., Red Sail*, 1991 WL 129174, at *3 (Exhibit 6) (finding that a defendant whose only contact with the forum involved filing forms to merge several wholly owned subsidiaries had not engaged in "a persistent course of conduct" or derived "substantial revenue from services, or things used or consumed" in the forum, as required by § 3104(c)(4)).

10

992646_1.DOC

Plaintiff has not and cannot allege any legitimate basis for either specific or general jurisdiction over WDH A/S under the Delaware long-arm statute.

## II.     THE JURISDICTIONAL CONTACTS OF OTICON A/S OR OTICON INC. CANNOT BE IMPUTED TO WDH A/S

Generally, the jurisdictional contacts of a subsidiary corporation may not be imputed to the parent corporation. *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336 (1925) ("Congress has not provided that a corporation of one state shall be amenable to suit in the federal court for another state in which the plaintiff resides, whenever it employs a subsidiary corporation as the instrumentality for doing business therein. That such use of a subsidiary does not necessarily subject the parent corporation to the jurisdiction [is] settled . . . .") (citations omitted); *see also United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.") (citations omitted); and *C.R. Bard*, 997 F. Supp. at 561 (finding no jurisdiction over a parent corporation under § 3104(c)(4), where a subsidiary used the parent's name and the parent maintained a Web site that provided general information about its company and product line).

In limited circumstances, however, Delaware law will permit the acts of a subsidiary corporation to be imputed to the parent corporation for jurisdictional purposes if the subsidiary acts as an alter ego of the parent or if the subsidiary acts as the agent of the parent corporation by carrying out specific directions from the parent having a nexus with the plaintiff's claim. *See Telcordia*, 2005 WL 1268061, at *2 n.2 (Exhibit 2); *C.R. Bard*, 997 F. Supp. at 559.

11

### A.    The Alter-Ego Theory Does Not Apply Here

The alter-ego theory requires a showing of fraud in the corporate structure. *Telcordia*, 2005 WL 1268061, at *2 n.2 (Exhibit 2). Plaintiff has not pled, and cannot allege in good faith, any fraud in the corporate structures of WDH A/S, Oticon A/S, Oticon Inc., WDH, Inc., Bernafon AG, or Bernafon LLC. Indeed, WDH A/S has maintained corporate separation and distinctness, including their formalities, between itself and Oticon A/S, Oticon Inc., WDH, Inc., Bernafon AG, or Bernafon LLC. (Jacobson Decl. ¶ 7, 9). Plaintiff has not pled anything to the contrary. Further, Plaintiff has not pled, nor does it have any evidence to show, that WDH A/S controls the day-to-day operations of any named subsidiary. Hence, the alter-ego theory does not apply. *Telcordia*, 2005 WL 1268061, at *2 n.2 (Exhibit 2) (finding, without permitting any jurisdictional discovery, that alter-ego theory could not apply where patentee failed to assert or introduce any evidence showing the existence of any fraud); *C.R. Bard*, 997 F. Supp. at 560 (finding, with no jurisdictional discovery, alter-ego theory not applicable where patentee did not produce any evidence of fraud in the corporate structure or allege that the parent and subsidiary corporations ignored the formalities of separate corporate status).

### B.    The Agency Theory Does Not Apply Here

This Court has instructed that the agency theory requires an examination of "the degree of control which the parent exercises over the subsidiary." *Telcordia*, 2005 WL 1268061, at *2 (Exhibit 2). Factors relevant to this examination include: "(1) 'the extent of overlap of officers and directors'; (2) 'methods of financing'; (3) 'the division of responsibility for day-to-day management'; and (4) 'the process by which each corporation obtains its business. . . .'" *Id.* Further, not all acts of the subsidiary may be imputed to the parent if an agency relationship is found. Rather, "'under the agency theory only precise conduct known to be instigated by the

12

parent is attributed to the parent' for jurisdictional purposes." *eSpeed*, 2004 WL 2346137, at *4 (Exhibit 3).

Plaintiff has not alleged any specific facts, or otherwise made a showing with reasonable particularity, regarding the factors relevant to determining if an agency theory applies. Indeed, it cannot do so in good faith. *See C.R. Bard*, 997 F. Supp. at 561 (granting motion to dismiss without jurisdictional discovery and refusing to find agency theory applicable where parent was a holding company that did not control the day-to-day activities of the subsidiary who manufactured the accused infringing product).

