**EXHIBIT A-15**





AMERICAN HEARING AID ASSOCIATES

☑ News and Information  ☑ Hearing Aid Products  ☑ Service Plans  ☑ Find a Provider  ☑ Careers at AHAA

☐ Contact Us
☐ About AHAA
☐ Professionals
☐ FAQ's
☐ Search

- Find a Provider

  - What's an Audiologist?
  - About AHAA
  - Patient's Bill of Rights
  - What's a hearing evaluation?

  - Hearing Loss
  - Hearing Aids
  - Children
  - General Information
  - Site Map
  - Links



To zoom in or out on the location click on the zoom bar below the map. To pan North, South, East, or West click on the map border.

To see details about a practice, click on the red number to the left of the practice in the list below or click on the corresponding numbered red dot on the map.



© 2005 InfoNow Corp.; © 2005 MapQuest.com, Inc.

AHAA's Hearing Network

Zoom Out    map size    Zoom In

— ○   ○   ○   ○   ○   ○   ○   ○  ＋
  50  20  10   5   3   2   1  0.7

MILES

Displaying page 1 of 5

☐ **Next Page**

| Location # | Practitioner | Practice Name | Address | Phone | Contact | Distance |
|---|---|---|---|---|---|---|
| ❶ | Nick Mans | Christiana Care Physical Therapy Plus | 300 Biddle Avenue, Suite 101 Newark, DE 19702 | 302.838.4700 | Contact | 33.26 mi. |
| ❷ | James Tyler | Delaware Hearing Consultants | Suite 28 Newark, DE 19702 | (302) 836-9870 | Contact | 33.26 mi. |
| ❸ | Mary Ann Gaskin | Bayside Health Association | 1535 Savannah Road Lewes, DE 19958 | (302) 645-4700 | Contact | 33.81 mi. |
| ❹ | Jennifer Lantz | Chesapeake Ent | 111 West High Street, Suite 303 Elkton, MD 21921 | 410.398.6570 | Contact | 35.39 mi. |
| ❺ | Karen Bauman | Sound Advice Hac, Llc | 1180 Karin Street Vineland, NJ 08360 | (856) 205-1009 | Contact | 36.47 mi. |

☐ **Next Page**

Displaying page 1 of 5

AHAA's Hearing Network

All rights reserved. Use subject to License/Copyright.

New Search   Revise Search

Referral Management Services by InfoNow Corporation, Copyright ©2005.

**EXHIBIT A-16**

(<img src="http://www.delawarehearingconsultants.com/nss-folder/pictures/1DEHearingConsult_06.jpg">    - ) Products/S...    Page 1 of 3



Home
Info About Hearing Loss
About Us
Products/Services
New Patients

*Enjoy all the* **Sounds** *of your life*

**Products/Services**

*800.886.9871 | 302.836.9870 | delhrcon@aol.com*
*Peoples Plaza, Suite 28 | Newark, DE 19702*

## Products

### Hearing Aids

**Behind-The-Ear (BTE)** instruments are appropriate for hearing losses from mild to profound. Directional microphones, multiple listening programs and a telecoil for compatibility are available for these models. This style is best suited for pediatric patients and individuals with excessive moisture and accumulative cerumen (ear-wax). An ear mold is required for these aids.



A custom **In-The-Ear (ITE)** hearing aid fills the outer portion of the ear and is appropriate for mild to severe hearing losses. Features can include directional microphones, multiple listening programs, and a telecoil.



The **In-The-Canal (ITC)** style-hearing instrument is a smaller model than the full-shell ITE and is appropriate for hearing losses from mild to moderately severe. Options are limited due to size restrictions. Good manual dexterity is more important for this style.



The **Completely-In-The-Canal (CIC)** hearing aid is almost invisible. If cosmetic appeal is important, many have found this to be the best device for them. The appropriateness of this style hearing aid is limited based on a persons degree of hearing loss and manual dexterity.



