# EXHIBIT D

Case 1:05-cv-00422-GMS   Document 89-10   Filed 11/15/2005   Page 1 of 8

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 31356302 (E.D.Pa.)  
(Cite as: 2002 WL 31356302 (E.D.Pa.))

Page 1

H  
Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.  
Ronald A. KATZ, Technology Licensing, L.P., Plaintiff,  
v.  
VERIZON COMMUNICATIONS, INC., and Cellco Partnership d/b/a Verizon Wireless, Defendants.  
No. CIV.A. 01-5627.

Oct. 16, 2002.

Patent holder brought infringement action against competitor. On patent holder's motion to compel production of documents and certain depositions, the District Court, Newcomer, Senior Judge, held that: (1) discovery into alter-ego or piercing the corporate veil claim was not warranted; (2) parent corporation was required to produce documents dealing with its role in provision of services utilizing patented technology; (3) documents concerning provision of services using patented technology by parent's subsidiaries was not relevant to either agency or inducement theory; and (4) deposition of president and vice-chairman of parent corporation would not be compelled.

Motion granted in part and denied in part.

West Headnotes

[1] Patents ⚷292.4  
291k292.4 Most Cited Cases  
Discovery into alter-ego or piercing the corporate veil claim was not warranted, in patent infringement suit against parent corporation and subsidiary, since patent holder did not allege that piercing the corporate veils of parent's subsidiaries was necessary to prevent fraud, injustice, illegality, or criminal conduct. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

[2] Corporations ⚷289  
101k289 Most Cited Cases

[2] Patents ⚷287(5)  
291k287(5) Most Cited Cases  
One corporation whose shares are owned by a second corporation does not, by that fact alone, become the agent of the second company; however, a corporation may be liable for patent infringement if it is directing the specific actions of the alleged agent. 35 U.S.C.A. § 271(b).

[3] Patents ⚷259(1)  
291k259(1) Most Cited Cases  
Any party who induces patent infringement may be liable as if they themselves had infringed. 35 U.S.C.A. § 271(b).

[4] Patents ⚷292.3(2)  
291k292.3(2) Most Cited Cases  
Parent corporation was required to produce documents dealing with its role in provision of services utilizing patented technology, including communications and directives by high ranking employees of parent regarding provision of services that could have infringed on patents, since documents were aimed at discovering conduct on part of parent that either induced infringement by subsidiary or directed subsidiary to infringe. 35 U.S.C.A. § 271(b).

[5] Patents ⚷292.3(2)  
291k292.3(2) Most Cited Cases  
Patent holder's request for documents concerning provision of services using patented technology by parent's subsidiaries was not relevant to either agency or inducement theory, in infringement lawsuit against parent, since requests placed undue burden on parent, in that parent would have been required to search files of hundreds of subsidiaries who were not parties to action, and documents sought would have, at best, shown that non-party, a subsidiary, infringed on patent, consequently, burden placed on parent of producing those documents outweighed their usefulness. 35 U.S.C.A. § 271(b).

[6] Patents ⚷292.3(2)  
291k292.3(2) Most Cited Cases  
Discovery of inconceivable number of documents pertaining to structure and management of parent's subsidiaries would not be compelled, in patent infringement lawsuit alleging inducement, since vast majority of those documents had no role in leading to discovery of evidence relevant to patent infringement or inducement; substantial effort would have been required to produce those voluminous documents representing undue burden on parent and requests would have forced parent to produce documents not

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00422-GMS   Document 89-10   Filed 11/15/2005   Page 3 of 8

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2002 WL 31356302 (E.D.Pa.)
**(Cite as: 2002 WL 31356302 (E.D.Pa.))**

in its possession, but in possession of its subsidiaries. 35 U.S.C.A. § 271(b).

**[7] Patents ⚖ 292.2**
291k292.2 Most Cited Cases
Deposition of president and vice-chairman of parent corporation would not be compelled, in lawsuit alleging patent infringement on inducement theory, since burden that attending deposition would have had on president significantly outweighed any benefit deposition would have provided to patent holder; president had very busy schedule and traveled extensively, he could not provide any relevant information, and patent holder failed to utilize other available but less intrusive means of discovery. 35 U.S.C.A. § 271(b); Fed.Rules Civ.Proc.Rule 26(b)(2), 28 U.S.C.A.

**[8] Patents ⚖ 292.2**
291k292.2 Most Cited Cases
Managing agents of subsidiaries, who were not parties, could not be compelled to give depositions, in patent infringement lawsuit brought against parent on inducement theory, since parent was not required to produce for deposition a person who was not a party, managing agents did not exercise any managerial control over parent, and subsidiaries did not have direct relationship with parent. 35 U.S.C.A. § 271(b).

