IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONIC INNOVATIONS, INC., ET AL. )<br>)<br>Defendants ) | C.A. NO. 05-422 (GMS) |

## DEFENDANT WIDEX A/S'S
## ANSWER, DEFENSES AND COUNTERCLAIMS

Defendant Widex A/S, by and through its attorneys, answers the Second Amended Complaint as follows:

1. Widex A/S admits that plaintiff has made a complaint against Widex A/S and has demanded a jury trial. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 1, and therefore denies the same.

## NATURE OF THE ACTION

2. Widex A/S admits that this is an action for patent infringement arising under the patent laws of the United States and that copies of the '850 and '749 patents were attached to the Amended Complaint. Widex A/S denies that it has infringed any claims of the '850 and '749 patents, that plaintiff is entitled to enjoin Widex A/S, and that plaintiff is entitled to any damages from Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 2, and therefore denies the same.

1

3. Widex A/S denies the allegations of Paragraph 3 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 3, and therefore denies the same.

4. Widex A/S denies the allegations of Paragraph 4 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 4, and therefore denies the same.

5. Widex A/S denies the allegations of Paragraph 5 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 5, and therefore denies the same.

## THE PARTIES

6. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 6, and therefore denies the same.

7. Widex A/S admits that the '850 Patent issued on March 15, 1988 and that the '749 patent issued on November 7, 1989, each showing Harry Levitt, Richard S. Dugot and Kenneth W. Kopper as named inventors. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 7, and therefore denies the same.

8. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8, and therefore denies the same.

9. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 9, and therefore denies the same.

10. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 10, and therefore denies the same.

11. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 11, and therefore denies the same.

12. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 12, and therefore denies the same.

13. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 13, and therefore denies the same.

14. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 14, and therefore denies the same.

15. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 15, and therefore denies the same.

16. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 16, and therefore denies the same.

17. Widex A/S admits the allegations of Paragraph 17.

18. Widex A/S admits the allegations of Paragraph 18.

19. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 19, and therefore denies the same.

20. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 20, and therefore denies the same.

21. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 21, and therefore denies the same.

22. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 22, and therefore denies the same.

23. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 23, and therefore denies the same.

24. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 24, and therefore denies the same.

25. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 25, and therefore denies the same.

26. Widex A/S is without knowledge or information sufficient to admit or deny the allegations of Paragraph 26, and therefore denies the same.

## JURISDICTION AND VENUE

27. Widex A/S admits that this court has subject matter jurisdiction and personal jurisdiction over Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 27, and therefore denies the same.

28. Widex A/S admits that venue is proper in this district for Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 28, and therefore denies the same.

## COUNT I
### (Patent Infringement of United States Patent No. 4,731,850)

29. Widex A/S incorporates by reference its answer to Paragraphs 1-28 above.

30. Widex A/S denies the allegations of Paragraph 30 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 30, and therefore denies the same.

31. Widex A/S denies the allegations of Paragraph 31 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 31, and therefore denies the same.

32. Widex A/S denies the allegations of Paragraph 32 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the reminaing allegations of Paragraph 32, and therefore denies the same.

## COUNT II
### (Willful Patent Infringement of United States Patent No. 4,731,850)

33. Widex A/S incorporates by reference its answer to Paragraphs 1-32 above.

34. Widex A/S denies the allegations of Paragraph 34 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 34, and therefore denies the same.

## COUNT III
### (Patent Infringement of United States Patent No. 4,879,749)

35. Widex A/S incorporates by reference its answer to Paragraphs 1-34 above.

36. Widex A/S denies the allegations of Paragraph 36 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 36, and therefore denies the same.

37. Widex A/S denies the allegations of Paragraph 37 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 37, and therefore denies the same.

38. Widex A/S denies the allegations of Paragraph 38 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 38, and therefore denies the same.

## COUNT IV
### (Willful Patent Infringement of United States Patent No. 4,879,749)

39. Widex A/S incorporates by reference its answer to Paragraphs 1-38 above.

40. Widex A/S denies the allegations of Paragraph 40 with respect to Widex A/S. Widex A/S is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 40, and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity of the '850 Patent)

41. The claims of the '850 patent are invalid on one or more grounds specified in 35 U.S.C. §§ 101, 102, 103 and 112.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '749 Patent)

42. The claims of the '749 patent are invalid on one or more grounds specified in 35 U.S.C. §§ 101, 102, 103 and 112.

6

### THIRD AFFIRMATIVE DEFENSE
### (Non-infringement of the '850 Patent)

43. Widex A/S has not, and is not, infringing any of the claims of the '850 patent.

### FOURTH AFFIRMATIVE DEFENSE
### (Non-infringement of the '749 Patent)

44. A/S has not, and is not, infringing any of the claims of the '749 patent.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

