**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 05-CV-422-GMS |
| SONIC INNOVATIONS, INC., et al. | § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**ANSWER OF DEFENDANTS OTICON A/S, OTICON INC., BERNAFON AG, WDH, INC., AND BERNAFON, LLC AND COUNTERCLAIM OF OTICON INC. AND BERNAFON, LLC AND DEMAND FOR JURY TRIAL**

Defendants Oticon A/S, Oticon Inc., Bernafon AG, WDH, Inc. and Bernafon, LLC (collectively the "Oticon Defendants") for their Reply to the Second Amended Complaint and Jury Demand of Plaintiff Energy Transportation Group, Inc. ("ETG"), served on the Oticon Defendants on February 16, 2006, hereby state as follows:

**SECOND AMENDED COMPLAINT AND JURY DEMAND**

1.      The Oticon Defendants admit that a Second Amended Complaint and Jury Demand was served on February 16, 2006 naming SONIC INNOVATIONS, INC., PHONAK AG, PHONAK INC., PHONAK LLC, UNITRON HEARING, INC., UNITRON HEARING LTD., WILLIAM DEMANT HOLDING A/S, OTICON A/S, OTICON INC., WIDEX A/S, WIDEX HEARING AID CO. INC, GN RESOUND A/S, GN RESOUND CORPORATION, STARKEY LABORATORIES, INC., GENNUM CORPORATION, RESISTANCE TECHNOLOGY INC., BERNAFON AG, WDH, INC., AND BERNAFON, LLC as defendants

to this action (collectively referred to as "Defendants") and demanding a jury trial. The Oticon Defendants otherwise deny the allegations of Paragraph 1.

## NATURE OF THE ACTION

2.      The Oticon Defendants admit that this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq*. charging Defendants with infringing one or more claims of United States Patent No. 4,731,850 (the "'850 Patent") entitled "Programmable Digital Hearing Aid System" and one or more claims of United States Patent No. 4,879,749 (the "'749 Patent") entitled "Host Controller for Programmable Digital Hearing Aid System." The Oticon Defendants admit that a copy of the '850 Patent was attached as Exhibit A and a copy of the '749 Patent was attached as Exhibit B to the Second Amended Complaint and Jury Demand. The Oticon Defendants expressly deny any inference that the '850 or '749 Patents are valid, enforceable, and/or infringed by any of the Oticon Defendants. The Oticon Defendants expressly deny that William Demant Holding A/S or WDH, Inc. manufacture, use, sale, offer for sale in the United States or elsewhere in the world, and/or import any product into the United States. The Oticon Defendants admit that hearing aids are manufactured outside the United States by Oticon A/S and certain of these hearing aids are sold in the United States by Oticon Inc. and certain of these hearing aids are sold in the United States by Bernafon, LLC. The Oticon Defendants, as to SONIC INNOVATIONS, INC., PHONAK AG, PHONAK INC., PHONAK LLC, UNITRON HEARING, INC, UNITRON HEARING LTD., WIDEX A/S, WIDEX HEARING AID CO. INC, GN RESOUND A/S, GN RESOUND CORPORATION, STARKEY LABORATORIES, INC., GENNUM CORPORATION, and RESISTANCE TECHNOLOGY INC., collectively referred to as the "Other Defendants," are without knowledge or information sufficient to form a belief as to the truth of the remaining

#1055043v4

allegations of Paragraph 2 and, therefore, deny the remaining allegations of Paragraph 2.  In all

other respects, the Oticon Defendants expressly deny the allegations of Paragraph 2.

       3.      The Oticon Defendants are without knowledge or information of the activities of

the Other Defendants sufficient to form a belief as to the truth of the allegations of Paragraph 3

as they pertain to the Other Defendants and, therefore, deny the allegations of Paragraph 3 as

they pertain to the Other Defendants.  The Oticon Defendants admit that Oticon A/S

manufactures hearing aids outside the United States and imports some of those hearing aids into

the United States.  The Oticon Defendants admit that Oticon Inc. and Bernafon, LLC offer for

sale and sell hearing aids in the United States.  In all other respects, the Oticon Defendants

expressly deny the allegations of Paragraph 3.

