IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> SONIC INNOVATIONS, INC., PHONAK AG, PHONAK, INC., PHONAK, LLC., UNITRON HEARING, INC., UNITRON HEARING LTD., WILLIAM DEMANT HOLDING A/S, OTICON A/S, OTICON INC., WIDEX A/S, WIDEX HEARING AID CO. INC., GN RESOUND A/S, GN RESOUND CORPORATION, STARKEY LABORATORIES, INC., GENNUM CORPORATION, RESISTANCE TECHNOLOGY INC., BERNAFON AG, WDH, INC. and BERNAFON, LLC., <br><br> Defendants. | C.A. No. 05-422 (GMS) |

**ANSWER TO THE SECOND AMENDED COMPLAINT
ON BEHALF OF GN RESOUND A/S AND GN RESOUND CORPORATION**

Defendant GN ReSound A/S ("ReSound A/S") and Defendant GN ReSound Corporation respond to the allegations in the Second Amended Complaint ("Complaint") of Energy Transportation Group, Inc. ("ETG") as follows:

1. No response is required.

**NATURE OF THE ACTION**

2. ReSound A/S and GN ReSound Corporation, now known as GN Hearing Care Corporation ("GN Hearing"), admit that ETG's Second Amended Complaint ("Complaint") purports to be an action for patent infringement arising under the laws of the United States, 35 U.S.C. §§ 271, *et seq*. ReSound A/S and GN Hearing admit that copies of U.S. Patent 4,731,850

and U.S. Patent 4,879,749 were appended to ETG's Complaint. ReSound A/S and GN Hearing deny any other averments set forth in paragraph 2 of the Complaint with respect to ReSound A/S and GN Hearing. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 2 of the Complaint and accordingly deny all such averments

3. ReSound A/S and GN Hearing deny the averments set forth in paragraph 3 of the Complaint with respect to ReSound A/S and GN Hearing. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 3 of the Complaint and accordingly deny all such averments.

4. ReSound A/S and GN Hearing deny the averments set forth in paragraph 4 of the Complaint with respect to ReSound A/S and GN Hearing. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 4 of the Complaint and accordingly deny all such averments.

5. ReSound A/S and GN Hearing deny the averments set forth in paragraph 5 of the Complaint with respect to ReSound A/S and GN Hearing. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 5 of the Complaint and accordingly deny all such averments.

## **THE PARTIES**

6. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 6 of the Complaint and accordingly deny all such averments.

7. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 7 of the Complaint and accordingly deny all such averments.

8. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 8 of the Complaint and accordingly deny all such averments.

9. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 9 of the Complaint and accordingly deny all such averments.

10. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 10 of the Complaint and accordingly deny all such averments.

11. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 11 of the Complaint and accordingly deny all such averments.

12. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 12 of the Complaint and accordingly deny all such averments.

13. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 13 of the Complaint and accordingly deny all such averments.

14. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 14 of the Complaint and accordingly deny all such averments.

15. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 15 of the Complaint and accordingly deny all such averments.

16. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 16 of the Complaint and accordingly deny all such averments.

17. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 17 of the Complaint and accordingly deny all such averments.

18. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 18 of the Complaint and accordingly deny all such averments.

19. ReSound A/S admits that it is a corporation organized and existing under the laws of Demark, and maintains a place of business at Markaevej 2A, P.O. Box 224, DK 2630, Taastrup, Denmark.

20. GN Hearing admits it is a corporation organized and existing under the laws of Denmark, and maintains a place of business at 8001 Bloomington Freeway, Bloomington, MN 55420.

21. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 21 of the Complaint and accordingly deny all such averments.

22. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 22 of the Complaint and accordingly deny all such averments.

23. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 23 of the Complaint and accordingly deny all such averments.

24. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 24 of the Complaint and accordingly deny all such averments.

25. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 25 of the Complaint and accordingly deny all such averments.

26. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 26 of the Complaint and accordingly deny all such averments.

## JURISDICTION AND VENUE

27. ReSound A/S and GN Hearing admit that the Court has subject matter jurisdiction over claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). ReSound A/S and GN Hearing each deny that the Court has personal jurisdiction over them. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 27 of the Complaint and accordingly deny all such averments.

28. ReSound A/S and GN Hearing deny that venue in this District is proper pursuant to 28 U.S.C. § 1391(b), 1391(c), and 1400(b) with respect to Resound A/S and GN Hearing. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 28 of the Complaint and accordingly deny all such averments.

## COUNT I

29. ReSound A/S and GN Hearing incorporate their answer set forth in paragraphs 1 through 28 above.

30. ReSound A/S and GN Hearing deny the averments set forth in paragraph 30 of the Complaint with respect to ReSound A/S and GN Hearing. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 30 of the Complaint and accordingly deny all such averments.

31. ReSound A/S and GN Hearing deny the averments set forth in paragraph 31 of the Complaint with respect to ReSound A/S and GN Hearing. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 31 of the Complaint and accordingly deny all such averments.

32.     ReSound A/S and GN Hearing deny the averments set forth in paragraph 32 of the Complaint with respect to ReSound A/S and GN Hearing.  ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 32 of the Complaint and accordingly deny all such averments.

## COUNT II

33.     ReSound A/S and GN Hearing incorporate their answer set forth in paragraphs 1 through 32 above.

34.     ReSound A/S and GN Hearing deny the averments set forth in paragraph 34 of the Complaint with respect to ReSound A/S and GN Hearing.  ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 34 of the Complaint and accordingly deny all such averments.

