**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) ) | |
| Plaintiff, | ) ) ) | C.A. NO.: 05-422-GMS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SONIC INNOVATIONS, INC., et al., | ) ) | |
| Defendants. | ) ) | |

**STARKEY LABORATORIES, INC.'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Starkey Laboratories, Inc. ("Starkey") hereby answers the Second

Amended Complaint and Jury Demand ("Complaint") filed by Energy Transportation

Group, Inc. ("ETG") against it in this cause. All averments of the Complaint are hereby

denied unless specifically admitted, qualified or otherwise answered. Starkey answers

as follows:

1.      The statement contained in Paragraph 1 of the Complaint is a legal

assertion to which no response is required; to the extent, however, that the statement

seeks to assert allegations against Starkey to which a response is required, Starkey

denies those allegations.

<u>Nature of the Action</u>

2.      In response to the allegations contained in Paragraph 2 of the Complaint,

Starkey acknowledges that the patent laws of the United States include 35 U.S.C. § 271

*et seq.*; that U.S. Patent No. 4,731,850 ("the '850 Patent") is titled, "Programmable

Digital Hearing Aid System" and U.S. Patent No. 4,879,749 ("the '749 Patent") is titled,

"Host Controller for Programmable Digital Hearing Aid System"; that Exhibits A and B to the Complaint purport to be copies of the '850 Patent and the '749 Patent respectively; denies that the patents are valid or enforceable; denies that Starkey is infringing or has infringed the patents; and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2.

3.      In response to Paragraph 3 of the Complaint, Starkey acknowledges that this patent litigation involves a programmable digital hearing aid device; and denies the remaining allegations contained in Paragraph 3.

4.      Starkey denies the allegations contained in Paragraph 4 of the Complaint.

5.      Starkey denies the allegations contained in Paragraph 5 of the Complaint.


<u>The Parties</u>

6      Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7.      Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and third sentences of Paragraph 7 of the Complaint.  In response to the second sentence of Paragraph 7, Starkey acknowledges that the '850 Patent was issued on March 15, 1988; that Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kooper are listed as the named inventors of the '850 Patent; that the '749 Patent was issued on November 7, 1989; that Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kooper are listed as the named inventors of the '749 Patent; and denies the remaining allegations contained in the second sentence of Paragraph 7.

8.      The allegations contained in Paragraph 8 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

9.      The allegations contained in Paragraph 9 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

10.      The allegations contained in Paragraph 10 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

11.      The allegations contained in Paragraph 11 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

12.      The allegations contained in Paragraph 12 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

13.      The allegations contained in Paragraph 13 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the

extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

14.    The allegations contained in Paragraph 14 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

15.    The allegations contained in Paragraph 15 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

16.    The allegations contained in Paragraph 16 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

17.    The allegations contained in Paragraph 17 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

18.    The allegations contained in Paragraph 18 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

19.      The allegations contained in Paragraph 19 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

20.      The allegations contained in Paragraph 20 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

21.      Starkey admits the allegations contained in Paragraph 21 of the Complaint.

22.      The allegations contained in Paragraph 22 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

23.      The allegations contained in Paragraph 23 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

24.      The allegations contained in Paragraph 24 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

25.     The allegations contained in Paragraph 25 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

26.     The allegations contained in Paragraph 26 of the Complaint do not appear to be directed to Starkey, so no response from Starkey is necessary; however, to the extent this Paragraph is directed to Starkey, Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

Jurisdiction and Venue

27.     In response to the allegations contained in the first sentence of Paragraph 27 of the Complaint, Starkey acknowledges that, pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has jurisdiction over the subject matter of this patent litigation.  In response to the allegations contained in the second sentence of Paragraph 27, Starkey acknowledges that this Court has personal jurisdiction over it; and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27.

28.     Starkey is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 28 of the Complaint.   In response to the second sentence of Paragraph 28, Starkey acknowledges that it "does business in this district," as that phrase is used for purposes of determining venue, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28.

Count I

(Patent Infringement of United States Patent No. 4,731,850)

29.     In response to Paragraph 29 of the Complaint, Starkey incorporates by reference Paragraphs 1 through 28 above as if fully restated here.

30.     Starkey denies the allegations contained in Paragraph 30 of the Complaint.

31.     Starkey denies the allegations contained in Paragraph 31 of the Complaint.

32.     Starkey denies the allegations contained in Paragraph 32 of the Complaint.

Count II

(Willful Patent Infringement of United States Patent No. 4,731,850)

33.     In response to Paragraph 33 of the Complaint, Starkey incorporates by reference Paragraphs 1 through 32 above as if fully restated here.

34.     Starkey denies the allegations contained in Paragraph 34 of the Complaint.

Count III

(Patent Infringement of United States Patent No. 4,879,749)

35.     In response to Paragraph 35 of the Complaint, Starkey incorporates by reference Paragraphs 1 through 34 above as if fully restated here.

