**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SONIC INNOVATIONS, INC., et al. ) <br> ) <br> Defendants. ) | C. A. No. 05-422 (GMS) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SONIC INNOVATIONS, INC.'S
ANSWER, DEFENSES AND COUNTERCLAIMS**

Defendant Sonic Innovations, Inc. ("Sonic"), by and through its attorneys, answers the Second Amended Complaint as follows:

1. No response is required.

**NATURE OF THE ACTION**

2. Sonic admits the Complaint purports to be a claim for patent infringement under 35 U.S.C. §§ 271, *et seq.*, but denies that ETG is entitled to injunctive relief or damages. Sonic admits that plaintiff has attached copies of U.S. Patent No. 4,731,850 (the "'850 patent") and U.S. Patent No. 4,879,749 (the "'749 patent"). (The '749 patent and the '850 patent are sometimes collectively referred to herein as the "Patents-in-Suit"). Sonic admits that on its face, the '850 patent purports to be entitled "Programmable Digital Hearing Aid System" and that on its face the '749 patent purports to be entitled "Host Controller for Programmable Digital Hearing Aid System." Sonic denies any unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of the '850 patent of the '749 patent. With respect to the other defendants, Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and, on that basis, denies the same.

3. Sonic denies the averments set forth in paragraph 3 of the Complaint with respect to Sonic and Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 3 of the Complaint and accordingly Sonic denies all such averments.

4. Sonic denies the averments set forth in paragraph 4 of the Complaint with respect to Sonic. Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 4 of the Complaint and accordingly denies all such averments.

5. Sonic denies the averments set forth in paragraph 5 of the Complaint with respect to Sonic. Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 5 of the Complaint and accordingly denies all such averments.

## THE PARTIES

6. Sonic is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6 and therefore denies all such averments.

7. Sonic admits that, on its face, the '850 patent purports to have issued on March 15, 1988 in the name of Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kopper, as the named inventors, but denies that it was lawfully issued. Sonic admits that, on its face, the '749 patent purports to have issued on November 7, 1989 in the name of Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kopper, as the named inventors, but denies that it was lawfully issued. In all other respects, Sonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

8. Sonic admits that it is a corporation organized and existing under the laws of Delaware, and maintains a place of business at 2795 E. Cottonwood Pkwy, Ste 660, Salt Lake City, UT 84121.

9. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

10. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

11. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

12. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

13. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

14. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

15. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

16. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

17. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

18. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

19. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

20. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

21. Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

22.     Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

23.     Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

24.     Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

25.     Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

26.     Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

## JURISDICTION AND VENUE

27.     Sonic admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Sonic does not contest personal jurisdiction in this Court.  With respect to the other defendants, Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and, on that basis, denies the same.  To the extent not expressly admitted herein, Sonic denies the remaining allegations of Paragraph 27.

28.     Sonic does not contest that venue with respect to Sonic is proper in this Court.  With respect to the other defendants, Sonic is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and, on that basis, denies the same.  To the extent not expressly admitted herein, Sonic denies the remaining allegations of Paragraph 28.

## COUNT I: DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,731,850

29.     Sonic refers to and incorporates herein its answers as provided in Paragraphs 2-28 above.

30. Sonic denies each and every averment of Paragraph 30 to the extent it relates to or is directed at Sonic. Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 30 of the Complaint and accordingly denies all such averments.

31. Sonic denies each and every allegation of Paragraph 31 to the extent it relates to or is directed at Sonic. Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 31 of the Complaint and accordingly denies all such averments.

32. Sonic denies each and every allegation of Paragraph 32 to the extent it relates to or is directed at Sonic. Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 32 of the Complaint and accordingly denies all such averments.

## COUNT II: DENIAL OF ALLEGED WILLFUL INFRINGEMENT OF U.S. PATENT NO. 4,731,850

33. Sonic refers to and incorporates herein its answers as provided in Paragraphs 2-32 above.

34. Sonic denies each and every allegation of Paragraph 34 to the extent it relates to or is directed at Sonic. Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 34 of the Complaint and accordingly denies all such averments.

## COUNT III: DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 4,879,749

35. Sonic refers to and incorporates herein its answers as provided in Paragraphs 2-34 above.

36. Sonic denies each and every allegation of Paragraph 36 to the extent it relates to or is directed at Sonic. Sonic lacks sufficient knowledge or information to form

a belief as to the truth of the remaining averments in paragraph 36 of the Complaint and accordingly denies all such averments.

37. Sonic denies each and every allegation of Paragraph 37 to the extent it relates to or is directed at Sonic. Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 37 of the Complaint and accordingly denies all such averments.

38. Sonic denies each and every allegation of Paragraph 38 to the extent it relates to or is directed at Sonic. Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 38 of the Complaint and accordingly denies all such averments.

## COUNT IV: DENIAL OF ALLEGED WILLFUL INFRINGEMENT OF U.S. PATENT NO. 4,879,749

39. Sonic refers to and incorporates herein its answers as provided in Paragraphs 2-38 above.

40. Sonic denies each and every allegation of Paragraph 40 to the extent it relates to or is directed at Sonic. Sonic lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in paragraph 40 of the Complaint and accordingly denies all such averments.

