IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| SONIC INNOVATIONS, INC., *et al.*, | ) ) |
| Defendants. | ) |

C.A. No. 05-422-GMS

**ANSWER OF UNITRON HEARING LTD., UNITRON HEARING, INC.,
PHONAK AG, AND PHONAK LLC, FOR ITSELF AND AS SUCCESSOR-IN-
INTEREST TO PHONAK INC., TO THE SECOND AMENDED COMPLAINT**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and

as successor-in-interest to Phonak Inc., for their Answer to the Second Amended Complaint,

state as follows:

1.      Plaintiff ENERGY TRANSPORTATION GROUP, INC. ("ETG" or "Plaintiff"),
by and through its attorneys, hereby demands a jury trial and complains of Defendant PHONAK
AG, ("Phonak AG"), PHONAK, INC., ("Phonak"), PHONAK, LLC ("Phonak LLC"),
UNITRON HEARING, INC. ("Unitron"), UNITRON HEARING LTD. ("Unitron Hearing
Ltd.") WILLIAM DEMANT HOLDING A/S, ("Demant"), OTICON A/S, ("Oticon A/S"),
OTICON INC., ("Oticon"), WIDEX A/S ("Widex A/S"), WIDEX HEARING Am CO. INC,
("Widex"), GN RESOUND A/S, ("Resound A/S"), GN RESOUND CORPORATION,
("Resound"), SONIC INNOVATIONS, INC, ("Sonic"), STARKEY LABORATORIES, INC. ,
("Starkey"), GENNUM CORPORATION, ("Gennum"), RESISTANCE TECHNOLOGY INC.,
("RTI"), BERNAFON AG ("Bernafon AG"), WDH, INC. ("WDH"), AND BERNAFON, LLC
("Bernafon, LLC") (collectively, "Defendants") as follows:

**RESPONSE:**

Admitted that ETG complains as such.

## NATURE OF THE ACTION

2.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 4,731,850 (the "'850 Patent") entitled "Programmable Digital Hearing Aid System" and one or more claims of United States Patent No. 4,879,749 (the "'749 Patent") entitled "Host Controller for Programmable Digital Hearing Aid System."  A copy of the '850 Patent is attached as Exhibit A and a copy of the '749 Patent is attached as Exhibit B.  Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's '850 Patent and the '749 Patent.  In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendants' past infringement of the '850 Patent and the '749 Patent.

**RESPONSE:**

Admitted that this is a purported action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq*, that purported copies of the '850 and '749 patents are attached to the Second Amended Complaint as Exhibits A and B, respectively, and that Plaintiff seeks what it says it seeks, and otherwise denied.

3.    This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use of or in a programmable digital hearing aid device.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc.  Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

4.    Plaintiff has been irreparably harmed by Defendants' infringement of its valuable patent rights.  Moreover, Defendants' unauthorized, infringing use of Plaintiff's patented systems and methods has threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc.  Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

5.      Defendants' disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with potential licensees of this intellectual property.  Defendants will derive a competitive advantage over any of Plaintiff's future licensees from using Plaintiff's patented technology without paying compensation for such use.  Accordingly, unless and until Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc.  Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

## THE PARTIES

6.      Plaintiff ETG is a Delaware corporation organized and existing under the laws of Delaware and having its principal place of business at 654 Madison Avenue, Suite 1705, New York, NY 10021.

**RESPONSE**

Upon information and belief, admitted.

7.      Plaintiff ETG is the lawful assignee of all right, title and interest in and to the '850 Patent and the '749 Patent.  The '850 Patent was lawfully issued on March 15, 1988 in the name of Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kopper, as the named inventors. The '749 Patent was lawfully issued on November 7, 1989 in the name of Dr. Harry Levitt, Richard S. Dugot and Kenneth W. Kopper as the named inventors.  Plaintiff ETG's predecessors, Audimax Corporation and Audimax, Inc., were involved in developing innovation for use in the hearing instrument industry.

**RESPONSE**

Admitted that the first page of the '850 patent lists Harry Levitt, Richard S. Dugot and Kenneth W. Kopper as inventors and provides an issue date of March 15, 1988. Admitted that the first page of the '749 patent lists Harry Levitt, Richard S. Dugot and Kenneth W. Kopper as inventors and provides an issue date of November 7, 1989. Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

8.    Sonic is a corporation organized and existing under the laws of Delaware, and maintains a place of business at 2795 E. Cottonwood Pkwy Ste 660, Salt Lake City, UT 84121.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

9.    Phonak AG is a corporation organized and existing under the laws of Switzerland, and maintains a place of business at Laubistrutistrasse 28, CH 8712 Stafa, Switzerland.

**RESPONSE**

Admitted.

10.    Phonak is a corporation that was formerly organized and existed under the laws of the State of Illinois, and maintains a place of business at 4520 Weaver Pkwy, Warrenville, IL 60555-3927.

