IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422 (GMS) |
| | ) | |
| SONIC INNOVATIONS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT GENNUM CORPORATION

Defendant Gennum Corporation ("Gennum") as and for its answer to the Second Amended Complaint of Plaintiff Energy Transportation Group, Inc. ("ETG"), states as follows:

1.      Gennum admits that in Paragraph 1 of the Second Amended Complaint ETG purports to assert a demand for a jury trial and complaint against the above-captioned Defendants.  Gennum otherwise denies that ETG has a basis for the action or has properly plead any cause of action.

2.      Gennum admits that in Paragraph 2 of the Second Amended Complaint ETG purports to assert an action for patent infringement for United States Patent Nos. 4,731,850 (the "'850 Patent") and 4,879,749 (the "'749 Patent") (collectively the "ETG Patents") and that copies of the ETG Patents were attached to the Complaint.  Gennum otherwise denies that ETG has a basis for the action or has properly plead any cause of action.

3.      Gennum admits that in Paragraph 3 of the Second Amended Complaint ETG purports to assert an action for patent infringement relating to the manufacture, use, sale, offer for sale, and/or importation into the United States of products, methods, processes, services and systems that are primarily used or primarily adapted for use of or in a programmable digital

hearing aid device.  Gennum otherwise denies that ETG has a basis for the action or has properly plead any cause of action.

4.      Gennum denies each and every allegation of Paragraph 4 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 4 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

5.      Gennum denies each and every allegation of Paragraph 5 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 5 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

6.      Gennum admits that in Paragraph 6 of the Second Amended Complaint ETG purports to be a Delaware corporation having its principal place of business at 654 Madison Avenue, Suite 1705, New York, NY 10021.  Except as so admitted, Gennum denies the allegations of Paragraph 6 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

7.      Gennum admits that the '850 Patent issued on March 15, 1988 in the name of Harry Levitt, Richard S. Dugot, and Kenneth W. Kopper, as the named inventors.  Gennum further admits that the '749 Patent issued on November 7, 1989 in the name of Harry Levitt, Richard S. Dugot, and Kenneth W. Kopper, as the named inventors.  Except as so admitted, Gennum denies the remaining allegations of Paragraph 7 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

8.      Gennum states that the allegations contained in Paragraph 8 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required.  To the

extent a response is required, Gennum denies the allegations of Paragraph 8 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

9.    Gennum states that the allegations contained in Paragraph 9 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required.  To the extent a response is required, Gennum denies the allegations of Paragraph 9 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

10.    Gennum states that the allegations contained in Paragraph 10 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 10 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

11.    Gennum states that the allegations contained in Paragraph 11 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 11 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

12.    Gennum states that the allegations contained in Paragraph 12 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 12 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

13.     Gennum states that the allegations contained in Paragraph 13 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 13 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

14.     Gennum states that the allegations contained in Paragraph 14 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 14 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

15.     Gennum states that the allegations contained in Paragraph 15 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 15 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

16.     Gennum states that the allegations contained in Paragraph 16 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 16 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

17.     Gennum states that the allegations contained in Paragraph 17 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 17 of the

Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

18.     Gennum states that the allegations contained in Paragraph 18 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 18 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

19.     Gennum states that the allegations contained in Paragraph 19 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 19 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

20.     Gennum states that the allegations contained in Paragraph 20 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 20 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

21.     Gennum states that the allegations contained in Paragraph 21 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 21 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

22.     Gennum maintains a place of business at 970 Fraser Dr., Burlington, ON, L7L 5P5, Canada, and not on Frasier Dr. as alleged in Paragraph 22 of the Second Amended Complaint. Otherwise, Gennum admits the allegations of Paragraph 22 of the Second Amended Complaint.

23.     Gennum states that the allegations contained in Paragraph 23 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 23 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

24.     Gennum states that the allegations contained in Paragraph 24 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 24 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

25.     Gennum states that the allegations contained in Paragraph 25 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 25 of the Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

26.     Gennum states that the allegations contained in Paragraph 26 of the Second Amended Complaint are not asserted against it, so no response by Gennum is required. To the extent a response is required, Gennum denies the allegations of Paragraph 26 of the

Second Amended Complaint for lack of information sufficient to form a belief as to the truth or falsity thereof.

