IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC. <br><br> Plaintiff, <br><br> v. <br><br> SONIC INNOVATIONS, INC, ET AL. <br><br> Defendants. | ) <br> ) <br> ) C.A. NO. 05-422 (GMS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) |

**PLAINTIFF'S REPLY TO DEFENDANT
WIDEX HEARING AID CO. INC.'S COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(a)(2), plaintiff ENERGY TRANSPORTATION GROUP, INC. ("ETG" or "Plaintiff"), by counsel, hereby demands a jury trial and replies to the Counterclaims of the defendant WIDEX HEARING AID CO. INC. ("Widex Hearing Aid") filed on or about February 27, 2006. ETG hereby responds to the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated. In replying to the Counterclaims, ETG refers to the patents-in-suit in the following manner: United States Patent No. 4,731,850 (the "'850 Patent"); and United States Patent No. 4,879,749 (the "'749 Patent") (collectively, "the Patents-in-Suit").

The "Affirmative Defenses," Numbered, and Unnumbered Paragraphs of Widex Hearing Aid's consolidated Answer and Counterclaims set forth on pages 1 through 7, and any additional responses of Widex Hearing Aid set forth in Paragraphs 1 through 45 (contained in pages 1 through 7) pertain only to Widex Hearing Aid's Answer to ETG's Complaint, and therefore no reply to those paragraphs is permitted or necessary. To the extent that any response is required to these portions of the Answer, ETG realleges the allegations of its Second Amended

620594v1

Complaint, Paragraphs 1 through 40, including the Prayer for Relief, and denies the above-identified portions of Widex Hearing Aid's Answer. ETG denies that Widex Hearing Aid is entitled to any of the relief sought.

ETG responds to the allegations of Widex Hearing Aid's Counterclaims (contained on pages 7 through 10) as follows:

46. ETG admits the allegations of Paragraph 46 of the Counterclaims, except that the proper United States Postal Service zip code for Widex Hearing Aid is 11106, and not 11006 as alleged by Widex Hearing Aid.

47. In reply to Paragraph 47 of the Counterclaims, ETG admits that this Court has subject matter jurisdiction over the Counterclaims as presently alleged by Widex Hearing Aid with respect to the Widex Hearing Aid services or products accused of infringement in this action. ETG denies that subject matter jurisdiction presently exists with respect to Widex Hearing Aid services or products that have not been accused of infringement.

48. ETG admits the allegations of Paragraph 48 of the Counterclaims.

49. ETG admits the allegations of Paragraph 49 of the Counterclaims, except that the proper United States Postal Service zip code for Widex Hearing Aid is 11106, and not 11006 as alleged by Widex Hearing Aid.

50. ETG denies the allegations of Paragraph 50 of the Counterclaims and ETG denies that Widex Hearing Aid is entitled to any of the relief sought.

51. ETG admits that this Court has subject matter jurisdiction over the Counterclaims as presently alleged by Widex Hearing Aid with respect to the Widex Hearing Aid services or products accused of infringement in this action. ETG denies that subject matter jurisdiction

presently exists with respect to Widex Hearing Aid services or products that have not been accused of infringement.

52. ETG admits the allegations of Paragraph 52 of the Counterclaims.

53. ETG admits the allegations of Paragraph 53 of the Counterclaims, except that the proper United States Postal Service zip code for Widex Hearing Aid is 11106, and not 11006 as alleged by Widex Hearing Aid.

54. ETG denies the allegations of Paragraph 54 of the Counterclaims and ETG denies that Widex Hearing Aid is entitled to any of the relief sought.

55. ETG admits that this Court has subject matter jurisdiction over the Counterclaims as presently alleged by Widex Hearing Aid with respect to the Widex Hearing Aid services or products accused of infringement in this action. ETG denies that subject matter jurisdiction presently exists with respect to Widex Hearing Aid services or products that have not been accused of infringement.

