IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC. <br><br> Plaintiff, <br><br> v. <br><br> SONIC INNOVATIONS, INC, ET AL. <br><br> Defendants. | C.A. NO. 05-422 (GMS) <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANTS
OTICON INC. AND BERNAFON, LLC'S COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(a)(2), plaintiff ENERGY TRANSPORTATION GROUP, INC. ("ETG" or "Plaintiff"), by counsel, hereby demands a jury trial and replies to the Counterclaims of the defendants OTICON INC. and BERNAFON, LLC filed on or about February 27, 2006. ETG hereby responds to the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated. In replying to the Counterclaims, ETG refers to the patents-in-suit in the following manner: United States Patent No. 4,731,850 (the "'850 Patent"); and United States Patent No. 4,879,749 (the "'749 Patent") (collectively, "the Patents-in-Suit").

The "Affirmative Defenses" and Numbered Paragraphs of: Oticon A/S, Oticon Inc., Bernafon AG, WDH Inc., and Bernafon, LLC. (collectively "Oticon Defendants") consolidated Answer and Counterclaims set forth on pages 1 through 9, and the additional responses of the Oticon Defendant's set forth in Paragraphs 1 through 40 pertain only to Oticon Defendant's Answer to ETG's Complaint, and therefore no reply to those paragraphs is permitted or necessary. To the extent that any response is required to these portions of the Answer, ETG

620611v1

realleges the allegations of its Second Amended Complaint, Paragraphs 1 through 40, including the Prayer for Relief, and denies the above-identified portions of Oticon Defendant's Answer. ETG denies that Oticon Defendants are entitled to any of the relief sought.

Although all Oticon Defendants joined in the Answer and Affirmative Defenses to ETG's Second Amended Complaint, only Oticon Inc., and Bernafon, LLC have filed Counterclaims as set forth below. To the extent that any other Oticon Defendant is deemed to have pled a counterclaim, ETG incorporates the responses set forth below. ETG responds to the counterclaim allegations of Oticon Inc. and Bernafon, LLC's Counterclaims (contained on pages 10 through 11) as follows:

1. ETG admits the allegations of Paragraph 1 of the Counterclaims.

2. ETG admits the allegations of Paragraph 2 of the Counterclaims.

3. ETG admits the allegations of Paragraph 3 of the Counterclaims.

4. In reply to Paragraph 4 of the Counterclaims, ETG admits that this Court has subject matter jurisdiction over the Counterclaims as presently alleged by Oticon Inc. and Bernafon, LLC with respect to the Oticon Inc. and Bernafon, LLC services or products accused of infringement in this action. ETG denies that subject matter jurisdiction presently exists with respect to Oticon Inc. and Bernafon, LLC services or products that have not been accused of infringement. Further, ETG denies that subject matter jurisdiction presently exists with respect to any other Oticon Defendants, other than Oticon Inc. and Bernafon, LLC.

5. In reply to Paragraph 5 of the Counterclaims, ETG admits that an actual controversy exists with respect to the Oticon Inc. and Bernafon, LLC services or products accused of infringement in this action. ETG denies that an actual controversy presently exists

with respect to Oticon Inc. and Bernafon, LLC services or products that have not been accused of infringement.

6.  ETG admits the allegations of Paragraph 6 of the Counterclaims.

7.  ETG incorporates its Answer as set forth in paragraphs 1-6 above.

8.  ETG denies the allegations of Paragraph 8 of the Counterclaims and ETG denies that Oticon Inc. and Bernafon, LLC are entitled to any of the relief sought.

9.  ETG incorporates its Answer as set forth in paragraphs 1-8 above.

10. ETG denies the allegations of Paragraph 10 of the Counterclaims and ETG denies that Oticon Inc. and Bernafon, LLC are entitled to any of the relief sought.

11. In reply to the Prayer for Relief, ETG denies that Oticon Inc. and Bernafon, LLC, and the Oticon Defendants are entitled to any of the relief sought, for any reason whatsoever.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Counterclaim-Defendant ETG prays:

A.  That the Court enter judgment in favor of ETG on Oticon Inc. and Bernafon, LLC's Counterclaims;

B.  That Oticon Inc. and Bernafon, LLC's Counterclaims be dismissed with prejudice;

C.  That the Court adjudge and decree that the '850 Patent and the '749 Patent are valid and enforceable against the Oticon Defendants;

D.  That the Court adjudge and decree that the '850 Patent and the '749 Patent are infringed by Oticon Defendants;

E.  That the Court adjudge and decree that the Oticon Defendants' infringement of the '850 Patent and the '749 Patent is willful;

F.  That the Court enjoin the Oticon Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering for sale, importing or distributing any infringing products and from infringing, contributing to the infringement of, and inducing infringement of the '850 Patent and the '749 Patent, and for all further and proper injunctive relief;

G.  That the Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Oticon Defendant's infringement;

H.  That the Court, pursuant to 35 U.S.C. § 284 or other applicable law, enter an award to ETG of such damages as it shall prove at trial against Oticon Defendants that are adequate to compensate ETG for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

I.  That the Court assess pre-judgment and post-judgment interest and costs against Oticon Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284 or other applicable law;

J.  That the Court award ETG enhanced damages (up to three times) pursuant to 35 U.S.C. § 284 or other applicable law;

K.  That the Court declare this case to be exceptional and direct Oticon Defendants to pay ETG's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285 or other applicable law;

L.  That this Court order an accounting of all damages sustained by ETG as the result of the acts of infringement by Oticon Defendants;

M. That this Court enter an award to ETG of such damages as it shall prove at trial against Oticon Defendants that are adequate to compensate ETG for said infringements; and,

N. That the Court grant to ETG such other, further, and different relief as may be just and proper under the circumstances.

## JURY DEMAND

ETG demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

THE BAYARD FIRM

*/s/ Linda E. Beebe*
Edmond D. Johnson (#2257)
Linda E. Beebe (#4634)
222 Delaware Ave., Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
lbeebe@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(202) 955-1500

Dated: March 17, 2006

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 17, 2006, she electronically filed the foregoing Plaintiffs' Reply to Defendant Oticon Inc. and Bernafon, LLC's Counterclaims with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard W. Horwitz, Esquire
David Ellis Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

N. Richard Powers, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Steet
P.O. Box 2207
Wilmington, DE 19899

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Barry M. Klayman, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801

Jack B. Blumenfeld, Esquire
Mary B. Graham, Esquire
James Walter Parrett, Jr., Esquire
Donald E. Reid, Esquire
Thomas C. Grimm, Esquire
Leslie A. Polizoti, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

_/s/ Linda E. Beebe_
Linda E. Beebe (#4634)