IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SONIC INNOVATIONS, INC, ET AL.<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. NO. 05-422 (GMS)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANT STARKEY LABORATORIES, INC.'S
AMENDED COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(a)(2), plaintiff ENERGY TRANSPORTATION GROUP, INC. ("ETG" or "Plaintiff"), by counsel, hereby demands a jury trial and replies to the Counterclaims of the defendant STARKEY LABORATORIES, INC.'S ("Starkey") filed on or about February 28, 2006. ETG hereby responds to the numbered paragraphs of the Counterclaims, and in doing so denies the allegations of the Counterclaims except as specifically stated. In replying to the Counterclaims, ETG refers to the patents-in-suit in the following manner: United States Patent No. 4,731,850 (the "'850 Patent"); and United States Patent No. 4,879,749 (the "'749 Patent") (collectively, "the Patents-in-Suit").

The "Affirmative Defenses" and Numbered Paragraphs of Starkey's consolidated Answer and Counterclaims set forth on pages 1 through 12, and Starkey's additional responses set forth in Paragraphs 1 through 40 pertain only to Starkey's Answer to ETG's Complaint, and therefore no reply to those paragraphs is permitted or necessary. To the extent that any response is required to these portions of the Answer, ETG realleges the allegations of its Second Amended Complaint, Paragraphs 1 through 40, including the Prayer for Relief, and denies the above-

identified portions of Starkey's Answer. ETG denies that Starkey is entitled to any of the relief sought.

ETG responds to the counterclaim allegations of Starkey's Counterclaims (contained on pages 12 through 15) as follows:

1. In reply to Paragraph 1 of the Counterclaims, ETG admits that this Court has subject matter jurisdiction over the Counterclaims as presently alleged by Starkey with respect to the Starkey services or products accused of infringement in this action. ETG denies that subject matter jurisdiction presently exists with respect to Starkey services or products that have not been accused of infringement.

2. ETG admits the allegations of Paragraph 2 of the Counterclaims.

3. ETG admits the allegations of Paragraph 3 of the Counterclaims.

4. ETG admits the allegations of Paragraph 4 of the Counterclaims.

5. ETG incorporates its Answer as set forth in paragraphs 1-4 above.

6. ETG denies the allegations of Paragraph 6 of the Counterclaims and ETG denies that Starkey is entitled to any of the relief sought.

7. ETG incorporates its Answer as set forth in paragraphs 1-6 above.

8. ETG denies the allegations of Paragraph 8 of the Counterclaims and ETG denies that Starkey is entitled to any of the relief sought.

9. ETG denies the allegations of Paragraph 9 of the Counterclaims and ETG denies that Starkey is entitled to any of the relief sought.

10. ETG incorporates its Answer as set forth in paragraphs 1-9 above.

11. ETG denies the allegations of Paragraph 11 of the Counterclaims and ETG denies that Starkey is entitled to any of the relief sought.

12. ETG incorporates its Answer as set forth in paragraphs 1-11 above.

13. ETG denies the allegations of Paragraph 13 of the Counterclaims and ETG denies that Starkey is entitled to any of the relief sought.

14. ETG denies the allegations of Paragraph 14 of the Counterclaims and ETG denies that Starkey is entitled to any of the relief sought.

15. In reply to the Prayer for Relief, ETG denies that Starkey is entitled to any of the relief sought, for any reason whatsoever.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Counterclaim-Defendant ETG prays:

A. That the Court enter judgment in favor of ETG on Starkey's Counterclaims;

B. That Starkey's Counterclaims be dismissed with prejudice;

C. That the Court adjudge and decree that the '850 Patent and the '749 Patent are valid and enforceable against Starkey;

D. That the Court adjudge and decree that the '850 Patent and the '749 Patent are infringed by Starkey;

E. That the Court adjudge and decree that Starkey's infringement of the '850 Patent and the '749 Patent is willful;

F. That the Court enjoin Starkey, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering for sale, importing or distributing any infringing products and from infringing, contributing to the infringement of, and inducing

infringement of the '850 Patent and the '749 Patent, and for all further and proper injunctive relief;

  G. That the Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Starkey's infringement;

  H. That the Court, pursuant to 35 U.S.C. § 284 or other applicable law, enter an award to ETG of such damages as it shall prove at trial against Starkey that are adequate to compensate ETG for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

  I. That the Court assess pre-judgment and post-judgment interest and costs against Starkey, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284 or other applicable law;

  J. That the Court award ETG enhanced damages (up to three times) pursuant to 35 U.S.C. § 284 or other applicable law;

  K. That the Court declare this case to be exceptional and direct Starkey to pay ETG's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285 or other applicable law;

  L. That this Court order an accounting of all damages sustained by ETG as the result of the acts of infringement by Starkey;

  M. That this Court enter an award to ETG of such damages as it shall prove at trial against Starkey that are adequate to compensate ETG for said infringements; and,

  N. That the Court grant to ETG such other, further, and different relief as may be just and proper under the circumstances.

## JURY DEMAND

ETG demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

THE BAYARD FIRM

/s/ Linda E. Beebe
Edmond D. Johnson (No. 2257)
Linda E. Beebe (No. 4634)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
lbeebe@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(202) 955-1500

Dated: March 24, 2006

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on March 24, 2006, she electronically filed the foregoing **PLAINTIFF'S REPLY TO DEFENDANT STARKEY LABORATORIES, INC.'S AMENDED COUNTERCLAIMS** with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to:

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon, LLP
1313 N. Market St.
P.O. Box 951
Wilmington, DE 19899-0951

N. Richard Powers
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Richard K. Herrmann
Morris, James, Hitchens & Williams
222 Delaware Avenue, 10th Floor
PO Box 2306
Wilmington, DE 19899-2306

Barry M. Klayman
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801

Jack B. Blumenfeld
Maryellen Noreika
Mary B. Graham
James Walter Parrett, Jr.
Thomas C. Grimm
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell,
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

/s/ Linda E. Beebe
Linda E. Beebe (# 4634)

621138v1