IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | | |
| v. | | |
| SONIC INNOVATIONS, INC, ET AL. | | |
| Defendants. | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO SERVE INITIAL DISCOVERY**

THE BAYARD FIRM
Edmond D. Johnson (No. 2257)
Katherine V. Jackson (No. 4800)
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
(302) 655-5000

Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Dated: August 24, 2006

TABLE OF CONTENTS

Page

I. BACKGROUND ...............................................................................................................1

II. ARGUMENT ....................................................................................................................2

    A. Scope of Initial Discovery Request.......................................................................4

    B. Early Discovery Will Not Prejuidce Any Party.....................................................5

    C. The Number of Foreign Parties Demands that Discovery Begin Promptly..............6

    D. ETG Is Being Prejudiced By the Delay in Discovery Commencement ..................6

III. CONCLUSION

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ayyash v. Bank Al-Madina*,
  233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) ................................................................. 3

*BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*,
  224 F.R.D. 581 (D. Del. 2004) ................................................................................. 3

*Better Packages, Inc. v. Zheng*,
  2006 U.S. Dist. LEXIS 30119, *11 (D.N.J. May 17, 2006) ...................................... 3

*Entm't Tech. Corp. v. Walt Disney Imagineering*,
  No. 03-3546, 2003 U.S. Dist. LEXIS 19832, *12 (E.D. Pa. 2003) ........................ 3,5

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*,
  194 F.R.D. 618, 624 (N.D. Ill. 2000) ....................................................................... 4

*Notaro v. Koch*,
  95 F.R.D. 403 (S.D.N.Y. 1982) ................................................................................ 3

*Special Situations Cayman Fund, L.P. v. Dot Com Entm't Group, Inc.*,
  No. 03-CV-0811E(F), 2003 U.S. Dist. LEXIS 25083,
  2003 WL 23350128, at *1 (W.D.N.Y. Dec. 5, 2003) ............................................... 3

**Statutes**

*Fed. R. Civ. P. 16(b)* ..................................................................................................... 1,2

*Fed. R. Civ. P. 26(d) and 26 (f)* ................................................................................... 1,2

*Fed. R. Civ. P 33 and 34* ................................................................................................ 4

*D. Del. LR. 7.1.1* ............................................................................................................. 3

I.  **BACKGROUND**

This is a patent infringement case. Plaintiff Energy Transportation Group ("ETG") has asserted claims against the Defendants for infringement and/or inducement of infringement of two United States Patents pertaining to the field of programmable hearing aids.

On June 23, 2005, ETG filed its original Complaint in the United States District Court for the District of Delaware. D.I. 1. On February 15, 2006, this court granted (D.I. 92) ETG's pending Motion for leave to file a Second Amended Complaint (D.I. 65, filed on September 1, 2005). In response to ETG's Second Amendment Complaint, each named Defendant filed a responsive pleading or motion by March 23, 2006. Likewise, ETG filed a Reply to select Defendants' asserted Counterclaims by March 24, 2006. D.I. 115. As of August 22, 2006, the court has yet to schedule a conference pursuant to Fed. R. Civ. P. 16(b) and 26(f). The motions listed below are currently pending before the court:

    D.I. 56 - August 22, 2005 -   Motion to Dismiss for Lack of Jurisdiction Over the Person filed by Resistance Technology Inc.

    D.I. 72 - September 9, 2005 - Motion for Expedited Jurisdictional Discovery filed by Energy Transportation Group Inc.

    D.I. 87 - October 31, 2005 -  Motion to Dismiss for Lack of Jurisdiction Over the Person filed by William Demant Holding A/S

Based upon the original filing date of June 23, 2005, the current action has been pending before the court for over fourteen months without a Scheduling Conference pursuant to Rule 26(f). Likewise, discovery has not been served by any party to the action.

