IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SONIC INNOVATIONS, INC., et al., ) <br> ) <br> Defendants. ) | Civil Action No. 05-422 (GMS) |

**RESISTANCE TECHNOLOGY, INC.'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO SERVE INITIAL DISCOVERY**

Barry M. Klayman, Esquire (#3676)
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE 19801
(302) 777-0313

Jeffrey D. Shewchuk, Esq.
Shewchuk IP Services, LLC
533 77th Street West
Eagan, MN 55121
(651) 331-9558

Attorneys for Defendant, Resistance Technology, Inc.

Dated: September 7, 2006

## **TABLE OF CONTENTS**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ..................... 1

SUMMARY OF ARGUMENT ................................................................................ 1

STATEMENT OF FACTS ....................................................................................... 1

ARGUMENT ........................................................................................................... 3

    A. RTI's 12(b)(2) Motion Should Be Resolved Prior To Consideration Of ETG's Early Discovery Motion. ........................................................................ 3

    B. ETG's Early Discovery Motion Sets Forth No Prejudice And No Special Need To Warrant Early Discovery. ................................................................... 4

CONCLUSION ........................................................................................................ 5

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement action, brought by Plaintiff Energy Transportation Group, Inc. ("ETG") against nineteen defendants. Following service of the original and first amended complaint, Defendant Resistance Technology, Inc. ("RTI") filed its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ("RTI's 12(b)(2) Motion") [D.I. 56, 57]. In responding to RTI's 12(b)(2) Motion, ETG filed a Motion for Expedited Jurisdictional Discovery and Extension of Time ("ETG's Jurisdictional Discovery Motion") [D.I. 63, 72]. Without awaiting resolution of RTI's 12(b)(2) Motion or the granting of ETG's Jurisdictional Discovery Motion, ETG has now filed its Motion for Leave to Serve Initial Discovery ("ETG's Early Discovery Motion") [D.I. 119, 120].

## SUMMARY OF ARGUMENT

1.  RTI's 12(b)(2) Motion should be resolved prior to consideration of ETG's Early Discovery Motion.

2.  ETG's Early Discovery Motion should be denied because it is not appropriately limited in scope and ETG has set forth no prejudice which would accrue to it by conducting discovery under the control of the Court in accordance with the standard timetable and procedures established by the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Following service of the original and first amended complaints, RTI on August 22, 2005 filed its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ("RTI's 12(b)(2) Motion") [D.I. 56, 57]. RTI's 12(b)(2) Motion remains

pending. In responding to RTI's 12(b)(2) Motion, ETG filed a Motion for Expedited Jurisdictional Discovery and Extension of Time ("ETG's Jurisdictional Discovery Motion") [D.I. 63, 72]. This Court issued an Order on September 12, 2005 which required ETG to respond to RTI's 12(b)(2) Motion without the requested jurisdictional discovery or extension of time [D.I. 74]. The September 12, 2005 Order did not address whether ETG might be permitted jurisdictional discovery on a non-expedited basis.

On February 15, 2006, the Court granted ETG leave to file a Second Amended Complaint [D.I. 92]. ETG's Second Amended Complaint [D.I. 65] did not change any of the allegations against RTI, and RTI's 12(b)(2) Motion remained applicable and outstanding.[1] With its 12(b)(2) Motion still pending, RTI has not answered ETG's Second Amended Complaint.

ETG alleges that each of the nineteen defendants has infringed or induced the infringement of two patents: U.S. Patent No. 4,731,850, which expired on June 26, 2006, and U.S. Patent No. 4,879,749, which will expire on November 7, 2006. Thus far in this litigation, ETG has not specifically identified any product of any defendant which serves as the basis for ETG's infringement allegations. There is no prospect of injunctive relief, and ETG has not requested any injunction [D.I. 65].

With RTI's 12(b)(2) Motion pending, the parties have not engaged in Rule 27(f) discussions, and the Court has not issued a Rule 16 Notice of Scheduling Conference.

---

[1] On October 31, 2005, Defendant William Demant Holding A/S ("WDHAS") filed its Motion to Dismiss for Lack of Personal Juridiction ("WDHAS's 12(b)(2) Motion") [D.I. 87, 88]. WDHAS's 12(b)(2) Motion is also still applicable and pending.

## ARGUMENT

A. **RTI's 12(b)(2) Motion Should Be Resolved Prior To Consideration Of ETG's Early Discovery Motion.**

As set out in RTI's 12(b)(2) Motion, RTI is not subject to personal jurisdiction in Delaware in this action. Granting of RTI's 12(b)(2) Motion would result in the dismissal of this case against RTI, thus obviating the need for RTI to incur the expense and burden of engaging in discovery and otherwise participating in this litigation. In the interests of a just, speedy and inexpensive determination of this action with respect to RTI, its 12(b)(2) Motion should be resolved prior to consideration of ETG's Early Discovery Motion.

