IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 05-CV-422-GMS |
| SONIC INNOVATIONS, INC., et al. | § § § | |
| Defendants. | § | |

**DEFENDANT WILLIAM DEMANT HOLDING A/S'S MEMORANDUM IN OPPOSITION TO PLANTIFF'S MOTION FOR LEAVE TO SERVE INITIAL DISCOVERY**

N. Richard Powers (#494)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Phone: 302-658-9141

John M. Romary, Esq.
C. Gregory Gramenopoulos, Esq.
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

ATTORNEYS FOR DEFENDANT WILLIAM
DEMANT HOLDING A/S

Dated: September 8, 2006

1174471v1

## TABLE OF CONTENTS

Page

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**..........................1

**SUMMARY OF ARGUMENT**..............................................................................................1

**STATEMENT OF FACTS**....................................................................................................1

**ARGUMENT**..........................................................................................................................2

1.  **WDH A/S's 12(b)(2) Motion Should Be Resolved Prior To Consideration Of ETG's Early Discovery Motion.** ........................................................................................2

2.  **ETG's Early Discovery Motion Sets Forth No Prejudice and No "Special Need" To Warrant Early Discovery.** ..................................................................................3

**CONCLUSION** .....................................................................................................................3

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement action, brought by Plaintiff Energy Transportation Group, Inc. ("ETG") against nineteen defendants. Following service of the original and first amended complaint, Defendant William Demant Holding A/S ("WDH A/S"), a Danish corporation, with a principal and sole place of business in Hellerup, Denmark, filed its Motion to Dismiss For Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) ("WDH A/S's 12(b)(2) Motion") [D.I. 87, 88]. In responding to WDH A/S's 12(b)(2) Motion, ETG filed a Request for Jurisdictional Discovery ("ETG's Jurisdictional Discovery Request") [D.I. 89]. Without awaiting resolution of WDH A/S's 12(b)(2) Motion or the granting of ETG's Jurisdictional Discovery Request, ETG has now filed a Motion for Leave to Serve Initial Discovery ("ETG's Early Discovery Motion") [D.I. 119, 120].

## SUMMARY OF ARGUMENT

1. WDH A/S's 12(b)(2) Motion should be resolved prior to consideration of ETG's Early Discovery Motion.

2. ETG's Early Discovery Motion should be denied because it is not appropriately limited in scope and ETG has set forth no prejudice which would accrue to it by conducting discovery under the control of the Court in accordance with the standard timetable and procedures established by the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Following service of the original and first amended complaints, WDH A/S on October 31, 2005 filed its Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) ("WDH A/S's 12(b)(2) Motion") [D.I. 87, 88]. WDH A/S's 12(b)(2) Motion remains pending.

1

In responding to WDH A/S's 12(b)(2) Motion, ETG filed a Request for Jurisdictional Discovery ("ETG's Jurisdictional Discovery Request") [D.I. 89].

On February 15, 2006, the Court granted ETG leave to file a Second Amended Complaint [D.I. 92]. ETG's Second Amended Complaint [D.I. 65] did not change any of its allegations against WDH A/S, and WDH A/S's 12(b)(2) Motion remained applicable and outstanding.[1] With its 12(b)(2) Motion still pending, WDH A/S has not answered ETG's Second Amended Complaint.

ETG alleges that each of the nineteen defendants has infringed or induced the infringement of two patents: U.S. Patent No. 4,731,850, which expired on June 26, 2006, and U.S. Patent No. 4,879,749, which will expire on November 7, 2006. Thus far in this litigation, ETG has not specifically identified any product of any defendant which serves as the basis for ETG's infringement allegations. With WDH A/S's 12(b)(2) Motion pending, the parties have not engaged in Rule 26(f) discussions, and the Court has not issued a Rule 16 Notice of Scheduling Conference.

**ARGUMENT**

1. **WDH A/S's 12(b)(2) Motion Should Be Resolved Prior To Consideration Of ETG's Early Discovery Motion.**

As set out in WDH A/S's 12(b)(2) Motion, WDH A/S is not subject to personal jurisdiction in Delaware in this action. Granting of WDH A/S's 12(b)(2) Motion would result in the dismissal of this case against WDH A/S, thus obviating the need for WDH A/S to incur the expense and burden of engaging in discovery or otherwise participating in this litigation. In the

---

[1] On August 22, 2005, Defendant Resistance Technology, Inc. ("RTI") filed its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ("RTI's 12(b)(2) Motion") [D.I. 56, 57]. RTI's 12(b)(2) Motion is also still applicable and pending.

interests of a just, speedy, and inexpensive determination of this action with respect to WDH A/S, its 12(b)(2) Motion should be resolved prior to consideration of ETG's Early Discovery Motion.

For the reasons set forth in Resistance Technology, Inc.'s Memorandum in Opposition to Plaintiff's Motion for Leave to Serve Initial Discovery filed September 7, 2006 ("RTI's Initial Discovery Opposition") [D.I. 122], which WDH A/S hereby joins and expressly incorporates by reference, WDH A/S's 12(b)(2) Motion should be resolved first before consideration of ETG's Early Discovery Motion.

### 2. ETG's Early Discovery Motion Sets Forth No Prejudice and No "Special Need" To Warrant Early Discovery.

For the reasons set forth in RTI's Initial Discovery Opposition and for the reasons set forth in the Combined Opposition to Plaintiff's Motion For Leave to Serve Initial Discovery, filed concurrently herewith and which WDH A/S has joined, ETG's Early Discovery Motion sets forth no prejudice and no special need to warrant early discovery. Accordingly, ETG's Early Discovery Motion should be denied.

### CONCLUSION

ETG should not be allowed to take discovery prior to resolution of WDH A/S's 12(b)(2) Motion, especially discovery which is not tied to any particular possibility of jurisdiction over WDH A/S. ETG has not identified any prejudice which would flow from traditional scheduling of discovery under the control of the Court, or any special need to take early discovery from the parties to this action. Accordingly, ETG's Early Discovery Motion should be denied.

                                                Respectfully submitted,

September 8, 2006                By:    */s/N. Richard Powers*
                                                N. Richard Powers (#494)
                                                CONNOLLY BOVE LODGE & HUTZ, LLP
                                                The Nemours Building
                                                1007 N. Orange Street
                                                P.O. Box 2207
                                                Wilmington, DE 19899
                                                Phone: 302-658-9141

                                                John M. Romary, Esq.
                                                C. Gregory Gramenopoulos, Esq.
                                                FINNEGAN, HENDERSON, FARABOW,
                                                     GARRETT & DUNNER, L.L.P.
                                                901 New York Ave., N.W.
                                                Washington, D.C. 20001
                                                (202) 408-4000

                                                ATTORNEYS FOR DEFENDANT
                                                WILLIAM DEMANT HOLDING A/S

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2006 I electronically filed a copy of the foregoing with the Clerk of the Court using CM/ECF and served the following individuals in the manner indicated:

**VIA HAND DELIVERY**
Richard K. Herrmann, Esquire
Morris James Hitchens
 & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

**VIA HAND DELIVERY**
Richard W. Horwitz, Esquire
Potter Anderson & Corroon LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

**VIA HAND DELIVERY**
Edmond D. Johnson, Esquire
The Bayard Firm
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899

**VIA HAND DELIVERY**
Barry M. Klayman, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE  19801

**VIA HAND DELIVERY**
Mary B. Graham, Esquire
Jack B. Blumenfeld
Donald E. Reid
Thomas C. Grimm
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19801

*/s/N. Richard Powers*
N. Richard Powers (#494)