IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONIC INNOVATIONS, INC., et al, )<br>)<br>Defendants. )<br>） | C.A. No. 05-422 (GMS) |

## COMBINED OPPOSITION TO PLAINTIFF'S MOTION
## FOR LEAVE TO SERVE INITIAL DISCOVERY

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT  84111

*Attorneys for Sonic Innovations, Inc.*

James D. Heisman (#2746)
N. Richards Powers (#494)
CONNOLLY, BOVE, LODGE & HUTZ
1007 North Orange Street
Wilmington, DE  19899

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC  20001-4413

*Attorneys for William Demant Holding A/S,
WDH Inc., Oticon A/S, Oticon, Inc.,
Bernafon AG, and Bernafon LLC*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
Wilmington, DE  19899

James R. Sobieraj
Meredith Martin Addy
David H. Bluestone
Robert Pluta
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr.; Suite 3600
Chicago, IL  60611

*Attorneys for Phonak Inc., Phonak LLC, Unitron
Hearing Inc., and Unitron Hearing Ltd.*

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
Wilmington, DE  19899

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC  20037

*Attorneys for Widex A/S and Widex
Hearing Aid Co. Inc.*

| | |
|---|---|
| Jack B. Blumenfeld (#1014) | Richard K. Herrmann (#405) |
| Maryellen Noreika (#3208) | Mary B. Matterer (#2696) |
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | Amy Quinlan (#3021) |
| 1201 N. Market Street | MORRIS, JAMES, HITCHENS & WILLIAMS |
| P.O. Box 1347 | 222 Delaware Avenue, 10th Floor |
| Wilmington, DE  19899 | Wilmington, DE  19899 |
| | |
| Kenneth B. Herman | Richard Morgan |
| William J. McCabe | Steven Reitenour |
| ROPES & GRAY LLP | BOWMAN AND BROOKE LLP |
| 1251 Avenue of the Americas | 150 S. Fifth St., Suite 2600 |
| New York, NY  10020 | Minneapolis, MN  55402 |
| | |
| *Attorneys for GN Resound A/S and GN Resound Corporation* | *Attorneys for Starkey Laboratories, Inc.* |

Mary B. Graham (#2256)
James W. Parrett Jr. (#4292)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

Robert C. Kahrl
David Cochran
Thomas R. Goots
JONES DAY
North Point
901 Lakeside Ave.
Cleveland, OH  44114-1190

*Attorneys for Gennum Corporation*

Dated:  September 8, 2006

- i -

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| BACKGROUND | 2 |
|     A.    ETG's Lawsuit. | 2 |
|     B.    ETG's Overbroad Discovery And The Need For Focusing Discovery. | 3 |
| ARGUMENT | 4 |
| I.    ETG HAS NOT SATISFIED THE SHOWING REQUIRED FOR EXPEDITED DISCOVERY. | 4 |
| II.    ETG'S CITED REASONS FOR ITS REQUEST DO NOT PROVIDE A BASIS FOR THE RELIEF IT SEEKS. | 6 |
| CONCLUSION | 8 |

TABLE OF AUTHORITIES

Page(s)

Cases

*Ayyash v. Bank Al-Madina*
    233 F.R.D. 325 (S.D.N.Y. 2005) .......... 7

*BAE v. Eclipse*
    224 F.R.D. 581 (D.Del. 2004) .......... 4

*Better Packages Inc. v. Zheng*
    2006 U.S. Dist. LEXIS 30119 (D.N.J. May 17, 2006) .......... 7

*Entm't. Tech. Corp. v. Walt Disney Imagineering*
    2003 U.S. Dist. LEXIS 19832 .......... 4, 5, 7

*High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*
    49 F.3d 1551 (Fed. Cir. 1995) .......... 6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*
    194 F.R.D. 618 (N.D. Ill. 2000) .......... 5, 7

*Notaro v. Koch*
    95 F.R.D. 403 (S.D.N.Y. 1982) .......... 4, 5

*Nutrition 21 v. United States*
    930 F.2d 867 (Fed. Cir. 1991) .......... 6

*Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.*
    1998 WL 404820 (E. D. Pa, July 15, 1998) .......... 5

