IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SONIC INNOVATIONS, INC., et al, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 05-422 (GMS) |

**EXHIBIT A TO COMBINED OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO SERVE INITIAL DISCOVERY**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT  84111

*Attorneys for Sonic Innovations, Inc.*

James D. Heisman (#2746)
N. Richards Powers (#494)
CONNOLLY, BOVE, LODGE & HUTZ
1007 North Orange Street
Wilmington, DE  19899

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC  20001-4413

*Attorneys for William Demant Holding A/S,
WDH Inc., Oticon A/S, Oticon, Inc.,
Bernafon AG, and Bernafon LLC*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
Wilmington, DE  19899

James R. Sobieraj
Meredith Martin Addy
David H. Bluestone
Robert Pluta
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr.; Suite 3600
Chicago, IL  60611

*Attorneys for Phonak Inc., Phonak LLC, Unitron
Hearing Inc., and Unitron Hearing Ltd.*

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
Wilmington, DE  19899

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC  20037

*Attorneys for Widex A/S and Widex
Hearing Aid Co. Inc.*

| | |
|---|---|
| Jack B. Blumenfeld (#1014) | Richard K. Herrmann (#405) |
| Maryellen Noreika (#3208) | Mary B. Matterer (#2696) |
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | Amy Quinlan (#3021) |
| 1201 N. Market Street | MORRIS, JAMES, HITCHENS & WILLIAMS |
| P.O. Box 1347 | 222 Delaware Avenue, 10th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| | |
| Kenneth B. Herman | Richard Morgan |
| William J. McCabe | Steven Reitenour |
| ROPES & GRAY LLP | BOWMAN AND BROOKE LLP |
| 1251 Avenue of the Americas | 150 S. Fifth St., Suite 2600 |
| New York, NY 10020 | Minneapolis, MN 55402 |
| | |
| *Attorneys for GN Resound A/S and GN Resound Corporation* | *Attorneys for Starkey Laboratories, Inc.* |

Mary B. Graham (#2256)
James W. Parrett Jr. (#4292)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

Robert C. Kahrl
David Cochran
Thomas R. Goots
JONES DAY
North Point
901 Lakeside Ave.
Cleveland, OH  44114-1190

*Attorneys for Gennum Corporation*

Dated:  September 8, 2006

# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Mary B. Graham
302 351 9199
mgraham@mnat.com

April 25, 2006

**BY HAND DELIVERY**

Edmond D. Johnson, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

      Re:  *Energy Transportation Group v. Sonic Innovations Inc., et al*
            C.A. No. 05-422-GMS

Dear Ted:

      This letter is to respond to the proposals of ETG made to defendants for a schedule, scheduling order and order for preservation of documents. Our response is subject to the agreement we earlier made limiting the future use that can be made of this response as reflected in my letter of March 28, 2006. We will respond to you separately on the protective order. I am attaching defendants' proposed order relating to scheduling (with some caveats, see below) and a table comparing our respective proposals. Here are certain general comments, which I am happy to discuss further.[1]

      1.    *Schedule.* ETG's proposal does not completely conform to the sequencing that Judge Sleet typically follows. For example, his normal practice now is to hold a Markman hearing toward the end of fact discovery, with enough time so that the parties will have the benefit of his claim construction order in time for preparation of initial expert reports. Also, the time provided overall will not work out. There is not enough time for discovery (e.g.

---

[1]    This letter is sent on behalf of the following defendant groups: Gennum Corporation, GN Resound, Phonak (and Unitron), Sonic, Starkey, Widex, and William Demant (and Oticon and Bernafon).

Edmond D. Johnson
April 25, 2006
Page 2

there is insufficient time for expert reports) or for Judge Sleet to decide summary judgment motions. Thus, we need to extend out a number of dates. This leads to a more realistic trial date in this complex case of roughly two years from the date of the Rule 16 conference. Please note certain caveats: (a) while our proposal uses Judge Sleet's standard language on the filing of case dispositive motions, defendants wish to reserve taking up with Judge Sleet at the scheduling conference the possibility of seeking to file case dispositive motions at an earlier time; (b) we have kept in a date for reply expert reports, but only as necessary; and (c) defendants may wish at an appropriate time to seek separate trials.

