## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SONIC INNOVATIONS, INC, ET AL. | ) ) ) | |
| Defendants. | ) ) | |

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## FOR LEAVE TO SERVE INITIAL DISCOVERY

On August 24, 2006, Plaintiff, Energy Transportation Group, Inc. ("ETG") filed a narrowly tailored and specifically defined request for leave to serve limited initial discovery in this patent infringement action that was originally filed over fourteen months ago. The Defendants' collective Responses[1] fail to address how this narrowly tailored request would inflict any prejudice, especially considering the pending commencement of full discovery.

Instead of focusing on ETG's Motion, the Defendants instead submit a "Proposed" discovery plan. Ironically, the Defendants fail to mention that their plan was nothing more than a response to a plan circulated earlier by ETG.[2] Further, the Defendants' irrelevant plan would bring this case to a stand still because it seeks a proposed trial date commencing well over three years after the suit was filed. The plan further seeks to burden ETG by requiring it to submit to

---

[1] ETG files one Reply addressing the Response Briefing of: Resistance Technology Inc., filed on September 7, 2006 [D.I. 122], William Demant Holding A/S, filed on September 8, 2006 [D.I. 124], and all other Defendants' Combined Opposition, filed on September 8, 2006 [D.I. 125].

[2] The Defendants' self-proclaimed reasonable and focused discovery plan is irrelevant to this motion because it addresses discovery only _after_ the Rule 16 Discovery Conference, which has not yet occurred.

32 days of full depositions[3]-- an absurd amount that could be nothing more than a means of collective harassment,[4] especially considering ETG has less than ten corporate officers or employees with any knowledge of this action or the patents-in-suit.  As the Defendants insightfully leave out, their "Proposed" discovery plan, delivered to ETG on April 25, 2006, is actually a response to ETG's "[PROPOSED] SCHEDULING ORDER" delivered to each of the Defendants on April 5, 2006.  For the Court's convenience, ETG has included a copy of this discovery plan as Exhibit A.

The pending motion proposes discovery **before** the Court's Rule 16 Scheduling Conference.  As previously described, this request is limited to Defendant product information related to the infringement issues in this case - information about the technical workings of a specific list of products and sales figures related to those products - and the form of the requested discovery is limited to interrogatories and requests for document production.

Defendants respond with a "sky-is-falling" argument that purports ETG will go after product information "on all kinds of products."  The Defendants further mislead the Court by stating that despite their collective pleas, ETG has failed to provide any information regarding which claims are being asserted against which products.  This is in fact untrue.  ETG has provided to every Defendant that requested,[5] information identifying each hearing aid product

---

[3]        Defendants' Ex. A, p.4, proposing 28 hours of Plaintiff depositions per Defendant Group [with eight Defendant Groups] for a combined 224 hours, or 32 days, of depositions.

[4]        The Defendants' Proposed Discovery Plan contains numerous unprecedented "requests" that would result in undue prejudice to ETG, such as limiting ETG to the assertion of 5 total patent claims.  Notably, there are only 24 claims in both patents.  Because the Defendants' plan is irrelevant to the pending motion, ETG will not burden the Court by addressing the Defendants' unnecessary hyperbole.  Further, because the Defendants' approach was so unreasonable on several fronts, ETG realized that further discussions would be unproductive.

[5]        Defendant Resistance Technology Inc. refuses to discuss any issues with ETG until this Court decides RTI's jurisdictional motion for dismissal.

that ETG believes infringes and the claims of the patents-in-suit that each such product is believed to infringe based on its pre-suit and continuing post-suit investigation. ETG provided this information pursuant to an agreement by each Defendant that the communication would be subject to Fed. R. Evid. 408. This good-faith effort to spur settlement has apparently gone unnoticed by the Defendants, and it is certainly contrary to the Defendants' misleading arguments submitted in its briefing.

ETG also set out, in individual letters to each party, the basis for this motion and the scope of discovery that ETG contemplates. ETG noted that it was "requesting technical information on [Defendant]'s products and corresponding sales data on those products." *See, e.g.*, Letter of Aug. 15, 2006, to Widex (Ex. B). This letter was meant to convey that ETG's initial discovery requests were focused on Defendant products already identified by ETG to each Defendant, individually, at the beginning of May 2006. The initial discovery request likewise will be limited to hearing aid products already identified.

The Defendants collectively rely upon two pending motions pursuant to Fed. R. Civ. P. 12(b) as the basis for arguing against ETG's request to serve initial discovery. These motions, however, effect only two out of the eighteen Defendants. Further, and as explained in ETG's previous filings [D.I. 77, 72 and 89] each of the two parities contesting personal jurisdiction will be subject to jurisdiction in this Court. In any event, both RTI and Williams Demant Holding A/S should be subjected to this initial discovery request immediately upon the denial of their respective motions.

The Local Rules place an affirmative duty on a plaintiff to prosecute its case. *See* Del. LR. 41.1. Further, the Federal Rules of Civil Procedure contemplate a Scheduling Conference to be held "within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant." Fed. R. Civ. P. 16(b). In this instance the prejudice to ETG is facially apparent. ETG has been unable to prosecute this case and serve initial discovery even though the case was filed over fourteen months prior. The precedent relied upon by the Defendants lacks this very important distinction and the Defendants fail to address the prejudice resulting from the delay and inability for ETG to prosecute its case. The fact that ETG is unable to commence discovery places ETG in a quandary that this Court could relieve by allowing Initial Discovery to be served.

In addition to the discovery being sought related to infringement issues, ETG requests that this Court permit it to submit the two Applications for the Issuance of Letters of Request to HIMPP A/S, and to K/S HIMPP. The relevance of the HIMPP entities is clear - both control a large patent pool created by several of the Defendants with detailed information regarding licensing policies and royalties in the hearing aid industry. The Applications to be submitted will be detailed and fully outline the basis for each Letter of Request. Before being served through the Hague Convention on Evidence, this Court would have to approve and adopt the Letters of Request. Accordingly, permission by this Court to submit the Applications only means that ETG will present full briefing detailing the basis and reasoning for each Letter of Request. As previously mentioned, ETG will suffer substantial harm because it will be unable to acquire important evidence since it may take a year to execute the Letters of Request through the Hague Convention on Evidence.

ETG respectfully requests this court grant the pending Motion for Leave to Serve Initial Discovery. Additionally, ETG requests permission to file Applications for the Issuance of Letters of Request.

Respectfully Submitted,

/s/ Edmond D. Johnson
Edmond D. Johnson (No. 2257)
Katherine V. Jackson (No. 4800)
THE BAYARD FIRM
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
kjackson@bayardfirm.com
tkovach@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Robert L. Kinder
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Dated: September 14, 2006