# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | C.A. NO. 05-422 (GMS) |
|        Plaintiff, | ) ) | |
|        v. | ) ) | |
| SONIC INNOVATIONS, INC, ET AL. | ) ) | JURY TRIAL DEMANDED |
|        Defendants. | ) ) | |

### [PROPOSED] SCHEDULING ORDER

This _____ day of _____, 2006, the Court having conducted an initial

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on May 15, 2006;

IT IS ORDERED that:

1.    **Rule 26(a)(1) Initial Disclosures**.  Unless otherwise agreed to by the parties, they

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or

before seven days after the Local Rule 16.2(b) scheduling and planning conference.

2.    **Joinder of Other Parties and Amendment of Pleadings**.  All motions to join or

add additional parties shall be filed on or before August 1, 2006.  All other motions to amend the

pleadings shall be filed on or before August 1, 2006.

3.    **Reliance Upon Advice of Counsel**.  Each Defendant shall inform plaintiff

whether it intends to rely upon advice of counsel as a defense to willful infringement no later

than November 17, 2006.  If that defendant elects to rely on advice of counsel as a defense to

willful infringement, that defendant shall produce any such opinions on which that defendant

intends to rely and any related documents within the scope of that defendant's waiver to plaintiff

no later than September 18, 2006.

    4.    **Markman Claim Construction Hearing**.  Issues of claim construction shall be determined in conjunction with a Markman claim construction hearing to be held on _____ mid-May of 2007 ?? - based on Court's schedule ???_____  at _____????____.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before March 23, 2007, the parties shall file a final joint claim chart, which shall include citations to intrinsic evidence.  The parties shall exchange a list of claim terms that each party contends should be construed by the Court on March 9, 2007.  The parties shall serve and file opening claim construction briefs on April 4, 2007, and answering claim construction briefs on April 25, 2007.

    5.    **Discovery**.  All fact discovery in this case shall be initiated so that it will be completed on or before February 2, 2007.  Expert Discovery in this case shall be initiated so that it will be completed on or before April 27, 2007.

    a.    Discovery Disputes.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a non-argumentative letter agenda not to exceed two (2) pages outlining the issues in dispute.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO**

**PAGES** within three (3) days from the date of service of the answering letter.

        b.     <u>Sample Products</u>.  At the plaintiff's request, each defendant shall deliver appropriate sample products, circuit diagrams, and engineering drawings of the accused products on or before July 10, 2006.  The sample products and supporting materials shall be protected pursuant to the parties' Protective Order.  Defendants shall provide plaintiff with pricing at the manufacturing cost for each product.

        c.     <u>Infringement Claim Charts</u>.  The plaintiff shall serve upon each defendant by October 2, 2006, a "Plaintiff's Claim Chart," which shall identify: (1) which claim(s) of each patent it alleges are being infringed; (2) which specific products or methods of defendant it alleges literally infringe or infringe under the doctrine of equivalents for each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present.  If there is a contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, plaintiff shall also explain each of the functions, way and result that it contends are equivalent, and why it contends that any differences are not substantial.

        No later than November 10 2006, each defendant shall serve upon plaintiff "Defendants' Claim Chart" that indicates with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent.  In the latter regard, defendant will set forth in detail the basis for its contention that the element is absent.  As to the doctrine of equivalents, defendant shall indicate on its chart its contentions concerning any differences in function, way and result and why any differences are substantial.

d.    Invalidity Claim Charts.  On or before October 2, 2006, each defendant shall serve on plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by plaintiff ("Defendants' Prior Art Statement").  On or before November 10, 2006, plaintiff shall serve on defendant "Plaintiff's Prior Art Statement," in which it will state in detail its position on what the prior art relied upon by defendant shows, if its interpretation differs from defendant's, and its position on why the prior art does not invalidate the patent(s)-in-suit.  The plaintiff's and defendant's "Prior Art Statements" can be, but need not be, in the form of expert reports.  Amendments to the parties' Prior Art Statements can be made only by leave of Court, upon a showing:

Defendant:

(i)    that it was not and could not reasonably have been located earlier by defendant; and

(ii)   that it is not merely cumulative of prior art already listed, and

(iii)  how defendant will be prejudiced if leave is denied, and plaintiff will not be prejudiced if leave is given.

Plaintiff:

(i)    that earlier it could not have detailed its new position on what the prior art relied upon by defendant shows; and

(ii)   how plaintiff will be prejudiced if leave is denied and defendant will not be prejudiced if leave is given.

e.    Discovery Limitations. Discovery is limited to the disclosures described in Paragraphs "a" through "d" above together with the following additional discovery:

i.    Plaintiff may serve 20 common interrogatories and 20 common requests for admission that each defendant will answer separately, plus an additional 10 specific interrogatories and 15 specific requests for admission on each defendant.  Each defendant

group may serve 20 common interrogatories and 20 common requests for admission on plaintiff, plus each defendant group may serve up to 10 additional interrogatories and 15 requests for admission on plaintiff. The parties may serve unlimited requests for admissions for purposes of establishing the authenticity of documents.

ii.    Defendants may collectively depose the plaintiff pursuant to Rule 30(b)(6) for up to 8 hrs, plus up to one additional hour of deposition for each defendant group, separately. Plaintiff may depose each defendant group for up to 28 hours, including depositions pursuant to Rule 30(b)(1) & 30(b)(6). The parties may take unlimited depositions on written questions of custodians of business records for third parties.

iii.    Defendants may collectively depose each inventor for up to 7 hrs, plus up to one additional hour of deposition for each defendant group, separately.

iv.    Defendants may collectively depose any third party for up to 7 hrs, plus up to one additional hour of deposition for each defendant group, separately. Plaintiff may depose any third party for up to 7 hrs. Depositions of third parties shall be limited to 6 per side.

