IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-422 (GMS) |
| ) | |
| SONIC INNOVATIONS, INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JOINT STATUS REPORT AND RULE 26(f) REPORT

The parties hereby provide the Court with their Joint Status Report and Rule 26(f) Report. The following addresses the agenda items required in this Court's standard Notice of Scheduling Conference and other matters to be addressed pursuant to Fed. R. Civ. P. 26(f).

**I.   JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a). In addition, this Court has subject matter jurisdiction over the declaratory judgment counterclaims raised under 28 U.S.C. § 2201 by numerous of the defendants.

Except for Resistance Technology, Inc. ("RTI") and William Demant Holding A/S ("Demant Holding"), the defendants do not contest this Court's personal jurisdiction over them. RTI and Demant Holding have moved to dismiss this action for lack of personal jurisdiction, the motions for which are still pending. No further issues remain to be resolved with respect to subject matter jurisdiction, personal jurisdiction, or venue.

All defendants have been served. All defendants have answered the Second Amended Complaint, except for RTI and Demant Holding, and various defendants have asserted

counterclaims, including counterclaims of noninfringement, invalidity or unenforceability based on laches or estoppel. Plaintiff, Energy Transportation Group, Inc., ("ETG") has answered all counterclaims raised by the defendants.

## II.     SUBSTANCE OF THE ACTION

Plaintiff has sued each of the defendants in this action for infringing U.S. Patent Nos. 4,731,850 ("the '850 Patent") and 4,879,749 ("the '749 Patent") (collectively, the "Patents in Suit"). The '850 Patent relates to programmable digital hearing aids and the '749 Patent relates to a host controller for use with such hearing aids.

Plaintiff asserts that the defendants have, directly or indirectly, infringed the Patents in Suit. Plaintiff contends that (1) RTI and (2) Gennum Corporation ("Gennum") have manufactured, used, offered to sell, sold, and/or imported into the United States, one or more components that are covered by one or more claims of the Patents in Suit. Plaintiff contends that William Demant Holding A/S and WDH, Inc. are involved in the distribution of hearing aids and related products.

Plaintiff asserts that the following defendants manufacture and distribute hearing aids and related products, thereby infringing the Patents in Suit. Those defendant groups are: (1) Sonic Innovations, Inc. (a single entity U.S.-based manufacturer/distributor); (2) the Phonak Group (comprised of Phonak AG (a Swiss company), Phonak, LLC (a U.S. company), Phonak, Inc. (no longer in existence – Phonak, LLC is successor in interest), Unitron Hearing Ltd. (a U.S. company), and Unitron Hearing, Inc. (a Canadian company)); (3) the William Demant Group (comprising the Danish parent company William Demant Holding A/S, the Danish company Oticon A/S, the Swiss company Bernafon AG, and three U.S. companies Oticon Inc., WDH, Inc., and Bernafon, LLC); (4) the Widex Group (comprising the parent Danish company, Widex A/S, and a U.S. company, Widex Hearing Aid Co., Inc.); (5) the ReSound Group (comprising the

Danish entity), GN ReSound A/S and the U.S. company, GN ReSound Corporation, now known as GN Hearing Care Corporation; and (6) Starkey Laboratories (a single entity U.S.-based manufacturer/distributor).

Both of the Patents in Suit have expired. Thus, Plaintiff now seeks damages under 35 U.S.C. § 284 from the defendants' alleged infringement of the Patents in Suit. Plaintiff seeks treble damages and an award of its costs and legal fees as permitted by 35 U.S.C. § 285. Plaintiff has not had sufficient discovery to determine the extent of its damages.

Defendants assert that they do not infringe, directly or indirectly, the Patents in Suit. They further assert that the patents are invalid, and certain defendants have asserted counterclaims, including counterclaims of invalidity, noninfringement and unenforceability based on laches and estoppel.

