IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SONIC INNOVATIONS, INC., PHONAK ) | C.A. No. 05-422 GMS |
| HOLDING AG, PHONAK INC., UNITRON ) | |
| HEARING, INC., WILLIAM DEMANT ) | |
| HOLDING A/S, OTICON A/S, OTICON INC. ) | |
| WIDEX A/S, WIDEX HEARING AID CO., INC., ) | |
| GN RESOUND A/S, GN RESOUND ) | |
| CORPORATION, STARKEY LABORATORIES, ) | |
| INC., GENNUM CORPORATION, RESISTANCE ) | |
| TECHNOLOGY, INC., BERNAFON AG, ) | |
| WDH, INC., and BERNAFON, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

WHEREAS, on November 30, 2006, the court held an office conference with the parties in the above-captioned case to discuss the schedule for the case and motions to dismiss filed by William Demant Holding A/S ("WDH A/S") and Resistance Technology, Inc. ("RTI");

WHEREAS, during the conference, the court concluded that Energy Transportation Group, Inc. ("ETG") had made an adequate prima facie showing in its briefing on the motions to dismiss with respect to its request to conduct limited and appropriate jurisdictional discovery regarding the personal jurisdiction issues raised by WDH A/S and RTI;

WHEREAS, the parties could not agree on the scope of discovery;

WHEREAS, the court informed the parties that it would consider their arguments made during the office conference, and their briefs, and render a short decision;

WHEREAS, after having considered the submissions and arguments of the parties, as well as the pertinent case law, the court concludes that ETG's request for jurisdictional discovery with respect to WDH A/S shall be limited to discovery that is necessary to make out a claim for inducement of infringement[1,2]; and

WHEREAS, the court further concludes that ETG's request for jurisdictional discovery with respect to RTI shall not be limited to the accused products, but shall be limited to those activities directed toward Delaware[3];

---

[1] The court agrees with WDH A/S that ETG seeks to hold it responsible only for acts of inducing infringement. ETG's intent is evidenced in its request for jurisdictional discovery and response to WDH A/S' motion to dismiss, which states that: "Plaintiff is not attempting to hold WDH A/S responsible solely for its subsidiaries' acts of direct infringement – rather, Plaintiff seeks to hold WDH A/S responsible for *its own acts of inducing infringement*." (D.I. 89, at 8) (emphasis in original). ETG's brief also states that "there is ample evidence that, in order to maximize its financial returns, WDH A/S *actively induced* those corporations [its subsidiaries] toward certain activities, including the infringement of the patents in suit by sales of the infringing products in the United States, including Delaware." (Id. at 2) (emphasis added). The court notes, however, that even if it could fairly read ETG's brief as attempting to hold WDH A/S liable for direct infringement, that claim would fail. This is so because ETG has not made any attempt to demonstrate that WDH A/S' activities warrant a piercing of the corporate veil, which is required to hold a parent liable for the torts of its subsidiaries. *See Ronald Katz Tech. Licensing LP v. Verizon Communications Inc.*, 66 U.S.P.Q. 2d 1045, 1047 (E.D. Pa. 2002).

[2] Section 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Under this section, the plaintiff must establish "that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute infringement. The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts *and* that he knew or should have known his actions would induce actual infringements." *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990). Implicit in the intent analysis, is a showing by the plaintiff that the defendant was aware of the patent or patents-in-suit prior to engaging in the alleged actions constituting inducement. *See id.* at 554; *see also Insituform Techs., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998). Thus, ETG's discovery should consist of requests designed to determine (1) whether WDH A/S had knowledge of the patents-in-suit, and (2) whether WDH A./S encouraged another's infringement of those patents.

[3] *See LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (an accused infringer can be subject to general jurisdiction in a patent owner's suit for infringement

IT IS HEREBY ORDERED that:

1. RTI's Motion to Dismiss for Lack of Jurisdiction over the Person (D.I. 56) is DENIED without prejudice.

2. WDH A/S' Motion to Dismiss for Lack of Jurisdiction over the Person (D.I. 87) is DENIED without prejudice.

3. ETG's Motion for Expedited Jurisdictional Discovery (D.I. 63) is GRANTED.

4. ETG shall limit its jurisdictional discovery to requests consistent with the guidance set forth in this Order.

Dated: December 4, 2006                                         /s/ Gregory M. Sleet
                                                       UNITED STATES DISTRICT JUDGE

---

even though the accused infringer did not sell the accused products in the state, when it carries on systematic and regular business activity in the state). Because general jurisdiction is broader than specific jurisdiction, resulting in broader jurisdictional discovery for ETG in this case, the court need not address the parties' arguments with respect to the extent of discovery on the issue of specific jurisdiction. In other words, the court believes that the general jurisdiction discovery would encompass that discovery needed by ETG to attempt to establish specific jurisdiction over RTI.