## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) | |
| | ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| SONIC INNOVATIONS, INC, | ) | |
| PHONAK AG, | ) | |
| PHONAK INC., | ) | |
| PHONAK LLC, | ) | |
| UNITRON HEARING, INC., | ) | |
| UNITRON HEARING, LTD., | ) | |
| WILLIAM DEMANT HOLDING A/S, | ) | |
| OTICON A/S, | ) | |
| OTICON INC., | ) | |
| WIDEX A/S, | ) | |
| WIDEX HEARING AID CO. INC, | ) | |
| GN RESOUND A/S, | ) | |
| GN RESOUND CORPORATION, | ) | |
| STARKEY LABORATORIES, INC., | ) | |
| GENNUM CORPORATION, | ) | |
| RESISTANCE TECHNOLOGY INC., | ) | |
| BERNAFON AG, | ) | |
| WDH, INC., AND | ) | |
| BERNAFON, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF THE ISSUANCE OF A LETTER OF REQUEST TO
HIMPP A/S AND TO K/S HIMPP PURSUANT TO THE HAGUE EVIDENCE
CONVENTION**

I.    INTRODUCTION

In this lawsuit, Plaintiff Energy Transportation Group ("ETG") has asserted, *inter alia*, that the Defendants are infringing and/or inducing others to infringe two United States Patents (United States Patent Nos. 4,731,850, and 4,879,749) related to the field of programmable hearing aids. Both patents in suit are assigned to the Plaintiff, ETG.

The Defendants collectively argue that their products do not infringe the two patents asserted in this action. Defendants also contend, *inter alia*, that the two patents are invalid.

ETG is seeking leave of this Court for the service of two "Letters of Request" to Danish entities pursuant to the Hague Evidence Convention. The first entity is HIMPP A/S, and the second entity is K/S HIMPP (collectively "HIMPP"). These entities are controlled, in part, by certain Defendant hearing aid manufacturers that are parties to this suit. Both HIMPP entities, however, are distinct legal organizations and not parties to this litigation or otherwise subject to the Court's subpoena power. Finally, HIMPP possesses material information to this patent litigation that can be obtained only through the issuance of the Letters of Request.

II.    BACKGROUND

The offered Letters of Request seek specific documentary evidence from HIMPP A/S and K/S HIMPP both relevant and necessary in the pending patent infringement suit. "HIMPP" refers to the "Hearing Implementation Manufacturers Patent Partnership." K/S HIMPP, a limited partnership organized under the laws of Denmark, was formed around 1996 for the purpose of pooling patents involving hearing aid technology. Ex. 2, p.1 (2005 Danish Company Report for K/S HIMPP). HIMPP A/S is a general partner in K/S HIMPP. Ex. 1, p.1

#8255608 v1

(2005 Danish Company Report for HIMPP A/S). *See also* Ex. 3, 2002 Danish Annual Report for

HIMPP A/S. The principal place of business of HIMPP A/S is Ny Vestergårdsvej 25, 3500

Værløse Denmark.[1] Ex. 1, p.1. This address in Denmark also serves as the primary business

address for K/S HIMPP. Ex. 2, p.1.

The following hearing aid manufacturers are, or were at one time,

members or stake holders of K/S HIMPP:

| GN ReSound Corporation | Unitron Hearing Inc. |
|---|---|
| Oticon A/S | Philips Hearing Technologies B.V. |
| Phonak AG | Siemens Audiologische Technik |
| Widex A/S | |
| Starkey Laboratories Inc. | |

The underlined parties are also named Defendants in this patent infringement action. K/S

HIMPP controls the ownership and licensing of a large portfolio of patents in the field of

programmable and digital signal processing hearing aids. Ex. 2, p.1. A purpose of K/S HIMPP

is to acquire a large patent portfolio and make it available to all interested parties in the hearing

aid industry through membership in the partnership or through license. Ex. 1, p.1. Based upon

public information, about five other companies have also entered into a license agreement with

K/S HIMPP, thereby acquiring rights to use the patent portfolio of HIMPP. For example,

Defendant Sonic Innovations, Inc. entered into a "Patent License Agreement" dated January 1,

