IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422 (GMS) |
| | ) | |
| SONIC INNOVATIONS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, the parties have, through counsel, stipulated to the entry of a Protective Order to prevent the unnecessary dissemination or disclosure of certain documents, transcripts, records, and other things that constitute or contain confidential or protected information within the meaning of Federal Rule of Civil Procedure 26(c); and

WHEREAS, the parties have stipulated that good cause exists for the entry of a Protective Order in accordance with Rule 26(c) to protect against improper disclosure of confidential information produced or disclosed in this litigation;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1.  **Definitions.** As used in this Stipulated Protective Order, these terms have the following meanings:

    a.    "Confidential Information" means information designated in accordance with Paragraph 3;

    b.    "Confidential – Attorneys' Eyes Only Information" is the subset of Confidential Information designated in accordance with Paragraph 6;

    c.    "Highly Confidential Code" is the subset of Confidential – Attorneys' Eyes Only Information designated in accordance with Paragraph 7;

d.  "Materials" includes all documents, transcripts, records and things (in oral, written or electronic forms) within the scope of Federal Rule of Civil Procedure 34 and discovery in this litigation, including, without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests taken in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party;

e.  "Written Assurance" means an executed document in the form attached as Exhibit A.

f.  "Party group" means affiliated parties, as delineated here:

- Energy Transportation Group, Inc.

- The Demant group, which includes William Demant Holding A/S; Oticon A/S; Oticon Inc.; Bernafon AG; WDH, Inc.; and Bernafon, LLC.

- The Widex group, which includes Widex Hearing Aid Co., Inc.; and Widex A/S.

- The Phonak group, which includes Phonak AG; Phonak Inc.; Phonak, LLC; Unitron Hearing Ltd.; and Unitron Hearing, Inc.

- The GN ReSound group, which includes GN ReSound A/S; and GN ReSound Corporation, now known as GN Hearing Care Corporation.

- Sonic Innovations, Inc.

- Starkey Laboratories, Inc.

- Gennum Corporation.

- Resistance Technology Inc.

g.  "Prosecution Bar Information" means the subset of Confidential Information, Confidential – Attorneys' Eyes Only Information and Highly Confidential Code designated in accordance with Paragraph 8;

h.  "Requesting party group" means the party group, or a party within a party group, that seeks the disclosure of Confidential Information.

      i.     "Producing party group" means the party group, or a party within a party group, that owns or otherwise controls the Confidential Information requested by the requesting party group.

2.    **Numbering.**  All document and other materials (including copies) produced in discovery in this litigation shall be given unique production numbers (commonly referred to as "Bates" numbers) by the producing party group.  Each producing party group shall use a unique production number prefix to identify the producing party group, as delineated here:

| *Prefix* | | *Producing Party Group* |
|---|---|---|
| ETG | — | Energy Transportation Group, Inc. |
| SII | — | Sonic Innovations, Inc. |
| PHO | — | The Phonak group. |
| DEM | — | The Demant group. |
| WID | — | The Widex group. |
| GNR | — | The GN Resound group. |
| SLI | — | Starkey Laboratories, Inc. |
| GEN | — | Gennum Corporation. |
| RTI | — | Resistance Technology Inc. |

3.    **"Confidential Information."**  A party group, party or non-party may designate any material "CONFIDENTIAL" for protection under this Protective Order where that material constitutes or discloses "Confidential Information."  "Confidential Information," as that term is used herein, comprises information that the producing party group in good faith contends to constitute or contain information that is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known in the context or form as known by the producing party group; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the producing party group would require such third

parties to maintain the information in confidence. "Confidential Information" includes, but is not limited to, confidential research, development, technical, or commercial information, as well as other such information that the requesting party group and non-parties would not have access to but for this litigation.

4.      **Use of Confidential Information.**      All materials containing Confidential Information shall be used solely for the purpose of this litigation, including any appeal thereof, unless otherwise agreed to, in writing, by the producing party group, or directed by a court of competent jurisdiction. Prohibited purposes include, but are not limited to, use of Confidential Information for competitive purposes or the prosecution of additional intellectual property rights, except as provided in Paragraph 8 of this Agreement.

