IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) | Civil Action No. 05-422 (GMS) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SONIC INNOVATIONS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RESISTANCE
TECHNOLOGY INC.'S RENEWED MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION PURSUANT TO RULE 12(b) (2)

Barry M. Klayman, Esquire (#3676)
WOLF, BLOCK, SCHORR and SOLIS-
COHEN LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE 19801
(302) 777-0313

Jeffrey D. Shewchuk, Esquire
Shewchuk IP Services, LLC
533 77th Street West
Eagan, MN 55121
(651) 331-9558

*Attorneys for Defendant, Resistance
Technology, Inc.*

June 8, 2007

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ................................ 1

SUMMARY OF ARGUMENT ...................................................................................... 2

STATEMENT OF FACTS ............................................................................................ 2

ARGUMENT ........................................................................................................... 6

A.    Legal Standard For Exercising Personal Jurisdiction Over RTI ........................................ 6

B.    Exercise Of Jurisdiction Over RTI Is Not Warranted Under The Delaware Long-Arm
      Statute. ......................................................................................................... 7

C.    Exercise of Jurisdiction over RTI Does Not Comport With Due Process. ........................ 10

      1.    No "Traditional" Basis For Jurisdiction Over RTI Exists ................................... 11

      2.    RTI Does Not Have Sufficient Contacts With Delaware Under A "Stream Of
            Commerce" Theory ............................................................................... 12

CONCLUSION ....................................................................................................... 15

## TABLE OF AUTHORITIES

### Cases

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987) ........................................ 10, 13

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) ........................ 11

*Boone v. Oy Partek Ab*, 724 A.2d 1150 (Del. Super. 1997) ...................................................... 8, 12

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ............................................................... 10

*Burnham v. Super. Ct. of California*, 495 U.S. 604 (1990) ......................................................... 11

*Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 948 F. Supp. 338 (D. Del. 1996) .............. 7

*E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D.
112 (D. Del. 2000) ................................................................................................................. 6

*eSpeed, Inc. v. BrokerTec USA, L.L.C.*, No. 03-612-KAJ, 2004 U.S. Dist. LEXIS
19760 (D.Del. Sept. 13, 2004) .............................................................................................. 9

*Hanson v. Denckla*, 357 U.S. 235 (1958) ................................................................................... 10

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ................................. 11

*ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268
(D. Del. 2001) ................................................................................................................... 7, 13

*Intel Corp. v. Silicon Storage Tech.*, 20 F. Supp. 2d 690 (D.Del. 1998) ..................................... 10

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ................................................. 10, 12

*Jeffreys v. Exten*, 784 F. Supp. 146 (D. Del. 1992) ..................................................................... 7

*Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177 (D. Del. 1996) ........................................ 7

*M&M Technologies, Inc. v. Gurtler Chemicals, Inc.*, No. 03-994 GMS, 2005
U.S. Dist. LEXIS 1726 (D.Del. Feb. 8, 2005) ...................................................... 6, 7, 8, 11, 13

*Milliken v. Meyer*, 311 U.S. 457 (1940). ................................................................................... 11

*Motorola Inc. v. PC-Tel*, 58 F. Supp. 2d 349 (D. Del. 1999) .................................................. 8, 13

*Mylan Pharmaceuticals, Inc. v. Kremers Urban Dev. Co.*, No. 02-1628
GMS, 2003 U.S. Dist. LEXIS 5728 (D.Del. April 7, 2003) ....................................................... 7

*Pennover v. Neff*, 95 U.S. 714 (1878) ........................................................................................ 12

*Perkins v. Benguet Consol. Mining Co.*. 342 U.S. 437 (1952) ............................................ 12

*Toys "R" Us, Inc., v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003)................................... 9

*Transportes Aeros de Angola v. Ronair, Inc.*, 544 F. Supp. 858 (D. Del. 1982)............................ 6

*Venoco, Inc. v. Marquez*, No. 02-1685 GMS, 2003 U.S. Dist. LEXIS 7593
    (D.Del. May 5, 2003)................................................................................... 7, 10

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ................................. 11

**Statutes**

10 Del. C. § 3104(b) .......................................................................................... 7

Rule 12(b), Fed. R. Civ. P........................................................................... 1, 6

