IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-422 (GMS) |
| ) | |
| SONIC INNOVATIONS, INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF ENERGY TRANSPORTATION GROUP INC.'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' MARKMAN INTERACTIVE
ARGUMENTS PRESENTED THROUGH CD-ROM (D.I. 260)**

OF COUNSEL:

Brian M. Buroker
Robert L. Kinder, Jr.
HUNTON & WILLIAMS LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Marty Steinberg
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Maya M. Eckstein
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: (804) 788-8788
Facsimile: (804) 343-4630

Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
Pepper Hamilton LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390

*Attorneys for Energy
Transportation Group, Inc.*

Dated: June 12, 2007

#8628907 v1

## TABLE OF CONTENTS

Page

I. BACKGROUND.................................................................................................1

II. ARGUMENT.......................................................................................................3

    A. The CD Comprising Defendants' Exhibit 1 Fails to Comply With the Scheduling Order..............................................4

    B. Exhibit 1 – With at Least 10 Pages of Additional Argumentative Briefing – Exceeds Page Limit Agreed Upon and Provides Additional Argument..........................................................4

    C. The Argument Found in the CD Should Have Been Submitted As Part of Defendants' Opening Brief, If At All....................6

III. CONCLUSION ..................................................................................................6

I.   **BACKGROUND**

The Scheduling Order entered by this Court on February 20, 2007 (D.I. 206) (attached as Ex. A) requires that "[t]he parties shall serve and file opening claim construction briefs on May 16, 2007 and answering claim construction briefs on June 6, 2007." On May 16, 2007, the Plaintiff, Energy Transportation Group, Inc. ("ETG") filed its Opening Brief (D.I. 250-51) and Defendants collectively filed an Opening Brief (D.I. 252). On June 6, 2007, ETG filed its Response Brief (D.I. 261) as well as the Joint Appendix.

On June 6, 2007, Defendants also filed their collective Response Brief (D.I. 259). Along with their Response Brief, Defendants submitted "Exhibit 1," which was a compact disc ("CD") (D.I. 260). Guised as a "tutorial," the CD contains information meant to bolster and further argue Defendants' Markman position. Indeed, the CD contains information supporting Defendants' theory of the technology surrounding the patents-in- suit. The interactive table of contents recites:

*Energy Transportation Group, Inc.*
*v.*
*Sonic Innovations, Inc., et al.*

1. Introduction
2. How the Ear Functions
3. Technical Concepts
   a. Basic Hearing aid
   b. Limiter
   c. Feedback
   d. Filters
   e. Delay Line Filter
4. Additional Information: Brief History of Hearing Aids

(D.I. 260). *See* Declaration of Robert L. Kinder, attached as Ex. B. The CD contains an interactive format with several pages of graphical displays and several minutes of audio content. When transcribed, the audio content alone translates to about ten (10) pages of text. *See* Ex. B.

#8628907 v1

-2-

Notably, the graphics contained on the CD are entirely new exhibits that were not part of Defendants' Opening Brief. *See* (D.I. 260).

The Scheduling Order in this action does not allow for the presentation of a separate "Markman tutorial." Nor does the Scheduling Order contemplate an interactive CD-based submission.

Another important point is that Defendants filed the CD "tutorial" with their June 6, 2007 Response Brief, not with their Opening Brief. *See* (D.I. 260). The Response Brief is the final brief for the Markman schedule. *See* Ex. A, at p.2. Thus, ETG will not have an opportunity to respond to the additional material, presented for the first time, on the CD.

On May 24, 2007, counsel for Phonak Defendant Group, emailed counsel for ETG noting that the Defendants were "considering filing a multimedia ***demonstrative*** exhibit"[1] that would be filed with Defendants' Response Brief. May 24, 2007 email from Phonak, attached as Exh. E. (emphases added). The May 24, 2007 email did not provide an accurate scope of Defendants' intended filing, apart from its improper characterization of the exhibit as a "demonstrative." *See* Ex. E. ETG did not respond to Defendants' letter, as Defendants did not provide any additional information and gave no indication that they intended to file something other than a demonstrative exhibit.

