# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422 (GMS) |
| | ) | |
| SONIC INNOVATIONS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## [PROPOSED] SCHEDULING ORDER

This _____ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on November 30, 2006;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures**.  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before December 18, 2006.

2. **Joinder of Other Parties and Amendment of Pleadings**.  All motions to join or add additional parties shall be filed on or before April 1, 2007.  All other motions to amend the pleadings shall be filed on or before April 1, 2007.

3. **Reliance Upon Advice of Counsel**.  Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than June 15, 2007.  If Defendant elects to rely on advice of counsel as a defense to willful infringement, Defendant shall produce any such opinions on which Defendant intends to rely and any related documents within the scope of Defendant's waiver to Plaintiff no later than June 22, 2007.

4.   **Markman Claim Construction Hearing**.  A Markman claim construction hearing shall be held on July  6, 2007 at 9:30 a.m.  The Markman hearing is scheduled for a total of one half day.  On or before May 1, 2007, the parties shall exchange claim terms proposed to be construed and proposed constructions.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before May 9, 2007, the parties shall file a final joint claim chart, which shall include citations to intrinsic evidence.  The parties shall serve and file opening claim construction briefs on May 16, 2007 and answering claim construction briefs on June 6, 2007.  The plaintiff shall submit to the court a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing.  A sample table of contents can be located on the court's website at www.ded.uscourts.gov.  The Joint Appendix shall be filed on the same day as the answering claim construction briefs.

5.   **Discovery**.  All fact discovery in this case shall be initiated so that it will be completed on or before August 1, 2007.  Expert Discovery in this case shall be initiated so that it will be completed on or before November 21, 2007.  All opening expert for the party with the burden of proof on an issue shall be served by September 7, 2007.  All answering expert reports shall be served by October 8, 2007.

a.   Discovery Disputes.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a non-argumentative letter agenda not to exceed two (2) pages outlining the issues in dispute.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court

shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

        b.    <u>Discovery Provisions.</u>

        i.    <u>Initial Identification of Claims and Products.</u>By December 12, 2006, Plaintiff shall provide a preliminary identification of infringing claims and products and shall specifically list the types of information requested from Defendants and to be provided pursuant to subparagraph ii below.

        ii.    <u>Technical Information and/or Sample Products.</u>In response to the request pursuant to subparagraph i above, each defendant shall deliver appropriate circuit diagrams and engineering drawings (and sample products if requested by Plaintiff) of the accused products on or before January 12, 2007.  This provision is without prejudice to Defendants' right to object to Plaintiff's designation of products.  The sample products and supporting materials shall be protected pursuant to the parties' Protective Order.  Plaintiff shall pay for each sample product at the defendant's lowest, standard wholesale pricing for each product.

        iii.    <u>Infringement Claim Charts and Contentions.</u>The plaintiff shall serve upon each defendant by March 2, 2007, a preliminary "Plaintiff's Claim Chart," which shall identify:  (1) which claim(s) of each patent it alleges are being infringed; (2) which specific products or methods of Defendant it alleges infringe; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), and shall provide the factual and

legal basis for its contentions of infringement, including each contention that the element is present. As to the doctrine of equivalents, Plaintiff shall provide its preliminary contentions concerning any equivalence in function, way and result and why any differences are insubstantial.

By April 6, 2007, each defendant shall serve upon Plaintiff a preliminary "Defendant's Claim Chart" that indicates which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, Defendant will set forth in detail the factual and legal basis for its contentions of noninfringement, including its contentions that elements are absent. As to the doctrine of equivalents, each defendant shall provide its preliminary contentions concerning any differences in function, way and result and why any differences are not insubstantial.

iv. <u>Invalidity Claim Charts and Contentions.</u>By March 30, 2007, each defendant shall serve on Plaintiff a list of all of the prior art on which it relies, and its factual and legal basis for its contentions of invalidity, including any contentions that the prior art invalidates the claim(s) asserted by Plaintiff ("Defendant's Prior Art Statement"). By April 27, 2007, Plaintiff shall serve on Defendant "Plaintiff's Prior Art Statement," in which it will state the factual and legal basis for its contentions on validity, including with specificity why the prior art does not invalidate the patent(s) in suit. The plaintiff's and defendants' "Prior Art Statements" can be, but need not be, in the form of expert reports.

v. <u>Sequencing.</u>The parties recognize the importance in the discovery process of the agreed-upon sequencing of contentions so that the parties are in a position to obtain related discovery in a timely manner and so that they will be in a position to prepare for the claim construction proceedings, expert discovery and trial. The agreed-upon and negotiated

sequencing of contentions is intended to achieve the objective of an orderly discovery process for all parties with sufficient time for related discovery and for proper preparation for claim construction and other proceedings. Accordingly, all parties, consistent with the expectations of this Court, and the obligations imposed by the Federal Rules of Civil Procedure and this scheduling order, expect to comply fully with the agreed-upon schedule for contentions and to provide their contentions at the agreed-upon times.

vi.    <u>Discovery Limitations.</u>The scope of discovery shall be governed by the Federal Rules of Civil Procedure, as modified by the following provisions directed to the scope of discovery.

