# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

ENERGY TRANSPORTATION GROUP, INC.,

    Plaintiff,

v.

SONIC INNOVATION, INC., ET AL.,

    Defendants.

## SUBPOENA IN A CIVIL CASE

Civil Action No. 05-422 (GMS)
United States District Court
District of Delaware

TO:   EBI/Medical Systems
100 Interspace Parkway
Parsippany, NJ 07054
(973) 299-9300

| | | |
|---|---|---|
| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | | COURTROOM |
| | | DATE AND TIME |
| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: | |
| PLACE OF DEPOSITION | | DATE AND TIME |
| ☒ | YOU ARE COMMANDED to produce and permit inspection, copying, testing or sampling of the following documents, electronically stored information or objects at the place, date, and time specified below (list documents, electronically stored information or objects): SEE SCHEDULE A ATTACHED HERETO | |
| PLACE | Ropes & Gray, LLP, 1211 Avenue of the Americas New York, NY 10036-8704 (212) 596-9000 | DATE AND TIME July 27, 2007 |
| ☐ | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT): *[signature]* Attorney for GN Resound A/S and GN Resound Corporation | DATE 7/12/07 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Eric R. Hubbard Ropes & Gray LLP 1211 Ave. of the Americas, New York, NY 10036 | TELEPHONE (212) 596-9000 |

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____    _____
                DATE                              SIGNATURE OF SERVER

                                                  _____
                                                  ADDRESS OF SERVER

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## **SCHEDULE A**

DEFINITIONS AND INSTRUCTIONS

1. The term "Person" means any natural person, or any corporation, company, partnership, or other business enterprise. Persons shall be identified with as much information as is known to Plaintiff, including name, addresses, telephone number, occupation or business, and the like.

2. The term "Document" and "documents" are used in the broadest sense permitted by Fed. R. Civ. P. 34(a)(1) and includes electronically stored information (e.g., materials stored electronically on tape, disk or other media and e-mail). "Document" or "documents" also include all non-identical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed, or otherwise prepared. Each such non-identical copy is to be considered and identified as a separate document. To the extent any "communication" as defined below is reduced to a writing or other recordation, it is expressly included in the term "document" or "documents."

3. The term "communication" or "communications" shall include any documents and any exchange or transfer of information between two or more persons or between one or more persons and a file, whether written, oral, or in any other form including communications by a meeting, e-mail, correspondence, conversation, conference, or telephone conversation.

4. The phrase "patents in suit" means U.S. Patent Nos. 4,731,850 and 4,879,749.

5. The term "ETG," means

    a. Energy Transportation Group, Inc., the named Plaintiff in the captioned action;

  b.  all predecessors (including, but not limited to, Audimax Corporation and Audimax, Inc.), successors, or owners/purchasers thereof;

  c.  all past or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (a) above (whether owned in whole or in part); and/or

  d.  all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities.

6.  The term "Biolectron" means Biolectron Inc., and its predecessors, successors or owners/purchasers thereof, including the EBI Medical Systems subsidiary of Biomet Inc, which purchased Biolectron in about September 2000.

7.  Where information is withheld due to a claim of privilege or work product, Plaintiff is requested to provide a description of the withheld information in conformity with the requirements of the Federal Rules of Civil Procedure and applicable law.

### REQUESTS FOR PRODUCTION

1.  All documents concerning Audimax Corporation or Audimax, Inc.

2.  Documents sufficient to describe the relationship between Biolectron, ETG, and/or Audimax Corporation during the period from 1984 through 2000.

3.  Documents sufficient to identify each of Biolectron's employees from 1984 through 2000, including without limitation organizational charts.

4.  All documents authored or received during the period from 1984 through 2000 by Harry Levitt, Richard Dugot, Kenneth Kopper, Keith Peterson, Kimball Chen, Henry J. de Rancher, Chas Pavlovic and/or James Kates concerning the field of hearing care, including without limitation hearing aids, host controllers and/or a universal programmer for hearing aids.

5.  Documents sufficient to describe corporate history of Biolectron from 1984 through 2000.

6.  All documents and things dated, prepared and/or built during the period from 1984 through 2000 concerning Biolectron's research, design and or product

      development in the field of hearing care, including without limitation hearing aids, host controllers and/or a universal programmer for hearing aids.

7. All documents dated or prepared during the period from 1984 through 2000 concerning efforts to obtain funding or other support for activities concerning the field of hearing care, including without limitation hearing aids, host controllers and/or a universal programmer for hearing aids.

8. All documents dated or prepared during the period from 1984 through 2000 concerning Resound Corporation and/or Danavox Corporation.

9. All documents dated or prepared during the period from 1984 through 2000 concerning the patents in suit.

10. All documents dated or prepared during the period from 1984 through 2000 that concern patent or technology licenses in the field of hearing care.

11. All documents dated or prepared during the period from 1984 through 2000 that place a value of any type on the patents in suit.

12. Documents sufficient to identify the investors in Biolectron dated or prepared during the period from 1984 through 2000 and the amount of each of those investments.