## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SONIC INNOVATIONS, INC, *ET AL.,* | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | **PUBLIC VERSION** |

**PLAINTIFF ENERGY TRANSPORTATION INC.'S MEMORANDUM OF LAW IN OPPOSITION TO RESISTANCE TECHNOLOGY, INC.'S RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)**

OF COUNSEL:

Brian M. Buroker
Robert L. Kinder, Jr.
HUNTON & WILLIAMS LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006-1109
Telephone: (202) 955-1500

Maya M. Eckstein
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: (804) 788-8788

Marty Steinberg
HUNTON & WILLIAMS LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2505

Date: June 22, 2007
**Public Version: July 17, 2007**

Edmond D. Johnson (# 2257)
Thomas H. Kovach (# 3964)
PEPPER HAMILTON LLP
Hercules Plaza Suite 5100
1313 Market Street
Wilmington, DE 19899-1709
Telephone: (302) 777-6500

*Attorneys for Energy Transportation Group, Inc.*

TABLE OF CONTENTS

Page

I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ................. 1

II.   SUMMARY OF ARGUMENT ................................................................................. 1

III.  STATEMENT OF FACTS ..................................................................................... 3

IV.   ARGUMENT ......................................................................................................... 8

      A.   The Exercise of Personal Jurisdiction over RTI is Proper Under the Delaware
           Long-Arm Statute ...................................................................................... 8

           1.   Transacts any business or performs any character of work or
                service in the State; or ..................................................................... 9

           2.   Causes tortious injury in the State or outside of the State by an act or
                omission outside the State if the person regularly does or solicits
                business, engages in any other persistent course of conduct in the
                State or derives substantial revenue from services, or things used or
                consumed in the State. ..................................................................... 9

      B.   The Exercise of Personal Jurisdiction over RTI is Proper Under the Due
           Process Clause ........................................................................................ 14

V.    CONCLUSION ................................................................................................... 16

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Commissariat A L'Energie Atomique* ............................................................................11

*Commissariat A L'Energie Atomique* .........................................................................9, 11

*Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.* ........................9

*In re Elonex Phase II Power Management Litigation,*
    2003 WL 21026758 at *1 (D. Del. 2003)................................................................2, 13, 14

*In re Elonex Phase II Power Management Litigation*, Civ. Act. No. 01-082-GMS, 2003 WL
    21026758 (D. Del. 2003)..........................................................................................14

*Motorola, Inc. v. PC-Tel, Inc.,*
    58 F. Supp.2d 349 (D. Del. 1999) .........................................................................12

*Motorola, Inc. v. PC-Tel, Inc.,* 58 F. Supp.2d 349 (D. Del. 1999)...........................8, 13


**Statutes**

10 <u>Del. C.</u> § 3104(c)(1)..............................................................................................1

10 <u>Del. C.</u> § 3104(c)(4)...........................................................................................1, 9

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Energy Transportation Group, Inc. ("ETG") filed its Complaint in this patent

infringement action on June 23, 2005. (D.I. 1). On August 22, 2005, Defendant Resistance

Technology, Inc. ("RTI") moved to dismiss based on lack of personal jurisdiction. (D.I. 56).

ETG opposed the motion (D.I. 77) and moved for expedited jurisdictional discovery. (D.I. 63).

On December 4, 2006, the Court denied RTI's motion to dismiss without prejudice and granted

ETG's motion for expedited jurisdictional discovery. (D.I. 135).

Following certain jurisdictional discovery by ETG, on June 8, 2007 RTI filed a Renewed

Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2). (D.I. 264). ETG

hereby opposes RTI's renewed motion.

## SUMMARY OF ARGUMENT

The exercise of personal jurisdiction over RTI is proper under the Delaware long-arm

statute. The long-arm statute authorizes the exercise of jurisdiction over any nonresident that,

among other things, (a) transacts any business or performs any character of work or service in

the State under 10 *Del. C.* § 3104(c)(1), or (b) causes tortious injury in the State or outside of the

State by an act or omission outside the State if the person regularly does or solicits business,

engages in any other persistent course of conduct in the State or derives substantial revenue from

services, or things used or consumed in the State under 10 *Del. C.* § 3104(c)(4).

