IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) C. A. No. 05-422 (GMS) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SONIC INNOVATIONS, INC., et al. | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF SUBPOENA AD TESTIFICANDUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Sonic Innovations, Inc. has served or will serve the attached subpoena and accompanying attachments thereto on Mr. Kim Weaver, 311 Seminole Drive, Boulder, Colorado 80303. Please be advised that the examination will be conducted before a person duly authorized and will be recorded by stenographic and videographic means. You are invited to attend and cross-examine.

OF COUNSEL:

L Brett L. Foster
L. Grant Foster
Bryan K. Hanks
Holland & Hart
60 E. South Temple, Suite 2000
Salt Lake City, UT 84111
Tel: (801) 799-5800

Donald A. Degnan
Holland & Hart
1800 Broadway, Suite 300
Boulder, Colorado 80302
Tel: (303) 473-2700

Dated: August 2, 2007
810610 / 29316

POTTER ANDERSON & CORROON LLP

By: /s/ *Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Sonic Innovations, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

ENERGY TRANSPORTATION GROUP, INC.,

    Plaintiff,

vs.

SONIC INNOVATIONS, INC., et al.,

    Defendants.

**SUBPOENA IN A CIVIL CASE**
Civil Action No. 05-422 (GMS) (D. Del.)

TO:    **MR. KIM WEAVER**
         **311 SEMINOLE DRIVE**
         **BOULDER, CO 80303**
         **(720) 304-2695**

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM: |
|---|---|
|  | DATE AND TIME: |

YOU ARE HEREBY COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|
| HOLLAND & HART LLP<br>ONE BOULDER PLAZA<br>1800 BROADWAY, SUITE 300<br>BOULDER, CO 80302 | Saturday, August 25, 2007<br>9:00 a.m.. |

YOU ARE HEREBY COMMANDED to produce and permit inspection and copying of the following

| PLACE: Copies to be mailed to: | DATE AND TIME: |
|---|---|
|  |  |

YOU ARE HEREBY COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME: |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE: | DATE: |
|---|---|
| s/ Donald A. Degnan<br>Attorney for Defendant Sonic Innovations, Inc. | August 2, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Donald A. Degnan
One Boulder Plaza
1800 Broadway, Suite 300, Boulder, CO 80302
Telephone: 303-473-2724

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVICE ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY | TITLE |
|---|---|
| | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                DATE                                              SIGNATURE OF SERVER

                                                                  _____
                                                                  ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C&D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commended to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or
(ii) requires a disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom to subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on August 2, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 2, 2007, I have Electronically Mailed the document to the following person(s):

REPRESENTING ENERGY
TRANSPORTATION GROUP, INC.

Edmond D. Johnson
PEPPER HAMILTON LLP
**johnsone@pepperlaw.com**

Thomas H. Kovach
PEPPER HAMILTON LLP
**kovacht@pepperlaw.com**

Brian M. Buroker
HUNTON & WILLIAMS LLP
**etg@hunton.com**

Yisun Song
HUNTON & WILLIAMS LLP
**ysong@hunton.com**

Marty Steinberg
HUNTON & WILLIAMS LLP
**msteinberg@hunton.com**

| | |
|---|---|
| REPRESENTING GN RESOUND A/S AND GN HEARING CARE CORPORATION | Jack B. Blumenfeld<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**jblumenfeld@mnat.com**<br><br>Maryellen Noreika<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**mnoreika@mnat.com**<br><br>Kenneth B. Herman<br>ROPES & GRAY LLP<br>**kenneth.herman@ropesgray.com**<br><br>William J. McCabe<br>ROPES & GRAY LLP<br>**william.mccabe@ropesgray.com**<br><br>Jeffrey D. Mullen<br>ROPES & GRAY LLP<br>**jeffrey.mullen@ropesgray.com**<br><br>Eric R. Hubbard<br>ROPES & GRAY LLP<br>**eric.hubbard@ropesgray.com**<br><br>David S. Chun<br>ROPES & GRAY LLP<br>**david.chun@ropesgray.com** |
| REPRESENTING PHONAK AG, PHONAK INC., PHONAK, LLC, UNITRON HEARING LTD., AND UNITRON HEARING, INC. | Thomas C. Grimm<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**tgrimm@mnat.com**<br><br>Leslie A. Polizoti<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**lpolizoti@mnat.com**<br><br>James R. Sobieraj<br>David H. Bluestone<br>BRINKS HOFER GILSON & LIONE<br>**phonaketg@brinkshofer.com** |
| REPRESENTING RESISTANCE TECHNOLOGY INC. | Barry M. Klayman<br>WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP<br>**bklayman@wolfblock.com**<br><br>Jeffrey D. Shewchuk<br>SHEWCHUK IP SERVICES, LLP<br>**jdshewchuk@comcast.net** |

2

| | |
|---|---|
| REPRESENTING STARKEY LABORATORIES, INC. | Mary B. Matterer<br>MORRIS, JAMES, HITCHENS & WILLIAMS<br>**mmatterer@morrisjames.com**<br><br>Amy A. Quinlan<br>MORRIS, JAMES, HITCHENS & WILLIAMS<br>**aquinlan@morrisjames.com**<br><br>Steven L. Reitenour<br>BOWMAN AND BROOKE LLP<br>**steve.reitenour@bowmanandbrooke.com**<br><br>Richard G. Morgan<br>BOWMAN AND BROOKE LLP<br>**richard.morgan@bowmanandbrooke.com** |
| REPRESENTING WIDEX A/S AND WIDEX HEARING AID CO. INC. | Donald E. Reid<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**dreid@mnat.com**<br><br>William H. Mandir<br>SUGHRUE MION PLC<br>**wmandir@sughrue.com**<br><br>David J. Cushing<br>SUGHRUE MION PLC<br>**dcushing@sughrue.com**<br><br>Carl J. Pellegrini<br>SUGHRUE MION PLC<br>**cpellegrini@sughrue.com** |
| REPRESENTING WILLIAM DEMANT HOLDING A/S, WDH, INC., OTICON A/S, OTICON INC., BERNAFON AG, AND BERNAFON, LLC | Mary B. Graham<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**mgraham@mnat.com**<br><br>James W. Parrett<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**jparrett@mnat.com**<br><br>John M. Romary<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**john.romary@finnegan.com**<br><br>C. Gregory Gramenopoulos<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**c.gregory.gramenopoulos@finnegan.com** |

*/s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)

775184 / 29316

3