IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENERGY TRANSPORTATION GROUP, INC.

Plaintiff,

v.

SONIC INNOVATION, INC., et al,

Defendants.

C.A. No. 05-422 (GMS)

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that on July 20, 2007 Defendants Widex A/S and Widex Hearing Aid Co., Inc., served a subpoena to command the production for inspection and copying of the documents requested in Exhibit A attached thereto at the offices of Sughrue Mion, PLLC, 401 Castro Street, Suite 220, Mountain View, CA 94041. The subpoena was served pursuant to Rule 45 of the Federal Rules of Civil Procedure upon Harry Levitt, LLP, c/o Brian M. Buroker, Esq., HUNTON & WILLIAMS LLP, 1900 K St. NW, Suite 1200, Washington, DC 20006.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

SUGHRUE MION PLLC
William H. Mandir
David J. Cushing
Carl J. Pellegrini
2100 Pennsylvania Avenue, NW
Washington, DC 20037
202/293-7600

August 9, 2007

Donald E. Reid (#1058)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302/351-9219
  Attorneys for Defendants
  Widex A/S and Widex Hearing Aid Co., Inc.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| NORTHERN | **DISTRICT OF** | CALIFORNIA |
|---|---|---|

ENERGY TRANSPORTATION GROUP, INC., Plaintiff

V.

SONIC INNOVATION, INC. et. al, Defendant

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: C.A. No. 05-422 (GMS)
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

TO:  Harry Levitt
      998 SeaEagle Drive
      Bodega Bay, CA  94923

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE ATTACHED SCHEDULE A**

| PLACE | DATE AND TIME |
|---|---|
| SUGHRUE MION, PLLC, 401 Castro Street, Suite 220, Mountain View, California 94041, (650) 625-8100 | August 3, 2007, at 9:30 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants Widex A/S and Widex Hearing Aid Co. Inc. | 7/20/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Carl J. Pellegrini, Esq., SUGHRUE MION, PLLC, 2100 Pennsylvania Ave, N.W., Suite 800, Washington, D.C. 20037, (202) 293-7060

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of Issuance, state district under case number.

AO 88 (rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                                    SIGNATURE OF SERVER

                                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS
    (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.
    (2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3) (A)  On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it
        (i)  fails to allow reasonable time for compliance;
        (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transact business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)  subjects a person to undue burden.
    (B)  If a subpoena
        (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)  DUTIES IN RESPONDING TO SUBPOENA.
    (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2)  when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ETG v. SONIC INNOVATION, INC., ET AL.
CASE NO. C.A. No. 05-422 (GMS), DISTRICT OF DELAWARE
SUBPOENA TO HARRY LEVITT

## SCHEDULE A

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the time and place specified in the subpoena to which this Schedule A is attached.

## DEFINITIONS

The following definitions apply to the document requests set forth below:

1.     "CUNY" refers to The City University of New York, including The Graduate School and University Center of The City University of New York, The Graduate School of The City University of New York, and Research Foundation of The City University of New York, or any successors thereof.

2.     "VA" refers to the United States Department of Veterans Affairs and the United States Department of Veterans Administration.

3.     "AT&T" refers to American Telephone & Telegraph Company, American Telephone & Telegraph Corporation, AT&T Corporation, American Telephone & Telegraph, Inc., Bell Laboratories, Bell Labs, AT&T Bell Laboratories, Bell Telephone Laboratories, and any affiliated entities.

## DOCUMENT REQUESTS

1.     All documents dated or generated between January 1, 1980, and November 7, 1989,  concerning research on hearing aids and/or hearing impairment conducted, supervised or reviewed by you.

A-1

ETG v. SONIC INNOVATION, INC., ET AL.
CASE NO. C.A. No. 05-422 (GMS), DISTRICT OF DELAWARE
SUBPOENA TO HARRY LEVITT

2.    All documents dated or generated between January 1, 1980, and November 7, 1989,  concerning hearing aids and/or hearing impairment, including without limitation documents prepared pursuant to your relationship with CUNY.

3.    All documents dated or generated between January 1, 1980, and November 7, 1989, concerning hearing aids and/or hearing impairment and authored or presented by or for the VA, and/or persons affiliated with the VA.

4.    All documents generated during the period of your employment or association with CUNY concerning consulting performed by you or persons directed by you, concerning hearing aids and/or hearing impairment with any third party.

5.    All documents concerning any consulting performed by you or persons directed by you with any of the parties to this action or any predecessor in interest to any of those parties.

6.    All documents dated or generated between January 1, 1980, and November 7, 1989, concerning any consulting performed by you or persons directed by you with AT&T or any successor to AT&T.

7.    All documents dated or generated between January 1, 1980, and November 7, 1989, concerning hearing aids and/or hearing impairment and authored or presented by or for Nicolet Instrument Corporation ("Nicolet") and/or persons affiliated with Nicolet.

8.    All documents dated or generated between January 1, 1980, and November 7, 1989, concerning any consulting performed by you or persons directed by you with Nicolet Instrument Corporation or any successor thereof.

A-2

ETG v. SONIC INNOVATION, INC., ET AL.
CASE NO. C.A. No. 05-422 (GMS), DISTRICT OF DELAWARE
SUBPOENA TO HARRY LEVITT

9.     All documents dated or generated between January 1, 1980, and November 7, 1989, concerning hearing aids and/or hearing impairment and authored or presented by or for "Project Phoenix," and/or persons affiliated with "Project Phoenix, " including without limitation, any consulting performed by you, or persons under your direction, with  "Project Phoenix," and/or persons affiliated with "Project Phoenix."

10.     All documents dated or generated between January 1, 1980, and November 7, 1989, concerning hearing aids and/or hearing impairment and authored or presented by or for Central Institute for the Deaf ("CID") and/or persons affiliated with CID, including without limitation, any consulting performed by you, or persons under your direction, with CID and/or persons affiliated with CID.

11.     All documents dated or generated between January 1, 1980, and November 7, 1989, concerning hearing aids and/or hearing impairment and authored or presented by or for the University of Wyoming and/or persons affiliated with the University of Wyoming, including without limitation, any consulting performed by you, or persons under your direction, with the University of Wyoming and/or persons affiliated with the University of Wyoming.

12.     All documents dated or generated between January 1, 1980, and November 7, 1989, concerning hearing aids and/or hearing impairment and authored or presented by or for Brigham Young University (BYU") and/or persons affiliated with BYU, including without limitation, any consulting performed by you, or persons under your direction, with BYU and/or persons affiliated with the BYU.

A-3