IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-422 (GMS) |
| | ) |
| SONIC INNOVATIONS, INC., et al, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the attached subpoena will be served on Harry Levitt.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Jack B. Blumenfeld*

        Jack B. Blumenfeld (#1014)
        Maryellen Noreika (#3208)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE 19899
        (302) 658-9200
        jblumenfeld@mnat.com
        mnoreika@mnat.com
            *Attorneys for Defendants GN ReSound A/S*
            *and GN Hearing Care Corporation*

*Of Counsel:*

Kenneth B. Herman
Eric R. Hubbard
William J. McCabe
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

August 16, 2007

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ENERGY TRANSPORTATION GROUP, INC.,

    Plaintiff,

v.

SONIC INNOVATION, INC., ET AL.,

    Defendants.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-422 (GMS)
United States District Court
District of Delaware

TO: Harry Levitt
998 SeaEagle Drive
Bodega Bay, CA 94923
(707) 875-2289

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sheraton Gateway SF Airport<br>600 Airport Blvd., Burlingame, CA 94010 | August 23, 2007 |

☐ YOU ARE COMMANDED to produce and permit inspection, copying, testing or sampling of the following documents, electronically stored information or objects at the place, date, and time specified below (list documents, electronically stored information or objects): SEE SCHEDULE A ATTACHED HERETO

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for GN Resound A/S and GN Resound Corporation | 8/15/07 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
|---|---|
| Eric R. Hubbard<br>Ropes & Gray LLP<br>1211 Ave. of the Americas, New York, NY 10036 | (212) 596-9000 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Date | Place |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 16, 2007, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on August 16, 2007 upon the following parties:

**BY ELECTRONIC MAIL:**

| | |
|---|---|
| REPRESENTING ENERGY TRANSPORTATION GROUP, INC. | Edmond D. Johnson<br>PEPPER HAMILTON LLP<br>**johnsone@pepperlaw.com**<br><br>Thomas H. Kovach<br>PEPPER HAMILTON LLP<br>**kovacht@pepperlaw.com**<br><br>Brian M. Buroker<br>HUNTON & WILLIAMS LLP<br>**etg@hunton.com** |
| REPRESENTING PHONAK AG, PHONAK INC., PHONAK, LLC, UNITRON HEARING LTD., AND UNITRON HEARING, INC. | Thomas C. Grimm<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**tgrimm@mnat.com**<br><br>Leslie A. Polizoti<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**lpolizoti@mnat.com**<br><br>James R. Sobieraj<br>David H. Bluestone<br>BRINKS HOFER GILSON & LIONE<br>**phonaketg@brinkshofer.com** |
| REPRESENTING RESISTANCE TECHNOLOGY INC. | Barry M. Klayman<br>WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP<br>**bklayman@wolfblock.com**<br><br>Jeffrey D. Shewchuk<br>SHEWCHUK IP SERVICES, LLP<br>**jdshewchuk@comcast.net** |

| | |
|---|---|
| REPRESENTING SONIC INNOVATIONS, INC. | Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>**sonicnet@potteranderson.com**<br><br>Donald Degnan<br>HOLLAND AND HART LLP<br>**ddegnan@hollandhart.com**<br><br>Bryan K. Hanks<br>HOLLAND AND HART LLP<br>**bkhanks@hollandhart.com** |
| REPRESENTING STARKEY LABORATORIES, INC. | Mary B. Matterer<br>MORRIS, JAMES, HITCHENS & WILLIAMS<br>**mmatterer@morrisjames.com**<br><br>Amy A. Quinlan<br>MORRIS, JAMES, HITCHENS & WILLIAMS<br>**aquinlan@morrisjames.com**<br><br>Steven L. Reitenour<br>BOWMAN AND BROOKE LLP<br>**steve.reitenour@bowmanandbrooke.com**<br><br>Richard G. Morgan<br>BOWMAN AND BROOKE LLP<br>**richard.morgan@bowmanandbrooke.com** |
| REPRESENTING WIDEX A/S AND WIDEX HEARING AID CO. INC. | Donald E. Reid<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**dreid@mnat.com**<br><br>William H. Mandir<br>SUGHRUE MION PLC<br>**wmandir@sughrue.com**<br><br>David J. Cushing<br>SUGHRUE MION PLC<br>**dcushing@sughrue.com**<br><br>Carl J. Pellegrini<br>SUGHRUE MION PLC<br>**cpellegrini@sughrue.com** |

2

| | |
|---|---|
| REPRESENTING WILLIAM DEMANT HOLDING A/S, WDH, INC., OTICON A/S, OTICON INC., BERNAFON AG, AND BERNAFON, LLC | Mary B. Graham<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**mgraham@mnat.com;**<br>**mbgeservice@mnat.com**<br><br>John M. Romary<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**john.romary@finnegan.com**<br><br>C. Gregory Gramenopoulos<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**c.gregory.gramenopoulos@finnegan.com** |

**BY HAND:**

Thomas H. Kovach
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, DE 19899

Richard L. Horwitz
POTTER ANDERSON & CORROON, LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

Thomas C. Grimm
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899

Barry M. Klayman
WOLF, BLOCK, SCHORR & SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801

Edmond D. Johnson
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19899

Mary B. Matterer
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494

Mary B. Graham
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899

Donald E. Reid
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

3