IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-422 (GMS) |
| ) | |
| SONIC INNOVATIONS, INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPENING BRIEF OF WILLIAM DEMANT HOLDING A/S IN SUPPORT OF ITS
RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                Mary B. Graham (#2256)
                James W. Parrett, Jr. (#4292)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE 19899
                302.658.9200

                *Attorneys for William Demant Holding A/S*

OF COUNSEL:

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC 20001-4413
202.408.4000

Dated: August 20, 2007

TABLE OF CONTENTS

| | | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| NATURE AND STAGE OF THE PROCEEDING | | 1 |
| ARGUMENT | | 2 |
| | I. KNOWLEDGE OF PATENTS IS A PREREQUISITE TO INDUCED INFRINGEMENT JURISDICTION | 2 |
| | II. THERE EXISTS NO CREDIBLE EVIDENCE OF PRE-SUIT PATENT KNOWLEDGE | 2 |
| | III. THERE EXISTS NO CREDIBLE EVIDENCE OF ENCOURAGEMENT TO INFRINGE | 3 |
| | IV. THE EVIDENCE OF RECORD DOES NOT SUPPORT KEEPING WDH A/S IN THE CASE | 4 |
| CONCLUSION | | 6 |

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
   160 F.3d 1373 (Fed. Cir. 1998) ......... 5

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994) ......... 4

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ......... 5

*Carteret Sav. Bank, FA v. Shushan*,
   954 F.2d 141 (3d Cir. 1992) ......... 5

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ......... 3

*Faro Tech., Inc. v. Cimcore Corp.*,
   No. 6:05-CV-1702-ORL-31JGG, 2006 WL 1119223 (M.D. Fla. Apr. 27, 2006) ......... 6

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
   466 U.S. 408 (1984) ......... 4-5

*Insituform Techs., Inc. v. Cat Contracting, Inc.*,
   161 F.3d 688 (Fed. Cir. 1998) ......... 2

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ......... 5

*Jeffreys v. Exten*,
   784 F. Supp. 146 (D. Del. 1992) ......... 5

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ......... 5

*Manville Sales Corp. v. Paramount Sys., Inc.*,
   917 F.2d 544 (Fed. Cir. 1990) ......... 2

*Perkins v. Benguet Consol. Mining Co.*,
   342 U.S. 437 (1952) ......... 4

*Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*,
   819 F.2d 434 (3d. Cir. 1987) ......... 4

*Tegal Corp. v. Tokyo Electron Co.*,
   248 F.3d 1376 (Fed. Cir. 2001) ......................................................................... 4

**STATUTES**

35 U.S.C. § 271(b) ...................................................................................................... 1-2

Case 1:05-cv-00422-GMS   Document 354   Filed 08/20/2007   Page 4 of 14

## NATURE AND STAGE OF THE PROCEEDING

The plaintiff, Energy Transportation Group, Inc. ("ETG") has never contested that defendant William Demant Holdings A/S ("WDH A/S") cannot be liable for direct infringement because, as a holding company, it does not make, use, sell, offer to sell, or import into the United States any accused infringing products. ETG opposed WDH A/S's earlier motion to dismiss, however, citing the need to discover whether WDH A/S knew of the patents-in-suit and actively encouraged other defendants to infringe those patents (i.e., whether WDH A/S actively induced infringement under 35 U.S.C. § 271(b)). (D.I. 88, 89.) This Court then gave ETG leeway to take "limited" discovery of WDH A/S "necessary to make out a claim for induced infringement." (D.I. 135 at 2.) As the Court noted, to establish specific personal jurisdiction based on inducement, ETG would have to prove, *inter alia*, that WDH A/S had knowledge of the patents-in-suit. (*Id.* at n.2.)

After eight months of subsequent discovery, which included deposing other parties who interacted with WDH A/S and having WDH A/S scour its electronic and physical files for any reference to the patents-in-suit, ETG has found no evidence contradicting the sworn declaration of WDH A/S's president who affirmed that, before this suit, WDH A/S possessed no knowledge of the asserted ETG patents. Therefore, at the close of discovery, WDH A/S now renews its motion to dismiss for lack of personal jurisdiction.

