# EXHIBIT 1

Case 1:05-cv-00422-GMS   Document 354-2   Filed 08/20/2007   Page 1 of 11



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

GERSON S. PANITCH
(202) 408-4080
gerson.panitch@finnegan.com

March 12, 2007

**VIA FACSIMILE**

Harry L. Laxton, Jr., Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al.**

Dear Harry:

Thank you for your letter dated February 9, 2007, re-transmitted to us by facsimile last week. I apologize for having missed your earlier copy of the letter by e-mail, and ask that to ensure prompt attention in the future, you transmit case-related correspondence to us by facsimile, U.S. mail, or courier.

From your letter, it appears that you misunderstood the representations I made in our teleconference on February 9th. As we then discussed, based on Judge Sleet's order limiting jurisdictional discovery for WDH A/S to induced infringement, WDH A/S undertook a comprehensive search of its files—both electronically and physically—to determine whether it possessed any relevant documents. Although an absolute prerequisite to a finding of induced infringement is knowledge of the patents-in-suit coupled with active encouragement to infringe them, WDH A/S did not so narrowly search it records. Rather, it more broadly searched for any documents that referred to either of the patents-in-suit. It found none.

In addition, WDH A/S searched for documents that made any reference to, for example: the European patent related to the patents-in-suit; "ETG" or "Energy Transportation Group"; "Audimax"; or inventors of the patents-in-suit (e.g., "Levitt"). None of these searches turned up any documents. Rather than stopping there, WDH A/S also went a step further, by personally interviewing each of its employees to determine whether anyone had any general or specific knowledge of the patents-in-suit before ETG filed suit. The first anyone recalls hearing of the patents' existence was after ETG filed suit.

Harry L. Laxton, Jr., Esq.
March 12, 2007
Page 2 of 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    As you know, WDH A/S is a holding company with only nine employees. WDH A/S does not design, manufacture, or sell any products. As its document search and interviews confirm, WDH A/S had no prior knowledge of the patents-in-suit and did not actively encourage anyone to infringe them. There is simply no need for a motion to compel, because as WDH A/S represents above, it has no relevant documents to produce.

    Although there is no outstanding discovery request seeking the names of each past and present WDH A/S employee, and although such a request appears to extend beyond the limited jurisdictional discovery ordered by Judge Sleet, as a good faith confirmation that WDH A/S has nothing to hide, WDH A/S advises that its current employees are Anne Orthmann, Arne Boye Nielsen, Bente Overgaard, Kenneth Sachse, Mette Meyn, Niels Jacobsen, Rasmus Rømeling, Stefan Ingildsen and Tine Ribergaard. In addition, its former employees (last six years) are Troels Libak Stollberg, Karsten Dyhrberg Nielsen, and Mette Schmidt Kronholm.

    We trust that this letter fully resolves any outstanding issues. If you have any questions, please let us know.

Sincerely,

Gerson S. Panitch

cc:    John M. Romary, Esq.
       C. Gregory Gramenopoulos, Esq.



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

GERSON S. PANITCH
(202) 408-4080
gerson.panitch@finnegan.com

March 26, 2007

**VIA FACSIMILE**

Harry L. Laxton, Jr., Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al.**

Dear Harry:

In our teleconference of March 19, and your follow-up letter of March 20, 2007, you expressed surprise that WDH A/S has not produced any documents relating to jurisdictional discovery on induced infringement of the ETG patents. This should not be surprising given that WDH A/S: (1) is a small holding company with only nine employees, (2) does not make, use, market, or sell any products, including the accused products, and (3) did not know of the patents-in-suit before the suit was filed. As we previously advised in writing, WDH A/S's representation about a lack of pre-suit knowledge of the patents is not based solely on human memory as you suggested in our phone conference. Instead, this representation was only made after WDH A/S conducted searches of its electronic and physical files *and* interviewed each of its employees.

Before specifically addressing each discovery request identified in your letter of March 20, we reiterate that WDH A/S is a legal entity separate and apart from the subsidiaries who are joined as defendants. To the extent WDH A/S possesses in its own files information relating to its subsidiaries, WDH A/S has searched that information in response to ETG's discovery requests. ETG has not searched the files of its subsidiaries nor is it required to do so. If ETG has specific requests of any subsidiaries that are defendants in this suit, ETG should obtain that information through discovery served on those subsidiaries.

We now address each discovery request raised in your letter of March 20.

