IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC.,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | C.A. No. 05-422 (GMS) |
| ) | |
| SONIC INNOVATIONS, INC., et al,     ) | |
| ) | |
| Defendants.     ) | |
| ) | |

**DEFENDANTS' LIMITED MOTION FOR
CORRECTION OF CLAIM CONSTRUCTION**

Defendants hereby make this limited motion pursuant to Local Rule 7.1.5 asking the Court to modify its claim construction ruling of August 17, 2007 (D.I. 351) with respect to two limitations that are in means-plus-function form. Making the requested changes would be consistent with the Court's construction of the other limitations that are in means-plus-function form and would simply correct what appear to be unintentional omissions of structure.

As background, we note that the parties argued for two conceptually different approaches to the construction of the claim limitations in means-plus-function form. Plaintiff argued in essence that broad generic structures should be identified.[1] Defendants argued that the specific corresponding structures in the specification should be identified.[2] The Court's claim

---

[1] For example, Plaintiff argued for generic structure such as (1) processing elements; (2) programmable filters; (3) speech detectors; and (4) bandpass filters and processing elements.

[2] For example, in comparison to the positions set out in footnote 1, *supra,* Defendants argued for the identification of the following structure: (1) speech detector 96, band pass filters 97-100, sample and hold circuits 105-108, rectifiers 109-112, comparators 113-116, latch 118, switch 95, and switch 88; (2) programmable filter 64 (structures 63a, 70-75, 77, 78, 78a, 79, and 80) programmed to
(Continued . . .)

construction ruling was consistent with Defendants' approach, and included as part of the construction most of the corresponding structure identified by Defendants. In two instances, however, certain structure was omitted in the Court's ruling that appears to be unintentional.

**1. Claim 5 of the '850 patent: "means controllable to impart different response characteristics to said hearing aid."**

The Court identified specific structure for the "means controllable" as argued for by Defendants (*see* Order, section A.6), but in doing so appears to have referenced mistakenly the structure for a different claim element, specifically the "controlling means" that actually *controls* the "means controllable."[3] The Court identified the corresponding structure of both the "controlling means" and the "means controllable" as "'speech detector 96, band pass filters 97-100, sample and hold circuits 105-108, rectifiers 109-112, comparators 113-116, latch 118, switches 88, 95,' and all equivalents thereof." (*See* Order, section A.7, D.I. 351). This is the correct structure for the "controlling means," but not, we submit, for the "means controllable."

In the *Markman* proceedings, Plaintiff's proposed construction of the "means controllable" referenced generically "a programmable filter." (D.I. 247, p. 10 of 29) (Exhibit A). However, Defendants argued that the specific structure associated in the patents with the programmable filter should be included in the construction. (*Id.*) The specific structure Defendants cited from the specification was "programmable filter 64 (structures 63a, 70-75, 77,

---

( . . . continued.)
   impart different response characteristics; or 5 bit counter, timing logic, and structures 63a, 77, 80, and 145-151; (3) speech detector 96; and (4) bandpass filters 97-100 and rectifiers 109-112 and S/H 105-108.

[3]  Specifically, the "controlling" means limitation reads in full: "controlling means responsive to the level of speech signals in said transmission channel in excess of the level of noise in said channel for automatically controlling said controllable means to impart a selected one of said different response characteristics to said hearing aid").

78, 78a, 79, and 80) programmed to impart different response characteristics; or 5 bit counter, timing logic, and structures 63a, 77, 80, and 145-151; and equivalent structures." (*Id.*) Thus, if as it appears from the ruling that the Court intended to include specific structure for the "means controllable," then this structure would be the specific structure that should be included as it is the corresponding structure for the "means controllable" and, more precisely, the programmable filter.

### 2. Claim 4 of the '749 patent: "computer controlled means for adjusting the phase shift and amplitude to produce an acoustic feedback signal."

