EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422 (GMS) |
| | ) | |
| SONIC INNOVATIONS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **[PROPOSED] ORDER**

Having considered Defendants' Motions to Compel Production of Withheld Documents, IT IS HEREBY ORDERED this ___ day of _____, 2007 that:

(1) Defendants' motion to compel production of privileged documents is granted;

(2) ETG has waived attorney-client privilege as to all documents on which it relies for diligence (including the documents identified in Exhibit B to Defendants' letter brief), and all other documents prior to the filing of the patents-in-suit relating to the preparation or filing of any patent application related to the inventions of the asserted patent claims;

(3) ETG shall produce those documents within 5 days of this order;

(4) Defendants' motion to compel withheld documents relating to EKMS is granted.

(5) The EKMS documents are not properly subject to a claim of work product.

# EXHIBIT B

CONFIDENTIAL EXHIBIT

EXHIBIT C

# CONFIDENTIAL EXHIBIT

# EXHIBIT D

CONFIDENTIAL EXHIBIT

EXHIBIT E

**THIS OPINION WAS NOT WRITTEN FOR PUBLICATION
AND IS NOT BINDING PRECEDENT OF THE BOARD**

Filed by: Trial Section Merits Panel                          Paper No.  320
Mail Stop INTERFERENCE                              Entered: December 28, 2005
Board of Patent Appeals and Interferences, USPTO
P.O. Box 1450
Alexandria, Virginia 22313-1450
Tel: 571-272-9797  Fax: 571-273-0042

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES
_____

KARL L. **GINTER**, VICTOR H. SHEAR, FRANCES J. SPAHN, and DAVID M. VAN WIE,
Junior Party
(Application 09/411,205)

v.

GREG **BENSON**, GREGORY H. URICH, and CHRISTOPHER L. KNAUFT
(Patent 5,845,281; Applications 09/164,606 and 09/321,286)
_____

Patent Interference No. 105,142
_____

MARTIN, LEE, and MEDLEY, <u>Administrative Patent Judges</u>.

PER CURIAM.


**JUDGMENT – Bd. Rule 127**

For the reasons given in the "Decision on Priority" entered herewith, it is hereby

ORDERED that judgment on the issue of priority is entered against party KARL L.

**GINTER**, VICTOR H. SHEAR, FRANCES J. SPAHN, and DAVID M. VAN WIE as to each of

Counts 1, 2, and 4;

Interference No. 105,142
Ginter v. Benson

FURTHER ORDERED that party KARL L. **GINTER**, VICTOR H. SHEAR, FRANCES J. SPAHN, and DAVID M. VAN WIE is not entitled to a patent containing any of its claims which are designated as corresponding to Count 1 (i.e., Claims 91-93, 95-102, 105-09, 112-19, 120-22, 124-31, 134-38, and 141-48 of involved Application 09/411,205);

FURTHER ORDERED that party KARL L. **GINTER**, VICTOR H. SHEAR, FRANCES J. SPAHN, and DAVID M. VAN WIE is not entitled to a patent containing any of its claims which are designated as corresponding to Count 2 (i.e., Claims 94, 103, 104, 123, 132, and 133 of involved Application 09/411,205);

FURTHER ORDERED that party KARL L. **GINTER**, VICTOR H. SHEAR, FRANCES J. SPAHN, and DAVID M. VAN WIE is not entitled to a patent containing any of its claims which are designated as corresponding to Count 4 (i.e., Claims 110, 111, 139, and 140 of involved Application 09/411,205);

FURTHER ORDERED that if there is a settlement agreement, the parties should note the requirements of 35 U.S.C. § 135(c) and Board Rule 205; and

-2-

Interference No. 105,142
Ginter v. Benson

STILL FURTHER ORDERED that a copy of this judgment be filed in the involved applications and patent of the parties.

