IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-422-GMS |
| SONIC INNOVATIONS, INC., et al. | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 1
MOTION TO EXCLUDE EVIDENCE AND ARGUMENT
<u>REGARDING AWARDS AND HONORS RECEIVED BY DR. LEVITT</u>**

OF COUNSEL:

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, DC  20001-4413
202.408.4000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
302.658.9200

*Attorneys for William Demant Holding A/S,
WDH Inc., Oticon A/S, Oticon, Inc.,
Bernafon AG, and Bernafon LLC*

OF COUNSEL:

SUGHRUE MION, PLLC
David J. Cushing
William H. Mandir
Carl J. Pellegrini
2100 Pennsylvania Ave., N.W.
Suite 800
Washington, DC  20037
202.293.7060

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
302.658.9200

*Attorneys for Widex A/S and Widex Hearing
Aid Co. Inc.*

Dated: November 21, 2007

Defendants Oticon A/S, Oticon Inc., Bernafon AG, Bernafon, LLC, WDH, Inc., William Demant Holding A/S, Widex A/S, and Widex Hearing Aid Co., Inc. hereby move *in limine* for an order precluding ETG from presenting to the jury any evidence or argument regarding general awards, honors, or accolades given to Dr. Harry Levitt, the first-named inventor on the two patents-in-suit, U.S. Patent Nos. 4,731,850 and 4,879,749. These awards are not relevant to any issue in the case and pose a risk of misleading the jury, and therefore should be excluded under Rules 402 and 403 of the Federal Rules of Evidence.

Defendants anticipate that ETG will seek to present to the jury an array of awards given to Dr. Levitt as a back door attempt to bolster the validity of the patent by seeking to show that Dr. Levitt has been favorably recognized by his peers for his scientific work in general.[1] If the Court allows this evidence to go to the jury, a real danger exists that the jury will view the awards as supporting an inference that Dr. Levitt's inventions claimed in the patents-in-suit must have patentable merit because his peers in the scientific community have recognized his achievements with awards.

In limited circumstances, not applicable here, peer recognition of the merits of *the claimed invention* can provide a secondary consideration to support patentability in the face of an obviousness challenge. But for peer recognition to have any relevance it must have a nexus with the claimed invention; *i.e.*, the peers must praise the *invention*, not the inventor or the inventor's work in general. E.g., *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1365-66

---

[1] In ETG's Exhibit List provided to the Defendants on November 16, 2007 with ETG's draft Pre-trial Order, ETG included at least a Press Release for 1999 Mayor's Award (NYC) for Excellence in Science and Technology presented by Rudolph Giuliani, and the 2006 James Jerger Career Award for Research in Audiology presented by The American Academy of Audiology.

- 1 -

(Fed. Cir. 2007) (evidence of peer recognition did not overcome showing of obviousness where the recognition did not pertain to the alleged inventive contribution by the inventors).

Here there is no nexus between the work Dr. Levitt did that led to his awards relating to hearing aid technology in general and the specific claimed subject matter of the patents-in-suit. Accordingly, Dr. Levitt's awards will not make the existence of any fact relating to the issue of patent invalidity, infringement, or enforceability, more or less probable, and therefore the awards should be excluded under Fed. R. Evid. 402. *See Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*, 32 USPQ2d 1906, 1914-15 (N.D. Ill. 1994) (excluding evidence of awards trademark owner received for not being relevant to showing whether the trademark had achieved secondary meaning).

Even if the awards received by Dr. Levitt had a scintilla of relevance to the patent issues in the case, the awards should still be excluded under Federal Rule of Evidence 403. The law has long required that the validity of a patent claim must be assessed on its substantive merits without regard to the reputation of the inventor. *Marconi Wireless Tel. Co. of Am. v. United States*, 320 U.S. 1, 37-38 (1943). Speaking to this point in affirming the invalidity of patent claims based on the prior inventorship by another, the Supreme Court stated in *Marconi Wireless*:

> Marconi's reputation as the man who first achieved successful radio transmission rests on his original patent, which became reissue No. 11,913, and which is not here in question. That reputation, however well-deserved, does not entitle him to a patent for every later improvement which he claims in the radio field. Patent cases, like others, must be decided not by weighing the reputations of the litigants, but by careful study of the merits of their respective contentions and proofs.

*Id.*

Admitting evidence of Dr. Levitt's awards would tend to confuse the jury by leading them to consider Dr. Levitt's overall reputation in the scientific community as a factor they

should consider in making their determination of whether the claims in the patents-in-suit are invalid. As shown by the Supreme Court's reasoning in *Marconi*, that standard is legally erroneous. Given the real danger of misleading the jury to make an invalidity determination based on a legally erroneous standard, the evidence of Dr. Levitt's awards, honors, and accolades should be excluded under Fed. R. Evid. 403. *Cf. United States v. Downing*, 753 F.2d 1224, 1226 (3d Cir. 1985) ("[T]he district court retains discretionary authority under Fed. R. Evid. 403 to exclude any relevant evidence that would unduly waste time or confuse the issues at trial.").

