IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-422-GMS |
| SONIC INNOVATIONS, INC., et al. | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 8
MOTION TO EXCLUDE WITNESSES
<u>NOT TIMELY IDENTIFIED DURING DISCOVERY</u>**

OF COUNSEL:

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, DC 20001-4413
202.408.4000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for William Demant Holding A/S,
WDH Inc., Oticon A/S, Oticon, Inc.,
Bernafon AG, and Bernafon LLC*

OF COUNSEL:

SUGHRUE MION, PLLC
David J. Cushing
William H. Mandir
Carl J. Pellegrini
2100 Pennsylvania Ave., N.W.
Suite 800
Washington, DC 20037
202.293.7060

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Widex A/S and Widex Hearing
Aid Co. Inc.*

Dated: November 21, 2007

Defendants Oticon A/S, Oticon Inc., Bernafon AG, Bernafon, LLC, WDH, Inc., William Demant Holding A/S, Widex A/S, and Widex Hearing Aid Co., Inc. ("Defendants") respectfully move this Court to preclude Plaintiff Energy Transportation Group, Inc. ("ETG") from calling 23 witnesses at trial who were not timely identified during discovery.

Two of the individuals at issue-- Fran Brahmi and Jessica Morelli-- were identified for the first time last week on a witness list included in ETG's draft Pretrial Order. Other than a notation that Fran Brahmi's address is unknown, and the identification of Ms. Morelli's address, ETG provided no further information about these individuals or their relevant knowledge. ETG identified 21 other surprise witnesses on the last day of fact discovery.

As part of their Initial Disclosure under Rule 26, ETG provided a list of persons who might be trial witnesses. Ex. A. Originally, that list did not include the names of the 23 surprise witnesses. To avoid such surprise, and to afford themselves enough time to take depositions of persons likely to have relevant knowledge, in June 2007, the Demant Group Defendants propounded upon ETG Interrogatory No. 8, seeking the identity of "all witnesses, including expert witnesses, whose testimony ETG will *or may* offer at trial." See Ex. B.

Initially, ETG did not provide any response, citing an ongoing investigation. Ex. C. Then, on the last day of discovery, ETG updated its initial disclosure and discovery responses to identify 21 new witnesses. Ex. D and Ex. E. With discovery closing that same day, Defendants were unable to depose the 21 newly identified witnesses. It would be trial by ambush to permit ETG to call at trial any of these 21 persons, or the two new persons identified just this week.

Courts routinely preclude the testimony of witnesses when their identities are not disclosed prior to the close of discovery. In a strikingly similar situation, this Court would not permit five witness to testify at trial because they were not identified as witnesses before the close of discovery:

- 1 -

> In the Pretrial Stipulation, plaintiff lists five witnesses whom he has never before identified as having information about the subject matter of this case .... [D]efendant seeks a ruling that these witnesses not be allowed to testify because they should have been, but were not, disclosed during discovery.
>
> \* \* \*
>
> Defendant has been surprised and prejudiced in not being able to depose these witnesses and prepare accordingly for trial. Because it is the eve of trail, with two closely intervening holidays, the Court is unwilling to disrupt defendant's trial preparation with having to notice five deponents and coordinate schedules. It would be unfair to penalize defendant and in effect reward plaintiff's noncompliance. Consequently the witnesses will not be allowed to testify at trial.

*Finch v. Hercules Inc.,* 1995 U.S. Dist. LEXIS 19805, at *49-51 (D. Del. Dec. 22, 1995)

One distinction between this case and *Finch* is that, in *Finch*, only five witnesses were identified late. Here, 23 witnesses-- more than all the depositions taken by the defendants in this case-- were identified after the close of discovery, each of whom is identified below.

| Anthony G. Barriero, Sr | Sue Kelly |
|---|---|
| Stavros Basseas | Heide Mueller |
| R. W. Christiansen | Elisabeth Piveteau |
| John Grosspietsch | Karen Slosser |
| Robert Guinta | Ricard Vieira |
| Raymond G. Jacquot | Margret Paul |
| James Kates | Jessica Morelli |
| Beth Dodge | Charles Pavlovic |
| Glen Gaffield | Fran Brahmi |
| Judy Hickey | Rodney Perkins |
| Vincent J. Pluvinage | Keith Peterson |
|  | Nicholas Michael |

In addition to failing to comply with Defendants' discovery request, ETG also failed to comply with Rule 26(e)'s requirement to timely supplement their Initial Disclosure or their response to Interrogatory No. 8. A party is "'under a duty to supplement or correct the disclosure or response to include information thereafter required if . . . the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process

or in writing.'" *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (quoting Fed. R. Civ. P. 26(e)). It is highly unlikely that on the very last day of discovery, ETG suddenly learned that 21 individuals had knowledge relevant to this case. "Furthermore, under Federal Rule of Civil Procedure 37(c)(1), when 'a party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [that party] shall not, unless such failure is harmless, be permitted to use as evidence at trial ... any witness or information not so disclosed.'" *Id.*

In considering whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties, courts consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation. *Id.* (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)).

Here, the defendants were taken completely by surprise. ETG will undoubtedly find a scattering of documents or testimony where some of the names of the surprise witnesses appear. However, hundreds of thousands of pages of paper were produced in this case, containing the names of hundreds if not thousands of potential witnesses. If ETG felt that any of these individuals had relevant knowledge, ETG had an obligation to bring them to the Defendants' attention in a meaningful way so that the case could proceed in an orderly fashion, rather than by ambush. As a result, the defendants would be highly prejudiced if these surprise witnesses were permitted to testify at trial.

