EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC. | ) ) ) | |
| | ) | C.A. NO. 05-422 (GMS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SONIC INNOVATIONS, INC, ET AL. | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF ENERGY TRANSPORTATION GROUP INC. INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Pursuant to Federal Rules of Civil Procedure 26(a)(1), Plaintiff Energy Transportation

Group, Inc. ("ETG"), by counsel, submits the following initial disclosures. These disclosures are

made without waiver of and with preservation of the following:

A.      The right to object to the use of any matters disclosed herein, or the subject matter

thereof, on any ground in any further proceeding in this action (including the trial of this action)

and any other action;

B.      All issues as to competency, relevancy, materiality, privilege, and admissibility of

matters disclosed herein, and the subject matter thereof, as evidence for any purposes in any

further proceeding in this action (including the trial of this action) and any other action;

C.      The right to object on any legitimate ground at any time to a demand or request

for further disclosure of matters identified herein, including, but not limited to, requests for

documents, interrogatories, requests for admission, depositions, or other discovery proceedings

involving or relating to the subject matter or this controversy;

D.      The right at any reasonable time to revise, correct, add to, supplement, or clarify any of the disclosures contained herein; and

E.      The right to object to the disclosure of the underlying information unless there is an inappropriate protective order in force.

In the event any matters are inadvertently disclosed by ETG and otherwise fall within the attorney-client privilege and/or work-product privilege, ETG shall not be deemed to have waived its privilege as to any such disclosure or the information contained therein, or the right to the attorney-client privilege and/or work-product privilege as to any matter that arises during the course of this litigation or any subsequent proceeding.

I.      **PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Pursuant to Rule 26(a)(1)(A), ETG presently believes that the following individuals are likely to have discoverable information that ETG may use to support its claims or defenses to counterclaims, excluding persons to be used solely for impeachment.  The subjects of discoverable information for which these individuals are identified are also provided.

| Name | Company & Address | Subject(s) of Information |
|---|---|---|
| Kimball C. Chen, Chairman and Chief Executive Officer | Energy Transportation Group, Inc. 654 Madison Avenue, 17th Floor New York, NY 10021 (Should only be contacted through counsel of record) | Patent procurement and ownership of the patents in suit; Willful Infringement; ETG Corporate Information; damages. |
| Alex W. Evans, Vice President | Energy Transportation Group, Inc. 654 Madison Avenue, 17th Floor New York, NY 10021 (Should only be contacted through counsel of record) | Ownership of the patents in suit; ETG Corporate Information; damages. |
| Harry Levitt | P.O. BOX 610 Bodega Bay, CA 94923 998 SeaEagle Dr. (707) 875-2289 (Should only be contacted through counsel of record) | Patent procurement; Inventorship; Infringement; Willful Infringement; Damages; Validity |
| Richard S. Dugot | 590 W End Ave New York, NY 10024 (212) 873-8067 (Should only be contacted through counsel of record) | Patent procurement; Inventorship; Infringement; Willful Infringement; Damages; Validity |
| Kenneth W. Kopper | 1221 Crossman Ave Sunnyvale, CA 94089 (Should only be contacted through counsel of record) | Patent procurement; Inventorship; Infringement; Willful Infringement; Damages; Validity |
| Sorek Eric Westermann | Widex A/S Ny Vestergaardsvej 25 3500 Vaeloese Denmark | Infringement; Willful Infringement; Damages; Licensing of hearing aid technology |
| Jerome Ruzicka | Starkey Laboratories Inc. 6700 Washington Ave. S. Eden Prairie, MN 55344 | Infringement; Willful Infringement; Damages; Licensing of hearing aid technology |

