IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-422 (GMS) |
| v. | ) | PUBLIC VERSION |
| | ) | |
| SONIC INNOVATIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**APPENDIX OF EXHIBITS TO DEMANT AND WIDEX DEFENDANTS' REPLY BRIEF
IN SUPPORT OF MOTION TO AMEND ANSWER AND COUNTERCLAIM**

OF COUNSEL:

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, DC 20001-4413
202.408.4000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for William Demant Holding A/S,
WDH Inc., Oticon A/S, Oticon, Inc.,
Bernafon AG, and Bernafon LLC*

OF COUNSEL:

SUGHRUE MION, PLLC
David J. Cushing
William H. Mandir
Carl J. Pellegrini
2100 Pennsylvania Ave., N.W.
Suite 800
Washington, DC 20037
202.293.7060

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Widex A/S and Widex Hearing
Aid Co. Inc.*

Confidential Version Filed: December 3, 2007
Public Version Filed: December 21, 2007

## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 21 | Joint Status Report and Rule 26(f) Report (November 22, 2006) (excerpts); Rule 16 Scheduling Order (February 20, 2007) (excerpts) |
| 22 | February 1, 2007 Subpoena of Harry Levitt |
| 23 | ETG Production Letters of Levitt's documents |
| 24 | Levitt Deposition Transcript February 28, 2007 (excerpts) |
| 25 | Defendant Widex A/S's and Widex Hearing Aid Prior Art Statement; Defendant Phonak's Preliminary Invalidity Statement (March 30, 2007); ETG's Validity Statement (April 27, 2007) |
| 26 | Correspondence re inspection of Levitt's original documents |
| 27 | July 20, 2007 Subpoena of Harry Levitt |
| 28 | Levitt Deposition Transcript August 23, 2007 (excerpts) |
| 29 | '721 Patent, Levitt deposition exhibit 112; "Stein" article Levitt Production document LEV00085345-00085350 |
| 30 | Defendant Widex A/S's second, third and fourth supplemental responses and objections to plaintiffs first set of common interrogatories to all defendants (August 9, 2007, August 15, 2007 and August 31, 2007) |
| 31 | Teleconference Transcript September 18, 2007 (excerpts) |
| 32 | October 19, 2007 email re Amended Answer |
| 33 | Levitt 2/14/07 email re R&D Report (produced October 23, 2007) |
| 34 | Levitt Deposition Transcript October 24, 2007 (excerpts) |
| 35 | Expert Report of Sigfrid Soli (September 17, 2007) |
| 36 | Expert Report of Norman Matzen (October 19, 2007) |
| 37 | Egolf Deposition Transcript, October 9, 2007 (excerpts) |

1326180

# EXHIBIT 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENERGY TRANSPORTATION GROUP, INC.,      )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )      C.A. No. 05-422 (GMS)
                                        )
SONIC INNOVATIONS, INC., et al,         )
                                        )
            Defendants.                 )
                                        )

## JOINT STATUS REPORT AND RULE 26(f) REPORT

The parties hereby provide the Court with their Joint Status Report and Rule

26(f) Report. The following addresses the agenda items required in this Court's standard Notice

of Scheduling Conference and other matters to be addressed pursuant to Fed. R. Civ. P. 26(f).

### I.    JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this patent infringement action

under 28 U.S.C. §§ 1331 and 1338(a). In addition, this Court has subject matter jurisdiction over

the declaratory judgment counterclaims raised under 28 U.S.C. § 2201 by numerous of the

defendants.

Except for Resistance Technology, Inc. ("RTI") and William Demant Holding

A/S ("Demant Holding"), the defendants do not contest this Court's personal jurisdiction over

them. RTI and Demant Holding have moved to dismiss this action for lack of personal

jurisdiction, the motions for which are still pending. No further issues remain to be resolved

with respect to subject matter jurisdiction, personal jurisdiction, or venue.

All defendants have been served. All defendants have answered the Second

Amended Complaint, except for RTI and Demant Holding, and various defendants have asserted

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| Plaintiff proposes that it pay the manufacturing cost for each product. | Defendants propose that Plaintiff pay the defendant's lowest, standard wholesale pricing for each product. |

2.      Infringement Claim Charts and Contentions.    The plaintiff shall serve upon each defendant by the date on Exhibit A, a preliminary "Plaintiff's Claim Chart," which shall identify: (1) which claim(s) of each patent it alleges are being infringed; (2) which specific products or methods of Defendant it alleges infringe; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), and shall provide the factual and legal basis for its contentions of infringement, including each contention that the element is present. As to the doctrine of equivalents, Plaintiff shall provide its preliminary contentions concerning any equivalence in function, way and result and why any differences are insubstantial.

By the date on Exhibit A, each defendant shall serve upon Plaintiff a preliminary "Defendant's Claim Chart" that indicates which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, Defendant will set forth in detail the factual and legal basis for its contentions of noninfringement, including its contentions that elements are absent. As to the doctrine of equivalents, each defendant shall provide its preliminary contentions concerning any differences in function, way and result and why any differences are not insubstantial.

3.      Invalidity Claim Charts and Contentions.    By the date on Exhibit A, each defendant shall serve on Plaintiff a list of all of the prior art on which it relies, and its factual and legal basis for its contentions of invalidity, including any contentions that the prior art invalidates the claim(s) asserted by Plaintiff ("Defendant's Prior Art Statement"). By the date on Exhibit A,

- 8 -

Plaintiff shall serve on Defendant "Plaintiff's Prior Art Statement," in which it will state the

factual and legal basis for its contentions on validity, including with specificity why the prior art

does not invalidate the patent(s) in suit. The plaintiff's and defendants' "Prior Art Statements"

can be, but need not be, in the form of expert reports. **The parties differ on whether a**

**limitation needs to be ordered on when amendments can be made to Prior Art Statements.**

**Plaintiff proposes** the following additional limitation to ensure that it has a fair

opportunity to take discovery on any prior art defenses.

Amendments to the parties' Prior Art Statements can be made only by leave of

Court, upon a showing:

Defendants:

- (i) that it was not and could not reasonably have been located earlier by Defendant; and

- (ii) that it is not merely cumulative of prior art already listed, and

- (iii) how Defendant will be prejudiced if leave is denied, and Plaintiff will not be prejudiced if leave is given.

Plaintiff:

- (i) that earlier it could not have detailed its new position on what the prior art relied upon by Defendant shows; and

- (ii) how Plaintiff will be prejudiced if leave is denied and Defendant will not be prejudiced if leave is given.

**Defendants submit** that Plaintiff's proposal for a special test for this case,

unique to one aspect of the parties' contention discovery, is unnecessary. The Federal Rules of

Civil Procedure, the case law and the experience of this Court fully equip the parties and the

Court with an appropriate framework for dealing with potential discovery issues and preclusion

based on a failure to provide discovery.

- 9 -

Case 1:05-cv-00422-GMS    Document 487    Filed 12/21/2007    Page 7 of 86
Case 1:05-cv-00422-GMS    Document 206    Filed 02/05/2007    Page 1 of 8

(Entered 2/20/07)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422 (GMS) |
| | ) | |
| SONIC INNOVATIONS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### [PROPOSED] SCHEDULING ORDER

This _____ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on November 30, 2006;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before December 18, 2006.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join or add additional parties shall be filed on or before April 1, 2007. All other motions to amend the pleadings shall be filed on or before April 1, 2007.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than June 15, 2007. If Defendant elects to rely on advice of counsel as a defense to willful infringement, Defendant shall produce any such opinions on which Defendant intends to rely and any related documents within the scope of Defendant's waiver to Plaintiff no later than June 22, 2007.

shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      b.   Discovery Provisions.

          i.    Initial Identification of Claims and Products. By December 12, 2006, Plaintiff shall provide a preliminary identification of infringing claims and products and shall specifically list the types of information requested from Defendants and to be provided pursuant to subparagraph ii below.

          ii.    Technical Information and/or Sample Products. In response to the request pursuant to subparagraph i above, each defendant shall deliver appropriate circuit diagrams and engineering drawings (and sample products if requested by Plaintiff) of the accused products on or before January 12, 2007. This provision is without prejudice to Defendants' right to object to Plaintiff's designation of products. The sample products and supporting materials shall be protected pursuant to the parties' Protective Order. Plaintiff shall pay for each sample product at the defendant's lowest, standard wholesale pricing for each product.

          iii.    Infringement Claim Charts and Contentions. The plaintiff shall serve upon each defendant by March 2, 2007, a preliminary "Plaintiff's Claim Chart," which shall identify: (1) which claim(s) of each patent it alleges are being infringed; (2) which specific products or methods of Defendant it alleges infringe; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), and shall provide the factual and

- 3 -

legal basis for its contentions of infringement, including each contention that the element is present. As to the doctrine of equivalents, Plaintiff shall provide its preliminary contentions concerning any equivalence in function, way and result and why any differences are insubstantial.

