IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>WILLIAM DEMANT HOLDING A/S, )<br>OTICON A/S, OTICON INC., WIDEX A/S, )<br>WIDEX HEARING AID CO., INC., )<br>BERNAFON AG, WDH, INC., and )<br>BERNAFON, LLC, )<br>)<br>Defendants. )<br>_____) | C.A. No. 05-422 GMS |

## ORDER

1.  On June 23, 2005, the plaintiff, Energy Transportation Group, Inc. ("ETG"), filed the above-captioned action against William Demant Holding A/S, Oticon A/S, Oticon Inc., Bernafon AG, WDH, Inc., Bernafon, LLC (collectively, the "Demant defendants"), Widex A/S, and Widex Hearing Aid Co., Inc. (collectively, the "Widex defendants"), alleging infringement of United States Patent Nos. 4,731,850 (the "'850 patent") and 4,879,749 (the "'749 patent") (collectively, the "patents-in-suit"). The patents-in-suit are directed to a programmable digital hearing aid system and host controller for the programmable digital hearing aid system. On February 15, 2006, ETG filed a second amended complaint.

2.  On February 27, 2006, the Demant and Widex defendants filed answers to the second amended complaint and counterclaims (D.I. 93-95) against ETG. On February 20, 2007, the court entered a Scheduling Order (D.I. 206), setting April 1, 2007 as the date for motions to join other parties and amend the pleadings.

3. On November 6, 2007, the Demant and Widex defendants filed a motion to amend the answer and counterclaim (D.I. 434). The motion seeks to add the affirmative defense and counterclaim of inequitable conduct. According to the brief filed in support of the motion, discovery has revealed that the lead inventor on the patents-in-suit withheld key prior art from the United States Patent and Trademark Office (the "USPTO") in order to obtain the patents. The brief further asserts that the Demant and Widex defendants have not delayed in bringing the motion, ETG will not be prejudiced by the addition of the affirmative defense and counterclaim, and no other reasons justify denying leave to amend.

4. On November 21, 2007, ETG filed an answering brief (D.I. 453), opposing the motion. ETG argues that the Demant and Widex defendants have failed to establish "good cause" for missing the deadline for motions to amend. ETG further argues that the Demant and Widex defendants had either knowledge or actual possession of the prior art they now seek to assert in their inequitable conduct claim. Finally, ETG argues that it will be unduly prejudiced by an amendment at this late date. Specifically, ETG contends that, at a minimum, the court will have to reopen fact and expert discovery on the inequitable conduct defense, which would delay the January 18, 2008 trial date.

5. Federal Rule of Civil Procedure 16 provides that a schedule "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b). At least one court in this district has stated that "[p]roperly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Gonzalez v. Comcast Corporation*, Civ. A. No. 03-455-KAJ, 2004 U.S. Dist. LEXIS 17896, at *2 (D. Del. Aug. 25, 2004) (citation omitted); *see also* 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31 (2d ed. 1990) ("The scheduling order and the timetable it establishes

will be *binding*. The rule specifically provides that the order can be modified only upon a showing of good cause. This would require the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.") (emphasis added). As previously stated, the court issued a scheduling order in this case on February 20, 2007, which required all motions to amend the pleadings to be filed on or before April 1, 2007. (D.I. 206 ¶ 2.) The Demant and Widex defendants' motion was filed on November 6, 2007, more than seven months after that deadline, and only a little over two months prior to trial. Thus, under Rule 16, the Demant and Widex defendants are required to show good cause as to why the court should grant its motion.

6. After having considered the Demant and Widex defendants' proposed amendment, the parties' submissions on the issue, and the pertinent law, the court concludes that leave to amend should be denied, because the Demant and Widex defendants have not met their burden of showing good cause. The court further concludes that, even under the more generous standard of Federal Rule of Civil Procedure 15(a), the Demant and Widex defendants' motion should be denied, because granting the motion will result in undue prejudice to ETG, who is expecting to go to trial on this matter on January 18, 2008.

