# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENERGY TRANSPORTATION GROUP, INC., )
)
Plaintiff, )
)
v. ) C.A. No. 05-422 (GMS)
)
SONIC INNOVATIONS, INC., et. al., )
)
Defendants. )
)

**PLAINTIFF ENERGY TRANSPORTATION GROUP INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS WIDEX A/S'S SECOND, THIRD, AND FOURTH SUPPLEMENTAL RESPONSE AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF COMMON INTERROGATORIES TO ALL DEFENDANTS AND PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT WIDEX A/S**

Plaintiff Energy Transportation Group Inc. ("ETG"), by counsel and pursuant to Fed. R. Civ. P. 26 and 34, hereby objects to Defendant Widex A/S ("Widex") Second, Third, and Fourth Supplemental Responses and Objections to ETG's first set of common interrogatories to all Defendants and ETG's first set of interrogatories to Defendant Widex A/S, dated August 9, 2007, August 15, 2007, and August 31, 3007, respectively.

## I. GENERAL OBJECTIONS

ETG has reviewed Widex's second, third, and fourth supplemental responses and objections to ETG's first set of common interrogatories. In its second supplemental response, Widex raises, for the first time, an unenforceability defense based on alleged inequitable conduct. In its second, third, and fourth supplemental responses, Widex untimely adds more than twenty prior art references in support of its invalidity contentions, including a previously undisclosed circuit board allegedly developed at Brigham Young University in the early 1980s.

ETG objects to Widex's belated and untimely asserted inequitable conduct defense as well as Widex's untimely and improper production of and reliance on the additional prior art references and circuit board.

### a. Widex's Newly Asserted Inequitable Conduct Defense

In responding to Specific Interrogatory No. 1, Widex raises an inequitable conduct defense for the first time. Specifically, Widex states in its August 15, 2007 supplemental interrogatory response that "Dr. Levitt and/or Mr. Dugot are aware of . . . factual information relevant to the unenforceability of the patents-in-suit because of inequitable conduct . . . ." In this supplemental response, Widex alleges that Dr. Levitt and Mr. Dugot were aware of an article entitled, "Listener-Assessed Intelligibility of a Hearing Aid Self-Adaptive Noise Filter," ("the Stein article"), and failed to disclose this article to the PTO, with an intent to mislead.

Federal Rule of Civil Procedure 9(b) requires inequitable conduct to be pled with specificity. Widex has not pled inequitable conduct at all, and certainly has not done it with the requisite level of specificity required by Federal Rule 9(b). Further, Widex's attempted assertion of an inequitable conduct defense near the close of fact discovery is untimely and prejudicial. The February 20, 2007 Scheduling Order entered in this case and agreed to by all parties required amending pleadings on or before April 1, 2007 — over four months ago. Further, Widex's attempted assertion of an inequitable conduct defense near the close of discovery without any notice to ETG and without the opportunity to have discovery on that defense is highly prejudicial to ETG and improper.

Widex's failure to previously raise any allegation of inequitable conduct based on the references Widex cites further reflects undue delay. Widex relies on evidence produced by ETG *eight months ago* to support its alleged inequitable conduct defense. The Stein article, (ETG2591) and Mr. Bunce's letter of June 10, 1985, (ETG2590) were both produced on January 5, 2007. Thus, Widex had every opportunity to assert an inequitable conduct theory well before the April 1, 2007 scheduling order deadline, and certainly well before the close of fact discovery on August 31st. There is no excuse for this undue delay.

ETG will oppose any motion by Widex to amend its pleadings to add an inequitable conduct defense and move to strike any such asserted defense as necessary at the appropriate time.

b. **Widex's Additional Prior Art References**

In providing its third and fourth supplemental response to Common Interrogatory No. 3, Widex introduces more than twenty additional prior art references that have never before been disclosed or relied upon in support of its invalidity contentions. Widex alleges that these additional prior art references anticipate and/or render obvious various claims of the patents-in-suit.

