# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONIC INNOVATIONS, INC., et. al., )<br>)<br>Demant Group. )<br>_____ ) | C.A. No. 05-422 (GMS) |

**PLAINTIFF ENERGY TRANSPORTATION GROUP INC.'S OBJECTIONS AND RESPONSES TO DEMANT GROUP OTICON A/S, OTICON INC., BERNAFON AG, WDH INC., AND BERNAFON LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS FILED ON AUGUST 31, 2007**

Plaintiff Energy Transportation Group Inc. ("ETG"), by counsel and pursuant to Fed. R. Civ. P. 26 and 34, hereby objects to Defendant Oticon A/S, Oticon Inc., Bernafon AG, WDH Include., and Bernafon LLC's ("Demant Group") supplemental objections and responses both dated August 31, 2007.

### I. GENERAL OBJECTIONS

ETG has reviewed the Demant Group's most recent supplemental responses and objections to ETG's interrogatories. In its responses, the Demant Group raise, for the first time, an unenforceability defense based on alleged inequitable conduct. Further, the Demant Group provides, for the first time, evidence and reasons in support of its laches defense. ETG objects to the Demant Group's belated and untimely inequitable conduct defense and objects to the Demant Group's intentional delay in providing purported evidence and reasons in support of its laches defense.

a.  **The Demant Group's Newly Asserted Inequitable Conduct Defense.**

In responding to Common Interrogatory No. 6, the Demant Group raises an inequitable conduct defense for the first time. Specifically, the Demant Group states in its August 31, 2007 supplemental interrogatory response to ETG's first set of common interrogatories that "the patents-in-suit are unenforceable due to inequitable conduct for failing to bring to the Patent Examiner's attention during prosecution of the asserted patents-in-suit the prior art of Best, Weaver, Egolf, and Graupe. That prior art, which has come to light in this litigation, was known to Dr. Levitt, was material, and was withheld from the Examiner in contravention of Dr. Levitt's duty of candor and good faith, rendering the patents unenforceable."

Federal Rule of Civil Procedure 9(b) requires inequitable conduct to be *pled* with specificity. The Demant Group has not pled inequitable conduct at all, and it cannot now assert such a defense in a last-minute supplemental interrogatory response. The Demant Group's attempted assertion of an inequitable conduct defense at the close of fact discovery is untimely and prejudicial. The February 20, 2007 Scheduling Order entered in this case, agreed to by all parties, required amending pleadings on or before April 1, 2007—over four months ago. The Demant Group' attempted assertion of an inequitable conduct defense at the close of discovery without any notice to ETG, and without the opportunity for ETG to conduct discovery on that defense, is highly prejudicial to ETG and improper.

The Demant Group's failure to previously raise any allegation of inequitable conduct based on the references it cites further reflects undue delay. The Demant Group knew of these alleged prior art references for months before attempting to assert an inequitable conduct defense on August 31st. For example, Dr. Larson testified that the Demant Group questioned

him about the VA project as early as February of 2007. Further, from other testimony, it has been revealed that the Demant Group has been working with Dr. Egolf, Dr. Larson, and/or Kim Weaver for the past 7 months. Thus, the Demant Group had every opportunity to assert an inequitable conduct theory based on the prior art of Best, Weaver, Egolf, and Graupe well before the close of fact discovery. There is no excuse for this undue delay.

ETG will oppose any motion by the Demant Group to amend its pleadings to add an inequitable conduct defense and will move to strike any such asserted defense at the appropriate time if necessary.

### b. The Demant Group's Newly Provided Evidence and Alleged Basis for Its Laches Defense.

In responding to Specific Interrogatory No. 6, the Demant Group provides for the first time purported evidence and reasons in support of its laches defense. Specifically, the Demant Group states in its August 31, 2007 supplemental interrogatory response to ETG's interrogatory to the Demant Group that "Audimax/ETG delayed bringing suit against the Demant Group to their detriment, giving rise to laches." The Demant Group then goes on to detail its purported evidence and reasons for the defense.

The delay in confirming that a laches defense was being asserted and providing the basis for that assertion is inexcusable and improper. Because of the Demant Group's last-minute disclosure of evidence and reasons in support of its laches defense, ETG is unable to formulate a proper response as it now cannot conduct the additional fact discovery needed to respond. This last-minute disclosure is even more inexcusable considering the Demant Group amended its complaint to include a laches defense on February 26, 2006—about eighteen

months ago. The Demant Group therefore had more than ample time to provide its evidence and reasons for the laches defense to ETG, yet it inexplicably and inexcusably failed to do so. ETG believes the Demant Group intentionally delayed in providing its evidence and reasons in an attempt to severely prejudice ETG.

