# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422 (GMS) |
| | ) | |
| SONIC INNOVATIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**EXPERT REPORT OF SIGFRID SOLI, Ph.D.**
**<u>REGARDING INVALIDITY OF THE ETG PATENTS</u>**

183.    As set forth in the attached chart, it is my opinion that claim 2 is anticipated by Weaver and Graupe '818.

### 3.    Claim 3

184.    As set forth in the attached chart, it is my opinion that claim 3 is anticipated by Weaver, Best, and Graupe '818.

### 4.    Claim 4

185.    As set forth in the attached chart, it is my opinion that claim 4 is anticipated by Weaver, Best, and Graupe '818.

### 5.    Claim 5

186.    As set forth in the attached claim chart, Graupe '818 anticipates claim 5.

### 6.    Claim 6

187.    As set forth in the attached claim chart, claim 6 is anticipated by Weaver, Graupe '818 and the hearing aid described in the Best thesis.

## X.    MATERIALITY OF REFERENCES THE EXAMINER DID NOT CONSIDER

188.    I have been asked to consider whether the following documents would have been material to the examination of the claims in either of the ETG patents: the 1984 VA Rehabilitation R&D Progress Report; the Egolf, "Review of the Acoustic Feedback Literature from a Control Systems Point of View", 1982 (Vanderbilt Article); and April '85 Weaver JASA abstract; Stein at al., "Listener-Assessed Intelligibility of a Hearing Aid Self-Adaptive Noise Filter", Ear and Hearing, Vol. 5, No. 4, 1984, pp.194-204 (the "Stein article"). I understand to be material to a patent claim, the prior art reference must be more relevant than any of the prior art that the Examiner had before him or her during examination. That is, the prior art reference must

99