IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.  05-422 GMS |
| v. ) | |
| ) | |
| WILLIAM DEMANT HOLDING A/S et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

1. On January 3, 2008, the court held a pretrial conference in the above-captioned action. During the pretrial conference, the court heard brief oral argument on the parties' motions in limine and reserved ruling in part on the plaintiff's motion to preclude the defendants' improper reliance on certain references as "printed publications" to support their 35 U.S.C. §§ 102 and 103 invalidity defenses (D.I. 466). Specifically, the court reserved ruling as to whether a University of Wyoming Master Thesis, authored by Leland Best (the "Best Thesis"), qualifies as a "printed publication" under 35 U.S.C. § 102(b). Having considered the parties' submissions (D.I. 466, 476) and arguments on the issue, as well as the relevant law, the court will grant the plaintiff's motion.

2. "[T]he printed publication provision was designed to prevent withdrawal by an inventor, as the subject matter of a patent, of that which was already in the possession of the public." *In re Wyer*, 655 F.2d 221, 226 (C.C.P.A. 1981). Whether a given reference is a "printed publication" depends on whether it was "publicly accessible" during the prior period. *Id.* A given reference is "publicly accessible" upon "a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and

ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it and recognize and comprehend therefrom the essentials of the claimed invention without need of further research or experimentation." *Id.* Thus, "public accessibility" is the *touchstone* in determining whether a given reference qualifies as a "printed publication." *SRI Int'l, Inc. v. Internet Security Systems, Inc.*, -- F.3d --, 2008 WL 68679, at * 6 (Fed. Cir. 2008) (citing *In re Hall*, 781 F.2d 897, 898-99 (Fed. Cir. 1986)); *see In re Bayer*, 568 F.2d 1357, 1361 (C.C.P.A. 1978).

3. "The decision whether a particular reference is a printed publication 'must be approached on a case-by-case basis.'" *In re Cronyn*, 890 F.2d 1158, 1161 (Fed. Cir. 1989) (internal citation omitted). As recently noted by the Federal Circuit, there are two lines of cases, one illustrating a lack of public accessibility and another pointing out public accessibility. *SRI Int'l*, 2008 WL 68679, at *7 (comparing *In re Bayer* and *In re Cronyn*, which illustrate situations in which a reference was not publicly accessible to *In re Klopfenstein* and *Bruckelmyer v. Ground Heaters, Inc.*, 445 F.3d 1374 (Fed. Cir. 2006), which illustrate situations in which a reference was deemed publicly accessible). In making the determination as to whether a reference is publicly accessible, the Federal Circuit has enunciated several factors that provide guidance to the court. These factors include: (1) distribution or dissemination, *In re Hall*, 781 F.2d at 898-99; (2) records accessible to the public, *In re Wyer*, 655 F.2d at 226; (2) indexing and cataloguing in a meaningful way, *In re Cronyn*, 890 F.2d at 1161; (4) duration of the display, *In re Klopfenstein*, 380 F.3d at 1350-51; (5) expertise of the intended audience, *id.* at 1351; (6) expectations regarding the copying of the information displayed, *id.*; and (7) ease or simplicity with which a display

      could be copied, *id.*

4.    In the context of a thesis, which is usually defended in an oral presentation, then indexed and catalogued in a library, the court has principally looked to the first three factors. For example, in *In re Bayer* and *In re Cronyn*, the court concluded that student theses in university libraries were not "printed publications," because they were not indexed and catalogued in a *meaningful* way. *Cronyn*, 890 F.2d at 1161 (emphasis added). In *Bayer*, the library had neither catalogued nor indexed the thesis, and only three faculty members knew it existed. 568 F.2d at 1358-59. In *Cronyn*, the theses were available in the library and indexed alphabetically by author, but not subject matter. Thus, because it would be difficult at best for the public to know about and access the theses at issue, they were not publicly accessible.

5.    The Best Thesis in the present case is indistinguishable from the theses at issue in *Bayer* and *Cronyn*.[1] Here, Best presented his thesis in 1985 to three professors and a college classmate. (Transcript of Pretrial Conference, dated January 3, 2008, at 30:3-5.) No copies of his thesis were distributed before, during, or after his presentation. His thesis was not temporarily

---

[1] The court agrees with the defendants that the inquiry it must make is not limited to whether a reference was indexed and catalogued. The defendants, however, have failed to point to any evidence which illustrates that the Best Thesis was otherwise publicly accessible. In other words, the present case is distinguishable from that line of cases illustrating situations in which the documents were found available to the public. *See In re Wyer*, 655 F.2d at 226-27 (finding an Australian patent application publicly accessible because it was laid open for public inspection and "properly classified, indexed or abstracted"); *In re Klopfenstein*, 38 F.3d at 1347-50 (concluding that displayed poster presentation was a printed publication, because it was displayed prominently for several days, permitted to be copied by the audience, which contained those of skill in the art, and easy to copy); *Bruckelmyer*, 445 F.3d at 1379 (analogizing the Canadian patent application at issue to the Australian patent application in *Wyer* and explaining that "the patent was classified and indexed, similar to the abstract in *Wyer*, further providing a road map that would have allowed one skilled in the art to locate the application.").

displayed for others, including those skilled in the art, to read and copy. After the presentation, Best's thesis was sent to the University of Wyoming library (the "Library") and placed in a box for indexing and cataloging. Martha Hanscom ("Hanscom"), a librarian at the Library since 1978, submitted an affidavit stating that the boxes of theses received by the Library during the 1984-1987 time period "were placed in the Cataloging Dept. Office and would remain there until the theses were inputted into the OCLC [Online Computer Library Catalog] database and were filed in the indexing system. While in the boxes, the theses were not indexed or catalogued and could not be located by subject matter until inputted into the OCLC database." (D.I. 466 Ex. 9 ¶ 6.) Hanscom further attests that "[a] person wanting to locate a particular thesis by subject matter could not do so until they were properly indexed and catalogued," and the Best Thesis was not available until August 20, 1986, the date she input it into the OCLC database. (Id. ¶¶ 7, 10-11.) Given the foregoing, the court concludes that the Best Thesis was not publicly accessible during the relevant prior art time period. Thus, it is not a "printed publication" for purposes of 35 U.S.C. § 102(b).[2]

---

[2] The court's ruling is limited to whether the Best Thesis is a printed publication. The court expresses no opinion at this time as to whether the Best Thesis is admissible on other grounds.

Therefore, IT IS HEREBY ORDERED that:

1. The plaintiff's motion to preclude the defendants' reliance on the Best Thesis as a "printed publication" is GRANTED.

Dated: January 18, 2008                         /s/ Gregory M. Sleet
                                                CHIEF, UNITED STATES DISTRICT JUDGE