# Pepper Hamilton LLP
## Attorneys at Law

Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.421.8390

Edmond D. Johnson
direct dial: 302.777.6539
johnsone@pepperlaw.com

January 29, 2008

The Honorable Gregory M. Sleet
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:  Energy Transportation Group, Inc. v. Sonic Innovations et al.,
     C.A. No. 05-422 (GMS)

Dear Judge Sleet:

During this trial, the Court and the jury have repeatedly heard Defendants assert that Dr. Eric Dowling, a Digital Signal Processing expert hired by EKMS on behalf of ETG, concluded that the Levitt Patents did not cover adaptive filtering with respect to feedback cancellation. Instead of relying only on the business record - the EKMS Summary Report ("Report") - for the proposition that ETG received certain information about its patents, Defendants repeatedly sought to put the words of the Report in Dr. Dowling's mouth. ETG could not anticipate that Defendants would attempt to attribute the findings in the Report to Dr. Dowling himself. Now that Defendants have done this, ETG seeks to call Dr. Dowling as a rebuttal witness. In light of Defendants' conduct, ETG would be prejudiced without such an opportunity.

As a preliminary matter, the Court's Final Pretrial Order specifically contemplates calling rebuttal witnesses not previously listed on a witness list. *See* Final Pretrial Order, p. 6, § 6 ("...except that a party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary.").

## BACKGROUND

Throughout their Opening Argument and their examination of ETG's Mr. Kimball Chen, Defendants elicited evidence that (i) the findings in the Report contained the personal opinions of Dr. Dowling; (ii) that Dr. Dowling was not addressing feedback cancellation in his July 2002 email; and (iii) that Dr. Dowling completely changed his opinion about feedback cancellation in relation to the Levitt Patents. Defendants were not content to simply allow the Report to speak for itself, but instead have portrayed Dr. Dowling as an expert who testified against ETG without having him appear in Court.

Philadelphia    Boston    Washington, D.C.    Detroit    New York    Pittsburgh
#9264813 v1
    Berwyn    Harrisburg    Orange County    Princeton    Wilmington

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Gregory M. Sleet
January 29, 2008
Page 2

Once ETG became aware of Defendants' tactics, they searched and located Dr. Dowling (Dr. Dowling now lives in Costa Rica). Dr. Dowling has signed a declaration, which ETG provided Defendants on Monday, January 28, 2008. As reflected by the declaration, Dr. Dowling will testify that (i) he did not author the Report; (ii) he does not agree with the statements in the Report about the Levitt Patents not covering a continuously adaptive approach to feedback cancellation; (iii) he never reached that conclusion; (iv) his July 2002 email related to the adaptive nature of the patents as they related to feedback cancellation; and (v) he never changed his opinion about the patents and feedback cancellation. Dr. Dowling will not testify as an expert, but as a fact witness to rebut Defendants' assertions about statements they have attributed to him. A copy of the Dowling Declaration is enclosed for the Court's review. (Exh. 1).

It is important to remember what Defendants have told the jury about Dr. Dowling, who was not an EKMS employee but a third party EKMS hired to review the Levitt Patents. Specifically, counsel for Widex, in his Opening Argument to the jury, first introduced Defendants' two retained experts and then referred to the existence of a "third expert." Widex's counsel continued:

> There's another technical expert who also has a Ph.D. in electrical engineering and **who is also of the opinion that the patents in this lawsuit do not cover continuously adaptive filters, such as defendants' products.**
>
> Now, this third expert is not someone whose [sic] going to testify on behalf of Widex. It's not someone whose [sic] is going to testify on behalf of Demant. This third expert was an expert that was retained by ETG, the plaintiff in this case.
>
> [January 22 Transcript, p. 210, lines 21-25; p. 211, lines 1-5 (emphasis added)]
>
> ---
>
> Dr. Dowling studied the patents, spoke -- who did he speak with? Dr. Levitt about his patents extensively as part of his evaluation of the patents. **And he concluded that the modern continuously adaptive filters specifically used by Widex and specifically used by Demant do not infringe Dr. Levitt's patents.**
>
> [January 22 Transcript, p. 212, lines 10-15 (emphasis added)]
>
> ---

#9264813 v1

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Gregory M. Sleet
January 29, 2008
Page 3

> So here we have three years before ETG files this lawsuit going to EKMS, a specialist in evaluating patents. They hire a Ph.D. in exactly the technology necessary **and he concludes that Widex and Oticon's continuously adaptive filters are not covered.**
>
> [January 22 Transcript, p. 213, lines 8-12 (emphasis added)]

Defendants sought to confirm that the Report's findings reflected the opinions of Dr. Dowling through their examination of Mr. Chen:

> Q. [referencing the Report] It goes on to say, "Over the course of two calls, we worked through the language of the patent and found that the body of the patent included language adverse to an interpretation of the claims involving a continuously approach." Do you see that?
>
> A. Yes.
>
> ---
>
> Q. You are not aware that -- you don't think this says Harry Levitt and Eric Dowling were talking to each other? Isn't that what it says here, Mr. Chen?
>
> A. It says that we -- I don't know who the "we" is. We could be EKMS and Harry Levitt and Dr. Dowling. It could be EKMS. Again, it's not absolutely clear to me who's taking the position or finding that there may be some question about this.
>
> Q. **Can't you look at the sentence right before the we? It's pretty clear, isn't it, "Dr. Eric Dowling, the EKMS' expert took a look while EKMS arranged a second call with Harry Levitt for early August"?**
>
> [January 23 Transcript, p. 468, lines 1-8; p. 469, lines 6-18 (emphasis added]

#9264813 v1

Pepper Hamilton LLP
Attorneys at Law

The Honorable Gregory M. Sleet
January 29, 2008
Page 4

## AUTHORITY AND DISCUSSION

Defendants will undoubtedly assert that ETG should have listed Dr. Dowling as a witness on its witness list. While ETG did not object to the admission of the Report because (i) the Court overruled ETG's privilege claims and (ii) ETG believed that the Report fell under the business records exception to the hearsay rule, ETG could not have anticipated that Defendants would seek to attribute the language of the Report to Dr. Dowling himself.

