# EXHIBIT 1

*DECLARATION OF ERIC M. DOWLING, PH.D.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONIC INNOVATIONS, INC., et al, )<br>)<br>Defendants. ) | C.A. No. 05-422 (GMS) |

## DECLARATION OF ERIC M. DOWLING, Ph.D.

1. This declaration is submitted pursuant to 28 U.S.C. § 1746.

2. I am a citizen of the United States of America.

3. In 1989, I obtained a Ph.D. in Electrical Engineering from the University of Florida.

4. In or about late 2001, I was hired by EKMS to perform a technical evaluation of U.S. Patent Nos. 4,731,850 ("the '850 Patent") and 4,879,749 ("the '749 Patent") (collectively, "the Levitt Patents").

5. During the period from late 2001 to about September 2002, I performed the requested technical evaluation of the Levitt Patents on behalf of EKMS.

6. I have reviewed the ETG Summary Report marked as Civil Action No. 05-422 Defendants Trial Exhibit DX-1610 (attached as Appendix A).

7. I did not author DX-1610.

8. I do not agree with the statement in DX-1610 that "the patent included language adverse to an interpretation of the claims involving a continuously adaptive approach."

*DECLARATION OF ERIC M. DOWLING, PH.D.*

9. Moreover, during my technical evaluation, I never concluded or made a statement to the effect that "the patent included language adverse to an interpretation of the claims involving a continuously adaptive approach."

10. I have reviewed an email that I wrote to John Boddie on July 24, 2002, which is marked as Civil Action No. 05-422 Defendants Trial Exhibit No. DX-1642 (attached as Appendix B).

11. I authored DX-1642.

12. As is evident from DX-1642, as part of my technical evaluation of the Levitt Patents, I analyzed the adaptive nature of the Levitt Patents with regard to feedback cancellation.

13. I agree with the statement in DX-1642 that "[t]he ETG filter can be adaptive."

14. I also agree with the statement in DX-1642 that "[t]he bottom line is [no]body but a red faced liar could read these cites and say the '850 does not contemplate adaptive filtering."

15. I never changed my view in this regard.

16. As stated in DX-1642, my view that the ETG filter can be adaptive for feedback cancellation was based in part upon the statement in the '850 Patent that "by virtue of the novel means employed for effecting automatic adjustment of the programmable filter to optimum parameter values as the speech level, room reverberation and type of background and for reducing acoustic feedback, a superior hearing aid system of optimum characteristics can be prescribed for hearing deficient patients."

17. Also, as stated in DX-1642, my view that the ETG filter can be adaptive for feedback cancellation was further supported by the statement in the '850 Patent that "[s]till another object of the invention is to provide new and improved hearing aid apparatus that is capable of effective noise and reverberation suppression and acoustic feedback reduction while maintaining optimum hearing characteristics as the speech and noise levels vary."

18. I have reviewed a document entitled "AudioMax Patents - EKMS Patent Area Coverage Report" which is marked as Civil Action No. 05-422 Defendants Trial Exhibit No. DX-1640 (attached as Appendix C).'

19. My initials "EMD" and the date, November 8, 2001, appear on the title of DX-1640.

20. I authored DX-1640.

21. As stated in DX-1640, I agree that claim element 13b ("inserting between the input and output of said transmission channel en electric feedback path having a filter therein programmed to equalize and reduce the effect of said acoustic feedback both in amplitude and phase on a signal in said transmission channel") covers "an adjustable filter [that] is adaptively adjusted so as to estimate the acoustic environment and cause the feedback signal to be cancelled."

22. As the records reflect, the only opinion I gave at the time of my technical evaluation of the Levitt Patents was that the Levitt Patents cover "an adjustable filter [that] is adaptively adjusted so as to estimate the acoustic environment and cause the feedback signal to be cancelled."

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 27th day of January, 2008.

Eric M. Dowling, Ph.D.