IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422 (GMS) |
| | ) | |
| SONIC INNOVATIONS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF
LAW THAT THERE HAS BEEN NO WILLFUL INFRINGEMENT**

Defendants Oticon A/S, Oticon Inc., Bernafon AG, Bernafon, LLC, WDH, Inc.,

William Demant Holding A/S, Widex A/S and Widex Hearing Aid Co., Inc. (collectively the

"Defendants") move for judgment in their favor and against Plaintiff Energy Transportation

Group, Inc. ("ETG") as a matter of law pursuant to Fed. R. Civ. P. 50(a) on the issue of willful

infringement.  Judgment is warranted on all asserted claims because ETG has failed to introduce

any evidence of objectively or subjectively reckless conduct by the Defendants.[1]

**I.    JUDGMENT AS A MATTER OF LAW IS WARRANTED ON THE
       ISSUE OF WILLFUL INFRINGEMENT**

   **A.    The Standard for Judgment as a Matter of Law Entitles The
          Defendants to Prevail on This Motion.**

Judgment as a matter of law ("JMOL") against a party is proper with respect to a

"claim or defense" if "there is no legally sufficient evidentiary basis for a reasonable jury to find

for that party on that issue" under the controlling law.  *See* Fed. R. Civ. P. 50(a)(1).  This

standard is similar to the standard for granting summary judgment.  *Reeves v. Sanderson*

---

[1]    The Defendants are separately filing a JMOL motion of noninfringement and invalidity.
If a given Defendant has not committed an act of infringement if a valid patent, there can
be no liability for willful infringement by that defendant.

*Plumbing Prods., Inc.*, 530 U.S. 133, 140 (2000) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986) (noting that the summary judgment standard "mirrors" the standard for JMOL, such that "the inquiry under each is the same.").

Under Rule 50, a court should render judgment as a matter of law when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.' Fed. Rule Civ. Proc. 50(a)." *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 149 (2000).  *See also CVI/Beta Ventures, Inc. v. Tura LP,* 112 F.3d 1146, 1152 (Fed. Cir. 1997).

### B.    No Reasonable Jury Could Find That Willful Infringement Has Occurred.

The Federal Circuit has set forth in *Seagate* a new two-part test to establish that a defendant's infringement has been willful.  First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).  Second, "[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."  *Id*. (footnote omitted).  The Federal Circuit has clearly differentiated between pre-suit and post-suit conduct:  "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."[2]

ETG has failed to introduce any evidence to establish that the actions of the Defendants prior to suit were objectively or subjectively reckless.

---

[2]        *Id*. at 1374.  ETG did not supplement its complaint to add a post-suit allegation of willful infringement.

First, ETG has failed to establish that a risk of infringing the Levitt patents should have been objectively obvious to the Defendants. There is no evidence of record that there was an objectively high likelihood that the Levitt patents created any risk to Defendants' development and sale of the accused hearing aid products. There was considerable factual and expert testimony at trial setting out the substantial defenses of noninfringement and invalidity relied on by defendants (e.g., on noninfringement, adaptive filter vs. programmable delay line filter, failure to measure or determine phase or amplitude, etc.).

The assertion of substantial litigation defenses has, even before *Seagate*, been a basis for finding nonwillfulness. *Gustafson Inc. v. Intersystems Indus. Products, Inc.*, 892 F.2d 508, 510-11 (Fed. Cir. 1990). *Seagate* has reinforced that notion; as the Federal Circuit has instructed, "[u]nder this objective standard [of *Seagate*], both legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent." *Black & Decker Inc. v. Robert Bosch Tool Corp.*, No. 2007-1243, 1244, 2008 WL 60501, *7 (Fed. Cir. Jan. 7, 2008) (*nonprecedential*). The substantial differences between the accused products and the claimed invention show that the defendants have presented legitimate noninfringement defenses and that ETG has failed to show that there was an objectively high likelihood of infringement. *Innogenetics, N.V. v. Abbott Labs.*, __ F.3d __, __, 2008 WL 151080, *13 (Fed. Cir. Jan. 17, 2008) (affirming JMOL overturning jury's verdict of willful infringement because the court's "review of the record does not indicate how Abbott's development and sale of its genotyping products were at risk of an objectively high likelihood of infringement."); *see also Seagate*, 497 F.3d 1360, 1374 ("A substantial question about invalidity or infringement is likely sufficient not

only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct.").

