IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 05-422 (GMS) |
| v. | ) ) ) | |
| SONIC INNOVATIONS, INC., et al, | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff Energy Transportation Group, Inc. ("ETG") moves under Rule 50(a) for judgment as a matter of law on the following grounds:

1. As to invalidity, ETG moves for a judgment that the asserted claims of the '850 Patent - 13, 14, 16 and 19 - and the asserted claims of the '749 Patent - 1 and 2 - meet the written description requirement of section 112, first paragraph. The only evidence submitted by Dr. Morley is based on an incorrect legal standard. To satisfy the written description requirement, one need only disclose an embodiment and even taking his position as true that there is a fixed filter, a position the evidence strongly contradicts, the written description requirement would still be met. Moreover, even under his standard, Dr. Morley testified that that one of ordinary skill in the art would have known to substitute an adaptive filter. The written description requirement is met by evidence of what one of ordinary skill in the art would believe the inventors had invented, including what the person of ordinary skill in the art would have understood.

#9279720 v1

-2-

2. On the prior art, Plaintiff moves for judgment on 102 and 103 grounds because of Dr. Soli's statement that applying the Court's interpretation would remove all of the prior art. In addition, we move that the Court find that:

a. Graupe 818 fails to anticipate any of claims 13, 14, 16, or 19 of the '850 or claims 1 and 2 of the '749.

b. The Best Work is not a prior invention or prior public knowledge because it was not sufficiently tested, was abandoned, suppressed and concealed and is insufficiently corroborated. In the case of Best, only Dr. Egolf could corroborate even the existence of a prototype and he remembered absolutely no details of it.

c. The Best Work fails to anticipate claims 13, 14, 16, or 19 of the '850.

d. The Weaver Thesis is not a printed publication. For all of the reasons set forth in the Court's ruling on the Best Thesis, the Weaver Thesis is not a printed publication. It was not shelved, cataloged or indexed until 1987 - 18 months after the filing date of these patents. No one ever asked for or obtained a copy. The only alleged presentations are uncorroborated with evidence other than the oral testimony of paid witnesses for the defendants.

e. The alleged presentation to the VA, the alleged presentation at the JASA spring conference, the alleged presentation of the Weaver Thesis, and the alleged presentation at the Jackson Hole conference all lack sufficient evidence to meet any provision of section 102.

f. The Weaver Work is not a prior invention or prior public knowledge because it was not sufficiently tested, was abandoned, suppressed and concealed and is insufficiently corroborated.

        g.      The JASA publication slides are not a printed publication because they were not disseminated and no copies or handouts were provided.

        h.      The JASA Abstract, the JASA publication slides and the R&D Rehabilitation and research reports are not enabling disclosures.

        i.      The proposed combination of the Weaver Work in combination with South or Nunley fails to render any of the asserted '850 Patent claims obvious.

    3.      Plaintiff moves for reconsideration of all Markman rulings adverse to ETG.

    4.      Plaintiff moves for judgment of infringement of all accused products of Widex, Oticon and Bernafon.  Plaintiff also moves for judgment that all defendants infringe these patents in the United States both directly and indirectly and literally for the '850 Patent and under the doctrine of equivalents for both patents.  Defendants' own documents admit infringement, including the marketing documents, the technical diagrams and the hardware description language.  The evidence was that the LMS block is separate from the filter and thus programs the filter and therefore, meets claim 19.  The evidence demonstrates that Defendants' products meet the determining and inserting steps of claims 13, 14 and 16.  The LMS structures in the devices meet claims 1 and 2 of the 749 Patent under the doctrine of equivalents. Whether that filter is an adaptive element or not, it is still a programmable filter under the Court's claim interpretation.

    5.      Plaintiff moves for judgment on damages based on Dr. Putnam's analysis for all of the reasons set forth in Plaintiff's Motion to Strike and also based on Mr. Donohoe's analysis again for all of the reasons set forth in Plaintiff's Motion to Strike his testimony.  Dr. Putnam used an unrecognized methodology that tainted the evidence and that evidence should have been

precluded. Mr. Donohoe's approach was improper because he failed to consider evidence from outside of the hearing aid industry.

6.     Plaintiff moves for judgment on the 1498 defense proffered by Defendants. It is clear that 1498 only excludes sales that occur "with the government's authorization and consent." 28 U.S.C. 1498. To prove authorization and consent, a party must demonstrate that the government authorized and consented. No contract or other document with express authorization and consent was provided with respect to the accused products. There is no evidence that the government knew about the infringement and asked for the sales anyway. There is no evidence of any specifications that would have required sales of the infringing products - where was the evidence that the government demanded products with feedback cancellation? In fact, just the opposite was proven here. The blank form they introduced specified non-infringing products. So any sales of infringing products were at their selection - not the government's requirement. Finally, inclusion of this defense given the complete lack of evidence could lead to juror confusion. Plaintiff asks that the Court remove the instruction entirely and have the jury's damages verdict modified, pro rata, if the jury found for the Defendants on that issue.

-5-

7.  Finally, Plaintiff objects to the verdict form for failing to include a line for the jury to identify the prior art on which they find any claim invalid under 102 or 103.

Dated: February 1, 2008

/s/ Edmond D. Johnson
Edmond D. Johnson (No. 2257)
Matthew A. Kaplan (No. 4956)
PEPPER HAMILTON
Hercules Plaza Suite 5100
1313 Market Street
Wilmington, DE 19899-1709

*Attorneys for Energy Transportation Group, Inc.*

OF COUNSEL:

Brian M. Buroker
Robert L. Kinder, Jr.
HUNTON & WILLIAMS LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Maya M. Eckstein
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: (804) 788-8788
Facsimile: (804) 343-4630

Marty Steinberg
HUNTON & WILLIAMS LLP
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

#9279720 v1