IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 05-422 (GMS) |
| SONIC INNOVATIONS, INC., et al, | ) ) ) |
| Defendants. | ) ) |

REDACTED

EXHIBIT 17 TO PRETRIAL ORDER

FINAL VERDICT FORM

Fore person

**We, the jury, unanimously find as follows:**

## QUESTION 1: INFRINGEMENT

**Question No. 1(a): Literal infringement of the '850 Patent by Widex A/S and Widex Hearing Aid Co., Inc. (the "Widex Defendants")**

Do you find that ETG has proven, by a preponderance of the evidence, that the Widex Defendants have literally infringed any of the following claims of ETG's U.S. Patent No. 4,731,850?

Check YES (for ETG) or NO (for the Widex Defendants) for each claim:

|  | YES | NO |
|---|---|---|
| Claim 13 |  | ✓ |
| Claim 14 |  | ✓ |
| Claim 16 |  | ✓ |
| Claim 19 | ✓ |  |

**Question No. 1(b): Literal infringement of the '850 Patent by William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon Inc., Bernafon AG, and Bernafon, LLC (the "Demant Defendants")**

Do you find that ETG has proven, by a preponderance of the evidence, that the Demant Defendants have literally infringed any of the following claims of ETG's U.S. Patent No. 4,731,850?

Check YES (for ETG) or NO (for the Demant Defendants) for each claim:

|  | YES | NO |
|---|---|---|
| Claim 13 |  | ✓ |
| Claim 14 |  | ✓ |
| Claim 16 |  | ✓ |
| Claim 19 | ✓ |  |

**Question No. 1(c): Infringement of the '850 Patent under the doctrine of equivalents by Widex A/S and Widex Hearing Aid Co., Inc. (the "Widex Defendants")**

Do you find that ETG has proven, by a preponderance of the evidence, that the Widex Defendants have infringed any of the following claims of ETG's U.S. Patent No. 4,731,850 under the doctrine of equivalents?

Check YES (for ETG) or NO (for the Widex Defendants) for each claim:

|  | YES | NO |
| --- | --- | --- |
| Claim 13 | ✓ |  |
| Claim 14 | ✓ |  |
| Claim 16 | ✓ |  |
| Claim 19 | ✓ |  |

**Question No. 1(d): Infringement of the '850 Patent under the doctrine of equivalents by William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon Inc., Bernafon AG, and Bernafon, LLC (the "Demant Defendants")**

Do you find that ETG has proven, by a preponderance of the evidence, that the Demant Defendants have infringed any of the following claims of ETG's U.S. Patent No. 4,731,850 under the doctrine of equivalents?

Check YES (for ETG) or NO (for the Demant Defendants) for each claim:

|  | YES | NO |
| --- | --- | --- |
| Claim 13 | ✓ |  |
| Claim 14 | ✓ |  |
| Claim 16 | ✓ |  |
| Claim 19 | ✓ |  |

**Question No. 1(e): Infringement of the '749 Patent under the doctrine of equivalents by the Widex Defendants**

Do you find that ETG has proven, by a preponderance of the evidence, that the Widex Defendants have infringed any of the following claims of ETG's U.S. Patent No. 4,879,749 under the doctrine of equivalents?

Check YES (for ETG) or NO (for the Widex Defendants) for each claim:

|         | YES | NO |
|---------|-----|----|
| Claim 1 | ✓   |    |
| Claim 2 | ✓   |    |

**Question No. 1(f): Infringement of the '749 Patent under the doctrine of equivalents by the Demant Defendants**

Do you find that ETG has proven, by a preponderance of the evidence, that the Demant Defendants have infringed any of the following claims of ETG's U.S. Patent No. 4,879,749 under the doctrine of equivalents?

Check YES (for ETG) or NO (for the Demant Defendants) for each claim:

|         | YES | NO |
|---------|-----|----|
| Claim 1 | ✓   |    |
| Claim 2 | ✓   |    |

**PLEASE PROCEED TO QUESTION 2**

## QUESTION 2: INVALIDITY

**INVALIDITY BASED ON PRIOR ART**

**Question No. 2(a):** Do you find that Demant or Widex have proven, by clear and convincing evidence, that the following claims of the '850 patent are invalid because they are (1) anticipated by prior art or (2) obvious in view of prior art?

|          | YES (for Demant or Widex) | NO (for ETG) |
|----------|---------------------------|--------------|
| Claim 13 |                           | ✓            |
| Claim 14 |                           | ✓            |
| Claim 16 |                           | ✓            |
| Claim 19 |                           | ✓            |

