**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SONIC INNOVATIONS, INC., et al,  )<br>)<br>Defendants.  )<br>) | C.A. No. 05-422 (GMS) |

**PLAINTIFF'S AMENDED
<u>MOTION FOR JUDGMENT AS A MATTER OF LAW</u>**

Plaintiff Energy Transportation Group, Inc. ("ETG") moves under Rule 50 for judgment as a matter of law on the following grounds:

1.  On the prior art, Plaintiff moves for the Court to find as a matter of law that:

    a.  Graupe 818 fails to anticipate any of claims 13, 14, 16, or 19 of the '850 or claims 1 and 2 of the '749.

    b.  The Best Work is not a prior invention or prior public knowledge because it was not sufficiently tested, was abandoned, suppressed and concealed and is insufficiently corroborated. In the case of Best, only Dr. Egolf could corroborate even the existence of a prototype and he remembered absolutely no details of it.

    c.  The Best Work fails to anticipate claims 13, 14, 16, or 19 of the '850.

-1-

-2-

    d.  The Weaver Thesis is not a printed publication.  For all of the reasons set forth in the Court's ruling on the Best Thesis, the Weaver Thesis is not a printed publication.  It was not shelved, cataloged or indexed until 1987 - 18 months after the filing date of these patents.  No one ever asked for or obtained a copy.  The only alleged presentations are uncorroborated with evidence other than the oral testimony of paid witnesses for the defendants.

    e.  The alleged presentation to the VA, the alleged presentation at the JASA spring conference, the alleged presentation of the Weaver Thesis, and the alleged presentation at the Jackson Hole conference all lack sufficient evidence to meet any provision of section 102.

    f.  The Weaver Work is not a prior invention or prior public knowledge because it was not sufficiently tested, was abandoned, suppressed and concealed and is insufficiently corroborated.

    g.  The JASA publication slides are not a printed publication because they were not disseminated and no copies or handouts were provided.

    h.  The JASA Abstract, the JASA publication slides and the R&D Rehabilitation and research reports are not enabling disclosures.

    i.  The proposed combination of the Weaver Work in combination with South or Nunley fails to render any of the asserted '850 Patent claims obvious.

  2.  Plaintiff moves for judgment of literal infringement of all accused products of Widex, Oticon and Bernafon under claims 13, 14 and 16 of the '850 Patent.  The evidence demonstrates that Defendants' products meet the determining and inserting steps of claims 13, 14 and 16 and that no reasonable juror applying a proper claim interpretation could find otherwise.

#9353681 v1

3.  Plaintiff moves for judgment of willful infringement against the Demant Defendants. There was insufficient evidence to establish, as a matter of law, that the Demant Defendants' infringement was anything other than willful.

The grounds for this motion were provided prior to the verdict in Court, in prior pleadings and will be more fully set forth in briefing set forth pursuant to the Court's Order (D.I. 526) granting the Stipulation (D.I. 525). Although ETG believes that the Stipulation (D.I. 525) and Order (D.I. 526) provides for filing of both motions and memoranda by March 27, 2008, ETG is filing this motion separately in an abundance of caution. ETG reserves the right to supplement the motion with its briefing filed according to the Stipulation (D.I. 525).

Dated: February 22, 2008

/s/ Edmond D. Johnson
Edmond D. Johnson (No. 2257)
Matthew A. Kaplan (No. 4956)
PEPPER HAMILTON
Hercules Plaza Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709

*Attorneys for Energy Transportation Group, Inc.*

OF COUNSEL:

Marty Steinberg
HUNTON & WILLIAMS LLP
1111 Brickell Avenue
Suite 2500
Miami, Florida  33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460

-4-

Brian M. Buroker
HUNTON & WILLIAMS LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006-1109
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201

Maya M. Eckstein
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone:  (804) 788-8788
Facsimile:  (804) 343-4630

**#9353681 v1**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 22nd day of February, 2008, I caused a true copy of the foregoing *Plaintiff's Amended Motion for Judgment As a Matter of Law* to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Mary B. Graham (#2256)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899

John M. Romary
C. Gregory Gramenopoulos
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER
901 New York Ave., N.W.
Washington, DC  20001-4413

*Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC*

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 N. Market Street
Wilmington, DE  19899

William H. Mandir
David J. Cushing
Carl J. Pellegrini
SUGHRUE MION PLC
2100 Pennsylvania Ave., N.W.
Washington, DC  20037

*Attorneys for Widex A/S, Widex Hearing Aid Co., Inc.*

/s/ Edmond D. Johnson
Edmond D. Johnson (#2257)

#9353681 v1