IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENERGY TRANSPORTATION GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-422 (GMS) |
| ) | |
| SONIC INNOVATIONS, INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF, ENERGY TRANSPORTATION GROUP, INC.'S,
MEMORANDUM IN SUPPORT OF ITS MOTION
<u>FOR PREJUDGMENT AND POST-JUDGMENT INTEREST (D.I. 532)</u>**

                                      Edmond D. Johnson (# 2257)
                                      Matthew A. Kaplan (# 4956)
                                      PEPPER HAMILTON
                                      Hercules Plaza Suite 5100
                                      1313 Market Street
                                      Wilmington, DE 19899-1709
                                      *Attorneys for Energy Transportation Group, Inc.*

OF COUNSEL:

Marty Steinberg
HUNTON & WILLIAMS LLP
1111 Brickell Avenue , Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500

Brian M. Buroker
HUNTON & WILLIAMS LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006-1109
Telephone: (202) 955-1500

Maya M. Eckstein
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: (804) 788-8788

Dated: March 27, 2008

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS ....................................................1

III. SUMMARY OF ARGUMENT ......................................................................................2

IV. CONCISE STATEMENT OF FACTS..........................................................................2

V. ARGUMENT....................................................................................................................3

    A. ETG Is Entitled To Prejudgment Interest............................................................3

        1. The Prejudgment Award Should Be Based On The Prime Rate...........3

        2. The Prejudgment Interest Award Should Be Calculated Based On Hypothetical Quarterly Royalty Payments And The Interest Should Be Compounded Quarterly.............................................................5

        3. Prejudgment Interest Awards ..................................................................6

    B. ETG Is Entitled To Post-Judgment Interest .......................................................7

VI. CONCLUSION ................................................................................................................8

## TABLE OF AUTHORITIES

### CASES

*Advanced Display Sys., Inc. v. Kent State Univ.*,
 2002 U.S. Dist. LEXIS 12575 (N.D. Tex. Jul 10, 2002) ...........................................................7

*Applera Corp. v. Micromass UK Ltd.*,
 204 F. Supp. 2d 724 (D. Del. 2002) ..................................................................................4, 6

*Bank South Leasing, Inc. v. Williams*,
 778 F.2d 704 (11th Cir. 1985)...............................................................................................7

*Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*,
 807 F.2d 964 (Fed. Cir. 1986)................................................................................................5

*Brown v. Petrolite Corp.*,
 965 F.2d 38 (5th Cir. 1992)....................................................................................................7

*Gen. Motors Corp. v. Devex Corp.*,
 461 U.S. 648 (1983) ...............................................................................................................3

*IMX, Inc. v. LendingTree, LLC*,
 469 F. Supp. 2d 203 (D. Del. 2007) .......................................................................................4

*IPPV Enters., LLC. v. EchoStar Commc'ns Corp.*,
 2003 WL 723260 (D. Del. Feb. 27, 2003) ....................................................................3, 5, 6

*Kaufman Co. v. Lantech, Inc.*,
 926 F.2d 1136 (Fed. Cir. 1991)..............................................................................................3

*Lam, Inc. v. Johns-Manville Corp.*,
 718 F.2d 1056 (Fed. Cir. 1983)..............................................................................................4

*Lum v. Bank of America*,
 361 F.3d 217 (3d Cir. 2004)...................................................................................................4

*McKnight v. Circuit City Stores, Inc.*,
 14 Fed. Appx. 147 (4th Cir. 2001) .........................................................................................7

*Mobil Oil Corp. v. Amoco Chems. Corp.*,
 915 F. Supp. 1333 (D. Del. 1994) ......................................................................................4, 6

*Matter of Oil Spill by Amoco Cadiz off the Coast of France on Mar. 16, 1978*,
 1993 WL 360955 (7th Cir. Sept. 14, 1993) ...........................................................................3

*Nutting v. RAM Southwest, Inc.*,
   69 Fed. Appx. 454 (Fed. Cir. 2003) ...................................................................................4

*Philips Elecs. N. Am. Corp. v. Contec Corp.,* 2004 WL 1622442 (D. Del. Jul 12, 2004) ...............4

*Phillips Petroleum Co. v. Rexene Corp.*, 1997 WL 781856 (D. Del. Sept. 4, 1997) .......................4

*Richmond Capitol Corp. v. Fed. Express Corp.*,
   54 F. Supp. 2d 676 (M.D. La. 1999) ..................................................................................7

