Exhibit 31

| From: | Michael T. Pitonyak <MPitonyak@Notifact.com> |
|-------|-----------------------------------------------|
| Sent: | Friday, September 13, 2002 11:00 AM |
| To: | John Boddie <jboddie@ekms.com> |
| Cc: | Kimball Chen <kcchen@etgglobal.com> |
| Subject: | RE: re[2]: Brief Update |

Thanks
Mike

-----Original Message-----
From: 'John Boddie' [mailto:jboddie@ekms.com]
Sent: Friday, September 13, 2002 9:20 AM
To: Michael Pitonyak
Cc: Edward Kahn
Subject: re[2]: Brief Update


Mr. Pitonyak,

I'll send a report on Monday.

Regards,

John Boddie
EKMS, Inc.
617-864-2100 x205

**Defendants Trial Exhibit**

**DX-1623**

Civil Action no. 05-422

P-02593

CONFIDENTIAL

| From: | Michael T. Pitonyak <MPitonyak@Notifact.com> |
|---|---|
| Sent: | Thursday, September 12, 2002 5:29 PM |
| To: | John Boddie <jboddie@ekms.com> |
| Cc: | Richard Dugot (E-mail) <dugothome@aol.com>; Harry Levitt Ph.D. (E-mail) <hlevitt@pon.net>; Edward Kahn (E-mail) <ekahn@ekms.com> |
| Subject: | RE: Brief Update |

John
We would like to get a written report on the accomplishments to date, the
direction we are moving and your conclusions to date. We have not had much
feedback beyond your e-mail below.

Regards
Mike

-----Original Message-----
From: John Boddie [mailto:jboddie@ekms.com]
Sent: Thursday, September 12, 2002 3:33 PM
To: ETG Global
Cc: Edward Kahn
Subject: Brief Update


Mr. Pitonyak,

Eric Dowling (our expert), Harry Leavitt and I have spent the last three
weeks taking a much closer look at the Audiomax patents with a focus on the
4,731,850 patent. This exercise has had some mixed results which we will be
reporting on late next week. In the meantime, we have a much clearer picture
of those digital hearing aid features required to constitute obvious
infringement and have begun looking at ReSound, Oticon, Widex, Siemens and
others to see whether these features do, indeed, exist in any of their
hearing aid products.

Regards,

John Boddie
EKMS, Inc.
617-864-2100 x205

P-02594

Exhibit 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENERGY TRANSPORTATION GROUP,  )
INC.,                         )
                              )
            Plaintiff,        )
                              )
      v.                      )    C.A. No. 05-422 (GMS)
                              )
SONIC INNOVATIONS, INC., et al,  )
                              )
            Defendants.       )
                              )

## DECLARATION OF MARTY STEINBERG

I, Marty Steinberg, declare, depose and state as follows:

1. I am an attorney with the law firm of Hunton & Williams, LLP and I am one of the attorneys representing Energy Transportation Group, Inc. ("ETG") in the above-captioned litigation.

2. I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently as to their truth.

3. During Widex's closing arguments in the above-captioned trial, I witnessed Mr. John Romary pass up a note to Mr. William Mandir during Mr. Mandir's closing argument. This occurred after a bench conference concerning the manner in which Mr. Mandir had been referring to EKMS documents and referring to Dr. Eric Dowling. Mr. Mandir, to attempt to cure any misleading impression he left with the jury was required by the Court to tell the jury that the Plaintiffs were not taking the position that Dr. Dowling changed his mind and was now saying that the Levitt patents were not adaptive.

4. Following closing arguments and after the jury's departure from the courtroom, I witnessed Mr. Romary and Mr. Mandir engage in a heated discussion during which Mr. Romary

- 1 -

criticized Mr. Mandir for ignoring the Court's instruction. During this argument, Mr. Romary said words to the effect, "I even gave you a note to tell the jury what the Judge told you and you ignored it." Mr. Mandir responded, apologizing to Mr. Romary.

5. That Monday, the jury came back with a verdict. During the post-verdict session with the Court, Mr. Romary repeated his statement that he warned Mr. Mandir to tell the jury what the Court had instructed him to tell them, but Mr. Mandir ignored him.


I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.


Executed on March 26, 2008 in Miami, FL.

Marty Steinberg

Exhibit 33

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENERGY TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422 (GMS) |
| | ) | |
| SONIC INNOVATIONS, INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF BRIAN M. BUROKER

I, Brian M. Buroker, declare, depose and state as follows:

1. I am an attorney with the law firm of Hunton & Williams, LLP and I am one of the attorneys representing Energy Transportation Group, Inc. ("ETG") in the above-captioned litigation.

2. I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently as to their truth.

3. During Widex's closing arguments in the above-captioned trial, I witnessed Mr. John Romary pass up a note to Mr. William Mandir during Mr. Mandir's closing argument. This occurred after a bench conference concerning the manner in which Mr. Mandir had been referring to EKMS documents and referring to Dr. Eric Dowling. Mr. Mandir, to attempt to cure any misleading impression he left with the jury was required by the Court to tell the jury that the Plaintiffs were not taking the position that Dr. Dowling changed his mind and was now saying that the Levitt patents were not adaptive.

- 1 -

4.  That Monday, the jury came back with a verdict.  During the post-verdict session with the Court, Mr. Romary repeated his statement that he warned Mr. Mandir to tell the jury what the Court had instructed him to tell them, but Mr. Mandir ignored him.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Executed on March _26_, 2008 in Washington, DC.

_____
Brian M. Buroker