# EXHIBIT 15

```
                                                    1
     1        IN THE UNITED STATES DISTRICT COURT
     2        IN AND FOR THE DISTRICT OF DELAWARE
     3                      - - -
     4
     5    ENERGY TRANSPORTATION,      : Civil Action
          INC.,
     6
                    Plaintiff,         :
     7
                  v.                   :
     8
          SONIC INNOVATIONS, INC.,     :
     9    PHONAK HOLDING AG,
          PHONAK INC.,                 :
    10    UNITRON HEARING, INC.,
          WILLIAM DEMANT HOLDING A/S,  :
    11    OTICON A/S,
          OTICON INC.,                 :
    12    WIDEX A/S,
          WIDEX HEARING AID CO. INC.,  :
    13    GN RESOUND A/S,
          GN RESOUND CORPORATION,      :
    14    STARKEY LABORATORIES, INC.,
          GENNUM CORPORATION,          :
    15    RESISTANCE TECHNOLOGY INC.,
          BERNAFON AG,                 :
    16    WDH, INC., and
          BERNAFON, LLC,               :
    17
                    Defendants.        : No. 05-422 (GMS)
    18
                        - - -
    19
                        Wilmington, Delaware
    20                  Thursday, January 3, 2008
                        9:30 a.m.
    21                  Pretrial Conference
    22                       - - -
    23    BEFORE: HONORABLE GREGORY M. SLEET, Chief Judge
    24
    25
```

```
                                                    2
     1   APPEARANCES:
     2      EDMOND D. JOHNSON, ESQ.
            Pepper Hamilton LLP
     3         -and-
            MARTY STEINBERG, ESQ.,
     4      BRIAN M. BUROKER, ESQ.,
            MAYA M. ECKSTEIN, ESQ., and
     5      DANIEL VIVARELLI, ESQ.
            Hunton & Williams
     6      (Washington, D.C.)
     7                Counsel for Plaintiff
     8      MARY B. GRAHAM, ESQ.
            Morris, Nichols, Arsht & Tunnell
     9         -and-
            GREGORY C. GRAMENOPOULOS, ESQ.,
    10      JOHN M. ROMARY, ESQ.,
            KAY HILL, ESQ., and
    11      GERSON S. PANITCH, ESQ.
            Finnegan, Henderson, Ford, Farabow & Dunner
    12      (Washington, D.C.)
    13                Counsel for
                      Demant Defendants
    14
            DONALD E. REID, ESQ.
    15      Morris, Nichols, Arsht & Tunnell
               -and-
    16      WILLIAM H. MANDIR, ESQ.,
            CARL J. PELLEGRINI, ESQ., and
    17      BRIAN SHELTON, ESQ.
            Sughrue Mion
    18      (Washington, D.C.)
    19                Counsel for Widex
                      Defendants
    20                       - - -
    21
    22
    23
    24
    25
```

```
                                                    3
     1        THE COURT: Good morning. Happy New Year.
     2   Please take your seats.
     3        Counsel, this is an office conference, so the
     4   rules of Court are in suspense. You can sit if you want, or
     5   you can stand, take your jackets off if you would like.
     6        What I would like to do is start out with a
     7   round of reintroductions, beginning with plaintiff.
     8        MR. JOHNSON: Your Honor, Edmond Johnson for the
     9   plaintiffs ETG. I have with me at counsel table Marty
    10   Steinberg, Brian Buroker, Maya Eckstein and Dan Vivarelli.
    11   They are all from Hunton & Williams.
    12        THE COURT: Good morning.
    13        Ms. Graham.
    14        MS. GRAHAM: Good morning, Your Honor. I am
    15   here for Demant. Sometimes they are called Oticon, so
    16   people don't get confused about that.
    17        THE COURT: Can we refer to them as Demant
    18   today?
    19        MS. GRAHAM: That is fine. With me from
    20   Finnegan & Henderson are John Romary, Greg Gramenopoulos,
    21   Gerson Panitch, and Kay Hill.
    22        THE COURT: Good morning.
    23        MR. REID: Good morning, Your Honor. Donald
    24   Reid on behalf of Widex. From the Sughrue firm we have Bill
    25   Mandir, Carl Pellegrini, and Brian Shelton.
```

```
                                                    4
     1        THE COURT: Good morning.
     2        Anybody else?
     3        Okay.
     4        What I would like to do first is address the
     5   parties' motions in limine, as soon as I can pull those out.
     6   Then we will talk for, depending, a moment or more,
     7   depending, about the two motions in limine -- I view them as
     8   motions in limine -- the two Daubert motions that the
     9   plaintiff has filed. We will do that.
    10        I will tell you that there will be a ruling
    11   coming very shortly announcing my decision to deny the
    12   renewed motion to dismiss.
    13        Then we will go through the actual proposed
    14   final pretrial order, the various tabs, places that I have
    15   tabbed, and I will invite counsel to remind me if I miss
    16   something, I will go back and cover whatever issues that
    17   might need to be covered.
    18        There are a number of miscellaneous issues at
    19   the end of the proposed final pretrial order which we will
    20   apparently need to address at greater or lesser degree. We
    21   will just see how things go.
    22        We will probably take a break around 12:30, if
    23   we are still at it. I suspect we will.
    24        I don't recall that there is a lot of
    25   controversy about the preliminary instructions. The only
```