Accordingly, there is no basis under the Delaware long-arm statute for this Court to assert jurisdiction over WDH A/S in the state of Delaware and, as a consequence, WDH A/S's motion to dismiss for lack of personal jurisdiction should be granted.

Once the court finds that personal jurisdiction over WDH A/S in not authorized by the Delaware long-arm statute, it need not address the constitutional aspect of the jurisdictional question. *Venoco, Inc. v. Marquez*, C.A. No. 02-1685 GMS, 2003 U.S. Dist. LEXIS 7593, at *10-11 (D. Del. May 5, 2003); *Intel*, 20 F. Supp. 2d at 699 ("[T]he Delaware long-arm statute [does not] authorize[] this court to exercise jurisdiction over [the defendant]. Therefore, the court need not analyze whether exercising such jurisdiction would comport with the Due Process Clause."). Nevertheless, as further explained below, exercising jurisdiction would not comport with the Due Process Clause.

## III.    PLAINTIFF CANNOT SATISFY THE JURISDICTIONAL REQUIREMENTS OF THE DUE PROCESS CLAUSE

Subjecting WDH A/S to jurisdiction in Delaware would violate due process. The "constitutional touchstone" of a due process analysis is whether the nonresident defendant has purposefully established "certain minimum contacts with [the forum] such that the maintenance

13

of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To find such "minimum contacts," the Plaintiff must demonstrate either general or specific jurisdiction. *See id.* at 414. Again, as shown below, Plaintiff can do neither.

**A.    Plaintiff Cannot Demonstrate General Jurisdiction Over WDH A/S Under the Due Process Clause**

Courts have set a high standard for plaintiffs seeking to establish general jurisdiction. *See generally id.* at 408. Only if a nonresident defendant's activities in the forum state are "continuous and systematic" is there a constitutionally sufficient basis to warrant jurisdiction over all causes of action asserted against it. *Id.* at 421; *Provident Nat'l Bank*, 819 F.2d at 437; *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952).

In *Helicopteros,* the Supreme Court found that a foreign defendant's general business contacts with the forum state did not rise to the level of "continuous and systematic" despite the fact that the defendant purchased equipment from the forum state, sent personnel for training in the forum state, and sent a corporate officer for contract negotiations in the forum state. *Helicopteros*, 466 U.S. at 416-18. The foreign defendant had never actually performed operations, solicited business, or sold any product that reached the state, and the Court held that the brief presence of employees or minor purchases did not rise to the level of "continuous and systematic general business contacts." *Id.*

Here, WDH A/S has had no contacts with Delaware. *See supra* Section I. There can be no plausible assertion that this Court has general jurisdiction over WDH A/S.

14

992646_1.DOC

**B.    Plaintiff Cannot Demonstrate Specific Jurisdiction Over WDH A/S Under the Due Process Clause**

To invoke specific jurisdiction, a plaintiff must show that a nonresident defendant "has 'purposefully directed' his activities at residents of the forum, . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 486 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and *Helicopteros*, 466 U.S. at 414); *accord 3D Sys.*, 160 F.3d at 1378. The inquiry in a specific jurisdiction analysis concerns (1) the character of the defendant's activity in the forum, and (2) whether the claim arises out of or has a substantial connection with that activity. *See Burger King*, 471 U.S. at 476-77. Again, the plaintiff seeking to invoke jurisdiction has the burden of demonstrating facts justifying the exercise of specific jurisdiction in a given case. *See, e.g., Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *Jeffreys*, 784 F. Supp. at 151.

Here, neither of these requirements is met. Plaintiff does not, and cannot, allege any act or transaction by WDH A/S in or directed at Delaware. As described in detail above, WDH A/S is a Danish holding company for various operating subsidiaries. *See supra* Section I. It does not make, use, offer to sell, sell, or import any products into Delaware or anywhere in the United States. It has done nothing to avail itself of the privilege of conducting activities in Delaware, or to invoke the protection or benefit of Delaware law.

In short, Plaintiff cannot honestly allege that its claim arises out of or has a substantial connection with any activity by WDH A/S in Delaware or that WDH A/S has "purposefully directed" any activities at residents of Delaware. *See Burger King*, 471 U.S. at 472; *accord Red Wing Shoe*, 148 F.3d at 1359.