(<img src="http://www.delawarehearingconsultants.com/nss-folder/pictures/1DEHearingConsult_06.jpg">

**Brands**

| **Oticon • Syncro** | **Siemens Acuris** | **Starkey Axent Digital** | **Widex Senso Diva** |
|---|---|---|---|
| **Canta** | **Siemens Triano** | **Phonak** | **GN ReSound** |
| **Interton** | **Sonovation** | | |

**Battery Ordering Information Sheet**

## Services

**Our Services Include:**

- Free Inital Hearing Consultations
- Diagnostic Hearing Evalutions: Pediatric through Adult
- Hearing Aid Sales, including all of the latest technology
- Hearing Aid Service and Repairs on all makes and models
- Hearing Maintenance Plan
- Custom Swim and Hearing Protection Plugs
- Assistive Listening Devices
- Telecommunication Devices for the Hearing Impaired
- Hearing Aid Battery Recycling Program

*Hours Of Operation*

*Monday, 1:00 p.m.–5:00 p.m.*

*Tuesday, 9:00 a.m.–5:00 p.m.*

*Wednesday, 9:00 a.m.–6:30 p.m.*

*Thursday, By Appointment Only*

*Friday, 9:00 a.m.–4:00 p.m.*

*Saturday, 9:00 a.m.–1:00 p.m.*

(<img src="http://www.delawarehearingconsultants.com/nss-folder/pictures/IDEHearingConsult_06.jpg">

*Cash, Checks, Money Orders, and All Major Credit Cards Accepted*

  

**Thorough Hearing Aid Evaluation & Counseling**

Home | Info About Hearing Loss | About Us | Products/Services | New Patients

Site Manager Sign In

Powered by | Verizon **superpages**.com

# EXHIBIT A-17

HCL

# Find a Hearing Care Center near you!



*The hearing care professionals that are listed within the US Hearing Center Locator represent an overview of currently active Oticon distributors trained in fitting Oticon products. This list does not necessarily represent an exhaustive list of hearing care professionals in your area.*

**Disclaimer    Tip a friend**

Street address

City

State

Delaware(DE)

Zip Code

Choose search radius (miles):

20

Get info

## How to use the locator

Use the locator to find a Hearing Care Center near you.

Enter your state and zip code (minimum information required) in the appropriate fields on the left and click "Get info". You can also change the search radius if needed.

You will be presented with a list of the Hearing Care Centers in your local area plus a map showing the location of each. Detailed information regarding these centers will also be provided.

Click here to return to Oticon Website

Copyright © 2003 by Oticon A/S

**EXHIBIT A-18**

# Find a Hearing Care Center near you!



» New search   » Large map size   » Print-friendly version

Choose search radius (miles):

20

| Hearing Center | Street Address | Contact Information | Services |
|---|---|---|---|
| 1 Bayside Health Association | 1535 Savannah Rd 19958-1611 Lewes (DE) | Tel: 302-875-2969 Fax: 302-645-6285 | ▪ 🖪 Ⓦ |

# How to use the locator

**Zoom**
You are able to zoom in and out by using the plus and minus buttons on the left side of the map.

**Map**
You are able to move around the map by clicking the arrows that border the map on your screen. Please note that a larger map size and a print-friendly version is available by clicking the links beneath the map.

**Hearing Center Icons**
Please note the following icons next to the each Hearing Care Center. Click on them for the following information:

▪ Show this Hearing Care Center on the map

🖪 Driving Directions

Ⓦ Website of Hearing Care Center

✉ Contact the Hearing Care Center by email

Please note: Not all centers have websites or email addresses.

HCL

HCL

Disclaimer    Tip a friend

Click here to return to
Oticon Website

Copyright © 2003 by Oticon A/S

EXHIBIT A-19

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

**CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY**

CONNECTICUT SECRETARY OF STATE

**Company Name:** AMERICAN HEARING AID ASSOCIATES, INC.

**Name Comment:** DUNS NO. 926085077

**Business Address:**
  1380 WILMINGTON PIKE
  WEST CHESTER, PA 19380

**Type:** CORPORATION

**Status:** ACTIVE

**Filing Date:** 5/6/2002

**State or Country of Incorporation:** PENNSYLVANIA

**Registered Agent:** C T CORPORATION SYSTEM

**Registered Office:**
  ONE COMMERCIAL PLAZA
  HARTFORD, CT 06103

**Other Name Information:**
  AMERICAN HEARING AID ASSOCIATES, INC.
  Type: HOME STATE

**Internal Number:** 713791

**Annual Report:**
  Date Due: 5/6/2003

**Officers, Directors:**
  NEILS JACOBSEN
  1380 WILMINGTON PIKE
  WEST CHESTER, PA 19380
  DIRECTOR


  DAVID FOULKE
  1380 WILMINGTON PIKE
  WEST CHESTER, PA 19380

CONNECTICUT SECRETARY OF STATE


SECRETARY


VINCENT RUSSOMAGNO
1380 WILMINGTON PIKE
WEST CHESTER, PA 19380
PRESIDENT

**History:**
File Date: 5/6/2002
Type: MISCELLANEOUS
Comments: CERTIFICATE OF AUTHORITY

107F89

********** Print Completed **********

Time of Request:   July 26, 2005  10:13 PM EDT

Print Number:      1861:54379181
Number of Lines:   59
Number of Pages:

  Send To:  BUROKER, BRIAN
            HUNTON & WILLIAMS
            1900 K ST NW STE 1200
            WASHINGTON, DC 20006-1109

EXHIBIT A-20



HUNTON & WILLIAMS LLP
1900 K STREET, N W
WASHINGTON, D.C. 20006-1109

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

BRIAN M. BUROKER
DIRECT DIAL: 202-955-1894
EMAIL:  bburoker@hunton.com

FILE NO: 66718 000002

November 8, 2005

**Via E-Mail**

John M. Romary, Esq.
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Re:    Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al.,
       Civ. Action No. 1:05-cv-422, District Court of Delaware

Dear John:

We are writing to request that William Demant Holding A/S agree to cooperate with Energy
Transportation Group in providing some limited jurisdictional discovery.  This letter outlines
our proposal on the timing, scope of jurisdictional discovery and confidentiality protections
without having to seek court relief on those fronts, this letter outlines Plaintiff's proposal on
those fronts.

<u>Timing</u>

Within three days of the filing (and electronic receipt of such filing through the Court's e-filing
system) of a stipulation with the Court memorializing the parties' agreements set forth herein,
ETG will serve discovery requests consistent with the scope of jurisdictional discovery agreed
to by the parties.  Within a period of days agreed between us, William Demant Holding A/S
("WDH A/S") will produce all documents covered by the requests.  In an effort to move this
issue along, we propose 15 days, but if you believe more time is needed, then please provide a
counter-proposal.  Within 10 days after documents are received by ETG, WDH A/S agrees to
make one or more WDH A/S corporate representatives available for deposition on back-to-
back days or time slots to cover the jurisdictional topics as well as the efforts undertaken by
WDH A/S to collect the documents and other information provided.  WDH A/S would
stipulate to an extension on  ETG's opposition to the WDH A/S motion to dismiss until 15
days after the conclusion of the depositions contemplated in this paragraph.



John M. Romary, Esq.
November 8, 2005
Page 2

Confidentiality

As for confidentiality, ETG would agree that any documents or other information provided by WDH A/S will be treated as outside attorneys' eyes only (and its consulting independent experts) and to be used only for purposes of the opposition to the jurisdictional dismissal motion unless the Court finds jurisdiction over WDH A/S, in which case, the terms of a Protective Order governing the use of information produced would govern use of the material.

In addition, ETG agrees that it would not disclose such information to any other party absent WDH A/S's written consent or an order of a court or other similar authority (such as the provisions of a Protective Order entered in this case) and in such an event, will not do so without providing WDH A/S advanced written notice of a motion to enable RTI to object to the disclosure, except to the extent necessary to oppose the jurisdictional dismissal motion. By producing the information, ETG agrees that WDH A/S may thereafter seek any protective order as it may deem necessary pertaining to the use, at court hearing, of such answers and items upon the issue of personal jurisdiction, in the event the parties are later unable to resolve the issue of personal jurisdiction without the necessity of a court ruling. If this procedure is agreeable to you, please notify me accordingly. If you wish to suggest another alternative that would permit Plaintiff to obtain necessary information and documentation and satisfy any concerns of confidentiality and discovery scope, please forward me such proposal.

Scope of jurisdictional discovery

For your consideration in this matter, the information and documentation which Plaintiff will initially be seeking regarding the issue of personal jurisdiction include:[1]

      1.      All documents reflecting any efforts by WDH A/S to cause, urge, and/or encourage any of its subsidiaries or members thereof[2] to make, use, offer

---

[1] Pertaining to any time during the time period 2000-2005.

[2] Subsidiaries" as used in all these discovery items, unless stated otherwise, pertains solely to Oticon A/S, Oticon, Inc., Bernafon AG, Bernafon LLC, and American Hearing Aid Associates.