**[9] Patents ⚖ 292.2**
291k292.2 Most Cited Cases
Deposition directed toward discovery of parent corporation's role in directing company-wide or nationwide activity was reasonably calculated to lead to evidence that could support both agency and inducement theory of liability, in lawsuit alleging patent infringement, since those actions went to heart of any agency liability or inducement of infringement. 35 U.S.C.A. § 271(b); Fed.Rules Civ.Proc.Rule 30(B)(6), 28 U.S.C.A.

NEWCOMER, S.J.

*OPINION*
*1 Currently before the Court is the Plaintiff Ronald A. Katz Technology Licensing, L.P.'s (hereinafter referred to as RAKTL) Motion to Compel Discovery from Defendant Verizon Communications Incorporated (hereinafter referred to as VCI). The Plaintiff seeks to compel the production of documents and certain depositions. For the reasons stated below, RAKTL's motion is granted in part, and denied in part.

I. *BACKGROUND*

RAKTL brought this suit alleging the infringement of fourteen patents in the area of interactive telephone technology. RAKTL named two defendants, Cellco Partnership and VCI. VCI moved for Summary Judgment on the grounds that it is merely a **holding company**, and therefore, does not provide any services that make use of the alleged technology. This Court allowed RAKTL limited discovery into the issues raised in VCI's Motion for Summary Judgment. *Ronald A. Katz Technology v. Verizon Communications Incorporated,* No. 01-CV-5627 (E.D.Pa. filed Jan. 23, 2001)(ordering limited discovery).

Following this order RAKTL sought extensive discovery from VCI. RAKTL noticed the depositions of fourteen potential witnesses, requested a deposition under Federal Rule of Civil Procedure 30(b)(6) on a total of twenty-two topics, and made over fifty-eight document requests. A dispute arose over the propriety of these requests, leading to the current motion. In its motion, RAKTL seeks to compel the production of documents in response to 23 of its document requests. Further, RAKTL seeks to compel the depositions of three witnesses: Lawrence T. Babbio, Bruce S. Gordon, and Timothy McCallion. The motion also seeks to compel a deposition pursuant to rule 30(b)(6) as to "VCI's involvement in and coordination of the development and imposition of nationwide or company-wide standards or goals for the provision of any aspect of any Verizon Accused Service." Plaintiff's Motion to Compel Appendix A, *RAKTL v. VCI,* (E.D.Pa.2002)(01-CV-5627). We now turn to the merits of RAKTL's motion to compel this discovery.

II. *LEGAL STANDARDS*

Resolving discovery disputes is the responsibility of the District Court. "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1)(2002). While the scope of discovery under this rule is broad, it is far from unlimited. The rule requires the District Court, when considering a motion to compel, to determine whether the material sought is relevant to the "subject matter of the litigation." *See United Steelworkers of Am. v. Allegheny Ludlum Corp.,* 2002 WL 31002836(W.D.Pa.2002)(stating that a court must determine what is properly part of the litigation). The court must prevent discovery from being used as a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 3
Not Reported in F.Supp.2d, 2002 WL 31356302 (E.D.Pa.)
**(Cite as: 2002 WL 31356302 (E.D.Pa.))**

fishing expedition. *Zuk v. Eastern Pa. Psychiatric Institute,* 103 F.3d 294, 299 (3d Cir.1996).

In addition to limiting discovery to material relevant to the subject matter of the litigation, Rule 26 provides for further limitations. A court may limit discovery when it is "obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(2002). In addition, discovery should not be allowed when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(2002).

### III. RAKTL'S LEGAL THEORIES IN RESPONSE TO VCI'S MOTION

*2 We first turn to the legal claims raised by RAKTL in order to determine what discovery is relevant to the subject matter of this action. This should not be confused as an inquiry into the merits of these claims. At this stage the issue is not whether a party may ultimately prevail on a theory, but whether the allegations are sufficient to justify the discovery sought. *Jackam v. Hospital Corp. of Am. Mideast, Ltd.,* 800 F.2d 1577, 1579-80 (11th Cir.1986); see *In re Towner Petroleum Co. Securities Litigation,* 1986 WL 2444 at *4(E.D.Pa.1986).