45. ETG's claims are barred by the defense of laches.

### COUNTERCLAIMS

46. Defendant/Counterplaintiff Widex A/S Co. Inc. is a Danish corporation having a place of business at Ny Vestergaardsvej 25, 3500 Vaerloese, Denmark.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement - '850)

47. Jurisdiction of this Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a). There is a justiciable controversy between Plaintiff and Defendant/Counterplaintiff concerning Defendant's/Counterplaintiff's

liability for infringement of the '850 patent as evidenced by the Complaint and Amended Complaint filed in this suit.

48. Venue and personal jurisdiction are proper in this District.

49. Defendant/Counterplaintiff reallege and incorporate by reference the allegations set forth in Paragraph 46.

50. Defendant/Counterplaintiff prays, pursuant to 28 U.S.C. §2201, for declaratory judgment that they do not infringe the '850 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement - '749)

51. Jurisdiction of this Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a). There is a justiciable controversy between Plaintiff and Defendant/Counterplaintiff concerning Defendant's/Counterplaintiff's liability for infringement of the '749 patent as evidenced by the Complaint and Amended Complaint filed in this suit.

52. Venue and personal jurisdiction are proper in this District.

53. Defendant/Counterplaintiff reallege and incorporate by reference the allegations set forth in Paragraph 46.

54. Defendant/Counterplaintiff prays, pursuant to 28 U.S.C. §2201, for declaratory judgment that they do not infringe the '749 patent.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Invalidity - '850)

55. Jurisdiction of this Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a). There is a justiciable controversy between Plaintiff and Defendant/Counterplaintiff concerning the validity, enforceability and scope of the '850 patent as evidenced by the Complaint and Amended Complaint filed in this suit.

56. Venue and personal jurisdiction are proper in this District.

57. Defendant/Counterplaintiff reallege and incorporate by reference the allegations set forth in Paragraph 46.

58. Defendant/Counterplaintiff prays, pursuant to 28 U.S.C. § 2201, for declaratory judgment that the '850 patent is invalid under sections 101, 102, 103, 112, 115 and 116 of the Patent Act.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity - '749)

59. Jurisdiction of this Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a). There is a justiciable controversy between Plaintiff and Defendant/Counterplaintiff concerning the validity, enforceability and scope of the '749 patent as evidenced by the Complaint and Amended Complaint filed in this suit.

60. Venue and personal jurisdiction are proper in this District.

61. Defendant/Counterplaintiff reallege and incorporate by reference the allegations set forth in Paragraphs 46.

62. Defendant/Counterplaintiff prays, pursuant to 28 U.S.C. § 2201, for declaratory judgment that the '749 patent is invalid under sections 101, 102, 103, 112, 115 and 116 of the Patent Act.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Widex A/S prays that this Court:

a) Enter judgment that U.S. Patent No. 4,731,850 is invalid, void and unenforceable;

b) Enter judgment that U.S. Patent No. 4,879,749 is invalid, void and unenforceable;

c) Enter judgment that defendant has not infringed any claim of U.S. Patent No. 4,731,850 ;

d) Enter judgment that defendant has not infringed any claim of U.S. Patent No. 4,879,749;

e) Awarding defendant the costs of defending its suit and bringing its counterclaims, including reasonable attorneys' fees, as provided by law;

f) Determine that plaintiff's conduct is such as to render this case exceptional within the meaning of 35 U.S.C. § 285; and

f) Enter judgment for defendant for such other relief as this Court may deem just or proper.

JURY DEMAND: Defendant requests a trial by jury on all issues so triable.

                                          MORRIS, NICHOLS, ARSHT & TUNNELL

                                          /s/ Donald E. Reid
                                          Donald E. Reid (#1058)
                                          1201 N. Market Street

OF COUNSEL:                         P.O. Box 1347
                                          Wilmington, DE 19801
SUGHRUE MION PLLC            (302) 575-7219
William H. Mandir (*pro hac vice*)      Attorneys for Defendant
David J. Cushing (*pro hac vice*)       Widex A/S
Carl J. Pellegrini (*pro hac vice*)
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 293-7600

February 27, 2006

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on the 27th day of February, 2006, a copy of Defendant Widex A/S's Answer, Defenses And Counterclaims to the Second Amended Complaint was electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all counsel of record:

_____
Donald E. Reid (#1058)