       4.      The Oticon Defendants expressly deny the allegations of Paragraph 4.

       5.      The Oticon Defendants expressly deny the allegations of Paragraph 5.

### The Parties

       6.      The Oticon Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 6 and, therefore, deny the allegations of

Paragraph 6.

       7.      The Oticon Defendants admit that, on its face, the '850 Patent has an issue date of

March 15, 1988, is entitled "Programmable Digital Hearing Aid System," lists Harry Levitt,

Richard S. Dugot, and Kenneth W. Kopper as inventors, and lists Audimax, Inc. as assignee.

The Oticon Defendants admit that, on its face, the '749 Patent has an issue date of November 7,

1989, is entitled "Host Controller For Programmable Digital Hearing Aid System," lists Harry

Levitt, Richard S. Dugot, and Kenneth W. Kopper as inventors, and lists Audimax, Inc. as

assignee.  The Oticon Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegation that Audimax Corporation and Audimax, Inc. are the

#1055043v4

predecessors to plaintiff Energy Transportation Group, Inc. ("ETG") or that ETG is the current owner of the '850 and/or '749 Patents and, therefore, denies this allegation of Paragraph 7. In all other respects, the Oticon Defendants deny the allegations of Paragraph 7.

8.      The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, deny the allegations of Paragraph 8.

9.      The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, deny the allegations of Paragraph 9.

10.      The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, deny the allegations of Paragraph 10.

11.      The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, deny the allegations of Paragraph 11.

12.      The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, deny the allegations of Paragraph 12.

13.      The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, deny the allegations of Paragraph 13.

14.      The Oticon Defendants admit that William Demant Holding A/S is an Aktieselskab, a Danish public company. William Demant Holding A/S presently maintains a

#1055043v4

place of business at Kongebakken 9, 2765 Smorum, Denmark.  In all other respects, the Oticon Defendants expressly deny the allegations of Paragraph 14.

15.    The Oticon Defendants admit that Oticon A/S is an Aktieselskab, a Danish public company.  Oticon A/S presently maintains a place of business at Kongebakken 9, 2765 Smorum, Denmark.  In all other respects, the Oticon Defendants expressly deny the allegations of Paragraph 15.

16.    The Oticon Defendants admit that Oticon Inc. maintains a place of business at 29 Schoolhouse Road, P.O. Box 6724, Somerset, New Jersey.  In all other respects, the Oticon Defendants expressly deny the allegations of Paragraph 16.

17.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, deny the allegations of Paragraph 17.

18.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, deny the allegations of Paragraph 18.

19.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, deny the allegations of Paragraph 19.

20.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, deny the allegations of Paragraph 20.

#1055043v4

21.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, deny the allegations of Paragraph 21.

22.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, deny the allegations of Paragraph 22.

23.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, deny the allegations of Paragraph 23.

24.    The Oticon Defendants admit that Bernafon AG is an Aktiengesellschaft, a Swiss public company, and maintains a place of business at Morgenstrasse 131, 3018 Berne, Switzerland.  In all other respects, the Oticon Defendants expressly deny the allegations of Paragraph 24.

25.    The Oticon Defendants admit that WDH, Inc. is a corporation organized under the laws of Minnesota, and maintains a current place of business at 200 Cottontail Lane, Bldg. B, Somerset, NJ 08873.  WDH, Inc. was formerly known as Bernafon Inc. and Bernafon-Maico Inc. Bernafon Inc. and Bernafon-Maico Inc. had maintained a place of business at 9675 West 76th Street, Eden Prairie, MN 55344.  In all other respects, the Oticon Defendants expressly deny the allegations of Paragraph 25.

26.    The Oticon Defendants admit that Bernafon, LLC is a limited liability corporation organized under the laws of New Jersey, and maintains a place of business at 200 Cottontail Lane, Bldg. B, Somerset, NJ 08873.

6

## JURISDICTION AND VENUE

27.    The Oticon Defendants admit that this Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Oticon Defendants do not contest this Court's personal jurisdiction over the Oticon Defendants for purposes of this action.  The Oticon Defendants are without knowledge or information of the activities of the Other Defendants sufficient to form a belief as to the truth of the allegations of Paragraph 27 as they pertain to the Other Defendants and, therefore, deny the allegations of Paragraph 27 as they pertain to the Other Defendants.  In all other respects, including the alleged personal jurisdiction of this Court over William Demant Holding, A/S, the Oticon Defendants expressly deny the allegations of Paragraph 27.