## COUNT III

35.     ReSound A/S and GN Hearing incorporate their answer set forth in paragraphs 1 through 34 above.

36.     ReSound A/S and GN Hearing deny the averments set forth in paragraph 36 of the Complaint with respect to ReSound A/S and GN Hearing.  ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 36 of the Complaint and accordingly deny all such averments.

37.     ReSound A/S and GN Hearing deny the averments set forth in paragraph 37 of the Complaint with respect to ReSound A/S and GN Hearing.  ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 37 of the Complaint and accordingly deny all such averments.

38. ReSound A/S and GN Hearing deny the averments set forth in paragraph 38 of the Complaint with respect to ReSound A/S and GN Hearing. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 38 of the Complaint and accordingly deny all such averments.

## COUNT IV

39. ReSound A/S and GN Hearing incorporate their answer set forth in paragraphs 1 through 38 above.

40. ReSound A/S and GN Hearing deny the averments set forth in paragraph 40 of the Complaint with respect to ReSound A/S and GN Hearing. ReSound A/S and GN Hearing lack sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 40 of the Complaint and accordingly deny all such averments.

## FIRST AFFIRMATIVE DEFENSE
## (INVALIDITY)

41. U.S. Patents 4,731,850 and 4,879,749 patents are invalid for failure to comply with 35 U.S.C. §§ 102, 103 and/or 112.

## SECOND AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

42. ReSound A/S is not infringing and has not infringed any claim of U.S. Patents 4,731,850 or 4,879,749, either directly or by inducing others to infringe or contributing to infringement by others.

43. GN Hearing. is not infringing and has not infringed any claim of U.S. Patents 4,731,850 or 4,879,749, either directly or by inducing others to infringe or contributing to infringement by others.

### THIRD AFFIRMATIVE DEFENSE
### (LACHES)

44.     ETG's claims against ReSound A/S and GN Hearing are barred by laches.

### PRAY FOR RELIEF

Wherefore, ReSound A/S and GN Hearing pray that judgment be entered in their favor, including:

a.      Dismissing ETG's claim with prejudice;

b.      Declaring U.S. Patent 4,731,850 invalid and not infringed;

c.      Declaring U.S. Patents 4,879,749 invalid and not infringed.

d.      Preliminarily and permanently enjoining ETG, their officers, agents, servants, employees and attorneys, and those persons in active concert with them, from directly or indirectly charging or instituting an action for infringement, inducement of infringement or contributory infringement of U.S. Patent Nos. 4,731,850 and 4,879,749 against ReSound A/S and GN Hearing or any person or entity in privity with ReSound A/S or GN Hearing including without limitation ReSound A/S's and GN Hearing's successors, assigns, agents, suppliers and customers.

e.      Declaring this to be an exceptional case justifying an award to ReSound A/S and GN Hearing of their attorney fees and expenses under 35 U.S.C. § 285; and

f.      Awarding to ReSound A/S and GN Hearing such other and further relief as the Court may deem just and proper.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Jack B. Blumenfeld* _____
                Jack B. Blumenfeld (#1014)
                Maryellen Noreika (#3208)
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE  19899
                    *Attorneys for Defendants GN ReSound A/S and*
                    *GN ReSound Corporation*

OF COUNSEL:

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

February 27, 2006

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on February 27, 2006 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

| | |
|---|---|
| Edmond D. Johnson<br>Linda E. Beebe<br>The Bayard Firm | Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP |
| N. Richard Powers<br>Connolly, Bove, Lodge & Hutz | Richard K. Herrmann<br>Mary Matterer<br>Morris. James, Hitchens & Williams |
| Mary B. Graham<br>James W. Parrett, Jr.<br>Morris, Nichols, Arsht & Tunnell LLP | Barry M. Klayman<br>Wolf, Block, Schorr and Solis-Cohen LLP |
| Donald E. Reid<br>Morris, Nichols, Arsht & Tunnell LLP | Thomas C. Grimm<br>Leslie A. Polizoti<br>Morris, Nichols, Arsht & Tunnell LLP |
| David B. Ritchie<br>Richard Swope<br>Robert E. Camors, Jr.<br>Theresa A. Takeuchi<br>Thelen Reid & Priest LLP | Jeffrey D. Shewchuk<br>Shewchuk UP Services LLC |

I also certify that copies were caused to be served upon the following in the manner indicated:

## BY HAND DELIVERY

| | |
|---|---|
| Edmond D. Johnson<br>Linda E. Beebe<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19899 | Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street<br>Wilmington, DE  19801 |
| N. Richard Powers<br>Connolly, Bove, Lodge & Hutz LLP<br>The Nemours Building<br>1007 N. Orange Street<br>Wilmington, DE  19899 | Barry M. Klayman<br>Wolf, Block, Schorr and Solis-Cohen LLP1100<br>Wilmington Trust Center<br>North Market Street<br>Suite 1001<br>Wilmington, DE  19801 |

| | |
|---|---|
| Mary B. Graham<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>Wilmington, DE 19899 | Richard K. Herrmann<br>Mary Matterer<br>Morris, James, Hitchens & Williams<br>222 Delaware Avenue<br>Wilmington, DE 19899 |
| Donald E. Reid<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>Wilmington, DE 19899 | Thomas C. Grimm<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>Wilmington, DE 19899 |

                                                  */s/   Jack B. Blumenfeld*
                                                  Jack B. Blumenfeld (#1014)