36.     Starkey denies the allegations contained in Paragraph 36 of the Complaint.

37.    Starkey denies the allegations contained in Paragraph 37 of the Complaint.

38.    Starkey denies the allegations contained in Paragraph 38 of the Complaint.

Count IV

(Willful Patent Infringement of United States Patent No. 4,879,749)

39.    In response to Paragraph 39 of the Complaint, Starkey incorporates by reference Paragraphs 1 through 38 above as if fully restated here.

40.    Starkey denies the allegations contained in Paragraph 40 of the Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Starkey has not infringed the '850 Patent or the '749 Patent.

**Third Affirmative Defense**

The '850 Patent and the '749 Patent are invalid, unenforceable and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115 and 116 for one or more of the following reasons:

a.    The alleged inventions claimed were known or used by others in the United States prior to the inventions thereof by the patent applicant;

b.    The alleged inventions claimed were patented or described in a printed publication in this or a foreign country before the earliest invention dates to which the patentee of the '850 Patent and the '749 Patent is entitled;

c.    The alleged inventions claimed were in public use or on sale in the United States more than one year prior to the date of the earliest application for the patents in the United States;

d.    The inventors abandoned the inventions prior to filing the earliest application from which the '850 Patent and the '749 Patent issued;

e.    The alleged inventions for which the '850 Patent and the '749 Patent issued were first patented or caused to be patented, or were the subject of an inventor's certificate, by the named inventors or their legal representatives or assigns in a foreign country prior to the date of the earliest application for patent in this country on an application for patent or inventor's certificate filed more than twelve months before the filing of the earliest application in the United States;

f.    The alleged inventions claimed in the '850 Patent and the '749 Patent were described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the named inventors;

g.    The inventors did not invent the subject matter claimed in the '850 Patent and the '749 Patent;

h.    Before the applicants' invention thereof, the inventions were made in this country by another who had not abandoned, suppressed or concealed them;

i.    The differences between the subject matter sought to be patented in the '850 Patent and the '749 Patent, and the prior art, would have been obvious at the time the inventions were made to a person having ordinary skill in the art to which such subject matter pertains;

j.    The specifications of the '850 Patent and the '749 Patent do not contain a written description of the alleged inventions and of the manner or process of making and using them, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which such subject matter pertains, or with which it is most nearly connected, to make and use the same;

k.    The specifications of the '850 Patent and the '749 Patent do not set forth the best mode contemplated by the inventors of carrying out their inventions; and/or

l.    The specifications of the '850 Patent and the '749 Patent do not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter that the applicants regarded as their inventions.

### Fourth Affirmative Defense

The '850 Patent and the '749 Patent are limited in scope and are invalid and void because additional prior art exists that anticipates or renders obvious the subject matter of the '850 Patent and the '749 Patent.

## Fifth Affirmative Defense

The claims of the '850 Patent and the '749 Patent, if given an interpretation sufficiently broad as to cover any device manufactured, used, offered for sale or sold or imported by Starkey or any method practiced by Starkey, are invalid.

## Sixth Affirmative Defense

ETG is estopped to assert infringement of the claims of the '850 Patent and the '749 Patent by virtue of admissions, amendments, arguments, representations and/or misrepresentations made to the United States Patent and Trademark Office during the prosecution of the application from which the '850 Patent and the '749 Patent matured, which admissions, amendments, arguments, representations and/or misrepresentations were made for the purpose of attempting to distinguish over prior art relied upon by the United States Patent Examiner when rejecting claims so as to thereby secure allowance of such claims.

## Seventh Affirmative Defense

ETG's claims are barred by the equitable defense of unclean hands.

## Eighth Affirmative Defense

ETG's claims are barred by the equitable defense of laches.

## Ninth Affirmative Defense

ETG's claims are barred by the equitable defense of acquiescence.

WHEREFORE, Starkey respectfully requests that this Court:

a.     Deny the relief sought by ETG and dismiss ETG's Complaint with prejudice;

b.     Award Starkey costs and fees incurred in defending this action; and

c.     Grant Starkey such other relief as the Court may deem just and proper.

## COUNTERCLAIMS

Defendant and Counterclaimant, Starkey Corporation ("Starkey"), for its counterclaims against plaintiff Energy Transportation Group, Inc. ("ETG"), alleges as follows:

1.     These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Subject matter jurisdiction is conferred in this Court under 28 U.S.C. § 1338(a).  There is a justifiable controversy concerning the validity, enforceability and infringement of the '850 Patent and the '749 Patent, as set forth in the Complaint and in the Answer to which these Counterclaims are appended.

2.     Starkey is a Minnesota corporation with its principal place of business at 6700 Washington Avenue South, Eden Prairie, Minnesota 55344.

3.     Upon information and belief, ETG is a Delaware corporation with its principal place of business at 654 Madison Avenue, Suite 1705, New York, New York 10021.