## DENIAL OF ETG'S PRAYER FOR RELIEF

41. Sonic denies that ETG is entitled to any relief whatsoever in this action. ETG's prayer should be denied in its entirety and with prejudice, and ETG should take nothing. Sonic asks that judgment be entered for it and that it be awarded attorneys' fees and costs in defending against the Complaint, together with such other and further relief the Court deems appropriate.

## DEFENSES

Sonic asserts the following defenses and reserves its right to amend and add further defenses and/or counterclaims based upon information obtained during discovery and investigation:

### FIRST DEFENSE

### (FAILURE TO STATE A CLAIM)

42. ETG's Complaint fails to state a claim upon which any relief may be granted against Sonic.

### SECOND DEFENSE

### (NONINFRINGEMENT OF THE PATENTS-IN-SUIT)

43. Sonic has not infringed and is not now infringing any claim of the '850 patent.

44. Sonic has not infringed and is not now infringing any claim of the '749 patent.

### THIRD DEFENSE

### (INVALIDITY)

45. The '850 and '749 patents are invalid and/or unenforceable on the grounds that they or the purported inventions attempted to be patented therein fail to meet the conditions of patentability specified in Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and/or 112.

### FOURTH DEFENSE

### (ESTOPPEL AND LACHES)

46. ETG's claims for relief and prayer for damages are barred, in whole or in part, by the doctrines of equitable estoppel and/or laches because, *inter alia*, on information and belief there were excessive delays in the assertion and/or enforcement of

the Patents-in-Suit and/or because ETG is asserting the patents in a manner inconsistent with prior silence and inaction of ETG, its predecessors in interest, its assignors, the previous owner(s), assignee(s), licensee(s) of the asserted patents, and/or their attorneys or agents.

47.     ETG, its predecessors in interest, its assignors, the previous owner(s), assignee(s), licensee(s) of the asserted Patents-in-Suit and/or their attorneys or agents delayed filing suit for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claims against Sonic.

48.     Such delay operated to the prejudice or injury of Sonic.  Such prejudice includes the loss of discoverable evidence during the period of delay and economic prejudice resulting from Sonic's and others' substantial investment of resources in researching, developing, and acquiring products, manufacturing equipment and developing its business and technology that ETG claims fall within the scope of the Patents-in-Suit.

49.     Each of the asserted Patents-in-Suit is unenforceable because ETG, its predecessors in interest, its assignors, the previous owner(s), assignee(s), licensee(s) of the asserted Patents-in-Suit and/or their attorneys or agents, through their failure to act, led Sonic and others to reasonably rely upon their failure to act.  As a result of this reliance, Sonic will be materially prejudiced if ETG is allowed to proceed with its patent infringement claims.

## FIFTH DEFENSE

### (LIMITATION OF DAMAGES)

50.     ETG's claims for relief and prayer for damages are limited by 35 U.S.C. § 286.  ETG's recovery of costs is limited under 35 U.S.C. § 288.

## COUNTERCLAIMS OF SONIC INNOVATIONS, INC.

Defendant/Counterclaim Plaintiff Sonic Innovations, Inc. ("Sonic") asserts the following counterclaims against Plaintiff/Counterclaim Defendant Energy Transportation Group, Inc. ("ETG") and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the claims for declaratory relief arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* pursuant to 28 U.S.C. § § 1331 and 1338(a).

2. Personal jurisdiction and venue are proper over the parties in this judicial district, pursuant to 28 U.S.C. § § 1391 and 1400.

## THE PARTIES

3. Sonic is a Delaware corporation organized and existing under the laws of Delaware and having its principal place of business as 2795 E. Cottonwood Pkwy, Ste 660, Salt Lake City, UT 84121.

4. Sonic designs, develops, manufactures and markets hearing aids.

5. On information and belief, counter-Defendant ETG is a Delaware corporation organized and existing under the laws of Delaware and having its principal place of business at 654 Madison Avenue, Suite 1705, New York, NY 10021.

6. ETG claims to be the owner by assignment of U.S. Patent No. 4,731,850 (the "'850 patent"), which is entitled "Programmable Digital Hearing Aid System," and which issued on March 15, 1988.

7. ETG claims to be the owner by assignment of U.S. Patent No. 4,879,749 (the "'749 patent"), which is entitled "Host Controller for Programmable Digital Hearing Aid System," and which issued on November 7, 1989.

## BACKGROUND

8. ETG has charged Sonic with the unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of the '850 and '749 patents.

### Count I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9. Sonic realleges all the allegations paragraphs 1 through 8 as set forth above under the heading Counterclaims of Sonic Innovations, Inc. and the allegations of its Answer, Defenses and Counterclaims as set forth above in its paragraphs 2 through 50.

10. Sonic alleges that there is a judiciable controversy between Sonic and ETG concerning any alleged liability of Sonic for infringement of the asserted claims of the '749 and '850 patents.