**RESPONSE**

Admitted that Phonak Inc. was formerly organized and existed under the laws of the State of Illinois, and maintained a place of business at 4520 Weaver Pkwy, Warrenville, IL 60555-3927, otherwise denied.

11.    Phonak LLC is a corporation that on information and belief is organized and existing under the laws of the State of Illinois, and maintains a place of business at 4520 Weaver Pkwy, Warrenville, IL 60555-3927.

**RESPONSE**

Admitted.


12.    Unitron is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 2300 Berkshire Lane North, Plymouth, MN 55441.

**RESPONSE**

Admitted as to Unitron Hearing, Inc.


13.    Unitron Hearing Ltd. is a corporation organized and existing under the laws of Canada, and maintains a place of business at 20 Beasley Drive, Kitchener, Ontario, Canada N2G4X1.

**RESPONSE**

Admitted.


14.    Demant is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Strandvejen 58, 2900 Hellerup, Denmark.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without

sufficient knowledge at this time to either admit or deny this allegation of the complaint.


15.    Oticon A/S is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Strandvejen 58, 2900 Hellerup, Denmark.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without

sufficient knowledge at this time to either admit or deny this allegation of the complaint.


16.    Oticon is a corporation organized and existing under the laws of Denmark, and maintains a place of business at 29 Schoolhouse Road, P.O. Box 6724, Somerset, New Jersey.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

17.    Widex A/S is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Ny Vestergaardsvej 25, 3500 Vaerloese, Denmark.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

18.    Widex is a corporation organized and existing under the laws of New York., and maintains a place of business at 3553 24th St., Long Island City, NY 11106.

**REPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

19.    Resound A/S is a corporation organized and existing under the laws of Denmark, and maintains a place of business at Markaevej 2A, P.O. Box 224, DK 2630 Tastrup, Denmark.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

20.    Resound is a corporation organized and existing under the laws of Denmark, and maintains a place of business at 8001 Bloomington Freeway, Bloomington, MN 55420.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

21.    Starkey is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 6700 Washington Ave. S., Eden Prairie, MN 55344.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

22.    Gennum is a corporation organized and existing under the laws of Ontario, and maintains a place of business at 970 Frasier Dr., Burlington, ON, L7L 5P5, Canada.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

23.    RTI is a corporation organized and existing under the laws of Minnesota, and maintains a place of business at 1260 Red Fox Rd., Arden Hills, MN 55112 6944.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

24.    Bernafon AG is a corporation organized under the laws of Switzerland, and maintains a place of business at Morgenstrasse 131, 3018 Berne, Switzerland.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

25.    WDH is a corporation organized under the laws of Minnesota, and maintains a current place of business at 200 Cottontail Lane, Bldg. B, Somerset, NJ 08873. WDH was formerly known as Bernafon Inc. and Bernafon-Maico Inc. (collectively "WDH"). WDH had maintained a place of business at 9675 West 76th Street, Eden Prairie, MN 55344.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

26.    Bernafon, LLC is a limited liability corporation organized under the laws of New Jersey, and maintains a place of business at 200 Cottontail Lane, Bldg. B, Somerset, NJ 08873.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny this allegation of the complaint.

## JURISDICTION AND VENUE

27.    This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has personal jurisdiction over the Defendants in that each has committed acts within Delaware and this judicial district giving rise to this action and each of the Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over each of the Defendants would not offend traditional notions of fair play and substantial justice.

**RESPONSE**

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC admit that the Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a), do not contest personal jurisdiction in this particular action as to themselves, and are without sufficient knowledge at this time to either admit or deny the remaining allegation of this paragraph of the complaint.

28.    ETG is a Delaware corporation. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) for at least the reasons that the Defendants each have committed acts within this judicial district giving rise to this action and does business in this district, including sales, and providing service and/or support to their respective customers in this district.

**RESPONSE**

Upon information and belief, admitted that ETG is a Delaware corporation. Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC do not challenge venue as to themselves and are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

## COUNT I

### (Patent Infringement of United States Patent No. 4,731,850)

29.    Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

**RESPONSE**

Answers to paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe directly and/or indirectly, which employ systems, components and/or steps that make use of other systems or processes that infringe directly and/or indirectly or which are made according to a patented process, one or more of the claims of the '850 Patent.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc. Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

31.    Defendants have been and continue infringing one or more of the claims of the '850 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc. Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

32.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc. Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

## <u>COUNT II</u>

### <u>(Willful Patent Infringement of United States Patent No. 4,731,850)</u>

33.     Paragraphs 1 through 32 are incorporated by reference as if fully restated herein.

**RESPONSE**

Answers to paragraphs 1 through 32 are incorporated by reference as if fully restated herein.