## JURISDICTION AND VENUE

27.     Gennum admits that this Court has subject matter jurisdiction over a complaint alleging patent infringement.  Gennum denies the remaining factual allegations of Paragraph 27 of the Second Amended Complaint.

28.     Gennum admits that ETG is a Delaware corporation, and admits that venue would be proper by reason of Gennum being an entity created under the laws of and residing in a foreign nation.  Gennum denies the remaining factual allegations of Paragraph 28 of the Second Amended Complaint.

## COUNT I

29.     Gennum re-alleges, and incorporates by reference the responses of Paragraphs 1-28 of this Answer.

30.     Gennum denies each and every allegation of Paragraph 30 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 30 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

31.     Gennum denies each and every allegation of Paragraph 31 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 31 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

32.    Gennum denies each and every allegation of Paragraph 32 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 32 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

## COUNT II

33.    Gennum re-alleges, and incorporates by reference the responses of Paragraphs 1-32 of this Answer.

34.    Gennum denies each and every allegation of Paragraph 34 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 34 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

## COUNT III

35.    Gennum re-alleges, and incorporates by reference the responses of Paragraphs 1-34 of this Answer.

36.    Gennum denies each and every allegation of Paragraph 36 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 36 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

37.    Gennum denies each and every allegation of Paragraph 37 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 37 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

38.     Gennum denies each and every allegation of Paragraph 38 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 38 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

## COUNT IV

39.     Gennum re-alleges, and incorporates by reference the responses of Paragraphs 1-38 of this Answer.

40.     Gennum denies each and every allegation of Paragraph 40 of the Second Amended Complaint to the extent that it pertains to Gennum.  To the extent that Paragraph 40 of the Second Amended Complaint pertains to parties other than Gennum, Gennum denies the allegations for lack of information sufficient to form a belief as to the truth or falsity thereof.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

41.     Upon information and belief, Gennum has not committed any act which would give rise to liability for infringement of any claim (or claims) of the ETG Patents because Gennum has not infringed the ETG patents.

### SECOND DEFENSE

42.     Upon information and belief, the ETG Patents are invalid for failure to comply, inter alia, with the requirements of 35 U.S.C. § § 102, 103 and 112.

### THIRD DEFENSE

43.     Upon information and belief, Gennum has not committed any act which would give rise to liability for infringement of any valid claim (or claims) of the ETG Patents

because ETG is barred by statements made during prosecution from any interpretation of the claims of the ETG Patents that might give rise to infringement by Gennum.

## FOURTH DEFENSE

44.    Upon information and belief, ETG is barred by the doctrine of laches from asserting damages for infringement of the ETG Patents allegedly occurring prior to filing the Complaint, because ETG and its alleged predecessors, Audimax Corporation and Audimax, Inc. (collectively "Audimax"), delayed filing suit for an unreasonable and inexcusable length of time from the time ETG (and Audimax) knew or should have known of a claim against Gennum.

## FIFTH DEFENSE

45.    Upon information and belief, ETG is barred from bringing suit under the doctrine of equitable estoppel, because ETG and its predecessor, Audimax, through unreasonable and inexcusable length of delay, misleading silence, and/or other conduct, has represented that Gennum will be unmolested by claims of infringement, and Gennum has expanded its business in reliance on the representations of ETG and Audimax.

## SIXTH DEFENSE

46.    Upon information and belief, ETG provided insufficient notice of the Second Amended Complaint under Fed. R. Civ. P. 8(a) and 12(b)(6) because ETG has not identified a single Gennum product.

## SEVENTH DEFENSE

47.    The Second Amended Complaint fails to state a claim upon which relief may be granted.

## PRAYER FOR RELIEF IN RESPONSE TO COMPLAINT

WHEREFORE, Gennum respectfully prays that:

A.      ETG's Complaint be dismissed with prejudice;

B.      This Court deny in its entirety the relief sought by ETG's Complaint and Prayer for Relief including, but not limited to, alleged damages, costs, attorneys' fees and injunctive relief.