56. ETG admits the allegations of Paragraph 56 of the Counterclaims.

57. ETG admits the allegations of Paragraph 57 of the Counterclaims, except that the proper United States Postal Service zip code for Widex Hearing Aid is 11106, and not 11006 as alleged by Widex Hearing Aid.

58. ETG denies the allegations of Paragraph 58 of the Counterclaims and ETG denies that Widex Hearing Aid is entitled to any of the relief sought.

59. ETG admits that this Court has subject matter jurisdiction over the Counterclaims as presently alleged by Widex Hearing Aid with respect to the Widex Hearing Aid services or products accused of infringement in this action. ETG denies that subject matter jurisdiction

presently exists with respect to Widex Hearing Aid services or products that have not been accused of infringement.

60. ETG admits the allegations of Paragraph 60 of the Counterclaims.

61. ETG admits the allegations of Paragraph 61 of the Counterclaims, except that the proper United States Postal Service zip code for Widex Hearing Aid is 11106, and not 11006 as alleged by Widex Hearing Aid.

62. ETG denies the allegations of Paragraph 62 of the Counterclaims and ETG denies that Widex Hearing Aid is entitled to any of the relief sought.

63. In reply to the Prayer for Relief, ETG denies that Widex Hearing Aid is entitled to any of the relief sought, for any reason whatsoever.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Counterclaim-Defendant ETG prays:

A. That the Court enter judgment in favor of ETG on Widex Hearing Aid's Counterclaims;

B. That Widex Hearing Aid's Counterclaims be dismissed with prejudice;

C. That the Court adjudge and decree that the '850 Patent and the '749 Patent are valid and enforceable against Widex Hearing Aid;

D. That the Court adjudge and decree that the '850 Patent and the '749 Patent are infringed by Widex Hearing Aid;

E. That the Court adjudge and decree that Widex Hearing Aid's infringement of the '850 Patent and the '749 Patent is willful;

F. That the Court enjoin Widex Hearing Aid, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents,

and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering for sale, importing or distributing any infringing products and from infringing, contributing to the infringement of, and inducing infringement of the '850 Patent and the '749 Patent, and for all further and proper injunctive relief;

    G.    That the Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Widex Hearing Aid's infringement;

    H.    That the Court, pursuant to 35 U.S.C. § 284 or other applicable law, enter an award to ETG of such damages as it shall prove at trial against Widex Hearing Aid that are adequate to compensate ETG for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

    I.    That the Court assess pre-judgment and post-judgment interest and costs against Widex Hearing Aid, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284 or other applicable law;

    J.    That the Court award ETG enhanced damages (up to three times) pursuant to 35 U.S.C. § 284 or other applicable law;

    K.    That the Court declare this case to be exceptional and direct Widex Hearing Aid to pay ETG's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285 or other applicable law;

    L.    That this Court order an accounting of all damages sustained by ETG as the result of the acts of infringement by Widex Hearing Aid;

    M.    That this Court enter an award to ETG of such damages as it shall prove at trial against Widex Hearing Aid that are adequate to compensate ETG for said infringements; and,

N.   That the Court grant to ETG such other, further, and different relief as may be just and proper under the circumstances.

## JURY DEMAND

ETG demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

THE BAYARD FIRM

*/s/ Linda E. Beebe*
Edmond D. Johnson (#2257)
Linda E. Beebe (#4634)
222 Delaware Ave., Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
lbeebe@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(202) 955-1500

Dated: March 17, 2006

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 17, 2006, she electronically filed the foregoing Plaintiffs' Reply to Defendant Widex Hearing Aid Co. Inc.'s Counterclaims with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard W. Horwitz, Esquire
David Ellis Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

N. Richard Powers, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Steet
P.O. Box 2207
Wilmington, DE 19899

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Barry M. Klayman, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801

Jack B. Blumenfeld, Esquire
Mary B. Graham, Esquire
James Walter Parrett, Jr., Esquire
Donald E. Reid, Esquire
Thomas C. Grimm, Esquire
Leslie A. Polizoti, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

/s/ Linda E. Beebe
Linda E. Beebe (#4634)