1

## II. ARGUMENT

ETG respectfully petitions this court to allow discovery requests to be served by ETG prior to the scheduling of the Rule 26(f) Scheduling Conference. ETG has conferred with each party pursuant to D. Del. LR. 7.1.1 in a reasonable good faith effort to reach agreement. Each Defendant, however, is opposed to this motion. Defendant Resistance Technology Inc., opposes based upon its contentions regarding this Court's assertion of personal jurisdiction as briefed in its August 22, 2005, Motion to Dismiss.

The Federal Rules of Civil Procedure and the Local Rules for the District Court of Delaware contemplate that the court will, "after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties" manage discovery by issuing a scheduling order "as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant." Fed. R. Civ. P. 16(b). Because the Second Amended Complaint has been served on each Defendant in this action for well over 120 days, and because ETG deems it prejudicial to further delay pursuit of discovery in this action, ETG petitions the court to permit early discovery requests prior to the Rule 26(f) Conference, which has yet to be scheduled.

This request for an Order to allow the immediate commencement of discovery is completely within the court's discretion to manage discovery. The Federal Rules of Civil Procedure address timing of discovery by noting that "[e]xcept in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules <u>or by order</u> or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d) (emphasis added).

Courts asked to consider allowing the early commencement of discovery proceedings have noted that "[t]he Rule does not provide a standard for determining when such orders should be granted," and then most courts have further reasoned that a district court should exercise its discretion and apply a flexible "good cause" test. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005). *See also, Special Situations Cayman Fund, L.P. v. Dot Com Entm't Group, Inc.*, No. 03-CV-0811E(F), 2003 U.S. Dist. LEXIS 25083, 2003 WL 23350128, at *1 (W.D.N.Y. Dec. 5, 2003). Although some courts within the Third Circuit have applied the more stringent analysis outlined in, *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), the modern trend has been to apply a "reasonableness" analysis considering the totality of the circumstances of the discovery request. *See Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 U.S. Dist. LEXIS 19832, *12 (E.D. Pa. 2003) ("Using the progression of reasoning developed in *Philadelphia Newspapers*, *Merrill Lynch*, and *Semitool*, the 'reasonableness' inquiry emerges: a district court should decide a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances,' unless the circumstances are such that the *Notaro* factors apply." (internal citations omitted)).[1]

"As the Rules permit the Court to act by order, but do not elaborate on the basis for taking action, it seems that the intention of the rule-maker was to confide the matter to the Court's discretion, rather than to impose a specific and rather stringent test." *Ayyash*, 233 F.R.D. at 326. When deciding a matter of early commencement of discovery, "it makes sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of

---

[1] *See also, Better Packages, Inc. v. Zheng*, 2006 U.S. Dist. LEXIS 30119, *11 (D.N.J. May 17, 2006) (choosing the reasonableness standard over *Notaro*); *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581 (D. Del. 2004) (declining to adopt either standard but noting the disparity).

3

the request in light of all the surrounding circumstances." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000).

A. **Scope of Initial Discovery Request**

ETG seeks to serve initial discovery requests to the Defendant parties in this action in the form of interrogatories pursuant to Fed. R. Civ. P. 33, and request for document production pursuant to Fed. R. Civ. P. 34. Specifically, ETG shall limit its early discovery requests to areas of or related to infringement of the two patents in suit.

ETG also seeks to serve discovery requests on two non-party foreign entities pursuant to the Hague Evidence Convention as part of this request for initial discovery. If the court grants ETG the right to serve discovery immediately, ETG will file with this court an Application for the Issuance of a Letter of Request for International Judicial Assistance Pursuant to the Hague Evidence Convention to serve upon: (1) K/S HIMPP, and (2) HIMPP A/S, both of Denmark.[2] The term "HIMPP" is an acronym for Hearing Implementation Manufacturers Patent Partnership. As ETG will more fully describe in its "Letter of Request," the HIMPP entities possess material information and documents that are highly relevant to several key issues involved in the present patent litigation suit. Because the time elapsed between the receipt of a Letter of Request by the Danish Ministry of Justice and the execution of the request is estimated to take up to one year to complete, especially if a Letter of Request is contested, ETG will be severely prejudiced if it does not have the approval of this court to file the request as soon as

---

[2] K/S HIMPP was formed for the purpose of pooling patents involving hearing aid technology, the subject matter of the two patents in suit. HIMPP A/S is a General Partner of K/S HIMPP. Both entities are organized under the laws of Denmark, have their principal place of business in Denmark, and, upon information and belief, have no offices or representatives in the United States.