In ETG's Jurisdictional Discovery Motion, ETG set out some 33 discovery requests that went far beyond any reasonable jurisdictional inquiry. As set forth in RTI's Jurisdictional Discovery Opposition Brief [D.I. 79], none of ETG's jurisdictional discovery requests were specific as to any product or component part manufactured or supplied by RTI, nor to any product of RTI's customers, Starkey or Sonic. Many of ETG's jurisdictional discovery requests were unrelated to contacts with Delaware and were unbounded in time. None of ETG's jurisdictional discovery requests were tied to any reasonably particular possibility of jurisdiction over RTI. As argued in RTI's Jurisdictional Discovery Opposition Brief, ETG should not be permitted to engage in an onerous, overly broad fishing expedition against any party, much less against a party contending that it is not subject to the jurisdiction of this Court.

Without being granted the right to take jurisdictional discovery, ETG now moves to take even broader discovery against RTI on the merits of its case. In its Early Discovery Motion, ETG states that it would "limit its early discovery requests to areas of

or related to infringement of the two patents in suit." The only claims in this litigation are infringement of the two patents in suit. Thus, ETG's request is to take discovery which is not limited to any specific issues, and therefore not tied to any reasonably particular possibility of jurisdiction over RTI. Just as RTI should not be forced to respond to an unlimited fishing expedition on jurisdictional discovery, RTI should not be forced to respond to ETG's unbounded, unilateral merits discovery prior to the determination of RTI's 12(b)(2) Motion. From the perspective of judicial economy and efficiency, RTI's 12(b)(2) Motion should be resolved first.

**B.   ETG's Early Discovery Motion Sets Forth No Prejudice and No "Special Need" To Warrant Early Discovery.**

ETG's Early Discovery Motion states that "ETG deems it prejudicial to further delay pursuit of discovery in this action." ETG does not explain any basis for such prejudice. There is no prospect of injunctive relief in this action, preliminary or otherwise. ETG will not be prejudiced by having to follow the Federal Rules of Civil Procedure and the Court's management of this case.[2] Nor will ETG be prejudiced by awaiting resolution of RTI's 12(b)(2) Motion prior to proceeding with discovery against it.

Early discovery requests, when granted, should be reasonably limited to the issues for which early discovery is specially needed. ETG has asserted no special need for taking early discovery from RTI. ETG has already demonstrated a refusal to identify the accused products and an inability to propound jurisdictional discovery requests of reasonable scope with respect to particular products. If not limited by the Court to an

---

[2] The seventeen answering defendants appear to have jointly proposed a reasonable discovery plan to ETG, with ETG first identifying the claims, products and features at issue before discovery proceeds. ETG apparently failed to respond to the proposal. See Combined Opposition to ETG's Motion For Leave To Serve Initial Discovery (to be filed).

identified special need, ETG is unlikely to limit its early discovery in any meaningful or reasonable fashion. Having asserted no special need for taking early discovery from any of the parties, ETG's Early Discovery Motion should be denied.

RTI has no objection to ETG filing an "Application for the Issuance of a Letter of Request for International Judicial Assistance Pursuant to the Hague Evidence Convention," which hopefully would be limited in scope to issues of relevance in this case but in any event would be subject to further objection by the targeted parties. However, absent appropriate limitations on scope or any other asserted special need, ETG's Early Discovery Motion should be denied.

## CONCLUSION

ETG should not be allowed to take discovery prior to resolution of RTI's 12(b)(6) Motion, especially discovery which is not tied to any reasonably particular possibility of jurisdiction over RTI. ETG has not identified any prejudice which would flow from traditional scheduling of discovery under the control of the Court, or any special need to take early discovery from the parties to this action. Accordingly, ETG's Early Discovery Motion should be denied.

          Respectfully submitted,
          WOLF, BLOCK, SCHORR and SOLIS-COHEN, LLP

          */s/ Barry M. Klayman*
          Barry M. Klayman, Esquire (#3676)
          Wilmington Trust Center
          1100 North Market Street
          Suite 1001
          Wilmington, DE 19801
          Tel: (302) 777-0313

          Jeffrey D. Shewchuk, Esq.
          Shewchuk IP Services, LLC
          533 77th Street West
          Eagan, MN 55121
          Tel: (651) 331-9558

          Attorneys for Defendant, Resistance Technology, Inc.

Dated: September 7, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, he caused copies of the foregoing Memorandum in Opposition to Plaintiff's Motion for Leave to Serve Initial Discovery to be served on all parties via ECF notification and on the following counsel by first class mail, U.S. postage prepaid, addressed as follows:

Edmond D. Johnson, Esquire
Katherine V. Jackson, Esquire
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

N. Richard Powers, Esquire
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899

Jack B. Blumenfeld, Esquire
Maryellen E. Noreika, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Thomas C. Grimm, Esquire
Leslie A. Polizoti, Esquire
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
Wilmington, DE 19899

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

Richard K. Herman, Esquire
Mary B. Matterer, Esquire
Morris, James, Hitchens & Williams
222 Delaware Avenue
Wilmington, DE 19899

Mary B. Graham, Esquire
James W. Parrett, Jr., Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Donald E. Reid, Esquire
Jason A. Cincilla, Esquire
Morris, Nichols Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

_/s/ Barry M. Klayman_
Barry M. Klayman (#3676)

Dated: September 7, 2006