*Special Situations Cayman Fund, L.P. v. DotCom Entm't. Group, Inc.*
    2003 WL 23350128 (W.D.N.Y. Dec. 5, 2003) .......... 7

*View Eng'g. Inc. v. Robotic, Vision Sys., Inc.*
    208 F.3d 981 (Fed. Cir 2000) .......... 3

INTRODUCTION

Plaintiff Energy Transportation Group, Inc. ("ETG") has filed a motion for leave to serve initial discovery before the time permitted by the Federal Rules of Civil Procedure (D.I. 119, 120). This is the combined opposition of various Defendants to that motion.[1]

ETG has not justified the extraordinary relief it seeks of a right to serve discovery before this Court has set a Rule 16 scheduling conference. There is no need for expedited discovery in this patent infringement case relating to programmable digital hearing aid devices, which ETG has filed against some eight unrelated groups of defendants (18 companies in all) on two patents involving 20-year old technology -- one patent has expired and the other will expire in a few months. ETG does not suggest that it requires preliminary injunctive relief or offer any comparable reason that would warrant an exception from the time frame set for discovery under the Federal Rules of Civil Procedure. Moreover, there are pending motions to dismiss as to some defendants, and resolution of those motions prior to discovery will make for a more orderly discovery process.

ETG does not provide or specifically define the discovery it seeks, and instead only describes the discovery as encompassing (a) interrogatories and document

---

[1] This combined opposition is filed on behalf of all defendants, except Resistance Technology, Inc., which has filed a motion to dismiss for lack of personal jurisdiction. Specifically, the defendants joining in this response are: Gennum Corporation, GN Resound entities (GN Resound A/S and GN Resound Corporation), Phonak entities (Phonak Inc., Phonak LLC, Unitron Hearing Inc., and Unitron Hearing Ltd.), Sonic Innovations, Inc., Starkey Laboratories, Inc., Widex entities (Widex A/S and Widex Hearing Aid Co. Inc.), and William Demant entities (William Demant Holding A/S, WDH, Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC).

requests to the Defendants directed to "areas of or related to infringement" and (b) "discovery requests" pursuant to the Hague Evidence Convention on two nonparty foreign entities (the relevance of which ETG has not explained). This vaguely described discovery is facially problematic because ETG ignores the need in this large case for a meaningful discovery plan as a predicate for beginning discovery.

The Defendants made a proposal several months ago for organizing and streamlining discovery in an efficient manner. ETG has ignored Defendants' proposal, and insists on seeking a green light for it to proceed with discovery even though no discovery plan is in place. Starting discovery without clear bounds, however, will lead to an unnecessarily burdensome and potentially contentious discovery process. Thus, the Defendants submit that ETG's request to be allowed to proceed with its one-sided, ill-defined and broad discovery should be denied. Discovery should proceed only under the auspices of the Court and with careful case management of the discovery process that includes a discovery plan and discovery limits.

## BACKGROUND

A.   ETG's Lawsuit.

In this action, ETG has sued for infringement of two patents relating to digital programmable hearing aids, both of which were originally filed for in the 1980's. One of those patents expired in June 2006, and the other will expire this November. Apparently, ETG does not develop or manufacture hearing aid components or products.[2]

---

[2]   ETG's website, www.etgglobal.com, does not indicate any such capabilities in its description of its business.

Hence, ETG cannot credibly contend that it is suffering in the marketplace due to the alleged infringement.

> B.  ETG's Overbroad Discovery And The Need For Focusing Discovery.