      2.    *Discovery sequencing.* We appreciate your start at an effort to manage and sequence discovery. We have some general concerns about your proposal as follows: As previously indicated, plaintiff should first provide claims, and products (and features) alleged to infringe as a way to focus the case. After that time, defendants would provide (subject to objection) samples and schematics of the identified accused products. Plaintiff would then provide claim readings and responses to contention interrogatories directed to infringement. Defendants will thereafter respond to contention interrogatories directed to invalidity and provide claim readings for noninfringement and plaintiff will thereafter respond on validity. Our proposal presents a revised sequencing for discovery along these lines.

      On the issue of electing whether to rely on advice of counsel, that election should not have to be made until after the claim construction ruling. Thus, there would be a special carve out for fact discovery relating to that issue after fact discovery.[2]

      3.    *Discovery limits.* A number of your fact discovery limitations seem unnecessarily restrictive at this juncture and overly complex. We have revised and simplified those limits in the enclosed. Also, the relative limits you proposed did not make sense. As far as limits on expert depositions, we suggest that the parties later confer as it is difficult at this stage to frame such limitations without greater knowledge of how the case will ultimately evolve.

      4.    *Order re preservation of documents.* We have briefly looked at the proposed order. It is not the customary practice in Delaware to have such orders, and we do not see a special need for one in this case. Rather, we intend to follow customary practice. For that reason, we will not review your order for the purpose of identifying where we have areas of agreement or disagreement, but I note that your proposed definition of records to be reserved reads more like an unfocused, overbroad set of document requests and we do not agree that we have any obligation to preserve documents of the scope of records you identify.

---

[2]    Judge Sleet has in other patent cases followed this practice.

Edmond D. Johnson
April 25, 2006
Page 3

I am happy to discuss any of these matters with you.

Sincerely,

Mary B. Graham

MBG/dam
cc:    Defense counsel
       Brian M. Buroker, Esquire

516092

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-422 (GMS) |
| ) | |
| SONIC INNOVATIONS, INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### [DEFENDANTS' PROPOSED] SCHEDULING ORDER [PATENT]

This _____ day of _____ 2006, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.  **Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before fourteen days after the Rule 16 conference.

2.  **Joinder of Other Parties and Amendment of Pleadings**. All motions to join or add additional parties shall be filed on or before November 1, 2006. All other motions to amend the pleadings shall be filed on or before December 1, 2006.

3.  **Reliance Upon Advice of Counsel**. Each Defendant shall inform Plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than 30 days after the Court provides a claim construction order. If a Defendant elects to rely on advice of counsel as a defense to willful infringement, that Defendant shall produce any such

opinions on which Defendant intends to rely to Plaintiff no later than 30 days after making that election.

    4.  ***Markman* Claim Construction Hearing**.  A *Markman* claim construction hearing shall be held on **[45 days before the conclusion of fact discovery]** _____ at \_\_\_\_\_ \_\_.m.  The *Markman* hearing is scheduled for a total of \_\_\_\_\_ hours with each side having \_\_\_\_ hours.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before **[8 weeks before the *Markman* hearing]** _____, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The parties shall exchange opening claim construction briefs on **[6 weeks before the *Markman* hearing]** _____, and the answering claim construction briefs on **[3 weeks before the *Markman* hearing]** _____.

    5.  **Discovery**.  All fact discovery in this case shall be initiated so that it will be completed on or before **[12 months following the Rule 16 conference]** _____.  Expert Discovery in this case shall be initiated so that it will be completed on or before **[4 months following fact discovery cutoff]** _____.  Opening expert reports on issues on which the party has the burden of proof shall be due 4 weeks following the close of fact discovery; answering reports 4 weeks thereafter; reply expert reports (only if necessary) 3 weeks thereafter.

    a.  **Discovery and Scheduling Matters**.  Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in

2

dispute. A sample letter can be located on this Court's website at www.ded.uscourts.gov. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

b. As a way of managing the case, the parties agree to the following sequencing of discovery, without prejudice to amend and supplement their contentions in accordance with the Federal Rules:

(i) **Identification of claims, products, features**. As to each defendant group, 4 weeks following the Rule 16 conference, Plaintiff shall identify no more than 5 claims of each patent in suit that it will assert are infringed and shall identify the products and product features it asserts infringe those claims.