v.    The parties may designate and depose up to 6 expert witnesses per side. Defendants may collectively depose the plaintiff's experts for up to 7 hrs, plus up to two additional hours of deposition for each defendant group, separately per expert. Plaintiffs may depose each defendant expert for up to 14 hrs.

vi.    Total hours of depositions of fact witnesses from (ii) - (iv) above, shall not exceed 210 hours for the plaintiff and 80 hours for each defendant group, with depositions under (ii) - (iv) being counted pro rata based upon the number of defendant groups asking questions at a deposition.

vi.    For purposes of this paragraph, "side" means 1) the plaintiff and 2) the collective defendants. A "defendant group" means all affiliated party defendants as set forth:
- the Demant defendant group: William Demant Holding A/S, Oticon A/S, Oticon, Inc., Bernafon AG, WDH, Inc., and Bernafon, LLC;
- the Widex defendant group: Widex Hearing Aid Co., Inc. and Widex A/S;
- the Phonak defendant group: Phonak AG, Phonak Inc., Unitron Hearing, Inc., and Phonak, LLC;
- the GN Resound defendant group: GN Resound A/S, and GN Resound Corporation;
- Sonic Innovations, Inc.
- Starkey Laboratories, Inc.
- Gennum Corporation
- Resistance Technology Inc.

6.    **Confidential Information and Papers Filed Under Seal**.  Counsel have

determined that it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information. Consequentially the parties will confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 15 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).

7.    **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

8.    **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than May 31, 2007. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than June 7, 2007. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before June 11, 2007. The Court shall hold a status conference by telephone to hear argument and to determine whether the filing of any motion will be permitted on

_____mid-June sometime based on Court's schedule _____, at _____. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.    **Case Dispositive Motions**. Should the Court permit the filing of summary

judgment motions, an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before July 3, 2007.  If there is no decision at the June 19, 2007, teleconference as to permitting summary judgment motions, this schedule shall be altered so as to commence briefing two weeks following the Court's decision.  The timing for filing responsive and reply briefs will be determined in accordance with the Local Rules, unless otherwise agreed by the parties or amended by the Court for good cause shown.

10.    **Applications by Motion**.  Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12.    **Pretrial Conference**.  On _____ ??? late-July based on Court's schedule ???, the Court will hold a Pretrial Conference in Chambers with counsel beginning at ___?????__. Unless otherwise ordered by the Court, the parties should assume that filing the joint pretrial order on July 16, 2007, satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  Twenty (20) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, within ten (10) calendar days, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order.  Motions *in limine*:  No side shall file more than ten (15) motions *in limine*.  All briefs (**opening, answering**

**and reply**) on all motions *in limine* shall be submitted by no later than July 16, 2007. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.

       13.      **Trial**. This matter is scheduled for a 14-day jury trial beginning at 9:00 a.m. on _____ ???? late August based on Court's schedule ????? .

       14.      **Scheduling**. The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

       15.      **Attached Addendum:** An addendum is attached summarizing and setting forth additional scheduling dates.


_____
DATE

_____
UNITED STATES DISTRICT JUDGE

**Addendum to Scheduling Order**
**Civil Action No. 05-422 (GMS)**

| Event | Proposed Dates |
|---|---|
| **Fact Discovery** | |
| Exchange of Initial Disclosures | Within 7 days of Rule 16 Conference |
| Motions to Amend Pleadings | August 1, 2006 |
| Motions to Join Additional Parties | August 1, 2006 |
| Delivery by defendant of sample products (to be purchased by the plaintiff), if requested, and schematics of accused products | July 10, 2006 |
| Service of Plaintiff's Claim Chart | October 2, 2006 |
| Service of Defendants' Claim Chart | November 10, 2006 |
| Service of Defendants' Prior Art Statement | October 2, 2006 |
| Service of Plaintiff's Prior Art Statement | November 10, 2006 |
| Notice of Reliance on Advice of Counsel as a Defense to Willful Infringement, Production of Opinions of Counsel, and Production of all Related Materials | November 17, 2006 |
| Completion of Fact Discovery | February 2, 2007 |
| **Markman Proceedings** | |
| Exchange of claim terms to be construed and proposed constructions | March 9, 2007 |
| Submission of Joint Claim Construction Statement | March 23, 2007 |
| Markman Briefs | Opening: April 4, 2007 Response: April 25, 2007 |
| Markman Hearing | May 16, 2007, 10 a.m. |
| **Expert Discovery** | |
| Opening Expert Reports (burden of proof) | February 9, 2007 |
| Answering Expert Reports | February 23, 2007 |
| Reply Expert Reports | March 6, 2007 |
| Completion of Expert Discovery | April 27, 2007 |

| Event | Proposed Dates |
|---|---|
| **Dispositive Motions** | |
| Letter Briefs Seeking Permission | Opening: May 31, 2007<br>Response: June 7, 2007<br>Reply: June 11, 2007 |
| Hearing Concerning Permission to File Summary Judgment Motions | June 19, 2007, 10 a.m., by phone |
| Summary Judgment Briefing | Opening: Later of July 3, 2007 or two weeks after Court grants permission<br>Response: Per Local Rules<br>Reply: Per Local Rules |
| Summary Judgment Hearing | At Court's discretion |
| **Trial Phase** | |
| Motions *in Limine* | Opening: July 11, 2007<br>Response: July 25, 2007<br>Reply: August 1, 2007 |
| Submission of Joint Proposed Pretrial Order | July 16, 2007 |
| Pretrial Conference | July 27, 2007, 10 a.m. |
| Trial | August 20, 2007, 9 a.m.<br>(14 days) |