## III.   IDENTIFICATION OF ISSUES

The issues in dispute are: (1) whether this Court has personal jurisdiction over RTI and Demant Holding; (2) whether each defendant has infringed, either directly or indirectly, the claims of any of the Patents in Suit; (3) if infringement is found, whether such alleged infringement was willful; (4) whether one or more claims of the Patents in Suit are invalid; (5) whether the Patents in Suit are unenforceable; (6) whether any recovery by the plaintiff is barred by the equitable doctrine of laches, waiver, or estoppel; (7) whether there is any bar under 28 U.S.C. § 1498(a) against Plaintiff pursuing action in this Court for any products used or manufactured by or for the United States; (8) what damages relief is warranted in the event that infringement is found and the Patents in Suit are deemed to be valid and enforceable; and (9) what, if any, costs and attorneys' fees to award.

## IV.   NARROWING OF ISSUES

The parties are not aware of issues that can be narrowed at this time.

## V. RELIEF SOUGHT

Plaintiff currently seeks damages in an amount adequate to compensate for each of the defendants' alleged infringement of the Patents in Suit, but in no event less than a reasonable royalty, treble damages, interest on any damages awarded, and costs pursuant to 35 U.S.C. § 284, and reasonable attorney fees pursuant to 35 U.S.C. § 285. The parties agree that, because the patents have expired, Plaintiff is not entitled to an injunction as requested in its prayers for relief.

The answers of the answering defendants deny the allegations of the plaintiff's Second Amended Complaint, deny Plaintiff's requests for relief and ask for dismissal of the action with prejudice. Numerous defendants also seek a declaratory judgment that the Patents in Suit are invalid, and that each such defendant has not infringed and is not infringing the Patents in Suit.

At this time, the parties are not able to determine the nature and amount of damages. No insurance company is believed to be liable for the defense or payment of any damage award.

## VI. AMENDMENT OF PLEADINGS

All motions which seek to amend the pleadings must be served by August 1, 2007.

## VII. JOINDER OF PARTIES

The parties are not aware of any additional parties that should be joined in this action at this time. All motions that seek to amend the pleadings in order to add parties must be served by July 1, 2007.

**VIII.   DISCOVERY**

  A.  The parties anticipate needing the following discovery:

  **Plaintiff anticipates** that it will require discovery on each of the following issues:

  1.  the development, design, manufacture, and functionality of each of the Defendants' accused products that are covered by the claims of the Patents in Suit;

  2.  each defendant's infringement of the claims of the Patents in Suit;

  3.  the willfulness of each defendant's infringement;

  4.  the sales, revenues, costs, and profits generated by each defendant in the manufacture, use, import, sale, or offer for sale of the accused products or inducement or contribution to infringement of the Patents in Suit by others;

  5.  the amount of a reasonable royalty for infringement; and

  6.  the factual bases of each defendant's defenses and counterclaims, including any opinion of counsel on which each defendant may rely.

  **Defendants anticipate** that they will require discovery on each of the following issues:

  1.  the alleged conception, research, development, and reduction-to-practice of the invention(s) described in the Patents in Suit;

  2.  the prosecution of the Patents in Suit;

  3.  the relationship of Audimax with Plaintiff and the named inventors of the Patents in Suit;

  4.  any commercialization by Plaintiff, Audimax or the named inventors of the Patents in Suit;

  5.  any secondary considerations of nonobviousness;

  6.  prior art;

  7.  the alleged infringement of the Patents in Suit;

      8.      the invalidity of the Patents in Suit;

      9.      the unenforceability of the Patents in Suit;

      10.      the bar under 28 U.S.C. § 1498(a) against Plaintiff pursuing action in this Court for any products used or manufactured by or for the United States;

      11.      the bar by equitable doctrine of laches, waiver, or estoppel against Plaintiff asserting the Patents in Suit;

      12.      the factual bases of each of Plaintiff's claims and defenses, including the pre-filing investigation performed by Plaintiff before filing this action; and

      13.      Plaintiff's alleged damages and the *Georgia Pacific* factors.

  B.    The parties' proposed schedules with respect to the timing of discovery and other matters are attached as Exhibit A.