1997 with K/S HIMPP and later in 2000 Sonic Innovations, Inc. paid K/S HIMPP $1,800,000.00

---

[1] The listed address in Denmark also serves as the claimed address for Defendant Widex
A/S. *See* Docket Entry 94, Widex A/S's Answer, Defenses and Counterclaims, ¶17.

as part of a "Subscription Agreement" and for a license for rights to HIMPP's 200 patent portfolio.[2]

The following entities are, or were at one time, members or stake holders of HIMPP A/S:

| | |
|---|---|
| GN ReSound A/S | Unitron Industries Ltd. |
| GN ReSound Corporation | Siemens Audiologische Technik GmbH |
| William Demant Holding A/S | Beltone Electronics Corporation |
| Phonak AG | Sonic Innovations, Inc. |
| Widex A/S | Rion Co. Ltd. |
| Starkey Laboratories Inc. | |

Ex. 3, p.12. Again, the underlined parties are also named Defendants in this patent infringement action.

As highlighted above, several of the Defendants in the Delaware action are members or licensees of K/S HIMPP, as well as shareholders or members of HIMPP A/S, the general partner of K/S HIMPP. Further, most of K/S HIMPP's and HIMPP A/S's officers, directors or board members are also officers, directors or board members in one or more of the Defendants' organizations. Accordingly, HIMPP has direct knowledge of this litigation in

---

[2] As claimed in public SEC filings, including Sonic Innovations Inc., FORM 10-K for the Fiscal Year Ending December 31, 2000. "The total consideration of USD 1,800,000 for the subscription of the Shares in K/S HIMPP shall be paid to the Partnership no later than 8 days after the date of this Agreement." Exhibits 10.18 and 10.19 to Sonic's FORM 10-K, attached in pertinent part as Exhibit 4.

Delaware and it should be no surprise that Plaintiff, ETG, is seeking certain information exclusively in the possession of HIMPP.

III.    Evidence to be obtained AND judicial act to be performed

Pursuant to the terms and conditions of the Hague Convention of 18 March 1970, on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), as well as the United States Federal Rules of Procedure and 28 U.S.C. § 1783, Plaintiff, ETG, respectfully requests this court to issue two Letters of Request to the Danish Ministry of Justice (Justitsministeriet) of Denmark demanding the appearance of both HIMPP A/S and K/S HIMPP to provide documentary evidence and to provide deposition testimony at a Danish court of law. The materials discussed below are in the exclusive possession or control of HIMPP A/S and K/S HIMPP (collectively "HIMPP") and will provide both relevant and necessary information to the final disposition of this case.

    a.    Documents and Things in the Possession of HIMPP:

        i.    ETG seeks non-public documents  and testimony pertaining to the formation and membership requirements of HIMPP. Specifically, non-public documents addressing requirements for membership, costs and dues for membership, percentage of ownership of HIMPP and control and governance of HIMPP.

        ii.    ETG seeks documents and testimony related to the licensing of K/S HIMPP's patent portfolio to both members and nonmembers of HIMPP. Similarly, including all documents related to how HIMPP establishes a reasonable royalty rate for the K/S HIMPP patent portfolio, and how past and future royalty rates are calculated.

        iii.    ETG seeks documents and testimony from HIMPP relating to past discussions, examinations, prosecution histories, and/or considerations given to the two patents in suit (United States Patent Nos. 4,731,850, and 4,879,749).

A material issue in the present patent litigation will be the reasonable royalty that the Defendant hearing aid manufacturers must pay as damages for infringement of the two ETG patents in suit (presuming, *inter alia*, liability). The reasonable royalty that others in the hearing aid industry charge for licensing of similar programmable hearing aid technology is highly relevant to this issue. Thus, it is vital that ETG have equal access to the licensing

records of HIMPP because the Defendant members of HIMPP will use this information during litigation only if they believe it favorable to their positions.  Because the requested documents are relevant to the present patent infringement action, and because the documents are in the exclusive possession and control of HIMPP in Denmark, this court should issue both Letters of Request to the Danish Ministry of Justice.