5.      **Access to Confidential Information.**      Access to any Confidential Information shall be limited to:

a.      **This Court**, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

b.      **Outside counsel of record** and their associates, legal assistants, investigators, and stenographic and clerical employees, so long as their duties and responsibilities require access to Confidential Information.

c.      **In-house representatives** for each party group (no more than three for each party group at any one time), so long as their duties and responsibilities require access to Confidential Information.

d.      **Court reporters** retained to transcribe testimony in this litigation;

e.    **Outside experts and consultants** retained by at least one party group for purposes of this litigation, including their support, administrative and clerical staff, to the extent necessary to assist the party group in this litigation;

f.    **Jury consultants and other litigation vendors** retained by at least one party group for purposes of this litigation (including, but not limited to, mock jurors and outside photocopy, imaging, database, graphics, translation and design services), including their support, administrative, and clerical staff, to the extent necessary to assist the party group in this litigation;

g.    **Witnesses** of the producing party group of whom deposition or trial testimony is being taken, so long as (1) the witness is any of the following: (a) a present director, officer, employee or contractor of the producing party or party group; (b) an author, addressee, or other person indicated as a recipient of a document containing the information; (c) an independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information; or (d) a Rule 30(b)(6) designee of the producing party group; (2) at the request of any party or party group, the portion of the transcript involving the Confidential Information shall be designated "CONFIDENTIAL"; and (3) the witness shall not be allowed to retain a copy of the Confidential Information; and

h.    **Any person** for whom prior authorization is obtained from the producing party group or the Court.

6.    **"Confidential - Attorneys' Eyes Only Information."**  The parties shall have the right to further designate any material or portions of materials as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" where that material constitutes or discloses "Confidential - Attorneys' Eyes Only Information."  "Confidential - Attorneys' Eyes Only Information," as that term is used herein, includes (a) highly sensitive information relating to the development of products, including computer code and internal product specifications; (b) highly sensitive current or future business or marketing plans; (c) highly sensitive financial information or forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations; (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; (e) computer code, including source code, object code, executable code, hardware description language (HDL) code, software files, or other related files (which shall be subject to the additional protections provided in Paragraph 7); and (f) any other documents, information, or materials that relate to proprietary information that the producing party group reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the producing party group or a party within that group.  Disclosure of "Confidential - Attorneys' Eyes Only Information" shall be limited to the persons designated in Paragraphs 5.a., 5.b., 5.d., 5.e., 5.f., 5.g. and 5.h.

7.    **"Highly Confidential Code."**   The parties shall have the right to further designate computer code, including source code, object code, executable code, HDL code, software files, or other related files (collectively referred to as "Code"), as "HIGHLY CONFIDENTIAL CODE."  The party or party group from whom such Code is requested may, at its option, employ the additional protections provided in this Paragraph for the additional production of the Code.

a.     The producing party group shall provide an electronic copy of the requested Code in a format that is readable and searchable, but not necessarily executable (such as searchable .tiff and searchable .pdf formats), to an escrow agent in or near Washington, D.C.

i.     The parties anticipate utilizing the Iron Mountain facility located in Springfield, Virginia, but may utilize another escrow agent if Iron Mountain is unable to accommodate the reasonable requests of one or more of the party groups and all of the requesting party groups and producing party groups agree to the alternative escrow agent.

ii.     The producing party groups shall provide the escrow agent with at least three and up to five laptop computers having memory, processor speed and a CD/DVD-ROM drive sufficient for the designated outside counsel, expert(s) and consultant(s) to effectively and efficiently review, read and search the Code. The computers shall be pre-loaded with software capable of reading and searching documents in .tiff format and documents in .pdf format, and shall not include any program capable of tracking which files are reviewed. If so desired by the producing party group, the computers may be password-protected and provided without removable storage means, without network or telecommunications access, and with the printer functions disabled. The nature of the password will be agreed upon by the producing and requesting party groups.

iii.    The costs of the escrow agent shall be paid as follows:

(a)    The requesting party group and the producing party group will each pay half of the initial set-up fee, if any.