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff Energy Transportation Group, Inc. ("ETG") filed its Complaint in this patent infringement action on June 23, 2005. On August 22, 2005, Defendant Resistance Technology, Inc. ("RTI") moved to dismiss based on lack of personal jurisdiction ("RTI's Jurisdictional Motion", D.I. 56) and filed its opening brief (D.I. 57) and a supporting affidavit from Mark S. Gorder, President and CEO of RTI (D.I. 57-1). In responding to RTI's Jurisdictional Motion, ETG moved for expedited jurisdictional discovery and an extension of time to respond to the motion. (D.I. 63). On September 12, 2005, the Court denied the motion for extension and directed ETG to file its answering brief. (D.I. 74). ETG filed its answering brief on the same day (D.I. 77) and RTI filed its reply brief on September 14, 2005. (D.I. 80).

Following a status conference on November 30, 2006, the Court issued an Order denying RTI's Jurisdictional Motion without prejudice, noting that ETG had made an adequate prima facie showing in its briefing to conduct limited and appropriate jurisdictional discovery. (D.I. 135).

ETG has now completed its jurisdictional discovery, including propounding document requests and interrogatories to which RTI has fully responded (including producing every phone record from RTI's facilities into the State of Delaware over a six year time period), and taking a Rule 30(b)(6) deposition and a third party deposition with respect to RTI's contacts with Delaware.

ETG's jurisdictional discovery has revealed no significant facts on the issue, because no factual basis for jurisdiction over RTI exists. RTI has no contacts with Delaware and has engaged in no conduct purposefully directed toward Delaware. RTI hereby renews its motion, pursuant to Fed. R. Civ. Pro. 12(b) (2), for an Order dismissing the action against it for lack of personal jurisdiction.

## SUMMARY OF ARGUMENT

RTI is a corporation organized under the laws of Minnesota with its only place of business in Minnesota. RTI has never transacted any business in the state of Delaware, and RTI and its activities have no nexus to Delaware. As will be shown in more detail below, RTI has not committed any act reached by Delaware's Long-Arm Statute, and it would violate traditional notions of fair play and substantial justice to hold RTI amenable to the jurisdiction of this Court. Accordingly, this action against RTI should be dismissed for lack of personal jurisdiction.

## STATEMENT OF FACTS

RTI is a Minnesota corporation founded in 1977 and headquartered just outside of Minneapolis in Arden Hills, Minnesota. Appendix to Renewed Motion to Dismiss ("App.") A52 (Gorder Aff., para. 3), A3 (Gorder Dep. 4:15-18). RTI engages in the design, development, engineering and manufacturing of micro-miniature components, systems and molded plastic parts primarily for the hearing instrument, electronics, telecommunications, computer and medical equipment industries. The hearing aid components manufactured by RTI include molded plastics and faceplates, thermistors, capacitors, volume controls, trimmers, programmable hearing systems, custom and application specific integrated circuits, and hybrids. (Amend. Exs. to Declar. of Brian M. Buroker ("Buroker Ex."), Ex. A3, D.I. 72). In fact, RTI has advertised itself as the world's largest manufacturer of "custom hearing aid volume controls, trimmers, and switches." (*Id.*, Ex. A9).

RTI has two facilities, both located in Minnesota, and no facilities outside Minnesota. App. A4 (Gorder Dep. 7:2-12); A52 (Gorder Aff., para. 3). At the time of the filing of the lawsuit, RTI employed about 178 people at its Minnesota facilities, 16 of whom were executive and administrative personnel, eight engaged in sales, and 154 engaged in engineering and operations. App. A52-53 (Gorder Aff., paras. 2-4).

RTI has no employees outside of Minnesota, and no employees in Delaware. App. A7 (Gorder Dep. 13:16-19). RTI has never been licensed or registered to do business in Delaware. RTI has never had a telephone listing in Delaware. RTI has never had any tangible personal property or real property in Delaware. App. A7 (Gorder Dep. 13:5-13). RTI has never had any bank accounts in Delaware. RTI has never had a meeting or any presence in Delaware, nor ever had any office or any facilities in Delaware. RTI has never made any sales into Delaware. App. A53 (Gorder Aff., paras. 5, 6 & 8).