Pursuant to Local Rule 7.1.1, on June 11, 2007, counsel for ETG contacted counsel for Defendants, asking that they withdraw the CD submission, Exhibit 1 (D.I.

---

[1] The common meaning of "demonstrative" is a presentation of evidence already admitted in a case, but where the evidence is presented in another physical form. For instance, Black's Law Dictionary defines "demonstrative evidence" as: "That evidence addressed directly to the senses without intervention of testimony. Such evidence is concerned with real objects which ***illustrate some verbal testimony and has no probative value in itself***." Black's Law Dictionary 432 (6th ed. 1990) (emphasis added). The contents of the CD filed as Exhibit 1 are not merely "demonstrative exhibits."

260). *See* June 11, 2007 letter to Defendants' counsel, attached as Ex. F. In a response dated June 12, 2007, Defendants refused to withdraw the CD, stating that Exhibit 1 was a "multimedia demonstrative exhibit. . . ." *See* June 12, 2007 Defendants' response letter, attached as Ex. G. Because the Parties have reached an impasse and because the Defendants' submission of the CD is improper on several grounds, ETG respectfully seeks leave of this Court for intervention.

## II.   ARGUMENT

Defendants' purported CD "tutorial" is anything but a tutorial. *See* Ex. D (Defendants filed Exhibit 1 as a "Tutorial") (D.I. 260). Nor is it a "demonstrative exhibit." Instead, it is an adversarial filing that presents, for the first time, additional arguments attempting to support Defendants' Markman position. When transcribed, the CD materials add ten (10) pages of additional text, not including numerous more pages of graphics. S*ee* Ex. B. In this 10 pages of additional briefing, Defendants: (1) present their claim construction positions numerous times and in new light, and (2) offer a history of hearing aids that is nothing more than a staging of alleged prior art references that Defendants (inaccurately) contend invalidate the patents-in-suit.

Defendants' CD "tutorial" is, in substance, nothing more than additional argument presented outside parameters of the Scheduling Order. Not only does the CD present Defendants' Markman arguments in a new light, it also presents invalidity contentions based upon several alleged prior art references that Defendants have asserted. *See* (D.I. 260), § 4. The several alleged prior art references presented have nothing to do with this Court's Markman proceedings and, regardless, are improperly portrayed as invalidating the patents-in-suit.

Moreover, the information contained in the argumentative CD -- including the witnesses upon whose testimony Defendants ostensibly based -- cannot be challenged because it

#8628907 v1

was submitted in Defendants' final brief. As such, ETG will not have an opportunity to respond to it. Further, the CD's contents cannot be authenticated. If the CD were created by an alleged expert, ETG should at a minimum have an opportunity for cross-examination of the expert or creator of the CD.

Finally, the argumentative materials contained with in the CD are misleading. Guised in the form of a tutorial, the CD instead presents a one-sided view of Defendants' theory of the case. Defendants should be prohibited from offering this external argument, especially considering that ETG will have no opportunity to respond.

### A.    The CD Comprising Defendants' Exhibit 1 Fails to Comply With the Scheduling Order

The Scheduling Order clearly sets forth a listing of allowable filings. Nowhere in the Scheduling Order does it permit a "tutorial." *See, e.g., Finch v. Hercules Inc.*, 1995 WL 785100 at *9 (D.Del. 1995) ("fidelity to the constraints of Scheduling Orders and deadlines is critical to the Court's case management responsibilities"). The Scheduling Order in this action simply does not allow for "Markman Tutorials." *See* Ex. A, at p.2. Accordingly, the Court should strike Defendants' Exhibit 1 "tutorial."

### B.    Exhibit 1 -- With at Least 10 Pages of Additional Argumentative Briefing -- Exceeds the Page Limits Agreed Upon and Provides Additional Argument

Pursuant to the Scheduling Order (Ex. A, at p.2) and Local Rules (D. Del. LR. 7.1.3(a)(D)), each party was limited to a 40-page Opening and Response Markman Brief. Nonetheless, Defendants demanded that they receive additional pages of briefing in the Opening Markman Brief. Accordingly, the parties agreed, and the Court approved, Defendants' request for a 60-page Opening Brief (D.I. 249), with ETG receiving the same number of pages for its Response Brief.