(a)    <u>Interrogatories and requests for admission.</u>Plaintiff may serve 15 common interrogatories and 20 common requests for admission that each defendant group will answer separately, plus an additional 25 specific interrogatories and 25 specific requests for admission on each defendant group.  The defendants may serve 15 common interrogatories and 20 common requests for admission on Plaintiff.  Each defendant group may serve up to 25 additional interrogatories and 25 additional requests for admission on Plaintiff.

(b)    <u>Depositions.</u>All of the following limits on hours of depositions are provided as an initial limit, recognizing that there may need to be a further consideration of limits if a party raises a concern, for example, that extra time is needed due to depositions of witnesses providing testimony in a foreign language involving interpreters.

(i)    Plaintiff may depose each defendant group (and its employees) for up to 35 hours, including depositions pursuant to Rule 30(b)(1) and 30(b)(6).

(ii)     Collectively, the defendants may depose each inventor for up to 21 hours.  Collectively, the defendants may depose the plaintiff (and its employees) for up to 56 hours, including depositions pursuant to Rule 30(b)(1) and 30(b)(6).

(iii)     There need be no preset limits on the time for any particular third party witness.

(iv)     During expert discovery, each expert witness may be deposed for the following amount of time:  7 hours total on each substantive topic (where, for example, a substantive topic is considered to be (a) a defense other than invalidity or noninfringement, such as inequitable conduct or laches, (b) infringement/non-infringement by a defendant group, or (c) damages with respect to a defendant group), except that each expert witness on invalidity or validity may be deposed for up to 14 hours.

(v)     Total hours of depositions of fact witnesses from above, shall not exceed 210 hours taken by the plaintiff and 225 hours taken by defendants.

(c)     <u>Definition.  A "defendant group" means all affiliated party defendants as set forth</u>:

- the Demant defendant group: William Demant Holding A/S, WDH, Inc., Oticon A/S, Oticon Inc., Bernafon AG, and Bernafon, LLC;

- the Widex defendant group:  Widex Hearing Aid Co., Inc. and Widex A/S;

- the Phonak defendant group:  Phonak AG, Phonak Inc., Phonak, LLC, Unitron Hearing Ltd., and Unitron Hearing, Inc.;

- the GN ReSound defendant group: GN ReSound A/S, and GN ReSound Corporation, now known as GN Hearing Care Corporation;

- Sonic Innovations, Inc.;

- Starkey Laboratories, Inc.;

- Gennum Corporation; and
- Resistance Technology Inc.

6. **Confidential Information and Papers Filed Under Seal**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).

7. **Settlement Conference**. This case is not being referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

8. **Summary Judgment Motions**. As instructed by the Court at the Scheduling Conference, the parties will not be permitted to file any dispositive motions.

9. **Case Dispositive Motions**. As instructed by the Court at the Scheduling Conference, the parties will not be permitted to file any dispositive motions.

10. **Applications by Motion**. Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12. **<u>Pretrial Conference</u>**.  On January 3, 2008, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 9:30 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  Twenty (20) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, within ten (10) calendar days, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order.  Motions *in limine*:  No party shall file more than ten (10) motions *in limine*.  Briefs (**opening and answering**) on all motions *in limine* shall be filed by December 6, 2007, with parties exchanging opening briefs on November 21, 2007 and answering briefs on December 5, 2007. Opening and answering briefs shall not exceed five (5) pages.  The parties shall file with the Court the joint proposed final pretrial order on or before December 6, 2007.

13. **<u>Trial</u>**.  This matter is scheduled for trial with jury selection on January 18, 2008 commencing at 9:30 a.m. and trial starting January 22, 2008 at 9:00 a.m. for nine days.