The evidence reveals that RTI transacted business in Delaware, caused tortious injury by

acts and omissions outside Delaware, regularly did business in Delaware, engaged in other

persistent course of conduct in Delaware, and derived substantial revenue from services or things

used or consumed in Delaware. RTI did business with several Delaware vendors, targeted

Delaware companies for sales, and made multiple telephone calls, faxes to Delaware telephone

numbers, including to a consultant listed in RTI's "Address Book" who provided services

1

relating to bank transactions that included RTI as a party. RTI knew that its calls and faxes to the consultant were being made to Delaware.

Moreover, RTI is a leading seller of hearing aid components with substantial market share. It sold its products, including products that ETG accuses of infringement, to all major hearing aid companies, including those who distribute "everywhere" in the U.S. and directly market their products in Delaware. RTI "cannot credibly claim it had no inkling that some of its [products] would make their way into Delaware via well-established distribution channels." *See, e.g. In re Elonex Phase II Power Management Litigation*, Civ. Act. No. 01-082-GMS, 2003 WL 21026758 at *2 (D. Del. 2003) (Attached as Exhibit 1). Indeed, RTI has not asserted that it does not derive substantial revenue from sales of its products in Delaware. Nor does RTI deny that its products are likely to reach Delaware.

The exercise of personal jurisdiction also is proper under the Due Process Clause. RTI purposefully availed itself of the privileges of conducting activities in Delaware and should have reasonably foreseen that it might be haled before a Delaware court as a result of its conduct. RTI's contacts were continuous and systematic and, further, related to the present cause of action. In light of RTI's contacts, the exercise of personal jurisdiction over RTI is appropriate.

## STATEMENT OF FACTS

Several facts adduced in discovery establish that this Court may exercise personal

jurisdiction over RTI.  For example:



- RTI has a number of vendors in Delaware, ███████████████████████████

███████████████████████████████████████████████████████████████

██████████████[3]  Indeed, RTI admits that "several calls from RTI's facility were made to

DuPont in Delaware[.]"[4]

- Numerous calls, including faxes, were made from RTI telephones at RTI facilities to

Delaware to a consultant ███████████████████████████████████████████

██████████████[5]  The consultant, Philip Seamon, █████████████████████[6]  RTI

_____

[1] Appendix to Plaintiff's Response to Resistance Technology, Inc.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ("App.") B2 (RTI000068).

[2] *Id.*; App. B7, B8 (RTI 000086, RTI000089).

[3] App. B12 (RTI000250).

[4] RTI's "Memorandum of Law in Support of Defendant Resistance Technology Inc.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)," (D.I. 265), p. 3.

[5] App. B17, B18, B22, B23, B27, B31, B32, B36 - B42, B44 - B51, B53 - B58, B62 - B64, B66, B67, B69, B70, B72 - B74, B75 (Calls and faxes to Mr. Seamon; {RTI000794 [l. 74], RTI000795 [l. 11], RTI001057 [l. 143], RTI001058 [l. 197, 199 - 201], RTI001187 [l. 6], RTI001325 [l. 83], RTI001384 [l. 113], RTI001543 [l. 93], RTI001550 [l. 102], RTI001604 [l. 107], RTI001607 [l. 53], RTI001609 [ll. 8, 11], RTI001647 [l. 89], RTI001654 [l. 111], RTI001661 [ll. 17, 137], RTI001729 [ll. 14, 21], RTI001731 [l. 13], RTI001739 [l. 15], RTI001743 [l. 35, 41], RTI001744 [l. 75], RTI001759 [l. 21], RTI001802 [l. 70, 72], RTI001871 [ll. 38, 69, 88], RTI001885 [l. 35], RTI001944 [l. 62], RTI001949 [ll. 1, 2], RTI001954 [l. 5], RTI001969 [ll. 3, 22], RTI002189 [ll. 12, 13], RTI002195 [l. 93], RTI002196 [l. 7], RTI002205 [l. 81], RTI002262 [l. 84], RTI002336 [l. 44], RTI002420 [l. 169], RTI002489 [l. 531], RTI002509 [l. 171], RTI002512 [l. 589], RTI002492 [ll. 933, 934]}); App. B85 - B86 (Seamon Dep., 12:15 – 13:16); App. B88 - B92 (Seamon Dep., 15:8 – 17;17:19 - 19-12 ████████████