ARGUMENT

I. KNOWLEDGE OF PATENTS IS A PREREQUISITE TO INDUCED INFRINGEMENT JURISDICTION

Last December, this Court succinctly summarized the law of active inducement:

> Section 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Under this section, the plaintiff must establish "that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute infringement. The plaintiff has the burden of showing that the alleged infringer's action induced infringing acts *and* that he knew or should have known his actions would induce actual infringements." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990). **Implicit in the intent analysis, is a showing by the plaintiff that the defendant was aware of the patent or patents-in-suit prior to engaging in the alleged actions constituting inducement.** *See id.* at 554; *see also Insituform Techs., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998).

*Id.* (emphasis added). In other words, as a threshold matter, to establish specific personal jurisdiction based on active inducement, ETG must come forward with evidence that WDH A/S was aware of the patents prior to any inducing acts. As shown below, no such evidence exists.

II. THERE EXISTS NO CREDIBLE EVIDENCE OF PRE-SUIT PATENT KNOWLEDGE

In his Second Declaration submitted to this Court in November, 2006, Niels Jacobsen, WDH A/S's CEO and President, affirmed under penalty of perjury that: (1) he personally had no knowledge of either of the asserted patents before ETG filed suit; and (2) WDH A/S did not have any knowledge of the asserted patents prior to the filing of this suit. (D.I. 90, Ex. 7 at ¶¶ 8-9.)

Discovery has now confirmed Mr. Jacobsen's representations. WDH A/S conducted extensive electronic and physical searches of its files and found no reference to the

patent numbers at issue, the inventors named on the patents, ETG, or the prior patent owner, Audimax. (Ex. 1 (attached).) WDH A/S also interviewed each of its nine employees, learned that none possessed any pre-suit knowledge of the asserted patents, and advised ETG of the names of each interviewed employee. *Id.* Nonetheless, ETG raised the issue in a teleconference with the Court earlier this summer, suggesting that HIMPP meeting minutes might harbor the proof ETG required to prove inducement. Although WDH A/S had already searched those records and found no reference to the asserted patents, WDH A/S agreed in the teleconference with the Court to produce HIMPP meeting minutes so that ETG might confirm for itself that they contain no discussion of the patents-in-suit.

### III. THERE EXISTS NO CREDIBLE EVIDENCE OF ENCOURAGEMENT TO INFRINGE

WDH A/S had no pre-suit knowledge of the patents-in-suit. But even if it had possessed such knowledge, that alone would have been insufficient to make a case for induced infringement. Induced infringement, as an *en banc* panel of the Federal Circuit recently confirmed, requires a second prong: proof of acts knowingly intended to result in infringement by another.

> In order to induce infringement, there must first be an act of direct infringement and proof that the defendant knowingly induced infringement with the intent to encourage the infringement. The defendant must have intended to cause the acts that constitute the direct infringement *and* must have known or should have known than [sic] its action would cause the direct infringement. . . .[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006) (en banc).

Had ETG possessed evidence of presuit knowledge of the patents-in-suit by WDH A/S, ETG would surely have taken a deposition of WDH A/S in an attempt to meet the second

- 3 -

prong. Tellingly, although ETG's lawyers spent weeks in Denmark this summer deposing the other Danish defendants, ETG opted not to depose WDH A/S. ETG therefore has no credible basis to assert that WDH A/S purposefully and affirmatively acted with the intent to cause another to infringe either of the asserted patents in this forum. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1569 (Fed. Cir. 1994) ("But [personal] jurisdiction here cannot be based on a tortious *omission*, since active inducement of infringement requires the *commission* of an affirmative act."); *see also Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376, 1378 (Fed. Cir. 2001) ("Of course inducement has connotations of *active steps knowingly taken* – knowingly at least in the sense of purposeful, intentional as distinguished from accidental or inadvertent."). Accordingly, ETG's allegation that this Court may exercise specific personal jurisdiction over WDH A/S must fail.[1]

### IV.  THE EVIDENCE OF RECORD DOES NOT SUPPORT KEEPING WDH A/S IN THE CASE

In WDH A/S's first motion to dismiss, filed October 31, 2005, WDH A/S emphasized that, in order for this Court to exercise general jurisdiction over WDH A/S, there must be evidence of "continuous and systematic" contacts with Delaware. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 421 (1984); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952); *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d. Cir. 1987). With respect to WDH A/S there simply is no such evidence, and ETG has not protested to the contrary.