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo


Harry L. Laxton, Jr., Esq.
March 26, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

### Interrogatory No. 1

This interrogatory seeks WDH A/S's pre-suit knowledge of the patents-in-suit. As we already advised, WDH A/S had no such prior knowledge.

### Interrogatory No. 2

This interrogatory asks WDH A/S to identify each of its pre-suit actions intended to cause, urge, encourage, and/or aid the manufacture, use, offer to sell, or sell within Delaware of the accused infringing products. WDH A/S advises that it is aware of no such actions.

### Interrogatory No. 3

This interrogatory asks WDH A/S to identify each employee who also had HIMPP responsibilities. While we believe this interrogatory extends beyond the limited scope of induced infringement discovery permitted by Judge Sleet's Order dated December 4, 2006, we have already provided you with the names of the nine current WDH A/S employees as well as the names of the three former WDH A/S employees. Of these individuals, it is believed that only Niels Jacobsen had a relationship with HIMPP. However, that overlapping relationship had nothing to do with the patents-in-suit or inducing infringement of them.

### Interrogatory No. 4

This interrogatory seeks the identity of each WDH A/S employee responsible for selling, advertising, marketing, promoting, and/or distributing any of the accused infringing products in the U.S. As we already advised, WDH A/S neither has nor had any such employees.

### Request for Production No. 2

This request seeks all documents related to WDH A/S's ownership of and/or participation in any activity of HIMPP. Your use of the phrase "**any** activity" underscores that the request is so broad as to seek information beyond the limited activities of induced infringement contemplated by Judge Sleet's Order dated December 4, 2006. WDH A/S will make another check of its files. If the files contain HIMPP-related documents that involve issues of induced infringement (i.e., reflecting knowledge of the patents-in-suit and/or reflecting an active encouragement to make, use, or sell products accused to infringe), the documents will be produced.

Harry L. Laxton, Jr., Esq.
March 26, 2007
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

### Request for Production No. 3

This request seeks documents reflecting any WDH A/S pre-suit efforts to cause, urge, encourage, and/or aid manufacture, use or sale of the accused infringing products. An initial search revealed that WDH A/S possesses no such responsive documents. In view of your insistence, WDH A/S will search further and if responsive documents are found, we hope to be in a position to produce them in or before the second week of April.

### Request for Production No. 4

This request seeks documents referring to pre-suit distribution of accused products into Delaware or surrounding states. WDH A/S possesses no such responsive documents.

### Request for Production No. 5

This request seeks all pre-suit manuals, warranties, and other literature delivered with any of the accused products. WDH A/S possesses no such responsive documents.

### Request for Production No. 6

This request seeks all documents relating to WDH A/S's contribution, financially or otherwise, to any advertisement and/or promotion for communication into Delaware for any of the accused infringing products. WDH A/S possesses no such responsive documents.

### Request for Production No. 7

This request seeks documents sufficient to identify all U.S. sales, marketing, and distribution designations used or referred to by WDH A/S. WDH A/S possesses no such responsive documents.

### Request for Production No. 8

This request seeks documents sufficient to identify the job titles and duties of individuals of WDH A/S employees or agents selling, advertising, marketing, and/or promoting in or near Delaware. WDH A/S possesses no such responsive documents.

### Request for Production No. 9

This request seeks "all documents pertaining to AHAA, including Demant's investment in AHAA." As written, the request is so broad as to seek information beyond the limited activities of induced infringement as articulated in Judge Sleet's Order dated December 4, 2006. However, your letter of March 20 appears to narrow the request by characterizing it as being "directed [to] whether WDH A/S induced infringement and

Harry L. Laxton, Jr., Esq.
March 26, 2007
Page 4

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

whether that inducement was directed to Delaware." Applying your new definition, WDH A/S will make another check of its files. If the files contain AHAA-related documents that involve issues of induced infringement (i.e., reflecting knowledge of the patents-in-suit and/or reflecting an active encouragement to make, use, or sell products accused to infringe), the documents will be produced. Further, concerning your statement on ownership, regardless of the structure of the investment in AHAA, ownership has no bearing on the issue of inducement. Ownership of a subsidiary or investment in a company is not an element of induced infringement. The elements of induced infringement are: 1) knowledge of the patents at issue, and 2) active encouragement to infringe those patents. If WDH A/S possesses any such AHAA-related documents, they will be produced. However, Judge Sleet's order does not entitle ETG to every document mentioning AHAA in WDH A/S's possession, particularly if those documents do not touch on induced infringement.