Plaintiff in the *Markman* proceedings argued for a claim construction for this means limitation that generically referenced the structure as "amplifiers and processing elements, and structural equivalents thereof." (D.I. 247, p. 23 of 29) (Exhibit B). Defendants argued that the corresponding structure was "programmable gain amplifier 32, *digital phase shifter 30*, latches 33, 42, 43, terminal 144, and equivalent structures." (*Id.*) (emphasis added). The Court's claim construction ruling for the "computer controlled means" included the structure identified by Defendants, except omitting "digital phase shifter 30." (*See* Order, section B.6, D.I. 351). Defendants submit that the corresponding structure should also include "digital phase shifter 30" because none of the other structure in the identified corresponding structure performs the "phase shift" part of the function and thus its inclusion is necessary so that the identified corresponding structure can perform all the functions of the means limitation.[4] Furthermore, in its construction of a similar limitation in claim 1 of the '749 patent, the Court included the d*igital phase shifter 30* as part of the corresponding and necessary structure for performing the function of "adjusting the phase and amplitude." (*See* Order, section B.4, p. 8, D.I. 351).

---

[4] The Court's order provides that the function of the "computer controlled means" includes "adjusting the phase shift." (D.I. 351, p. 8).

Accordingly, Defendants ask that the Court enter an order in the form attached (Exhibit C) modifying the two limitations.[5]

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
| */s/ Jack B. Blumenfeld* | */s/ Thomas C. Grimm* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br><br>Kenneth B. Herman<br>William J. McCabe<br>ROPES & GRAY LLP<br>1251 Avenue of the Americas<br>New York, NY  10020<br><br>*Attorneys for GN ReSound A/S and GN Hearing Care Corporation* | Thomas C. Grimm (#1098)<br>Leslie A. Polizoti (#4299)<br>1201 N. Market Street<br>Wilmington, DE  19899<br><br>James R. Sobieraj<br>David H. Bluestone<br>Jeffrey A. Marx<br>Meredith Martin Addy<br>BRINKS HOFER GILSON & LIONE<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL  60611-5599<br><br>*Attorneys for Phonak AG, Phonak, LLC, Unitron Hearing Ltd., and Unitron Hearing, Inc.* |

---

[5]  Correction of an order is appropriate for such a reason. *See, e.g., Pharmastem v. Viacell*, C.A. No. 02-1248-GMS (12/14/04 D. Del.).

| | |
|---|---|
| WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP | POTTER ANDERSON & CORROON |
| /s/ *Barry M. Klayman* | /s/ *Richard L. Horwitz* |
| Barry M. Klayman (#3676)<br>Wilmington Trust Center<br>1100 North Market St., Suite 1001<br>Wilmington, DE 19801<br><br>Jeffrey D. Shewchuk<br>SHEWCHUK IP SERVICES, LLP<br>533 77th Street West<br>Eagan, MN 55121<br><br>*Attorneys for Resistance Technology Inc.* | Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>1313 N. Market St.<br>Hercules Plaza, 6th Floor<br>Wilmington, DE<br><br>Donald Degnan<br>Bryan K. Hanks<br>HOLLAND & HART<br>60 East South Temple; Suite 2000<br>Salt Lake City, UT 84111<br><br>*Attorneys for Sonic Innovations, Inc.* |
| MORRIS JAMES LLP | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
| /s/ *Amy Quinlan* | /s/ *Donald E. Reid* |
| Richard K. Herrmann (#405)<br>Mary B.Matterer (#2696)<br>Amy Quinlan (#3021)<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19899<br><br>Richard Morgan<br>Steven Reitenour<br>BOWMAN AND BROOKE LLP<br>150 S. Fifth St., Suite 2600<br>Minneapolis, MN 55402<br><br>*Attorneys for Starkey Laboratories, Inc.* | Donald E. Reid (#1058)<br>Jason A. Cincilla (#4232)<br>1201 N. Market Street<br>Wilmington, DE 19899<br><br>William H. Mandir<br>David J. Cushing<br>Carl J. Pellegrini<br>SUGHRUE MION PLC<br>2100 Pennsylvania Ave., N.W.<br>Washington, DC 20037<br><br>*Attorneys for Widex A/S and Widex Hearing Aid Co. Inc.* |