|  |  |
|---|---|
| ) | |
| /ss/    John C. Martin                ) | |
| JOHN C. MARTIN                      ) | |
| Administrative Patent Judge     ) | |
| ) | |
| ) | |
| /ss/    Jameson Lee                 ) | BOARD OF PATENT |
| JAMESON LEE                          ) | APPEALS AND |
| Administrative Patent Judge     ) | INTERFERENCES |
| ) | |
| ) | |
| /ss/    Sally C. Medley              ) | |
| SALLY C. MEDLEY                    ) | |
| Administrative Patent Judge     ) | |

JCM/jcm

-3-

Interference No. 105,142
Ginter v. Benson


cc (Federal Express):

Attorney for party GINTER:

Linda J. Thayer, Esq.
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA   94304-1203


Attorney for party BENSON:

Charles L. Gholz, Esq.
OBLON, SPIVAK, McCLELLAND,
    MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314

EXHIBIT F

Confidential Exhibit

EXHIBIT G

CONFIDENTIAL EXHIBIT

EXHIBIT H

CONFIDENTIAL EXHIBIT

EXHIBIT I

CONFIDENTIAL EXHIBIT

EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFTWARE AG and SOFTWARE AG INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  03-739 GMS |
| | ) | |
| BEA SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

### I.    INTRODUCTION

On April 4, 2005, the court held a pre-trial conference with the above-captioned parties to

discuss, among other things, the motions *in limine* filed by each side.  With the exception of motion

*in limine* number eight filed by plaintiffs Software AG and Software AG, Inc. (collectively "SAG"),

the court ruled on each motion during the conference.  As to the outstanding motion, the court

reserved judgment.  After further deliberation, the court has decided to grant SAG's motion, and

therefore, to preclude defendant BEA Systems, Inc. ("BEA") from introducing evidence at trial of

the involvement of Sheldon Meyer in BEA's pre-litigation correspondence with SAG, to the extent

that he is identified as a patent attorney.

### II.    DISCUSSION

This is an action for patent infringement brought by SAG against BEA, in which SAG has

also accused BEA of willful infringement.  As part of its defense against SAG's willfulness claim,

BEA seeks to do the following:

> BEA intends, however, to call its General Counsel Robert Donohue to testify
> to the facts showing that BEA acted in good faith and with due care, and thus did not
> willfully infringe.  Among other things, Mr. Donohue is expected to testify to the
> conduct and content of BEA's discussions with SAG, including the oral and written
> evidence that BEA presented to SAG (and which it will present to the jury at trial)

that the '619 patent was neither infringed nor valid. Mr. Donohue will also testify that BEA's outside patent prosecution counsel Sheldon Meyer, of Fliesler, Dubb, Meyer & Lovejoy, was extensively involved in these prefiling interactions with SAG. Mr. Meyer was present with Mr. Donohue and other BEA personnel in conference calls with SAG, and took part in the discussions. Mr. Meyer also authored or is the recipient of much of the pre-litigation correspondence between the parties concerning SAG's allegations. BEA will not adduce evidence of any privileged "opinion" that Mr. Meyer might have formed, including whether or not he was asked to form such an opinion. Nor will any testimony as to the contents of the discussions with SAG reveal privileged communications relating to an opinion.

(D.I. 188 at 2.) BEA further states, "[t]he facts establishing the conduct and content of BEA's discussions with SAG, *including that Mr. Meyer was a significant participant*, are highly probative of BEA's intent and lack of willfulness." (Id. at 3 (emphasis added).) BEA does not intend to have Meyer himself testify.

SAG argues that testimony regarding the pre-litigation involvement of Meyer will be unfairly prejudicial in violation of Fed. R. Evid. 403 because it is "designed to suggest to the jury that BEA acted responsibly by consulting Mr. Meyer or that Mr. Meyer provided a favorable opinion to BEA." (D.I. 204 Ex. 8 at 2.) This type of testimony, SAG argues, was held to be impermissible in *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294 (Fed. Cir. 2001).

The court agrees with SAG. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In the context of willful infringement, the "fact that is of consequence" is BEA's intent. *See Medtronic*, 265 F.3d at 1309. However, the mere fact that a patent attorney was a significant participant in the pre-litigation correspondence does not make the existence of intent "more probable or less probable than it would be without the evidence." At most, Meyer's involvement is probative of the fact that BEA engaged in a serious effort to defeat SAG's allegations. Thus, the court holds that Meyer's

2

involvement is irrelevant to BEA's defense to willful infringement insofar as he is identified to the jury as a patent attorney.