For the reasons set forth above, Defendants request that their motion be granted and that ETG be precluded from introducing at trial any evidence or argument regarding any awards, honors, and accolades Dr. Levitt has received that are not based on the subject matter of the asserted patents.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC*

OF COUNSEL:

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, DC 20001-4413
202.408.4000

                                                  Morris, Nichols, Arsht & Tunnell LLP

                                                  */s/ Jason A. Cincilla*

                                                  Donald E. Reid (#1058)
                                                  Jason A. Cincilla (#4232)
                                                  1201 North Market Street
                                                  P.O. Box 1347
                                                  Wilmington, DE 19899
                                                  302.658.9200

                                                  *Attorneys for Widex A/S and Widex Hearing Aid Co. Inc.*

OF COUNSEL:

Sughrue Mion, PLLC
David J. Cushing
William H. Mandir
Carl J. Pellegrini
2100 Pennsylvania Ave., N.W.
Suite 800
Washington, DC 20037
202.293.7060

Dated: November 21, 2007
1320509

                                                                                            1486684v2

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC. ) ) ) Plaintiff, ) ) v. ) ) SONIC INNOVATIONS, INC., et al. ) ) Defendants. ) | C.A. No. 05-422-GMS |

### [Proposed] ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE* NO. 1

The Court, having considered Defendants' Motion *In Limine* No. 1: Motion To Exclude Evidence and Argument Regarding Awards And Honors Received By Dr. Levitt;

IT IS HEREBY ORDERED this ____ day of December, 2007, that Defendants' Motion *In Limine* No. 1: Motion To Exclude Evidence and Argument Regarding Awards And Honors Received By Dr. Levitt is GRANTED.

_____
The Honorable Gregory M. Sleet

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on November 21, 2007 upon the following parties:

| | |
|---|---|
| REPRESENTING ENERGY TRANSPORTATION GROUP, INC. | Edmond D. Johnson<br>PEPPER HAMILTON LLP<br>**johnsone@pepperlaw.com**<br><br>Brian M. Buroker<br>HUNTON & WILLIAMS LLP<br>**etg@hunton.com** |
| REPRESENTING PHONAK AG, PHONAK, LLC, UNITRON HEARING LTD., AND UNITRON HEARING, INC. | Thomas C. Grimm<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**tgrimm@mnat.com**<br><br>James R. Sobieraj<br>David H. Bluestone<br>BRINKS HOFER GILSON & LIONE<br>**phonaketg@brinkshofer.com** |
| REPRESENTING STARKEY LABORATORIES, INC. | Mary B. Matterer<br>MORRIS JAMES LLP<br>**mmatterer@morrisjames.com**<br><br>Amy A. Quinlan<br>MORRIS JAMES LLP<br>**aquinlan@morrisjames.com**<br><br>Steven L. Reitenour<br>BOWMAN AND BROOKE LLP<br>**steve.reitenour@bowmanandbrooke.com**<br><br>Richard G. Morgan<br>BOWMAN AND BROOKE LLP<br>**richard.morgan@bowmanandbrooke.com** |

| | |
|---|---|
| REPRESENTING WIDEX A/S AND WIDEX HEARING AID CO. INC. | Donald E. Reid<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**dreid@mnat.com**<br><br>William H. Mandir<br>SUGHRUE MION PLLC<br>**wmandir@sughrue.com**<br><br>David J. Cushing<br>SUGHRUE MION PLLC<br>**dcushing@sughrue.com**<br><br>Carl J. Pellegrini<br>SUGHRUE MION PLLC<br>**cpellegrini@sughrue.com**<br><br>Brian K. Shelton<br>SUGHRUE MION PLLC<br>**bshelton@sughrue.com** |
| REPRESENTING WILLIAM DEMANT HOLDING A/S, WDH, INC., OTICON A/S, OTICON INC., BERNAFON AG, AND BERNAFON, LLC | Mary B. Graham<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**mgraham@mnat.com;**<br>**mbgeservice@mnat.com**<br><br>John M. Romary<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**john.romary@finnegan.com**<br><br>C. Gregory Gramenopoulos<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**c.gregory.gramenopoulos@finnegan.com** |

*/s/ James W. Parrett, Jr.*
―――――――――――――――――――
James W. Parrett, Jr. (#4292)

1320520