In *Gantt v. Klenzade*, 155 F.R.D. 102, 104 (E.D. Pa. 1994), a court, citing Fed. R. Civ.P 37(c)(1), precluded the testimony of twelve fact witnesses not identified in response to

defendant's interrogatories.  Although the plaintiff argued that the defendant had in fact been notified of these witnesses through discovery, the court dismissed this assertion: "The mere fact that the names of some of these witnesses were contained in these documents does not put Defendants on notice that they will be called to testify at trial." *Id.* at 103.  Likewise, even if, *arguendo*, ETG mentioned the names of one or more of these individuals at some time or another, ETG's failure to identify them as potential trial witnesses in time to be deposed is fatal. *See also Arche, Inc. v. Azaleia, U.S.A., Inc.*, 882 F. Supp. 334, 338 n.5 (S.D.N.Y. 1995) (precluding certain testimony of witnesses not identified in response to an interrogatory concerning one issue, although opponent was aware of the witness and had deposed them on other issues for which they had been identified.)

Nor is there fair opportunity for the prejudice to be cured.  With trial about eight weeks away, the Defendants cannot now begin to take 23 depositions and still adequately prepare for trial.  *Finch*, 1995 U.S. Dist. LEXIS 19805, at *49-51.  Permitting the depositions to proceed would disrupt the orderly and efficient trial of this case.

Therefore, Defendants move the Court for an Order excluding from trial each of the 23 surprise witnesses identified herein.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

OF COUNSEL:

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, DC 20001-4413
202.408.4000

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC*

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Jason A. Cincilla* |
|  | Donald E. Reid (#1058)<br>Jason A. Cincilla (#4232)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>302.658.9200 |
| OF COUNSEL:<br><br>SUGHRUE MION, PLLC<br>David J. Cushing<br>William H. Mandir<br>Carl J. Pellegrini<br>2100 Pennsylvania Ave., N.W.<br>Suite 800<br>Washington, DC  20037<br>202.293.7060 | *Attorneys for Widex A/S and Widex Hearing Aid Co. Inc.* |

Dated: November 21, 2007
1320541

1489156v2

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 05-422-GMS |
| SONIC INNOVATIONS, INC., et al. | ) ) ) |
| Defendants. | ) |

### [Proposed] ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE* NO. 8

The Court, having considered Defendants' Motion *In Limine* No. 8: Motion to Exclude Witnesses Not Timely Identified During Discovery;

IT IS HEREBY ORDERED this ____ day of December, 2007, that Defendants' Motion *In Limine* No. 8: Motion to Exclude Witnesses Not Timely Identified During Discovery is GRANTED.

_____
The Honorable Gregory M. Sleet

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on November 22, 2007 upon the following parties:

| | |
|---|---|
| REPRESENTING ENERGY TRANSPORTATION GROUP, INC. | Edmond D. Johnson<br>PEPPER HAMILTON LLP<br>**johnsone@pepperlaw.com**<br><br>Brian M. Buroker<br>HUNTON & WILLIAMS LLP<br>**etg@hunton.com** |
| REPRESENTING PHONAK AG, PHONAK, LLC, UNITRON HEARING LTD., AND UNITRON HEARING, INC. | Thomas C. Grimm<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**tgrimm@mnat.com**<br><br>James R. Sobieraj<br>David H. Bluestone<br>BRINKS HOFER GILSON & LIONE<br>**phonaketg@brinkshofer.com** |
| REPRESENTING STARKEY LABORATORIES, INC. | Mary B. Matterer<br>MORRIS JAMES LLP<br>**mmatterer@morrisjames.com**<br><br>Amy A. Quinlan<br>MORRIS JAMES LLP<br>**aquinlan@morrisjames.com**<br><br>Steven L. Reitenour<br>BOWMAN AND BROOKE LLP<br>**steve.reitenour@bowmanandbrooke.com**<br><br>Richard G. Morgan<br>BOWMAN AND BROOKE LLP<br>**richard.morgan@bowmanandbrooke.com** |

| | |
|---|---|
| REPRESENTING WIDEX A/S<br>AND WIDEX HEARING AID CO. INC. | Donald E. Reid<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**dreid@mnat.com**<br><br>William H. Mandir<br>SUGHRUE MION PLLC<br>**wmandir@sughrue.com**<br><br>David J. Cushing<br>SUGHRUE MION PLLC<br>**dcushing@sughrue.com**<br><br>Carl J. Pellegrini<br>SUGHRUE MION PLLC<br>**cpellegrini@sughrue.com**<br><br>Brian K. Shelton<br>SUGHRUE MION PLLC<br>**bshelton@sughrue.com** |
| REPRESENTING WILLIAM DEMANT HOLDING A/S, WDH, INC., OTICON A/S, OTICON INC., BERNAFON AG, AND BERNAFON, LLC | Mary B. Graham<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**mgraham@mnat.com;**<br>**mbgeservice@mnat.com**<br><br>John M. Romary<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**john.romary@finnegan.com**<br><br>C. Gregory Gramenopoulos<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER<br>**c.gregory.gramenopoulos@finnegan.com** |

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)

1320520