3

| Name | Company & Address | Subject(s) of Information |
|---|---|---|
| Valentin Ruda | Phonak Group<br>Laubistrutistrasse 28<br>CH 8712 Stafa<br>Switzerland | Infringement; Willful Infringement; Damages; Licensing of hearing aid technology |
| Gerhard Rohrlein | Siemens AG<br>Wittelsbacherplatz 2<br>D-80333 Munich<br>Federal Republic of Germany | Willful Infringement; Licensing of hearing aid technology |
| Niels Jacobsen | William Demant Holding A/S<br>Oticon A/S<br>Strandvejen 58,<br>2900 Hellerup<br>Denmark | Infringement; Willful Infringement; Damages; Licensing of hearing aid technology |
| Peter Nikolai Bisgaard | GN Resound<br>Markaevej 2A<br>P.O. Box 224<br>DK 2630 Tastrup<br>Denmark | Infringement; Willful Infringement; Damages; Licensing of hearing aid technology |
| Itsuo Ono | Address Unknown | Willful Infringement; Licensing of hearing aid technology |
| Jerry DaBell | Sonic Innovations Inc.<br>2795 E. Cottonwood Pkwy Ste 660<br>Salt Lake City, UT 84121 | Infringement; Willful Infringement; Damages; Licensing of hearing aid technology |
| One or More Corporate Representatives of Sonic Innovations, Inc. | Sonic Innovations Inc.<br>2795 E. Cottonwood Pkwy Ste 660<br>Salt Lake City, UT 84121 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Phonak AG | Phonak AG<br>Laubistrutistrasse 28<br>CH 8712 Stafa<br>Switzerland | Infringement; Willful Infringement; Damages |

4

| Name | Company & Address | Subject(s) of Information |
|---|---|---|
| One or More Corporate Representatives of Phonak, Inc. | Phonak, Inc.<br>4520 Weaver Pkwy.<br>Warrenville, IL 60555-3927 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Phonak, LLC | Phonak, LLC<br>4520 Weaver Pkwy.<br>Warrenville, IL 60555-3927 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Unitron Hearing, Inc. | Unitron Hearing, Inc.<br>2300 Berkshire Lane North<br>Plymouth, MN 55441 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Unitron Hearing, Ltd. | Unitron Hearing, Ltd.<br>20 Beasley Drive<br>Kitchener, Ontario<br>Canada N2G 4X1 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of William Demant Holding A/S | William Demant Holding A/S<br>Strandvejen 58<br>2900 Hellerup<br>Denmark | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Oticon A/S | Oticon A/S<br>Strandvejen 58<br>2900 Hellerup<br>Denmark | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Oticon Inc. | Oticon Inc.<br>29 Schoolhouse Road<br>P.O. Box 6724<br>Somerset, New Jersey 08873 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Widex A/S | Widex A/S<br>Ny Vestergaardsvej 25<br>3500 Vaerloese<br>Denmark | Infringement; Willful Infringement; Damages |

| Name | Company & Address | Subject(s) of Information |
|---|---|---|
| One or More Corporate Representatives of Widex Hearing Aid Co., Inc. | Widex Hearing Aid Co., Inc.<br>3553 24th Street<br>Long Island City, NY 11106 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of GN Resound A/S | GN Resound A/S<br>Markaevej 2A<br>P.O. Box 224<br>DK 2630 Tastrup<br>Denmark | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of GN Resound Corporation | GN Resound Corporation<br>8001 Bloomington Freeway<br>Bloomington, MN 55420 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Starkey Laboratories, Inc. | Starkey Laboratories, Inc.<br>6700 Washington Avenue, S.<br>Eden Prairie, MN 55344 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Gennum Corporation | Gennum Corporation<br>970 Frasier Drive<br>Burlington, ON L7L 5P5<br>Canada | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Resistance Technology, Inc. | Resistance Technology, Inc.<br>1260 Red Fox Road<br>Arden Hills, MN 55112-6944 | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of Bernafon AG | Bernafon AG<br>Morgenstrasse 131<br>3018 Berne<br>Switzerland | Infringement; Willful Infringement; Damages |
| One or More Corporate Representatives of WDH, Inc. | WDH, Inc.<br>9675 West 76th Street<br>Eden Prairie, MN 55344 | Infringement; Willful Infringement; Damages |

| Name | Company & Address | Subject(s) of Information |
|---|---|---|
| One or More Corporate Representatives of Bernafon, LLC | Bernafon, LLC 200 Cottontail Lane Bldg. B Somerset NJ 08873 | Infringement; Willful Infringement; Damages |

## II.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS

Pursuant to Rule 26(a)(1)(B), the following is a description, by category and location, of the documents, data compilations, and tangible things, in the possession, custody, or control of ETG or its retained counsel, that ETG presently believes may be used to support its claims or defenses to counterclaims, excluding such documents, data compilations and tangible things to be used solely for impeachment.