By April 6, 2007, each defendant shall serve upon Plaintiff a preliminary "Defendant's Claim Chart" that indicates which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, Defendant will set forth in detail the factual and legal basis for its contentions of noninfringement, including its contentions that elements are absent. As to the doctrine of equivalents, each defendant shall provide its preliminary contentions concerning any differences in function, way and result and why any differences are not insubstantial.

iv.   Invalidity Claim Charts and Contentions. By March 30, 2007, each defendant shall serve on Plaintiff a list of all of the prior art on which it relies, and its factual and legal basis for its contentions of invalidity, including any contentions that the prior art invalidates the claim(s) asserted by Plaintiff ("Defendant's Prior Art Statement"). By April 27, 2007, Plaintiff shall serve on Defendant "Plaintiff's Prior Art Statement," in which it will state the factual and legal basis for its contentions on validity, including with specificity why the prior art does not invalidate the patent(s) in suit. The plaintiff's and defendants' "Prior Art Statements" can be, but need not be, in the form of expert reports.

v.   Sequencing. The parties recognize the importance in the discovery process of the agreed-upon sequencing of contentions so that the parties are in a position to obtain related discovery in a timely manner and so that they will be in a position to prepare for the claim construction proceedings, expert discovery and trial. The agreed-upon and negotiated

# EXHIBIT 22

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |
| --- | --- | --- |

ENERGY TRANSPORTATION GROUP, INC., Plaintiff

V.

SONIC INNOVATION, INC. et. al, Defendant

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: C.A. No. 05-422 (GMS)
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

TO: Harry Levitt
REDACTED

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED SCHEDULE A

| PLACE SUGHRUE MION, PLLC 401 Castro Street, Suite 220, Mountain View, California 94041, (650) 625-8100 | DATE AND TIME February 14, 2007, at 9:30 AM |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| REDACTED | TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) ley for Defendants Widex A/S and Widex Hearing Aid Co. Inc. | DATE 2/1/07 |
| --- | --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Carl J. Pellegrini, Esq., SUGHRUE MION, PLLC, 2100 Pennsylvania Ave, N.W., Suite 800, Washington, D.C. 20037, (202) 293-7060

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number.

AO 88 (rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transact business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ETG v. SONIC INNOVATION, INC., ET AL.
CASE NO. C.A. No. 05-422 (GMS), DISTRICT OF DELAWARE
SUBPOENA TO HARRY LEVITT

### SCHEDULE A

YOU ARE COMMANDED to produce and permit inspection and copying of the

following documents or objects at the time and place specified in the subpoena to which this

Schedule A is attached.

### DEFINITIONS

The following definitions apply to the document requests set forth below:

1.    The phrase "patents in suit" includes U.S. Patent Nos. 4,731,850 and 4,879,749.

2.    "ETG" refers to Energy Transportation Group, Inc.

3.    "Audimax" refers to Audimax, Inc.

4.    "Prior Art" refers to the subject matter described in each and every subdivision of

35 U.S.C. § 102 and 35 U.S.C. § 103.

### DOCUMENT REQUESTS

1.    All document related to the making and conception of the invention of each claim

in the patents in suit, including all documents showing the dates of conception, all facts that

support the conception, the identity of all persons that were involved in the conception, the

individual contributions of the persons that were involved in the conception and all persons and

documents that can corroborate the conception.

2.    All document related to activities related to the reduction to practice and testing of

the invention of each claim in the patents in suit, including documents showing the dates of the

reduction to practice, all facts that support the reduction to practice, a description of all

prototypes and experimental prototypes, the identity of all persons that were involved in the

reduction to practice and all persons, the contributions of all persons that were involved in the

ETG v. SONIC INNOVATION, INC., ET AL.
CASE NO. C.A. No. 05-422 (GMS), DISTRICT OF DELAWARE
SUBPOENA TO HARRY LEVITT

reduction to practice and all persons and documents that can corroborate the reduction to practice.

    3.     All documents related to facts that support any diligence from the conception of each claim of the patents in suit to a reduction to practice and to the filing date of the patents in suit, including all documents that support any diligence, and the identity of all persons that were involved in any diligence and all persons and documents that can corroborate any diligence.

    4.     All documents related to the sales and offers for sale of any invention claimed in the patents in suit, including the prototype products that were produced from about 1985.

    5.     All documents related to efforts and attempts, including those of Audimax and ETG, to commercialize a hearing aid product, including, but not limited to, cooperation with existing hearing aid companies, from about 1985.

    6.     All documents related to activities related to the development, preparation and filing of the applications that led to the patents in suit, including all foreign counterparts to the patents in suit.

    7.     All documents referring or relating to ETG from 1984 to the present, related to hearing aids.

    8.     All documents referring or relating to Audimax from 1984 to the present, related to hearing aids.

ETG v. SONIC INNOVATION, INC., ET AL.
CASE NO. C.A. No. 05-422 (GMS), DISTRICT OF DELAWARE
SUBPOENA TO HARRY LEVITT

9.    All documents, including without limitation any article, abstract, publication, patent, or piece of literature, that is related to hearing aids that is authored or co-authored by you, regardless of whether any such document is published or not.

10.    All documents referring or relating to prior art concerning the patents in suit. 

11.    All communications and correspondence with ETG and/or attorneys of ETG relating to hearing aids.

12.    All communications and correspondence with Audimax and/or attorneys of Audimax relating to hearing aids.

13.    All documents sufficient to identify each product or component that has been sold, offered for sale or manufactured on behalf of you, Audimax, ETG or any licensee of the patents in suit that was covered by one or more claims of the patents in suit (or the use of which was covered by a method claimed by the patents in suit), including documents identifying where, when and by whom it was sold, offered for sale or manufactured (and to whom it was sold or offered for sale) and all documents which reflect, refer or relate to such sale, offer for sale or manufacture.

14.    All documents referring or relating to the Hearing Instrument Manufacturers Patent Partnership (HIMPP), including documents reflecting any communications with HIMPP or any members of HIMPP, and any documents related to any knowledge by HIMPP of the patents in suit.

B-3

ETG v. SONIC INNOVATION, INC., ET AL.
CASE NO. C.A. No. 05-422 (GMS), DISTRICT OF DELAWARE
SUBPOENA TO HARRY LEVITT

15.     All documents referring or relating to Widex A/S or Widex Hearing Aid. Co. Inc.,

including documents reflecting any communications with Widex A/S or Widex Hearing Aid. Co.

Inc., and any documents related to any knowledge by Widex A/S or Widex Hearing Aid. Co. Inc.

of the patents in suit.

16.     All documents relating to licensing of the patents in suit or attempts to license or

sell the patents in suit.

EXHIBIT 23

# HUNTON& WILLIAMS

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL      804 · 788 · 8200
FAX      804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL: meckstein@hunton.com

FILE NO: 66718.2

February 21, 2007

**VIA OVERNIGHT MAIL:**

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

Robert C. Kahrl
David B. Cochran
Thomas R. Goots
Isaac A. Molnar
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44114

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr.; Suite 3600
Chicago, IL 60611

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

ATLANTA BANGKOK BEIJING BRUSSELS CHARLOTTE DALLAS HOUSTON KNOXVILLE LONDON
LOS ANGELES McLEAN MIAMI NEW YORK NORFOLK RALEIGH RICHMOND SINGAPORE WASHINGTON
www.hunton.com

**A1**



February 21, 2007
Page 2

Re: <u>Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.</u>

Dear Counsel:

Enclosed is a DVD containing documents produced on behalf of Energy Transportation Group, Inc., bates labeled ETG00024485 - ETG00024542 . Also enclosed on this DVD are documents produced on behalf of Harry Levitt in response to a subpoena, bates labeled LEV00000001 - LEV00002315. The documents on this DVD have been given confidentiality designations according to the protective order.

Please let me know if you have any questions regarding this production.

Very truly yours,

REDACTED

Maya M. Eckstein

MME/mhw

Enclosure

cc (w/o encl): Brian M. Buroker

**A2**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL      804 • 788 • 8200
FAX      804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:   meckstein@hunton.com

March 23, 2007

FILE NO: 66718.2

## VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

Robert C. Kahrl
David B. Cochran
Thomas R. Goots
Isaac A. Molnar
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44114

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr.; Suite 3600
Chicago, IL 60611

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037



## HUNTON& WILLIAMS

March 23, 2007
Page 2

Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., *et al.*

Dear Counsel:

Enclosed is a DVD containing documents Bates labeled ETG00024543-ETG00024693 and additional documents produced on behalf of Harry Levitt in response to a subpoena Bates labeled LEV00002499-LEV000020121. The documents on this DVD have been given confidentiality designations according to the protective order.

Also enclosed is a CD containing Baker Botts documents, Bates labeled BB00000003-BB00001531.

Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME/dbg

Enclosures

cc (w/o encl): Brian M. Buroker

**A4**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL      804 • 788 • 8200
FAX      804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:   meckstein@hunton.com

FILE NO: 66718.2

March 30, 2007

**VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:**

RECEIVED

APR 0 2 2007

Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

Robert C. Kahrl
David B. Cochran
Thomas R. Goots
Isaac A. Molnar
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44114

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

A5



**HUNTON&
WILLIAMS**

March 30, 2007
Page 2

Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., *et al.*

Dear Counsel:

Enclosed is a DVD containing documents Bates labeled ETG00024694 - ETG00026546, produced on behalf of ETG. Please note that this production includes a document Bates numbered ETG00024760-65, which appeared on ETG's infringement chart for Bernafon Symbio as Bates number ETG00024543-48. Please update the infringement chart with this corrected Bates number.

Also included in this production are additional documents produced on behalf of Harry Levitt in response to a subpoena, Bates labeled LEV00020122 - LEV00046243. Please note that, in addition to the documents being produced by Mr. Levitt, Mr. Levitt is in possession of hundreds of journals and textbooks. Considering the enormous burden involved in producing copies of these items to you, and the fact that they are publicly accessible, we are attaching an index of the journals and textbooks in his possession.