7. At the outset, the court notes that the Demant and Widex defendants' assert that they have met the good cause standard but, in the same breath, concede that they delayed in bringing the motion to amend. D.I. 435, at 12 ("This motion comes within two and half [sic] months after the Defendants confirmed their inequitable conduct beliefs...."). Their opening and reply briefs then continually assert that any delay is a result of ETG's frustrating their discovery efforts in the litigation by producing documents late in time, especially those held by Dr. Levitt, one of the named

3

inventors of the patents-in-suit. For example, the Demant and Widex defendants assert that: "ETG and Dr. Levitt delayed and frustrated discovery of Dr. Levitt and what he knew about the prior art at the time of his own work. They dribbled out discovery from Dr. Levitt and delayed until the very end of fact discovery key evidence that made the full picture come together of Dr. Levitt's inequitable conduct and that revealed how far reaching it was." (D.I. 456, at 1.) The court cannot agree with the Demant and Widex defendants' assertion, and is puzzled by the fact that ETG's alleged malfeasance in discovery was not raised as a discovery dispute.[1] The court also is not willing to conclude that the Demant and Widex defendants have shown "good cause" by sitting on their rights and waiting to bring ETG's alleged frustration of the discovery process to the court's attention after fact discovery had closed, and the parties were beginning pre-trial and trial preparations.[2] For these reasons, the court will deny the Demant and Widex defendants' motion.

8.  As a further basis for denying the Demant and Widex defendants' motion to amend, the court finds that undue prejudice to ETG would result. Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

---

[1] The court's discovery dispute procedure is one that should be well-known to the parties to this case, given the fact that the court held at least two discovery dispute teleconferences.

[2] The court also notes that the parties amended the schedule with the court's permission to extend the discovery deadlines. The Demant and Widex defendants, however, never requested an extension of the deadline for amendment.

9.      The Demant and Widex defendants argue that ETG will not be prejudiced in any way because it "has been on notice that the Defendants were asserting inequitable conduct as a defense based on the inventors' withholding of at least the Zeta Noise Blocker prior art from the USPTO from . . . interrogatory responses served on August 9, 2007."[3] (D.I. 435, at 17.) In other words, the Demant and Widex defendants' argument is based on ETG's alleged knowledge of the inequitable conduct defense and failure to act. The court is not persuaded. The Demant and Widex defendants' opening and reply briefs to their motion assert repeatedly that ETG was on notice of the inequitable conduct defense. See D.I. 435, at 17 ("ETG has been on notice that the Defendants were asserting inequitable conduct as a defense based on the inventors' withholding of at least the Zeta Noise Blocker prior art. . . ."); id. ("As to the [inequitable conduct] contentions developed after that time [August 31, 2007], those are detailed in the pleading, which was provided to ETG on October 19, 2007. . . ."); D.I. 456, at 2 ("Defendants informed ETG in discovery, as these facts were developed, of their claim of inequitable conduct and the basis for that claim."); id. ("ETG was well aware by the time of Dr. Levitt's personal depositions that Defendants were asserting an inequitable conduct claim."); id. at 10-12 (outlining the notice that the Demant and Widex defendants provided to ETG regarding their inequitable conduct claim). That assertion begs the question: if ETG was on notice of the inequitable conduct defense as early as August 9, 2007, the date of the Widex defendants' supplemental interrogatory responses, then why did the Demant and Widex defendants wait until November 6, 2007 to file the motion to amend? The court can contemplate no reason other than

---

[3] This statement is noteworthy, as it belies the Demant and Widex defendants' argument that they could not assert inequitable conduct earlier in the litigation. At the very least, as of August 9, 2007, they could have filed a motion for leave to amend to add an inequitable conduct affirmative defense and counterclaim as to the Zeta Noise Blocker.

5

delay tactics, given that the Demant and Widex defendants possessed at least as much knowledge regarding the inequitable conduct claim that they attribute to ETG prior to Dr. Levitt's depositions.

10.     Moreover, as previously mentioned, this matter is scheduled for a nine day jury trial beginning on January 18, 2008. Permitting the Demant and Widex defendants to add a new affirmative defense and counterclaim at this late date will virtually implode the scheduling order, resulting not only in added discovery but, possibly, a request to file a motion to dismiss. Given these circumstances, and the court's inability to ameliorate the undue prejudice ETG will suffer if it permits the belated insertion of an inequitable conduct affirmative defense and counterclaim into this action, the court believes that denying the motion to amend is a fair result.

Therefore, IT IS HEREBY ORDERED that:

1.     The Demant and Widex defendants' Motion to Amend the Answer and Counterclaim (D.I. 434) is DENIED.

Dated: December 28, 2007

CHIEF, UNITED STATES DISTRICT JUDGE