By asserting these additional prior art references near the close of fact discovery, Widex again violates the scheduling order, which set a deadline for Defendants to produce all of the prior art references on which it relies for its contentions of invalidity on March 30, 2007 — over four months ago. Further, ETG believes that Widex has been aware of some of these additional prior art references even before the scheduling order deadline. Yet Widex

inexplicably and inexcusably decided to wait months before asserting these references in support of its defense.

ETG therefore objects to the untimely disclosure of the additional prior art references as ETG was unable to conduct additional discovery to formulate a proper response. ETG's efforts during fact discovery were focused on the prior art that Widex initially submitted in support of its invalidity contentions, and not on these untimely disclosed references because ETG was not aware that Widex intended to rely on them. Widex could have easily avoided this by timely disclosing these prior art references. ETG expects Widex to withdraw these additional prior art references immediately. If Widex does not do so, ETG will object to any attempt to use them by Widex and make an appropriate motion to the court to exclude them at the appropriate time.

Finally, Widex recently produced a picture/schematic of a circuit board that was allegedly developed at Brigham Young University in the early 1980s. (WID233398). ETG only became aware of the purported existence of this circuit board when Widex first produced the picture/schematic of it on August 24, 2007. Production of a picture of this circuit near the close of fact discovery deprived ETG of any meaningful opportunity to conduct discovery concerning the device itself and/or to explore Widex's allegations of invalidity based upon it. Accordingly, ETG objects to any reliance on this circuit for invalidity or any other purpose and will move to preclude any reliance upon it as necessary at the appropriate time.

Dated: September 4, 2007

Respectfully Submitted,

Energy Transportation Group, Inc.

By Counsel:

*/s/ Brian M. Buroker*

Edmond D. Johnson (No. 2257)
Thomas H. Kovack (No. 3964)
PEPPER HAMILTON LLP
Hercules Plaza Suite 5100
1313 Market Street
Wilmington, DE 19899-1709

Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Marty Steinberg
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Brian M. Buroker
Robert L. Kinder, Jr.
HUNTON & WILLIAMS LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Maya M. Eckstein
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: (804) 788-8788
Facsimile: (804) 343-4630

## CERTIFICATE OF SERVICE

I do hereby certify that on the 4th Day of September 2007, I caused a copy of the foregoing **Plaintiff Energy Transportation Group Inc.'s Objections and Responses to Defendants Widex A/S's Second, Third, and Fourth Supplemental Response and Objections to Plaintiff's First Set of Common Interrogatories to all Defendants and Plaintiff's First Set of Interrogatories to Defendant Widex A/S** to be served via electronic service and by United States mail service upon the following counsel of record:

N. Richard Powers
James D. Heisman (#2746)
CONNOLLY BOVE LODGE & HUTZ LLP
N. Richards Powers (#494)
1007 North Orange Street
Wilmington, DE 19899

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC 20001-4413

*Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

Robert C. Kahrl
David B. Cochran
Thomas R. Goots
Isaac A. Molnar
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
216.586.7506

*Attorneys for Gennum Corporation*

Jack B. Blumenfeld (#1014)
Maryellen E. Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020

*Attorneys for GN ReSound A/S and GN Hearing Care Corporation*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19899

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr.: Suite 3600
Chicago, IL 60611

*Attorneys for Phonak Inc., Phonak LLC, Unitron Hearing Inc., and Unitron Hearing Ltd.*

Barry M. Klayman (#3676)
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market St., Suite 1001
Wilmington, DE 19801

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

*Attorneys for Resistance Technology Inc.*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE

Brett L. Foster
L. Grant Foster
Donald Degnan
Bryan K. Hanks
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

*Attorneys for Sonic Innovations, Inc.*

Mary B. Matterer (#2696)
Amy Quinlan (#3021)
MORRIS, JAMES, HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

Richard Morgan
Steven Reitenour
BOWMAN AND BROOKE LLP
150 S. Fifth St., Suite 2600
Minneapolis, MN 55402

*Attorneys for Starkey Laboratories, Inc.*

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19899

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC 20037

*Attorneys for Widex A/S and Widex Hearing Aid Co. Inc.*

/s/ Brian M. Buroker
_____