ETG therefore objects to the Demant Group's last-minute disclosure of evidence and reasons in support of its laches defense. The Demant Group could have easily avoided this by timely disclosing its evidence and reasons. ETG hereby objects to the defense and intends to make an appropriate motion to the Court to strike the laches defense at the appropriate time.

Dated: September 10, 2007

Respectfully Submitted,

Energy Transportation Group, Inc.

By Counsel:

*/s/ Edmond D. Johnson*

Edmond D. Johnson (No. 2257)
Thomas H. Kovack (No. 3964)
PEPPER HAMILTON LLP
Hercules Plaza Suite 5100
1313 Market Street
Wilmington, DE 19899-1709

Attorneys for Energy Transportation Group, Inc.

OF COUNSEL:

Marty Steinberg
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Brian M. Buroker
Robert L. Kinder, Jr.
HUNTON & WILLIAMS LLP
1900 K Street, N.W.; Suite 1200
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Maya M. Eckstein
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: (804) 788-8788
Facsimile: (804) 343-4630

## CERTIFICATE OF SERVICE

I do hereby certify that on the 10th Day of September 2007, I caused a copy of the foregoing **Plaintiff Energy Transportaiton Group Inc.'s Objections and Repsonses to Defendats Oticon A/S, Oticon Inc., Bernafon AG, WDH Inc., and Bernafon LLC's Supplemental Responses and Objections Filed on August 31, 2007** to be served via electronic service and by United States mail service upon the following counsel of record:

N. Richard Powers
James D. Heisman (#2746)
CONNOLLY BOVE LODGE & HUTZ LLP
N. Richards Powers (#494)
1007 North Orange Street
Wilmington, DE 19899

John M. Romary
C. Gregory Gramenopoulous
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC 20001-4413

*Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

Robert C. Kahrl
David B. Cochran
Thomas R. Goots
Isaac A. Molnar
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
216.586.7506

*Attorneys for Gennum Corporation*

Jack B. Blumenfeld (#1014)
Maryellen E. Noreika (#3208)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Kenneth B. Herman
William J. McCabe
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020

*Attorneys for GN ReSound A/S and
GN Hearing Care Corporation*

Barry M. Klayman (#3676)
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
Wilmington Trust Center
1100 North Market St., Suite 1001
Wilmington, DE 19801

Jeffrey D. Shewchuk
SHEWCHUK IP SERVICES, LLP
533 77th Street West
Eagan, MN 55121

*Attorneys for Resistance Technology Inc.*

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19899

James R. Sobieraj
David H. Bluestone
Robert Pluta
Meredith Addy
BRINKS HOFER GILSON & LIONE
NBC Tower
455 Cityfront Plaza Dr.; Suite 3600
Chicago, IL 60611

*Attorneys for Phonak Inc., Phonak LLC,
Unitron Hearing Inc., and Unitron Hearing
Ltd.*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE

Brett L. Foster
L. Grant Foster
Donald Degnan
Bryan K. Hanks
HOLLAND & HART
60 East South Temple; Suite 2000
Salt Lake City, UT 84111

*Attorneys for Sonic Innovations, Inc.*

| | |
|---|---|
| Mary B. Matterer (#2696)<br>Amy Quinlan (#3021)<br>MORRIS, JAMES, HITCHENS & WILLIAMS<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19899<br><br>Richard Morgan<br>Steven Reitenour<br>BOWMAN AND BROOKE LLP<br>150 S. Fifth St., Suite 2600<br>Minneapolis, MN 55402<br><br>*Attorneys for Starkey Laboratories, Inc.* | Donald E. Reid (#1058)<br>Jason A. Cincilla (#4232)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>Wilmington, DE 19899<br><br>William H. Mandir<br>David J. Cushing<br>Carl J. Pellegrini<br>SUGHRUE MION PLC<br>2100 Pennsylvania Ave., N.W.<br>Washington, DC 20037<br><br>*Attorneys for Widex A/S and Widex<br>Hearing Aid Co. Inc.* |

/s/ [signature]