Tellingly, although Defendants rely on the Report in support of the *their* defenses and attribute its statements to Dr. Dowling (ETG's so-called "third expert"), Defendants failed to list Dr. Dowling as a witness on their witness list. Simply put, if Defendants intended to attribute the Report's language to Dr. Dowling, Defendants should have listed Dr. Dowling as a fact witness to tell the jury himself what he supposedly said and opined. Defendants did not do this, yet have made Dr. Dowling a central figure in their case - a "third expert." The Third Circuit has held that "[i]t is the proper function and purpose of rebuttal testimony to '**explain**, repel, counteract, or **disprove** the evidence of the adverse party.'" *U.S. v. Mallis*, 467 F.2d 567, 569 (3d Cir. 1972) (citing *Luttrell v. U.S.*, 320 F.2d 462, 464 (5th Cir. 1963) (emphasis added); *see also Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 190 (3d Cir. 1990) ("[r]ebuttal evidence must generally tend to refute the defendant's proof, and a trial judge's decision regarding the scope of rebuttal may not be reversed unless there has been a clear abuse of discretion.").

Even if the Court were to find that ETG should have listed Dr. Dowling on its witness list for its case-in-chief, he should nevertheless be permitted to testify as an unlisted rebuttal witness because the evidence that will be elicited from Dr. Dowling is of critical importance. The exclusion of critical evidence is an "extreme sanction." *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1977); *see also Franklin Music. v. American Broadcasting Companies*, 616 F.2d 528, 539 (3d Cir. 1979). In *Meyers v. Pennypack Woods*, 559 F.2d 894 (3d Cir. 1977), *reversed on other grounds*, the Third Circuit set forth the test to determine whether an unlisted witness' testimony should be excluded. In *Meyers*, the appellate court reversed the district court's exclusion of the testimony of a witness not listed on the party's pre-trial memoranda by considering a four-part test:

> (i) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified;
>
> (ii) the ability of that party to cure the prejudice;
>
> (iii) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and
>
> (iv) bad faith or willingness in failing to comply with the court's order.

#9264813 v1

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Gregory M. Sleet
January 29, 2008
Page 5

Additionally, consideration is given to the practical importance of the evidence excluded. *Id.* at 904-05.

The Third Circuit applied the *Meyers* test to affirm a district court's decision to allow the testimony of an unlisted rebuttal witness in *Berroyer v. Hertz*, 672 F.2d 334 (3d Cir. 1982). In *Berryower*, the defendant's expert witness testified out of turn in order to accommodate the witness's travel schedule. *Id.* at 336. After defendant's expert witness testified, plaintiff sought permission to call a fact witness to rebut the testimony of defendant's expert. *Id.* at 337. Defendant objected to the introduction of the rebuttal testimony in part because the witness was not listed on plaintiff's pretrial order witness list. *Id.* Applying the four-part *Meyers* test, the *Berryower* court explained that (i) there was no unfair surprise because plaintiff's counsel gave the court one-day's notice of his intent to call the witness; (ii) defense counsel did not seek to cure the alleged surprise by requesting to depose the witness or a continuance; (iii) the testimony did not disrupt the orderly and efficient conduct of the trial; and (iv) plaintiff did not act in bad faith. *Id.* at 338-39. *See also DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201 (3d Cir. 1978) (applying the test set forth in *Meyers* and reversing the district court's exclusion of a defendant's expert medical testimony).

ETG easily satisfies the test set forth in *Meyers*. First, Defendants are not prejudiced by his testimony, as they made it a focal point of their case to showcase Dr. Dowling's purported statements about the patents. Additionally, ETG notified Defendants of its intention to call Dr. Dowling four days in advance of his anticipated testimony, giving Defendants ample time to prepare. Second, ETG gave Defendants a copy of Dr. Dowling's Declaration, thereby obviating any surprise as to the substance and scope of his testimony. Third, the use of unlisted rebuttal witnesses is expressly contemplated in the Final Pre-Trial Order. Dr. Dowling's testimony, limited in scope and brought forth solely to rebut Defendants' use of the Report, will not interfere with the orderly progress of trial. Fourth, ETG only began searching for Dr. Dowling once it became evident that Defendants were intent on placing words in his mouth. ETG did not engage in bad faith by previously not identifying him on its witness list.

Finally, the importance of Dr. Dowling's testimony cannot be overemphasized: he will directly refute Defendants' contentions that the statements made in the Report are his and that he, in an email *he* wrote, did not address feedback cancellation. Defendants have made Dr. Dowling a focal point of their case, the jury will remember that they did so, and ETG will suffer prejudice unless it is able to refute Defendants' evidence with Dr. Dowling's testimony.

#9264813 v1

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Gregory M. Sleet
January 29, 2008
Page 6

    ETG thanks your Honor in advance for your consideration of ETG's request to have Dr. Dowling testify as its rebuttal witness in this matter.

Respectfully,

Edmond D. Johnson (# 2257)

EDJ/kw
Enclosure
cc:    Peter T. Dalleo, Clerk of the Court
        Mary B. Graham, Esquire
        Donald E. Reid, Esquire

#9264813 v1