Second, ETG failed to introduce any evidence that Defendants acted with subjective recklessness. These is no evidence that Defendants ever had actual *relevant* knowledge of the Levitt patents in suit. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it."). To the extent that any personnel of the Defendants had "knowledge" of the existence of the patents in suit, such "knowledge" has not been linked by ETG to anyone having responsibility for the accused products or even for clearing whether any products infringe any patents of others. The evidence of knowledge was all remote, consisting at best of evidence that certain personnel were aware of the Levitt patents in circumstances having nothing to do with the products at issue. For example, ETG relies on: the patents being two of some 17,000 hearing aid patents found in Demant's general patent department electronic database; the Levitt patents having been cited in certain patent proceedings unrelated to the accused products in the late 1980's and early 1990's, long before there was even a platform designed for the accused products and before there was even a patent department at Demant; and a company called Micropatent in around 2001 having provided Widex with electronic copies of some 6,000-7,000 patents, of which two were the Levitt patents.

The record is devoid of any suggestion that the Defendants ever appreciated that the inventions claimed in the Levitt patents were in any way related to products under development or that the individuals who "knew" of the Levitt patents shared (or should have shared) their "knowledge" with anyone in the company who would have been in a position to recognize any alleged need to consider infringement of the Levitt patents by the (later) accused

products. *See Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 628-29 (Fed. Cir. 1985) (affirmed District Court's denial of enhanced damages where defendant argued that, while its patent staff may have known of the patent, the key people working on the project that developed the infringing product did not know of the patent, and thus, the infringer may have had "technical" notice of the patent, it did not have "actual" notice). Key personnel from both Defendants (Soren Westermann, Neils Jacobson, and Christian Hauge) testified at trial, but ETG elicited no evidence to suggest that they knew or should have known of such a likelihood. To the contrary, the unrebutted testimony was that the decision makers did not know of the patents before the suit.

## II.     CONCLUSION

For the reasons given above, the Court should grant judgment as a matter of law that ETG has failed to establish that the Defendants have willfully infringed the patents-in-suit.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
302.658.9200

*Attorneys for William Demant Holding A/S,*
*WDH Inc., Oticon A/S, Oticon, Inc.,*
*Bernafon AG, and Bernafon LLC*

OF COUNSEL:

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, DC  20001-4413
202.408.4000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Donald E. Reid*

_____

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
302.658.9200

*Attorneys for Widex A/S and
Widex Hearing Aid Co. Inc.*

OF COUNSEL:

SUGHRUE MION, PLLC
David J. Cushing
William H. Mandir
Carl J. Pellegrini
Brian K. Shelton
2100 Pennsylvania Ave., N.W.
Suite 800
Washington, DC  20037
202.293.7060

Dated:  January 31, 2008
1445035

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 31, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on January 31, 2008 upon the following parties:

| | |
|---|---|
| REPRESENTING ENERGY TRANSPORTATION GROUP, INC. | Edmond D. Johnson<br>PEPPER HAMILTON LLP<br>**johnsone@pepperlaw.com** |
| | Brian M. Buroker<br>HUNTON & WILLIAMS LLP<br>**etg@hunton.com** |
| REPRESENTING WIDEX A/S AND WIDEX HEARING AID CO. INC. | Donald E. Reid<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>**dreid@mnat.com** |
| | William H. Mandir<br>SUGHRUE MION PLLC<br>**wmandir@sughrue.com** |
| | David J. Cushing<br>SUGHRUE MION PLLC<br>**dcushing@sughrue.com** |
| | Carl J. Pellegrini<br>SUGHRUE MION PLLC<br>**cpellegrini@sughrue.com** |
| | Brian K. Shelton<br>SUGHRUE MION PLLC<br>**bshelton@sughrue.com** |

REPRESENTING WILLIAM DEMANT HOLDING A/S, WDH, INC., OTICON A/S, OTICON INC., BERNAFON AG, AND BERNAFON, LLC

Mary B. Graham
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
**mgraham@mnat.com;**
**mbgeservice@mnat.com**

John M. Romary
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER
**john.romary@finnegan.com**

C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER
**c.gregory.gramenopoulos@finnegan.com**

The undersigned also hereby certifies that on January 31, 2008, true and correct copies of the foregoing were caused to be served by hand upon the following Delaware counsel:

Edmond D. Johnson
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE  19899-1709

/s/ Mary B. Graham

_____

Mary B. Graham (#4292)

913379