**Question No. 2(b):** Do you find that Demant or Widex has proven, by clear and convincing evidence, that the following claims of the '749 patent are invalid because they are (1) anticipated by prior art or (2) obvious in view of prior art?

|         | YES (for Demant or Widex) | NO (for ETG) |
|---------|---------------------------|--------------|
| Claim 1 |                           | ✓            |
| Claim 2 |                           | ✓            |

**INVALIDITY BASED ON LACK OF WRITTEN DESCRIPTION**

**Question 2(c): Invalidity of the '850 Patent Based on a Lack of Written Description**

Do you find that the Widex Defendants and/or the Demant Defendants have proven by clear and convincing evidence that that any of the following claims of ETG's U.S. Patent No. 4,731,850 are invalid based on a lack of written description?

|          | YES | NO |
|----------|-----|----|
| Claim 13 |     | ✓  |
| Claim 14 |     | ✓  |

|  | YES | NO |
|---|---|---|
| Claim 16 |  | ✓ |
| Claim 19 |  | ✓ |

**Question 2(d): Invalidity of the '749 Patent Based on a Lack of Written Description**

Do you find that the Widex Defendants and/or the Demant Defendants have proven by clear and convincing evidence that that any of the following claims of ETG's U.S. Patent No. 4,879,749 are invalid based on a lack of written description?

|  | YES | NO |
|---|---|---|
| Claim 1 |  | ✓ |
| Claim 2 |  | ✓ |

**ANSWER QUESTIONS 3 AND 4 IF YOU HAVE FOUND THAT THE WIDEX DEFENDANTS AND/OR THE DEMANT DEFENDANTS HAVE INFRINGED AT LEAST ONE CLAIM OF EITHER THE 4,731,850 PATENT OR THE 4,879,749 PATENT. OTHERWISE, YOU ARE FINISHED, AND THE FOREPERSON SHOULD SIGN AND PRINT HIS/HER NAME ON THE SIGNATURE BLOCK AT THE END.**

### QUESTION 3: WILLFULNESS

**Question 3(a): Willful Infringement of the '850 Patent by the Widex Defendants**

Has ETG proven, by clear and convincing evidence, that the Widex Defendants' infringement of any one of claims 13, 14, 16, or 19 of ETG's U.S. Patent No. 4,731,850 was willful?

Answer YES (for ETG) or NO (for the Widex Defendants): __YES__

**Question 3(b): Willful Infringement of the '850 Patent by the Demant Defendants**

Has ETG proven, by clear and convincing evidence, that the Demant Defendants' infringement of any one of claims 13, 14, 16, or 19 of ETG's U.S. Patent No. 4,731,850 was willful?

Answer YES (for ETG) or NO (for the Demant Defendants): __NO__

**Question 3(c): Willful Infringement of the '749 Patent by the Widex Defendants**

Has ETG proven, by clear and convincing evidence, that the Widex Defendants' infringement of any one of claims 1 or 2 of ETG's U.S. Patent No. 4,879,749 was willful?

Answer YES (for ETG) or NO (for the Widex Defendants): __YES__

**Question 3(d): Willful Infringement of the '749 Patent by the Demant Defendants**

Has ETG proven, by clear and convincing evidence, that the Demant Defendants' infringement of any one of claims 1 or 2 of ETG's U.S. Patent No. 4,879,749 was willful?

Answer YES (for ETG) or NO (for the Demant Defendants): __NO__

**PLEASE PROCEED TO QUESTION 4**

## QUESTION 4: MONETARY DAMAGES

**Question 4(a): Monetary Damages for the Widex Defendants' Infringement**

If you have found that the Widex Defendants infringed any valid claim of ETG's U.S. Patent No. 4,731,850 and/or ETG's U.S. Patent No. 4,879,749, please identify the amount of monetary damages that will compensate ETG for the Widex Defendants' infringement.

$ _15,000,000.0_

**Question 4(b): Monetary Damages for the Demant Defendants' Infringement**

If you have found that the Demant Defendants infringed any valid claim of ETG's U.S. Patent No. 4,731,850 and/or ETG's U.S. Patent No. 4,879,749, please identify the amount of monetary damages that will compensate ETG for the Demant Defendants' infringement.

$ _16,000,00.00_

Each juror must sign the verdict form to reflect that a unanimous verdict has been reached.

Dated: 2/4, 2008

_____
            FOREPERSON