*Scimed Life Sys., Inc. v. Johnson & Johnson*,
   No. 99-904-SLR, 2004 WL 5454426 (D. Del. Apr. 20, 2004) ..........................................4

*Scott Paper Co. v. Moore Bus. Forms, Inc.*,
   594 F. Supp. 1051 (D. Del. 1984) ...................................................................................4, 6

*Skretvedt v. E.I. Dupont De Nemours*,
   372 F.3d 193 (3d Cir. 2004) ...............................................................................................3

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
   862 F.2d 1564 (Fed. Cir. 1988) .......................................................................................4, 6

*TA Instruments, Inc. v. Perkin-Elmer Corp.*,
   277 F. Supp. 2d 367 (D. Del. 2003) ...................................................................................4

*Tristrata Tech., Inc. v. Mary Kay, Inc.*,
   423 F. Supp. 2d 456 (D. Del. 2006) ................................................................................4, 6

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
   939 F.2d 1540 (Fed. Cir. 1991) ..........................................................................................4

**STATUTES**

35 U.S.C. § 284 .................................................................................................................................2

35 U.S.C. §§ 284-85 .........................................................................................................................7

28 U.S.C. § 1961 ....................................................................................................................... *passim*

Federal Rule of Civil Procedure 59 ........................................................................................1, 2, 3

**I.      INTRODUCTION**

On February 4, 2008, the jury returned a verdict awarding Plaintiff, Energy Transportation Group, Inc. ("ETG"),[1] monetary damages of $15 million against Defendants, Widex A/S and Widex Hearing Aid Co., Inc. (collectively, "Widex"), and $16 million against Defendants, William Demant Holding A/S, Oticon A/S, Oticon Inc., Bernafon AG, Bernafon, LLC, and WDH, Inc. (collectively, "Demant"). The Court entered judgment in favor of ETG on February 8, 2008. *See* D.I. 522. Pursuant to Federal Rule of Civil Procedure 59, 35 U.S.C. § 284, and 28 U.S.C. § 1961, ETG is entitled to prejudgment and post-judgment interest as a matter of law and hereby files its Memorandum in Support of its Motion for Prejudgment and Post-Judgment Interest (D.I. 532).

**II.     NATURE AND STAGE OF THE PROCEEDINGS**

ETG filed suit against several defendants, including Widex and Demant, on June 23, 2005, alleging infringement of U.S. Patent Nos. 4,731,850 (the "'850 Patent") and 4,879,749 (the "'749 Patent") (collectively, the "Patents-in-suit") by Defendants' manufacture, use, sale, offer for sale, and importation of hearing aid products and components (*i.e.*, chips) to be used in hearing aids and related products. All defendants except Widex and Demant settled before the 9-day jury trial held January 22 - February 1, 2008. The jury returned a verdict on February 4, 2008, finding that (i) Widex willfully infringed the asserted claims of the Patents-in-suit; (ii) Demant infringed the asserted claims of the Patents-in-suit; and (iii) Defendants failed to prove that the Patents-in-suit were invalid. *See* D.I. 521. The jury awarded monetary damages of $15 million against Widex and $16 million against Demant. *See id.* This Court entered judgment in favor of ETG on February 8, 2008. *See* D.I. 522. ETG now moves for an award of prejudgment

---

[1] ETG is defined as Audimax and ETG, the corporate patent owners during the relevant period.

-1-

and post-judgment interest pursuant to Federal Rule of Civil Procedure 59, 35 U.S.C. § 284, and 28 U.S.C. § 1961.

### III.  SUMMARY OF ARGUMENT

1.  ETG requests that the Court award it prejudgment interest pursuant to 35 U.S.C. § 284 based on the prime rate as set by the Board of Governors of the Federal Reserve System. The prejudgment interest figure should be calculated by taking the total damages awarded ETG (*i.e.* $15 million against Widex and $16 million against Demant) and spreading out the damages award over twenty-four (24) quarterly royalty payments Defendants would have made to ETG throughout the period in which Defendants would have licensed the Patents-in-suit and compounding the interest on each of the royalty payments on a quarterly basis. ETG submits the Declaration of Terry L. Musika ("Musika Decl."), attached hereto as Exhibit A, setting forth the calculations supporting ETG's request for its award of prejudgment interest.

2.  Pursuant to 28 U.S.C. § 1961(a), ETG is entitled to post-judgment interest that should be calculated upon the full judgment, including compensatory damages and prejudgment interest, as well as any enhanced damages or attorneys' fees awarded by the Court.