85

1 concession with regard to perhaps corroboration, your
2 ability to corroborate prior -- did I?
3     MR. ROMARY: No. The problem is that the
4 remaining documents, the August document, the meeting with
5 Dr. Graupe, which is a disputed date document, and the three
6 documents that they proffered in the body of their
7 opposition, is evidence the expert has already said is not
8 probative. It shouldn't be permitted.
9     THE COURT: I think you are going to be -- it's
10 going to be November '85, given the current state of the
11 record.
12     MR. STEINBERG: Judge, just to clarify. Are you
13 ruling that we can't introduce anything prior to November of
14 '85 --
15     THE COURT: Not for purposes of establishing an
16 earlier date of invention. No, you can't.
17     Okay. Let's move on to, there are two motions
18 that were filed by the plaintiff that were filed subsequent
19 to the deadline for filing the pretrial order that are
20 styled as motions in limine -- Daubert motions. I don't yet
21 have a response to those motions because there is still
22 time, I think, left. My question to ETG is, why do you
23 think these are timely?
24     MR. STEINBERG: Your Honor, first of all, they
25 are motions to strike experts under Daubert. They are not

86

1 motions in limine. Second, expert discovery closed on the
2 same day that the briefs on the motion in limine were due.
3 So we didn't even have transcripts -- I don't think it was
4 actually anticipated by --
5     THE COURT: Is that a fact, expert discovery
6 closed on the --
7     MR. STEINBERG: Yes. I don't think it was
8 anticipated either by the Court or the parties.
9     THE COURT: It wasn't.
10    MR. STEINBERG: Under the case law, you are
11 permitted to file a Daubert motion any time before the
12 witness takes the stand.
13    THE COURT: There is case law and then there is
14 practice in an individual District Judge's practice that he
15 or she engages within I think the appropriate exercise of
16 their discretion. It is my practice that Daubert motions
17 are treated as motions in limine that should be filed
18 concurrent with the filing of other motions in limine. I
19 might even give you additional filings -- in other words,
20 the restriction is to five a side -- but to file so-called
21 Daubert motions/motions in limine.
22    But that aside, you point out an issue that I
23 think I didn't contemplate, that is, the expert discovery
24 closed on the same day as the pretrial order was due.
25    MR. STEINBERG: Correct.

87

1     MS. GRAHAM: Your Honor, if I might address
2 that?
3     I am not sure of when all expert discovery
4 closed. The depositions of these three experts were
5 November 13, 14th and 15th. So they filed -- I thought
6 there were three Daubert motions, two on damages, I believe,
7 Donohue and Putnam, and a third on Soli, who relates to
8 validity, prior art.
9     MR. JOHNSON: Two were filed under seal and one
10 was not, which may be where the confusion is coming from.
11    THE COURT: I have 483, that's Jonathan Putnam,
12 and 489, which is Soli.
13    MR. STEINBERG: There is one more, Your Honor,
14 Donohue.
15    THE COURT: How was that filed? I am
16 referencing, those docket item references are to the
17 opening -- 489 is the motion as to Soli. It's a motion to
18 strike. It's not styled as a Daubert motion. Yes, it is.
19 Daubert Motion to Strike Donohue.
20    Ms. Graham, your point pertained to all three
21 motions?
22    MS. GRAHAM: Yes. I have slightly different
23 comments -- I would group Donohue and Putnam together, and
24 Soli separately on slightly different comments. In terms of
25 timing, the discovery of them was completed with their

88

1 depositions on the 13th, 14th and 15th of November. And,
2 indeed, Donohue was the subject of the two MIL motions that
3 Your Honor addressed earlier. Clearly, there was time that
4 they had to consider these.
5     Now, even if, gee, there should have been some
6 allowance given in view of the timing, what they should have
7 done is asked the Court promptly thereafter for permission
8 to file Daubert motions. We are now in the position that we
9 received these things Friday evening, before the Christmas
10 break. We have two weeks right now until jury selection.
11 It's a tremendous burden to have to address these kinds of
12 motions.
13    I also want to, however, get a little into it,
14 because he makes the point that you have a right to bring up
15 Daubert motions.
16    But what Your Honor, my understanding of your
17 practice, on many of these issues, whether it is summary
18 judgment or Daubert, sort of takes an initial look, if you
19 are going to hear it, and decides whether it actually rises
20 to the level that it may warrant briefing and Your Honor
21 spending time on it.
22    Now, with respect to --
23    THE COURT: You may know, or may not know, Ms.
24 Graham, I have suspended from where I used to schedule a TC,
25 a teleconference, to discuss, I would have a deadline for