15

C.    **Jurisdiction over WDH A/S Would Offend Traditional Notions of Fair Play and Substantial Justice**

Even if Plaintiff established sufficient "minimum contacts" between WDH A/S and Delaware for this Court to exercise jurisdiction, to do so would violate the Due Process Clause's requirement that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros*, 466 U.S. at 414 (quoting *Int'l Shoe*, 326 U.S. at 316). This analysis requires a balancing of the burden on the defendant in having to defend itself in the forum state, the interests of the forum state in resolving controversies flowing from in-state events, and the Plaintiff's interest in a convenient forum. *Burger King*, 471 U.S. at 477. Considering these factors, one sees the inherent unfairness of hauling WDH A/S into a Delaware court to participate in an action brought by Plaintiff.

WDH A/S has just nine employees, all of whom reside outside the United States. (Jacobsen Decl. ¶ 3) (Exhibit 1). To require a company with so few employees to defend itself in an unfamiliar forum with which it has no contacts would be unduly burdensome. Moreover, Plaintiff has also named Oticon A/S, Oticon Inc., Bernafon AG, and Bernafon LLC as Defendants in this action. Oticon A/S has over 1000 employees and at the end of December 2004 had a total equity of over $100,000,000 USD. (Jacobsen Decl. ¶ 25) (Exhibit 1). Oticon Inc. has over 350 employees and at the end of 2004 had a total equity of over USD $35,000,000. (*Id.* ¶ 26.) Bernafon AG has over 100 employees and at the end of 2004 had a total equity of nearly USD $100,000,000. (*Id.* ¶ 27.) Bernafon LLC has about 20 employees and at the end of 2004 had a total equity of over USD $5,000,000. (*Id.* ¶ 28.) WDH, Inc. had a total equity at the end of 2004 of more than USD $21,000,000. (*Id.* ¶ 29.) Should liability be found, Oticon A/S, Oticon Inc., Bernafon AG, Bernafon LLC, and WDH, Inc. would be able to pay any damages assessed against them in this action. And, as a manufacturer, seller, and/or designer, these

16

defendants can provide any potentially relevant documents or witnesses in this action. Thus, maintaining the action against WDH A/S can serve no legitimate purpose for Plaintiff. Correspondingly, dismissing WDH A/S from this action will not prejudice, burden, or harm Plaintiff in any manner.

## CONCLUSION

Plaintiff bears the burden of proving that this Court has personal jurisdiction over WDH A/S. Yet, Plaintiff has not, and cannot, allege a single fact that would support this Court's jurisdiction. WDH A/S does not manufacture, sell, or import products into the United States; does not own or lease any office, property, or facilities in Delaware; has no employees in Delaware; and does not conduct any business in or have any contacts with Delaware. Accordingly, this Court should dismiss the Complaint against WDH A/S for lack of personal jurisdiction.

Respectfully submitted,

October 31, 2005                  By:    /s/N. Richard Powers
                                         N. Richard Powers (#494)
                                         CONNOLLY BOVE LODGE & HUTZ, LLP
                                         The Nemours Building
                                         1007 N. Orange Street
                                         Wilmington, DE 19899
                                         Phone: 302-658-9141

                                         ATTORNEYS FOR DEFENDANT
                                         WILLIAM DEMANT HOLDING A/S

17

425534_1.DOC

OF COUNSEL FOR
WILLIAM DEMANT HOLDING A/S:

John M. Romary, Esq.
C. Gregory Gramenopoulos, Esq.
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

18

## CERTIFICATE OF SERVICE

I, N. Richard Powers, hereby certify that on October 31, 2005, a true and correct copy of the foregoing document was caused to be served in the manner indicated on the attorneys of record at the following addresses:

**VIA HAND DELIVERY**
Richard K. Herrmann, Esquire
Morris James Hitchens
  & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

**VIA HAND DELIVERY**
Richard W. Horwitz, Esquire
Potter Anderson & Corroon LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

**VIA HAND DELIVERY**
Edmond D. Johnson, Esquire
The Bayard Firm
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899

**VIA HAND DELIVERY**
Barry M. Klayman, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE 19801

**VIA HAND DELIVERY**
Mary B. Graham, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

/s/ N. Richard Powers
N. Richard Powers (#494)