HUNTON&
WILLIAMS

John M. Romary, Esq.
November 8, 2005
Page 3

    to sell, or sell within North America,[3] the U.S., and/or Delaware the
    "Products in Question"[4] and/or hearing aid devices;

2.    All documents reflecting any efforts by WDH A/S to direct and/or
    control any subsidiary's activities which (activities) are/were related to
    making, using, offering to sell, or selling within North America, the

---

[3] North American directed actions are relevant because the U.S. is obviously within North America and is by far the largest economic market in said region and has a population of more than twice that of Canada and Mexico combined. Thus, large deliveries into "North America" or Canada or Mexico, particularly when the deliveries are to areas close to the U.S. border, are relevant to whether Defendant should have anticipated that the products would be delivered to the U.S. U.S. contacts (contrasted to Delaware contacts) are relevant as to which States the distribution channels are directed (e.g., large distributions into Maryland, particularly if the distribution center had a title such as "Eastern U.S. Distribution Center," would be relevant to anticipated distribution into Delaware).

[4] "Products in Question" as used in all these items, unless stated otherwise, means: SwissEar[TM] hearing aid products, Symbio XT hearing aid products, Smile Plus hearing aid products, Neo hearing aid products, Flair hearing aid products, WIN hearing aid products, Audioflex hearing aid products, Tego hearing aid products, Tego Pro hearing aid products, Syncro hearing aid products, Syncro 2 hearing aid products, Adapto[TM] hearing aid products, Gaia hearing aid products, Atlas hearing aid products, Sumo DM hearing aid products, and hearing aid products which:

(1)    determine the effect of feedback on a signal and reduce acoustic feedback by, in whole or in part, use of a programmable filter;

(2)    provide, or contain a device or devices which provide(s), different outputs in response to different levels of speech signals in excess of noise signals; and/or

(3)    have the capability of adjusting the amplitude and phase characteristics of each of a plurality of microphone channels and summing the outputs of said microphone channels and have a filter with the capability of being programmed to impart to a hearing aid at least one response characteristic intended to be effective to compensate for impaired hearing of the wearer of the aid and to reduce the effects of both noise and reverberation.



John M. Romary, Esq.
November 8, 2005
Page 4

U.S., and/or Delaware or importing into North America, the U.S., and/or Delaware the "Products in Question" and/or hearing aid devices;

3.    Describe in detail the occasion(s) upon which Defendant first received notice(s) (including but not limited to through its participation in HIMPP[5] including but not limited to Defendant's directors' and/or officers' participation on the board of directors of HIMPP) of each of the patents in suit,[6] including any applications that matured into the patents in suit and the subsequent issuance of those patents, including without limitation the dates and the persons involved in receiving the notice, and state in detail all steps taken by Defendant in response to such notice, including without limitation any analyses of infringement, validity, or enforceability of the patents in suit, and any advice of counsel obtained relating to the patents in suit;

4.    Describe in detail Defendant's knowledge, prior to the filing of the present lawsuit, of each of the patents in suit, including any applications that matured into the patents in suit and the subsequent issuance of those patents, and state the dates such knowledge was obtained, how such knowledge was obtained, and the persons involved in the transmission and receipt of such knowledge;

5.    All documents which reflect Defendant's knowledge, prior to the filing of suit, of how any of its subsidiaries' products or services aid a user in hearing;

6.    All documents sufficient to identify all Delaware customers of WDH A/S and/or any of its subsidiaries, including all customers for hearing aid related products;

---

[5] As used herein, "HIMPP" refers to Hearing Implementation Manufacturers Patent Partnership.

[6] "Patents in suit" means U.S. Patent No. 4,731,850 and U.S. Patent No. 4,879,749.



John M. Romary, Esq.
November 8, 2005
Page 5

7.  All documents regarding those customers (including but not limited to correspondence with same) and/or sales and/or shipments to same;

8.  All documents and information pertaining to any license or indemnity agreements between WDH A/S and any entities in the distribution channel;[7]

9.  All documents reflecting knowledge by WDH A/S as to any geographic location where WDH A/S or any of its subsidiaries was aware any of its products were distributed or to be distributed, whether to an ultimate consumer or during any stage of the distribution channel;

10. All documents of WDH A/S or any of its subsidiaries containing reference to Delaware and/or any geographic area (including but not limited to the World, U.S., and/or Mid-Atlantic region) which is an area which includes the State of Delaware,[8] including but not limited to correspondence (from or to WDH A/S or its subsidiaries; including e-mails) shipping manifests, marketing proposals, market analysis reports advertisements, etc.;