RATKL seeks discovery to support the imposition of parental liability of VCI. RAKTL appears to accept the basic premise of VCI's Summary Judgment Motion, that VCI does not directly provide any services which could infringe on RACKTL's patents. Rather, if there was any infringement it occurred through subsidiaries of VCI. RAKTL claims that three theories are at issue in this case that cause VCI to be liable for the actions of its subsidiaries. First, RAKTL claims that VCI is liable for infringement as the alter-ego of its subsidiaries, a theory also commonly referred to as piercing the corporate veil. [FN1] Second, it claims that VCI is liable under an agency theory. Specifically, RAKTL claims that VCI's subsidiaries were acting as agents of VCI when they allegedly infringed on RAKTL's patents. Third, RAKTL claims that VCI is liable because they induced infringement by its subsidiaries.

> FN1. While the precise nomenclature of the doctrine is not clear, the legal standards governing the doctrine are identical whether courts call it alter-ego liability or piercing the corporate veil. *Phoenix Canadian Oil Co., Ltd. v. Texaco, Inc.,* 842 F.2d 1466, 1476 (3d Cir.1988).

### A. ALTER EGO LIABILITY-PIERCING THE CORPORATE VEIL

The Plaintiff argues that the documents and depositions requested will lead to the discovery of admissible evidence concerning whether VCI is susceptible to alter-ego liability through piercing the corporate veil of its subsidiaries. Holding a parent liable for the actions of a subsidiary is the exception rather than the rule. *United States v. Best Foods,* 524 U.S. 51, 55-56, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). Traditionally, piercing the corporate veil has been an equitable remedy. *Pearson v. Component Tech.,* 247 F.3d 471, 484 (3d Cir.2001). This extraordinary remedy is used "when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime." *Zubik v. Zubik,* 384 F.2d 267, 272 (3d Cir.1967). Further, the fraud that a court seeks to prevent by employing this doctrine must be fraud facilitated by the use of the corporate form. *Id.* at 273 (footnote omitted). See also *American Bell Inc. v. Federation of Tel. Workers of Pa.,* 736 F.2d 879, 889 (3d Cir.1984) (stating that piercing is warranted when a subsidiary "was created merely to avoid the effect of ... laws"); *Operating Engineers Pension Trust v. Reed,* 726 F.2d 513, 515 (9th Cir.1984) (evaluating the "fraudulent intent behind the corporation"); *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1379 (10th Cir.1980)("[a] court will disregard the corporate entity where fraud or illegal or inequitable conduct is the result of the use of the corporate structures").

[1] RAKTL has failed to make sufficient allegations to warrant discovery into an alter-ego/piercing the corporate veil claim. The Plaintiff has never alleged that piercing the corporate veils of VCI's subsidiaries is necessary to prevent fraud, injustice, illegality, or criminal conduct. [FN2] They merely alleged "that VERIZON is a well-coordinated, centrally controlled entity." Plaintiff's Motion to Compel at 10, *RAKTL v. VCI,* (E.D.Pa.2002)(01-CV-5627). The United States Supreme Court has held that a parent corporation's exercise of the level of control normally afforded to stockholders falls short of a justification to pierce the corporate veil. *United States v. Best Foods,* 524 U.S. 51, 61 55-56, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). Moreover, RAKTL has failed to allege, nor could they allege, one of the basic requirements for any equitable remedy, that legal remedies are not sufficient. 19 Am.Jur. 2D, Corporations § 2243 (2002). [FN3] Considering the failure of RAKTL to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00422-GMS   Document 89-10   Filed 11/15/2005   Page 5 of 8

Not Reported in F.Supp.2d                                                                                                Page 4
Not Reported in F.Supp.2d, 2002 WL 31356302 (E.D.Pa.)
**(Cite as: 2002 WL 31356302 (E.D.Pa.))**

properly make these necessary allegations, piercing the corporate veil is not within the subject matter of this case for purposes of Rule 26. See Uttis v. General Motors Corp., 62 F.R.D. 560, 562-3 (E.D.Pa.1974)(refusing to permit discovery into a theory previously not at issue in the case); Abu-Nassar v. Edlers Futures, 1991 WL 45062 at 16 (S.D.N.Y.1991)(finding that discovery on a claim that was not validly alleged was "nothing more than a 'fishing expedition' ").

> FN2. An independent review of RAKTL's complaint finds no allegation of fraud in its pleading. Even under the liberal federal pleading rules, fraud must be plead with particularity. Fed.R.Civ.P. 9(b)(2002). No particular claims of fraud are contained in any of RAKTL's submissions to this Court.