28.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 28 that ETG is a Delaware corporation, and therefore denies that allegation.  The Oticon Defendants do not contest the venue of this action.  In all other respects, the Oticon Defendants expressly deny the allegations of Paragraph 28.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 4,731,850

29.    The Oticon Defendants incorporate by reference their responses above to Paragraphs 1-28 as if fully set forth herein.

30.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the implicit allegation that claims of the '850 Patent cover any of the products or activities of the Other Defendants and therefore deny that allegation.  The Oticon Defendants admit that Oticon A/S manufactures hearing aids outside the United States and imports certain of these hearing aids into the United States.  The Oticon Defendants admit that Oticon Inc. and Bernafon, LLC sell and offer for sale certain hearing aids in the United States.  In all other respects, the Oticon Defendants deny the allegations of Paragraph 30.

#1055043v4

31.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that claims of the '850 Patent cover any of the products or activities of the Other Defendants and therefore deny that allegation. In all other respects, the Oticon Defendants deny the allegations of Paragraph 31.

32.    The Oticon Defendants deny the allegations of Paragraph 32.

### COUNT II:  WILLFUL INFRINGEMENT OF U.S. PATENT NO. 4,731,850

33.    The Oticon Defendants incorporate by reference their responses above to Paragraphs 1-32 as if fully set forth herein.

34.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation implicit in Paragraph 34 that the Other Defendants had prior notice of the '850 Patent and therefore deny that allegation. In all other respects, the Oticon Defendants deny the allegations of Paragraph 34.

### COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 4,879,749

35.    The Oticon Defendants incorporate by reference their responses above to Paragraphs 1-34 as if fully set forth herein.

36.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the implicit allegation that claims of the '749 Patent cover any of the products or activities of the Other Defendants and therefore deny that allegation. The Oticon Defendants admit that Oticon A/S manufactures hearing aids outside the United States and imports certain of these hearing aids into the United States. The Oticon Defendants admit that Oticon Inc. and Bernafon, LLC offer for sale and sell certain hearing aids in the United States. In all other respects, the Oticon Defendants deny the allegations of Paragraph 36.

37.    The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that claims of the '749 Patent cover any of the products or

#1055043v4

activities of the Other Defendants and therefore deny that allegation. In all other respects, the Oticon Defendants deny the allegations of Paragraph 37.

38.     The Oticon Defendants deny the allegations of Paragraph 38.

### COUNT IV:  WILLFUL INFRINGEMENT OF U.S. PATENT NO. 4,731,749

39.     The Oticon Defendants incorporate by reference their responses above to Paragraphs 1-38 as if fully set forth herein.

40.     The Oticon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation implicit in Paragraph 40 that the Other Defendants had prior notice of the '749 Patent and therefore deny that allegation. In all other respects, the Oticon Defendants deny the allegations of Paragraph 40.

### FIRST AFFIRMATIVE DEFENSE—NONINFRINGEMENT

1.     The Oticon Defendants do not and have not infringed, directly or indirectly, any valid and enforceable claim of the '850 Patent or the '749 Patent (collectively, "the ETG Patents").

### SECOND AFFIRMATIVE DEFENSE—INVALIDITY

2.     Claims of the ETG Patents are invalid for failure to meet one or more of the conditions for patentability under 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE—SALES TO THE FEDERAL GOVERNMENT

3.     ETG is barred under 28 U.S.C. § 1498(a) from pursuing an action in this Court against any products used or manufactured by or for the United States.

### FOURTH AFFIRMATIVE DEFENSE—LACHES, WAIVER AND/OR ESTOPPEL

4.     ETG's claims are barred by the equitable doctrine of laches, waiver and/or estoppel.

#1055043v4

## COUNTERCLAIM

Oticon Inc. and Bernafon LLC assert the following Counterclaim in response to Counts I-IV of ETG's Second Amended Complaint and Jury Demand:

## THE PARTIES

1.      Oticon Inc. is a corporation organized under the laws of the State of California with a place of business at 29 Schoolhouse Road, P.O. Box 6724, Somerset, New Jersey.