4.     Upon information and belief, ETG is the assignee of the '850 Patent and the '749 Patent.

## COUNTERCLAIM I

(For Declaration of Invalidity of the '850 Patent)

5.      The allegations of Paragraphs 1 through 4 are incorporated herein by reference as if fully restated here.

6.      The '850 Patent is invalid, unenforceable and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115 and 116 for one or more of the reasons set forth in the Affirmative Defenses of the Answer to which these Counterclaims are appended.

## COUNTERCLAIM II

(Declaration of Non-Infringement of the '850 Patent)

7.      The allegations of Paragraphs 1 through 6 are incorporated herein by reference as if fully restated here.

8.      Starkey has not infringed, and is not now directly or indirectly infringing, contributorily infringing or in any way inducing infringement of any valid claim of the '850 Patent.

9.      ETG is estopped to assert that any claim of the '850 Patent is entitled to an interpretation of sufficient scope to cover the manufacture, use, sale, or offering for sale or importation of any of Starkey's devices by virtue of admissions, amendments, arguments, representations and/or misrepresentations made to the United States Patent and Trademark Office during prosecution of the application from which the '850 Patent issued.

## COUNTERCLAIM III

(For Declaration of Invalidity of the '749 Patent)

10.     The allegations of Paragraphs 1 through 9 are incorporated herein by reference as if fully restated here.

11.     The '749 Patent is invalid, unenforceable and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115 and 116 for one or more of the reasons set forth in the Affirmative Defenses of the Answer to which these Counterclaims are appended.

## COUNTERCLAIM IV

(Declaration of Non-Infringement of the '749 Patent)

12.     The allegations of Paragraphs 1 through 11 are incorporated herein by reference as if fully restated here.

13.     Starkey has not infringed, and is not now directly or indirectly infringing, contributorily infringing or in any way inducing infringement of any valid claim of the '749 Patent.

14.     ETG is estopped to assert that any claim of the '749 Patent is entitled to an interpretation of sufficient scope to cover the manufacture, use, sale, or offering for sale or importation of any of Starkey's devices by virtue of admissions, amendments, arguments, representations and/or misrepresentations made to the United States Patent and Trademark Office during prosecution of the application from which the '749 Patent issued.

## PRAYER FOR RELIEF

WHEREFORE, Starkey prays for judgment against ETG on Starkey's counterclaims as follows:

a.     A declaratory judgment that the '850 Patent and the '749 Patent are invalid, unenforceable and void in law.

b.     A declaratory judgment that Starkey has not directly or indirectly infringed the '850 Patent or the '749 Patent, and that Starkey has not infringed the '850 Patent or the '749 Patent either through contributorily infringing or in any way inducing infringement.

c.     An order permanently enjoining and restraining ETG from further charges of infringement or acts of enforcement based on the '850 Patent and/or the '749 Patent against Starkey, its representatives, agents and customers, both present and prospective.

d.     An award of Starkey's reasonable costs and attorney's fees in connection with this action and a multiplication of damages.

e.     Such other and further relief as this Court may deem just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Starkey hereby demands a trial by jury of all issues so triable.

Dated:  February 28, 2006

By:_____/s/ Amy A. Quinlan_____
Mary B. Matterer (I.D. No. 2696)
Amy A. Quinlan (I.D. No. 3021)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
aquinlan@morrisjames.com

and

Richard G. Morgan
Steven L. Reitenour
BOWMAN AND BROOKE LLP
150 South Fifth Street
Suite 2600
Minneapolis, Minnesota  55402
Telephone:  (612) 339-8682

ATTORNEYS FOR STARKEY LABORATORIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February 2006, I electronically filed the foregoing document, **STARKEY LABORATORIES, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Edmond D. Johnson, Esq.
Linda E. Beebe, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801

Thomas C. Grimm, Esq.
Leslie Polizoti, Esq.
Morris, Nichols, Arsht and Tunnell
1201 Market Street
Wilmington, DE  19801

Mary B. Graham, Esq.
James W. Parrett, Jr., Esq.
Morris, Nichols, Arsht and Tunnell
1201 Market Street
Wilmington, DE  19801

N. Richard Powers, Esq.
Connolly Bove Lodge & Hutz
1007 N. Orange Street
Wilmington, DE  19801

Barry M. Klayman, Esq.
Wolf Block Schorr and Solis-Cohen
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE  19801

Donald E. Reid
Morris, Nichols, Arsht and Tunnell
1201 Market Street
Wilmington, DE  19801

Jack B. Blumenfeld, Esq.
MaryEllen Noreika, Esq.
Morris, Nichols, Arsht and Tunnell
1201 Market Street
Wilmington, DE  19801

_____/s/ Amy A. Quinlan_____
Mary B. Matterer (I.D. No. 2696)
Amy A. Quinlan (I.D. No. 3021)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
aquinlan@morrisjames.com

Attorneys for Defendant Starkey Laboratories, Inc.