11. Sonic prays, pursuant to 28 U.S.C. § 2201 and the patent laws of the United States, Title 35 U.S. C. §§ 100 *et seq.*, for declaratory judgment that it does not infringe any valid and enforceable asserted claim of the '749 and '850 patents for one or more of the reasons stated in paragraphs 2 through 50 of its Answer, Defenses and Counterclaims as stated herein.

12. Sonic prays for a jury trial on its counterclaims.

### Count II

### DECLARATORY JUDGMENT OF INVALIDITY

13. Sonic realleges all the allegations paragraphs 1 through 8 as set forth above under the heading Counterclaims of Sonic Innovations, Inc. and the allegations of its Answer, Defenses and Counterclaims as set forth above in its paragraphs 2 through 50.

14. Sonic alleges that there is a judiciable controversy between Sonic and ETG concerning the validity, enforceability and scope of the asserted claims of the '749 and '850 patents.

15. Sonic prays, pursuant to 28 U.S.C. § 2201, for declaratory judgment that the asserted claims of the '749 and the '850 patents are invalid for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115 and 116 for one or more of the reasons stated in paragraphs 2 through 50 of its Answer, Defenses and Counterclaims as stated herein.

16. Sonic prays for jury trial on its counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Sonic prays that judgment be entered in its favor, including:

A. Dismissing ETG's claims with prejudice;

B. Declaring the asserted claims of U.S. Patent 4,731,850 invalid and not infringed;

C. Declaring the asserted claims of U.S. Patent 4,879,749 invalid and not infringed;

D. Declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Sonic its reasonable costs, disbursements and attorneys' fees, together with interest, including prejudgment interest, thereon;

E. For such other relief as the Court may deem just.

## **JURY DEMAND**

Sonic hereby demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert E. Camors, Jr.
David B. Ritchie
Theresa A. Takeuchi
THELEN REID & PRIEST LLP
225 W. Santa Clara. Suite 1200
San Jose, CA 95113
Telephone: (408) 292-5800

March 2, 2006

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*Sonic Innovations, Inc.*

721941

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on March 2, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

| | |
|---|---|
| Edmond D. Johnson<br>Thomas H. Kovach<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899-5130 | Mary B. Graham<br>James W. Parrett, Jr.<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P. O. Box 1347<br>Wilmington, DE 19899-1347 |
| Jack B. Blumenfeld<br>Maryellen Noreika<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P. O. Box 1347<br>Wilmington, DE 19899-1347 | N. Richard Powers<br>Connolly, Bove, Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P. O. Box 2207<br>Wilmington, DE 19899-2207 |
| Richard K. Herrmann<br>Morris, James, Hitchens & Williams<br>222 Delaware Avenue<br>Wilmington, DE 19899 | Barry M. Klayman<br>Wolf, Block, Schorr and Solis-Cohen LLP<br>1100 North Market Street<br>Suite 1001<br>Wilmington, DE 19899 |
| Donald E. Reid<br>Morris, Nichols, Arsht & Tunnell<br>1201 N. Market Street<br>P. O. Box 1347<br>Wilmington, DE 19899-1347 | Thomas C. Grimm<br>Leslie A. Polizoti<br>Morris, Nichols, Arsht & Tunnell<br>1201 N. Market Street<br>P. O. Box 1347<br>Wilmington, DE 19899-1347 |

I hereby certify that on March 2, 2006, I have Electronically Emailed the documents to the following non-registered participants:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W., Suite 1200
Washington, DC  20006
tscott@hunton.com
bburoker@hunton.com
ccampbell@hunton.com

Kenneth B. Herman
William J. McCabe
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY  10020
kenneth.herman@ropesgray.com
william.mccabe@ropesgray.com

Richard G. Morgan
Steven L. Reitenour
Bowman and Brooke LLP
Fifth Street Towers
150 S. Fifth Street, Suite 2600
Minneapolis, MN  55402
rick.morgan@msp.bowmanandbrooke.com
steve.reitenour@msp.bowmanandbrooke.com

Robert C. Kahrl
David B. Cochran
Jones Day
901 Lakeside Avenue
Cleveland, OH  44114
rckahrl@jonesday.com
dcochran@jonesday.com

John M. Romary
C. Gregory Gramenopoulos
Finnegan, Henderson, Farabow,
   Garrett & Dunner L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
john.romary@finnegan.com
gramenoc@finnegan.com

Jeffrey D. Shewchuk
Shewchuk IP Services, LLC
533 77th Street West
Eagan, MN  55121
jdshewchuk@comcast.net

| | |
|---|---|
| William H. Mandir | James R. Sobieraj |
| David J. Cushing | David H. Bluestone |
| Carl J. Pellegrini | Brinks Hofer Gilson & Lione |
| Sughrue Mion, PLLC | 455 North Cityfront Plaza Drive |
| 2100 Pennsylvania Avenue, NW | NBC Tower, Suite 3600 |
| Washington, DC  20037 | Chicago, IL  60611-5599 |
| dcushing@sughrue.com | jsobieraj@usebrinks.com |
| wmandir@sughrue.com | dbluestone@usebrinks.com |
| cpellegrini@sughrue.com | |

*/s/  Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

691111