34.     Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '850 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. ETG is entitled to recover damages adequate to compensate for the infringement of the '850 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc. Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

## COUNT III

### (Patent Infringement of United States Patent No. 4,879,749)

35.     Paragraphs 1 through 34 are incorporated by reference as if fully restated herein.

**RESPONSE**

Answers to paragraphs 1 through 34 are incorporated by reference as if fully restated herein.

36.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe directly and/or indirectly, which employ systems, components and/or steps that make use of other systems or processes that infringe directly and/or indirectly or which are made according to a patented process, one or more of the claims of the '749 Patent.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc. Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

37.     Defendants have been and continue infringing one or more of the claims of the '749 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc.  Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

38.    Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc.  Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

## COUNT IV

### (Willful Patent Infringement of United States Patent No. 4,879,749)

39.    Paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

**RESPONSE**

Answers to paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

40.    Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '749 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, Plaintiff is without adequate remedy at law. ETG is entitled to recover damages adequate to compensate for the infringement of the '749 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**RESPONSE**

Denied with respect to Unitron Hearing Ltd., Unitron Hearing Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc. Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG and Phonak LLC are without sufficient knowledge at this time to either admit or deny the remaining allegations of this paragraph of the complaint.

## AFFIRMATIVE DEFENSES

Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc., assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

41.    Noninfringement. No product of Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc., that is alleged by Plaintiff to infringe the patents in suit infringes those patents, directly or indirectly, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

42.    Laches. Upon information and belief, Plaintiff is barred by laches from recovering damages for infringement of the patents asserted in this litigation, if any.

## THIRD AFFIRMATIVE DEFENSE

43.    Invalidity. Depending on which claims of the patents in suit are accused of infringement, and how Plaintiff construes the limitation of such claims, invalidity of the asserted claims on any ground specified in Title II of Title 35 of the United States Code as a condition for patentability.

## FOURTH AFFIRMATIVE DEFENSE

44.    Estoppel.    Depending on which claims of the patents in suit are accused of infringement, and how Plaintiff construes and applies the limitations of such claims, Plaintiff is estopped in view of the prior art and/or by virtue of cancellation, amendments, representations, and concessions made to the United States Patent and Trademark Office during prosecution of the applications for the patents in suit, from construing any asserted claim to be infringed or to have been infringed by Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc.

## FIFTH AFFIRMATIVE DEFENSE

45.    Misjoinder of Parties.    Phonak Inc. ceased to exist as of March 31, 2003, and, therefore, is not a proper party pursuant to FED. R. CIV. P. 21 and should be dismissed from this action.

## SIXTH AFFIRMATIVE DEFENSE

46.    Absence of liability for infringement.    There is an absence of liability for infringement for all of the foregoing reasons, and for any additional reason permitted in law or equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Unitron Hearing Ltd., Unitron Hearing, Inc., Phonak AG, and Phonak LLC, for itself and as successor-in-interest to Phonak Inc. (collectively "Unitron and Phonak") pray for entry of a judgment:

A.    Adjudging that every asserted claim of the '850 patent is invalid.

B.    Adjudging decree that Unitron and Phonak have not infringed the '850 patent.

C.    Adjudging that every asserted claim of the '749 patent is invalid.

D.    Adjudging that Unitron and Phonak have not infringed the '749 patent.

E.    Adjudging this case to be exceptional under 35 U.S.C. § 285.

F.    Awarding Unitron and Phonak their attorneys' fees, costs and such other and further relief as is just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*
_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tcgefiling@mnat.conm
lpolizoti@mnat.com
*Attorneys for Defendants*
*Phonak AG, Phonak LLC (for itself and as*
*successor-in-interest to Phonak Inc.), Unitron*
*Hearing Ltd. and Unitron Hearing, Inc.*

OF COUNSEL:

James R. Sobieraj
Meredith Martin Addy
David H. Bluestone
Robert G. Pluta
BRINKS HOFER GILSON & LIONE
NBC Tower–Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL  60611-5599
(312) 321-4200

March 2, 2006
509276

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2006 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following: Jack B. Blumenfeld, Robert E. Camors, Jr., Mary B. Graham, Thomas C. Grimm, Richard K. Herrmann, Richard L. Horwitz, Edmond D. Johnson, Barry M. Klayman, Thomas H. Kovach, Mary Matterer, David E. Moore, James W. Parrett, Jr., Leslie A. Polizoti, N. Richard Powers, Amy A. Quinlan, Donald E. Reid, David B. Ritchie, Jeffrey D. Shewchuk, Richard Swope, and Theresa A. Takeuchi.

I also certify that copies were caused to be served on March 2, 2006 upon the following by hand:

Edmond D. Johnson
Linda E. Beebe
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19899

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE  19801

N. Richard Powers
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899

Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
North Market Street, Suite 1001
Wilmington, DE  19801

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE  19899

Richard K. Herrmann
Mary Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue
Wilmington, DE  19899

Donald E. Reid
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE  19899

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE  19899

*/s/ Leslie A. Polizoti*
Leslie A. Polizoti (#4299)