C.      This Court declare this case to be exceptional and award Gennum its reasonable attorney's fees, expenses and costs in this action; and

D.      This Court grant Gennum such other and further relief that this Court deems just and proper.

## COUNTERCLAIMS OF GENNUM CORPORATION

Gennum for its counterclaims against ETG, alleges the following:

48.      Jurisdiction for these counterclaims is based upon 28 U.S.C. § § 1331, 1337(a), 1338, 2201 and/or 2202, and Rule 13.

49.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and 28 U.S.C. § 2201, *et seq.*

50.      Gennum hereby refers to and incorporates by reference as if fully set forth herein each answer and additional defense stated above.

51.      Gennum has manufactured, used, offered for sale or sold products which ETG alleges infringe the ETG Patents.

52.      Gennum continues to manufacture, use, offer for sale or sell products which ETG alleges infringe the ETG Patents.

53.      Gennum has not infringed the ETG Patents.

54.     As to each of the ETG Patents, the patent is invalid for failure to comply, inter alia, with the requirements of 35 U.S.C. § § 102, 103, and 112 and for the reasons stated above in the additional defenses.

55.     Upon information and belief, ETG is barred by statements made during prosecution from any interpretation of the claims of the ETG Patents that might give rise to infringement by Gennum of any claim (or claims) of the ETG Patents.

56.     Upon information and belief, the ETG Patents are unenforceable by application of the doctrine of laches and by reason of equitable estoppel for the reasons stated above in the additional defenses.

57.     An actual justiciable controversy exists between Gennum and ETG as to whether any of the products of Gennum infringe any valid claim (or claims) of the ETG Patents.

58.     Gennum has no adequate remedy at law.

## PRAYER FOR RELIEF FOR COUNTERCLAIMS

Gennum prays that the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that:

E.     Gennum has not infringed any valid claim (or claims) of the ETG Patents;

F.     Gennum has not induced infringement of any valid claim (or claims) of the ETG Patents;

G.     Gennum has not contributed to the infringement of any valid claim (or claims) of the ETG Patents;

H.     The claims of the ETG Patents are invalid;

I.     The claims of the ETG Patents are unenforceable;

J.    The relief sought by ETG's Second Amended Complaint and Prayer for Relief be denied;

K.    This case is exceptional and award Gennum its reasonable attorney's fees, expenses, and costs in this action; and

L.    This Court grant Gennum such other and further relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Defendant Gennum Corporation*

OF COUNSEL:

Robert C. Kahrl
David B. Cochran
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114
(216) 586-7506

Dated:  March 2, 2006
509177

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Edmond D. Johnson
Linda E. Beebe
THE BAYARD FIRM

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON, LLP

N. Richard Powers
CONNOLLY, BOVE, LODGE & HUTZ LLP

Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Richard K. Herrmann
Mary Matterer
MORRIS, JAMES, HITCHENS & WILLIAMS

Barry M. Klayman
WOLF, BLOCK, SCHORR & SOLIS-COHEN LLP

Thomas C. Grimm
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Donald E. Reid
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

David B. Ritchie
Richard Swope
Robert E. Camors, Jr.
Theresa A. Takeuchi
THELEN REID & PREIST LLP

Jeffrey D. Shewchuk
SHEWCHUK UP SERVICES LLC

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on March 2, 2006 upon the following individuals in the manner indicated:

### BY HAND

Edmond D. Johnson
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Richard L. Horwitz
POTTER ANDERSON & CORROON, LLP
1313 North Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

N. Richard Powers
CONNOLLY, BOVE, LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

Richard K. Herrmann
MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899

Donald E. Reid
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

Barry M. Klayman
WOLF, BLOCK, SCHORR & SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE  19801

Thomas C. Grimm
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

*/s/ Mary B. Graham*

_____

Mary B. Graham (#2256)

509400