4

possible.³ Accordingly, as part of this Motion for Leave to Serve Initial Discovery, ETG seeks to serve its Application for Letters of Request with this court for approval and forwarding to the Danish Ministry of Justice immediately.

When deciding whether to allow a request for discovery prior to a Rule 26(f) conference, one factor that courts consider is when discovery can be expected to begin. "Weighing in favor of Plaintiff's motion is the fact that the discovery request has not been made too far in advance of the start of formal discovery." *Entm't Tech. Corp.*, 2003 U.S. Dist. LEXIS 19832, at *14. In the current patent litigation case, and in accordance with the Local Rules, discovery should begin at anytime. Based upon the fact that formal discovery should begin any day, allowing the formal service of discovery to begin immediately will place minimal burden on the parties. By contrast, ETG is being prejudiced because it cannot proceed with its burden of production and inevitably its burden of persuasion without obtaining certain documents, materials and other things in the exclusive possession and control of the Defendants to this action, or in the exclusive possession of non-party foreign entities that must be served through the Hague Convention on Evidence.

**B.   Early Discovery Will Not Prejudice Any Party**

Permitting the immediate commencement of discovery will not prejudice any party to this action. Based upon the time the case has been pending, and the normal case timeline in the United States District Court for the District of Delaware, each party should have anticipated discovery to begin several months ago. In fact, it is usual in this District for trial to be scheduled to occur within 18 months, after the complaint was filed. The original complaint was filed over

---

³ The Hague Evidence Convention provides that "[a] Letter of Request shall be executed expeditiously." Nevertheless, the U.S. Department of State estimates that, in most countries, a good rule of thumb is to allow six months to a year for a Letter of Request to be executed. *See* U.S. Dept. of State, Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters, at 4, *available at*, http://travel.state.gov/law/info/judicial/judicial_689.html?css=print (last visited Aug. 23, 2006).

fourteen months ago, and the Second Amended Complaint was entered by the Court about six months ago. Accordingly, each party to this action has had sufficient time to prepare for the commencement of discovery.

### C.   The Number of Foreign Parties Demands that Discovery Begin Promptly

Allowing the commencement of discovery prior to the official Scheduling Order in this action will allow the several Defendant's the opportunity to further plan and coordinate discovery production with their local counsel. Of the current <u>nineteen</u> named Defendants, approximately <u>nine are foreign entities</u> located outside of the United States. ETG expects that these foreign Defendants will assert the need for extra time to coordinate discovery production. By permitting the immediate commencement of discovery, the court could facilitate discovery and allow the foreign parties a sufficient amount of response time to fulfill ETG's discovery requests.

### D. ETG Is Being Prejudiced By The Delay in Discovery Commencement

ETG, with the burdens that will inure during trial, must be allowed to proceed with this action and begin the discovery process. Currently, ETG has not had any opportunity to seek out key documents and things related to its burden of proving hearing aid products produced by several of the Defendants infringe the patents in suit.

III.  **CONCLUSION**

ETG respectfully requests this court grant the pending Motion for Leave to Serve Early Discovery. In the alternative, ETG requests that a Rule 26(f) Scheduling Conference be conducted as soon as possible, and correspondingly a Rule 16(b) Order be issued by the court.

THE BAYARD FIRM

Edmond D. Johnson (No. 2257)
Katherine V. Jackson (No. 4800)
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
(302) 655-5000

Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Dated:  August 24, 2006