ETG has essentially sued the entire hearing aid industry with blanket charges of infringement.  In view of the vagueness of ETG's infringement allegations in its Complaint, the Defendants have previously encouraged ETG to focus its case as a predicate for discovery of the Defendants' products.  The Defendants' many product lines and array of products are evident from their websites and other sources, and ETG is fully able to investigate those products and their features to focus its case.  Thus, there is no reason that ETG should be able to proceed without reasonable and informative bounds on discovery or that the Defendants should be subjected to requests for extensive information, including proprietary information, on all kinds of products (presumably the discovery ETG has in mind when it speaks of "infringement" discovery).  ETG must have had claims, products and features in mind when filing suit, and it should have been able to refine its view of the case if necessary since then.  Indeed, as part of its legal duties before filing its Complaint, ETG was required to perform an adequate prefiling investigation on the specific products it accused of infringement.  *See e.g. View Eng'g. Inc. v. Robotic, Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir 2000).

The Defendants previously expressed the need for ETG to focus the litigation by providing asserted claims and accused products (*see* Exhibit A).  The Defendants proposed a discovery plan whereby discovery would proceed in serial fashion based on the burdens of proof, which would be fair to all parties, with ETG proceeding first with claims and products, followed by the Defendants' providing technical

- 3 -

information, and then followed seriatim by other steps involving contentions on both infringement and invalidity (*see id.*). ETG has never said that the Defendants' suggested approach would be unreasonable or that it could not proceed on that basis in the litigation. Instead, ETG filed the present motion seeking ill-defined and broadside discovery of defendants and two nonparties.

## ARGUMENT

ETG has not met its heavy burden of justifying expedited discovery, and its cited authority only makes clear that its motion should be denied.

### I. ETG HAS NOT SATISFIED THE SHOWING REQUIRED FOR EXPEDITED DISCOVERY.

As pointed out in the one case ETG cites from Delaware, *BAE v. Eclipse*, "there are two prevalent standards used to evaluate motions for expedited discovery among the district courts in [the Third] Circuit." 224 F.R.D. 581, 587 (D.Del. 2004). One standard, set forth in *Notaro v. Koch,* 95 F.R.D. 403 (S.D.N.Y. 1982), requires courts to apply four factors similar to those used for injunctive relief. *BAE v. Eclipse,* 224 F.R.D. at 587. The other, which "is less demanding," is one of "reasonableness" under all the circumstances. *Id.* As that case noted, however, this "reasonableness" standard "generally has been utilized when the purpose of the expedited discovery is to gather evidence for an upcoming preliminary injunction hearing," *id.* (citing *Entm't. Tech. Corp. v. Walt Disney Imagineering,* 2003 U.S. Dist. LEXIS 19832, at *14).[3] That case did not decide on a standard, because neither standard had been met.

---

[3] In only one of ETG's cited cases did a court allow discovery to proceed before a Rule 16 conference had been set, and in that case, there was a demonstrated concern that the foreign defendants would dissipate their assets if the plaintiff could not obtain immediate discovery of their assets.

Likewise, ETG has not justified the relief it seeks under either standard. ETG makes no effort to meet the four factor test of *Notaro* akin to justifying a preliminary injunction. Nor could it, given its delay in suing on its expired (or soon-to-be expired) patents and its own nonuse of the patents. Similarly with regard to the "reasonableness" test, ETG does not suggest that it could need discovery for a preliminary injunction motion, the typical circumstance noted in *BAE v. Eclipse* where expedition would be allowed.

Significantly, ETG does not provide the specific discovery it wants to serve, which at a minimum would be necessary to demonstrate that expedited discovery is appropriate, even under the standard of "reasonableness." *See Entm't. Tech.*, 2003 U.S. Dist LEXIS 19832 at *10; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000). Instead, ETG provides only a generic description of its discovery (as relating to "infringement") which effectively leaves the door open to broad discovery of the Defendants. And ETG provides no scope (or proffered relevance) for discovery of the two foreign entities. "Courts generally deny motions for expedited discovery when the movant's discovery requests are overly broad [citations omitted]." *Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.*, 1998 WL 404820, at*2 (E. D. Pa, July 15, 1998). Thus, for that reason alone, ETG cannot demonstrate that its request is reasonable. *Philadelphia Newspapers,* 1998 WL 404820, at*3 ("Notably absent from [plaintiff's] motion and supporting briefs are definitive limitations on the scope of the sought-after discovery. Without reasonable boundaries, the court will not order time-consuming discovery before the period prescribed in Rule 26(d).").