(ii) **Sample Products**. At Plaintiff's request, each defendant group shall deliver appropriate sample products (at Plaintiff's expense at Defendant's lowest wholesale price for the product), circuit diagrams, and engineering drawings of the accused products on or before 45 days after the date in paragraph 5.b(i). The sample products and supporting materials shall be protected pursuant to the parties' Protective Order.

(iii) **Claim Readings**. Within 60 days following the date in paragraph 5.b(ii), Plaintiff shall provide each defendant group with detailed claim readings of the asserted patent claims against the accused products and shall otherwise respond to the defendant groups' contention interrogatories directed to infringement. Within 60 days thereafter, each

defendant group shall provide claim readings on any asserted prior art and otherwise respond to Plaintiff's contention interrogatories directed to invalidity.

    c.    **Discovery Limitations**.

    (i)    Each party[1] may serve 40 interrogatories, counting denominated subparts, and 30 requests for admission.

    (ii)    Plaintiff may depose each defendant group (and its employees) for up to 28 hours, including depositions pursuant to Rule 30(b)(1) & 30(b)(6). Defendants may collectively depose each inventor for up to 14 hrs, plus up to two additional hours of deposition for each defendant group, separately. Each defendant group may additionally depose the Plaintiff (and employees) for up to 28 hours each.

    (iii)    The parties will confer at a later time as to appropriate limitations to apply to expert depositions and approach the court if necessary to resolve any dispute.

    6.    **Confidential Information and Papers Filed Under Seal**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

---

[1] In the case of defendants, each defendant group shall be considered a "party" for purposes of this scheduling order.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact United States Magistrate Judge Thynge to schedule a settlement conference with counsel and the clients.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **[2 weeks following close of expert reports]** _____. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than **[2 weeks thereafter]** _____. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **[1 week thereafter]** _____. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion will be permitted **[7 weeks following close of expert discovery]** on _____ at _____ __.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8**.

9. **Case Dispositive Motions**. All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before **[3 weeks following the Court's ruling in 8]** _____. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such

5

agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12. **Pretrial Conference**. On **[one month before trial date]** _____, beginning at ___ __.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order (a sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov) satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the Joint Proposed Pretrial Order is due, Plaintiff's counsel shall forward to Defendant's counsel a draft of the pretrial order containing the information Plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to Plaintiff's counsel any comments on the Plaintiff's draft as well as the information Defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by **[2 weeks prior to pretrial conference]** _____. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.

The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **[4 weeks prior to pretrial conference]** _____.

      13.    **Trial**.  This matter is scheduled for a \_\_\_\_\_ day (jury or bench) trial **[or trials]** beginning at 9:00 a.m. on **[24 months following Rule 16 conference]** _____.

      14.    **Scheduling**.  The parties shall contact Chambers at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

516016

04/25/2006

**ADDENDUM TO SCHEDULING ORDER**
**CIVIL ACTION NO. 05-422 (GMS)**

| EVENT | ETG PROPOSAL | ETG (mos from April 1 as start) | DEFS' PROPOSAL (time from start date) |
|---|---|---|---|
| **FACT DISCOVERY** | | | |
| Exchange of initial disclosures | Within 7 days of Rule 16 Conf. | | Within 14 days of Rule 16 Conf. |
| Motions to amend pleadings | Aug. 1, 2006 | 5 | December 1, 2006 |
| Motions to join additional parties | Aug. 1, 2006 | 5 | November 1, 2006 |
| Plaintiff to elect 5 claims per patent per def group and identify accused products and features | | | 4 weeks following Rule 16 conference |
| Delivery by defendant of sample products (to be purchased by the plaintiff), if requested, and schematics of accused products | July 10, 2006 | 3 ½ | 45 days following plaintiff's above identification |
| Service of plaintiff's claim chart/response by plaintiff to infringement contention interrogatories | Oct. 2, 2006 | 6 | 60 days following delivery of products along with response to contention interrogatories |
| Response by defendants to invalidity and noninfringement contention interrogatories/service of defendants' prior art claim charts | October 2, 2006 (defs' prior art); November 10, 2006 (noninfringement claim charts) | 6, 7 ½ | 60 days following plaintiff's contentions above |
| Service of plaintiff's prior art statement/response to validity contention interrogatories | Nov. 10, 2006 | 7 ½ | 60 days following defendants invalidity contentions |
| Notice of reliance on advice of counsel as defense to willful infringement, produce opinions of counsel | Nov. 17, 2006 | 7 ½ | Election 30 days after claim const. order; 30 days thereafter to produce opinions |
| Completion of fact discovery | Feb. 2, 2007 | 10 | 12 mos. following Rule 16 conf. |