Plaintiff notes that its proposal was developed in an effort to try to provide sufficient time for discovery, while recognizing that the present lawsuit was filed sixteen months ago and therefore, the defendants have had sufficient time to perform a thorough evaluation of the two patents and their products, investigate potential source of prior art for invalidity purposes, and consult potential experts. Thus, Plaintiff requests a trial date in April of 2008, with a close of fact discovery on October 1, 2007. In addition, in contrast to Defendants' proposal, Plaintiff proposes that the dispositive motions period occur concurrent with expert discovery to enable this case to move toward trial at a faster pace.

Defendants note that their proposal was developed based on the following precepts: (1) given the number of parties, somewhat longer periods of time than in the typical two party case are appropriate in order to accommodate various schedules and needs and to allow time for the parties to coordinate and attempt to resolve issues; (2) the parties have agreed

upon certain sequencing of discovery aimed at assisting the development of their contentions; (3) the agreed-upon exchange of contentions should occur sufficiently in advance of the claim construction process such that the parties have the information for use in developing their claim construction positions; (4) claim construction should occur toward the end of fact discovery in keeping with the Court's typical practice; (5) sufficient time needs to be given for expert discovery given the number of parties and the difficulty in scheduling experts; (6) expert discovery should occur after claim construction and before summary judgment so that the parties' positions on summary judgment can take into account the experts' opinions; and (7) given the number of parties, the Court presumably will wish to have (at least) the time usually set aside for summary judgment proceedings in advance of trial.  The defendants' proposal calls for fact discovery to close on December 31, 2007, expert discovery to close on April 19, 2008 and trial in December 2008 or thereafter.

      C.    **The parties** propose the following additional provisions relating to discovery, in accordance with the dates set forth on Exhibit A, which are intended to be regarded as discovery under the Federal Rules of Civil Procedure:

      1.    <u>Sample Products</u>.  Plaintiff shall provide a preliminary identification of infringing claims and products by the date on Exhibit A.  At the plaintiff's request, each defendant shall deliver appropriate sample products, circuit diagrams, and engineering drawings of the accused products on or before the date reflected on Exhibit A.  This provision is without prejudice to Defendants' right to object to Plaintiff's designation of products.  The sample products and supporting materials shall be protected pursuant to the parties' Protective Order.  Plaintiff shall pay for each sample product.

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| Plaintiff proposes that it pay the manufacturing cost for each product. | Defendants propose that Plaintiff pay the defendant's lowest, standard wholesale pricing for each product. |

      2.    <u>Infringement Claim Charts and Contentions</u>.  The plaintiff shall serve upon each defendant by the date on Exhibit A, a preliminary "Plaintiff's Claim Chart," which shall identify: (1) which claim(s) of each patent it alleges are being infringed; (2) which specific products or methods of Defendant it alleges infringe; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), and shall provide the factual and legal basis for its contentions of infringement, including each contention that the element is present.  As to the doctrine of equivalents, Plaintiff shall provide its preliminary contentions concerning any equivalence in function, way and result and why any differences are insubstantial.

      By the date on Exhibit A, each defendant shall serve upon Plaintiff a preliminary "Defendant's Claim Chart" that indicates which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent.  In the latter regard, Defendant will set forth in detail the factual and legal basis for its contentions of noninfringement, including its contentions that elements are absent.  As to the doctrine of equivalents, each defendant shall provide its preliminary contentions concerning any differences in function, way and result and why any differences are not insubstantial.

      3.    <u>Invalidity Claim Charts and Contentions</u>.  By the date on Exhibit A, each defendant shall serve on Plaintiff a list of all of the prior art on which it relies, and its factual and legal basis for its contentions of invalidity, including any contentions that the prior art invalidates the claim(s) asserted by Plaintiff ("Defendant's Prior Art Statement").  By the date on Exhibit A,

Plaintiff shall serve on Defendant "Plaintiff's Prior Art Statement," in which it will state the factual and legal basis for its contentions on validity, including with specificity why the prior art does not invalidate the patent(s) in suit. The plaintiff's and defendants' "Prior Art Statements" can be, but need not be, in the form of expert reports. **The parties differ on whether a limitation needs to be ordered on when amendments can be made to Prior Art Statements.**

**Plaintiff proposes** the following additional limitation to ensure that it has a fair opportunity to take discovery on any prior art defenses.