Whether or not the Defendants to the Delaware action had prior knowledge of the patents in suit is a material issue in the Delaware case for multiple reasons. Such a finding will further bolster ETG's position that the infringement by the Defendants has been willful.  It also supports claims against certain Defendants regarding the inducement of infringement of others.  Defendants have collectively claimed no knowledge of the patents in suit and may continue to do so.  The evidence, however, will demonstrate that the Defendants have acquired knowledge of the patents through at least their participation in HIMPP.  For one instance, in the mid-1990s K/S HIMPP cited the Levitt '850 Patent during prosecution of one of its United States Patents.  See United States Patent No. 5,706,352   (the front page is attached herewith as Exhibit 5).  The patent lists K/S HIMPP as the assignee, and has "4,731,850   3/1988 Levitt et al." as a cited reference.

Similarly, ETG contends that documents in the possession of HIMPP will prove that several of the Defendant organizations, and joint officers or board members, not only had knowledge of the patents in suit, but evaluated them from a strategic standpoint.  Based upon HIMPP evaluations of key hearing aid patents that occurred sometime between 1995 and 1999, including an evaluation of at least the '850 patent in suit, the HIMPP entities have in their exclusive possession material information not discoverable through any other channel.  Without access to these documents in the possession of HIMPP, the Defendants, may simply claim to

-6-

have no knowledge of these strategic evaluations of the patents in suit, despite the assessments of

the '850 patent that have occurred and the fact that the patents in suit were pioneering in the

hearing aid industry.

HIMPP has material information in its possession as to when it, along with

its members, first became aware of the patents in suit. Because several of the Defendants are

signatory members of HIMPP and several of the officers, directors or board members of HIMPP

also serve on the board or as officers in Defendant organizations,[3] HIMPP's organizational

knowledge of the patents in suit will allow ETG to prove that certain Defendants had knowledge

of the patents in suit prior to the filing of the Delaware action. Thus, all HIMPP documents

pertaining to HIMPP's first notice of the patents in suit, including without limitation any

analyses of the patents in suit, any consideration of the patents in suit, any prosecution histories

of HIMPP patents citing or discussing the patents in suit, and any advice of counsel obtained

relating to the patents in suit are material to the Delaware action. Finally, these documents are

unobtainable except for execution of the Letters of Request to both K/S HIMPP and to HIMPP

A/S.

      b.     Testimony of Mr. Soren Eric Westermann

Based upon publicly available information, Mr. Soren Eric Westernman is

and has been for several years the Research Manager and sole member of the management board

of HIMPP A/S. Ex. 1, p. 1. He is, or was, also a Director in Widex A/S, a defendant to this

---

[3] For example, along with Mr. Niels Jacobsen, the following Board Member of HIMPP
A/S, upon information and belief, have held concurrent positions in Defendant affiliated
companies: Soren Eric Westernman as Research Manager and sole member of the management
board of HIMPP A/S and as a Director in Widex A/S; Mr. Jerome Charles Ruzicka was a
President for Starkey; Mr. Valentin Chapero Rueda was the CEO of the Phonak Group; Mr.
Peter Nikolai Bisgaard was a Senior VP of GN Resound; and Mr. Jerry Lynn DaBell was a Vice
President for Research and Development for Sonic Innovations. *See* Ex. 1, p. 1-2.

action.  ETG seeks the testimony of Mr. Westermann in Denmark pursuant to the Hague

Convention on Evidence in his capacity as Research Manager and sole member of the

management board of HIMPP A/S and officer or director of K/S HIMPP.  ETG contends that

Mr. Westermann, in his current position, will have knowledge of documents and things in the

exclusive possession of HIMPP regarding the three areas discussed above.

-8-

IV.    CONCLUSION

        ETG respectfully requests that this Court issue the Letters of Request to

both K/S HIMPP and its general partner HIMPP A/S as set forth herein.

                                    Edmond D. Johnson (DE Bar #2257)
                                    Thomas H. Kovach (DE Bar #3964)
                                    Pepper Hamilton LLP
                                    1313 Market Street, Suite 5100
                                    P.O. Box 1709
                                    Wilmington, DE 19899-1709
                                    (302) 777-6500

                                    Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(202) 955-1500

Dated:  January 12, 2007

#8255608 v1