(b)    The requesting party group and the producing party group will each pay half of the storage and maintenance fees, if any.

(c)    The requesting party group will pay all of the fees associated with anyone viewing the Code at the escrow agent's facility at the requesting party group's direction.

(d)    The producing party group will pay all of the fees associated with anyone viewing the Code at the escrow agent's facility at the producing party group's direction.

(e)    The requesting party group and the producing party group will each pay half of any additional fees associated with the cost of the escrow agent unless those party groups agree to or the Court orders a different arrangement.

iv.    The producing party group shall provide, directly to the escrow agent, at least three and up to five copies of the CD(s) or DVD(s) containing the requested Code. The number of copies of the CD(s) or DVD(s) will equal the number of computers the producing groups provide to the escrow agent. The copies of the Code shall include comments, version history, and any other information that is part of the natively-stored version of the Code, and shall be

produced in a way that will permit the requesting party group to determine where each file starts and ends.

v.   The requesting party group's access to the Code will be limited to no more than four outside counsel of record (Paragraph 5.b.) for the requesting party group and two outside experts or consultants (Paragraph 5.e.) retained by the requesting party group for purposes of this litigation, and will not occur until the steps in Paragraphs 7.a.v.(a), (b), (c) and (d) have been satisfied.  If the Code is written in a foreign language, then the requesting party group may also retain the services of a language interpreter who is not an outside counsel of record or an outside expert or consultant, as defined in Paragraphs 5.b. and 5.e, and the interpreter may have access to the Code any time the requesting party group's outside counsel of record, experts and/or consultants access the Code.

(a)   At least 10 business days before any disclosure of the Code, the requesting party group shall provide the producing party group with written notice designating each outside counsel, expert and consultant who will have access to the Code.  The written notice shall include a copy of the Written Assurance signed by each outside counsel, expert and consultant who will have access to the Code.

(b)     Upon receiving the designations, the producing party group shall have five business days to object, in writing, to any of the designations.

(c)     If the producing party group does not object in writing within five business days, then the designated outside counsel, expert(s) and consultant(s) may have access to the requested Code in accordance with the provisions in Paragraphs 7.a.vi., vii and viii.

(d)     If the producing party group does object in writing within five business days, then the designated outside counsel, expert(s) and consultant(s) objected to may not have access to the requested Code until either the producing party group withdraws its objection or the Court overrules the objection, and the party groups may utilize the procedures detailed in the Scheduling Order for resolving discovery disputes.

vi.     The computers and all copies of the Code provided by the producing party groups to the escrow agent shall be kept in a locked office at the escrow agent's facility (or other facility if the producing and requesting party groups agree) and made available to the designated outside counsel, expert(s) and consultant(s) upon reasonable notice by the requesting party group to the escrow agent (or in accordance with any other arrangement the requesting party

makes with the escrow agent), and during regular business hours and at other hours, including weekends and holidays if permitted by the escrow agent, in a private room with sufficient space for all designated outside counsel, expert(s) and consultant(s).

vii.   The designated outside counsel, expert(s) and consultant(s) shall not make any machine-readable copies of the Code and shall not bring a computer, external storage device or media, or other means by which the Code may be copied, and shall comply with reasonable requests to verify adherence to this provision.

viii.  The requesting party group may request a paper copy of portions of the Code, under the following conditions:

(a)   While reviewing the Code at the escrow agency, the designated outside counsel, expert(s) and consultant(s) may write down the page numbers of Code documents for which they would like to receive a paper copy, and may take the list of page numbers with them when they leave the escrow agency.

(b)   The requesting party group may request up to 50% of the total pages contained in the Code. The requesting party group may request more than 50% of the total pages contained in the Code, so long as it can demonstrate the relevance of the additional portions.

(c)     Upon receiving the request, the producing party group shall have ten business days to either produce a paper copy of the requested pages or object to the production.  If the producing party group objects to the production, then either the requesting party group or the producing party group may utilize the procedures detailed in the Scheduling Order for resolving discovery disputes.