RTI operates a website at www.rti-corp.com which is viewable from within Delaware, but this website is entirely passive and does not enable RTI to engage in any business over the Internet, with Delaware or any other state. No goods or services can be purchased through RTI's website, and none of RTI's products are delivered electronically. App. A53-54 (Gorder Aff., para. 10).

RTI has purchased supplies from E.I. DuPont de Nemours & Co. ("DuPont") from a DuPont facility in North Carolina. App. A24 (Gorder Dep. 44:9 – 16). DuPont has a customer service center in Delaware, and several telephone calls from RTI's facility were made to DuPont in Delaware, presumably to its customer service center. The total combined duration of such telephone calls is less than ten minutes. None of the materials RTI purchases from DuPont originate in Delaware and orders for the materials are placed directly with DuPont in North Carolina. App. A25-26 (Gorder Dep. 46:4 to 47:23).

Prior to 2004, RTI had a sales manager who identified two Delaware entities, DOBI Medical International and Rafael Medical Technologies, as potential customers in the course of a larger sales effort. To RTI's knowledge, however, those potential customers were never

contacted, and the sales manager was terminated in 2004. App. A11-13 (Gorder Dep. 18:22 to 20:8).

RTI sells component parts and services to Sonic Innovations, Inc. ("Sonic"), a major manufacturer of hearing aids and a defendant in this lawsuit. (Buroker Ex. A1, p. 32, D.I. 72). Sonic is headquartered in Utah, and apparently has no facilities in Delaware. (First Amended Complaint, para. 8, D.I. 38; Buroker Ex. A2, D.I. 72). Sonic has a single source for its proprietary, patented digital signal processing chips (Buroker Ex. A4, p. 14, D.I. 72), but that source is not RTI. Aff. of Mike Geraci, para. 2-4, (D.I. 79-3); see also App. A29-30 (Gorder Dep. 56:23-57:22). RTI provides some component parts to Sonic and performs assembly of hearing aids for Sonic, but RTI does not supply Sonic with amplifiers which Sonic purchases on its own from other sources. App. A29-30 (Gorder Dep. at 56:20-57:22).

RTI sells component parts to Starkey Laboratories, Inc., a major manufacturer of hearing aids and a defendant in this lawsuit. (Buroker Ex. A6, D.I. 72). Starkey is headquartered in Minnesota, and like Sonic apparently has no facilities in Delaware. (First Amended Complaint para. 19, D.I. 38; Buroker Ex. A7, D.I. 72). Significantly, prior to the filing of this lawsuit, Starkey did not buy amplifiers from RTI for its hearing aid devices. App. A27-29 (Gorder Dep. 54:15-56:12).

When RTI sells products to Sonic, Starkey or other customers, the components do not bear any mark of RTI or otherwise indicate that such component comes from RTI. According to Mr. Gorder, RTI has never been contacted by a hearing aid wearer with a problem about the product. App. A9-10, 14 (Gorder Dep. 15:12-16:20, 21:6-9).

RTI owns two operating subsidiaries, one (RTI Tech PTE LTD) operating in Singapore and the other (Resistance Technology GmbH) operating in Germany. These two operating

subsidiaries bring RTI's total employee count up to 350 to 400. While facts regarding RTI's subsidiary companies are not relevant to this jurisdictional inquiry, neither of RTI's subsidiaries have Delaware contacts that would make them subject to jurisdiction in Delaware. See App. A54-55 (Gorder Aff., paras. 11-13).

RTI is one of two operating wholly owned subsidiaries of IntriCon Corporation, formerly Selas Corporation of America ("IntriCon/Selas"), which purchased RTI in October, 1993. IntriCon/Selas had financial problems in the early 2000s, at which time Selas was headquartered in Dresher, Pennsylvania. The IntriCon/Selas Board of Directors retained PriceWaterhouse-Coopers ("PWC") in Philadelphia to provide assistance in restructuring its bank loans, and a partner at PWC, Phil Seamon, was assigned to handle the matter. App. A39-40 (Seamon Dep. 15:8-16:9); A17-18 (Gorder Dep. 35:13-36:8). PWC's consulting unit later became FTI Consulting ("FTI"), and Mr. Seamon moved to FTI and continued to provide the same services to IntriCon/Selas working out of FTI's office in Philadelphia. App. A36 (Seamon Dep., 7:7-16); A18 (Gorder Dep. 36:1-15). Although Seamon worked for PWC and then FTI in Philadelphia, he happens to reside in Delaware. App. A38 (Seamon Dep. 12:10-24); A20-22 (Gorder Dep. 38:3-39:3, 40:2-4).