#8628907 v1

Realizing that their failed arguments cannot be supported even within the 100 pages prescribed for their briefing, Defendants seek to circumvent the (expanded) page limitations by submitting audio argument further advocating their positions. As transcribed, the text of the argumentative CD is ten (10) pages long, not counting the dozens of pages of corresponding graphics. *See* Ex. B. This submission far exceeds the agreed upon and Court Ordered briefing limits and, for this reason alone, the CD "tutorial" should be stricken.

Moreover, the submission of one "tutorial" normally would be an agreed upon, neutral presentation of the relevant technology. The CD presentation submitted as Exhibit 1 is far from a neutral "tutorial." The presentation contains the exact wording of Defendants' claim construction positions but in an authoritative, audio context, as if no disagreement existed. For example, the parties dispute the construction of the term "feedback path." Yet, within Defendants' "tutorial", they improperly state that "[t]he feedback path is the path that takes a signal from the forward path back in a direction toward the microphone and combines it into an earlier point in the forward path." *See* (D.I. 260); *See* Ex. B. *Compare*, JCCS (D.I. 247). This purported definition of "feedback path" is in fact the exact wording of Defendants' proposed claim construction, and ***not*** an agreed-upon construction. Defendants simply are adding to their previously-stated argument, not offering a neutral teaching aid.

Moreover, Exhibit 1 cannot be considered a "demonstrative", as it ***expands upon*** Defendants' previously-stated arguments. A demonstrative is evidence that "has no probative value in itself." Black's Law Dictionary 432 (6th ed. 1990). The multimedia presentation presents exhibits, graphics and argument that ***are not found*** in Defendants' primary briefing. As such, it cannot be considered a "demonstrative" exhibit and should be stricken.

### C. The Arguments Found in The CD Should Have Been Submitted As Part Of Defendants' Opening Brief, If At All

Defendants' extraordinary CD submission violates D. Del. LR. 7.1.3(c)(2), which requires that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." *See also Boston Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp.2d 308 (D. Del. 2006) (striking "material that could have and should have been included in its opening brief, [in] violat[ion of] D. Del. LR 7.1.3(c)(2)"). Simply put, a party cannot sandbag and hold back arguments, including argumentative interactive graphical presentations, that should have been submitted, if at all, as part of an opening brief.

Defendants waited until filing their Response Brief to serve their "tutorial" -- the same day that ETG was required to serve its Response Brief. *See* Ex. C. Accordingly, ETG is prejudiced because it will not have an opportunity to respond to the additional arguments found on the CD. For example, the CD contains several slides of graphics and corresponding audio that are a one-sided, results-orientated depiction of the technology of the patents-in-suit. Yet, ETG cannot now respond to that depiction because briefing has closed. Accordingly, the Court should strike Defendants' CD "tutorial."

### III. CONCLUSION

Pursuant to Local Rules, the Federal Rules of Civil Procedure, and this Court's Scheduling Order, Plaintiff ETG respectfully requests that this Court grant its is Motion to Strike Defendants' Markman Interactive Arguments Presented Through CD-Rom. The argumentative CD presents at least ten (10) pages of additional briefing and is anything but a neutral "tutorial." This Court should strike the CD on any one of the following grounds:

#8628907 v1

-7-

        (1)    The submission fails to comply with this Court's Scheduling Order that does not permit any "tutorial" submissions;

        (2)    The CD allows Defendants to present over ten (10) pages of additional argumentative briefing beyond the page limits set by Order of this Court;

        (3)    The material contained within the CD should have been submitted as part of Defendants' Opening Brief, if at all, and accordingly Defendants are in violation of D. Del. LR. 7.1.3(c)(2).

Dated: June 12, 2007

/s/ [signature]
Edmond D. Johnson (DE Bar #2257)
Thomas H. Kovach (DE Bar #3964)
Pepper Hamilton LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390

*Attorneys for Energy Transportation Group, Inc.*

OF COUNSEL:

Brian M. Buroker
Robert L. Kinder, Jr.
HUNTON & WILLIAMS LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Marty Steinberg
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Maya M. Eckstein
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: (804) 788-8788
Facsimile: (804) 343-4630

#8628907 v1