14. **<u>Scheduling</u>**.  The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____          _____
DATE                                                   UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENERGY TRANSPORTATION GROUP, INC.,      )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        C.A. No. 05-422 (GMS)
                                        )
SONIC INNOVATIONS, INC., et al,         )
                                        )
            Defendants.                 )
                                        )
_____ )

### DECLARATION OF ROBERT L. KINDER

I, Robert L. Kinder, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge:

1.    I am over eighteen years of age and recognize the obligation of an oath.

2.    I am a associate with the law firm of Hunton & Williams LLP in Washington, D.C.

3.    I make this Declaration in support of a Motion to Strike filed concurrently for Plaintiff, Energy Transporation Group, Inc. ("ETG") in the above-captioned action.

4.    After directing a written transcription of the audio content of Defendants' Exhibit 1 - an interactive CD-ROM - filed on June 6, 2007, the written transcription along with the table of contents was about 10 pages of content fully typed. The 10 pages resulted from using Times New Roman 12-point font, with 1-inch margins on all sides, and headers for each section.

5.    Within the Motion to Strike filed by ETG, the quoted portions of the audio content of Defendants' Exhibit 1 are true and accurate.

Signed under the pains and penalties of perjury, this 12th day of June 2007.

_____
Robert L. Kinder

# EXHIBIT C

*Celebrating* **50** *Years*

# Sughrue

SUGHRUE MION, PLLC

2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

Carl A. Konschak
T 202-775-7549
ckonschak@sughrue.com

June 6, 2007

**<u>Via Hand Delivery</u>**

Brian M. Buroker, Esq.
Hunton & Williams
1900 K St. NW, Suite 1200
Washington, DC  20006

     Re:    <u>*ETG v. Sonic Innovations, Inc. et al.*</u>
             *Case No. 1:05-cv-00422-GMS (D. Del.)*
             Our Reference No.: L10530

Dear Mr. Buroker:

    Enclosed please find a compact disc containing a copy of Exhibit 1 to *Defendants' Response to ETG's Opening Markman Brief.*

                Very truly yours,

                Carl A. Konschak
                Paralegal

CAK

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422-GMS |
| | ) | |
| SONIC INNOVATIONS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT 1 TO

## DEFENDANTS' RESPONSE TO ETG'S OPENING *MARKMAN* BRIEF

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON, LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
*Attorneys for Sonic Innovations, Inc.*

James D. Heisman
CONNOLLY, BOVE, LODGE & HUTZ LLP
1007 North Orange Street
Wilmington, DE 19801
*Attorneys for William Demant Holding,
Oticon A/S, Oticon, Inc., Bernafon AG,
WDH, Inc. and Bernafon, LLC*

Jack B. Blumenfeld
Maryellen Noreika
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
*Attorneys for GN Resound A/S
and GN Resound Corp.*

Barry M. Klayman
WOLF, BLOCK, SCHORR & SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801
*Attorneys for Resistance Technology, Inc.*

Thomas C. Grimm
Leslie A. Polizoti
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
*Attorneys for Phonak Inc., Phonak AG,
Phonak LLC, Unitron Hearing Ltd.,
and Unitron Hearing, Inc.*

Donald E. Reid
Jason A. Cincilla
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
*Attorneys for Widex A/S and Widex
Hearing Aid Co.*

Richard K. Herrmann
Mary Matterer
Amy Arnott Quinlan
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
*Attorneys for Starkey Laboratories, Inc.*

# EXHIBIT 1

**EXHIBIT 1 IS TUTORIAL**

**CONTAINED ON CD-ROM AND CANNOT**

**BE FILED ELECTRONICALLY**

**IT WILL BE FILED SEPARATELY WITH THE COURT**

## CERTIFICATE OF SERVICE

I, Thomas C. Grimm, hereby certify that on the 6th day of June, 2007, a copy of

**Exhibit 1 to Defendants' Response to ETG's Opening Markman Brief** was electronically filed

with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to

all counsel of record. Additionally, a copy was also served as indicated below:

### BY HAND DELIVERY:

Edmond D. Johnson, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19801


*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)

EXHIBIT E

**Kinder, Robert**

| | |
|---|---|
| **From:** | McMahon, Charles [cmcmahon@brinkshofer.com] |
| **Sent:** | Thursday, May 24, 2007 12:45 PM |
| **To:** | Buroker, Brian; Kinder, Robert |
| **Cc:** | Bluestone, David; Sobieraj, James; Addy, Meredith; Marx, Jeffrey; ddegnan@iph2.com; BKHanks@hollandhart.com; Steve.Reitenour@MSP.BowmanandBrooke.com; Timothy Bianchi; Jeff Shewchuk; Mandir, William H.; Pellegrini, Carl J.; Hubbard, Eric R.; Romary, John; Gramenopoulos, C. Gregory |
| **Subject:** | Demonstrative Exhibit |

Dear Brian and Rob:

I am writing to notify you that we are considering filing a multimedia demonstrative exhibit when the responsive claim construction briefs are filed. We are notifying you of this in case ETG wishes to do the same or to discuss this matter.