████████████████████████████████████████████████████████████████;

3

knew that its calls to the consultant were being made to Delaware.[7]

- Over six and half years, 82 telephone calls, including faxes, were made from RTI telephones
  at RTI facilities to Delaware telephone numbers.[8]

- [9]

- ████████████████████████████,[10]

Moreover, ████████████████████████████████████████████

████████████████[11] RTI's website states that it is "the world['s] largest

manufacturer" of several hearing aid components,[12] that RTI is a "world producer,"[13] and that

---

App. B93 - B95 (Seamon Dep., 25:19 – 27:4); App. B100 - B103 (Seamon Dep., 42:14 – 45:10);
App. B105 (Seamon Dep., 55:10 - 19 [Identifying his cellular telephone number.]); App. B117
(Seamon Dep., 73:14 - 22 [Identifying his home telephone number.]); App. B121 (Email from
counsel for RTI and Mr. Seamon, identifying Mr. Seamon's home facsimile number.]); App.
B109 - B114 (Seamon Dep., 60:21 – 65:3); App. B13 - B16 (RTI000402, RTI000415,
RTI000428, and RTI000440 [First pages of Third Waiver and Amendment Agreement and
amendments thereto, reflecting RTI as a party to the Agreement and amendments.].

   [6] App. B1 (RTI000067).

   [7] App. B150 (Gorder Dep., 40:10 - 15).

   [8] App. B17 - B75 (Telephone records); App. B141 - B143 (Gorder Dep., 26:10 - 28:23
[Testifying that the phone numbers in question belong to RTI.]); App. B144 - B147 (Gorder
Dep., 30:8 – 33:11 [Stating that he does not know who made the calls nor the purpose of the
calls.]); App. B121 (June 8, 2007 email from counsel for RTI and Mr. Seamon specifying Mr.
Seamon's home fax number).

   [9] App. B9 - B11 (RTI000113-5); App. B133 - B134 (Gorder Dep., 18:9 – 19:23).

   [10] App. B135 (Gorder Dep., 20:12 - 23).

   [11] App. B138-B139 (Gorder Dep., 23:13 - 15; 24: 8 - 11).

   [12] *See* App. B178 - B180 (Declaration of Brian M. Buroker ["Buroker Decl."], ¶11, Exh.
A), (D.I.63), and Exh. A9 thereto, App. B187, (D.I. 63); Amended Exhibits to Declaration of
Brain M. Buroker in Support of Motion for Expedited Jurisdictional Discovery and Extension of
Time (D.I. 63) ("Amended Exhs."), App. B209 - B211, (D.I. 72), and Exh. A9 thereto, App.
B235 (printout from RTI website at http://www.rti-corp.com/Hearing/RTIComp.html).

4

RTI has "worldwide customers."[14]



Among other things, RTI produces digital signal processing chips that are used in hearing

aid devices.[19]

---

[13] *See* App. B180 Buroker Decl., ¶11, (D.I. 63), and Exh. A10 thereto, App. B190; Amended Exhs., App. B238, (D.I. 72) (printout from RTI website at http://www.rti-corp.com/Corporate/RTIcorp_info.html).

[14] *Id.*; *see also* App. B136 (Gorder Dep., 21:10-14).

[15] App. B170 (Gorder Dep., 71:1 - 25).

[16] App. B170-B171 (Gorder Dep., 71:1 – 72:1).

[17] App. B170-B171 (Gorder Dep., 71:1 – 72:3).

[18] App. B171 (Gorder Dep., 72:19 - 23).