---

[1] Despite the absence of inducement evidence, and in contravention of this Court's Order of 12/4/06 limiting discovery of WDH A/S to inducement issues (D.I. 135), a few weeks ago, ETG served on WDH A/S the same general discovery requests it previously served on all the other defendants, and informed counsel of ETG's belief that general discovery is now available. (Ex. 2 (attached).)

Nor does there exist sufficient evidence to support specific jurisdiction over WDH A/S. Specific jurisdiction requires ETG to show that WDH A/S "has 'purposefully directed' [] activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 486 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and *Helicopteros*, 466 U.S. at 414); *accord 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998). The inquiry in a specific jurisdiction analysis concerns (1) the character of the defendant's activity in the forum, and (2) whether the claim arises out of or has a substantial connection with that activity. *See Burger King*, 471 U.S. at 476-77.

ETG bears the burden of demonstrating facts justifying the exercise of jurisdiction. *See, e.g., Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992). Since WDH A/S did not know of the asserted patents before suit was filed and did not undertake any affirmative acts to cause the accused products to enter the United States, it cannot be said that this Danish holding company purposefully induced infringement anywhere in the U.S., let alone purposefully directed activities to residents of the State of Delaware.

In the absence of such proofs by ETG, subjecting WDH A/S to jurisdiction in Delaware would violate due process. The "constitutional touchstone" of a due process analysis is whether the nonresident defendant has purposefully established "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros*, 466 U.S. at 414 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To find such "minimum contacts," ETG must demonstrate either general or specific jurisdiction, as discussed above. *See id.* at 414. Having

failed to establish credible evidence contradicting Niels Jacobsen's sworn statements of no pre-suit knowledge of the asserted patents and no affirmative acts to encourage the importation or sale of the accused products in the forum, due process would be offended by keeping WDH A/S in this suit.  *Faro Tech., Inc. v. Cimcore Corp.*, No. 6:05-CV-1702-ORL-31JGG, 2006 WL 1119223 at *3 (M.D. Fla. Apr. 27, 2006) (dismissing holding company for lack of personal jurisdiction where patentee failed to show that the holding company "purposefully directed its activities toward the forum state" and failed to "produce[] any evidence that such sales [of accused product] arose from or are related to Hexagon's web sites or any other inducement on Hexagon's part.").

## CONCLUSION

Niels Jacobsen, the CEO and President of WDH A/S submitted a sworn declaration confirming that WDH A/S possessed no pre-suit knowledge of the asserted patents. ETG chose not to test Mr. Jacobsen's assertions through deposition of Mr. Jacobsen or any other WDH A/S employee.  And after extensive discovery, there is no evidence that even a mention of the asserted patents found its way into WDH A/S files.  Therefore, not only is there no evidence of an act by WDH A/S purposefully intended to cause infringement, there is simply no credible evidence contradicting Mr. Jacobsen's sworn statements of no patent knowledge.  Under these circumstances, there exists insufficient evidence to establish personal jurisdiction over WDH A/S.  Therefore, WDH A/S asks that its motion to dismiss for lack of personal jurisdiction be granted.