### Request for Production No. 10:

This request asks WDH A/S to perform a computer search for references to Delaware. When we spoke on March 19, you acknowledged that Judge Sleet ordered RTI to provide personal jurisdiction discovery related to Delaware, and ordered WDH A/S to provide discovery related to induced infringement. You then seemed to agree that Interrogatory No. 10 appeared to have been inadvertently copied from a discovery set prepared for RTI. Nevertheless, to the extent there are any documents relating to Delaware that also touch on any element of induced infringement, WDH A/S is searching for them, and if they exist, they will be produced.

We trust that the representations of this letter alleviate all of ETG's related concerns. As discussed, ETG is welcome to take a deposition of WDH A/S on induced infringement issues, which we believe will confirm that WDH A/S is being completely forthright.

Sincerely,

Gerson S. Panitch

cc: John M. Romary, Esq.
    C. Gregory Gramenopoulos, Esq.



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

GERSON S. PANITCH
(202) 408-4080
gerson.panitch@finnegan.com

June 8, 2007

**VIA FACSIMILE**

Bradley W. Grout, Esq.
Hunton & Williams
Bank of America Plaza Suite 4100
600 Peachtree Street, NE
Atlanta, Georgia 30308-2216

Re:   Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al.

Dear Mr. Grout:

I have read with disbelief you recent letter to my partner Greg Gramenopoulos, suggesting that WDH A/S has not complied with its discovery obligations. Each time your colleague Harry Laxton, raised a discovery issue with respect to WDH A/S over the last few months, he and I discussed it and reached an amicable resolution -- even when it required WDH A/S to conduct searches and produce documents beyond what was required by Judge Sleet's jurisdictional discovery Order of December 4, 2006. That Order placed strict limits on the discovery that was permitted of WDH A/S. Yet in the spirit of cooperation, WDH A/S repeatedly searched for and gave ETG more than was required. In addition, months ago we invited ETG to take a deposition of WDH A/S so that ETG might hear first-hand from WDH A/S of its lack of involvement with the products and patents in-suit. ETG did not take that deposition and took no others.

You allege that WDH A/S continues to refuse to produce relevant information about its involvement in HIMPP and AHAA. To the contrary, Judge Sleets order does not entitle ETG to every document involving HIMPP and AHAA -- only those documents that related to induced infringement of the patents-in-suit. WDH A/S searched its files for HIMPP and AHAA documents that involved either the patents-in-suit, the accused products, ETG, the prior owner of the patents-in-suit (Audimax), or the inventors. To the extent any responsive documents were found, they were produced. WDH A/S also produced more general documents identifying ownership of AHAA, and represented that if, during the course of discovery, ETG learns from HIMMP or others of a date or search term critical to the induced infringement issue, ETG shall have the right to raise the issue at that time, and WDH A/S will agree to perform, within reason, electronic follow-up searches on such critical dates/terms. (*See* my letter of April 23, 2007).

It seems rather transparent that you allege WDH A/S discovery deficiencies just a few days after ETG advised that it will seek an extension on discovery. Should ETG attempt to make

Bradley W. Grout, Esq.
June 8, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

WDH A/S's compliance with jurisdictional discovery an excuse for ETG's failure to move forward with discovery, we are fortunate to have a detailed paper trail establishing that WDH A/S bent over backwards to accommodate ETG, produced more than what was required, and has agreed to leave the door open for ETG, as discussed above.

Sincerely,

Gerson S. Panitch

GSP/cvh

cc: C. Gregory Gramenopoulos, Esq.

EXHIBIT 2



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL  804 • 788 • 8200
FAX  804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
DIRECT FAX: 804-343-4630
EMAIL: meckstein@hunton.com

FILE NO: 66718.2

July 30, 2007

**VIA HAND DELIVERY**

Mary B. Graham
MORRIS, NICHOLS, ARSHT &TUNNELL LLP 1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Re: *Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al.*

Dear Mary:

Enclosed is PLAINTIFF'S REQUESTS FOR PRODUCTION TO WILLIAM DEMANT HOLDING A/S.

We are also re-serving upon William Demant Holding A/S the enclosed PLAINTIFF'S FIRST SET OF COMMON INTERROGATORIES TO ALL DEFENDANTS for William Demant Holding A/S's response.

ETG believes that William Demant Holding A/S is subject to jurisdiction for the reasons set forth in our pleadings, and that discovery has borne this out. Accordingly, ETG requests that William Demant Holding A/S provide full discovery responses now. Otherwise, this matter will need to be resolved by the court.

We look forward to receiving your discovery responses.

Very truly yours,

Maya Eckstein

cc:  Brian M. Buroker (via email)