- 6 -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC  20001-4413

*Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC*

Dated:  August 31, 2007
1222164

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 31, 2007, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on August 31, 2007 upon the following parties:

| | |
|---|---|
| REPRESENTING ENERGY TRANSPORTATION GROUP, INC. | Edmond D. Johnson<br>PEPPER HAMILTON LLP<br>**johnsone@pepperlaw.com** |
| | Thomas H. Kovach<br>PEPPER HAMILTON LLP<br>**kovacht@pepperlaw.com** |
| | Brian M. Buroker<br>HUNTON & WILLIAMS LLP<br>**etg@hunton.com** |
| REPRESENTING GN RESOUND A/S AND GN HEARING CARE CORPORATION | Jack B. Blumenfeld<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**jblumenfeld@mnat.com** |
| | Maryellen Noreika<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**mnoreika@mnat.com** |
| | Kenneth B. Herman<br>ROPES & GRAY LLP<br>**kenneth.herman@ropesgray.com** |
| | William J. McCabe<br>ROPES & GRAY LLP<br>**william.mccabe@ropesgray.com** |
| | Jeffrey D. Mullen<br>ROPES & GRAY LLP<br>**jeffrey.mullen@ropesgray.com** |

| | |
|---|---|
| REPRESENTING PHONAK AG, PHONAK, LLC, UNITRON HEARING LTD., AND UNITRON HEARING, INC. | Thomas C. Grimm<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**tgrimm@mnat.com** |
| | James R. Sobieraj<br>David H. Bluestone<br>BRINKS HOFER GILSON & LIONE<br>**phonaketg@brinkshofer.com** |
| REPRESENTING RESISTANCE TECHNOLOGY INC. | Barry M. Klayman<br>WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP<br>**bklayman@wolfblock.com** |
| | Jeffrey D. Shewchuk<br>SHEWCHUK IP SERVICES, LLP<br>**jdshewchuk@comcast.net** |
| REPRESENTING SONIC INNOVATIONS, INC. | Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>**sonicnet@potteranderson.com** |
| | Donald Degnan<br>HOLLAND AND HART LLP<br>**ddegnan@hollandhart.com** |
| | Bryan K. Hanks<br>HOLLAND AND HART LLP<br>**bkhanks@hollandhart.com** |
| REPRESENTING STARKEY LABORATORIES, INC. | Mary B. Matterer<br>MORRIS JAMES LLP<br>**mmatterer@morrisjames.com** |
| | Amy A. Quinlan<br>MORRIS JAMES LLP<br>**aquinlan@morrisjames.com** |
| | Steven L. Reitenour<br>BOWMAN AND BROOKE LLP<br>**steve.reitenour@bowmanandbrooke.com** |
| | Richard G. Morgan<br>BOWMAN AND BROOKE LLP<br>**richard.morgan@bowmanandbrooke.com** |

| | |
|---|---|
| REPRESENTING WIDEX A/S AND WIDEX HEARING AID CO. INC. | Donald E. Reid<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**dreid@mnat.com**<br><br>William H. Mandir<br>SUGHRUE MION PLLC<br>**wmandir@sughrue.com**<br><br>David J. Cushing<br>SUGHRUE MION PLLC<br>**dcushing@sughrue.com**<br><br>Carl J. Pellegrini<br>SUGHRUE MION PLLC<br>**cpellegrini@sughrue.com**<br><br>Brian K. Shelton<br>SUGHRUE MION PLLC<br>**bshelton@sughrue.com** |
| REPRESENTING WILLIAM DEMANT HOLDING A/S, WDH, INC., OTICON A/S, OTICON INC., BERNAFON AG, AND BERNAFON, LLC | Mary B. Graham<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**mgraham@mnat.com;**<br>**mbgeservice@mnat.com**<br><br>John M. Romary<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**john.romary@finnegan.com**<br><br>C. Gregory Gramenopoulos<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**c.gregory.gramenopoulos@finnegan.com** |

The undersigned also hereby certifies that on August 31, 2007, true and correct copies of the foregoing were caused to be served by hand upon the following Delaware counsel:

Edmond D. Johnson
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE  19899-1709

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)

677313