Of course, to some degree, irrelevant evidence always has a way of finding itself before the jury. The extent of effort the court will undertake to exclude irrelevant evidence is a matter of judicial economy. In other words, it is not necessarily worth the court's time to exclude irrelevant evidence unless it is prejudicial, time consuming, etc. In *Medtronic*, the defendant sought to defend against an allegation that it willfully infringed one of the patents in the case by introducing evidence of its "consultation with legal counsel in its effort to design around" two *other* patents at issue in the case, while simultaneously asserting "privilege with respect to its legal consultations on the [allegedly willfully infringed patent]." 265 F.3d at 1309-10. The Federal Circuit held the evidence to be irrelevant due to its "lack of probative value." *Id.* at 1309. The court further explained that it "agreed with the district court that admitting evidence of [the defendant's] legal activities regarding the [two other patents] would have been potentially prejudicial to [the plaintiff]." *Id.* "Admitting the evidence in question," the court said, "would potentially have allowed [the defendant], in addition to asserting privilege, to establish an inference that it acted in a legally reasonable manner with respect to the [allegedly willfully infringed patent]. This would have prejudiced [the plaintiff]." *Id.* at 1310. Thus, the district court in *Medtronic* did not abuse its discretion by excluding this irrelevant and prejudicial evidence.

Furthermore, the Federal Circuit's decision in *Medtronic* was made three years before its decision in *Knorr-Bremse v. Dana Corp.*, in which the court held that "no adverse inference shall arise from invocation of the attorney-client and/or work product privilege." 383 F.3d 1337, 1344 (Fed. Cir. 2004). In fact, the court in *Medtronic* specifically cited the rule prior to *Knorr-Bremse*

(i.e., permitting an adverse inference from a party's decision to assert privilege), but nevertheless concluded that it is prejudicial to permit a defendant to introduce evidence of irrelevant legal consultations, while asserting privilege as to the truly probative communications, in an effort to show a lack of intent.  265 F.3d at 1309.

In the present case, BEA seeks to do something very similar to that which is prohibited by *Medtronic*.  In particular, BEA would like to introduce evidence that its pre-litigation correspondence with SAG was handled in part by a patent attorney, while simultaneously asserting privilege as to his private communications with BEA, in an effort to show a lack of intent.  In its brief, BEA denies that it will adduce evidence of any opinion that Meyer might have formed, or whether Meyer was asked to form such an opinion.  (D.I. 188 at 2.)  And yet, almost in the very next breath, BEA asserts that Meyer's significant participation in the pre-litigation correspondence with SAG is "highly probative" on the issue of willful infringement.  (Id. at 3.)  This is an untenable position because Meyer's involvement can only be highly probative if it somehow reflects BEA's intent.  But as discussed above, Meyer's involvement is legally irrelevant to BEA's intent.  Therefore, the true value to BEA of this evidence is that it will permit BEA to give the jury a subtle "wink wink," in the hope that the jury will draw the improper inference that the patent attorney's involvement demonstrates BEA's lack of intent.  Given the obvious prejudice to SAG, the court will not permit BEA to introduce the fact that Meyer was involved in the pre-litigation correspondence with SAG, to the extent he is identified as a patent attorney.

4

**III.    CONCLUSION**

For the foregoing reasons, SAG's motion *in limine* number eight will be granted.


Dated: April 8, 2005                                    /s/ Gregory M. Sleet_____
                                                        UNITED STATES DISTRICT JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFTWARE AG and SOFTWARE AG INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  03-739 GMS |
| | ) | |
| BEA SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

IT IS HEREBY ORDERED THAT:

    SAG's motion *in limine* number eight be GRANTED.


Dated: April 8, 2005                /s/ Gregory M. Sleet
                                        UNITED STATES DISTRICT COURT