1)    U.S. Patent Nos. 4,731,850 and 4,879,749;

2)    Patent prosecution files for U.S. Patent Nos. 4,731,850 and 4,879,749;

3)    Documents showing Defendants' prior notice of patents-in-suit;

4)    Documents relating to the ownership and assignment of the patents-in-suit;

5)    Documents relating to the development, conception and reduction to practice of the claimed inventions of the patents-in-suit;

6)    Documents relating to Defendants' infringement of the patents-in-suit;

7)    Documents relating to any licensing of the patents-in-suit or the technology claimed in the patents in suit, and sales, marketing, and financial documents relating to the Defendants' products; and

8)    Documents relating to technical information, schematics, block and circuit diagrams relating to Defendants' products.

As discovery has just begun and ETG's investigation of defendant's defenses and counterclaims is continuing, ETG reserves the right to rely upon any additional documents obtained through further discovery and investigation, and any documents identified by Defendants.

These documents, data compilations and things are located primarily at the offices of

ETG's counsel herein, or at each respective Defendants' places of business, or at the offices of counsel for each respective Defendant, or at ETG's office at 654 Madison Avenue, 17th Floor New York, NY 10021.  Additionally, certain documents are located in the possession of HIMPP A/S and/or K/S HIMPP located at Ny Vestergårdsvej 25, 3500 Værløse Denmark.

## III.    COMPUTATION OF DAMAGES

Pursuant to 35 U.S.C. § 284, ETG seeks damages adequate to compensate it for Defendants' infringement of the asserted patents in suit in the form of at least a reasonable royalty to compensate ETG for Defendants' patent infringement, together with pre- and post-judgment interest and costs as fixed by the Court.  ETG also requests a trebling of damages as a result of willful infringement and an award of its attorney fees and costs.

## IV.    INSURANCE AGREEMENT

ETG is not aware of any insurance agreements that pertain to issues identified in the pleadings of this action.

9

Respectfully Submitted,

Energy Transportation Group, Inc.

By Counsel:

_____
Edmond D. Johnson (No. 2257)
Katherine V. Jackson (No. 4800)
THE BAYARD FIRM
222 Delaware Ave.
Suite 900
Wilmington, DE 19801
ejohnson@bayardfirm.com
kjackson@bayardfirm.com
(302) 655-5000
Attorneys for Energy Transportation Group, Inc.


Thomas J. Scott, Jr.
Brian M. Buroker
Christopher C. Campbell
Hunton & Williams LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201


Dated:  December 18, 2006

10

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I caused a copy of the foregoing **PLAINTIFF ENERGY TRANSPORTATION GROUP INC. INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** to be served via e-mail and via first class mail upon the following counsel of record:

James D. Heisman (#2746)
CONNOLLY BOVE LODGE & HUTZ LLP
N. Richards Powers (#494)
1007 North Orange Street
Wilmington, DE  19899

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER
901 New York Ave., N.W.
Washington, DC  20001-4413

*Attorneys for William Demant Holding A/S,
WDH Inc., Oticon A/S, Oticon, Inc., Bernafon
AG, and Bernafon LLC*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

Robert C. Kahrl
David B. Cochran
Thomas R. Goots
Isaac A. Molnar
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114
216.586.7506

*Attorneys for Gennum Corporation*

11

Jack B. Blumenfeld (#1014)
Maryellen E. Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020

*Attorneys for GN ReSound A/S and*
*GN Hearing Care Corporation*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19899

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr.; Suite 3600
Chicago, IL 60611

*Attorneys for Phonak Inc., Phonak LLC,*
*Unitron Hearing Inc., and Unitron Hearing*
*Ltd.*

Barry M. Klayman (#3676)
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market St., Suite 1001
Wilmington, DE 19801

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

*Attorneys for Resistance Technology Inc.*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

*Attorneys for Sonic Innovations, Inc.*

12

Richard K. Herrmann (#405)
Mary B.Matterer (#2696)
Amy Quinlan (#3021)
MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN  55402

*Attorneys for Starkey Laboratories, Inc.*

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
Wilmington, DE  19899

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC  20037

*Attorneys for Widex A/S and Widex*
*Hearing Aid Co. Inc.*

_____
Brian M. Buroker

13

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 05-CV-422 (GMS) |
| v. | ) | |
| | ) | Judge Gregory M. Sleet |
| SONIC INNOVATIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS OTICON A/S, OTICON INC., BERNAFON AG, WDH, INC., AND
BERNAFON, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the applicable Local
Rules of the United States District Court for the District of Delaware, Defendants Oticon A/S,
Oticon Inc., Bernafon AG, WDH, Inc., and Bernafon, LLC hereby request that, within thirty (30)
days of the service date hereof, Plaintiff Energy Transportation Group, Inc. ("ETG") respond to
the following Interrogatories separately and fully in writing and under oath.