The documents on this DVD have been given confidentiality designations according to the protective order. Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME/dbg

Enclosures

cc (w/o encl): Brian M. Buroker

**A6**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL    804 · 788 · 8200
FAX    804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:  meckstein@hunton.com

FILE NO: 66718.2

April 4, 2007

## VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

Robert C. Kahrl
David B. Cochran
Thomas R. Goots
Isaac A. Molnar
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44114

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

ATLANTA   BANGKOK   BEIJING   BRUSSELS   CHARLOTTE   DALLAS   HOUSTON   KNOXVILLE   LONDON
LOS ANGELES   McLEAN   MIAMI   NEW YORK   NORFOLK   RALEIGH   RICHMOND   SINGAPORE   WASHINGTON
www.hunton.com

**A7**

April 4, 2007
Page 2

Re: <u>Energy Transportation Group, Inc. v. Sonic Innovations, Inc., *et al.*</u>

Dear Counsel:

Enclosed is a DVD containing additional documents produced on behalf of Harry Levitt
in response to a subpoena, Bates labeled LEV00046244 - LEV00064458.

The documents on this DVD have been given confidentiality designations according to
the protective order. Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME/dbg

Enclosures

cc (w/o encl): Brian M. Buroker

**A8**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL     804 · 788 · 8200
FAX     804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL: meckstein@hunton.com

April 9, 2007                                                    FILE NO: 66718.2

## VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
 & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

Robert C. Kahrl
David B. Cochran
Thomas R. Goots
Isaac A. Molnar
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44114

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com



April 9, 2007
Page 2

  Re: <u>Energy Transportation Group, Inc. v. Sonic Innovations, Inc., *et al.*</u>

Dear Counsel:

  Enclosed is a DVD containing additional documents produced on behalf of Harry Levitt in response to a subpoena, Bates labeled LEV00064459 - LEV00064839.

  The documents on this DVD have been given confidentiality designations according to the protective order. Please let me know if you have any questions regarding this production.

        Very truly yours,
        REDACTED

        Maya M. Eckstein

MME/dbg

Enclosures

cc (w/o encl): Brian M. Buroker

**A10**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL      804 · 788 · 8200
FAX      804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL: meckstein@hunton.com

FILE NO: 66718.2

June 20, 2007

VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
 & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., *et al.*

Dear Counsel:

    Enclosed is a CD containing additional documents produced on behalf of ETG, Bates labeled ETG00026551 - ETG00026901.

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  MCLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SAN FRANCISCO  WASHINGTON
www.hunton.com

**A11**



HUNTON&
WILLIAMS

June 20, 2007
Page 2


Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED


Maya M. Eckstein

MME/dbg

Enclosure

cc (w/o encl):  Brian M. Buroker

**A12**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL    804 · 788 · 8200
FAX    804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:  meckstein@hunton.com

FILE NO: 66718.2

June 28, 2007

**VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:**

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC  20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN  55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN  55402

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL  60611

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT  84111

William H. Mandir
David L. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC  20037

Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., *et al.*

Dear Counsel:

Enclosed is a CD containing additional documents produced on behalf of ETG, Bates labeled ETG00026902 - ETG00026933.

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

**A13**



June 28, 2007
Page 2

Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME/mhw

Enclosure

cc (w/o encl):  Brian M. Buroker



**HUNTON&**
**WILLIAMS**

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL     804 · 788 · 8200
FAX     804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:  meckstein@hunton.com

July 5, 2007

FILE NO: 66718.2

**VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:**

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC  20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN  55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN  55402

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL  60611

Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT  84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC  20037

Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.

Dear Counsel:

Enclosed is a CD containing additional documents produced on behalf of ETG, Bates
labeled ETG00026934 - ETG00026996.

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

**A15**



July 5, 2007
Page 2

Please let me know if you have any questions regarding this production.

Very truly yours.
REDACTED

Maya M. Eckstein

MME/mhw

Enclosure

cc (w/o encl): Brian M. Buroker

**A16**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL     804 · 788 · 8200
FAX     804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:  meckstein@hunton.com

FILE NO: 66718.2

July 9, 2007

### VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
   & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Donald Degnan
Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.

Dear Counsel:

Enclosed is a CD containing additional documents produced on behalf of ETG, Bates labeled ETG00026997 - ETG00027120.

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com



HUNTON&
WILLIAMS

July 9, 2007
Page 2

Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME/mhw

Enclosure

cc (w/o encl):  Brian M. Buroker

**A18**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL    804 • 788 • 8200
FAX    804 • 788 • 8218

HARRY L. LAXTON
DIRECT DIAL: 804-788-88516
EMAIL:   hlaxton@hunton.com

FILE NO: 66718.2

July 19, 2007

**VIA OVERNIGHT MAIL**

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Donald Degnan
Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

Re: Energy Transportation Group. Inc. v. Sonic Innovations, Inc., et al.

Dear Counsel:

Enclosed is a CD containing additional documents produced on behalf of ETG, Bates labeled ETG00027121 - ETG00027122.

Should you have any questions, please do not hesitate to contact me.

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE
LONDON  LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK · RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com



July 19, 2007
Page 2

Very truly yours,
REDACTED

Harry L. Laxton

HLL/ejr
Encl.

(w/o encl.)
cc:    Brian M. Buroker

**A20**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL    804 • 788 • 8200
FAX    804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:  meckstein@hunton.com

FILE NO: 66718.2

July 26, 2007

## VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Donald Degnan
Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.

Dear Counsel:

Enclosed is a CD with documents Bates labeled ETG00027162 - ETG00027356, as well as a second CD containing documents Bates labeled ETG00027357 - ETG00027485.

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com



HUNTON&
WILLIAMS

July 26, 2007
Page 2

Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME:dbg

Enclosure

cc (w/o encl):  Brian M. Buroker

**A22**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL      804 • 788 • 8200
FAX      804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:  meckstein@hunton.com

July 30, 2007                                                    FILE NO: 66718.2

VIA EMAIL DISTRIBUTION AND OVERNIGHT MAIL:

John M. Romary                          James R. Sobieraj
C. Gregory Gramenopoulous               David H. Bluestone
FINNEGAN, HENDERSON, FARABOW, GARRETT    Robert Pluta
  & DUNNER, L.L.P.                       Meredith Addy
901 New York Ave., N.W.                  BRINKS HOFER GILSON & LIONE
Washington, DC 20001-4413               NBC Tower
                                        455 Cityfront Plaza Dr. Suite 3600
Kenneth B. Herman                       Chicago, IL 60611
William J. McCabe
ROPES & GRAY LLP                        Donald Degnan
1211 Avenue of the Americas             Brett L. Foster
New York, NY 10036                      L. Grant Foster
                                        HOLLAND & HART
Jeffrey D. Shewchuk                     60 East South Temple; Suite 2000
SHEWCHUK IP SERVICES, LLP               Salt Lake City, UT 84111
533 77th Street West
Eagan, MN 55121                         William H. Mandir
                                        David J. Cushing
Richard Morgan                          Carl J. Pellegrini
Steven Reitenour                        SUGHRUE MION PLC
BOWMAN AND BROOKE LLP                    2100 Pennsylvania Ave., N.W.
150 S. Fifth St., Suite 2600            Washington, DC 20037
Minneapolis, MN 55402

        Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.

Dear Counsel:

        Enclosed is a CD containing Bates labeled ETG00027486 - ETG00027520.

**A23**



July 30, 2007
Page 2

Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME/mhw

Enclosure

cc (w/o encl): Brian M. Buroker

**A24**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL    804 · 788 · 8200
FAX    804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:   meckstein@hunton.com

FILE NO: 66718.2

August 7, 2007

**VIA EMAIL AND OVERNIGHT COURIER**

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Donald Degnan
Brett L. Foster
L. Grant Foster
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

Re: <u>Energy Transportation Group, Inc. v. Sonic Innovations, Inc., *et al.*</u>

Dear Counsel:

    Enclosed is a CD containing documents Bates labeled LEV00064840 - LEV00067670.

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE
LONDON  LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com



August 7, 2007
Page 2

Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME/mhw

Enclosure

cc (w/o encl):  Brian M. Buroker

**A26**



SUGHRUE MION, PLLC

Kiichi H. Take
T (202) 857-2277
ktake@sughrue.com.

2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

August 15, 2007

**Via Federal Express**

Mary Graham, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
Wilmington, DE 19899

      Re:    *ETG v. Sonic Innovations, Inc. et al.*
             *Case No. 1:05-cv-00422-GMS (D. Del.)*
             Our Reference No.: L10530

Dear Ms. Graham:

      Enclosed please find two sets of DVD's containing video-taped depositions of Harry
Levitt. Each set includes four discs. Also, please find a compact disc containing Levitt
documents LEV00064840 - LEV00067670, which was produced to us on August 7, 2007. Feel
free to contact me with any questions or concerns.

                               Very truly yours,
                                   REDACTED

                        Kiichi H. Take
                        Paralegal

KHT



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL     804 · 788 · 8200
FAX     804 · 788 · 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:  meckstein@hunton.com

FILE NO: 66718.2

August 29, 2007

## VIA EMAIL AND UPS OVERNIGHT DELIVERY

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001-4413

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Donald Degnan
HOLLAND & HART
One Boulder Street
Suite 300
Boulder, CO 80302-8714

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.