### IV.  CONCISE STATEMENT OF FACTS

Defendants sold infringing products as of January 1, 2001. *See* JX-36, JX-40; *see also* Tr. at 852-853 (Musika). The '850 Patent expired on June 26, 2006 and the '749 Patent expired on November 7, 2006. *See* Tr. at 853:24-25; 854:1-25 (Musika); *see also* Tr. at 1858:12-17 (Putnam). The jury returned a verdict on February 4, 2008, finding that (i) Widex willfully infringed the asserted claims of the Patents-in-suit; (ii) Demant infringed the asserted claims of the Patents-in-suit; and (iii) Defendants failed to prove that the Patents-in-suit were invalid. *See* D.I. 521. The jury awarded monetary damages of $15 million against Widex and $16 million

against Demant. *See id*. This Court entered judgment in favor of ETG on February 8, 2008. *See* D.I. 522.

## V. ARGUMENT

### A. ETG Is Entitled To Prejudgment Interest

Pursuant to 35 U.S.C. § 284, ETG is entitled to prejudgment interest based upon the jury's compensatory damage award of $31 million ($15 million against Defendant Widex and $16 million against Defendant Demant). For prevailing patent owners, the United States Supreme Court has held that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). "Bare allegations [cannot] suffice to counter controlling authority stating that prejudgment interest ordinarily should be awarded." *See IPPV Enters., LLC. v. EchoStar Commc'ns Corp.*, 2003 WL 723260, at *3 (D. Del. Feb. 27, 2003) (Jordan, J.). As held by the Supreme Court in *Devex*, the purpose of an award of prejudgment interest is to provide the patent owner with complete compensation and "…to ensure that the patent owner is placed in as good a position as he would have been in had the infringer [not infringed]." *Devex Corp*, 461 U.S. at 657; *see also Skretvedt v. E.I. Dupont De Nemours,* 372 F.3d 193, 207-08 (3d Cir. 2004) ("[p]rejudgment interest is awarded to make a plaintiff whole. It represents the time value of the money lost during the period of infringement.").

#### 1. The Prejudgment Award Should Be Based On The Prime Rate

The selection of the rate to be used to derive the prejudgment interest award is within the sound discretion of the district court. *See Kaufman Co. v. Lantech, Inc.*, 926 F.2d 1136, 1144 (Fed. Cir. 1991). The term "prime rate" generally denotes the interest rate charged by banks for short-term unsecured loans to creditworthy customers. *See, e.g., Matter of Oil Spill by Amoco Cadiz off the Coast of France on Mar. 16, 1978*, 1993 WL 360955, at * 3 (7th Cir. Sept. 14,

1993) (unpublished opinion).² The prime rate that ETG requests the Court to apply is the prime rate promulgated by the Board of Governors of the Federal Reserve System. ETG is entitled to receive a prejudgment interest award based on the prime rate because "…it represents the cost of borrowing money and, [t]he cost of borrowing money- and not the rate of return on investing money - provides a better measure of the harm plaintiff suffered as a result of the loss of the use of money over time." *Phillips Elecs. N. Am. Corp. v. Contec Corp.*, 2004 WL 1622442, at * 2-3 (D. Del. Jul 12, 2004). The Federal Circuit, however, has cautioned that a patentee need not "…demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate." *Phillips Petroleum Co. v. Rexene Corp.*, 1997 WL 781856, at * 28 (D. Del. Sept. 4, 1997) (quoting *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991)). This Court has found that a prejudgment interest award based on the prime rate was appropriate on several occasions,³ and the Federal Circuit has affirmed district courts' use of the prime rate to compensate patent owners.⁴

---

² For a discussion of the definition of the term "prime rate," *see Lum v. Bank of Amer.*, 361 F.3d 217, 226 (3d Cir. 2004).
³ *See IMX, Inc. v. LendingTree, LLC*, 469 F. Supp. 2d 203, 227-28 (D. Del. 2007); *Tristrata Tech., Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 472 (D. Del. 2006); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 2004 WL 1622442, at * 2-3 (D. Del. Jul 12, 2004); *Scimed Life Sys., Inc. v. Johnson & Johnson*, 2004 WL 5454426, at * 1 (D. Del. Apr. 20, 2004); *TA Instruments, Inc. v. Perkin-Elmer Corp.*, 277 F. Supp. 2d 367, 381-82 (D. Del. 2003); *Applera Corp. v. Micromass UK Ltd.*, 204 F. Supp. 2d 724, 783 (D. Del. 2002); *Mobil Oil Corp. v. Amoco Chems. Corp.*, 915 F. Supp. 1333, 1370-72 (D. Del. 1994); *Scott Paper Co. v. Moore Bus. Forms, Inc.*, 594 F. Supp. 1051, 1089 (D. Del. 1984).
⁴ *See Nutting v. RAM Southwest, Inc.*, 69 Fed. Appx. 454, 457 (Fed. Cir. 2003) (affirming lower court's prejudgment interest award based on the prime rate plus 2.25% points) (unpublished opinion); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) ("[a] trial court is afforded wide latitude in the selection of interest rates, and may award interest at or above the prime rate. The court's selection of the prime rate was not an abuse of discretion.") (internal citations omitted); *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1579-80 (Fed. Cir. 1988) ("[s]imply put, the question of the rate at which such an award should be made is a matter left to the sound discretion of the trier of fact, and despite the paucity of evidence on this issue, [appellant] has not shown that the master's award of prejudgment