11. Listing of all States to which WDH A/S is aware that products of WDH A/S and/or any of its subsidiaries have been distributed to end users or to entities who directly provide the products to end users, regardless whether those products were contained within another entity's product at that time;

12. The relationship between WDH A/S and all entities in the distribution channel, known to WDH A/S (e.g., whether a parent-subsidiary or similar relationship exists, whether similar owners, directors, officers, etc. are common to the companies, the length of the relationship between

---

[7] As used herein, "distribution channel" refers to the distribution channel for any product of WDH A/S and/or any of its subsidiaries, unless otherwise stated.

[8] The relevancy of such materials is obvious; material referring to business conducted "throughout the World," "throughout the U.S.," "throughout the Mid-Atlantic States," etc. would necessarily include Delaware.



John M. Romary, Esq.
November 8, 2005
Page 6

the companies, the extent of contacts between the companies, the existence, and substance, of any written agreements between the companies);

13. The knowledge by WDH A/S as to the nature and extent of the distribution channel of WDH A/S's or any of its subsidiaries' products;

14. All documents pertaining to WDH A/S's and/or any of its subsidiaries' contribution, financially or otherwise, to any advertisement and/or promotion which relates to any business engaged in by WDH A/S and/or any of its subsidiaries, including but not limited to advertisements for the hearing aid industry generally;

15. All information and documents pertaining to WDH A/S's and/or any of its subsidiaries' sales efforts toward Delaware and/or any geographic area that would include Delaware (including but not limited to "Mid-Atlantic States"), including but not limited to sales solicitations, sales presentations, trade shows, and trips to Delaware by employees;

16. All documents sufficient to identify the identity, title, and/or duties of any WDH A/S's and/or any of its subsidiaries' employee, sales agent, or distributor (regardless whether such sales agent or distributor is an employee or not) whose title and/or duties include reference to or pertain to Delaware and/or any geographic area that would include Delaware (including but not limited to "Mid-Atlantic States");

17. All documents sufficient to identify all personal and/or real property in Delaware that is/was owned by WDH A/S and/or any of its subsidiaries at the time such property was located in Delaware;

18. All documents sufficient to identify any employees (in their capacity as an employee of WDH A/S and/or any of its subsidiaries; i.e., not on their personal time), offices, facilities, or equipment of WDH A/S who/that is, or has been, maintained in Delaware or ever entered, or has entered, Delaware -- and the purpose of such maintenance and/or entrance;

19. All correspondence from or to WDH A/S and/or any of its subsidiaries from or to any individual or entity who was (at the time of the



John M. Romary, Esq.
November 8, 2005
Page 7

communication) located in Delaware, including but not limited to communication provided as part of any customer service effort by WDH A/S and/or any of its subsidiaries;

20.    All records of WDH A/S and/or any of its subsidiaries related to telephone numbers recorded in any tangible form by WDH A/S and/or any of its subsidiaries during the relevant time frame, excluding those records which pertain to telephone numbers which unquestionably are not Delaware telephone numbers;

21.    All documents sufficient to identify the identity, and/or job title(s) of the person(s) who determined that the statement, "Today the sale of William Demant products to AHAA's members is moderate, but sales are expected to increase in the years to come" would be a part of the directors' report contained at http://www.reports.demant.com/Investor/report_01/directors_report.htm; all documents upon which were relied in determining the content of that statement; and the information known by such person(s) which said person(s) considered when determining the content of that statement;

22.    All documents sufficient to identify the identity and/or job title(s) of the person(s) who determined that the statement, "The Group's investment amounts to USD 50 million and will improve distribution on the North American market" would be a part of WDH A/S's Interim Report 2001; all documents upon which were relied in determining the content of that statement; and the information known by such person(s) which said person(s) considered when determining the content of that statement;

23.    All documents sufficient to identify the identity and/or job title(s) of the person(s) who determined that the statement, "Today sales of William Demant products to AHAA members are moderate, but over the next few years they are expected to account for an increasing share of AHAA sales" would be a part of WDH A/S's Interim Report 2001; all documents upon which were relied in determining the content of that statement; and the information known by such person(s) which said person(s) considered when determining the content of that statement;