> FN3. In this case, VCI's subsidiaries are capable of paying substantial damages awards. There is no indication that these companies would not be able to compensate RAKTL for any and all damages that were caused by their infringement.

B. *AGENCY LIABILITY*

*3 [2] RAKTL further claims that VCI potentially could be liable because its subsidiaries were acting as agents of the parent corporation. "One corporation whose shares are owned by a second corporation does not, by that fact alone, become the agent of the second company." Phoenix Canadian Oil Co., Ltd. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir.1988). VCI may be liable, however, if it is directing the specific actions of the alleged agent. See Mobil Oil Corp. v. Linear Films, Inc., 718 F.Supp. 260, 272 (D.Del.1989). Any evidence of this direction must be centered around the allegedly infringing transaction. See Id. While there is not sufficient basis to justify discovery into an alter-ego theory, we find that there are sufficiently based allegations to allow RAKTL to pursue discovery into VCI's direction of its subsidiaries with regard specifically to the use of the patented technology.

C. *INDUCING INFRINGEMENT*

[3] The final theory that RAKTL puts forward to justify its requested discovery is that VCI is inducing infringement and is thus in violation of federal law. The Defendant may be liable for infringement if it "actively induce[d] infringement of a patent." 35 U.S.C § 271(b)(2002). Inducement consists of intent and an act that causes, aids, or abets infringement. Water Tech. Corp. v. Calco. Ltd., 850 F.2d 660, 668 (Fed.Cir.1988). The first step in this analysis is to determine whether the requisite intent to aid or abet infringement is present. Symbol Technologies, Inc. v. Metrologic Instruments, Inc., 771 F.Supp. 1390 (E.D.Pa.1991). Under this theory, a party who induces infringement may be liable as if they themselves had infringed, and accordingly this theory is within the subject matter of RAKTL's allegations in this case.

We now turn to the specific requests contained in RAKTL's motion to compel.

IV. *RAKTL'S REQUESTS FOR DISCOVERY*

A. *PRODUCTION OF DOCUMENTS*

*4 [4] RAKTL's requests for the production of documents can be organized into three groups: those dealing with VCI's role in the provision of services utilizing the technology in question (Document requests 8, 9, 10, 11, 22, 33, 34, 46, 57, 58); those dealing solely with VCI's subsidiaries' provision of those services (Document requests 17, 18, 22, 33, 34, 40, 42, 46, 50, 56, 57, 58); and those dealing with the organization of VCI's subsidiaries (Document requests 7, 21, 35, 37, 43, 45, 54). [FN4] The Motion to Compel the first category of documents is granted because these requests seek to discover material relevant to RAKTL's properly alleged claims. The documents responsive to the second two categories, however, will not produce any relevant information as to either RAKTL's agency theory of liability or its theory of inducing infringement. Further, these requests would place an undue burden on VCI. Therefore, the Motion to Compel the production of these documents will be denied.

> FN4. This categorization of the document requests in issue largely follows RATKL's own division. Plaintiff's Motion to Compel at 2, *RAKTL v. VCI,* (E.D.Pa.2002)(01-CV-5627). The Court, however, can not agree with some of RAKTI's characterizations of its requests. For example, RATKL claims that Request Number 21, which asks for all of the documents in Mr. Babbio's possession relating to the provision of wireline services, is a request pertaining to VCI's coordination over the provision of the accused services. In actuality this request seeks to discover *all* of Mr. Babbio's correspondence regarding the provision of almost any service by a VCI

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 5
Not Reported in F.Supp.2d, 2002 WL 31356302 (E.D.Pa.)
**(Cite as: 2002 WL 31356302 (E.D.Pa.))**

subsidiary. Accordingly this request is more properly considered as requesting documents relating to the general organization of VCI and its subsidiaries.

The document requests aimed at discovering information about RAKTL's role in the provision of services using the patented technology are reasonably calculated to lead to admissible evidence. Each of these requests seeks documents from the Defendant VCI, not from its subsidiaries. The documents sought via these requests include communications and directives by high ranking employees of VCI regarding the provision of services that could infringe on the patents-at-issue. [FN5] These documents are aimed at discovering conduct on the part of the Defendant that either induced infringement by a subsidiary or directed a subsidiary to infringe; and therefore could potentially support VCI's liability.

> FN5. An example of these requests reads:
> Request No. 8
> Produce all Communications from any officer or director of Defendant VCI to any Verizon Subsidiary relating to any VERIZON Accused Service.
> Plaintiff's Motion to Compel at Appendix A, *RAKTL v. VCI,* (E.D.Pa.2002)(01-CV-5627).