2.      Bernafon, LLC is a limited liability corporation organized under the laws of New Jersey, and maintains a place of business at 200 Cottontail Lane, Bldg. B, Somerset, NJ 08873

3.      ETG states that it is a corporation organized and existing under the laws of Delaware and having its principal place of business at 654 Madison Avenue, Suite 1705, New York, NY 10021.

## JURISDICTION AND VENUE

4.      This is a counterclaim seeking declaratory relief of noninfringement and invalidity of the ETG Patents pursuant to 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      There is an actual controversy between ETG and the Counterclaim Plaintiffs Oticon Inc. and Bernafon LLC regarding the validity and infringement of the ETG Patents because ETG, in its Second Amended Complaint and Jury Demand, sued Oticon Inc. and Bernafon LLC for infringement of the ETG patents.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b), as ETG alleges that it resides in this district.

## COUNT I:  DECLARATORY JUDGMENT OF NONINFRINGEMENT

7.      Oticon Inc. and Bernafon LLC incorporate by reference the allegations contained in Paragraphs 1 through 6 of the Counterclaim as if fully set forth herein.

#1055043v4

8.    Oticon Inc. and Bernafon LLC do not and have not infringed, directly or indirectly, any valid and enforceable claim of the ETG Patents.

## COUNT II:  DECLARATORY JUDGMENT OF INVALIDITY

9.    Oticon Inc. and Bernafon LLC incorporate by reference the allegations contained in Paragraphs 1 through 6 of the Counterclaim as if fully set forth herein.

10.    Claims of the ETG Patents are invalid for failure to meet one or more of the conditions for patentability under 35 U.S.C. §§ 101, 102, 103, and 112.


## PRAYER FOR RELIEF

WHEREFORE, the Oticon Defendants pray for a final judgment against ETG and respectfully request that this Court enter an Order providing:

A.    That ETG's Second Amended Complaint and Jury Demand, including Counts I through VI, be dismissed with prejudice;

B.    That each and every claim of the ETG Patents are invalid;

C.    That the Oticon Defendants have not infringed, directly or indirectly, any valid and enforceable claim of the ETG Patents;

D.    That the Oticon Defendants be granted their attorney's fees and costs, pursuant to, inter alia, 35 U.S.C. § 285;

E.    That Oticon Inc. and Bernafon LLC be granted the relief requested in their Counterclaim; and

F.    That the Oticon Defendants be granted such other and further relief as the equity of the case may require and this Court may deem just and proper, together with the costs and disbursements incurred in this action.

#1055043v4

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), the Oticon Defendants demand a trial by jury of all

issues so triable.


Dated: February 27, 2006                     Respectfully submitted,


                                             /s/ N. Richard Powers
                                             N. Richard Powers (#493)
                                             CONNELLY, BOVE, LODGE, & HUTZ L.L.P.
                                             1007 North Orange Street
                                             Suite 878
                                             Wilmington, DE 19801
                                             Phone: (302) 658-9141
                                             Fax: (302) 658-5614

                                             **ATTORNEYS FOR DEFENDANTS,**
                                             OTICON A/S
                                             OTICON INC.
                                             WDH, INC.
                                             BERNAFON AG
**OF COUNSEL:**                              BERNAFON, LLC
John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Phone: (202) 408-4000
Fax: (202) 408-4400

#1055043v4

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2006 I electronically filed a copy of the foregoing with the Clerk of the Court using CM/ECF and served the following individuals in the manner indicated:

**VIA HAND DELIVERY**
Richard K. Herrmann, Esquire
Morris James Hitchens
 & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

**VIA HAND DELIVERY**
Richard W. Horwitz, Esquire
Potter Anderson & Corroon LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

**VIA HAND DELIVERY**
Edmond D. Johnson, Esquire
The Bayard Firm
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899

**VIA HAND DELIVERY**
Barry M. Klayman, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE  19801

**VIA HAND DELIVERY**
Mary B. Graham, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19801

/s/ N. Richard Powers
N. Richard Powers (#494)