## II. ETG'S CITED REASONS FOR ITS REQUEST DO NOT PROVIDE A BASIS FOR THE RELIEF IT SEEKS.

ETG relies on the purported lack of prejudice to the Defendants and the purported prejudice to it of not having an opportunity yet to "seek out key documents and things related to its burden of proving hearing aid products produced by several of the Defendants infringe the patents in suit." (Motion p. 6). ETG is wrong on both counts. First, the Defendants would be prejudiced if ETG were given an open door into all of the Defendants' technical information and without ETG's having first focused its case as the Defendants have proposed. Moreover, two defendants have filed motions to dismiss for lack of personal jurisdiction, and a decision on those motions prior to discovery may moot the need for "infringement" discovery as to those defendants.

Second, ETG's "prejudice" is nothing more than an issue of timing, which it does not and cannot suggest will cause it irreparable harm. ETG will not suffer prejudice by having to wait to proceed with discovery until the Court has had an opportunity to hear from the parties about the discovery process and to put in place appropriate case management.[4]

---

[4] ETG's delay in filing suit demonstrates that there is no irreparable harm. *See High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.,* 49 F.3d 1551, 1557 (Fed. Cir. 1995) ("This court has recognized that delay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. . . . Absent a good explanation, not offered or found here, 17 months is a substantial period of delay that militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."); *Nutrition 21 v. United States,* 930 F.2d 867, 872 (Fed. Cir. 1991) (noting that patentee "delayed for a substantial period of time before seeking a preliminary injunction [which] at least suggests that the *status quo* does not irreparably damage"). As noted, the one patent has already expired and the second will expire in three months.

ETG cites to no case where reasons of the sort it proffers were found to be grounds for expedited discovery under the reasonableness standard (or otherwise). In only one case cited by ETG, *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325 (S.D.N.Y. 2005), was discovery prior to the start of formal discovery even allowed. In that case, the court allowed the plaintiff to pursue from certain New York banks early discovery into whether the banks held assets of foreign defendants whom the plaintiff was accusing of wire fraud and money laundering. The court held that the relief, which the plaintiff wanted in order to pursue an *ex parte* attachment order, was warranted because the plaintiff had made "a strong showing of the substantiality of his claims" and in light of the "urgency" due to the "incentive and capacity [of the defendants] to hide their assets." *Id.* at 327. Nothing remotely comparable exists here or is suggested by ETG.

In the other cited cases, discovery prior to formal discovery was denied. *See Entm't. Tech., supra* (early discovery denied where, *inter alia*, no motion for preliminary injunction was pending and the court rejected plaintiff's arguments that early discovery was needed of test data to protect the public interest); *Special Situations Cayman Fund, L.P. v. DotCom Entm't. Group, Inc.,* 2003 WL 23350128, at *1 (W.D.N.Y. Dec. 5, 2003) (expedited discovery denied where plaintiffs failed to demonstrate irreparable harm if relief not granted); *Better Packages Inc. v. Zheng,* 2006 U.S. Dist. LEXIS 30119, *11 (D.N.J. May 17, 2006) (expedited discovery denied where the discovery was broad and there was no pending preliminary injunction motion); *Merrill Lynch,* 194 F.R.D. at 624 (expedited discovery denied).

Here, ETG is trying to circumvent the ordinary process for case management under the Federal Rules, and start its own general discovery before the

Court has ruled on the pending motions and initiated the process for the development of an orderly discovery plan under the auspices of the Court. There is no basis for ETG to be granted such a request. Discovery should proceed only after the Court has had full opportunity to consider the proper parameters of this large case and to put in place a reasonable discovery plan and an appropriate case management order.