| EVENT | ETG PROPOSAL | ETG (mos from April 1 as start) | DEFS' PROPOSAL (time from start date) |
|---|---|---|---|
| **MARKMAN PROCEEDINGS** | | | |
| Exchange of claim terms to be construed and proposed constructions | March 9, 2007 | 11 | |
| Submission of joint claim construction statement | March 23, 2007 | 11 ½ | 2 wks before op. briefs (8 weeks before Markman hearing) |
| Markman Briefs | **Opening:** April 4; **Resp:** April 25, 2007 | 12, 13 | 6 wks/3 wks before Markman hearing |
| Markman Hearing | May 16, 2007 | 14 ½ | ~ 45 days before close of fact discovery |
| **EXPERT DISCOVERY** | | | |
| Opening expert reports (burden of proof) | Feb. 9, 2007 | 10 | 1 month after fact discovery |
| Answering expert reports | Feb. 23, 2007 | 10 ½ | 1 month after above |
| Reply expert reports | March 6, 2007 | 11 | 3 weeks after above |
| Completion of expert discovery | April 27, 2007 | 13 | (one month for depos) 4 months after fact discovery |
| **DISPOSITIVE MOTIONS** | | | |
| Letter briefs seeking permission | May 31, June 7, June 11 2007 | 14 | 2 wks after expert disc; 2 wks thereafter, 1 wk thereafter |
| Hearing concerning permission to file summary judgment motions | June 19, 2007 10 a.m., by phone | | 7-8 wks after expert discovery[18 months after start date] |

| EVENT | ETG PROPOSAL | ETG (mos from April 1 as start) | DEFS' PROPOSAL (time from start date) |
|---|---|---|---|
| Summary Judgment Briefing | **Opening:** Later of July 3, 2007 or two wks after Court permission  **Resp. and Reply:** Local Rules | 15 | File opening briefs 2 weeks after court permission/local rule briefing |
| Summary Judgment Hearing | At Court's discretion | | Court sets [19 months following start date] |
| **TRIAL PHASE** | | | |
| Motions *in Limine* | July 11, July 25, Aug. 2007 | 15-16 | Complete briefing in advance of pretrial conference [2 weeks?] |
| Joint Proposed Pretrial Order | July 16, 2007 | 15 ½ | 2 months before trial |
| Pretrial Conference | July 27, 2007 10 a.m. | 16 | [3-4 mos after SJ hrg]  1 mo. before trial |
| Trial | Aug 20, 2007 (14 days) | 17 | 12 mos after close of fact discovery |

514834

- 3 -

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Richard K. Herrmann
Mary Matterer
Amy A. Quinlan
MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON, LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

N. Richard Powers
CONNOLLY, BOVE, LODGE & HUTZ
1007 North Orange Street
Wilmington, DE

Thomas H. Kovach
PEPPER HAMILTON LLP
1313 North Market Street, Suite 5100
Wilmington, DE 19899

Thomas C. Grimm
Leslie A. Polizoti
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899

Barry M. Klayman
WOLF, BLOCK, SCHORR & SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801

Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899

Donald E. Reid
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899

Edmond D. Johnson
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

- 2 -

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 8, 2006 upon the following individuals in the manner indicated:

**BY E-MAIL**

Edmond D. Johnson
Linda Beebe
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE  19899

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
HUNTON & WILLIAMS LLP
1900 K. Street, N.W., Suite 1200
Washington, DC 20006

Barry M. Klayman
WOLF, BLOCK, SCHORR & SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE  19801

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES LLC
533 77th Street West
Eagan, MN  55121

*/s/ Mary B. Graham*

Mary B. Graham (#2256)