Amendments to the parties' Prior Art Statements can be made only by leave of Court, upon a showing:

Defendants:

(i) that it was not and could not reasonably have been located earlier by Defendant; and

(ii) that it is not merely cumulative of prior art already listed, and

(iii) how Defendant will be prejudiced if leave is denied, and Plaintiff will not be prejudiced if leave is given.

Plaintiff:

(i) that earlier it could not have detailed its new position on what the prior art relied upon by Defendant shows; and

(ii) how Plaintiff will be prejudiced if leave is denied and Defendant will not be prejudiced if leave is given.

**Defendants submit** that Plaintiff's proposal for a special test for this case, unique to one aspect of the parties' contention discovery, is unnecessary. The Federal Rules of Civil Procedure, the case law and the experience of this Court fully equip the parties and the Court with an appropriate framework for dealing with potential discovery issues and preclusion based on a failure to provide discovery.

4. <u>Discovery Limitations</u>.  The scope of discovery shall be governed by the Federal Rules of Civil Procedure, as modified by the following provisions, subject to the parties' right to seek (or agree upon) additional or modified discovery provisions under appropriate circumstances.

(a) <u>Interrogatories and requests for admission</u>:

Plaintiff may serve 15 common interrogatories and 20 common requests for admission that each defendant group will answer separately, plus an additional 25 specific interrogatories and 25 specific requests for admission on each defendant group.  The defendants may serve 15 common interrogatories and 20 common requests for admission on Plaintiff.  Each defendant group may serve up to 25 additional interrogatories and 25 additional requests for admission on Plaintiff.

(b) <u>Depositions</u>.  All of the following limits on hours of depositions are provided as an initial limit, but any party may move the Court, after attempting to reach agreement on the issue, for relief from these limits to obtain necessary discovery, including, but not limited to, extra time due to depositions of witnesses providing testimony in a foreign language involving interpreters.  Any party may also move the Court, after attempting to reach agreement, for a protective order prior to another party's using its full time if the questioning becomes duplicative, harassing or seeking discovery of non-relevant topics.

(i) Plaintiff may depose each defendant group (and its employees) for up to 35 hours, including depositions pursuant to Rule 30(b)(1) and 30(b)(6).

(ii) Collectively, the defendants may depose each inventor for up to 21 hours.  Collectively, Defendants may depose the plaintiff (and its employees) for up to 56 hours, including depositions pursuant to Rule 30(b)(1) and 30(b)(6).

    (iii) There need be no preset limits on the time for any particular third party witness.

    (iv) During expert discovery, each expert witness may be deposed for the following amount of time: 7 hours total on each substantive topic (where, for example, a substantive topic is considered to be (a) a defense other than invalidity or noninfringement, such as inequitable conduct or laches, (b) infringement/non-infringement by a defendant group, or (c) damages with respect to a defendant group), except that each expert witness on invalidity or validity may be deposed for up to 14 hours.

    (v) Total hours of depositions of fact witnesses from above, shall not exceed 210 hours taken by the plaintiff and 225 hours taken by defendants.

    (c) <u>Definition</u>.  A "defendant group" means all affiliated party defendants as set forth:

- the Demant defendant group: William Demant Holding A/S, Oticon A/S, Oticon, Inc., Bernafon AG, WDH, Inc., and Bernafon, LLC;

- the Widex defendant group: Widex Hearing Aid Co., Inc. and Widex A/S;

- the Phonak defendant group: Phonak AG, Phonak Inc., Phonak, LLC, Unitron Hearing Ltd., and Unitron Hearing, Inc.;

- the GN ReSound defendant group: GN ReSound A/S, and GN ReSound Corporation, now known as GN Hearing Care Corporation;

- Sonic Innovations, Inc.;

- Starkey Laboratories, Inc.;

- Gennum Corporation; and

- Resistance Technology Inc.