(d)     If the producing party group produces a paper copy of the requested pages, then the requesting party group's outside counsel may make (1) one additional paper copy for use within its office; (2) one additional paper copy for each outside expert or consultant disclosed in accordance with Paragraph 7.a.v.; and (3) one additional paper copy each time the requesting party group's outside counsel, in good faith, uses the requested pages as an exhibit in a deposition, motion, hearing, or at trial, so long as the requesting party group adheres to the provisions delineated in Paragraphs 13 and 16.  No other copies of the Code may be made.  The requesting party group's outside counsel shall maintain a complete log of all persons who receive a copy of any portion of the Code, the Bates-numbered pages each such person receives, and the dates the person receives the copy.

(e)     The requesting party group's outside counsel and each expert or consultant who receives a paper copy of any portion of the Code must keep the Copy in a secured container, such as a locked file cabinet, when not in use.

(f)     At the conclusion of the litigation, all persons who received a copy of any portion of the Code must certify in writing that all copies have been returned to the requesting party group's outside counsel, and the requesting party group's outside counsel must produce the log and all paper copies to the producing party group.

ix.     The producing party group shall not be provided with any information regarding the date or length of time that the designated outside counsel, expert(s) and consultant(s) access the Code at the escrow agency.

b.     The requesting party group may request access to an executable version of the Code, under the following conditions.

i.     The requesting party group will notify the producing party group of its request in writing.

ii.     Upon receiving the request, the producing party group shall have five business days to either agree to or object to the request. The producing party group may not unreasonably object to the request. If the producing party group agrees to the request, then the requesting party group and the producing party group will

cooperate in their efforts to accommodate the requesting party group's request.  If the producing party group objects to the request, then either the requesting party group or the producing party group may utilize the procedures detailed in the Scheduling Order for resolving discovery disputes.

iii.    The requesting party group's access to an executable version of the Code will be limited to a location where a copy of an executable version of the Code is kept in the ordinary course of the producing party group's business, or, at the producing party group's sole discretion, at a location mutually agreed upon by the requesting party group and the producing party group.

iv.    The requesting party group's access to an executable version of the Code will be limited to no more than two outside counsel of record (Paragraph 5.b.) for the requesting party group and two outside experts or consultants (Paragraph 5.e.) retained by the requesting party group for purposes of this litigation, and will not occur until the steps in Paragraphs 7.b.iv.(a), (b), (c) and (d) have been satisfied.  If the Code is written in a foreign language, then the requesting party group may also retain the services of a language interpreter who is not an outside counsel of record or an outside expert or consultant, as defined in Paragraphs 5.b. and 5.e., and the interpreter may have access to the Code any time the requesting

party group's outside counsel of record, experts and/or consultants access the Code.

(a)     At least 10 business days before it anticipates receiving access to an executable version of the Code, the requesting party group shall provide the producing party group with written notice designating each outside counsel, expert and consultant who will have access to an executable version of the Code.  The written notice shall include a copy of the Written Assurance signed by each outside counsel, expert and consultant who will have access to an executable version of the Code.

(b)     Upon receiving the designations, the producing party group shall have five business days to object, in writing, to any of the designations.

(c)     If the producing party group does not object in writing within five business days, then the designated outside counsel, expert(s) and consultant(s) may have access to an executable version of the Code in accordance with the provisions in Paragraphs 7.b.v., vi, vii and viii.