By 2004, IntriCon/Selas had sold off certain other subsidiaries, including the Dresher, Pennsylvania location, and moved its offices to the RTI Arden Hills, Minnesota facility. App. A5-6 (Gorder dep. 11:22-12:17). Several individuals who served as Chief Financial Officer for IntriCon/Selas worked out of the Arden Hills facility during the 2002-2005 time period, and they apparently made several telephone calls to Mr. Seamon's cell or home phones on behalf of IntriCon/Selas. App. A15-20 (Gorder Dep. 33:12-35:10, 36:19-37:1, 38:3-39:3); A41-48 (Seamon Dep. 18:17-20:3, 22:19-25:11, 27:5- 28:12). During the 1999 to 2005 time period, the

largest number of telephone calls from RTI's Arden Hills facility to numbers in the 302-area code were placed to the cell and home phone numbers of Mr. Seamon. Mr. Seamon later became a member of the IntriCon/Selas Board of Directors in September, 2006. App. A35 (Seamon dep. 6:9-11).

Beyond RTI, the other wholly owned remaining subsidiary of IntriCon/Selas is RTI Electronics, Inc. ("RTIElectronics"), located in Anaheim, California. Though RTIElectronics has no Delaware facilities or employees, RTIElectronics is incorporated in Delaware. App. A8 (Gorder Dep. 14:12-17); see App. A55-56 (Gorder Aff., paras. 14-18[1]). There is one phone call that was made from RTI's Arden Hills facility to Corporation Service Company ("CSC"), which is listed in RTI's records as a vendor and which serves as the Delaware incorporation agent for RTIElectronics. App. A22-23 (Gorder Dep. 40:19-41:9).

These telephone calls are the only contacts that exist between RTI and Delaware.

## ARGUMENT

### A.    Legal Standard For Exercising Personal Jurisdiction Over RTI

RTI renews its motion to dismiss for lack of personal jurisdiction. As this Court said in *M&M Technologies, Inc. v. Gurtler Chemicals, Inc.*, No. 03-994 GMS, 2005 U.S. Dist. LEXIS 1726 at *5-*6 (D. Del. Feb. 8, 2005) (D.I. 57-2-B):

> "Rule 12(b)(2) of the Federal Rules of Civil Procedure requires a court to dismiss a case when the court lacks personal jurisdiction over the defendant[]." *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000). In determining whether personal jurisdiction exists, courts engage in a two step analysis. First, the court must decide whether jurisdiction is authorized by the long-arm statute of the state in which the court sits. *Transportes Aeros de Angola v. Ronair, Inc.*, 544 F. Supp. 858, 864-65 (D. Del. 1982). If jurisdiction is proper per the long-arm statute, the court must then determine whether

---

[1]    Mark Gorder was mistaken in his affidavit when he indicated his belief that RTIElectronics was a California corporation.

> exercising jurisdiction comports with the requirements of the Due
> Process Clause of the Fourteenth Amendment. *Id.* (noting,
> however, "intent of the legislature to exercise jurisdiction over
> non-residents whenever feasible"); *Compaq Computer Corp. v.
> Packard Bell Elecs., Inc.*, 948 F. Supp. 338, 342 (D. Del. 1996)
> (citation omitted).

In determining the jurisdictional question, the plaintiff ETG bears the burden of alleging

facts sufficient to make a prima facie showing of personal jurisdiction over RTI. *ICT Pharms.,*

*Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001); *Jeffreys*

*v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992). To meet this burden, ETG must adduce facts

which "establish with reasonable particularity" that jurisdiction over the movant exists. *ICT*

*Pharms.* at 271 (quoting *Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 193 (D. Del.

1996)). *See M&M Technologies*, 2005 U.S. Dist. LEXIS 1726 at *7; *Mylan Pharmaceuticals,*

*Inc. v. Kremers Urban Dev. Co.*, No. 02-1628 GMS, 2003 U.S. Dist. LEXIS 5728 at *4-7

(D.Del. April 7, 2003) (D.I. 57-2-C); *Venoco, Inc. v. Marquez*, No. 02-1685 GMS, 2003 U.S.