Best regards,
Charlie

**Charles M. McMahon**

Brinks Hofer Gilson & Lione     (312) 321-4782 - Direct

NBC Tower - Suite 3600          (312) 321-4299 - Fax

455 N. Cityfront Plaza Drive    cmcmahon@brinkshofer.com

Chicago, IL 60611-5599          http://www.brinkshofer.com

|**Please Note**: This message is intended for the individual or entity named above and may constitute a privileged and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose this message. Please notify the sender by replying to this message, and then delete the message from your system. Thank you.|

# EXHIBIT F



HUNTON & WILLIAMS LLP
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1109

TEL      202 • 955 • 1500
FAX     202 • 778 • 2201

ROBERT KINDER
DIRECT DIAL: 202-955-1878
EMAIL:  rkinder@hunton.com

June 11, 2007

FILE NO: 66718.2

**ALL DEFENSE COUNSEL** (Via Email Distribution)

    Re:  *Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.*
    Request for Withdrawal of Defendants' Exhibit 1 - CD-ROM - Submitted with
    Defendants' Response Brief on June 6, 2007.

Dear Counsel:

Plaintiff, Energy Transportation Group, Inc. ("ETG") requests that Defendants immediately withdraw Exhibit 1 to Defendants' Response to ETG's Opening Brief (compact disc) (D.I. 260) submitted to the Court on June 6, 2007.

Exhibit 1 is purported to be a "tutorial," when in fact it is purely additional argument that has been submitted outside the bounds of the Scheduling Order and the Local Rules.  Exhibit 1 - a CD submission - fails to comply with this Court's Scheduling Order that specifically declines any "tutorial" submissions.  Further, Exhibit 1 also allows Defendants to present over 10 pages of additional argumentative briefing beyond the page limits set by the Parties' agreement entered as an Order by this Court.  Finally, the material contained within the CD should have been submitted as part of Defendants' Opening Brief, if at all, as ETG has not had an opportunity to respond to it.  Accordingly, Defendants are in violation of Local Rules.

In an effort to avoid Court intervention, ETG demands that Defendants withdraw Exhibit 1 no later than 11:00 AM (EST), June 12, 2007.  If Defendants refuse to withdraw Exhibit 1, which is clearly outside the bounds of the Scheduling Order and Local Rules, ETG will file a Motion to Strike the submission, and seek any other appropriate relief from the Court.

Sincerely,

Robert Kinder

Robert Kinder

cc:    Maya M. Eckstein (via email)
       Brian M. Buroker (via email)

# EXHIBIT G

**Charles M. McMahon**
312·321·4782
cmcmahon@brinkshofer.com

**BRINKS**

**HOFER**

**GILSON**

**& LIONE**
                                                    ®
A Professional Corporation

Intellectual Property
Law Worldwide

June 12, 2007

*via email*

Robert Kinder
Hunton & Williams LLP
1900 K Street, NW
Washington, DC 20006-1109

Re:    ***Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.***
       **C.A. No. 05-422-GMS (D. Del.)**

Dear Robert:

       In response to your letter of June 11, Defendants will not agree to withdraw Exhibit 1 from their claim construction response brief.

       Your letter alleges that Exhibit 1 is in violation of the Local Rules and the Court's Scheduling Order, but fails to identify any particular rule or provision of the order.  To the contrary, Defendants' brief and Exhibit 1 are consistent with both the Scheduling Order and the Local Rules.  Exhibit 1 is a multimedia demonstrative exhibit submitted to illustrate background technology consistent with the arguments made in Defendants' brief.  There is no basis for ETG to seek an order striking Exhibit 1 from Defendants' brief.

       As you know, I notified you on May 24 that Defendants intended to submit such an exhibit with their response to ETG's opening claim construction brief.  At that time, we invited ETG to submit its own demonstrative exhibit or to contact us if you wished to discuss the matter.  ETG chose to do neither.

       If you wish to discuss this matter further, please contact me.

                                            Sincerely,

                                            Charles M. McMahon

cc:    Counsel of Record (via email)

[Click here and type **Addressee's Name and/or Company**]
June 12, 2007
Page 2


DOCUMENT2/

6/12/2007 9:37 AM


PLEASE KEEP THIS PAGE WITH

THIS DOCUMENT


Revision No: 1