[19] *See* App. B179 Buroker Decl., ¶5, (D.I. 63), and App. B189 at Exh. A3; App. B216 - 17 at Amended Exhs.,( D.I. 72), (printout from RTI's website at http://www.rti-corp.com/index.htm).

[20] App. B154 - B155 (Gorder, Dep. p. 48:24 – 49:17); *see* App. B179 Buroker Decl., ¶ 9, (D.I. 63), App. B196 - B197 at Exh. A7, App. B224 - B226 Amended Exhs., (D.I. 72), (Starkey website search for locations near Wilmington, DE from http://www.starkey.com/pages/nextsteps/dealer_list.jsp?ZIP=19810).

[21] App. B137 (Gorder Dep., 22:1- 24).

[22] App. B137 - B138, B157 (Gorder Dep., 22:1 - 23:3; 51: 2 - 9).



[24]

[25] and that Delaware, with a current population of 853,000,[26]

[28]

[29]

As described more fully below, these and other RTI customers distribute hearing aids into Delaware.

For example,

[30] Sonic sells hearing aid devices[31]

[32] Sonic's website directs persons to

---

[23] App. B 137 - B139 (Gorder Dep., 22:14 - 24; 24:12-16).

[24] App. B139-B140 (Gorder Dep., 24:20 – 25:2).

[25] App. B172 (Gorder Dep., 73:7 - 24).

[26] http://quickfacts.census.gov/qfd/states/10000.html

[27] App. B172 - B173 (Gorder Dep., 73:25 – 74:5).

[28] App. B3 - B8 (RTI000070, RTI000074, RTI000078, RTI000080, RTI000086, RTI000089).

[29] App. B5 (RTI000078).

[30] App. B158 - B160 (Gorder Dep.,56:13 – 58:6).

[31] *See* App. B179 Buroker Decl., ¶ 6, (D.I. 63); App. B219 Amended Exhs., (D.I. 72), (Portion of Sonic Innovations's 2004 Annual Report).

[32] App. B168 - B169 (Gorder Dep., 69:17 – 70:17).

specific health care professionals in Delaware who offer Sonic hearing aid products.[33]

Similarly, RTI has a long-term "strategic relationship" with Defendant Starkey.[34]

████████████████████████████████████████████[35] ██████████████████████

██████████████████████[36] ████████████████████████████████████████████

██████████████[37] Like Sonic, Starkey's website directs persons to locations in Delaware where

its hearing aids may be obtained.[38]

█████████████████████████████████████████[39] Defendant Oticon

A/S designs and manufactures hearing aid products containing RTI's components.[40] Oticon

A/S's website search engine for Oticon hearing aid distributors provides Delaware customers

with three Delaware distributors.[41] Moreover, the website of American Hearing Aid Associates,

Inc. ("AHAA"), a hearing aid distribution entity owned 49% by Defendant William Demant

---

[33] See App. B179 Buroker Decl., ¶ 4, (D.I. 63); App. B212 - B215 Amended Exhs., (D.I. 72), (Printout from Sonic Innovation's website at http://www.sonicinnovations.com/locatepro/locateusa.php).

[34] See App. B179 Buroker Decl., ¶ 8, (D.I. 63), and App. B194 - B195 at Exh. A6, Amended Exhs., (D.I. 72), App. B221 - B223 (News article proclaiming strategic relationship).

[35] App. B154 - B155 (Gorder Dep., 48:24 – 49:17).

[36] App. B157 (Gorder Dep., 51:21 - 23).

[37] App. B168 - B169 (Gorder Dep., 69:17 – 70:17).

[38] See App. B179 Buroker Decl., ¶ 9, (D.I. 63), App. B196 - B197 at Exh. A7, App. B224 - B226 Amended Exhs., (D.I. 72), (Starkey website search for locations near Wilmington, DE from    http://www.starkey.com/pages/nextsteps/dealer_list.jsp?ZIP=19810).

[39] App. B163 - B164 (Gorder Dep., 61:18 – 62:10).