                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                */s/ James W Parrett, Jr.*

                                Mary B. Graham (#2256)
                                James W. Parrett, Jr. (#4292)
                                1201 North Market Street
                                P.O. Box 1347
                                Wilmington, DE 19899
                                302.658.9200

OF COUNSEL:                       *Attorneys for William Demant Holding A/S*

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC  20001-4413
202.408.4000

Dated:  August 20, 2007
1216198

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 20, 2007, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on August 20, 2007 upon the following parties:

| | |
|---|---|
| REPRESENTING ENERGY TRANSPORTATION GROUP, INC. | Edmond D. Johnson<br>PEPPER HAMILTON LLP<br>**johnsone@pepperlaw.com** |
| | Thomas H. Kovach<br>PEPPER HAMILTON LLP<br>**kovacht@pepperlaw.com** |
| | Brian M. Buroker<br>HUNTON & WILLIAMS LLP<br>**etg@hunton.com** |
| REPRESENTING GN RESOUND A/S AND GN HEARING CARE CORPORATION | Jack B. Blumenfeld<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**jblumenfeld@mnat.com** |
| | Maryellen Noreika<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**mnoreika@mnat.com** |
| | Kenneth B. Herman<br>ROPES & GRAY LLP<br>**kenneth.herman@ropesgray.com** |
| | William J. McCabe<br>ROPES & GRAY LLP<br>**william.mccabe@ropesgray.com** |
| | Jeffrey D. Mullen<br>ROPES & GRAY LLP<br>**jeffrey.mullen@ropesgray.com** |

| | |
|---|---|
| REPRESENTING PHONAK AG, PHONAK, LLC, UNITRON HEARING LTD., AND UNITRON HEARING, INC. | Thomas C. Grimm<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**tgrimm@mnat.com** |
| | James R. Sobieraj<br>David H. Bluestone<br>BRINKS HOFER GILSON & LIONE<br>**phonaketg@brinkshofer.com** |
| REPRESENTING RESISTANCE TECHNOLOGY INC. | Barry M. Klayman<br>WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP<br>**bklayman@wolfblock.com** |
| | Jeffrey D. Shewchuk<br>SHEWCHUK IP SERVICES, LLP<br>**jdshewchuk@comcast.net** |
| REPRESENTING SONIC INNOVATIONS, INC. | Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>**sonicnet@potteranderson.com** |
| | Donald Degnan<br>HOLLAND AND HART LLP<br>**ddegnan@hollandhart.com** |
| | Bryan K. Hanks<br>HOLLAND AND HART LLP<br>**bkhanks@hollandhart.com** |
| REPRESENTING STARKEY LABORATORIES, INC. | Mary B. Matterer<br>MORRIS JAMES LLP<br>**mmatterer@morrisjames.com** |
| | Amy A. Quinlan<br>MORRIS JAMES LLP<br>**aquinlan@morrisjames.com** |
| | Steven L. Reitenour<br>BOWMAN AND BROOKE LLP<br>**steve.reitenour@bowmanandbrooke.com** |
| | Richard G. Morgan<br>BOWMAN AND BROOKE LLP<br>**richard.morgan@bowmanandbrooke.com** |

| | |
|---|---|
| REPRESENTING WIDEX A/S<br>AND WIDEX HEARING AID CO. INC. | Donald E. Reid<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**dreid@mnat.com**<br><br>William H. Mandir<br>SUGHRUE MION PLLC<br>**wmandir@sughrue.com**<br><br>David J. Cushing<br>SUGHRUE MION PLLC<br>**dcushing@sughrue.com**<br><br>Carl J. Pellegrini<br>SUGHRUE MION PLLC<br>**cpellegrini@sughrue.com**<br><br>Brian K. Shelton<br>SUGHRUE MION PLLC<br>**bshelton@sughrue.com** |
| REPRESENTING WILLIAM DEMANT HOLDING A/S, WDH, INC., OTICON A/S, OTICON INC., BERNAFON AG, AND BERNAFON, LLC | Mary B. Graham<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**mgraham@mnat.com;**<br>**mbgeservice@mnat.com**<br><br>John M. Romary<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER<br>**john.romary@finnegan.com**<br><br>C. Gregory Gramenopoulos<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER<br>**c.gregory.gramenopoulos@finnegan.com** |

The undersigned also hereby certifies that on August 20, 2007, true and correct copies of the foregoing were caused to be served by hand upon the following Delaware counsel:

Edmond D. Johnson
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE  19899-1709

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4292)

913379

- 3 -