**DEFINITIONS AND INSTRUCTIONS**

1.    The term "person" or "persons" includes not only natural persons, but also,
without limitation, firms, partnerships, associations, corporations, and other legal entities, and
divisions, departments, or other units thereof and his, its, or their directors, officers, employees,
and agents.

2.    "ETG," "Plaintiff or "you" means: (A) Energy Transportation Group, Inc., the
named Plaintiff in this action, and/or all entities or names under which Plaintiff has done or is
doing business; (B) anyone acting or purporting to act on behalf of persons or entities identified
in subsection (A) above including, without limitation, all present and former officers, directors,
investors, employees, independent contractors, agents, representatives, attorneys, consultants, or

other personnel; (C) all predecessors (including, but not limited to, Audimax Corporation and

Audimax, Inc. (collectively "Audimax")), successors, or owners/purchasers thereof; (D) all past

or present divisions, subsidiaries, or affiliates of persons or entities identified in subsection (A)

above (whether owned in whole or in part); and/or (E) all past or present directors, officers,

employees, agents, or representatives of any of the foregoing entities.

3.    "The Demant Group Defendants" means William Demant Holding A/S, Oticon

A/S, Oticon Inc., Bernafon AG, WDH, Inc., and Bernafon, LLC.

4.    In these Requests, "document" and "documents" are used in the broadest sense

permitted by Fed. R. Civ. P. 34(a)(l) and includes electronically stored information (e.g.,

materials stored electronically on tape, disk or other media and e-mail). "Document" or

"documents" also include all non-identical copies, such as those bearing marginal comments or

other marks, postscripts, changes, amendments, addenda, or other notations not present on the

original document as initially written, typed, or otherwise prepared. Each such non-identical

copy is to be considered and identified as a separate document. To the extent any

"communication" as defined below is reduced to a writing or other recordation, it is expressly

included in the term "document" or "documents."

5.    The term "communication" or "communications" shall include any documents

and any exchange or transfer of information between two or more persons or between one or

more persons and a file, whether written, oral, or in any other form including communications by

a meeting, e-mail, correspondence, conversation, conference, or telephone conversation.

6.    The "patents-in-suit" means the patents that Plaintiff alleges in its complaint are

infringed by the Demant Group Defendants, namely U.S. Patent No. 4,731,850 ("the '850

patent") and U.S. Patent No. 4,879,749 ("the '749 patent").

7.   The term "identify" means as follows:

a.   With Respect to Persons.  When referring to a person, "to identify" means to state, to the extent known, the person's full name, present or last known address and telephone number, and when referring to a natural person, additionally, (i) the present or last known place of employment, (ii) his or her position or business affiliation at all times relevant to this action, and (iii) his or her position and business affiliation with any party to this action.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

b.   With Respect to Documents.  When referring to documents, "to identify" means to state, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

c.   With Respect to Communications.  When referring to communications, "to identify" means to state, to the extent known, (i) the date and time of the communication, (ii) the identity of the parties to the communications, (iii) the substance of the communication, (iv) the means of the communication and its transmission (*i.e.*, oral, written, mail, e-mail, in person, telephone, etc.), and (v) the identity and location of all documents or records related to the communication.

8.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information that might

otherwise be construed to be outside its scope.  "Relating to," "relates" and "related" mean, without limitation, constituting, discussing, pertaining to, covering, demonstrating or indicating knowledge of, mentioning, or referring to, directly or indirectly in any way, the subject matter identified in a particular request.

9.    The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular as necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.  The particularity or generality of any one discovery request shall not limit any other discovery request.

10.    In answering these Interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information in your actual or constructive possession or control.

11.    If you exercise your option under Federal Rule of Civil Procedure 33 to produce documents in lieu of responding to any Interrogatory, you shall produce such records separately and shall designate the Interrogatory or Interrogatories to which the record(s) respond, as well as the identification of the file(s) from which the record(s) was obtained.