Dear Counsel:

Enclosed is a CD containing the following:

(1)     documents produced by UTEK in response to Defendants' subpoena, bates labeled
UTEK0067 - UTEK0090;

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE
LONDON  LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

**A28**



**HUNTON&**
**WILLIAMS**

August 29, 2007
Page 2

(2)    documents produced by ETG, bates labeled ETG00027886-ETG00044995 (personal calendars of Dr. Chen, produced at Defendants' request at the deposition of Kimball Chen);

(3)    documents produced on behalf of Dr. Levitt, bates labeled LEV00077321-LEV00077605; and

(4)    ETG's privilege log with respect to documents produced by UTEK.

Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME:ssp

Enclosures

cc (w/o encl): Brian M. Buroker

**A29**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL      804 • 788 • 8200
FAX      804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
EMAIL:  meckstein@hunton.com

FILE NO: 66718.2

August 31, 2007

## VIA EMAIL AND OVERNIGHT COURIER

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT
·& DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001-4413·

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr. Suite 3600
Chicago, IL 60611

Donald Degnan
HOLLAND & HART
One Boulder Street
Suite 300
Boulder, CO 80302-8714

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

Re: Energy Transportation Group, Inc. v. Sonic Innovations, Inc., et al.

Dear Counsel:

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE
LONDON  LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

August 31, 2007
Page 2

Enclosed is a CD containing confidential documents Bates labeled ETG00044996 - ETG00045324.

Please let me know if you have any questions regarding this production.

Very truly yours,
REDACTED

Maya M. Eckstein

MME:dbg

Enclosure

cc (w/o encl):  Brian M. Buroker

A31



HUNTON & WILLIAMS LLP
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1109

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

ROBERT KINDER
DIRECT DIAL: 202-955-1878
EMAIL:  rkinder@hunton.com

FILE NO:

September 7, 2007

**Via Overnight Delivery**

Defense Counsel

Re:    RE: ETG v. Sonic (Levitt materials - LEV00077606 - LEV00085994)

Dear Counsel:

Enclosed is a CD containing documents LEV00077606 - LEV00085994, which are copies of
documents previously produced to the Defense by Dr. Harry Levitt on or before August 20,
2007.

Pursuant to the Protective Order, certain of the materials are "Confidential" and "Confidential -
Attorneys Eyes Only." Please handle such documents according to the Protective Order
entered by the Court.

Sincerely,
REDACTED

Robert Kinder

ATLANTA  AUSTIN  BANGKOK  BRUSSELS  CHARLOTTE  DALLAS  HONG KONG  KNOXVILLE
LONDON  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

**A32**

# EXHIBIT 24

## FULLY REDACTED

EXHIBIT 25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-422 (GMS) |
| | ) |
| SONIC INNOVATIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS WIDEX A/S'S AND WIDEX HEARING AID CO. INC.'S
## PRIOR ART STATEMENT

Pursuant to the Court's February 20, 2007 Scheduling Order, Defendants Widex A/S and

Widex Hearing Co. Inc. (collectively "Widex") submit their Prior Art Statement.

### I.    Reservation of Widex's Right to Supplement

Widex bases their Prior Art Statement on their current knowledge, understanding as to

the facts and information available as of the date of these response charts. Widex has not yet

completed its investigation, collection of information, discovery, and analysis relating to this

action, and additional discovery and investigation may require Widex to supplement its

invalidity contentions. For example, Widex intends to seek additional discovery from third

parties concerning prior art devices and methods. In addition, the Court has not yet construed

any terms of the patents-in-suit. Therefore, Widex reserves the right to supplement information

provided herein and to use and introduce such supplemental information at the trial of this action.

The prior art cited in the Prior Art Statement may disclose or anticipate the elements of

the asserted claims either explicitly and/or inherently and/or may be relied upon to show the state

of the art in the relevant timeframes.

**B1**

### m. CH 653,508 to Meyer

Meyer discusses a hearing aid that includes a limiter to limit the gain of an amplifier. The limiter is constructed such that the sound level of the hearing aid is limited to a predefined maximum value.

### j. JP 60-31315[2]

JP '315 discloses a hearing aid which filters environmental noise from speech. As shown in Fig. 3, the input signal is applied to a parameter extraction circuit, a forwarding circuit, an adjustable parameter filter, a noise ending circuit and a summing junction. The output of the summing junction is provided to structure 23 which affects the signals provided to the adjustable parameter filter and a second summing junction. In doing so, JP '315 is able to filter environmental signals from an output signal.

### 2. Prior Art Primarily Directed To The Suppression Of Acoustic Feedback

#### a. "The Weaver Prior Art"

The Weaver Prior Art is Kim A. Weaver, "An Adaptive Open-Loop Estimator For The Reduction Of Acoustic Feedback," (A Thesis Submitted to the Department of Electrical Engineering and the Graduate School of University of Wyoming in partial fulfillment of requirements for the degree of Master of Science) ("Weaver Thesis") (July 1984 version OTI 007922-997, December 1984 version OTI 003766-835), a presentation by Kim A. Weaver entitled "Electronic Cancellation of Acoustic Feedback to Increase Hearing-Aid Stability", slides used at that presentation (OTI 003839-851), the reduction to practice by Kim Weaver of his work on the cancellation of acoustic feedback in hearing aids, as well as any public knowledge and/or

---

[2] JP '315 has only recently been obtained. The reference has not yet been translated. In the event that the reference is pertinent to the validity of any of the claims of the patents in suit, the Prior Art Statement will be supplemented as appropriate in a timely manner.

use of that work in addition to the Weaver presentation, including, for example, OTI 007708-810 and OTI 8696.

The objective of the Weaver Prior Art was to design, build and test a circuit which allows the gain of the sound amplifier to be increased beyond the original maximum stable gain without acoustic feedback oscillation occurring. A hearing aid system was tested to measure the characteristics of a "typical" acoustic amplifier. From these characteristics, the acoustic feedback was "crudely modeled as an echo." Delay and magnitude of the echo were then estimated. The echo was synthesized and added to the closed loop system as negative feedback to the make the sound amplifier more stable. After the feedback suppression circuit was built it was tested on a small public address system with characteristics similar to those of the hearing aid, as well as in a hearing aid itself. The increased stability achieved by adding an echo as negative feedback allowed the acoustic amplified gain to be increased without the uncontrollable oscillations occurring for all the configurations tested. (OTI 3774, 8696, 3847-48).

The Weaver Prior Art recognized that the stability of any system could be altered by adding feedback. In the Weaver Prior Art, electrical feedback was added to the electroacoustic circuit to provide stabilizing negative feedback at those frequencies where unstable oscillation were most likely to occur. Electrical feedback was most conveniently inserted between the microphone and the audio-amplifier due to the low power of the signal at this point. Figure 3.1 illustrates the basic electroacoustic system with the electrical feedback added. The signal entering the amplifier also entered an open-loop estimator which produced the signal which was subtracted from the microphone signal. The phase of the electrical feedback was important in reducing the difference between the electrical feedback and the transfer function. The phase of the transfer function could be reasonably estimated as the phase resulting from the delay around

13
**B3**

MORRIS, NICHOLS, ARSHT &TUNNELL LLP
Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
Wilmington, DE 19899

SUGHRUE MION PLC

REDACTED

William H. Mandir (*pro hac vice*)
David J. Cushing (*pro hac vice*)
Carl J. Pellegrini (*pro hac vice*)
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

*Attorneys for Widex A/S and*
*Widex Hearing Aid Co. Inc.*

Dated: March 30, 2007

FRIDAY AFTERNOON, 12 APRIL 1985                    ROOM 2-120, 1:00 TO 2:20 P.M.

Session VV. Physiological Acoustics VIII and Psychological Acoustics IX: Instrument Calibration, Measurement Procedures, and Amplification Techniques for Hearing Aids

Larry N. Robinette, Chairman

Audiology Research Program. Dorn Veterans Administration Hospital, Columbia, South Carolina 29201

Chairman's Introduction—1:00

Contributed Papers

1:05

VV1. "Representing" inherently variable quantities: The artificial mastoid and other acoustical calibrators. Edith L. R. Corliss (Forest Hills Laboratory, 2955 Albemarle Street, NW, Washington, DC 20008)

Because human beings vary widely in their physical attributes, one often must describe a representative individual for the purpose of calibration and specifications. A common procedure is to summarize the median or mean at specific audiofrequencies of determinations made at those frequencies. Less commonly, parameters for each individual are derived, and a median parameters taken for the group. The choice of alternative reduction processes yields significant differences. This is illustrated by reducing the same measured data by both alternative procedures. At least, the load the human head presents to a bone vibrator has a specified plane of contact, and can be represented by lumped parameters. However, similar problems exist for representations of the external ear and ear canal, where the load approximates a transmission line. Diffraction patterns about the ear, head, and body present comparable problems. Feasible processes for reducing the systematic errors will be discussed. [Access to National Bureau of Standards data and statistical advice is acknowledged with thanks.]