### 2. The Prejudgment Interest Award Should Be Calculated Based On Hypothetical Quarterly Royalty Payments And The Interest Should Be Compounded Quarterly

Prejudgment interest begins accruing from the beginning of infringement and continues until the time of judgment. *See, e.g., Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). In calculating prejudgment interest awards, this Court has awarded interest based on a model where the prejudgment interest figure was calculated based on hypothetical quarterly royalty payments the patent infringer would have made to the patent owner during the span of patent infringer's licensing of the patent-in-suit. This quarterly royalty payment model is utilized as a way of compensating the patent owner for the opportunity costs of not being able to utilize the hypothetical royalty payments for investment purposes. *See IPPV Enters., LLC*, 2003 WL 723260 at * 2.

In *IPPV Enterprises*, this Court awarded the plaintiff $7,322,000 in damages after a five-day jury trial on plaintiff's patent infringement claims. *See id*. at * 2 n.3. The patent owner requested that this Court award it prejudgment interest based on a model whereby the prejudgment interest awarded was derived by taking the damages award ($7,322,000) and spreading it out over seven (7) hypothetical royalty payments the patent infringer would have paid the patent owner during the term of the hypothetical license . *Id*. at * 2. This Court adopted plaintiff's suggested approach, and awarded prejudgment interest spread out over seven (7) quarterly payments of $1,046,000 spanning the term of the hypothetical license the patent infringer would have been required to enter into to exploit the infringed patents. *Id*. at * 3.

---

interest at the prime rate compounded quarterly was outside his discretion."); *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1066 (Fed. Cir. 1983) ("[s]ince the appellants have failed to show that the district court abused its discretion in awarding prejudgment interest at the prime rate, we agree with the district court's decision.").

Here, Defendants would have had to secure a license from ETG to exploit the Patents-in-suit and would have submitted royalty payments as a result of this licensing arrangement. Defendants infringed ETG's patents and did not submit royalty payments. Therefore, to properly compensate ETG for the opportunity costs it incurred in not being able to invest Defendants' royalty payments throughout the term of the Defendants' license for the Patents-in-suit, the Court should award ETG prejudgment interest amounts by taking the damages awarded to ETG (*i.e.* $15 million against Widex and $16 million against Demant) and spreading out the damages award over twenty-four (24) quarterly royalty payments Defendants would have tendered to ETG during their licensing of the Patents-in-suit.

The interest on the royalty payments should be compounded quarterly to properly compensate ETG from the opportunity costs of not being able to invest or otherwise manage the royalty payments submitted by Defendants. *See IPPV Enters.*, 2003 WL 723260 at * 3. Stated alternatively, awarding prejudgment interest in this manner will compensate ETG for the lost use of money representing royalties due which were not paid when due by Defendants. This Court has approved the quarterly compounding of prejudgment interest on several occasions[5] and the Federal Circuit has approved the use of this methodology.[6]

### 3. Prejudgment Interest Awards

Using the prime rate as the basis for the prejudgment award, the prejudgment interest awarded ETG should be $4,515,570 against Defendant Widex and $4,816,608 against Defendant Demant. Musika Decl., ¶ 5.