HUNTON&
WILLIAMS

John M. Romary, Esq.
November 8, 2005
Page 8

24. All documents related to WDH A/S's and/or any of its subsidiaries' activities with AHAA,[9] reports received from AHAA, and/or correspondence between WDH A/S (and/or any of its subsidiaries) and AHAA;

25. All communications between WDH A/S (and/or any of its subsidiaries) and any health care providers (including those providers who render care for hearing loss or other hearing difficulty) located in Delaware;

26. All document sufficient to identify any identifying marks on any WDH A/S's and/or any of its subsidiaries' hearing aid-related products (regardless of size), including but not limited to company or product name, company or product symbol, serial number;

27. All documents sufficient to identify any brand names registered by WDH A/S and/or any of its subsidiaries in Delaware;

28. A printout of the results from electronic searches of all email servers of and other computer systems of WDH A/S and its subsidiaries for the term "Delaware" or "DE" (which might be from an address); and

29. Deposition(s) to cover (a) information, including that not reflected in a document, on each of the topics identified above, (b) the contents and subject matter of documents produced related to each category, and (c) efforts done to locate documents related to any of the above.

Thank you for your consideration of these matters, and I look forward to hearing from you shortly. If you have any questions as to these topics, please feel free to contact me as well.

---

[9] As used herein, "AHAA" means American Hearing Aid Associates, Inc.



John M. Romary, Esq.
November 8, 2005
Page 9

Sincerely,

Brian M Buo

Brian M. Buroker

**EXHIBIT A-21**

PAGE 1/2  RCVD AT 11/9/2005 2:06:13 PM [Eastern Standard Time] , SVR:MARKETFAX/11 , DNIS:22201 , CSID:2024084010 , DURATION (mm-ss):01-26



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

901 New York Avenue, NW ■ Washington, DC  20001-4413  ■  202.408.4000  ■  Fax 202.408.4400
www.finnegan.com

## FACSIMILE TRANSMITTAL

TO

Name: Brian M. Buroker
Company: Hunton & Williams
Fax Number: (202) 778-2201
Subject: Energy Transportation Group, Inc. v.
Sonic Innovations, Inc. et al.

Date: November 9, 2005
Phone Number: (202) 955-1500
Total Pages (including cover): 2
Confirmation Copy to Follow:  No

## FROM

Name: John M. Romary
Phone Number: (202) 408-4010

## MESSAGE

Please see enclosed.

If there is a problem with this transmission, notify the sender at the number above.

This facsimile is intended only for the individual to whom it is addressed and may contain information
that is privileged, confidential, or exempt from disclosure under applicable law. If you have received
this facsimile in error, please notify the sender immediately by telephone (collect), and return the
original message by first class mail to the above address.

PAGE 2/2  RCVD AT 11/9/2005 7:28:13 PM [Eastern Standard Time] * SVR:RIGHTFAX/11 * DNIS:22201 * CSID:2026083400 * DURATION (mm-ss):01-26



901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

JOHN M. ROMARY
(202) 408-4310
john.romary@finnegan.com

November 9, 2005

Brian M. Buroker, Esq.
Hunton & Williams
1900 K Street, N W
Washington, DC 20006-1109

Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al
Civil Action No. 05-CV-422-GMS, District Court of Delaware

Dear Brian:

Thank you for your letter of November 9, 2005 requesting expansive jurisdictional discovery.

As noted in our brief, to the best of our knowledge plaintiff does not have, and cannot possibly have, any *prima facie* evidence that WDH A/S has committed the tort of patent infringement within the State of Delaware or otherwise is subject to personal jurisdiction in Delaware. Thus, WDH A/S views plaintiff's claim as 'clearly frivolous.' And, in accordance with *Telcordia Technologies, Inc. v. Alcatel S.A. et al.*, No. Civ.A. 04-874 GMS, 2005 WL 1268061 (D. Del. May 27, 2005), in the face of a 'clearly frivolous' claim, a 'fishing expedition' such as that proposed by your letter is inappropriate.

Accordingly, WDH A/S respectfully declines to voluntarily participate in any jurisdictional discovery, much less the patently burdensome discovery proffered in you letter.

With best personal regards,

Sincerely,

John M. Romary

JMR/cgg

932876_1

Washington, DC ■ Atlanta, GA ■ Cambridge, MA ■ Palo Alto, CA ■ Reston, VA ■ Brussels ■ Taipei ■ Tokyo