[5] RAKTL's request for documents concerning the provision of services using patented technology by VCI's subsidiaries are not relevant to either an agency or inducement theory. [FN6] Both of these theories focus on the actions of the Defendant. The documents sought in these requests would at best show that a non-party, a VCI subsidiary, infringed on a patent. They are not relevant to establishing the parental liability of VCI.

> FN6. As stated in section 3.A., *supra,* an alter-ego theory of liability has not been sufficiently alleged to warrant allowing discovery on that basis.

Further, these requests would place an undue burden on VCI. To obtain the requested documents VCI would have to search the files of literally hundreds of subsidiaries who are not even parties to this action. Accordingly, the burden placed on VCI of producing these documents clearly outweighs their usefulness.

Several of the requests at issue, specifically requests 33, 34, 46, 57, 58, are either explicitly or implicitly aimed at documents from both VCI and its subsidiaries, and arguably fall into both of the first two categories. [FN7] To the extent that these requests are aimed at VCI's documents, they seek evidence relevant to the subject matter of the litigation; but to the extent they seek activities undertaken solely by VCI subsidiaries they are not. Accordingly, the Motion to Compel is granted with regard to documents concerning VCI activity; but not as to activity that was exclusively undertaken by its subsidiaries.

> FN7. These requests use terms without specifying, as RAKTL does in other requests, whether they are asking for documents form VCI or VCI subsidiaries. Request Number 58 for example simply states:
> Produce all DOCUMENTS relating to negotiations, agreements,
> and/or contracts with local service providers for use of local networks to provide VERIZON Accused Services.
> Plaintiff's Motion to Compel Appendix A, *RAKTL v. VCI* (E.D.Pa.2002)(01-CV-5627).

[6] The third category of requests are irrelevant to any actual issues in this case, and producing the documents requested would be unduly burdensome on VCI. RAKTL seeks to discover an inconceivable number of documents pertaining to the structure and management of VCI's subsidiaries, including: the names and job descriptions of all the officers and directors of the over one-hundred VCI subsidiaries; organizational charts of each of these subsidiaries; and all documents of VCI and all the minutes from board meetings of VCI relating to the management of those subsidiaries. Plaintiff's Motion to Compel Appendix A, Request Nos. 7, 35, 43,and 54, *RAKTL v. VCI* (E.D.Pa.2002)(01-CV-5627). The vast majority of these documents have no role in leading to the discovery of evidence relevant to patent infringement, let alone VCI's involvement in it.

*5 Moreover, the substantial effort that would be required to produce these voluminous documents represents a undue burden on VCI. Like the previous category, these requests would force VCI to produce documents not in its possession, but in the possession of its subsidiaries. Accordingly, RAKTL's motion to compel these documents is denied.

**B. *DEPOSITION OF MR. BABBIO***

[7] RAKTL asks this Court to compel the deposition of Lawrence T. Babbio, VCI's President and Vice-

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00422-GMS    Document 89-10    Filed 11/15/2005    Page 7 of 8

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31356302 (E.D.Pa.)
**(Cite as: 2002 WL 31356302 (E.D.Pa.))**

Page 6

Chairman. At the current time, the burden that attending a deposition would have on Mr. Babbio significantly outweighs any benefit the deposition would provide to RAKTL. See Fed.R.Civ.P. 26(b)(2)(2002). It appears that Mr. Babbio could not provide any relevant information and that RAKTL has failed to utilize other available means of discovery.

Currently, it is doubtful that Mr. Babbio has any information that would be helpful to RAKTL. In its motion, RAKTL merely states that Mr. Babbio has personal knowledge of highly probative material. Plaintiff's Motion to Compel at 14-15, *RAKTL v. VCI*, (E.D.Pa.2002)(01-CV-5627). RAKTL points to several publically available sources in attempt to support this statement. Theses sources, however, only show that Mr. Babbio is an important executive with high level managerial responsibilities. These sources are entirely consistent with a declaration offered by Mr. Babbio stating that he deals only with general policy and procedures relating to the management of VCI subsidiaries. Defendant's Response Brief, Ex. A ¶ 4, *RAKTL v. VCI* (E.D.Pa.2002)(01-CV-5627). In his declaration he further affirmed that he does not have any knowledge of what technology is used in the provision of any of those subsidiaries' services which may infringe on the patents-at-issue. Defendant's Response Brief, Ex. A ¶ 7, *RAKTL v. VCI* (E.D.Pa.2002)(01-CV-5627).