## CONCLUSION

For the foregoing reasons, the Defendants submit that ETG's motion should be denied.

| POTTER ANDERSON & CORROON | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
|---|---|
| */s/ Richard L. Horwitz* | */s/ Thomas C. Grimm* |
| Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>1313 N. Market St.<br>Hercules Plaza, 6th Floor<br>Wilmington, DE | Thomas C. Grimm (#1098)<br>Leslie A. Polizoti (#4299)<br>1201 N. Market Street<br>Wilmington, DE 19899 |
| Brett L. Foster<br>L. Grant Foster<br>HOLLAND & HART<br>60 East South Temple; Suite 2000<br>Salt Lake City, UT 84111 | James R. Sobieraj<br>Meredith Martin Addy<br>David H. Bluestone<br>Robert Pluta<br>BRINKS HOFER GILSON & LIONE<br>NBC Tower<br>455 Cityfront Plaza Dr.; Suite 3600<br>Chicago, IL 60611 |
| *Attorneys for Sonic Innovations, Inc.* | *Attorneys for Phonak Inc., Phonak LLC, Unitron Hearing Inc., and Unitron Hearing Ltd.* |

| | |
|---|---|
| CONNOLLY, BOVE, LODGE & HUTZ | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
| */s/ N. Richard Powers* | */s/ Donald E. Reid* |
| _____ | _____ |
| James D. Heisman (#2746)<br>N. Richards Powers (#494)<br>1007 North Orange Street<br>Wilmington, DE  19899 | Donald E. Reid (#1058)<br>Jason A. Cincilla (#4232)<br>1201 N. Market Street<br>Wilmington, DE  19899 |
| John M. Romary<br>C. Gregory Gramenopoulous<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER<br>901 New York Ave., N.W.<br>Washington, DC  20001-4413 | William H. Mandir<br>David J. Cushing<br>Carl J. Pellegrini<br>SUGHRUE MION PLC<br>2100 Pennsylvania Ave., N.W.<br>Washington, DC  20037 |
| *Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC* | *Attorneys for Widex A/S and Widex Hearing Aid Co. Inc.* |
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | MORRIS, JAMES, HITCHENS & WILLIAMS |
| */s/ Jack B. Blumenfeld* | */s/ Mary B. Matterer* |
| _____ | _____ |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899 | Richard K. Herrmann (#405)<br>Mary B.Matterer (#2696)<br>Amy Quinlan  (#3021)<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE  19899 |
| Kenneth B. Herman<br>William J. McCabe<br>ROPES & GRAY LLP<br>1251 Avenue of the Americas<br>New York, NY  10020 | Richard Morgan<br>Steven Reitenour<br>BOWMAN AND BROOKE LLP<br>150 S. Fifth St., Suite 2600<br>Minneapolis, MN  55402 |
| *Attorneys for GN Resound A/S and GN Resound Corporation* | *Attorneys for Starkey Laboratories, Inc.* |

- 10 -

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)
James W. Parrett Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Robert C. Kahrl
David Cochran
Thomas R. Goots
JONES DAY
North Point
901 Lakeside Ave.
Cleveland, OH 44114-1190

*Attorneys for Gennum Corporation*

Dated: September 8, 2006
534514

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Richard K. Herrmann
Mary Matterer
Amy A. Quinlan
MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON, LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19899

N. Richard Powers
CONNOLLY, BOVE, LODGE & HUTZ
1007 North Orange Street
Wilmington, DE

Thomas H. Kovach
PEPPER HAMILTON LLP
1313 North Market Street, Suite 5100
Wilmington, DE  19899

Thomas C. Grimm
Leslie A. Polizoti
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE  19899

Barry M. Klayman
WOLF, BLOCK, SCHORR & SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE  19801

Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE  19899

Donald E. Reid
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE  19899

Edmond D. Johnson
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE  19899

- 2 -

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 8, 2006 upon the following individuals in the manner indicated:

**<u>BY E-MAIL</u>**

Edmond D. Johnson
Linda Beebe
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K. Street, N.W., Suite 1200
Washington, DC 20006

Barry M. Klayman
WOLF, BLOCK, SCHORR & SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES LLC
533 77th Street West
Eagan, MN 55121

*/s/ Mary B. Graham*

Mary B. Graham (#2256)