IX. **ESTIMATED LENGTH OF TRIAL (INCLUDING JURY SELECTION AND INSTRUCTIONS, IF APPLICABLE)**

**Plaintiff's position:** Twelve days of trial time.

**Defendants' position:** It is difficult to give a very good estimate at this time when the complexion of the ultimate trial, including which issues might be tried separately, is hard to predict. Given the number of parties, setting aside 4-6 weeks may be reasonable, so that the time is available if needed.

X. **JURY TRIAL**

Plaintiff and various defendants have demanded a jury trial.

XI. **SETTLEMENT**

During the Rule 26(f) conference, counsel for the parties raised the issue of settlement. The parties request that the scheduling order include the standard provision referring the case to the Magistrate Judge for the purpose of exploring the possibility of settlement.

XII. **OTHER MATTERS**

The parties do not consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

XIII. **CONFIRMATION OF RULE 26(F) TELECONFERENCE**

The parties confirm that they have conferred about each of the above matters.

If the Court has any questions regarding the information set forth above, counsel for both parties are prepared to provide the additional information needed to address the Court's concerns.

**AGREED TO BY THE PARTIES:**

| | |
|---|---|
| THE BAYARD FIRM | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Katharine V. Jackson | /s/ Mary B. Graham |
| Edmond D. Johnson (#2257) | Mary B. Graham (#2256) |
| Katharine V. Jackson (#4800) | James W. Parrett, Jr. (#4292) |
| 222 Delaware Avenue, Suite 900 | 1201 North Market Street |
| P.O. Box 25130 | P.O. Box 1347 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| (302) 655-5000 | 302.658.9200 |
| | |
| Thomas J. Scott, Jr. | Robert C. Kahrl |
| Christopher C. Campbell | David B. Cochran |
| Brian M. Buroker | Thomas R. Goots |
| Robert Kinder | Isaac A. Molnar |
| HUNTON & WILLIAMS LLP | JONES DAY |
| 1900 K Street, N.W. | North Point |
| Washington, D.C. 20006-1109 | 901 Lakeside Avenue |
| 202.955.1500 | Cleveland, OH 44114 |
| | 216.586.7506 |
| *Attorneys for Energy Transportation Group, Inc.* | *Attorneys for Gennum Corporation* |

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Maryellen E. Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020

*Attorneys for GN ReSound A/S and GN Hearing Care Corporation*

/s/ Thomas C. Grimm
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
Wilmington, DE  19899

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr.; Suite 3600
Chicago, IL  60611

*Attorneys for Phonak Inc., Phonak LLC, Unitron Hearing Inc., and Unitron Hearing Ltd.*

| | |
|---|---|
| WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP | POTTER ANDERSON & CORROON |

/s/ Barry M. Klayman
Barry M. Klayman (#3676)
Wilmington Trust Center
1100 North Market St., Suite 1001
Wilmington, DE 19801

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN  55121

*Attorneys for Resistance Technology Inc.*

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington,  DE

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT  84111

*Attorneys for Sonic Innovations, Inc.*

| | |
|---|---|
| MORRIS, JAMES, HITCHENS & WILLIAMS | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Amy Quinlan<br>Richard K. Herrmann (#405)<br>Mary B. Matterer (#2696)<br>Amy Quinlan (#3021)<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19899<br><br>Richard Morgan<br>Steven Reitenour<br>BOWMAN AND BROOKE LLP<br>150 S. Fifth St., Suite 2600<br>Minneapolis, MN 55402<br><br>*Attorneys for Starkey Laboratories, Inc.* | /s/ Donald E. Reid<br>Donald E. Reid (#1058)<br>Jason A. Cincilla (#4232)<br>1201 N. Market Street<br>Wilmington, DE 19899<br><br>William H. Mandir<br>David J. Cushing<br>Carl J. Pellegrini<br>SUGHRUE MION PLC<br>2100 Pennsylvania Ave., N.W.<br>Washington, DC 20037<br><br>*Attorneys for Widex A/S and Widex Hearing Aid Co. Inc.* |

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ James D. Heisman
James D. Heisman (#2746)
N. Richards Powers (#494)
1007 North Orange Street
Wilmington, DE 19899

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC 20001-4413

*Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC*

Dated: November 22, 2006