(d)     If the producing party group does object in writing within five business days, then the designated outside counsel, expert(s) and consultant(s) objected to may not have access to an executable version of the Code until either the

producing party group withdraws its objection or the Court overrules the objection, and the party groups may utilize the procedures detailed in the Scheduling Order for resolving discovery disputes.

v.  The producing party group will provide the requesting party group with access to one computer during regular business hours and, at the sole discretion of the producing party group, at other hours, including weekends and holidays, in a room with sufficient space for all designated outside counsel, expert(s) and consultant(s).

vi.  The computer shall be pre-loaded with an executable version of the Code (or, at the producing party group's sole discretion, may be networked to another computer or computers containing an executable version of the Code) and shall have memory and processor speed sufficient for the designated outside counsel, expert(s) and consultant(s) to effectively and efficiently conduct simulations using the executable version of the Code.  The computer shall also include compiler and debugger tools for the requesting party group's use.  If the computer does not contain such tools, then the requesting party group may utilize its own compiler and debugger tools, subject to approval by the producing party group, and the producing party group may not unreasonably withhold such approval.  The computer shall also be connected to a printer capable of printing printable outputs from the requesting

party group's use of the Code.  The producing party group may, at its sole option, take possession of any printed outputs and shall have ten business days to either process and produce a paper copy of the printed outputs or object to the production.  If the producing party group objects to the production, then either the requesting party group or the producing party group may utilize the procedures detailed in the Scheduling Order for resolving discovery disputes.

vii.    The designated outside counsel, expert(s) and consultant(s) shall not make any copies of the Code and shall not bring a computer, external storage device or media, or other means by which the Code may be copied, and shall comply with reasonable requests to verify adherence to this provision.

viii.    The requesting party group will use its best efforts to avoid disrupting the producing party group's business operations during the time it has access to the Code.

c.    The protections detailed in Paragraph 7 are in addition to the protections this Stipulated Protective Order provides for material designated as "Confidential - Attorneys' Eyes Only Information."

8.    **Prosecution Bar Information.**  The parties shall have the right to further designate certain "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE," as "SUBJECT TO PROSECUTION BAR."

a.    Prosecution Bar Information is proprietary information that the producing party group, in good faith, believes may be misused (inadvertently or otherwise) by the requesting party group during the prosecution or reexamination of a patent or patent application that is related to hearing aids, including components.

b.    Any outside counsel of record (Paragraph 5.b.) and any in-house representative (Paragraph 5.c.) who reviews information designated as Prosecution Bar Information is prohibited from (a) preparing, prosecuting, or being listed as an inventor on, any patent application that is related to hearing aids; (b) prosecuting any unexpired patent that is related to hearing aids; (c) personally assisting with or supervising the preparation or prosecution of any patent application that is related to hearing aids; and (d) personally assisting with or supervising the prosecution of any unexpired patent that is related to hearing aids.   This prohibition does not apply to any activity related to a reexamination of either or both of the patents-in-suit unless the reexamination was initiated or at the direction of Plaintiff, its attorneys or its agents.

c.    This prohibition against prosecution begins upon receipt of Prosecution Bar Information and will remain in effect until eighteen months after the first of these occurs:

i.    the termination of this litigation, including any appeals;

ii.    the complete settlement of all claims against all of the parties within the party group represented by, assisted by, or associated with the person who had access to the Prosecution Bar Information;

iii.     if the person who had access to the Prosecution Bar Information was an outside counsel of record, then the withdrawal from representation by that person; or

iv.     if the person who had access to the Prosecution Bar Information was an in-house representative, then the termination of that person's employment with the party or party group associated with that person.

9.     **Third Party Materials.**   Third parties producing materials in the course of this litigation may also designate such materials as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE," subject to the same protections and constraints as the parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation. All materials produced by such third parties shall be treated as "Confidential - Attorneys' Eyes Only Information" for a period of 10 business days from the date of their production to any of the party groups in this litigation, regardless of the designation on those materials by the third party, so that the party groups have sufficient time to review the material to determine whether to assert that the materials contain Confidential Information of the party group.

10.     **Effect of Designation.**   The designation of information as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL CODE," and/or "SUBJECT TO PROSECUTION BAR" shall constitute a representation that an attorney believes that there is a valid basis for such designation. The designation or failure to designate information as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL CODE," and/or "SUBJECT TO PROSECUTION BAR" may not,

however, be used against the producing party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

      11.    **Handling of Confidential Materials.**  Any person in possession of materials that have been designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL CODE," and/or "SUBJECT TO PROSECUTION BAR" shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.  No person receiving such materials shall, directly or indirectly, transfer, disclose, or communicate in any way the materials or the contents or information of the materials to any person other than those specified in Paragraph 5, and only as specified in this Stipulated Protective Order.