Dist. LEXIS 7593 at *4-*6 (D.Del. May 5, 2003) (D.I. 57-2-D).

**B.     Exercise Of Jurisdiction Over RTI Is Not Warranted Under The Delaware Long-**
**Arm Statute.**

Under the Delaware Long-Arm statute, a non-resident person or corporation is subject to

the jurisdiction of the Delaware courts if it commits any one of several acts. 10 Del. C. §

3104(b). These acts are: (1) transacting any business or performing any character of work or

service within Delaware; (2) contracting to supply services or things in Delaware; (3) causing

tortious injury in Delaware through an act or omission committed in Delaware; (4) causing

tortious injury through an act or omission committed outside Delaware if the person regularly

does or solicits business in Delaware, engages in any other persistent course of conduct in

Delaware or derives substantial revenue from services or things used or consumed in Delaware;

(5) having an interest in, using, or possessing real property in Delaware; or (6) contracting to

insure or act as a surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within Delaware at the time the contract is made, unless the parties otherwise provide in writing. Id. § 3104(c) (1)-(6).

Delaware courts construe the long-arm statute broadly to confer jurisdiction to the maximum extent possible so as to "provide residents a means of redress against those not subject to personal service within the state." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del. Super. 1997); *M&M Technologies* at *8 (D.I. 57-2).

No prima facie basis for jurisdiction over RTI under the Delaware Long-Arm Statute exists. RTI does not transact any business or perform any character of work within the state; all of RTI's employees are in Minnesota. RTI has not contracted to supply services or things in Delaware; RTI has made no known sales into the state of Delaware. RTI has not committed any acts within Delaware. Nor has RTI solicited business in Delaware, engaged in regular conduct in Delaware or derived substantial revenue from Delaware contacts. While RTI does maintain an Internet website that can be viewed from within Delaware, the mere existence of its website does not rise to the level of regularly soliciting business in Delaware. See *Motorola Inc. v. PC-Tel*, 58 F. Supp. 2d 349, 352 (D. Del. 1999) (discussing extensive advertising by the defendant, both nationwide and in Delaware through newspapers, magazines, and catalogs); *M&M Technologies* at *13 (D.I. 57-2).

> [S]pecific jurisdiction exists if "the defendant 'purposefully' availed itself of conducting activity in the forum state, by directly targeting its website to the state, knowingly interacting with residents of the forum state via its website, or through sufficient other related contacts." * * * Mere accessibility of a website, though, is not a matter of much moment. It is interactivity and the conducting of business over the Internet that carries jurisdictional consequences.

*eSpeed, Inc. v. BrokerTec USA, L.L.C.*, No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 19760, *11 (D.Del. Sept. 13, 2004) (D.I. 57-2-A), *quoting Toys 'R' Us, Inc., v. Step Two, S.A.*, 318 F.3d 446, 452-454 (3d Cir. 2003) (exercise of personal jurisdiction proper where commercial website's interactivity reflected specifically intended interaction with residents of the forum state). RTI has no interest in, makes no use of, and possesses no real property in Delaware; RTI's two facilities are both located in Minnesota. App. A52-53 (Gorder Aff., paras. 4-5). Nor has RTI contracted to act as a surety for a contract or other such obligation located, executed, or to be performed within Delaware at the time the contract was made. App. A53 (Gorder Aff., para. 9).

RTI sells component parts and services to Sonic, located in Utah, and sells parts to Starkey, located in Minnesota. Neither of them have any facilitites in Delaware. Sales into Utah and Minnesota are not a sufficient basis for exercising personal jurisdiction over RTI in Delaware, and do not constitute doing business within or deriving substantial revenue from Delaware.

RTI purchases supplies from DuPont in North Carolina. A couple of phone calls to DuPont's customer service center in Delaware do not constitute "transacting business" within Delaware.

IntriCon/Selas, the parent company to RTI, has made phone calls to the cell phone and Delaware home phone of a financial advisor (Mr. Seamon) with offices in Philadelphia. There is no basis here for attributing these calls to RTI. Even if they were attributed to RTI, a few phone calls to the Delaware home or cell phone of a financial advisor who regularly conducts his business from his office in Philadelphia do not constitute "transacting business" within Delaware.