[40] Defendant William Demant Holding A/S's Brief in Support of its Motion to Dismiss William Demant Holding A/S for Lack of Personal Jurisdiction at p. 2, ¶¶ 2, 3, (D.I. 88).

[41] See App. B246 Second Buroker Decl., ¶ 20, (D.I. 89), App. B261 - B263 at Exh. A18, (Printed copy of http://hcl.oticon.us/(ro2dys55z50mom550l551o45)/viewMap.aspx).

Holding A/S[42] (the owner of Defendants Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC)[43] directs consumers to three Delaware providers,[44] one of which advertises its distribution of Oticon hearing aids,[45] and another (Bayside Health Association) that Oticon A/S represents to be an Oticon hearing aid distributor.[46]

## I.    ARGUMENT

### A.    The Exercise of Personal Jurisdiction over RTI is Proper Under the Delaware Long-Arm Statute

RTI correctly notes that "Delaware courts construe the long-arm statute broadly to confer jurisdiction to the maximum extent possible so as to 'provide residents a means of redress against those not subject to personal service within the state. [Citations omitted].'"[47] The Delaware long-arm statute reaches the maximum parameters of the Federal due process clause. *See Motorola, Inc. v. PC-Tel, Inc.,* 58 F. Supp.2d 349, 356 (D. Del. 1999).

Specifically, the Delaware long-arm statute authorizes the exercise of jurisdiction over any nonresident that, among other things:

---

[42] First Declaration of Niels Jacobsen ("Jacobsen Decl.") (Attached to Defendant William Demant Holding A/S's Brief in Support of its Motion to Dismiss William Demant Holding A/S for Lack of Personal Jurisdiction as Exhibit 1), ¶¶ 7, 8, (D.I. 88).

[43] *Id.* at ¶7.

[44] *See* App. B246 Second Buroker Decl., ¶ 17, (D.I. 89), and App. B251 - B254 at Exh. A15 thereto, (Screen shot of search results for providers near Dover, Delaware from http://ahaa.via.infonow.net/locator/jsp/index.jsp).

[45] *See* App. B246 Second Buroker Decl., ¶ 18, (D.I. 89); App. B255 - B258 at Exh. A16, (screen shot of http://www.delawarehearingconsultants.com/skillsexpertise/).

[46] *See* App. B246 Second Buroker Decl., ¶¶ 19 and 20, (D.I. 89), App. B259 - B260 at Exh. A17, and App. B261 - B263 at Exh. A18, (Screen shots of http://hcl.oticon.us/(ro2dys55z50mom550l551o45)/form.aspx and ¶20 and http://hcl.oticon.us/(ro2dys55z50mom550l551o45)/viewMap.aspx [Bayside Health Association]).

[47] Defendant Resistance Technology, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2), (D.I. 56), p. 4.

1.    **Transacts any business or performs any character of work or service in the State;[48] or**

2.    **Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.[49]**

The evidence reflects that RTI transacted business in Delaware, caused tortious injury by acts and omissions outside Delaware, and that RTI regularly did business, engaged in other persistent course of conduct in Delaware, and derived substantial revenue from services or things used or consumed in Delaware.

This case is similar to *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.,* 395 F.3d 1315 (Fed. Cir. 2005), in which the defendant manufactured and sold electronic products to companies that incorporated them into computer monitors, which they in turn sold to national retailers. *Id.* at 1317. The defendant was the "number one supplier" of its products, supplying roughly 12% of the product market, and North America accounted for approximately 30% of its sales. *Id.* at 1317. Although the defendant argued that it had not transacted business itself in Delaware, had not performed any type of work in Delaware, had no operations in Delaware, had no employees who worked or resided in Delaware, held no license to do business in Delaware, and did not own, lease, use or otherwise possess any property in Delaware, the Court noted that the defendant failed to submit any evidence contradicting the plaintiff's allegation that the defendant derived substantial revenue from sales of its products to Delaware. *Id.* at 1317. The Court also noted that the defendant failed to submit evidence contradicting the plaintiff's assertion that its products, as incorporated by others into computer monitors, were

---

[48] 10 *Del. C.* § 3104(c)(1).