12.    Where information is withheld due to a claim of privilege or work product, Plaintiff is requested to provide a description of the withheld information in conformity with the requirements of the Federal Rules of Civil Procedure and applicable law.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all settlement agreements and negotiations, including but not limited to the settlement with Gennum Corp., that ETG has entered into concerning any of the patents-in-suit or this case and, with respect to each such agreement, identify all parties to the agreement, the chronology of the negotiation of the agreement, the terms of the agreement, and all persons involved in negotiating the agreement.

### INTERROGATORY NO. 2:

Describe in detail the method by which ETG contends the amount of alleged damages in this case should be calculated with respect to each of the Demant Group Defendants, including, without limitation, an identification of each damages theory that ETG alleges should be used in the damages calculation, an identification of the specific factors that ETG alleges should be used under each such damages theory, and an identification of the amount of damages resulting from the calculation under each such damages theory. For example, if ETG alleges that the damages should be calculated under a theory of reasonable royalty, the detailed description should include at least the applicable royalty rate or rates, the product sales to which the royalty rate should be applied, and how the royalty rate was determined and is supportable by law, including under the factors set forth in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

### INTERROGATORY NO. 3:

Identify each act performed by WDH, Inc., that ETG contends constitutes direct infringement, and identify the specific claims of the patents-in-suit that ETG contends are infringed by each such act.

**INTERROGATORY NO. 4:**

For each of the Demant Group Defendants alleged to "indirectly" infringe the patents-in-suit (*see, e.g.*, ¶¶ 30 and 36, Second Amended Complaint) either by contributory infringement or inducement, identify: (a) the date or approximate date on which ETG contends that each of the Demant Group Defendants first became aware of each of the patents-in-suit; (b) each alleged indirect infringing act performed by each of the Demant Group Defendants; (c) each alleged act of direct infringement resulting from each of the Demant Group Defendants alleged indirect infringing acts; (d) each claim of the patents-in-suit that are infringed by such acts; and (e) all evidence that demonstrates that any of the Demant Group Defendants intended infringement to result.

**INTERROGATORY NO. 5:**

State the complete factual basis for ETG's contention that each of the Demant Group Defendants' alleged infringement of the patents-in-suit has been "willful, deliberate and with knowledge of Plaintiff's rights" (*see, e.g.*, ¶¶ 34 and 40, Second Amended Complaint), including without limitation an identification of all evidence that any of the Demant Group Defendants were provided with any notice of alleged infringement of the patents-in-suit, any of the Demant Group Defendants had any knowledge of the patents-in-suit, any of the Demant Group Defendants copied any of the patents-in-suit, and/or any of the Demant Group Defendants lacked any good-faith belief that the patents in suit are invalid, unenforceable and/or not infringed.

**INTERROGATORY NO. 6:**

With respect to Audimax's or ETG's efforts, or the efforts of any person under Audimax's or ETG's control, to work with any one or more of Siemens, Linear Technology, Inc. (later renamed "Gennum Corporation"), Bristol Meyers and "other hearing aid manufacturers"

(*see* Plaintiff's Objections and Second Supplemental Answers to Defendants' First Set of Common Interrogatories at 13-16) or to work with EKMS (*see* Plaintiff's Objections and Second Supplemental Answers to Defendants' First Set of Common Interrogatories at 23-24) in connection with any hearing aid product or prototype, provide a detailed description of these efforts, including the date of the first letter or other communication with each company, a chronology of the meetings with each company and listing those individuals in attendance, and the nature and outcome the meetings with each company.

**INTERROGATORY NO. 7:**

Identify all entities and persons, including but not limited to the inventors of the patents-in-suit, who have a financial interest in the patents-in-suit or the outcome of this case, how such interest was obtained, all documents that refer to or define that entity's or person's interest, and whether such interest is subject to the rights of any third party.

**INTERROGATORY NO. 8:**

Identify all witnesses, including expert witnesses, whose testimony ETG will or may offer at trial in this case.

**INTERROGATORY NO. 9:**

Identify all persons who provided any information used in responding to these Interrogatories and indicate for which Interrogatory or Interrogatories they did so.

Dated: June 27, 2007

Respectfully submitted,

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Phone: (202) 408-4000
Fax: (202) 408-4400

Mary Graham
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Phone: (302) 658-9200
Fax: (302) 658-3989

**ATTORNEYS FOR DEFENDANTS,**
WILLIAM DEMANT HOLDING A/S
OTICON A/S
OTICON INC.
WDH, INC.
BERNAFON AG
BERNAFON, LLC

#1390632v2