1:20

VV2. Effect of measurement parameters on acoustic reflex thresholds. Larry N. Robinette and David J. Thompson (Audiology Research Program (151B), Dorn Veterans Hospital, Columbia. SC 29201)

Estimates of acoustic reflex thresholds (ARTs) may differ by 5 dB or more between lowest ("best") and highest reported values. These discrepancies are likely due to differences in measurement characteristics (sensitivity, probe tone level, display mode, and temporal response) of acoustic immittance instruments in addition to criteria used for judgment of threshold and normal threshold variability. Continued development of ART measurement methods for clinical evaluation is hampered by such disparities. We therefore studied the effects of selected measurement parameters on ARTs. Contralateral acoustic-reflex thresholds were measured in ten subjects with normal hearing sensitivity using a digital acoustic-immittance instrument that allowed discrete changes in measurement parameters. In the first experiment, probe microphone sensitivity was varied in four steps from low to high values. In the second experiment probe tone (226 Hz) level was varied from 72 to 84 dB in 4-dB steps, and in the third experiment effective measurement time constant was varied from 3.3 to 141.6 ms in 3.5-ms steps. Three independent judgments of ARTs were made from plots of responses to a 1000-Hz tone and broadband noise and means of the judgments were used for analysis. Results indicate that instrument measurement parameters can affect ARTs and should be accounted for. [Research supported by Rehabilitation Research and Development Service of the Veterans Administration.]

1:35

VV3. Programmable artificial ear incorporating desk-top scientific computer. William A. Kennedy (Martin Marietta Corp., P. O. Box 179, Denver, CO 80201) and David P. Egolf (Department of Electrical Engineering, University of Wyoming, Laramie, WY 82071)

Sound-pressure recordings made in real-ear simulators are more realistic than those made in 2-cc couplers. Unfortunately, most real-ear simulators (1) require factory calibration and (2) were designed to simulate only the mean acoustic impedance of normal adult ears. Due to variability of ear-canal geometry and eardrum impedance among subjects, the statistical possibility of any one subject exhibiting such "mean" characteristics—especially if that subject has a conductive pathology—is very remote. Reported herein is the development of a programmable artificial ear (PAE) which (1) requires no factory calibration and (2) can be programmed to account for individual variations in source impedance, ear-canal geometry, and eardrum impedance. The PAE consists of a 2-cc coupler, microphone, amplifier, and desk-top scientific computer, equipment which is included in most laboratory/clinic inventories. Sound pressures recorded in the 2-cc coupler are adjusted via the computer to what they would have been had the recordings been made in a particular subject's ear. Good agreement has been obtained between PAE data and real-ear simulator measurements.

1:50

VV4. Open-loop transfer function simulation as a means for understanding acoustic feedback in hearing aids. David P. Egolf and Brett T. Haley (Department of Electrical Engineering, University of Wyoming, Laramie, WY 82071)

The "squeal" of unstable acoustic feedback in hearing aids occurs when Nyquist's stability criterion involving the system's open-loop transfer function (OLTF) has been violated. To understand the causes and possible remedies of unstable feedback in hearing aids, one must first investigate the OLTF of such a system. Reported herein is a scheme for simulating, on the computer, the OLTF of an eyeglass-type hearing aid. This scheme consists of taking the serial product of two-port network models of the various components which transduce, amplify, and transmit sound to the eardrum. These components are (in order) the microphone, amplifier, receiver, sound tubes leading to the eardrum, earmold vent, and external pathway from the vent exit back to the microphone. Computer simulations were compared with laboratory measurements of the OLTF. These were obtained by applying an electrical signal to the amplifier input and simultaneously monitoring electrical output of the hearing-aid microphone. Computer results and experimental data followed the same trends but differed by as much as 6 dB at one frequency.

2:05

VV5. Electronic cancellation of acoustic feedback to increase hearing-aid stability. Kim A. Weaver and David P. Egolf (Department of Electrical Engineering, University of Wyoming, Laramie, WY 82071)

The acoustic feedback which causes a hearing aid to become unstable at high gains is effectively reduced by the addition of negative electrical feedback. Electrical feedback is formed by a system estimator which closely matches the open-loop transfer function of an in situ hearing aid. The system estimator is produced by correlating the estimator signal with the hearing-aid signal. Because the estimator does not affect the characteristics of the hearing aid, speech intelligibility is not degraded by this feedback suppression circuit as it is by most other schemes. Thus 10 to 15 dB of additional stable gain have been achieved through the use of stabilizing negative electrical feedback.

OTI 008696

B5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| ENERGY TRANSPORTATION GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SONIC INNOVATIONS, INC., et al,<br><br>Defendants. | |
|---|---|
| | Case No. 05-CV-00422-GMS |
| | Judge Gregory M. Sleet |

### DEFENDANT PHONAK'S PRELIMINARY INVALIDITY STATEMENT

Defendants Phonak AG, Phonak, LLC (defendant and successor in interest to Phonak, Inc.), Unitron Hearing Ltd., and Unitron Hearing, Inc. (collectively, "Phonak"), adopt and incorporate by reference the invalidity contentions of each other defendant in this action, as if fully set forth herein, including the prior art contentions, the additional grounds of invalidity, and the prior art references listed in the invalidity contentions of any other defendant in this action. This includes "Defendants Widex A/S's and Widex Hearing Aid Co. Inc.'s Prior Art Statement," "Defendant RTI's Preliminary Invalidity Contentions," and "Defendant Sonic Innovations, Inc.'s Additional Preliminary Invalidity Contentions," all submitted on March 30, 2007.

Phonak also submits herewith Appendix A containing a list of prior art that may be applied to invalidate the claims of U.S. Patent Nos. 4,731,850 (the "'850

Patent," and 4,879,749 (the "'749 Patent") (collectively, the "patents-in-suit"). Further, Phonak submits that the prior art of record may be used to invalidate the claims of the patents-in-suit.

ETG has presented infringement allegations against Phonak that are not commensurate with the scope of the claims as they were prosecuted before the United States Patent Office. As such, Phonak submits that if ETG's claim constructions are adopted, the prior art of record in the file histories of the patents-in-suit invalidates one or more of the claims asserted against Phonak.

### Reservation of Phonak's Right to Supplement

The Court has not yet issued a claim construction ruling in this case. Phonak's Preliminary Invalidity Statement is based on its present understanding of the asserted claims of the patents in suit and/or the constructions underlying the contentions in ETG's infringement chart served on March 2, 2007, whether or not Phonak agrees with that claim construction. Reliance upon ETG's inferred constructions is not an admission that such constructions are appropriate. Phonak's Preliminary Invalidity Statement is subject to modification, amendment, or supplementation after the Court issues its claim construction ruling.

The relevant prior art is replete with disclosures of features claimed in the '850 and '749 patents. For the purpose of fairly disclosing its invalidity contentions, exemplary citations to portions of the prior art have been provided. Phonak reserves the right to supplement its contentions with additional citations and evidence.

Further, Phonak is unaware of which claim limitations, if any, ETG will contend are not disclosed in the prior art identified by the defendants to this action.

2

**B7**

To the extent that an issue arises with respect to any such limitation, Phonak reserves the right to identify other references and combinations.

Phonak's Preliminary Invalidity Statement is based on its current knowledge and understanding of the facts and information presently available to it. Phonak's investigation of the patents in suit based on prior art and/or other grounds including those under 35 U.S.C. § 102, public use, on-sale bar, and/or failure to comply with 35 U.S.C. § 112, is ongoing. Further collection of information, discovery, or analysis may require Phonak to supplement this statement. Phonak reserves the right to modify, amend, or supplement these disclosures as additional information becomes available.

REDACTED

Dated:  March 30, 2007

James R. Sobieraj
Meredith Martin Addy
David H. Bluestone
Jeffrey A. Marx
BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611-5599
(312) 321-4200

Thomas C. Grimm
Leslie A. Polizoti
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
Wilmington, DE 19899

*Attorneys for Defendant Phonak*

3

**B8**

Egolf, D. P. - Review of the Acoustic Feedback Literature from a Control Systems Point of View

Engebretson, Morley et al. - A wearable, pocket-sized processor for digital hearing aid and other hearing prostheses applications. IEEE, 13(4), 625-628.

Engebretson-A Wearable Pocket-Sized Processor For Digital Hearing Aid

Engerbretson et al., Implementation of a Microprocessor-based Tactile Hearing Prothesis, IEEE Transactions on Bio-Medial Engineering. Volume 33, No. 7, 1986.

EP 0064042

EP 0071845

EP 0082905

EP 0168895

EP 0175909

EP 0176116

EP 0209894

EP 0209894.

EP 0252205

EP 0502073

EP 0660641

EP 0660642

EP 0674462

EP 0674463

EP 0674464

EP 0676909

EP 0765103

Libby. State of the art of hearing aid selection procedures. E.R. Libby. Hearing Instruments, 1985, Vol. 36, PT 30, p. 38.

Libby. The 1/3 - 2/3 insertion gain hearing aid selection guide. E.R. Libby. Hearing Instruments, 1986, vol 37, p. 237.

Lim,J.S. - Signal processing for speech enhancement

Linear Prediction: A Tutorial Review. J. Makhoul. Proceedings of the IEEE, Vol. 63, No. 4, April 1975, pp. 561-579.

Listener-Assessed Intelligibility of a Hearing Aid Self-Adaptive Noise Filter. Laszio K. Stein and Deborah Dempsey-Hart. Ear and Hearing, Vol. 5, No. 4, pp.199-204.

Listing of Knowles TB-1 through TB-25

Listing of Knowles TR-1 through TR-21

Livitt, H. - Technology and the Education of the Hearing Impaired, Education of the Hearing Impaired Child, p. 119-129

Log-linear modeling of consonant confusion data, Jrnl of Acoustical Soc Amer p518-525

Low Frequency response of hearing aids and judgments of aided speech quality, J. Speech Hear Dis. SLV, pp. 324-335, Punch, J.L. and Beck, E.L.