---

[5] *Tristrata Tech, Inc.*, 423 F. Supp. 2d at 472; *Applera Corp.*, 204 F. Supp. 2d at 783; *Mobil Oil Corp.*, 915 F. Supp. at 1370-72; *Scott Paper Co. v. Moore*, 594 F. Supp. at 1089.
[6] *Studiengesellschaft Kohle, m.b.H.* 862 F.2d at 1579-80 ("[s]imply put, the question of the rate at which such an award should be made is a matter left to the sound discretion of the trier of fact, and despite the paucity of evidence on this issue, [appellant] has not shown that the master's

B.    **ETG Is Entitled To Post-Judgment Interest**

Once the Court enters final judgment, ETG is entitled to post-judgment interest pursuant to statute:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court ... Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the coupon issue yield equivalent ... of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of judgment …

28 U.S.C. § 1961(a). Section 1961(b) defines the computation period (daily) and compounding period (annually). Post-judgment interest applies to all compensatory damages, including prejudgment interest, *see Richmond Capitol Corp. v. Fed. Express Corp.*, 54 F. Supp. 2d 676, 676-77 (M.D. La. 1999), as well as to enhanced (willfulness) damages and attorneys' fees. *See, e.g.*, *Advanced Display Sys., Inc. v. Kent State Univ.*, 2002 U.S. Dist. LEXIS 12575 at *32 (N.D. Tex. Jul. 10, 2002); *see also McKnight v. Circuit City Stores, Inc.*, 14 Fed. Appx. 147 (4th Cir. 2001) (awarding section 1961 interest on punitive damages and declining to preclude interest on attorney fee award); *Brown v. Petrolite Corp.*, 965 F.2d 38, 51-52 (5th Cir. 1992) (citing *Bank South Leasing, Inc. v. Williams*, 778 F.2d 704, 706 (11th Cir. 1985)).

The jury found willfulness against the Widex Defendant. Moreover, ETG has moved the Court for enhanced damages and attorneys' fees pursuant to Rules 54 and 59 of the Federal Rules of Civil Procedure and 35 U.S.C. §§ 284-85 (D.I. 531). ETG respectfully requests that the Court allow it to submit its post-judgment calculations once the Court has disposed of ETG's motions regarding attorneys' fees and enhanced damages and entered final judgment.

---

award of prejudgment interest at the prime rate compounded quarterly was outside his discretion.").

-7-

## VI. CONCLUSION

ETG respectfully requests that the Court enter an order awarding ETG prejudgment interest on the compensatory damages using an interest rate based on the prime rate as promulgated by the Federal Reserve.  ETG requests that the prejudgment interest be calculated on quarterly royalty payments that Defendants would have paid to ETG and compounded quarterly.  ETG further requests that the Court enter an order awarding ETG post-judgment interest as specified by 28 U.S.C. § 1961 on the entire monetary judgment, including compensatory damages, prejudgment interest, and any enhanced damages and attorneys' fees, that the Court awards.

Dated: March 27, 2008

    /s/ Matthew A. Kaplan
Edmond D. Johnson (# 2257)
Matthew A. Kaplan (# 4956)
PEPPER HAMILTON
Hercules Plaza Suite 5100
1313 Market Street
Wilmington, DE 19899-1709
Tel:  302.777.6500
Fax:  302.421.8390

*Attorneys for Energy Transportation Group, Inc.*

OF COUNSEL:

Marty Steinberg
HUNTON & WILLIAMS LLP
1111 Brickell Avenue
Suite 2500
Miami, Florida  33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460

Brian M. Buroker
HUNTON & WILLIAMS LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006-1109
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201

Maya M. Eckstein
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone:  (804) 788-8788
Facsimile:  (804) 343-4630

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 27th day of March, 2008, I caused a true copy of the foregoing **Plaintiff, Energy Transportation Group's, Memorandum In Support of Its Motion For Prejudgment and Post-Judgment Interest** to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

| | |
|---|---|
| Mary B. Graham (#2256)<br>MORRIS, NICHOLS, ARSHT &TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899 | Donald E. Reid (#1058)<br>Jason A. Cincilla (#4232)<br>MORRIS, NICHOLS, ARSHT &TUNNELL LLP<br>1201 N. Market Street<br>Wilmington, DE  19899 |
| John M. Romary<br>C. Gregory Gramenopoulos<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER<br>901 New York Ave., N.W.<br>Washington, DC  20001-4413 | William H. Mandir<br>David J. Cushing<br>Carl J. Pellegrini<br>SUGHRUE MION PLC<br>2100 Pennsylvania Ave., N.W.<br>Washington, DC  20037 |
| *Attorneys for William Demant Holding A/S, WDH Inc., Oticon A/S, Oticon, Inc., Bernafon AG, and Bernafon LLC* | *Attorneys for Widex A/S, Widex Hearing Aid Co., Inc.* |

/s/ Matthew A. Kaplan
Matthew A. Kaplan (# 4956)