Forcing Mr. Babbio to attend a deposition would be a large and unnecessary burden. No one disputes that Mr. Babbio has a very busy schedule and travels extensively. Defendant's Response Brief, Ex. A ¶ 10, *RAKTL v. VCI* (E.D.Pa.2002)(01-CV-5627). Moreover, VCI has offered RAKTL other witnesses, including other executives. [FN8] RAKTL's only response to these offers appears to be that these lower level employees do not know the information that RAKTL seeks to discover. However, as stated above, they have not offered any sound basis for concluding that Mr. Babbio has knowledge of any relevant information. Because compelling the deposition of Mr. Babbio would be an undue burden and RAKTL has failed to make use of less intrusive methods of discovery, this portion of RATKL's motion must be denied.

FN8. This court actually ordered that the depositions of three individuals be taken by the middle of August. *Ronald A. Katz Technology v. Verizon Communications Incorporated*, No. 01-CV-5627 (E.D.Pa. filed July 17, 2002)(ordering depositions of Thomas Tualke, Albin Moschner, and William Ball). These deposition were not taken by that deadline.

C. *DEPOSITIONS OF MESSRS. GORDON AND McCALLION*

**\*6** [8] RAKTL's Motion to Compel the depositions of Messrs. Gordon and McCallion is denied because neither of them is a party to this ligation and therefore their depositions may not be noticed. Mr. Gordon is an executive with a Verizon subsidiary, Verizon Services Corporation. Timothy McCallion is an executive of another Verizon subsidiary, Verizon California Incorporated. VCI is not required to produce for deposition a person who is not a party. *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 392 (E.D.Pa.1991).

While RAKTL does not dispute that neither Mr. Gordon, nor Mr. McCallion are officers, directors, or employees of VCI, RAKTL claims, nonetheless, that VCI should make them available for deposition as managing agents. There is no reason to believe that either of these two gentlemen exercise any managerial control over VCI. While they may be managing agents of a VCI subsidiary, this does not give them any direct relationship with the Defendant.

D. *DEPOSITION UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)*

[9] RAKTL requests that this Court compel a deposition regarding Topic Five of "Plaintiff's Notices of Deposition Pursuant to Fed.R.Civ.P. 30(b)(6)." This request is reasonably calculated to lead to evidence that may support both the agency and inducement theory of liability. While this request seeks to discover company-wide or nationwide activity, it is limited to VCI's role in directing that activity. These actions go to the heart of any agency liability or inducement of infringement. Accordingly, RAKTL's Motion to compel a deposition pursuant to Rule 30(B)(6) is granted.

V. *CONCLUSION*

For the above reasons, RAKTL's motion to compel is denied in part and granted in part. An appropriate order is attached to this opinion.

*ORDER*
AND NOW, this day of October, 2002, upon consideration of the Plaintiff's Motion to Compel Discovery (doc. 36), Defendant VCI's response (doc.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                Page 7
Not Reported in F.Supp.2d, 2002 WL 31356302 (E.D.Pa.)
**(Cite as: 2002 WL 31356302 (E.D.Pa.))**

42), and Plaintiff's reply (doc. 45) the following is hereby ORDERED:

1) VCI shall, within ten (10) days, forward all documents responsive to Plaintiff's Document Requests 8, 9, 10, 11, and 22.

2) VCI shall, within ten (10) days, produce all documents responsive to Plaintiff's Document Requests 33, 34, 46, 57, and 58, however, VCI is not compelled to produce any documents that pertain exclusively to business dealings of VCI's subsidiaries;

3) VCI shall, within ten (10) days, make available for deposition a witness capable of testifying regarding Topic 5 on "Plaintiff's Notices of Deposition Pursuant to Fed.R.Civ.P. 30(b)(6)."

4) The portion of Plaintiff's motion seeking to compel responses to Plaintiff's Document requests 7, 17, 18, 21, 35, 37, 40, 42, 43, 45, 50, 54, and 56 is DENIED.

5) The portion of Plaintiff's Motion seeking to compel the depositions of Lawrence T. Babbio, Mr. Bruce Gordon, and Mr. Timothy McCallion is DENIED;

6) Plaintiff's Response Brief to VCI's Summary Judgment Motion shall be due no later than November 4, 2002;

7) VCI's Rely Brief shall be due no later than November 11, 2002;

*7 8) Oral argument on said motion shall be held on November 19, 2002 at 9:30 AM in Courtroom 13A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania, 19106.

Not Reported in F.Supp.2d, 2002 WL 31356302 (E.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.