      12.    **"Written Assurance."**  Each in-house representative, outside expert and consultant appropriately designated in accordance with Paragraphs 5.c. and 5.e. to receive Confidential Information, and each outside counsel of record appropriately designated in accordance with Paragraph 7.a. or 7.b. (or both) to have access to any version of Highly Confidential Code, shall execute a "Written Assurance" in the form attached as Exhibit A. Counsel of record for any party group receiving Confidential Information shall provide a copy of the "Written Assurances" to the counsel of record for all party groups at least 10 business days before it first discloses Confidential Information to any such person.  Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit the producing party group to object to the disclosure.  If the producing party group, based upon a good-faith basis, objects in writing to such disclosure within 10 business days, no disclosure shall be made until the producing party group withdraws its objection or the Court overrules the objection.  If the objection to a disclosure or delay associated with resolving the objection

impedes a party group from meeting any of the deadlines set by the Court related to timing of discovery related to infringement and/or validity after it receives notice of the intended disclosure, and the party group informs the objecting party group of the fact, then the party groups agree to work together in good faith to request adjustment of any such deadline.

13.    **Use of Confidential Information at Deposition.**    All depositions or portions of depositions taken in this litigation that contain trade secret or other confidential information may be designated "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL CODE," and/or "SUBJECT TO PROSECUTION BAR" and thereby obtain the protections accorded other "Confidential Information," "Confidential - Attorneys' Eyes Only Information," "Highly Confidential Code" and/or "Prosecution Bar Information." Confidentiality designations for depositions shall be made either on the record or by written notice to all other party groups within 10 business days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential - Attorneys' Eyes Only Information" and "Prosecution Bar Information" during the 10 business day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information.

14.    **Inadvertent Failure to Properly Designate Documents.**    Any party group that inadvertently fails to identify materials as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL CODE," and/or "SUBJECT TO PROSECUTION BAR" shall have 10 business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party group receiving such inadvertently

unmarked materials shall make reasonable efforts to retrieve materials distributed to persons not entitled to receive materials with the corrected designation.

15. **Inadvertent Disclosure of Privileged Documents.**   Any party group that inadvertently discloses materials that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the requesting party group(s) and request that the materials be returned.   The requesting party group(s) shall return such inadvertently produced materials, including all copies, within 10 business days of receiving such a written request. The party group(s) returning such inadvertently produced materials may thereafter seek re-production of any such materials in accordance with applicable law.

16. **Filing Confidential Information with the Court.**   If a party group files a document containing Confidential Information with the Court, all such documents and chamber copies shall be filed under seal in a sealed envelope or container with a Certificate of Service attached to the outside of the envelope or container.   The Certificate of Service shall identify the party or party group whose Confidential Information is disclosed, and the envelope or container shall be marked with one or more of the following notations:

**FILED UNDER SEAL**
**CONTAINS CONFIDENTIAL INFORMATION OF**
**[PARTY OR NON-PARTY NAME(S)]**
**SUBJECT TO PROTECTIVE ORDER**

**or**

**FILED UNDER SEAL**
**CONTAINS CONFIDENTIAL - ATTORNEYS' EYES ONLY**
**INFORMATION OF [PARTY OR NON-PARTY NAME(S)]**
**SUBJECT TO PROTECTIVE ORDER**

**or**

**FILED UNDER SEAL**
**CONTAINS HIGHLY CONFIDENTIAL CODE**
**OF [PARTY OR NON-PARTY NAME(S)]**
**SUBJECT TO PROTECTIVE ORDER**

17.     **Challenges to Designation.**  Any party group may request a change in the designation of any information designated "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL CODE," and/or "SUBJECT TO PROSECUTION BAR."  Such a request must be in writing and must provide the basis for the request.  Any request that is not answered within 10 business days shall be deemed a refusal to change the designation.  Any such material shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, including but not limited to a failure to answer the request within 10 business days, the party group seeking the change may move for appropriate relief, providing notice to any third party whose designation of produced materials as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL CODE," or "SUBJECT TO PROSECUTION BAR"  in the litigation may be affected.  The party group asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