There is no basis under the Delaware Long-Arm Statute for this Court to assert jurisdiction over RTI in the state of Delaware and thus RTI's renewed motion to dismiss for lack of personal jurisdiction should be granted.

Once the court finds that personal jurisdiction over RTI is not authorized by the Delaware long-arm statute, it need not address the constitutional dimension of the jurisdictional question. *Venoco*, 2003 U.S. Dist. LEXIS 7593 at *10-*11 (D.I. 57-2-D); *Intel Corp. v. Silicon Storage Tech.*, 20 F. Supp. 2d 690, 699 (D.Del. 1998) ("[T]he Delaware long-arm statute [does not] authorize this court to exercise jurisdiction over [the defendant]. Therefore, the court need not analyze whether exercising such jurisdiction would comport with the Due Process Clause."). However, as further explained below, exercising jurisdiction over RTI would not comport with the Due Process Clause either.

**C.    Exercise of Jurisdiction over RTI Does Not Comport With Due Process.**

The second step in the Court's analysis is to determine whether exercising jurisdiction comports with the requirements of the Due Process Clause.  The Due Process Clause requires that, in order to subject a defendant who is not present within the territory of the forum to personal jurisdiction, the Court must first make sure that the party "ha[s] certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of justice and fair play.'" *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).  In order to give non-residents "fair warning" that a particular activity may subject them to litigation within the forum, these "minimum contacts" must be purposeful. Specifically, Plaintiff ETG must show that RTI "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987).  In other words, the defendant's

contact must be of the nature that would cause it to reasonably foresee that it might be "haled before a court" in the forum as a result of its conduct. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Unless the contacts are continuous and systematic, they must be related to the present cause of action. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). Finally, "even if the requisite minimum contacts have been found through an application of the stream of commerce theory or otherwise, if it would be unreasonable for the forum to assert jurisdiction under all the facts and circumstances, then due process requires that jurisdiction be denied." *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994); *M&M Technologies*, 2005 U.S. Dist. LEXIS 1726 at *15 (D.I. 57-2).

There is no basis for asserting personal jurisdiction over RTI, either under a "traditional" basis for asserting personal jurisdiction or under a stream of commerce theory. RTI has no contacts with the State of Delaware. Exercising jurisdiction over RTI in Delaware would offend traditional notions of fair play and substantial justice.

### 1.    No "Traditional" Basis For Jurisdiction Over RTI Exists

The first of the "traditional" bases for personal jurisdiction is service on persons physically present in the state. *See Burnham v. Super. Ct. of California*, 495 U.S. 604, 610-11 (1990). RTI was not served in Delaware, and has never established presence of any kind in Delaware. RTI has no employees located in Delaware, and has no bank accounts or real property located in Delaware.

The second of the "traditional" bases for exercise of personal jurisdiction is "domicile." Courts can exercise personal jurisdiction over persons domiciled with the state at the time the lawsuit is commenced even if they are not actually present here at the time. *See Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940). A corporation is deemed to be "domiciled" where it is

incorporated or where it has its principal place of business. RTI is not incorporated nor qualified to do business in Delaware; nor is Delaware its principal place of business.

The third of the "traditional" bases for exercise of personal jurisdiction is "appearance" or "consent". *See Pennover v. Neff*, 95 U.S. 714, 724-25 (1878). Where, as here, a defendant appears merely to make a motion to dismiss for the limited purpose of contesting the jurisdiction of the Court on grounds of want of personal jurisdiction, no "consent" has been made sufficient to confer jurisdiction upon the Court.