[49] 10 *Del. C.* § 3104(c)(4).

9

likely to reach Delaware. *Id.* at 1317, 1318. The Court explained that the plaintiff "has already made a prima facie case for [defendant]'s use of an established distribution network that likely results in substantial sales of its products in Delaware.," [*Id.* at 1323] and that "[t]he evidence on the established distribution channels presented by [plaintiff] suggests that the flow of CMO products to Delaware is 'regular and anticipated,' and more than 'unpredictable currents or eddies,' thus likely satisfying Justice Brennan's version of the stream of commerce theory. " *Id.* at 1321-2.

Here, RTI sells chips and other components that are incorporated into the hearing aid devices of all major hearing aid manufacturers, and even assembles hearing aids for major hearing aid manufacturers. Several of those manufacturers, including several Defendants to this litigation, sell their RTI-containing products in Delaware. RTI does not dispute that its products are likely to reach Delaware. Nor does it present any evidence contradicting ETG's charge that it derives substantial revenue from sales of its products in Delaware. ██████████████

████████████████████████████████████████████████████████████████████[50]

As one of the three largest manufacturers of hearing aid components in the world, ████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ RTI's products, including the infringing Clari-D products, are sold to virtually all hearing aid manufacturers, which, in turn, distribute hearing aids widely in the U.S. ████████████

████████████████████████████████████████████████ Indeed, it is undisputed that RTI's customers distribute hearing aids containing RTI's components in Delaware. Defendants Starkey, Sonic and Oticon A/S direct Delaware consumers, via their

---

[50] App. B175 - B176 (Gorder Dep., 76:12 – 77:12).

websites, to specific health care professionals in Delaware who offer hearing aid products containing RTI's components. The website of American Hearing Aid Associates, Inc. ("AHAA"), a hearing aid distribution entity owned 49% by Defendants Oticon's and Bernafon's parent company, also directs consumers to Delaware providers who distribute hearing aids containing RTI's components.

Like the plaintiff in *Commissariat A L'Energie Atomique*, RTI purposefully availed itself of an established distribution network directed to Delaware. *See Id.* at 1323. RTI is a top world producer of hearing aid components and chips, with a higher percentage of its product market than the defendant in *Commissariat A L'Energie Atomique*, and sells its products to all major hearing aid manufacturers, who direct their customers to specific Delaware locations where their products are sold.

Not only did RTI purposefully avail itself of an established distribution network directed to Delaware, but it also itself conducted business with several Delaware vendors: CSC, the Delaware Secretary of State, and E.I. DuPont De Nemours & Co. RTI also targeted Delaware companies for sales. ████████████████████████████████ ████████████████████████████████████████████[51] and, in fact, RTI's sales persons did call on customers on a global basis, with **82** telephone calls and faxes made from RTI telephones at RTI facilities to Delaware telephone numbers. By themselves, the quantity and regularity of these calls to Delaware represent more than a rare contact with Delaware, and do represent continuous and systematic contact with Delaware.

Moreover, numerous calls, including faxes, to Delaware from RTI telephones at RTI facilities were made to a consultant, Philip Seamon. While RTI claims that all the calls came

---

[51] App. B132 - B133 (Gorder Dep., 17:21 – 18:1).

11

from RTI's parent company, it is undisputed that the calls were made from **RTI** telephones at **RTI** facilities,[52] Mr. Seamon 

[53] Regardless, there can be no question that RTI was aware that its calls and faxes to Mr. Seamon were being made to Delaware.