Madsen Electronics - Brochure on the HAT 1000 Hearing Aid Test System, the immediate HA-Analyzer, pp.4

Mangold and Leijon - Programmable hearing aid with multichannel compression. Scandinavian Audiology, 8(2), 121-126.

Mangold et al. - Programmable hearing aid with multichannel compression

Manuscript (German language) to the very first introduction of the PHOX presented at the Horgerate-Akustiker Congress in Wurzburg in October 1987 later leading to the publication of a two section article, Das digital programmierbare Horgerate: Gestern no

Mazor, M., et al - Moderate frequency compression for the moderately hearing impaired, Jrnl of Acoustical Soc Amer p1273-1278

MDDI report, page 12

Conference on Acoustics, Speech and Speech Processing, 583-585, Instit. Electricaland Electronic Eng., Inc. New York, 1976.

Rapid Identification of Linear and Nonlinear Systems. P.M. Lion. AIAA Journal, Vol. 5, No. 10, October 1967, pp. 1835-1842.

Rapid Measurement of Digital Instantaneous Frequency. Griffiths, IEEE Transactions on Acoustics, Speech, and Signal Processing, April 1975 pp. 207-222

Ratio Scaling of Loudness, H. Levitt and A.M. Richards, J. Audit.Res., 14, 133-154, 1974.

Recent advances in hearing aid signal processing, presented at the Conference on Acoustic Signal Processing Workshop, National Institute of Neural, Communicative Disorders and Stroke, Bethesda, Maryland, August 12-13, 1980, Levitt, H.

Recursive generalised-least-squares procedure for online identification of process parameters. Hastings-James, Sage. Proc. IEEE, Vol. 116, No. 12, December 1969 pp. 2057-2062

Reduction of Observer Bias in Reading Speech Levels with a VUMeter. H. Levitt and P.D. Bricker, J. Acoust. Soc. Am., 47,1583-1587, 1970.

Remote control of programmable hearing aid, abstract of diploma thesis project, Chalmers University of Technology, Karlsson, I. and Backlund, D.

Report of the Panel on Communicative Disorders to the National Advisory Neurological and Communicative Disorders and Stroke Council, NIH Publication No. 79-1914- June 1, 1979,

RESNA '87 - MEETING THE CHALLENGE - Proceedings of the 10th Annual Conference on Rehabilitation Technology, June 19-23, 1987 - Kenneth L. Cummins & Kurt E. Hecox - "Ambulatory Testing of Digital Hearing Aid Algorithms"

Review of Recent Research on Multiband Amplitude Compression for the Hearing Impaired Braida et all

Review of the Acoustic Feedback Literature from a Control Systems Point of View. D. Egolf.

Richards Advertisment. Hearing Instruments, pp. 68-69, July 1986.

**B11**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422 (GMS) |
| | ) | |
| SONIC INNOVATIONS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF ENERGY TRANSPORTATION GROUP, INC.'S**

**VALIDITY STATEMENT**

Feedback Suppression in Hearing Aids Part III" bearing a July 1984 date. This document is not authored by Kim Weaver and is unrelated to the Weaver Thesis.

Defendants also rely on an alleged presentation by Kim A. Weaver entitled "Electronic Cancellation of Acoustic Feedback to Increase Hearing Aid Stability" OTI 003839-851. There is no evidence to show that the alleged presentation bearing a different name and an additional author can support the Weaver Thesis. Further, the manner of presentation was "Lecture only." *See, e.g.,* WID189090. Accordingly, Defendants have provided no evidence that copies of the presentation were made available or ever distributed. A presentation that includes a transient display of slides is not a printed publication. *See, e.g., In re Klopfenstein,* 380 F.3d 1345, 1349 (Fed. Cir. 2004). In addition, the alleged presentation bears no presentation date. There is no evidence to show that the presentation was made available to the public in general or to those interested in the technology. Therefore, the alleged presentation does not qualify as a printed publication nor does it qualify as any public disclosure. Moreover, the alleged presentation is not an enabling disclosure. In order to be considered prior art which would anticipate or render a claimed invention obvious and invalid, a reference must be enabling and must describe the claimed invention sufficiently to have placed it in the possession of a person of ordinary skill in the field of the invention. In other words, the disclosure within the "four corners" of the alleged prior art document must be sufficiently detailed to enable a person of ordinary skill in the relevant field to make and use the claimed invention.

The Defendants allege that Kim Weaver reduced his work to practice by relying on OTI 007708-810 and OTI 008696. OTI 008696 includes a single paragraph with a summary of "Electronic cancellation of acoustic feedback to increase hearing-aid stability." by Kim Weaver and David Egolf. This brief summary does not even refer to the Weaver Thesis. The alleged

16

**B13**

reference cannot be relied on to support the Weaver Thesis. Further, this single paragraph summary is not an enabling disclosure and fails to disclose any of the claimed inventions of the '850 Patent or the '749 Patent. Accordingly, OTI 008696 fails as a valid prior art reference. Defendants have not provided any evidence establishing when this one paragraph summary was made publicly available. The April 12, 1985 fails to establish a date at which the disclosure was made public.

OTI 007708-810 does not establish reduction to practice of the Weaver Thesis. This document is a compilation of preliminary research material relating to a two-year Research Program investigated by Vernon D. Larson, Ph.D. Defendants have failed to provide any connection to the Weaver Thesis.

Even if one were to accept that the Weaver Thesis is valid prior art, which it is not, the Weaver Thesis nevertheless fails to anticipate the claims of the patents-in-suit because it fails to satisfy each and every element of any of the claims.

The objective of the Weaver Thesis was to design, build and test a circuit which allows the gain of the sound amplifier to be increased beyond the original maximum stable gain without oscillation occurring. *See, e.g.,* WID189017. Weaver used two different acoustic feedback systems used in the design of the feedback suppression circuit. According to Weaver, a hearing aid system was tested to measure the characteristics of a "typical" acoustic amplifier. From these characteristics, the acoustic feedback was crudely modeled as an echo. Delay and magnitude of the echo were then estimated. The echo was synthesized and added to the closed loop system as negative feedback to make the sound amplifier more stable. *See, e.g.,* WID189017-8.

The Weaver Thesis acknowledges that the acoustic feedback is impossible to eliminate and difficult to control so none of the original transfer function blocks could be modified to

17

**B14**

EXHIBIT 26



SUGHRUE MION, PLLC

501 West Broadway
Suite 1600
San Diego, CA 92101-3595
T 619.238.3545
F 619.238.4931

www.sughrue.com

May 8, 2007

**Via E-mail**

Bradley W. Grout, Esq.
Hunton & Williams LLP
Bank of America Plaza
Suite 4100
600 Peachtree Street, NE
Atlanta, Georgia 30308

Maya M. Eckstein, Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

Re:    *ETG v. Sonic Innovations, Inc., et al.*
       *Case No. 1:05-cv-00422-GMS (D. Del.)*
       Our Reference No. : L10530

Dear Brad and Maya:

I am working with Carl Pellegrini on this matter, and Carl asked me to follow-up with you regarding a few outstanding discovery items:

(1) We would like to inspect the original copies of the documents produced by Dr. Levitt in this matter pursuant to our February 1, 2007 subpoena. Please advise me of a suitable location and potential dates for this review;

REDACTED

(3) I understand that several weeks ago ETG inadvertently produced some Baker Botts privileged documents and that the parties resolved the issue without compromising the attorney-client privilege. Please provide a privilege log by the end of this month identifying any pre-litigation documents withheld on grounds of privilege with respect to the subsequent production, as well as with respect to any other pre-litigation documents responsive to defendants' other requests in this litigation for which you claim the privilege.


**Sughrue**
SUGHRUE MION, PLLC

Bradley W. Grout, Esq.
Maya M. Eckstein, Esq.
May 8, 2007
Page 2

Thank you very much for your cooperation.

Very truly yours,
REDACTED

Jdhn B. Scherling

cc:  Carl J. Pellegrini, Esq.

C2



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL      804 • 788 • 8200
FAX      804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
DIRECT FAX: 804-343-4630
EMAIL:  meckstein@hunton.com

FILE NO: 66718.2

May 15, 2007

**VIA EMAIL**

John B. Scherling, Esq.
Sughrue Mion PLC
2100 Pennsylvania Avenue, NW
Washington, DC  20037

   Re: *Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al.*

Dear Mr. Scherling:

   I am writing in response to your May 8 letter.

   First, we can make originals of the documents produced by Dr. Levitt available for inspection at Dr. Levitt's     REDACTED    where most of the documents were collected, and at ETG's office in New York, where some of the documents were collected.  We will advise you shortly of available dates for these inspections.

   Second, we currently are in the process of determining whether          REDACTED
  REDACTED     We will advise you when that process is complete.

   Finally, we will exchange our privilege logs with the defendants at a mutually agreeable time for such an exchange.  Please advise when defendants intend to serve their privilege log.

   Please feel free to contact me if you have any questions about these matters.