18.     **Use of Independently-Obtained, Unrestricted, Public, or Produced Information.**  This Stipulated Protective Order shall *not* impose any restrictions on (a) the use or disclosure by a party group of information or material properly obtained by the party group independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation), or (b) a party group from disclosing its own confidential information as it deems appropriate.  This Stipulated Protective Order also shall not apply to information that (a) was properly known to the requesting party group before it was disclosed in this litigation,

(b) is or became part of the public knowledge through no breach of the provisions of this Stipulated Protective Order, (c) is independently developed by the requesting party group without access to the Confidential Information, or (d) is disclosed to the requesting party group by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the requesting party group.

19.     **Return or Destruction Upon Termination of Litigation.**  Upon the termination of this litigation, including any appeals, all documents and other materials designated by a producing party group as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE," including all copies of such materials, shall be returned to the producing party group or destroyed.  Each party group's outside counsel's law firms, however, may retain archival copies of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the party groups. Any materials designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" included in the archival copy shall remain subject to the provisions of this Order.  All party groups shall certify compliance with this Paragraph in writing within 90 days of the termination of the litigation.

20.     **Modification of the Stipulated Protective Order.**  Any party group may apply to the Court for a modification of this Stipulated Protective Order, and nothing in this Stipulated Protective Order shall be construed to prevent a party group from seeking such further provisions enhancing or limiting confidentiality, as may be appropriate.

21. **No waiver of claim or defense.** No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to discoverability or admissibility of evidence.

22. **Injunctive Relief.** If anyone violates or threatens to violate the terms of this Stipulated Protective Order, the parties agree that the aggrieved party or party group may immediately apply to obtain injunctive relief against any such person. The parties agree that, if the aggrieved party or party group demonstrates a reasonable likelihood of success on the merits, then in the absence of injunctive relief, the aggrieved party or party group will be irreparably harmed. The parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Stipulated Protective Order, notwithstanding any subsequent disposition of this litigation.

23. **Subpoena or Court Order.** If a requesting party group is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated by a producing party group in this action as "CONFIDENTIAL", "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE" (i.e., the subpoena is not limited to the requesting party group's Confidential Information, Confidential - Attorneys' Eyes Only Information, or Highly Confidential Code), then no more than 10 business days after receiving the subpoena or order, the requesting party group must (1) notify the producing party group, in writing (by fax and email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the materials covered by the subpoena or order are subject to this Stipulated Protective Order; and (3) deliver a copy of this Stipulated Protective Order to the party that caused the subpoena or order to issue. The purpose of these duties is to alert the

interested parties to the existence of this Stipulated Protective Order and to afford the producing party group an opportunity to seek protection for its Confidential Information in the court from which the subpoena or order issued.  The producing party group shall bear the burden and expense of seeking protection in that court.  Nothing in this provision should be construed as authorizing or encouraging a requesting party group to disobey a lawful directive from another court.

24.  **Survival of Litigation.**  The obligations imposed by this Protective Order shall survive the termination of this litigation

**STIPULATED TO BY THE PARTIES:**

PEPPER HAMILTON LLP

*/s/ Edmond D. Johnson*
_____
Edmond D. Johnson (#2257)
Thomas Henry Kovach (#3964)
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE  19899-1709
302.777.6539

Thomas J. Scott, Jr.
Christopher C. Campbell
Brian M. Buroker
Robert Kinder
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
202.955.1500

*Attorneys for Energy Transportation Group, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

Robert C. Kahrl
David B. Cochran
Thomas R. Goots
Isaac A. Molnar
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114
216.586.7506

*Attorneys for Gennum Corporation*

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Jack B. Blumenfeld*

---

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY  10020

*Attorneys for GN ReSound A/S and
GN Hearing Care Corporation*

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Thomas C. Grimm*

---

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
Wilmington, DE  19899

James R. Sobieraj
David H. Bluestone
Jeffrey A. Marx
Meredith Martin Addy
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL  60611-5599