## 2.    RTI Does Not Have Sufficient Contacts With Delaware Under A "Stream Of Commerce" Theory

In addition to the "traditional" bases for personal jurisdiction, Constitutional due process also permits courts to exercise personal jurisdiction over non-residents where "minimum contacts" exist between the non-resident and the forum state. "Minimum contacts" means the relationship is such that the exercise of jurisdiction over the non-resident does not offend "traditional notions of fair play and substantial justice." *See Int'l Shoe Co*, 326 U.S. at 316. If the activities of a non-resident defendant are "substantial, continuous and systematic," courts can exercise jurisdiction as to any cause of action, whether or not related to defendant's activities within the state (so-called "general jurisdiction"). *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 442 (1952). If the activities of the non-resident defendant related to the cause of action demonstrate a "substantial connection" with the forum state, courts can exercise specific personal jurisdiction over the defendant even if those activities are not continuous and systematic (so-called "specific jurisdiction"). More particularly, by placing goods in the stream of commerce a manufacturer may be subject to personal jurisdiction consistent with the due process clause in a state where that product causes injury, but only if "additional conduct" with the forum state exists. *Boone*, 724 A.2d at 1159 (Del. Super. 1997).

> [T]he "substantial connection"... between the defendant and the
> forum State necessary for a finding of minimum contacts must
> come about by an action of the defendant purposefully directed
> toward the forum State... The placement of a product into the
> stream of commerce, without more, is not an act of the defendant
> purposefully directed toward the forum State. Additional conduct
> of the defendant may indicate an intent or purpose to serve the
> market in the forum State, for example, designing the product for
> the market in the forum State, advertising in the forum State,
> establishing channels for providing regular advice to customers in
> the forum State, or marketing the product through a distributor
> who has agreed to serve as the sales agent in the forum State. But
> a defendant's awareness that the stream of commerce may or will
> sweep the product into the forum State does not covert the mere act
> of placing the product into the stream into an act purposefully
> directed toward the forum state.

*ICT Pharms.*, 147 F. Supp. 2d at 272 (quoting *Asahi*, 480 U.S. at 112); *M&M Technologies*,

2005 U.S. Dist LEXIS 1726 at *16.

In the instant case, RTI has never engaged in any business activities in Delaware at all.

Even if ETG could show that some products of RTI reached Delaware through the stream of

commerce, RTI has undertaken no action purposefully directed toward Delaware. Just as this

Court found with respect to the moving party in the *M&M Technologies* case, *supra*, RTI's

hearing aid components do not visibly identify RTI to consumers as the source of the component

after such component has been incorporated into a hearing aid, unlike the advertising and end

user activities directed to Delaware of the defendant in *Motorola*. *See, Motorola, Inc. v. PC-Tel*,

58 F. Supp. 2d at 355 (D. Del. 1999). RTI's website does not permit ordering of products, and

Delaware consumers have never contacted RTI. As this Court found with respect to the moving

party in the *M&M Technologies* case, RTI does not derive revenue based on the sale of hearing

ends to end users; its revenues derive from the sale of component parts and services to

manufacturers located in other states, such as Minnesota and Utah. *See M&M Technologies* at

*19-*20.

The fact that someone at RTI may have spoken over the phone for a few minutes with DuPont's customer service center in Delaware is not an act purposefully directed toward Delaware sufficient to warrant the exercise of jurisdiction over RTI, especially when RTI's business with DuPont is actually conducted through DuPont's North Carolina facility. Similarly, the fact that persons with RTI's parent company, IntriCon/Selas, made a few phone calls from RTI's offices to the Delaware home or cell phone of a financial advisor (Phil Seamon) with an office in Philadelphia are not acts *by RTI* purposefully directed toward Delaware; even if they were attributed to RTI, they would be insufficient to warrant the exercise of jurisdiction over RTI in Delaware. RTI simply has no purposeful conduct directed toward Delaware which would support personal jurisdiction under the stream of commerce or any other theory.

## CONCLUSION

There is no basis, either under the Delaware Long-Arm statute or under the Due Process Clause of the Constitution, which can serve to justify the exercise by this Court of personal jurisdiction over RTI. Accordingly, RTI's renewed motion to dismiss for lack of personal jurisdiction should be granted.

Dated: June 8, 2007

Respectfully submitted,

Barry M. Klayman, Esquire (#3676)
WOLF, BLOCK, SCHORR and SOLIS-
COHEN LLP
Wilmington Trust Center
1100 North Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313
Facsimile: (302) 778-7813

Jeffrey D. Shewchuk, Esq.
Shewchuk IP Services, LLC
533 77th Street West
Eagan, MN 55121
Tel: (651) 331-9558
Facsimile: (651) 688-3348

Attorneys for Defendant, Resistance
Technology, Inc.