Other caselaw further supports this Court's exercise of personal jurisdiction over RTI. For example, in *Motorola, Inc. v. PC-Tel, Inc.,* 58 F. Supp.2d 349, 353 (D. Del. 1999), the defendant never sold its products into Delaware. However, the Court found its exercise of personal jurisdiction appropriate, noting:

> [Defendant] AltoCom  and its licensees (and their sublicensees) ***consorted*** [court's emphasis] by acting in concurrence or harmony. Specifically, AltoCom's softmodem product is manufactured for integration by another manufacturer into an end user consumable. This product is, in turn, placed into a distribution chain which at its end consist of a variety of retail outlets that sell these products directly to purchasers of electronic goods, *i.e.,* retail consumers. Many, if not all, of these outlets have a national presence. Indeed, AltoCom's softmodems are distributed internationally.  In this respect, AltoCom "act[ed] in consort" with its licensees to place its softmodems in the stream of commerce.
> …
> Thus, ***by contracting with entities that have a market presence both nationally and world-wide, AltoCom can hardly be heard to complain that it did not know the likely destination of some of its***

---

[52] App. B17 - B75 (Telephone records); App. B141 - B143 (Gorder Dep., 26:10 – 28:23 [Testifying that the phone numbers in question belong to RTI.]); App. B144 - B147 (Gorder Dep., 30:8 – 33:11 ████████████████████████████████████████
████ ; App. B121 (June 8, 2007 email from counsel for RTI and Mr. Seamon specifying Mr. Seamon's home fax number).

[53] Seamon Dep., 19:8-12.

> ***products would include this forum*** [emphasis added]. Indeed, the
> company, acting in concert with its licensees, sells its products
> expressly for integration into end user products with full
> knowledge that these goods will then be placed into established
> distribution channels that service the State of Delaware.

*Id*. at 355. The Court concluded that the stream of commerce distribution properly invoked the

Delaware long-arm statute. *Id.* at 356-57.

Similarly, in *In re Elonex Phase II Power Management Litigation*, Civ. Act. No. 01-082-

GMS, 2003 WL 21026758 at *1 (D. Del. 2003) (Attached as Exhibit 1), the defendant sold

monitors to two United States monitor companies with nationwide retail distribution networks

that included retailers such as Best Buy, Office Depot, and Circuit City, which had stores in

Delaware.  The Court noted:

> [Defendant] Jean has, for many years, been the first link in
> precisely the kind of indirect distribution chain that the Federal
> Circuit found sufficient to establish personal jurisdiction.
> Specifically, Jean sells it[s] monitors to ViewSonic and eMachines,
> who in turn distribute Jean's monitors to retailers with Delaware
> operations.  Given ViewSonic's and eMachines' extensive re-seller
> networks in Delaware and on the Internet, Jean cannot credibly
> claim it had no inkling that some of its monitors would make their
> way into Delaware via well-established distribution channels.

*Id.* at *2. The Court concluded that the defendant's "knowing and purposeful shipment of

monitors satisfies the act requirement of Section 3104(c)(4)" and that "[b]ecause Jean undeniably

derives substantial revenue from these activities, it is subject to jurisdiction under Delaware's

long-arm statute." *Id.*

As in *Motorola* and *In re Elonex*,  RTI sells its components, including infringing

components, to large hearing aid companies that distribute worldwide and "everywhere" in the

U.S. and directly market their products in Delaware.  Thus, RTI "cannot credibly claim it had no

13

inkling that some of its [products] would make their way into Delaware via well-established distribution channels." *In re Elonex*, 2003 WL 21026758 at *2.

Accordingly, the evidence establishes that RTI transacted business in Delaware, caused tortious injury by acts and omissions outside Delaware, and that RTI regularly did business, engaged in other persistent course of conduct in Delaware, and derived substantial revenue from services, or things used or consumed in Delaware. The exercise of personal jurisdiction is proper under 10 *Del. C.* § 3104(c)(1).

**B.    The Exercise of Personal  Jurisdiction over RTI is Proper Under the Due Process Clause**

As in *Motorola, Inc. v. PC-Tel, Inc.,* 58 F. Supp.2d 349 (D. Del. 1999) and *In re Elonex Phase II Power Management Litigation*, Civ. Act. No. 01-082-GMS, 2003 WL 21026758 (D. Del. 2003), (discussed above), the exercise of personal jurisdiction here is consistent with due process. RTI conducted business with several Delaware vendors, targeted Delaware companies for sales, and made **82** telephone calls and faxes to Delaware telephone numbers, including to a consultant listed in RTI'*s* address book who provided services relating to bank transactions that included RTI as a party. Further, RTI was aware that its calls and faxes to the consultant were being made to Delaware.