        Sincerely,
        REDACTED

        Maya M. Eckstein

cc:  Brian M. Buroker (via email)

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

**C3**



SUGHRUE MION, PLLC

501 West Broadway
Suite 1600
San Diego, CA 92101-3595
T 619.238.3545
F 619.238.4931

www.sughrue.com

May 23, 2007

<u>**Via E-mail**</u>

Maya M. Eckstein, Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

     Re:    *ETG v. Sonic Innovations, Inc., et al.*
           *Case No. 1:05-cv-00422-GMS (D. Del.)*
           Our Reference No. : L10530

Dear Maya:

Thank you for your May 15, 2007 letter. We look forward to hearing from you as soon as possible regarding the available dates for the inspection of the documents produced by Dr. Levitt, as well as with respect to the results of your evaluation of    REDACTED    Regardless of the results of your evaluation, we may still wish to arrange a convenient date for our expert to    REDACTED

With respect to the privilege log, we are not aware of any responsive pre-litigation documents withheld by our client on grounds of privilege. Please let me know if you cannot provide your privilege log by the end of this month identifying any responsive pre-litigation documents not produced by your client in this litigation on grounds of privilege.

Thank you again for your cooperation.

                        Very truly yours,
                        REDACTED

                        John B. Scherling

cc: Carl J. Pellegrini, Esq.



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL     804 • 788 • 8200
FAX     804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
DIRECT FAX: 804-343-4630
EMAIL:  meckstein@hunton.com

FILE NO: 66718.2

June 4, 2007

**VIA EMAIL**

John B. Scherling, Esq.
Sughrue Mion, PLLC
501 West Broadway
Suite 1600
San Diego, California  92101-3595

   Re: *Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al.*

Dear John:

   I am writing in response to your letter of May 23.  We are finalizing our privilege logs and will advise when they are ready for production.  Do you know when the other defendants will be prepared to exchange their privilege logs?

   Dr. Levitt has been traveling, but we will try to contact him to arrange for a time for the inspection of the documents he produced.

   Please let me know if you have any questions regarding this matter.  Thank you for your attention to this matter.  I look forward to your prompt response.

Sincerely,
REDACTED


Maya M. Eckstein

cc: Brian M. Buroker (via email)

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com


SUGHRUE MION, PLLC

501 West Broadway
Suite 1600
San Diego, CA 92101-3595
T 619.238.3545
F 619.238.4931

www.sughrue.com

June 25, 2007

**Via E-mail**

Maya M. Eckstein, Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

    Re:  *ETG v. Sonic Innovations, Inc., et al.*
       *Case No. 1:05-cv-00422-GMS (D. Del.)*
       Our Reference No. : L10530

Dear Maya:

   Thank you for your e-mail today to Carl Pellegrini regarding Dr. Levitt's documents,
REDACTED

   We will get back to you as to the best date for us to inspect Dr. Levitt's documents
between July 10 and 14. In the meantime, please provide subsequent dates in July when
Dr. Levitt is available for deposition.

   As referenced in my May 23, 2007 letter to you, regardless of the results of your expert
REDACTED

   Thank you again for your cooperation.

       Very truly yours,
       REDACTED

       John B. Scherling

cc: Carl J. Pellegrini, Esq.

Washington, DC ~ Tokyo ~ Silicon Valley ~ San Diego

**C6**



HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL    804 • 788 • 8200
FAX    804 • 788 • 8218

MAYA M. ECKSTEIN
DIRECT DIAL: 804-788-8788
DIRECT FAX: 804-343-4630
EMAIL: meckstein@hunton.com

FILE NO: 66718.2

July 2, 2007

**VIA EMAIL**

John B. Scherling, Esq.
Sughrue Mion PLC
2100 Pennsylvania Avenue, NW
Washington, DC 20037

     Re: *Energy Transportation Group, Inc. v. Sonic Innovations, Inc. et al.*

Dear Mr. Scherling:

     In response to your June 25 and June 29 letters, below is the information you sought regarding   REDACTED

> REDACTED
>
> REDACTED
>
> REDACTED
>
> REDACTED
>
> REDACTED
>
> REDACTED

     As requested, Dr. Levitt's documents will be available    REDACTED
REDACTEDon Friday, July 13 for the defendants' inspection. As previously advised, all defendants who wish to inspect Dr. Levitt's documents should take this opportunity to do so, as we will not coordinate multiple inspections.

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE  LONDON
LOS ANGELES  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

**C7**



John B. Scherling, Esq.
July 2, 2007
Page 2

Finally,    REDACTED    will be available for inspection at Hunton & Williams'
office in Richmond, Virginia on July 13.  Please advise who will be coming to inspect it, so that I
may inform security and our receptionist.  As with his documents, all defense counsel interested
in    REDACTED    should take this opportunity to do so, as we will not
coordinate multiple inspections.

Sincerely,
REDACTED

Maya M. Eckstein

cc (via email): All defense counsel
Brian M. Buroker

REDACTED

Sent: Fri Jul 06 14:25:52 2007
Subject: RE: ETG v. Sonic - Letter to Scherling from Eckstein

Brian,

We have changed the location to something that hopefully will be more
centrally located for everyone.  The documents will be available at
Hunton & Williams' LA office on July 13.  The address is:

550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Please let me know who will be attending this inspection so that I can
provide the names to security and reception.  Also, we can start at 9
a.m.

I understand from your email below that you will forward this to the
other defendants.

Thank you.

Maya

 <http://www.hunton.com/>
<http://webdownload.hunton.com/esignature/vcard.aspx?U=08256>
<http://webdownload.hunton.com/esignature/bio.aspx?U=08256>
 <http://www.hunton.com/media/emailsig/images/HW2.gif>
Maya M. Eckstein
Partner    REDACTED

Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Phone: (804) 788-8788
Fax: (804) 343-4630
www.hunton.com <http://www.hunton.com/>

This communication is confidential and is intended to be privileged
pursuant to applicable law. If the reader of this message is not the
intended recipient, or the employee or agent responsible to deliver it
to the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is
strictly
prohibited. If you have received this message in error, please notify
Hunton & Williams LLP immediately by telephone (877-374-4937) and by
electronic mail to: help_desk@hunton.com and then delete this message
and all copies and backups thereof.

**C9**

REDACTED

Sent: Monday, July 09, 2007 11:27 AM
REDACTED

REDACTED

Subject: RE: ETG v. Sonic - Letter to Scherling from Eckstein

Maya,

I have informed the other defendants of the new location for the
document inspection.  Although I appreciate your efforts to provide a
more centrally located location for the counsel desiring to attend, I
have received some negative reaction from those that had previously
made
travel arrangements based on prior representations that the documents
would be made available for inspection at          REDACTED
          REDACTED

Thus, if ETG now prefers to make the documents available for inspection
in Los Angeles, as your email of July 6 indicates, this will involve
adjustment to travel schedules of several of the parties.  At present,
I
have not heard whether all the parties desiring to attend the
inspection
will be able to secure suitable alternative arrangements.  In the
interim, however, should the July 13 inspection date prove inconvenient
due to the change in location, I would like to know whether the
inspection could be held       REDACTED       as originally indicated,
or on the following week at your LA offices.

I hope to be able to inform you by the end of the day whether the
parties are able to make suitable travel arrangements for the 13th in
Los Angeles, but I would appreciate an alternative date should that not
be the case.

 Regards,

Brian

**C10**

REDACTED
Sent: Monday, July 09, 2007 9:48 PM
                    REDACTED

REDACTED
Subject: RE: ETG v. Sonic - Letter to Scherling from Eckstein

Brian,

Considering that we gave one-week's notice of the change of location,
it's hard to believe that travel arrangements really were affected.
Regardless, we can make the documents available in our LA office the
following week on either the 16th, 19th, or 20th.

Let me know whether defendants prefer to proceed this Friday or on one
of these dates next week.

Maya

 <http://www.hunton.com/>
<http://webdownload.hunton.com/esignature/vcard.aspx?U=08256>
<http://webdownload.hunton.com/esignature/bio.aspx?U=08256>
 <http://www.hunton.com/media/emailsig/images/HW2.gif>
Maya M. Eckstein
Partner
        REDACTED
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Phone: (804) 788-8788
Fax: (804) 343-4630
www.hunton.com <http://www.hunton.com/>

This communication is confidential and is intended to be privileged
pursuant to applicable law. If the reader of this message is not the
intended recipient, or the employee or agent responsible to deliver it
to the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is
strictly
prohibited. If you have received this message in error, please notify
Hunton & Williams LLP immediately by telephone (877-374-4937) and by
electronic mail to: help_desk@hunton.com and then delete this message
and all copies and backups thereof.

C11

REDACTED
Sent: Monday, July 09, 2007 10:27 PM
REDACTED
                    REDACTED

REDACTED
Subject: RE: ETG v. Sonic - Letter to Scherling from Eckstein


Brian,

Dr. Levitt has had some difficulty with his schedule, so it turns out
that we cannot proceed this week anyway.  We can proceed next week on
either the 19th or 20th.

My apologies for any confusion.

Maya

 <http://www.hunton.com/>
<http://webdownload.hunton.com/esignature/vcard.aspx?U=08256>
<http://webdownload.hunton.com/esignature/bio.aspx?U=08256>
 <http://www.hunton.com/media/emailsig/images/HW2.gif>
Maya M. Eckstein
Partner
      REDACTED
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Phone: (804) 788-8788
Fax: (804) 343-4630
www.hunton.com <http://www.hunton.com/>

This communication is confidential and is intended to be privileged
pursuant to applicable law. If the reader of this message is not the
intended recipient, or the employee or agent responsible to deliver it
to the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is
strictly
prohibited. If you have received this message in error, please notify
Hunton & Williams LLP immediately by telephone (877-374-4937) and by
electronic mail to: help_desk@hunton.com and then delete this message
and all copies and backups thereof.