*Attorneys for Phonak Inc., Phonak LLC,
Unitron Hearing Inc., and Unitron Hearing
Ltd.*

WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP

*/s/ Barry M. Klayman*

---

Barry M. Klayman (#3676)
Wilmington Trust Center
1100 North Market St., Suite 1001
Wilmington, DE 19801

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN  55121

*Attorneys for Resistance Technology Inc.*

POTTER ANDERSON & CORROON

*/s/ David E. Moore*

---

Richard L. Horwitz (#2246)
David E. Moore (#3983)
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT  84111

*Attorneys for Sonic Innovations, Inc.*

MORRIS, JAMES, HITCHENS & WILLIAMS

*/s/ Mary B. Matterer*

---

Richard K. Herrmann (#405)
Mary B.Matterer (#2696)
Amy Quinlan (#3021)
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN  55402

*Attorneys for Starkey Laboratories, Inc.*


MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Donald E. Reid*

---

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
Wilmington, DE  19899

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC  20037

*Attorneys for Widex A/S and Widex
Hearing Aid Co. Inc.*


CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ James D. Heisman*

---

James D. Heisman (#2746)
N. Richards Powers (#494)
1007 North Orange Street
Wilmington, DE  19899

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER L.L.P.
901 New York Ave., N.W.
Washington, DC  20001-4413

*Attorneys for William Demant Holding A/S,
WDH, Inc., Oticon A/S, Oticon Inc., Bernafon
AG, and Bernafon, LLC*

IT IS SO ORDERED:

Date: _____     _____
UNITED STATES DISTRICT JUDGE

746018

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____in the city of_____, county _____, state of _____.

I am currently employed by _____located at and my current job title is _____.

I have read and believe I understand the terms of the Stipulated Protective Order filed in Civil Action No. 05-422-GMS, pending in the United States District Court for the District of Delaware. I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of the above. I submit myself to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I have checked all of the applicable paragraphs and agree to abide by the terms within those paragraphs:

_____    I am an in-house representative, outside expert, or a consultant appropriately designated in accordance with Paragraphs 5.c. or 5.e. to receive Confidential Information. I shall not divulge any materials, or copies of materials, designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" obtained in accordance with the Stipulated Protective Order, or the contents of such materials, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such materials except for the purposes of this litigation and in accordance with the terms of

the Stipulated Protective Order.  As soon as practical, but no later than 30 days after final termination of this litigation, I shall return to the attorney from whom I have received any materials in my possession designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such materials.

_____     I am an outside counsel, outside expert, or a consultant appropriately designated in accordance with Paragraph 7.a. or 7.b. (or both) to be given access to Highly Confidential Code.  I agree to abide by the terms within Paragraphs 7.a. and 7.b.

_____     I am an outside counsel or in-house representative appropriately designated in accordance with Paragraph 8 to be given access to information labeled "SUBJECT TO PROSECUTION BAR."  If I review any such information, then I shall not (a) prepare, prosecute or be listed as an inventor on any patent application that is related to hearing aids; (b) prosecute any unexpired patent that is related to hearing aids; (c) personally assist with or supervise the preparation or prosecution of any patent application that is related to hearing aids; or (d) personally assist with or supervise the prosecution of any unexpired patent that is related to hearing aids.  This prohibition shall be in place from the date I review Prosecution Bar Information until eighteen months after the first of these occurs: (i) the termination of this litigation, including any appeals, (ii) the complete settlement of all claims against all of the parties within the party group represented by me, assisted by me, or with whom I am associated, or (iii) my withdrawal from the case (if I am outside counsel) or my termination of employment with the party or party group (if I am an in-house representative).  This prohibition does not apply to any activity related to a reexamination of either or both of the patents-in-suit unless the reexamination was initiated or at the direction of Plaintiff, its attorneys or its agents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____     _____
                              Date                           Signature