Additionally, RTI, a leading seller of hearing aid component parts with substantial market shares, sold its products, including the infringing products, to virtually all the major hearing aid companies, who distribute worldwide and "everywhere" in the U.S. and directly market their products in Delaware. RTI "cannot credibly claim it had no inkling that some of its [products] would make their way into Delaware via well-established distribution channels." *In re Elonex*, 2003 WL 21026758 at *2. RTI was aware or should have been aware that the chains of distribution to which it purposely availed itself were directed, at least in part, to Delaware. In

fact, RTI fails to assert that it does not derive substantial revenue from sales of its products in Delaware. Nor does RTI deny that its products are likely to reach Delaware.

RTI purposefully availed itself of the privileges of conducting activities in Delaware and should have reasonably foreseen that it might be haled before a Delaware court as a result of its conduct. RTI's contacts were continuous and systematic and, further, related to the present cause of action. In light of RTI's contacts, the exercise of personal jurisdiction over RTI comports with Due Process.

## **CONCLUSION**

Defendant RTI has had continuous and systematic contacts with Delaware. Additionally, RTI availed itself of a chain of distribution, through the world's largest custom hearing aid manufacturers, directed toward Delaware. The exercise of personal jurisdiction is proper under both the Delaware long-arm statute and due process. Thus, RTI's motion should be denied.

Date: June 22, 2007

/s/ *Thomas H. Kovach*

*OF COUNSEL:*

Edmond D. Johnson (# 2257)

Brian M. Buroker

Thomas H. Kovach (# 3964)

Robert L. Kinder, Jr.

PEPPER HAMILTON LLP

HUNTON & WILLIAMS LLP

Hercules Plaza Suite 5100

1900 K Street, N.W.; Suite 1200

1313 Market Street

Washington, DC 20006-1109

Wilmington, DE 19899-1709

Telephone: (202) 955-1500

Telephone: (302) 777-6500

Maya M. Eckstein

*Attorneys for Energy Transportation Group, Inc.*

HUNTON & WILLIAMS LLP

Riverfront Plaza, East Tower

951 East Byrd Street

Richmond, VA 23219-4074

Telephone: (804) 788-8788

Marty Steinberg

HUNTON & WILLIAMS LLP

Mellon Financial Center

1111 Brickell Avenue, Suite 2500

Miami, FL 33131

Telephone: (305) 810-2505

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on 17th of July, 2007, I caused a copy of the public version of foregoing *Plaintiff's Memorandum of Law in Opposition to Resistance Technology, Inc.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) [PUBLIC VERSION]* to be served upon the following parties via electronic mail:

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC  20001-4413

*Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC*

Jack B. Blumenfeld (#1014)
Maryellen E. Noreika (#3208)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704

*Attorneys for GN ReSound A/S and GN Hearing Care Corporation*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19899

James R. Sobieraj
Meredith Martin Addy
David H. Bluestone
Jeffrey A. Marx
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr., Suite 3600
Chicago, IL 60611

*Attorneys for Phonak Inc., Phonak LLC,
Unitron Hearing Inc., and Unitron Hearing
Ltd.*

Barry M. Klayman (#3676)
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market St., Suite 1001
Wilmington, DE 19801

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

*Attorneys for Resistance Technology Inc.*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple, Suite 2000
Salt Lake City, UT 84111

*Attorneys for Sonic Innovations, Inc.*

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Amy Quinlan (#3021)
MORRIS, JAMES, HITCHENS & WILLIAMS
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

*Attorneys for Starkey Laboratories, Inc.*

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
Wilmington, DE  19899

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC  20037

*Attorneys for Widex A/S, Widex Hearing Aid
Co., Inc.*

/s/ *Thomas H. Kovach*
Thomas H. Kovach (# 3964)