**C12**

REDACTED

**Sent:** Monday, July 16, 2007 10:42 AM
REDACTED

REDACTED

**Subject:** RE: ETG v. Sonic - Letter to Scherling from Eckstein

My apologies, Brian; I thought I had responded. To answer your questions:

a) The documents provided for inspection will be those produced on behalf of Dr. Levitt, i.e. those with the LEV bates prefix. It was our understanding that this was what Defendants sought to inspect. If Defendants have other, specific requests, we will consider them.

b) I am not sure we'll be able to have them arranged in corresponding bates range because I am not sure we have information on which boxes contain which documents. I will inquire, though.

Maya



This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Hunton & Williams LLP immediately by telephone (877-374-4937) and by electronic mail to: help_desk@hunton.com and then delete this message and all copies and backups thereof.

---

REDACTED
**Sent:** Monday, July 16, 2007 10:37 AM
REDACTED

**Subject:** RE: ETG v. Sonic - Letter to Scherling from Eckstein

Maya-

Regarding the inspection of the Levitt documents this Thursday, I still await your responses to my inquiries below so that I may inform counsel for the other defendant groups (GN and Starkey, as I previously indicated) who will also be attending. Thank you for your assistance.

Regards,

Brian

**C13**

Brian K. Shelton
Sughrue Mion, PLLC
2100 Pennsylvania Ave. N.W.
Washington, DC 20037
Office: 202-663-7957
Fax : 202-293-7860
       REDACTED

www.sughrue.com



SUGHRUE MION, PLLC

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail to coordinate retrieval or deletion of this message. Thank you.

-----Original Message-----
          REDACTED
**Sent:** Tuesday, July 10, 2007 1:05 PM
                  REDACTED

**Subject:** RE: ETG v. Sonic - Letter to Scherling from Eckstein

Maya-

I expect that the alternative dates of the 19th or 20th that you proposed will be acceptable to the defendants. I anticipate we will want to conduct the inspection on the 19th, but I am still waiting confirmation from a couple of the ofther groups and will let you know shortly.

In addition, I would like your clarification on a couple of points re: the inspection:

a) Will the documents that are provided for inspection include all of the documents that ETG has produced to date from Dr. Levitt? I assume this would include all documents ETG has produced bearing the "LEV" Bates prefix. Also, please let me know whether there will be any other documents obtained from Dr. Levitt's home that will be made available at the inspection that have not have been produced.

b) Given the significant number of documents, do you intend to have the originals arranged by corresponding Bates range or in some other manner so as to facilitate identification of the originals?

Regards,

Brian

-----Original Message-----
                  REDACTED

**Sent:** Monday, July 09, 2007 10:27 PM
                  REDACTED

**Subject:** RE: ETG v. Sonic - Letter to Scherling from Eckstein

Brian,

Dr. Levitt has had some difficulty with his schedule, so it turns out that we cannot proceed this week anyway. We can proceed next week on either the 19th or 20th.

**C14**

**My apologies for any confusion.**

Maya



**Maya M. Eckstein**
Partner
REDACTED

Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Phone: (804) 788-8788
Fax: (804) 343-4630
www.hunton.com

This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Hunton & Williams LLP immediately by telephone (877-374-4937) and by electronic mail to: help_desk@hunton.com and then delete this message and all copies and backups thereof.

C15



SUGHRUE MION, PLLC

William H. Mandir
T 202-663-7959
wmandir@sughrue.com

2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

August 13, 2007

**Via E-Mail**

Maya M. Eckstein, Esq.
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd St.
Richmond, VA 23129

> Re: *ETG v. Sonic Innovations, Inc. et al.*
> *Case No. 1:05-cv-00422-GMS (D. Del.)*
> Our Reference No.: L01530

Dear Maya:

We request that you immediately contact us to arrange a meet and confer for the purpose of discussing several deficiencies of ETG's production.

For instance, ETG has not produced documents known to exist that are responsive to the July 20, 2007 subpoena to Harry Levitt. During the inspection of the Levitt original documents at your Los Angeles offices on July 19, documents relating          REDACTED
REDACTED

Further, documents were also observed at the inspection that relate to Dr. Levitt's
REDACTED

As you know, the deposition of Dr. Levitt is scheduled for August 23. The failure to timely produce all responsive documents jeopardizes the right of the Defendants to conduct a full and fair examination of Dr. Levitt. Therefore, please contact us as soon as possible to discuss what basis, if any, ETG has for not producing the above and other documents and to explain all of ETG's objections to the July 20 subpoena.

In addition, we have not received the appointment books of Dr. Chen that Kimball Chen testified he had recently discovered at his deposition. These documents were specifically requested at the deposition, but have also not been produced. ETG should therefore immediately supplement its production to include these documents and any other responsive documents that Kimball Chen has located.

Washington, DC ~ Tokyo ~ Silicon Valley ~ San Diego

C16



SUGHRUE MION, PLLC

Maya M. Eckstein, Esq.
Page 2

August 13, 2007

We look forward to discussing this matter with you further.

Very truly yours,
REDACTED

William H. Mandir
Brian K. Shelton

WHM/BKS

**C17**

**Subject:** FW: EKMS documents

---

REDACTED

**Sent:** Thursday, August 16, 2007 12:57 AM
REDACTED

**Subject:** RE: EKMS documents
Dear Maya,

I respectfully diasagree with your characterization of the inspection of Levitt documents at your LA office. I expressly inquired, in advance of the inspection, whether the documents being made available for inspection were those already produced by ETG on behalf of Dr. Levitt, or whether other documents would be included. My understanding, based on your reply, was that the documents being made available for inspection had already been produced. Thus, any documents I observed during the July 19 inspection presumably would have been included in the 60,000+ pages of documents ETG had produced on behalf of Dr. Levitt.

Nevertheless, I believe your suggestion as to arranging a subsequent inspection at Dr. Levitt's premises is not unreasonable, and perhaps will readily resolve the dispute over the documents of Dr. Levitt identified in our Aug. 13 letter. However, given the proximity of the upcoming deposition of Dr. Levitt, I would prefer to arrange this inspection as soon as possible prior to Aug. 23.

Please respond with dates in advance of the Aug. 23 deposition that this subsequent inspection can be conducted.

Regards,

Brian

-----Original Message-----
REDACTED
**Sent:** Wednesday, August 15, 2007 4:57 PM
REDACTED

**Subject:** RE: EKMS documents

Brian,

In response to Bill Mandir's letter, ETG has produced and is continuing to produce documents on Dr. Levitt's behalf, and is meeting all of its obligations under the Federal Rules of Civil Procedure in doing so.

Defendants have served several subpoenas duces tecum on Dr. Levitt, asking for scores of documents, many of which have absolutely no relation to this litigation. To that end, we have interposed a number of objections on Dr. Levitt's behalf to the subpoenas. Nonetheless, we diligently searched Dr. Levitt's home for documents and have produced them as they became available and were reviewed. We continue to do so (a production is being made today).

**C18**

You conducted the inspection of Dr. Levitt's originals on July 19. Yet, you waited almost a month to advise us of any documents you found during that inspection that purportedly were not produced. If there were documents that you believe ETG failed to produce, you should have notified us on that day, either by flagging the documents or advising the Hunton & Williams attorney who accompanied your inspection. You did neither.

As you know from your inspection, Dr. Levitt's original documents are not bates numbered. Thus, it will require extensive resources for us to return to REDACTED REDACTED    search for, and locate the particular documents you seek.

We suggest, instead, that we arrange another inspection at which you review Dr. Levitt's original documents at his house and flag any that you believe have not been produced and should be produced. Assuming the documents are not privileged, we will produce them to you. You must agree, though, that neither Dr. Levitt nor ETG waives the attorney client privilege, the work product privilege, or any other applicable privilege by our agreement to allow you to review his original documents.

Finally, it is odd that defendants would complain about ETG's purported "failure to timely produce all responsive documents" from Dr. Levitt. While we reject that contention, we note that several, if not all, of the defendants continue to produce documents to this day, and still have productions outstanding, despite the fact that ETG's requests for production have been outstanding since December 2006.

With regard to the appointment books of Dr. Chen and Kimball Chen, we are in the process of preparing those for production.

Maya



This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Hunton & Williams LLP immediately by telephone (877-374-4937) and by electronic mail to: help_desk@hunton.com and then delete this message and all copies and backups thereof.

REDACTED

**Sent:** Wednesday, August 15, 2007 12:55 PM
REDACTED

**Subject:** RE: EKMS documents

C19

Dear Maya,

We have not yet received a response to the attached letter sent Monday regarding the production of Dr. Levitt's documents, the objections made to the July 20 subpoena of Dr. Levitt, and the appointment books Kimball Chen described at his deposition. Since you have a meet and confer scheduled tomorrow with John Scherling on the EKMS documents, I would like to include the issues raised in our letter on the agenda for that call as well.

Please confirm whether we can discuss this matter during the call tomorrow.

Related to the August 7 production of documents, we note that many of the documents appear responsive to the previous Widex subpoena to Dr. Levitt in February (e.g., Audimax documents potentially relevant to conception and reduction to practice). Thus, we would also like clarification as to the source of these new documents (i.e., from Dr. Levitt's files or elsewhere), what the documents produced on August 7 were responsive to (i.e., The Feb. subpoena, the July subpoena, or both), and why documents responsive to the Feb. subpoena were not produced earlier.

We look forward to discussing these issues with you further.

Regards,

Brian

**C20**